James D. LaRue  ISB #1780
Loren C. Ipsen  ISB #1767
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
P.O. Box 1539
Boise, Idaho 83701
Telephone:  (208) 343-5454
Facsimile:  (208) 384-5844
jdl@elamburke.com
lci@elamburke.com

Attorneys for Defendants, Hawley Troxell Ennis & Hawley, LLP,
Gary D. Babbitt, Richard A. Riley, and D. John Ashby

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONNA J. TAYLOR and DALE MIESEN, as shareholders who are bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY BABBITT, an individual; RICHARD A. RILEY, an individual; D. JOHN ASHBY, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual; R JOHN TAYLOR, an individual; KENT PETERSEN, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC.; an Idaho corporation; HUDSON INSURANCE GROUP; a Delaware corporation; and GROWERS NATIONAL COOPERATIVE INSURANCE AGENCY, an Idaho corporation, <br><br> Defendants. | Case No. 1:10-cv-00404-LMB <br><br> AFFIDAVIT OF GARY D. BABBITT IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR STAY OF ACTION |

AFFIDAVIT OF GARY D. BABBITT IN SUPPORT OF MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR STAY OF ACTION - 1
G:\CLIENT\7082\0013\HTEH - #3\Pleadings\Dismiss - Aff Babbitt - final.wpd

STATE OF IDAHO   )
                 ) ss.
County of Ada    )

GARY D. BABBITT, being first duly sworn upon oath deposes and says:

1. I am an Idaho licensed attorney and I am of counsel with the firm of Hawley Troxell Ennis & Hawley LLP ("Hawley Troxell"), a defendant in the above entitled action. I am also a defendant in the action.

2. I am over 18 years of age, competent to testify regarding the matters set forth in this affidavit, and am one the attorneys who represented AIA Services Corporation ("AIA Services") and AIA Insurance, Inc., in regard to the case of *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, Nez Perce County (the "Underlying Case"). As such, I am familiar with the files and records in the Underlying Case and make this affidavit based upon my personal knowledge.

3. Reed J. Taylor filed suit on January 29, 2007, against AIA Services, its wholly-owned subsidiary, AIA Insurance, Inc. ("AIA Insurance"), and several individuals, including R. John Taylor, the brother of Reed J. Taylor. Michael E. McNichols of Clements, Brown & McNichols initially appeared in behalf of AIA Services, AIA Insurance and R. John Taylor. After obtaining a restraining order to enjoin Reed J. Taylor from interference with the operations of AIA Services and AIA Insurance[1], Mr. McNichols withdrew from representation of AIA Services and AIA Insurance, and Hawley Troxell substituted in as defense counsel in the

---

[1] *See Opinion and Order on Plaintiff's Motion for Reconsideration, Motion for Preliminary Injunction, and Motion for Restraining Order* in the Underlying Case, the pertinent portion of which is attached hereto as Exhibit A.

AFFIDAVIT OF GARY D. BABBITT IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR STAY OF ACTION - 2
G:\CLIENT\7082\0013\HTEH - #3\Pleadings\Dismiss - Aff Babbitt - final.wpd

Underlying Case for those two companies.  Mr. McNichols continued as defense counsel for R. John Taylor in the Underlying Case.[2]

4.     I have acted as lead defense counsel for AIA Services and AIA Insurance in the Underlying Case.  D. John Ashby has assisted me in that litigation.

5.     Mr. Taylor[3] made various claims for damages in the Underlying Case arising out of or connected with the redemption of his stock in AIA Services and amended his pleadings a number of times.  In his Fifth Amended Complaint, a copy of which is attached hereto as Exhibit B, he alleged, among other things, that AIA Services failed to pay the balance of a promissory note in the original principal amount of six million dollars (the "$6M Note") which matured on August 1, 2005.  (¶ 2.26, *Fifth Amended Complaint*, ¶ 2.26, Underlying Case).  He further alleged that: (1) AIA Services was in default for failing to appoint him to its board of directors (¶ 2.18); (2) AIA Services loaned money to affiliates in violation of a 1996 Stock Redemption Restructure Agreement (¶ 2.19); (3) AIA Services became insolvent (¶ 2.21); and (4) AIA Services failed to make payments on the $6M Note at certain times (¶ 2.24).

6.     Jonathan D. Hally of the law firm of Clark and Feeney initially appeared as counsel for defendants Connie Taylor, James Beck and Corrine Beck in the Underlying Case, and on April 16, 2008, filed an *Answer of Defendants Connie Taylor, James Beck, and Corrine*

---

[2] The history of the disputes leading up to the Underlying Case and continuing during the course of that litigation, as told from the parties' perspectives, are summarized in *Plaintiff Reed Taylor's Amended Motion to Disqualify the Attorneys and Law Firms of Hawley Troxell Ennis & Hawley LLP; Clements Brown & McNichols, P.A.; and Quarles and Brady*, a copy of which is attached hereto as Exhibit J, and *AIA's Memorandum in Opposition to Motion to Disqualify Counsel*, a copy of which is attached hereto as Exhibit L.

[3] To avoid confusion, all references to "Mr. Taylor" in this Affidavit are to Reed J. Taylor unless the context clearly indicates otherwise.

AFFIDAVIT OF GARY D. BABBITT IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR STAY OF ACTION - 3
G:\CLIENT\7082\0013\HTEH - #3\Pleadings\Dismiss - Aff Babbitt - final.wpd

*Beck's to Plaintiff's Fifth Amended Complaint, Demand for Jury Trial and Counterclaim*, a copy of which is attached hereto as Exhibit C.  That pleading raised as the Fifteenth Affirmative Defense and Sixteenth Affirmative Defense the contention that the redemption of Mr. Taylor's stock in AIA Services was illegal and unenforceable.

7. On April 16, 2008, defendants Connie Taylor, James Beck and Corrine Beck, through their attorneys, Clark and Feeney, also filed a *Motion for Partial Summary Judgment* (a copy of which is attached hereto as Exhibit D) in the Underlying Case on the ground that the redemption of Mr. Taylor's stock in AIA Services violated Idaho law and was illegal and unenforceable, supported by a *Memorandum in Support of Motion for Partial Summary Judgment* (a copy of which is attached hereto as Exhibit E).

8. On April 21, 2008, AIA Services served a *Motion to Amend Amended Answer, Affirmative Defenses and Counterclaim to Fifth Amended Complaint*, a copy of which is attached hereto as Exhibit F, in the Underlying Case.  In that motion, AIA Services also sought to add the defense that the redemption of Mr. Taylor's stock was illegal and void.

9. Partial Summary Judgment was ultimately granted in the Underlying Case on the basis of the illegality defense, dismissing Mr. Taylor's complaint as amended.  A copy of the *Opinion and Order on Plaintiff's Motion for Rule 56(f) Continuance, Plaintiff's and Defendants' Motions to Strike Expert Affidavits; Defendants' Motion for Partial Summary Judgment; Intervenor's Motion for Reconsideration* filed on June 17, 2009, in the Underlying Case is attached hereto as Exhibit G.

10. Counsel for Mr. Taylor moved for reconsideration, and the District Court for Nez Perce County entered its *Opinion and Order on Plaintiff's Motion for Reconsideration and*

*Clarification of Court's Grant of Partial Summary Judgment; Clarification of Ruling on Motions to Strike; Alternative Motion for Rule 54(b) Certification; Motion for Order to Protect Property and for Stay* on August 13, 2009, a copy of which is attached hereto as Exhibit H.

11. As shown by Exhibit H, the trial court certified its decision as final for purposes of Rule 54(b), and Mr. Taylor appealed the dismissal of his complaint, as amended, to the Idaho Supreme Court, where it is pending as *Taylor v. AIA Services Corporation et al.*, Docket No. 36916-2009, Idaho Supreme Court (Taylor's appeal in the Underlying Case). Attached hereto as Exhibit I is the *Notice of Appeal* filed on September 8, 2009.

12. During the course of the Underlying Case, Reed Taylor, sought to have Hawley Troxell disqualified as defense counsel for AIA Services and AIA Insurance. The case was stayed while the Court contemplated this motion. Ultimately, the motion to disqualify defense counsel was denied. Attached hereto as Exhibits J, K, L, and M are the following documents: *Plaintiff Reed Taylor's Amended Motion to Disqualify the Attorneys and Law Firms of Hawley Troxell Ennis & Hawley LLP, Clements Brown & McNichols, P.A., and Quarles and Brady*, filed September 24, 2008; *Order Setting Hearing on Motion to Disqualify and Order of Stay*, filed September 24, 2008; *AIA's Memorandum in Opposition to Motion to Disqualify Counsel,* filed October 10, 2008; and the trial court's *Opinion and Order on Plaintiff's Motion to Disqualify*, filed December 8, 2008.

13. By letter dated July 21, 2008, from counsel for Donna J. Taylor and her former spouse, Reed J. Taylor, to the Boards of Directors of AIA Services and AIA Insurance, a copy of which is attached hereto as Exhibit N, the Taylors jointly demanding that AIA Services and AIA Insurance file suit against Hawley Troxell and others. In response, AIA Services and AIA

Insurance filed a petition with the state district court in the Underlying Case requesting appointment of an independent panel pursuant to the Idaho Business Corporation Act to determine whether a derivative proceeding is in the best interest of those corporations. Reed Taylor responded by concurring that a panel should be appointed by the Court, but objected to the panel members nominated by AIA Services.  Attached hereto as Exhibits O and P are copies of *AIA's Petition for Court Appointed Independent Inquiry Pursuant to I.C. § 30-1-743 and I.C. § 30-1-744 and for Grant of Pending Motion to Stay Proceedings*, filed August 14, 2008, and *Reed Taylor's Response in Opposition to Motion to Stay Proceeding and Response in Opposition to AIA's Petition for Court Appointed Independent Inquiry and Response in Opposition to R. John Taylor's Motion for Scheduling Conference*, filed September 4, 2008.

14. Shortly after the Taylor's delivered the derivative demand letter, Mr. Taylor filed a *Complaint for Damages* in the District Court of the Second Judicial District of the State of Idaho, Nez Perce County, against Hawley Troxell and a number of attorneys employed by that firm, including myself, on August 18, 2008 ("Hawley Troxell I").  That action is captioned *Reed J. Taylor v. Hawley Troxell, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, Nez Perce County, Idaho.  Attached hereto as Exhibits Q and R are copies of that *Complaint for Damages* against Hawley Troxell, *et al.*, and the trial court's register of action for Hawley Troxell I.

15. On August 18, 2008, Mr. Taylor also filed a lawsuit against Mr. McNichols and Clements, Brown and McNichols (the "McNichols Lawsuit"). That action is captioned *Reed J. Taylor v. Michael E. McNichols, et al.*, Case No. CV 08-01763, in the District Court of the Second Judicial District of the State of Idaho, Nez Perce County, Idaho.  Attached hereto as

Exhibits S and T are copies of the *Complaint for Damages* against Mr. McNichols, *et al.*, and the trial court's register of action for the McNichols Lawsuit.

16. In both the McNichols Lawsuit and Hawley Troxell I, Mr. Taylor alleged conversion, breach of fiduciary duties, tortious interference with contract, malpractice, violations of the Idaho Consumer Protection Act, and aiding, abetting and conspiring with others in the commission of tortious acts. *See* Exhibits Q and S, attached hereto.

17. In Hawley Troxell I, Mr. Taylor moved on October 15, 2008, to amend his complaint to bring claims of fraud against myself and others. Attached hereto as Exhibit U is a copy of *Plaintiff Reed J. Taylor's Motion and Memorandum of Law to Amend Complaint* in that litigation, with a copy of the proposed First Amended Complaint for Damages attached thereto. As shown on the trial court's register of action, attached hereto as Exhibit T, Mr. Taylor also moved to amend the complaint in the McNichols Lawsuit on October 16, 2008.

18. The defendants in both Hawley Troxell I and the McNichols Lawsuit brought motions to dismiss pursuant to Rule 12(b)(6) of the Idaho Rules of Civil Procedure. Attached hereto as Exhibit V is a copy of the *Motion to Dismiss* filed by Hawley Troxell on September 10, 2008. *See also* Exhibit T. After hearing on the motions, the District Court of the Second Judicial District, Nez Perce County, entered judgment dismissing the complaints with prejudice and denying Mr. Taylor's motions to amend. Attached hereto as Exhibit W is a copy of the *Opinion and Order on Defendants' Motion to Dismiss and Plaintiff's Motion to Amend Complaint* in Hawley Troxell I. Attached hereto as Exhibit X a copy of the *Opinion and Order on Defendant's Motion to Dismiss and Plaintiff's Motion to Amend Complaint* in the McNichols Lawsuit.

19.	Not only did the District Court for Nez Perce County dismiss Mr. Taylor's complaints against Hawley Troxell *et al.* and Mr. McNichols *et al.* with prejudice, the Court awarded attorney's fees to the defendants. In Hawley Troxell I, the Court found as follows:

> "The Court finds the claims alleged by the Plaintiff in his Complaint and his proposed Amended Complaint were frivolous, unreasonable and without foundation in law or fact. Therefore, pursuant to Idaho Code § 12-121 and Rule 54(e)(1) of the Idaho Rules of Civil Procedure the Court finds Defendants are entitled to a reasonable award of attorney fees and cost. In addition, the Court finds a reasonable award of attorney fees is also warranted under Idaho Code § 30-1-746(2) and (3) and Idaho Code § 48-608(5) for the cost of defending against the two claims in Plaintiff's proposed Amended Complaint."

*Opinion and Order on Defendants' Motion for Award of Attorney's Fees and Costs*, Case No. CV 08-1765 in the District Court of the Second Judicial District, Nez Perce County, p. 10, a copy of which is attached hereto as Exhibit Y.

20.	In the McNichols Lawsuit, the Court found:

> "Finally, the Court reached the determination that each of Plaintiff's claims were brought and pursued frivolously, unreasonably and without foundation only after finding each asserted claim was fatally flawed legally and factually."

*Opinion and Order on Defendants' Motion for Award of Attorney Fees and Costs*, Case No. CV 08-1763 in the District Court of the Second Judicial District, Nez Perce County, p. 5, a copy of which is attached hereto as Exhibit Z.

21.	The Court reiterated in Hawley Troxell I that ". . . each of Plaintiff's claims were brought and pursued frivolously, unreasonably and without foundation. . . [and] each asserted claim was fatally flawed legally and factually." *Opinion and Order on Defendants' Motion for Reconsideration and Plaintiff's Motion for Reconsideration*, Case No. CV 08-1765 in the

District Court of the Second Judicial District, Nez Perce County, p. 5, a copy of which is attached hereto as Exhibit AA.

22. In the final Judgment entered in Hawley Troxell I, attorney's fees were assessed against Mr. Taylor pursuant to Idaho Code §§ 12-121, 30-1-746(2) and (3), and 48-608(5). *Judgment*, Case No. CV 08-01765 in the District Court of the Second Judicial District, Nez Perce County, p. 2, a copy of which is attached hereto as Exhibit BB. Mr. Taylor paid the attorney fees awarded by the state district court.

23. Mr. Taylor appealed the decisions against him in Hawley Troxell I and the McNichols Lawsuit. The two cases were consolidated for the purposes of appeal and are captioned as *Reed J. Taylor v. Michael E. McNichols et al. and Reed J. Taylor v. Gary D. Babbitt et al.*, Consolidated Docket Nos. 36130-2009 and 36131-2009, Idaho Supreme Court. The appeal was recently decided adversely to Mr. Taylor by the Idaho Supreme Court. *See, Taylor v. McNichols*, 2010 WL 3448851, a copy of which is attached hereto as Exhibit CC (the "Reported Case"). The Idaho Supreme Court affirmed the trial court's award of attorney's fees in favor of Hawley Troxell and also awarded attorney's fees on appeal to Hawley Troxell. On October 12, 2010, the decision of the Idaho Supreme Court became final upon entry of the Remittitur, a copy of which is attached hereto as Exhibit DD.

24. Donna Taylor opened another front in the litigation warfare by filing a state court suit against R. John Taylor and his ex-wife which is captioned *Donna J. Taylor v. R. John Taylor and Connie Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, Nez Perce County (hereinafter "Donna Taylor I"). She also filed her own suit against AIA Services which is captioned *Donna J. Taylor v. AIA Services Corporation*, Case

No. CV 09-02470, in the District Court of the Second Judicial District of the State of Idaho, Nez Perce County (hereinafter "Donna Taylor II").  Attached hereto as Exhibits EE and FF are true and correct copies of:  the *Complaint* filed on June 2, 2008 in Donna Taylor I; and the *Verified Complaint/ Petition for Appointment of Receiver for AIA Services Corporation and Its Wholly Owned Subsidiary AIA Insurance* filed on November 23, 2009 in Donna Taylor II.  Donna Taylor is represented in these cases by the same attorneys who represented Reed Taylor in the other pending cases.

25. The various state court actions have been stayed due to the need to resolve Reed Taylor's appeal of the Underlying Case in order to provide the trial courts with further guidance. Attached here as Exhibits GG and HH are copies of the following orders staying the various pending actions: *Opinion and Order on Plaintiff's Motion for Summary Judgment, Plaintiff's Motion to Strike, Defendant's Motion for Summary Judgment, Defendant's Motion to Dismiss* filed on January 15, 2010, in Donna Taylor I; and *Memorandum Opinion and Order on Defendant's Motion to Dismiss, Plaintiff's Motion for Preliminary Injunction, and Defendant's Motion to Stay*, filed on March 1, 2010, in Donna Taylor II.  *See also* Exhibit H (order staying Underlying Case), attached hereto.

                                         /s/ Gary D. Babbitt
                                         Gary D. Babbitt

SUBSCRIBED and SWORN to before me this 25th day of October, 2010.

                                         /s/ Christy Davis
                                         Notary Public for Idaho
                                         Residing at Meridian, ID
                                         Commission expires: 8/8/14