DAVID R. RISLEY
RISLEY LAW OFFICE, PLLC
P.O. Box 1247
1443 Idaho Street
Lewiston, ID  83501
(208) 743-5338
(208) 743-5307 (Fax)
david@risleylawoffice.com
ISB No. 1789

Attorney for Defendants Michael W. Cashman, Sr.,
James Beck, R. John Taylor, CROP USA Insurance Agency, Inc.,
AIA Services Corporation and AIA Insurance, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| DONNA J. TAYLOR and DALE MIESEN, as shareholders who are brining this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.;<br><br>Plaintiffs,<br><br>v.<br><br>HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; RICHARD A. RILEY, an individual; MICHAEL W. CASHMAN, SR., an individual; JAMES BECK, an individual; R. JOHN TAYLOR, an individual; KENT PETERSEN, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC., an Idaho corporation; HUDSON INSURANCE GROUP, a Delaware corporation; and GROWERS NATIONAL COOPERATIVE INSURANCE AGENCY, an Idaho corporation,<br><br>Defendants. | CASE NO.: 1:10-CV-00404-LMB<br><br>DEFENDANTS' MICHAEL W. CASHMAN, SR.; JAMES BECK; R. JOHN TAYLOR; CROP USA INSURANCE AGENCY, INC.; AIA SERVICES CORPORATION; AND AIA INSURANCE, INC.'s MEMORANDUM IN SUPPORT OF MOTION TO DISMISS |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## **TABLE OF CONTENTS**

I.  INTRODUCTION/JOINDER/RESERVATION OF DEFENSES ................................... 1

II. ABSTENTION .............................................................................................................. 1

    A. Introduction ............................................................................................................. 1

    B. Donna Played Key Role In All Litigation .............................................................. 4

    C. Court Should Exercise Its Discretion to Abstain .................................................... 6

III. PLAINTIFFS' DERIVATIVE CLAIM SHOULD BE DISMISSED ............................... 8

IV. JOINDER IN HUDSON'S MOTION TO DISMISS ....................................................... 9

    A. Donna's Demand is Ineffective ............................................................................... 9

    B. Donna Lacks Standing ........................................................................................... 10

    C. Plaintiffs' Non-RICO Claims Should be Dismissed ............................................. 10

    D. Plaintiffs' RICO Claims Should be Dismissed ..................................................... 11

        1. Plaintiffs Have Failed to State A Claim Under RICO ................................. 11

        2. Plaintiffs Have Failed to Plead Predicate Acts ............................................ 12

        3. Plaintiffs Have Failed to Plead Causation ................................................... 12

V. CONCLUSION ............................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*American Int'l Underwriters v. Continental Ins. Co.,* 843 F.2d 1253, 159 (9th Cir. 1988) ............ 7

*Desoto v. Condon*, 371 Fed. Appx. 822, 824 (9th Cir. 2010) ...................................................... 12

*Grimmet v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) .................................................................. 11

*Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992) ................................................... 13

*LaVay v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 529 (4th Cir. 1987) ........................ 14

*Manion v. Freund*, 967 F.2d 1183, 1186 (8th Cir. 1992) ............................................................. 14

*Poulos v. Caesars World, Inc.*, 379 F.3d 654, 664 (9th Cir. 2004) .............................................. 13

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ........... 12

*Vicon Fiber Optics Corp. v. Scrivo*, 201 F. Supp. 2d 216, 217 (S.D.N.Y. 2002) ......................... 11

**Statutes**

18 U.S.C. § 1964(c) ...................................................................................................................... 11

18 U.S.C. §§ 1341 and 1343 ......................................................................................................... 12

Fed. R. Civ. P 12(b)(6) .................................................................................................................... 8

Fed. R. Civ. P. 9(b) ....................................................................................................................... 12

I.C. § 12-121 ................................................................................................................................... 6

Idaho Code § 30-1-742 ................................................................................................................... 8

Idaho Code § 30-1-744 ................................................................................................................... 8

Idaho Code § 30-1-744(1) ............................................................................................................... 8

**Other Authorities**

Idaho Rules of Professional Conduct 3.1 ....................................................................................... 6

COMES NOW, the Defendants, MICHAEL W. CASHMAN, SR., JAMES BECK, R. JOHN TAYLOR, CROP USA INSURANCE AGENCY, INC., AIA SERVICES CORPORATION, and AIA INSURANCE, INC., by and through their attorney of record, David R. Risley of Risley Law Office, PLLC, and respectfully provides the following memorandum in support of their *Motion to Dismiss*:

## I.   INTRODUCTION/JOINDER/RESERVATION OF DEFENSES

All the above-named Defendants join in the *Motion to Dismiss, or, in the Alternative, for Stay of Action* (hereinafter "HTEH's Motion to Dismiss") filed by Defendants Hawley Troxell Ennis & Hawley, LLP; Gary D. Babbitt; Richard A. Riley; and D. John Ashby (hereinafter collectively referred to as "HTEH").

All the above-named Defendants also join in *The Hudson Defendants' Motion to Dismiss* (hereinafter "Hudson's Motion to Dismiss") filed by Defendants Hudson Insurance Company and Kent Petersen (hereinafter collectively referred to as "the Hudson Defendants").

While the above-named Defendants join in and support the motions to dismiss filed by HTEH and the Hudson Defendants, they reserve additional defenses and claims to be raised if this Court fails to grant the dispositive motions currently before it.

## II.   ABSTENTION

A.   Introduction

The factual background cited in HTEH's *Memorandum in Support of Motion to Dismiss or, in the Alternative, For Stay of Action* (hereinafter HTEH's Memorandum") in support of abstention by this Court is substantially accurate, but will be supplemented hereinafter.

A review of the prior litigation leads to three conclusions:

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 1

1. The Plaintiff, Donna J. Taylor (hereinafter "Donna") and her ex-husband, Reed J. Taylor (hereinafter "Reed"), beginning in December of 2006 and culminating in the filing of this lawsuit, have acted in concert.

2. This case is the seventh proceeding filed by Donna and/or Reed as Plaintiffs, and all state court proceedings have been decided in favor of the defendants and/or stayed pending the outcome of the Idaho Supreme Court appeal of *Reed Taylor v. AIA*, et al. (hereinafter "Underlying Case").

3. The core allegations in all six state court proceedings are essentially the same and are replicated in the allegations in this matter.

It may be helpful to view the course of prior litigation, in table form, with the relevant court order referenced in the attached footnotes:

| Date | Case Name and Caption | Status | Counsel |
|------|----------------------|--------|---------|
| 1/29/07 | Reed Taylor v. AIA, et al. <br> Nez Perce County District Court—CV07-00208 <br> Referred to as the "Underlying Case" | On Appeal[1] | Campbell & Bissell, PLLC <br> (Roderick C. Bond) |
| 6/2/08 | Donna Taylor v. R. John Taylor, et al. <br> Nez Perce County District Court—CV08-1150 | Stayed[2] | Campbell & Bissell, PLLC <br> (Michael S. Bissell) |
| 7/21/08 | Donna's Demand | Current[3] Stayed | Campbell & Bissell, PLLC <br> (Michael S. Bissell) |

---

[1] *See*, the *Affidavit of Gary D. Babbitt in Support of Motion to Dismiss or, in the Alternative, for Stay of Action*, Exhibit H.

[2] *See*, the *Affidavit of Gary D. Babbitt in Support of Motion to Dismiss or, in the Alternative, for Stay of Action*, Exhibit GG.

[3] *See*, the *Affidavit of Gary D. Babbitt in Support of Motion to Dismiss or, in the Alternative, for Stay of Action*, Exhibit N.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 2

| Date | Case Name and Caption | Status | Counsel |
|---|---|---|---|
| 8/18/08 | Reed Taylor v. McNichols, et al.<br>Nez Perce County District Court—<br>CV08-1763 | Dismissed[4] | Campbell & Bissell, PLLC<br>(Michael S. Bissell) |
| 8/18/08 | Reed Taylor v. HTEH, et al.<br>Nez Perce County District Court—<br>CV08-1765<br>Referred to as "HTEH I" | Dismissed[5] | Campbell & Bissell, PLLC<br>(Michael S. Bissell) |
| 9/4/08 | Reed Taylor v. AIA, et al.<br>Reed's Motion to Disqualify<br>HTEH & McNichols | Denied[6] | Campbell & Bissell<br>(Roderick C. Bond) |
| 10/1/09 | Reed Taylor v. HTEH, et al.<br>Ada County District Court—<br>CV-OC-0918868<br>Referred to as "HTEH II" | Dismissed[7] & Stayed | Campbell & Bissell, PLLC<br>(Roderick C. Bond) |
| 11/23/09 | Donna Taylor v. AIA, et al.<br>Nez Perce County District Court—<br>CV09-02470 | Stayed[8] | Campbell & Bissell, PLLC<br>(Roderick C. Bond) |

The history of the litigation described above is detailed in the *Affidavit of Richard A. Riley in Support of Motion to Dismiss, or, in the Alternative for Stay of Action* and *Affidavit of Gary D. Babbitt in Support of Motion to Dismiss or, in the Alternative, for Stay of Action* filed herein. However, it is fair to note that Donna and reed were represented by the same counsel in all state court proceedings.

---

[4] *See*, the *Affidavit of Gary D. Babbitt in Support of Motion to Dismiss or, in the Alternative, for Stay of Action*, Exhibit CC.

[5] *See*, the *Affidavit of Gary D. Babbitt in Support of Motion to Dismiss or, in the Alternative, for Stay of Action*, Exhibit CC.

[6] *See*, the *Affidavit of Gary D. Babbitt in Support of Motion to Dismiss or, in the Alternative, for Stay of Action*, Exhibit M.

[7] *See*, the *Affidavit of Richard A. Riley in Support of Motion to Dismiss, or, in the Alternative for Stay of Action*, Exhibits G and H.

[8] *See*, the *Affidavit of Gary D. Babbitt in Support of Motion to Dismiss or, in the Alternative, for Stay of Action*, Exhibit HH.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 3

B.     Donna Played Key Role In All Litigation

Litigation against AIA Services Corporation and AIA Insurance, Inc. (collectively referred to as "AIA") begins with a document entitled *Subordination Agreement*. Donna by the terms of the Subordination Agreement, subordinated to Reed "…all amounts, rights, obligations, and remedies owed to her [by AIA] in favor of (and junior to) Reed J. Taylor…." *See*, the *Affidavit of Richard A. Riley in Support of Motion to Dismiss, or, in the Alternative for Stay of Action*, Exhibit "C," p. 1, ¶ 2.  Specifically, the Subordination Agreement contemplated that Reed would "…collect, litigate, obtain judgment, and/or enforce…" his claims against AIA and others. *Id*. at p.1, ¶ 1.  Without this subordination, Donna would be entitled to be paid before Reed could be paid the principal sums he claims due from AIA and others.  By reason of this subordination, Reed could and did file the Underlying Case in January of 2007 and Donna loosed the torrent of litigation that brings us to this proceeding.

In June of 2008, Donna joined the fray by suing R. John Taylor (hereinafter "John") and Connie Taylor in Nez Perce County, Idaho.

On July 21, 2008, Donna, in concert with Reed, made her *Demand of Donna Taylor and Reed Taylor Pursuant to Idaho Code 30-1-742* (hereinafter "Donna's Demand").  *See*, the *Affidavit of Gary D. Babbitt in Support of Motion to Dismiss or, in the Alternative, for Stay of Action*, Exhibit "N."  Donna's Demand is aimed squarely at HTEH and had the effect, and likely the intent of, limiting AIA's ability to have the full benefit of the representation of its long time and trusted counsel, HTEH—its most effective advocates.  Reed's counsel represented Donna in making this Demand.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 4

The core allegations Donna made against HTEH in Donna's Demand were carried forward by Reed and Donna's counsel in their Motion to Disqualify in the Underlying Case; then in the lawsuit against HTEH in HTEH I; and then in the second suit against HTEH in Ada County (referred to as "HTEH II").

By June of 2010, the core claims common to Donna and Reed against HTEH had been rejected by the Honorable Jeff Brudie in the Nez Perce County District Court by his denial of their Motion to Disqualify HTEH in the Underlying Case; by Judge Brudie's dismissal of the Nez Perce County suit against HTEH in HTEH I; and by Judge Greenwood's dismissal of the Ada County suit against HTEH in HTEH II.

For the first time since January of 2007, no lawsuits were being actively litigated.

That calm was broken by the filing of this action in mid-August of 2010.

In August of 2010, that Donna continued the assault on HTEH by filing this action, taking up the fight she first started in concert with Reed in her July 21, 2008 Demand. Additional Defendants were named and a new Plaintiff added in this case, but a reading of the prior complaints, motions and decisions regarding HTEH shows the core allegations remained constant with some elaborations.

The assault on HTEH was brought in two separate court suits (before this one) and in the Motions to Disqualify in the Underlying Case. All of these actions were denied at the trial court level. While the case against HTEH lacked merit, it was an effective litigation tactic by diverting HTEH from its primary duty of defending AIA.

On September 3, 2010 the Idaho Supreme Court rejected this litigation tactic in the strongest language:

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 5

> . . . it cannot be said that the district court abused his discretion in finding that Reed brought this claim spuriously, for the [sic] harassment purposes only.

*See*, the *Affidavit of Gary D. Babbitt in Support of Motion to Dismiss, or, in the Alternative for Stay of Action*, Exhibit "CC", p. 24.

Justice Burdick also found HTEH was entitled to attorneys' fees on appeal.

> Respondents are entitled to attorney fees under I.C. § 12-121 and I.A.R. 41 as this appeal was brought spuriously and without foundation, for harassment purposes only.

*Id*. at p. 24.

Justice Burdick's language essentially paraphrased Idaho Rules of Professional Conduct 3.1 which reads:

> A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.

Plaintiffs' *Complaint* herein invites this Court to entertain yet another chapter of this doubtful litigation tactic. For this reason, and for the reasons cited in HTEH's Motion and supporting Memorandum, this Court is urged to decline the invitation.

C.  Court Should Exercise Its Discretion to Abstain

The choice of whether to abstain or not is vested in the sound discretion of this Court. The authorities cited by HTEH are sufficient to make that point and will not be repeated. On these unusual facts, the Court is urged to abstain and dismiss this case.

First, in all of the cases cited in support of abstention, the undersigned could not find a case where a federal court was approached after six cases involving substantially the same

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 6

predicate facts were brought. In effect, having failed to find a state court that agreed with her or with Reed, Donna is seeking a seventh bite at the apple.

The reasons for abstention and dismissal are clear with respect to HTEH. Two different state court judges of good reputation and the Idaho Supreme Court have rejected the allegations made in Donna's Demand and then carried by Reed in his Motions to Disqualify in the Underlying Case in two different lawsuits. A reading of Donna's Demand (Exhibit "N" to the *Affidavit of Richard A. Riley in Support of Motion to Dismiss, or, in the Alternative for Stay of Action* and the *Complaint*) shows the essential continuity between the spurious claims made against HTEH in the state court litigation and now in this matter.

However, abstention and dismissal is also appropriate for the case against AIA and John. AIA and John have been sued multiple times for the same predicate acts as are set forth in the *Complaint* in this matter, and, having won a measure of victory in the various state courts, now face the daunting prospect of starting over in this Court.

As noted in the HTEH Memorandum, the 9th Circuit Court of Appeals has specifically included 'forum shopping' as a basis for a federal court to abstain from hearing a case. *See*, *American Int'l Underwriters v. Continental Ins. Co.,* 843 F.2d 1253, 159 (9th Cir. 1988).

Having failed in multiple proceedings, in more than one county and in both the District Court and the Appellate Court levels, Donna now turns to this Court. A more egregious example of forum shopping is unlikely to be found.

This Court is urged to abstain and dismiss this doubtful proceeding.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 7

### III. PLAINTIFFS' DERIVATIVE CLAIM SHOULD BE DISMISSED

Again, counsel for HTEH set out the facts and the legal authorities that should result in the dismissal of this matter. The work of HTEH will not be repeated here.

Two facts, however, should be emphasized. First, Donna's flagrant disregard of the requirements of Idaho Code § 30-1-742 are ample grounds to dismiss this matter as to Plaintiff Dale Miesen. *See*, HTEH's Memorandum, p. 9. Second, the state court has before it the remedial process established in Idaho Code § 30-1-744 for consideration of the same claims against HTEH raised in Donna's Demand. This process was stayed by Judge Brudie while he considered Reed's Motion to Disqualify. *See*, the *Affidavit of Gary D. Babbitt in Support of Motion to Dismiss or, in the Alternative, for Stay of Action*, Exhibit M. This state action will decide questions regarding Idaho's corporate regulatory scheme which could well be determinative of Donna's ability to bring this derivative claim.

For example, Idaho Code § 30-1-744(1) provides that the court "shall" dismiss the derivative claim if the proper process results in a determination by the corporation that a derivative action is "…not in the best interests of the corporation." *Id.*

Simply put, Donna invites this Court to act in derogation of the corporate regulatory scheme of the State of Idaho with regard to derivative actions and to circumvent the decisions by three different state court judges to stay these processes pending the outcome of the Idaho Supreme Court appeal in the Underlying Case. This Court should ignore Donna's invitation and dismiss pursuant to Fed. R. Civ. P 12(b)(6).

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 8

## IV. JOINDER IN HUDSON'S MOTION TO DISMISS

The above-named Defendants join in the Motion to Dismiss filed by the Hudson Defendants. While the facts and authorities cited by Hudson will not be repeated here, there are areas of particular emphasis and relevance to the above-named Defendants.

### A. Donna's Demand is Ineffective

The Hudson Defendants' *Memorandum in Support of The Hudson Defendants' Motion to Dismiss* (hereinafter "Hudson Memorandum") concretely establishes the principle that to be effective a demand for a derivative action must set forth not only the persons to be sued but also should "…describe all the claims which it is intended to assert." *See*, Hudson Memroandum, p. 6.

Donna's Demand listed 27 alleged "bad acts" by HTEH, Clement, Brown and McNichols, P.A. and Quarles & Brady, and demanded suit be brought on those alleged grounds against those law firms, "….together with the responsible attorneys of said firms (and any other firms which have wrongfully represented the entities) . . . . *See*, Donna's Demand, attached to the *Affidavit of Gary D. Babbitt in Support of Motion to Dismiss or, in the Alternative, for Stay of Action*, Exhibit N.

Donna's Demand does not identify the wrongdoing, other than by the lawyers, that would be a basis for such claims. As such, the demand is defective as a matter of law.

In reliance on the authorities cited by the Hudson Defendants, this matter should be dismissed as against the above-named defendants.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 9

B. Donna Lacks Standing

Hudson's Memorandum at p. 9 sets out facts and authorities that provide for dismissal based on the fact that Donna's interests are in conflict with those of common shareholders. In addition, this Court is urged to review ¶ 4.20 of Plaintiffs' *Complaint* where Plaintiffs allege:

> Additionally, While Donna Taylor is not asserting a direct claim in this lawsuit, it is also true that as holder of Preferred A shares, she had priority claim to any funds held by AIA.

*Id.*

Taken at face value, Donna is claiming and reserving (not in "this lawsuit" but certainly in other litigation) that she has a "priority claim" against "any funds' that AIA might recover. If so, far from representing the common shareholders, Donna is attempting to use the derivative process to obtain money to which she would have a "priority claim" adverse to the class she purports to represent.

C. Plaintiffs' Non-RICO Claims Should be Dismissed

Hudson's Memorandum, pp. 12-15, clearly reveals the fatal defects in Plaintiffs' *Complaint* as to the Hudson Defendants, and, by extension, Growers National Cooperative Agency.

The dismissal of the Hudson Defendants (and Growers National) would reduce this matter to essentially the same parties and causes of action plead and now stayed in the various state court proceedings. This provides an additional basis, should the Court grant Defendant Hudson's Motion to Dismiss, to abstain from hearing the same proceedings now pending in the various state court proceedings.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 10

The above-named Defendants reserve, should this Court not dismiss this action on the pending motions, to move the Court for the dismissal of the non-RICO claims upon the same fatal pleading defects so persuasively identified by the Hudson Defendants.

D.     Plaintiffs' RICO Claims Should be Dismissed

1.     Plaintiffs Have Failed to State A Claim Under RICO

The Hudson Defendants' counsel has well-stated the standard for this Court's review of pleadings that it can only be repeated: Judged by the standard, Plaintiffs' RICO claims should be dismissed.

Plaintiffs' attempt to assert a derivative claim under 18 U.S.C. § 1964(c) ("RICO"), which creates a civil cause of action for a pattern of racketeering, without either alleging predicate acts with sufficiency specificity to establish a pattern of racketeering or alleging that the inadequately alleged predicate acts caused any injury is incorrect. Instead, Plaintiffs' repeat the general allegations regarding breaches of fiduciary duty, tarted up with conclusory allegations tracking the statutory elements of a RICO claim, in hopes of "transform[ing] garden variety claims of fraud and breach of fiduciary duty into a RICO action." *See*, *Vicon Fiber Optics Corp. v. Scrivo*, 201 F. Supp. 2d 216, 217 (S.D.N.Y. 2002). This is insufficient.

To state a civil RICO claim, Plaintiffs must plead (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmet v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). Plaintiffs have pleaded neither predicate acts nor causation.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 11

### 2. Plaintiffs Have Failed to Plead Predicate Acts

Plaintiffs state that the predicate acts upon which they base their RICO claim are mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. *See*, Plaintiffs' *Complaint*, p. 32, ¶ 6.10. However, Plaintiffs do not plead any of these alleged acts of mail or wire fraud with the specificity necessary under Fed. R. Civ. P. 9(b), which requires that they "state the time, place, and specific content of the false representations as wells as the identities of the parties to the misrepresentation." *Desoto v. Condon*, 371 Fed. Appx. 822, 824 (9th Cir. 2010) (unpublished) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

Instead, Plaintiffs offer vague allegations that Defendants "executed," "advance[d]," and acted "in furtherance" of the plans to defraud AIA "by use of emails, regular mail, and . . . interstate wires." *See*, Plaintiffs' *Complaint*, p. 32, ¶ 6.10. Plaintiffs do not allege the specific content of these alleged communications, nor do they allege who made them when, where, or to whom. Such sweeping generalities are insufficient to support a RICO claim. *Desoto*, 371 Fed. Appx. at 824.

### 3. Plaintiffs Have Failed to Plead Causation

The vagueness of Plaintiffs' allegations of the predicate acts of mail and wire fraud is such that it is impossible to know *what* fraud was allegedly committed, let alone whether such fraud caused the injuries alleged. In order to state a RICO claim, Plaintiffs must allege facts that, if proved, would establish that their injury was caused by the above-named Defendants' commission of the predicate acts (in this case, mail and wire fraud). *Poulos v. Caesars World,*

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 12

*Inc.*, 379 F.3d 654, 664 (9th Cir. 2004) (citing *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992)).

Plaintiffs again offer only conclusory allegations that the above-named Defendants operated CropUSA as a RICO enterprise "to defraud AIA or to obtain money or property from AIA by means of false or fraudulent pretenses, representations or promises," and that they "utilized United States mail and/or interstate wire communications" to do so. *See*, Plaintiffs' *Complaint*, p. 30, ¶ 6.3. What Plaintiffs do not allege, as they cannot, is that these unspecified alleged predicate acts of mail and wire fraud caused any damages at all. The injuries as alleged – the transfer of AIA corporate assets without compensation to AIA and the payment of CropUSA's expenses, *Id.* at pp. 30-31, ¶ 6.4, 6.5 – were not caused by fraud at all, but (when read most favorably to Plaintiffs) by the Defendants' alleged breaches of fiduciary duty. Mail and wire fraud were wholly unnecessary for the Defendants, as officers and directors allegedly in complete control of AIA, to loot the company. Where the alleged looting of a corporation by its officers and directors is not accomplished by the mail or wire frauds identified as predicate acts, the alleged RICO violation is not the proximate cause of the alleged injury. *Vicon Fiber Optics Corp. v. Scrivo*, 201 F. Supp. 2d 216, 219 (S.D.N.Y. 2002).

In *Vicon*, the plaintiff brought a RICO claim, alleging "pilfering of its corporate fisc by three supposedly faithless officers, directors and employees." *Id.* Because the pilfering was not accomplished by the acts of mail and wire fraud alleged as the predicate acts underlying the plaintiff's RICO claim – transmission of proxy solicitations to shareholders and a form 10QSB to the SEC, none of which disclosed that the defendants had pilfered from the company – the plaintiff's claim was dismissed for failure to allege that the RICO violation caused the injury. *Id.*

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 13

Here, as in *Vicon*, Plaintiffs allege that the above-named Defendants looted AIA in violation of their duties as fiduciaries, but they make no allegations that would support the conclusion that the barely alleged predicate acts caused those injuries, nor could they make such allegations. Plaintiffs allege that the same Defendants who made the misrepresentations were in "complete control over AIA." *See*, Plaintiffs' *Complaint*, p. 14, ¶ 4.12. Defendants could not have relied on their *own* alleged misrepresentations to the detriment of AIA. Defendants' alleged breaches of fiduciary duty (which are the legal and natural causes of the alleged injury) are wholly independent of the alleged mail and wire fraud. But, breach of fiduciary duty is not a predicate act under RICO and cannot support Plaintiffs' claim. *Manion v. Freund*, 967 F.2d 1183, 1186 (8th Cir. 1992) ("breach of fiduciary duty is not one of the specified state crimes listed in the definition of 'racketeering activity.'"); *LaVay v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 529 (4th Cir. 1987) ("under no circumstances could a breach of fiduciary duty constitute a pattern of racketeering activity."). Without predicate acts or an injury caused by them, Plaintiffs' claim must be dismissed.

## V.   CONCLUSION

Beginning in December of 2006, Donna Taylor and Reed Taylor have waged a legal war of attrition against AIA and the individual defendants. Six lawsuits in state court, a subsidiary Motion to Disqualify, and Donna's Demand for derivative relief have all required AIA, R. John Taylor and the other above-named Defendants to defend, and defend, and defend.

A central strategy in this wasting strategy was to attack opposing counsel, particularly HTEH. The "spurious" assault on opposing counsel (as quoted by Justice Burdick) came to grief some three weeks after this case was filed. Not only was Judge Brudie's outright 12(b)(6)

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 14

dismissal of the complaint upheld by the Idaho Supreme Court, but defendants were awarded costs on appeal because the appeal was spurious as well.

Having been soundly and decisively beaten in state court, the same claims are now being pressed in this Court. To that extent, this Court should abstain and dismiss as to HTEH, even if other defendants might be treated differently.

The Hudson Defendants and Growers National Cooperative Agency, for the reasons set out in Hudson's Memorandum, appear to have been hauled into this case in an attempt to try to distinguish this case from the six underlying proceedings. These defendants ought to be dismissed as well.

The RICO claims are also an attempt to make this case look different than the underlying matters and to give a federal veneer to what is truly a matter of corporate law and disputes premised in state law actions. A dismissal of the RICO claims is well-supported and further erodes the apparent difference between this matter and the underlying cases.

Finally, the remnant defendants face the uncertainty of the outcome in the Underlying Case now on appeal. Two other suits by Donna, and one by Reed against former counsel for AIA, remain stayed while the appeal is considered. The decision on appeal in the Underlying Case will be necessary to a systematic and coherent resolution of the state law actions. Three different state court judges have so held.

By June of 2010, with the entry of the stay order in Ada County, all of this litigation had come to an end. Unsatisfied with the results of their efforts, Donna filed in this Court asking for a different judge and hoping for a different result. This is "forum shopping" at its worst, and invites this Court to continue litigation that is well and truly tried before the courts of the State of

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 15

Idaho and to continue countenancing an assault on HTEH which was already found to be "spurious."

This Court has the discretion to abstain, and it is hard to imagine a more appropriate case for the Court to so conclude.

The above-named Defendants' respectfully request all pending Motions to Dismiss be granted herein.

DATED this 1st day of November, 2010.

        RISLEY LAW OFFICE, PLLC
        Attorney for Defendants Michael W. Cashman, Sr.,
        James Beck, R. John Taylor, CROP USA Insurance Agency, Inc.,
        AIA Services Corporation and AIA Insurance, Inc.


By:    /s/ *David R. Risley*
        DAVID R. RISLEY
        ISB NO. 1789