LEE H. ROUSSO, ISB No. 8353
LAW OFFICES OF LEE H. ROUSSO PLLC
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
Tel: (206) 623-3818
Fax: (206) 705-1240
lee@leerousso.com

Attorneys for Plaintiffs Donna J. Taylor and Dale Miesen

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| DONNA J. TAYLOR and DALE MIESEN, as shareholders who are bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.;<br><br>Plaintiffs,<br><br>v.<br><br>HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; RICHARD A. RILEY, an individual; D. JOHN ASHBY, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual; R. JOHN TAYLOR, an individual; KENT PETERSEN, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC.; an Idaho corporation; HUDSON INSURANCE GROUP; a Delaware corporation; and GROWERS NATIONAL COOPERATIVE INSURANCE AGENCY, an Idaho corporation,<br><br>Defendants. | Case No.: 10-cv-00404 LMB<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS UNDER F.R.C.P. 23.1(c) and 41(a)(2).** |

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS - 1

## I.  INTRODUCTION AND STATEMENT OF FACTS

This case is a shareholder derivative action.  Plaintiffs Donna Taylor and Dale Miesen both have beneficial interests in the common shares of AIA Services Corporation.  Miesen, for example, owns 45,000 shares of stock for which he tendered consideration of approximately $500,000.00.[1]

Taylor and Miesen have alleged that defendants R. John Taylor, Michael Cashman, Sr., James Beck and Kent Petersen, aided and abetted by the Hawley Troxell Defendants, have committed various acts of corporate wrongdoing that worked to defraud Taylor, Miesen, and other similarly situated individuals.  They have further alleged that proper derivative demand was made by Donna Taylor on July 21, 2008, and that the defendants refused to act on that demand.  This lawsuit was filed on August 12, 2010.  All defendants waived service.  No defendant has filed an answer or a summary judgment motion.

There are currently three motions to dismiss before the Court.  On October 25, 2010, the Hawley Troxell Defendants filed a motion to dismiss or, in the alternative, for a stay of the action.[2]  On the same day, Hudson Insurance Company and Kent Petersen also filed a motion to dismiss.[3]  One week later, on November 1, 2010, the AIA Defendants filed a motion to dismiss.[4]  Plaintiffs' responses to the first two motions are due on November 18, 2010, with the response to the third motion due on November 26, 2010.

There has been no discovery conducted in this case.  Accordingly, Plaintiffs are not in possession of a shareholders' list and contact information for the shareholders of

---

[1] Complaint, ¶ 4.2.
[2] Docket No. 12.
[3] Docket No. 14.
[4] Docket No. 16.

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS - 2

AIA Services.  Shareholders other than the plaintiffs have not received notice that this action is pending.

## II.    ARGUMENT

Because this is a derivative action, plaintiffs are barred from dismissing by notice under Fed. R. Civ. P. 41(a)(1)(A)(i) and must instead obtain leave of the Court to dismiss under Fed. R. Civ. P. 41(a)(2) and Fed. R. Civ. P. 23.1(c).  This Court should allow plaintiffs to dismiss at this time to save judicial resources and to allow the plaintiffs, to the extent possible, to cure certain defects in the Complaint.  This dismissal should be without prejudice and without costs to any party.

By taking the step of voluntary dismissal, the plaintiffs are not conceding the correctness of the pending motions to dismiss.  For example, it is clear under *Colan v. Monumental Corp.*, 524 F.Supp. 1023, 1029 (N.D. Ill. 1981), that standing to object to the sufficiency of a derivative demand is limited to the corporation receiving the demand.  Hudson Insurance Company and Kent Petersen lack standing to raise this issue, as do the Hawley Troxell Defendants.  Nonetheless, these parties expend a substantial portion of their briefing to the issue.[5]

Likewise, the Plaintiffs strongly dispute the assertion that this case is parallel to the Underlying Case.[6]  To the contrary, this lawsuit is directly adverse to the claims made by Reed Taylor in the Underlying Case; these plaintiffs are much better off if Reed Taylor *loses* the Underlying Case.  Specifically, any damages obtained by Reed Taylor are a liability to the corporation and will be paid prior to the shareholders receiving money as a result of this suit.

---

[5] See Hudson Memorandum, Docket No. 14-1; Hawley Troxell Memorandum, Docket No. 12-1.
[6] Hawley Troxell Memorandum, pp.13-19.

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS - 3

Even if the Court assumes that some of the attacks on the Complaint are valid, it is also clear that many of the alleged deficiencies in the Complaint can be cured by a renewed derivative demand in the name of Dale Miesen and/or other shareholders. Miesen should therefore be allowed to dismiss this action and return to the starting line with a new derivative demand letter.

Finally, Rule 23.1(c) anticipates that shareholders will be given notice prior to allowing dismissal of a derivative action.  This rule exists to protect unknowing shareholders from the application of *res judicata*.  However, this hazard can be avoided by designating the dismissal as without prejudice.

### III. CONCLUSION

Allowing dismissal of this action, without prejudice and without costs, would preserve judicial resources without adversely affecting any party or non-party.  Plaintiffs therefore respectfully request the Court's approval on the dismissal.  Plaintiffs further request that the requirement of prior notice to shareholders be waived on the facts of this case.

DATED this the 7th day of November, 2010 in Seattle, Washington.

LAW OFFICE OF LEE H. ROUSSO

By: /s/ Lee H. Rousso
Lee H. Rousso, ISB # 8353
800 Fifth Avenue, Suite 4100
Seattle, Washington 98104
(206) 623-3818
lee@leerousso.com
Attorneys for Donna J. Taylor and Dale Miesen.

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS - 4