UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONNA J. TAYLOR and DALE MIESEN, as shareholders who are bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc; <br><br> Plaintiffs, <br><br> vs. <br><br> HAWLEY TROXELL ENNIS & HAWLEY, LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; RICHARD A. RILEY, an individual; D. JOHN ASHBY, an individual; MICHAEL W. CASHMAN, SR., an individual; JAMES BECK, an individual; R. JOHN TAYLOR, an individual; KENT PETERSEN, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC., an Idaho corporation; HUDSON INSURANCE GROUP, a Delaware corporation; and GROWERS NATIONAL COOPERATIVE INSURANCE AGENCY, an Idaho corporation, <br><br> Defendants. | Case No. 10-CV-404-LMB <br><br> **ORDER OF DISMISSAL WITH PREJUDICE OF GROWERS NATIONAL COOPERATIVE INSURANCE AGENCY** |

The Court has reviewed and considered the Stipulation for Order of Dismissal with Prejudice (Dkt. No. 21) filed jointly by Plaintiffs DONNA J. TAYLOR and DALE MIESEN, individually and on behalf of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc. (collectively, "AIA"), and by Defendant GROWERS NATIONAL COOPERATIVE INSURANCE AGENCY, INC. (GNC"). Good cause appearing,

IT IS HEREBY ORDERED:

1. Stipulation for Order of Dismissal with Prejudice (Dkt. No. 21) is GRANTED.

2. All of Plaintiffs' claims in their individual capacity, and in their derivative capacity as representative shareholders of AIA, against GNC, whether known or unknown, pertaining to anything intentionally or unintentionally said, done or omitted on or before the date of the Stipulation are hereby forever discharged and dismissed with prejudice. As all claims against GNC have been dismissed, GNC is hereby dismissed from this lawsuit.

3. Within five (5) business days of the date of this Order, AIA shall produce a list of its shareholders' names and addresses to Plaintiffs' counsel. Within ten (10) business days of the date of this Order, Plaintiffs' counsel shall mail a copy of the Complaint and this Order to each of the shareholders on the list provided by AIA.

Shareholders of AIA shall have forty-five (45) days from the date of this Order to seek reconsideration of this Order.

4. This Court further finds that, absent any timely shareholder motion for reconsideration, there is no just reason for delay of entry of a final judgment as to all claims asserted against GNC or of GNC's dismissal with prejudice from this lawsuit. Therefore the Court hereby certifies that, unless the Court hereafter rules otherwise, this Order shall be a final judgment pursuant to FED.R.CIV.P. 54(b) forty-five (45) days after the date of this Order.



DATED: November 15, 2010

Honorable Larry M. Boyle
United States Magistrate Judge