LEE H. ROUSSO, ISB No. 8353
LAW OFFICES OF LEE H. ROUSSO PLLC
800 Fifth Avenue, Suite 4100
Seattle, WA  98104
Tel: (206) 623-3818
Fax: (206) 705-1240
lee@leerousso.com

Attorneys for Plaintiff Donna Taylor

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| DONNA J. TAYLOR, a shareholder who is bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; RICHARD A. RILEY, an individual; D. JOHN ASHBY, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual; R. JOHN TAYLOR, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; and AIA INSURANCE, INC., an Idaho corporation.<br><br>Defendants. | Case No.: 10-cv-00404-LMB<br><br>PLAINTIFF'S CONSOLIDATED MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, STAY THE ACTION |

CONSOLIDATED MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | OPPOSITION TO HAWLEY TROXELL DEFENDANTS' MOTION | 2 |
| | A.  Idaho Code § 30-1-744 does not bar this lawsuit | 4 |
| | B. *Colorado River* Doctrin does not apply as there is no "parallel" litigation | 5 |
| III. | OPPOSITION TO HUDSON DEFENDANTS' MOTION | 7 |
| | A. Donna J. Taylor fairly and adequately represents the interests of the AIA Services shareholder | 8 |
| IV. | OPPOSITION TO AIA DEFENDANT' MOTION | 11 |
| V. | CONCLUSION | 11 |

# STATEMENT OF AUTHORITIES

**CASES**

*Barker v. Underwriters at Lloyd's London*, 564 F.Supp. 352 (E.D. Mich. 1983)   11
*Brody v. Chemical Bank*, 482 F.2d 1111 (2nd Cir. 1973)   10
*Clark v. Lacy*, 376 F. 3d 682, 686 (7th Cir. 1988)   7
*County of Allegheny v. Frank Mushuda Co.*, 360 U.S. 185 (1959)   6
*Guenther v. Pacific Telecom, Inc.*, 123 F.R.D. 341 (Dist. of Oregon 1988)   8,9
*Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1 (1983)   6
*New Crawford Valley Ltd., v. Benedict*, 847 P.2d 642 (Col. 1993)   8
*Taylor v. McNichols,* 2010 WL 2927078 (Sep. 3, 2010)   5

**STATUTES**

**Idaho Code § 30-1-741**   5
**Idaho Code § 30-1-742**   4
**Idaho Code § 30-1-744**   2,3,4

Plaintiff Donna J. Taylor respectfully submits the following Consolidated Memorandum in Opposition to Defendants' Motions to Dismiss. This memorandum responds to the MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR STAY OF ACTION, filed by Defendants Hawley Troxell Ennis & Hawley, LLP, Gary B. Babbitt, Richard A. Riley, and D. John Ashby (collectively the "**Hawley Troxell Defendants**") on October 25, 2010, Docket No. 12; the MOTION TO DISMISS filed by Defendants Hudson Insurance Company and Kent Petersen (collectively the "**Hudson Defendants**") on October 25, 2010, Docket No. 14; and the MOTION

CONSOLIDATED MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS - 2 -

TO DISMISS filed by Defendants Michael W. Cashman, Sr., James Beck, R. John Taylor, CropUSA Insurance Agency, Inc., AIA Services Corporation, and AIA Insurance, Inc. (collectively the "**AIA Defendants**") on November 1, 2010, Docket No. 16.

## I. INTRODUCTION

This is a shareholder derivative action. Donna J. Taylor is the sole owner of Series A Preferred shares in AIA Services and is beneficial owner of over 9,000 common shares of AIA Services stock owned by the estate of her deceased daughter, Sara Taylor.

This lawsuit seeks to recover, for the benefit of all innocent shareholders of all classes of AIA Services stock, damages arising from various acts of corporate malfeasance committed by the Controlling Defendants (as defined in the First Amended Complaint). Contrary to the assertions made by the defendants, *there is no other lawsuit pending in state or federal court that seeks the same relief for the same people.* In short, there is no "parallel" litigation; this case stands alone.

The damages attributable to the various defendants are substantial. For example, focusing only on the "low hanging fruit" of the case, the 2004 transaction whereby $1,510,693.00 rightfully belonging to AIA was transferred to CropUSA, and thereby to the Controlling Defendants, cannot plausibly be defended in court. The fact that the Controlling Defendants stole the money with a pen rather than a gun does not change the fact that this was a theft. This daylight robbery alone could give rise to damages in excess of $5 million when prejudgment interest, attorneys' fees, and punitive damages are factored in.

Viewing the claims in broader terms, CropUSA itself was fraudulently formed with assets stolen from AIA and constitutes a criminal enterprise. The shareholders of AIA, who have been kept in the dark for years, have been deprived of millions of dollars of revenue by way of

the misconduct described in the First Amended Complaint. Thus, with interest, attorneys' fees, punitive damages, and treble damages, the ceiling on damages is quite high.

The plaintiff's claims are well grounded in both law and fact. The various motions to dismiss, by contrast, rely on misstatements of fact and misapplication of the law. Further, many of the arguments raised in the various motions have been rendered moot by the plaintiff's November 22, 2010, filing of a First Amended Complaint, which was properly filed before any defendant had answered the Complaint. This Court should deny the defense motions in their entirety and allow this case to move forward to trial.

## II. OPPOSITION TO HAWLEY TROXELL DEFENDANTS' MOTION TO DISMISS

The Hawley Troxell Defendants' Motion to Dismiss presents three arguments in favor of a dismissal or, in the alternative, a stay of the action. First, the Hawley Troxell Defendants argue that all derivative claims made by Dale Miesen should be dismissed due to the inadequacy of his demand. Second, the Hawley Troxell Defendants argue that this Court should decline jurisdiction over the case under Idaho Code § 30-1-744, which governs the dismissal of shareholder derivative suits.[1] More specifically, these defendants argue that this derivative action should be stayed pending an investigation of Reed Taylor's derivative demands. Finally, the Hawley Troxell Defendants argue that this Court should decline jurisdiction under the *Colorado River* doctrine, which allows abstention where "parallel" litigation is pending in both state and federal courts.

With respect to the first argument raised by the Hawley Troxell Defendants, it has been rendered moot by the First Amended Complaint, which removes Dale Miesen as a plaintiff.

---

[1] We do not believe that the Hawley Troxell Defendants have standing to raise this argument, as these defendants have no control over whether the corporation does or does not initiate an inquiry. We will nonetheless respond to the argument.

With respect to the second argument, Section 744 defines procedures for dismissing a derivative action; it does not create prerequisites for the filing of a suit. More importantly, the Idaho Supreme Court has already determined that Reed Taylor does not have standing to pursue derivative claims, which puts to rest any argument that Donna Taylor's derivative claims should be stayed while Reed Taylor's derivative claims are investigated. Finally, with respect to their *Colorado River* arguments, the Hawley Troxell Defendants either misstate or do not understand the nature of this suit. The beneficiaries of this action, the shareholders of AIA, are not represented in any of the supposedly "parallel" lawsuits. Likewise, the relief requested here, *i.e.,* the return of stolen loot to the victims of the theft, is not sought in any of the other cases. The only relationship between this case and the other cases is that the other cases led to discovery, which in turn led to the plaintiff's knowledge of the corporate wrongdoing alleged in the First Amended Complaint. Further proof of the fact that this litigation is not parallel to the Underlying Case is found in the fact the innocent shareholders represented in this action will be better off if Reed Taylor **_loses_** the Underlying Case. Rather than being parallel, these cases are like two trains headed down the same tracks in opposite directions.

A.     Idaho Code § 30-1-744 does not bar this lawsuit.

On July 21, 2008, Reed Taylor and Donna Taylor jointly filed a derivative demand letter on AIA. See **Demand Letter**, attached to First Amended Complaint. Significantly, Reed Taylor made his derivative demand as a creditor of the corporation while Donna Taylor made her demand as a shareholder.[2] On its face, the Idaho statute governing derivative actions *only* applies to shareholder derivative claims. *Idaho Code § 30-1-742*.

The only requirement for initiating a shareholder derivative suit under Section 742 is that

---

[2] The Hawley Troxell Defendants incorrectly assert that Reed Taylor made a shareholder derivative demand. *Hawley Troxell Memorandum,* p.5:6.

CONSOLIDATED MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS - 5 -

the shareholder make a valid demand and that the shareholder wait 90 days before filing suit. The law imposes no other prerequisites. Donna Taylor, of course, has complied with those requirements.

The Hawley Troxell Defendants argue that a) Idaho Code § 30-1-744 creates an affirmative obligation on the part of Donna Taylor to follow a statutory procedure; and b) that the state court has already asserted jurisdiction over Donna Taylor's demand by issuing a stay in the Underlying Case. Both of these arguments are completely without merit.

Rather than placing a burden on plaintiffs, Section 744 places a burden on the corporation and sets forth the steps the corporation must follow before filing a motion to dismiss a derivative action: **30-1-744. Dismissal.** (1) A derivative proceeding shall be dismissed by the court on motion of the corporation if one (1) of the groups specified in subsection (2) or (6) of this section has determined in good faith after conducting a reasonable inquiry upon which its conclusions are based that the maintenance of the derivative proceeding is not in the best interests of the corporation.

After turning the requirements of Section 744 upside down, the Hawley Troxell Defendants argue that "it would be duplicative and wasteful of judicial resources to have two separate courts appointing two separate independent panels to assess the merits of the Taylor derivative demand."[3] However, this argument is absurd in light of the fact that the Idaho Supreme Court has already determined that Reed Taylor does not have standing to bring a derivative action: "Therefore, it is clear under I.C. § 30-1-741 that Reed was not a shareholder at the time he brought this suit, and has no standing to pursue a derivative claim on behalf of the corporation." *Taylor v. McNichols,* ___Idaho____, 2010 WL 2927078 at 28 (Sept. 3, 2010).

Put another way, the Hawley Troxell Defendants are asking this Court to stay this action

---
[3] Hawley Troxell Memorandum, p. `12:24-5.

CONSOLIDATED MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS - 6 -

to accommodate an investigation that will not occur, ever.

**B.** *Colorado River* **Doctrine does not apply as there is no "parallel" litigation pending in state court.**

Other than generally impugning the motives of Donna Taylor, the Hawley Troxell Defendants have presented no evidence whatsoever to suggest that his lawsuit is duplicative or otherwise "parallel" to other actions currently pending in state court.

In order to understand the lack of parallelism, we would ask the Court to first consider the claims made by Donna Taylor in her other two lawsuits.

In *Donna J. Taylor v. R.John Taylor*, Nez Perce County Cause No. CV08-01150[4], Donna J. Taylor makes direct claims against R. John Taylor for $421,623.58 based upon her reliance on R. John Taylor's personal representation to her that AIA Services Corporation could not perform under the terms of the Series A Preferred Shareholder Agreement. Shortly after making this representation, R. John Taylor engineered the fraudulent transfer of over $1.5 million from AIA Insurance to CropUSA. The only relief sought by Donna Taylor in this suit was direct damages from R. John Taylor. Conversely, Donna Taylor did not make any claims to vindicate the interests of shareholders. She did not challenge the legitimacy of CropUSA's formation, which is an important claim in the instant case. She also did not attempt to recoup stolen funds on behalf of the corporation which, once again, is an important part of this suit. Likewise, this particular suit did not call into question the actions of Michael Cashman, Sr., James Beck, or the Hawley Troxell Defendants. *Taylor v. Taylor* is, in fact, completely unrelated to this law suit. It is also unrelated to the various suits filed by Reed Taylor.

*Donna J. Taylor v. AIA Services*, Nez Perce Cause No. CV09-02470[5], is also completely unrelated to both this suit and the other suits filed by Reed Taylor.

---

[4] Exhibit EE to Declaration of Gary Babbitt.
[5] *Taylor v. AIA*, First Amended Complaint, attached to Hudson Memorandum at pp.29-44.

CONSOLIDATED MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS - 7 -

In *Taylor v. AIA Services*, Donna Taylor requested the appointment of a receiver to protect corporate assets and a temporary restraining order to protect assets pending the appointment of the receiver. Donna Taylor also alleged breach of contract and sought monetary damages. In this suit, Donna Taylor gave notice of her intent to file a separate derivative action, *i.e.,* this suit, but she did not actually assert any derivative claims.

We agree with the Hawley Troxell Defendants that the *Colorado River* doctrine is an extremely narrow exception to the rule that the Court should adjudicate the issues properly before it. *County of Allegheny v. Frank Mushuda Co.*, 360 U.S. 185, 188, 179 S.Ct. 1060 (1959). We also agree that in order to apply the doctrine the Court must first determine if parallel proceedings exist in state and federal court. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 28, 103 S.Ct. 927 (1983).

Here, it is important to remember that Reed Taylor and Donna J. Taylor submitted a joint demand letter on July 21, 2008. Reed Taylor apparently anticipated that he would be able to amend his complaint to add derivative causes of action. However, leave to amend to add derivative claims was not granted and, pursuant to the Idaho Supreme Court, never will be granted. Accordingly, *there is no shareholder derivative suit (other than this action) pending in either state or federal court.* This fact alone should end the *Colorado River* discussion.

It is worth noting that *Clark v. Lacy*, 376 F. 3d 682, 686 (7th Cir. 1988), relied upon by the Hawley Troxell Defendants, featured two shareholder derivative suits, one pending in state court with the other pending in federal court. Once again, those facts are not present here, so *Clark* is not on point. Indeed, *Clark* suggests that as a threshold matter the Hawley Troxell Defendant must prove the existence of *two shareholder derivative actions*. They obviously cannot do so and the "parallel actions" argument flounders as a result.

Further, even if *Clark* applied, parallelism would be determined by the "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Clark*, 376 F.3d at 686-7. To the contrary, in this case there is literally *no chance* that the outcome of the Underlying Case will dispose of the claims made in this case, nor is there any chance that *Donna Taylor v. AIA* will dispose of these claims. The claims of this lawsuit are unique to this lawsuit.

The Hawley Troxell Defendants have not made a credible argument that this lawsuit is "parallel" to any other pending litigation. Accordingly, we will not discuss the "extraordinary circumstances" that must also be shown when invoking *Colorado River*.

## III. OPPOSITION TO HUDSON DEFENDANTS' MOTION TO DISMISS

The Hudson Defendants are not named in the First Amended Complaint. Further, we anticipate that claims previously made against the Hudson Defendants will be settled and the Hudson Defendants will not be further involved in this litigation. For that reason, the bulk of the arguments raised by the Hudson Defendants do not require a response. However, the AIA Defendants are apparently incorporating by reference certain Hudson arguments; in particular the argument that Donna Taylor cannot fairly and adequately represent the interests of the other shareholders. Accordingly, we will respond to that argument here.

**A.** **Donna J. Taylor fairly and adequately represents the interests of the AIA Services shareholders.**

The Hudson Defendants maintain that Donna J. Taylor does not fairly and adequately represent the innocent shareholders of AIA Services due to her role as plaintiff in *Donna J. Taylor v. R. John Taylor* and *Donna J. Taylor v. AIA*. However, there is no *per se* rule that the existence of other litigation disqualifies a proposed plaintiff under Fed. R. Civ. P. 23.1. Instead, the Court is required to carefully weigh the facts regarding the alleged conflict. Here, the careful

weighing should lead to the conclusion that Donna Taylor is fully qualified to act as plaintiff here.

The Court's analysis begins with the assumption that Donna Taylor is a proper plaintiff in this suit. The burden is on the defendants to show that she is not. *Guenther v. Pacific Telecom, Inc.,* 123 F.R.D. 341, 344 (Dist. of Oregon 1988), citing *Smallwood v. Pearl Brewing Co.*, 489 F.2d 579, 592 n. 15 (5th Cir. 1974); 7C C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1833 (1986).

Where there are allegations of "outside entanglements," the Court considers the extent, character and potential conflict of the claims. *Guenther*, 123 F.R.D. at 345. The fact that a proposed plaintiff is a creditor of the company does not render the shareholder ineligible to bring the suit. *New Crawford Valley Ltd., v. Benedict*, 847 P.2d 642, 647 (Col. 1993). This is true even though the shareholder/creditor may have a greater incentive to increase the corporation's assets. *Id.*

In weighing the "extent" of the claims at issue, it should be clear that the derivative action asserts claims that are far more extensive than those brought by Donna Taylor in either of her two pending suits. In *Donna Taylor v. R. John Taylor*, Donna Taylor seeks reliance damages of $421,623.58 personally against R. John Taylor. In *Donna Taylor v. AIA Services*, she seeks the same $421,623.58 on a breach of contract theory.[6] By contrast, the First Amended Complaint highlights a widespread pattern of corporate malfeasance, from the unlawful formation of CropUSA in 2001 through the conversion of settlement proceeds in 2007. Additionally, the First Amended Complaint seeks recovery against James Beck and Michael Cashman, Sr., personally, and against the lawyers who assisted the Controlling Defendants in

---

[6] This damage claim was added on amendment. As originally filed, Donna Taylor sought only the appointment of a receiver.

CONSOLIDATED MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS - 10 -

their spree of unlawful activity. By the same token, the damages sought in the First Amended Complaint dwarf those that are claimed in Donna Taylor's other causes of action. Thus, the "extent" of the derivative action is far greater than that of the allegedly disqualifying lawsuits.

These facts create a sharp and decisive contrast with *Guenther*. In *Guenther*, the proposed plaintiff had direct claims against the corporation for damages of $7.8 million, but stood to gain only $20 from the derivative action. *Guenther*, 123 F.R.D. at 345. Additionally, the proposed plaintiff in *Guenther* had purchased his few shares in the corporation after his own conflict with the corporation had arisen, a fact that further reinforced the conclusion that he was not a proper plaintiff in the derivative action. *Id.* at 346. Here, Donna Taylor has owned her qualifying shares for over twenty years.

As discussed in *Guenther*, the "adequate representation" requirement of rule 23.1 exists to prevent "strike suits." *Id.* at 344. This is not a strike suit. Donna Taylor is not angling for a secret settlement that would leave the other shareholder high and dry, nor is there any reason to believe that this suit will induce a settlement in either of the pending state court actions.

Turning to the "character" of the alleged conflict, Donna Taylor's alleged conflict arises solely from the fact that she is a preferred shareholder. It is well established that a preferred shareholder may bring a derivative action. See, *e.g.*, *Brody v. Chemical Bank*, 482 F.2d 1111 (2nd Cir. 1973)(reversing lower court on sufficiency of demand, allowing preferred shareholder to pursue derivative claims without comment). This once again provides contrast with the cases cited by the Hudson Defendants. For example, in *Guenther* the direct claims were for investment banking fees and had no connection to the proposed plaintiff's role as a shareholder. *Guenther*, 123 F.R.D. at 343. The facts behind the direct claims made in *New Crawford Valley, Ltd. v. Benedict* are not made clear from the opinion. However, they clearly go beyond the

CONSOLIDATED MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS - 11 -

claims of a mere shareholder attempting to enforce a share agreement[7], which is the essence of Donna Taylor's direct actions.

Finally, turning to the "potential conflict" between Donna Taylor's direct and derivative claims, the Hudson Defendants apparently believe that Donna Taylor's preferred position with respect to the common shareholders creates a disqualifying conflict.  This argument is completely without merit. First, as noted, a preferred shareholder can institute a derivative action, a fact that should be dispositive.  Second, Donna Taylor's priority arising from her status as a preferred shareholder exists independently of her direct claims.  In other words, even if Donna Taylor dismisses *Donna Taylor v. R. John Taylor* and *Donna Taylor v. AIA Services*, she would still have the supposedly disqualifying conflict complained of by the Hudson Defendants.

Donna Taylor's direct claims against R. John Taylor and AIA Services are inconsequential when compared to the claims brought in this derivative action.  Her "conflict," if any, is the same conflict that any preferred shareholder would have, and it is not disqualifying. The Hudson Defendants have completely failed to prove that Donna Taylor is not a suitable plaintiff in this case.

### IV.   OPPOSITION TO AIA DEFENDANTS' MOTION TO DISMISS

Most of the issues raised by the AIA Defendants were raised by the other defendants in their briefs.  The only unique issue remaining is the sufficiency of the RICO allegations.

We believe the pleading deficiencies alleged by the AIA Defendants have been cured by the more specific allegations made in the First Amended Complaint.  If this Court concludes otherwise, the proper remedy would be dismissal with leave to amend.  *See, e.g., Barker v. Underwriters at Lloyd's London*, 564 F.Supp. 352, 359 (E.D. Mich. 1983).  Accordingly, Donna

---

[7] The conflicting civil claims involved state "Little RICO" violations.  Additionally, the proposed plaintiff already had a judgment in place against the corporation.  *New Crawford Valley*, 847 P.2d at 647.

Taylor hereby requests leave to amend should the Court find the RICO pleadings to be in any way deficient.

## V. CONCLUSION

Contrary to the claims of the defendants, this lawsuit is not a strike suit and it is not a spite suit. Donna Taylor is not attempting to seize control over AIA Services, nor does she necessarily believe that there is a viable entity over which to seize control. Instead, the suit merely seeks to have the stolen assets returned, with interest, fees and penalties.

This is the only suit pending in any court for the benefit of the shareholders. There is no "parallel" litigation and there is no basis to abstain.

The fact that Donna Taylor may or may not be paid before other shareholders does not disqualify her as a plaintiff, and this fact is true regardless of whether Donna Taylor has actions pending against R. John Taylor and AIA Services.

We therefore respectfully request that the Court deny the defense motions in their entirety and allow the remaining parties to move forward to discovery and trial.

Dated this the 26th day of November, 2010.

/Lee H. Rousso, Idaho Bar # 8353
The Law Office of Lee H. Rousso
800 Fifth Avenue, Suite 4100
Seattle, Washington 98104
(206)623-3818
lee@leerousso.com

CONSOLIDATED MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS - 13 -