UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONNA J. TAYLOR and DALE MIESEN, as shareholders who are bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.;<br><br> Plaintiffs,<br><br>v.<br><br>HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; RICHARD A. RILEY, an individual; D. JOHN ASHBY, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual; R. JOHN TAYLOR, an individual; KENT PETERSEN, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC.; an Idaho corporation; HUDSON INSURANCE GROUP; a Delaware corporation; and GROWERS NATIONAL COOPERATIVE INSURANCE AGENCY, an Idaho corporation,<br><br> Defendants. | Case No. 1:10-cv-00404-LMB<br><br>**AMENDED ORDER**<br><br>(Amending *Order*, Docket No. 30) |

  Having considered the *Stipulation for Order of Dismissal* (Docket No. 27), the Court GRANTS the Stipulation and ORDERS as follows:

1.      All of Plaintiffs' claims in their individual capacity and in their derivative capacity as representative shareholders of AIA against GNC, whether know or unknown, pertaining to anything intentionally or unintentionally said, done or omitted on or before the date of the Stipulation are hereby forever discharged and dismissed with prejudice.  As all claims against GNC have been dismissed, GNC is hereby dismissed from this lawsuit.

2.      Within five (5) business days of the date of this Order, AIA shall produce a list of its shareholders' names and addresses to Plaintiffs' counsel.  Within ten (10) business days of the date of this Order, Plaintiffs' counsel shall mail a copy of the Complaint and this Order to each of the shareholders on the list provided by AIA.  Shareholders of AIA shall have forty-five (45) days from the date of this Order to seek reconsideration of this Order.

3.      This Court further finds that, absent any timely shareholder motion for reconsideration, there is no just reason for delay of entry of a final judgment as to all claims asserted against GNC or of GNC's dismissal with prejudice from this lawsuit.  Absent a shareholder motion, pursuant to FED. R. CIV. P. 54(a), GNC may petition this court for a judgment forty-five days after the date of the original order dismissing the case (Docket No. 22), December 31, 2011.

DATED:  **December 13, 2010**.

_Larry Boyle_
Honorable Larry M. Boyle
United States Magistrate Judge