DAVID R. RISLEY
RISLEY LAW OFFICE, PLLC
P.O. Box 1247
1443 Idaho Street
Lewiston, ID  83501
(208) 743-5338
(208) 743-5307 (Fax)
david@risleylawoffice.com
ISB No. 1789

Attorney for Defendants Michael W. Cashman, Sr.,
James Beck, R. John Taylor, CROP USA Insurance Agency, Inc.,
AIA Services Corporation and AIA Insurance, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| DONNA J. TAYLOR and DALE MIESEN, as shareholders who are brining this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.; <br><br> Plaintiffs, <br><br> v. <br><br> HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; RICHARD A. RILEY, an individual; MICHAEL W. CASHMAN, SR., an individual; JAMES BECK, an individual; R. JOHN TAYLOR, an individual; KENT PETERSEN, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC., an Idaho corporation; HUDSON INSURANCE GROUP, a Delaware corporation; and GROWERS NATIONAL COOPERATIVE INSURANCE AGENCY, an Idaho corporation, <br><br> Defendants. | CASE NO.: 1:10-CV-00404-LMB <br><br> DEFENDANTS' MICHAEL W. CASHMAN, SR.; JAMES BECK; R. JOHN TAYLOR; CROP USA INSURANCE AGENCY, INC.; AIA SERVICES CORPORATION; AND AIA INSURANCE, INC.'s REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS |

REPLY MEMORANDUM RE MOTIONS TO DISMISS

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

   A. This Court Should Abstain Because This Case Duplicates Multiple State Court Cases . 1

   B. Donna Lacks Standing to Bring a Derivative Action........................................................ 3

   C. Donna Has Failed to State A Claim Under RICO............................................................ 4

      1. Donna Has Failed to Plead Predicate Acts .................................................................. 4

      2. Plaintiff Has Failed to Plead Causation....................................................................... 5

      3. Plaintiff Has Failed to Plead a Pattern......................................................................... 7

      4. Plaintiff Has Not Plead Reasonable Reliance.............................................................. 8

III. CONCLUSION................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Appletree Square I, Ltd. P'ship v. W.R. Grace & Co.*, 29 F. 3d 1283, 1286 (8th Cir. 1994) ........ 10

*Bank of China v. NBM LLC*, 359 F. 3d 171 (2nd Cir. 2004) ......................................................... 10

*Caviness v. Derand Res. Corp.*, 983 F. 2d 1295, 1305 (4th Cir. 1993) ....................................... 10

*Desoto v. Condon*, 371 Fed. Appx. 822, 824 (9th Cir. 2010) (unpublished) ................................. 6

*Edwards v. Marin Park, Inc.*, 356 F. 3d 1058, 1066 (9th Cir. 2004) ............................................. 5

*Grimmet v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) .................................................................... 5

*Guenther v. Pacific Telecom, Inc.*, 123 F.R.D. 341 (D.Ore. 1987) ................................................ 4

*H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989) ............................................... 9

*Holmes v. Sec. Inv. Prot. Corp.,* 503 U.S. 258, 268 (1992) .......................................................... 10

*Howard v. America Online Inc.*, 208 F. 3d 741,748 (9th Cir. 2000) .............................................. 8

*LaVay v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 529 (4th Cir. 1987) .......................... 8

*Manion v. Freund*, 967 F.2d 1183, 1186 (8th Cir. 1992) .............................................................. 8

*Montery Plaza Hotel v. Local*, 483, 215 F. 3d 923 (9th Circuit 2000) ........................................ 11

*New Crawford Valley, Ltd. V. Benedict*, 847 P.2d 642 (Colo. App. 1993) ................................... 4

*Sanford v. Memberworks, Inc.*, ___ F. 3d ___ (9th Cir. Dkt. 09-55502, 10/25/2010) ................... 5

*Schreiber Distrib. Co., v. ServWell Furniture Co., Inc.*, 806 F. 2d 1393, 1400 (9th Cir. 1986) .... 9

*Summit Props. Inc. v. Hoechst Celanese Corp.*, 214 F. 3d 556, 562 (5th Cir. 2000) ................... 10

*Taylor v. McNichols*, 2010 WL 3448851, -- P.3d – (2010) ........................................................... 4

*Vicon Fiber Optics Corp. v. Scrivo*, 201 F. Supp. 2d 216, 219 (S.D.N.Y. 2002) .......................... 7

*Weil v. Defenbach*, 36 Idaho 37, 47, 208 P. 1025, 1028 (1922) .................................................... 3

**Statutes**

18 U.S.C. § 1341 .................................................................................................................. 4, 7

18 U.S.C. § 1343 ..................................................................................................................... 4

18 U.S.C. § 1961(B) ................................................................................................................ 7

18 U.S.C. § 1962(c) ................................................................................................................. 7

Idaho Code § 8-605 ................................................................................................................. 3

**Other Authorities**

65 AmJur 2d, *Receivers*, §370 ................................................................................................ 3

**Rules**

Fed. R. Civ. P. 9(b) ................................................................................................................. 4

COMES NOW, the Defendants, MICHAEL W. CASHMAN, SR., JAMES BECK, R. JOHN TAYLOR, CROP USA INSURANCE AGENCY, INC., AIA SERVICES CORPORATION, and AIA INSURANCE, INC., by and through their attorney of record, David R. Risley of Risley Law Office, PLLC, and respectfully provides the following Reply Memorandum in support of their *Motion to Dismiss* (Docket No. 16).

## I.   INTRODUCTION

This reply memorandum incorporates by reference the briefing and arguments submitted by other parties defendant, including the *Memorandum of The Hudson Defendants' Motion to Dismiss* (Docket No. 14).

## II.   ARGUMENT

### A.   THIS COURT SHOULD ABSTAIN BECAUSE THIS CASE DUPLICATES MULTIPLE STATE COURT CASES

Donna properly recognizes that this Court may abstain if there is parallel litigation in state court. *See*, *Plaintiff's Consolidated Memorandum in Opposition* (hereinafter "Donna's Consolidated Memorandum"), p. 7 (Docket No. 25). The dispute is whether the underlying litigation is indeed "parallel."

Donna's *First Amended Complaint* herein (Docket No. 23) is essentially identical in parties Plaintiff, parties Defendant, and even remedy to the multiple suits and proceedings pending below. It is old wine in a new bottle.

In Defendants' *Reply to Response to Motion to Dismiss* (hereinafter "Defendants' Response) (Docket No. 32), counsel detailed the complete identity of the proceeding for an

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 1

independent inquiry before the Honorable Jeff Brudie in *Reed Taylor v. AIA*, et al., Nez Perce County District Court Case No. CV2007-00208 (hereinafter "Underlying Case").

Donna's state court proceeding against AIA in *Donna Taylor v. AIA*, Nez Perce County District Court Case No. CV2009-2470 (hereinafter "Donna I") is also essentially duplicative of the relief she seeks here. The core allegations of asserted wrongdoing are the same.

Donna I names R. John Taylor, James Beck, and Michael W. Cashman, Sr. as "Responsible Individuals." She names the same individuals in this suit as "Controlling Defendants." This is a distinction without a difference.

Donna seeks in her prayer in Donna I of the appointment of a receiver *inter alia* " … to pursue causes of action against the appropriate persons and entities." S*ee*, Exhibit A to the *Memorandum of The Hudson Defendants' Motion to Dismiss* (hereinafter "Hudson Memorandum") (Docket No. 14).

Donna's First Amended Complaint in Donna I has one non-parallel provision that bears heavily upon her standing to bring this action. She asks specifically for over $400,000.00 and if "…there are insufficient funds available for those payments, then she requests that AIA Services and/or the receiver appointed to operate it be ordered to pay those funds when they become available…" S*ee*, Exhibit A to the Hudson Memorandum, *supra*.

Despite all this, Donna asserts that Donna I is "…completely unrelated to both this suit and other suits filed by Reed Taylor." *See*, Donna's Consolidated Memorandum, p. 7 (Docket No. 25).

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 2

This assertion is simply untrue given her own pleadings and statutory authority that a receiver may exercise.  Title 8 Chapter 6 of the Idaho Code contains a statement of the exceedingly broad powers of a receiver:

> The receiver has, under the control of the court, power **to bring and defend actions in his own name, as receiver**; to take and keep possession of the property, to receive rents, **collect debts**, to compound for and compromise the same, to make transfers, **and generally to do such acts respecting the property as the court may authorize**.

Idaho Code § 8-605 (emphasis added).

This is the same relief Donna requested in Donna I and is functionally identical to the powers conferred upon a derivative plaintiff with regard to suits on behalf of a corporation:

> [f]or most purposes in connection with actions by or against a receiver, he may be said to stand in the shoes of the person or corporation for or of which he is the receiver.

*Weil v. Defenbach*, 36 Idaho 37, 47, 208 P. 1025, 1028 (1922).  Generally, a receiver may bring or maintain an action on behalf of the corporation, including actions against corporate directors or officers for negligence or wrongful acts.  *See*, 65 AmJur 2d, *Receivers*, §370.

Therefore, the action seeking appointment of a receiver in the Idaho state courts seeks all the power that the representative in a derivative suit could seek, and potentially more, under the powers of the receiver exercised under the supervision of the state court.

**B.    DONNA LACKS STANDING TO BRING A DERIVATIVE ACTION**

Defendants' Response is correct that the issue of standing is properly before the state court.  However, Donna is seeking to recover corporate assets for her own individual benefit in Donna I.  As the Idaho Supreme Court recently noted:

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 3

> Although Reed's lack of shareholder status is determinative, it is also unlikely that Reed could meet the second qualification, of fairly and adequately representing the interests of the corporation as he had filed suit in the Underlying Case seeking to recover corporate money and assets for his own individual benefit. *See New Crawford Valley, Ltd. V. Benedict*, 847 P.2d 642 (Colo. App. 1993); *Guenther v. Pacific Telecom, Inc.*, 123 F.R.D. 341 (D.Ore. 1987).

*Taylor v. McNichols*, 2010 WL 3448851, -- P.3d – (2010).

Based on the authorities cited in Defendants' Response, the standing issue is one of state law, is pending before a state court, and provides a basis for dismissal in this Court to allow that inquiry to be concluded in the same forum as it has begun.

However, Idaho law, should this Court see fit to apply it in deciding this motion, would disqualify Donna as a proper derivative plaintiff.

### C. DONNA HAS FAILED TO STATE A CLAIM UNDER RICO

Donna implicitly, at least, acknowledges the fatal defects in her original *Complaint* (Docket No. 1) as identified in the Hudson Memorandum (Docket No. 14). Donna, with the full benefit of Hudson's Memorandum, has had a fair opportunity to cure defects and has failed to do so.

To state a civil RICO claim, Donna must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmet v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). She has pleaded neither predicate acts nor causation.

1. Donna Has Failed to Plead Predicate Acts

Donna states that the predicate acts upon which she bases her RICO claim are mail and wire fraud in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1343. *See*, *Complaint*, ¶ 6.9.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 4

However, Donna does not plead any of these alleged acts of mail or wire fraud with the specificity necessary under Fed. R. Civ. P. 9(b). "To avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F. 3d 1058, 1066 (9th Cir. 2004); *see, Sanford v. Memberworks, Inc.*, ___ F. 3d ___ (9th Cir. Dkt. 09-55502, 10/25/2010).

Instead, Donna offers vague allegations that Defendants "utilized the United States mail and/or interstate wires, e.g., email, in furtherance of their activities." *See*, *Complaint*, ¶ 6.9. Donna does not allege the specific content of these alleged communications, nor does she allege who made them when, where, or to whom. Such sweeping generalities are insufficient to support a RICO claim. *Desoto v. Condon*, 371 Fed. Appx. 822, 824 (9th Cir. 2010) (unpublished).

2. Plaintiff Has Failed to Plead Causation

The vagueness of Donna's allegations of the predicate acts of mail and wire fraud is such that it is impossible to know *what* fraud was allegedly committed, let alone whether such fraud caused the injuries alleged. In order to state a RICO claim, Donna must allege facts that, if proved, would establish that her injury was caused by the Defendants' commission of the predicate acts (in this case, mail and wire fraud). *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 664 (9th Cir. 2004) (citing *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992)).

Donna again offers only conclusory allegations that Defendants operated CropUSA as a RICO enterprise "to defraud AIA or to obtain money or property from AIA by means of false or fraudulent pretenses, representations or promises," and that they "utilized United States mail

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 5

and/or interstate wire communications" to do so. *See*, *Complaint*, ¶ 6.3. What Plaintiff does not allege, as she cannot, is that these unspecified alleged predicate acts of mail and wire fraud caused any damages at all. The injuries as alleged – the transfer of AIA corporate assets without adequate compensation to AIA and the payment of CropUSA's expenses, *id.* at ¶ 6.4, 6.5 – were not caused by fraud at all, but (when read most favorably to Donna) by the Defendants' alleged breaches of fiduciary duty. Mail and wire fraud were wholly unnecessary for the Defendants, as officers and directors allegedly in complete control of AIA, to loot the company. Where the alleged looting of a corporation by its officers and directors is not accomplished by the mail or wire frauds identified as predicate acts, the alleged RICO violation is not the proximate cause of the alleged injury. *Vicon Fiber Optics Corp. v. Scrivo*, 201 F. Supp. 2d 216, 219 (S.D.N.Y. 2002).

In *Vicon*, the plaintiff brought a RICO claim, alleging "pilfering of its corporate fisc by three supposedly faithless officers, directors and employees." *Id.* Because the pilfering was not accomplished by the acts of mail and wire fraud alleged as the predicate acts underlying the plaintiff's RICO claim – transmission of proxy solicitations to shareholders and a form 10QSB to the SEC, none of which disclosed that the defendants had pilfered from the company – the plaintiff's claim was dismissed for failure to allege that the RICO violation caused the injury. *Id.*

Here, as in *Vicon*, Donna alleges that the Defendants looted AIA in violation of their duties as fiduciaries, but she makes no allegations that would support the conclusion that the barely alleged predicate acts caused those injuries. Nor could she make such allegations. Donna has lost sight of the fact that she seeks to bring this action as a derivative claim on behalf of AIA. Based on her allegations in the *Complaint* (Docket No. 1) no misrepresentation to her, to the

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 6

auditors, to "AIA Insurance CropUSA (a fictional entity)" could serve as predicate acts. Thus, the window dressing added in the *First Amended Complaint* (Docket No. 23) is just that.

Rather, Donna alleges that the same Defendants who made the misrepresentations were in "complete control over AIA." *First Amended Complaint* ¶ 4.10 (Docket No. 23). Defendants could not have relied on their *own* alleged misrepresentations to the detriment of AIA. Defendants' alleged breaches of fiduciary duty (which are the legal and natural causes of the alleged injury) are wholly independent of the alleged mail and wire fraud. But, breach of fiduciary duty is not a predicate act under RICO and cannot support Donna's claim. *Manion v. Freund*, 967 F.2d 1183, 1186 (8th Cir. 1992) ("breach of fiduciary duty is not one of the specified state crimes listed in the definition of 'racketeering activity.'"); *LaVay v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 529 (4th Cir. 1987) ("under no circumstances could a breach of fiduciary duty constitute a pattern of racketeering activity."). Without predicate acts or an injury caused by them, Donna's claim must be dismissed.

     3.     Plaintiff Has Failed to Plead a Pattern

To show a pattern under RICO, Donna must first prove that there are a sufficient number of predicate acts "indictable" as mail or wire fraud. *See*, 18 U.S.C. § 1961(B) and 18 U.S.C. § 1962(c). The mere citing of acts without proving they are indictable is not sufficient to establish a RICO pattern. *Howard v. America Online Inc.*, 208 F. 3d 741, 748 (9th Cir. 2000). To allege a violation of mail fraud under 18 U.S.C. § 1341, "it is necessary to show that (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United Sates mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud." *Schreiber Distrib. Co., v. ServWell Furniture Co.,*

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 7

*Inc.*, 806 F. 2d 1393, 1400 (9th Cir. 1986).  Even if Donna alleged facts that met the requirements of (1) and (2) above (which she did not and can not), she certainly can not establish, as discussed above, that the Defendants who were in control of AIA could have deceived or defrauded themselves.

Moreover, the establishment of a pattern requires more; it requires the showing of a relationship between the predicates and of the threat of continuing activity. *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989).  As the Supreme Court held, "related " conduct "embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events" *Id.* at 240 (internal quotation marks omitted).  In the instance case, the 2001 letter, a wire transfer of monies in 2004, a Consent in Lieu of Meeting, a 2007 pledge are just isolated events which Donna has strung together.  The only factor that these disparate events have in common are the alleged participation by Defendants and that fact is insufficient to create a pattern.  *Howard v. America Online Inc.*, 208 F. 3d 741, 749 (9th Cir. 2000) (to hold that plaintiffs have established relatedness solely because they implicate the same participants makes that requirement virtually meaningless).

   4.  Plaintiff Has Not Plead Reasonable Reliance

In *Holmes v. Sec. Inv. Prot. Corp.,* 503 U.S. 258, 268 (1992), the Supreme Court held that the "by reason of" language in section 1964(c) means that in order to prevail on a civil RICO claim, the plaintiff must show that the defendant's violation was the "proximate cause" of the plaintiff's injury.  This requirement has been construed to mean that where common law, wire, mail, or securities fraud are the predicate acts for a civil RICO action, the plaintiff must establish

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 8

"reasonable reliance."  *See*, *Bank of China v. NBM LLC*, 359 F. 3d 171 (2nd Cir. 2004); *Summit Props. Inc. v. Hoechst Celanese Corp.*, 214 F. 3d 556, 562 (5th Cir. 2000); *Appletree Square I, Ltd. P'ship v. W.R. Grace & Co.*, 29 F. 3d 1283, 1286 (8th Cir. 1994); *Caviness v. Derand Res. Corp.*, 983 F. 2d 1295, 1305 (4th Cir. 1993).

In *Bank of China*, the court noted that where the officers of the Bank knew and participated in the alleged fraudulent actions, then neither they nor the Bank could have relied upon the purported misrepresentations to establish the predicate acts necessary to sustain a civil RICO action.  *Bank of China v. NBM LLC*, 359 F. 3d 171, 179 (2nd Cir. 2004).  In a similar vein, in this case neither the Controlling Defendants nor AIA, the controlled entity, could have relied on the alleged misrepresentations of the Controlling Defendants and, therefore, the civil RICO claim fails.

The failure to plead a valid RICO claim should result in the dismissal of that count, but also provide additional cause for the entire case to be dismissed.

This action is a reiteration of the same primary rights at stake in all of six of the pending state court actions, taken together.  Adding a RICO claim gives the appearance of difference but not the substance.  *See*, e.g. *Montery Plaza Hotel v. Local*, 483, 215 F. 3d 923 (9th Circuit 2000).

### III. CONCLUSION

This Court is urged to recognize the futility of this proceeding in the interest of the corporation, while the actions of Donna and Reed are yet unresolved in state court litigation. This conclusion is consistent with the three state court judges that have stayed related state court proceedings.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 9

These Defendants' *Motion to Dismiss* (Docket No. 16) should, therefore, be granted.

DATED this 13th day of December, 2010.

      RISLEY LAW OFFICE, PLLC
      Attorney for Defendants Michael W. Cashman, Sr.,
      James Beck, R. John Taylor, CROP USA Insurance Agency, Inc.,
      AIA Services Corporation and AIA Insurance, Inc.


By:    /s/ *David R. Risley*
       DAVID R. RISLEY
       ISB NO. 1789

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—Page 10