**SHAREHOLDER DEMAND**

The undersigned shareholder(s), as an owner(s) of record or beneficial holder(s) of preferred and/or common shares in AIA Services Corporation, hereby makes the following Shareholder Demand upon AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc. (collectively "Company") and the Company's Boards of Directors (this Demand also constitutes a derivative demand and double derivative demand) (collectively "Demand"):

1.      That R. John Taylor, Connie Taylor Henderson, James Beck, Michael Cashman, JoLee Duclos and Aimee Gordon be barred from serving as directors or officers of the Company based upon the ongoing malfeasance, conflicts of interest, failure to act in good faith, breaches of fiduciary duties (including the duties of loyalty, care and good faith) and other acts and/or omissions committed under their direction, participation and/or acquiescence, including, without limitation, those acts and/or omissions identified in the First Amended Complaint in *Donna J. Taylor v. Hawley Troxell Ennis & Hawley, R. John Taylor, Michael Cashman, James Beck, et al.*, United States District Court for the District of Idaho, Civil No. 1:10-cv-00404-MLB (the "Federal Court Case"), which said First Amended Complaint is incorporated by reference herein, and that legal action be taken against them.

2.      That Paul D. Durant be appointed as a director of AIA Services Corporation as requested and duly authorized and appointed by the sole Series A Preferred Shareholder of the Company, Donna J. Taylor.

3.      That Paul D. Durant be appointed as the President of AIA Services Corporation and AIA Insurance, Inc., to be duly compensated, and to operate those entities in the best interests of the corporations and their shareholders (with an emphasis on recovering damages and sums from majority shareholder R. John Taylor and Connie Taylor Henderson and others for the benefit of the corporations and their innocent shareholders) and to retain and/or terminate such employee(s) and/or officer(s) as he deems appropriate to properly operate the corporations and pursue any claims set forth in the First Amended Complaint in the Federal Court Case and similar or other claims against named and unnamed parties. Mr. Durant should also be authorized to appoint other parties to the Board of Directors to serve until the next annual meeting as provided under the Restated Bylaws.

4.      That the Company (regardless of Mr. Durant's appointment as an officer or director of the Company), and Paul D. Durant if appointed as an director and/or officer, be authorized to pursue the claims and causes of action identified in the First Amended Complaint filed in the Federal court Case through the date of this Demand and for all related acts after the date of this Demand, including, without limitation, requesting and praying for punitive damages against the parties named in the Federal Court Case and any other responsible parties named in this Demand. A copy of said First Amended Complaint is incorporated by reference herein and is already in the possession of the Company and its purported officers and purported directors (a copy can also be obtained from PACER (the online filing system for the United States District Court for the District of Idaho)).

5.      That the Company refrain from pursuing a reverse stock split (which violates Articles 4.2.9(f), 4.3.3 and 11 of the Company's amended articles of incorporation and the Company's Restated Bylaws) or any other corporate action which is not in the best interests of the Company's preferred shareholders and minority shareholders or otherwise violates the Company's articles of incorporation, restated bylaws and/or Idaho law (including oppressive conduct and breaches of fiduciary duties). That any and all shares held by R. John Taylor and/or Connie Taylor Henderson be barred and disqualified from voting on the reverse stock split since that transaction is preferential to them and is being pursued without full disclosure.

1

Exhibit 41 - Page - 1

6.      That the Company demand repayment of, and refrain from paying or advancing, any sums or assets for the payment of all attorneys' fees, expert witness fees, costs and expenses paid, advanced or lent by the Company for JoLee Duclos, R. John Taylor, Connie Taylor Henderson, James Beck, Corrine Beck, Michael Cashman, Jane Doe Cashman, and CropUSA Insurance Agency, Inc.

7.      That Paul D. Durant be authorized to appoint persons to committee(s) of the Board of Directors of the Company, with each committee comprised of at least two (2) of the minority shareholders of the Company to be determined in Mr. Durant's sole discretion and at least one (1) outside and independent person (or more should Mr. Durant desire).  Said committee(s) should be used by Mr. Durant, in his discretion, to govern the Company and to maximize the value of the Company's shareholders and to wind up the affairs of the Company should no new viable businesses be obtained and the assets and funds used to pay creditors, preferred shareholders and distributed to common shareholders. Mr. Durant should be authorized to obtain approval for any acts from the Judge in the Federal Court Case or other court of competent jurisdiction to the extent required (including ultimately filing an action or taking action to dissolve the Company once all assets and funds have been identified and recovered or upon court or shareholder approval).

8.      That the Company rescind and/or revoke 818,659 of the common shares held by R. John Taylor and Connie Taylor Henderson as those shares were unlawfully issued by the Company when R. John Taylor violated his Executive Officer's Agreement with Company and they have acted as faithless fiduciaries of the Company (500,000 were granted as an option of the Executive Officers Agreement breached by R. John Taylor) and the other 318,659 shares obtained by R. John Taylor and/or Connie Taylor Henderson from Michael W. Cashman and Corrine M. Beck and/or James Beck were unlawfully issued to them and other former Series C Preferred Shareholders of the Company and are therefore not properly issued shares and those certificates and any subsequent certificates representing those common shares are illegal and void.  The foregoing shares, along with the common shares unlawfully issued to Distribution Services, Inc., Bruce E. Knutson, Charles B. Rapp, Daryl R. Verdoorn and any other commons shares unlawfully issued to the former Series C Preferred Shareholders were illegally issued and void.  The proper rescission and/or revocation of the foregoing shares increases the minority shareholder's ownership interest in the Company, instead of improperly diluting their ownership interest and increasing R. John Taylor and Connie Taylor Henderson's majority interest.

9.      That the Company terminate JoLee Duclos as the trustee of the Company's 401(k) Plan ("Plan") and appoint a disinterested party or person as the trustee of said Plan and that said person be provided full disclosure of all transactions, loans, malfeasance, redemptions, transfers and all other acts and/or omissions of R. John Taylor and JoLee Duclos as the former co-trustees of the Plan.

10.      That the Company rescind and cancel the prior payments for the recent termination of the Employee Stock Ownership Plan of the Company ("ESOP") because the value of said shares cannot be fairly ascertained until the Federal Court Case has been concluded or resolved and other matters and claims resolved by the Company. The participants in the ESOP, like the other common shareholders, should receive the benefit of a fair valuation and/or distribution at the appropriate time.

11.      That Paul D. Durant be authorized to conduct such investigations and retain such services as he deems appropriate and/or necessary pertaining to any and all past transactions, loans, encumbrances, asset sales, share sales or transfers, share redemptions, salaries, payments, exchange offers and/or any other act or omission pertaining to the operations of AIA Services Corporation and AIA Insurance, Inc. and that the Company report said findings to the appropriate authorities and/or State Bar Associations and/or to take such other actions as Mr. Durant deems appropriate and in the best interest of the corporations.

2

Exhibit 41 - Page - 2

12.    That the common shares of R. John Taylor, Connie Taylor Henderson and the other persons and entities identified in Paragraph 8 be barred from voting on any matters relative to the appointment of themselves to the Board of Directors and any other matters in which their shares have a conflict of interest by way of their participation in the malfeasance and/or covering up of the malfeasance against the Company and its other shareholders.

13.    That R. John Taylor, Connie Taylor Henderson, JoLee Duclos, James Beck and Michael Cashman be required to disgorge all compensation, directors fees, indemnification payments or cost advances, benefits, salaries, bonuses, reimbursements, and shares obtained through or from the Company (until the Federal Court Case is resolved) based of them being faithless fiduciaries of the Company.

14.    All actions and demands that are demanded to be taken by Paul Durant are also hereby demanded to be taken by the Company and/or its authorized Board of Directors to the extent persons named in this Demand or others seek to thwart any action by Paul Durant.

15.    That the Company fully disclose all transactions, obligations, loans and footnotes in the recent financial statements provided to shareholders and fully disclose how R. John Taylor, Connie Taylor Henderson and other persons identified in this Demand acquired their respective ownership interests in the entities identified in the footnotes, how the Company's ownership interests were eliminated, transferred or otherwise extinguished and how the transactions, obligations, loans, and share transfers, redemptions and issuances were authorized by the Company, the Company's amended articles of incorporation and restated bylaws.

16.    By making this Demand, the undersigned shareholder(s) does not waive any legal rights or remedies and hereby maintains and asserts that the Company is being irreparably injured and reserves the right to take legal action, without a derivative demand, based upon such irreparable injury.

17.    This Demand may be executed by counterparts and by facsimile and/or pdf attachment, which together shall constitute an original. The undersigned shareholder(s) authorize Dale Miesen or Paul Durant to deliver this Demand to the Company at the time of the shareholder meeting scheduled for July 16, 2012 or anytime before or thereafter.

18.    All further communications to the undersigned shareholder(s) regarding this Demand should be directed to Roderick C. Bond, Roderick Bond Law Office, PLLC, 800 Bellevue Way NE, Suite 400, Bellevue, WA 98004 - Tel: (425) 591-6903 - Fax (425) 321-0343 – Email: rod@roderickbond.com.

Dated this __13__ day of July, 2012.

_____
Jud R. Taylor

3

Exhibit 41 - Page - 3

## SHAREHOLDER DEMAND

The undersigned shareholder(s), as an owner(s) of record or beneficial holder(s) of preferred and/or common shares in AIA Services Corporation, hereby makes the following Shareholder Demand upon AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc. (collectively "Company") and the Company's Boards of Directors (this Demand also constitutes a derivative demand and double derivative demand) (collectively "Demand"):

1.      That R. John Taylor, Connie Taylor Henderson, James Beck, Michael Cashman, JoLee Duclos and Aimee Gordon be barred from serving as directors or officers of the Company based upon the ongoing malfeasance, conflicts of interest, failure to act in good faith, breaches of fiduciary duties (including the duties of loyalty, care and good faith) and other acts and/or omissions committed under their direction, participation and/or acquiescence, including, without limitation, those acts and/or omissions identified in the First Amended Complaint in *Donna J. Taylor v. Hawley Troxell Ennis & Hawley, R. John Taylor, Michael Cashman, James Beck, et al.*, United States District Court for the District of Idaho, Civil No. 1:10-cv-00404-MLB (the "Federal Court Case"), which said First Amended Complaint is incorporated by reference herein, and that legal action be taken against them.

2.      That Paul D. Durant be appointed as a director of AIA Services Corporation as requested and duly authorized and appointed by the sole Series A Preferred Shareholder of the Company, Donna J. Taylor.

3.      That Paul D. Durant be appointed as the President of AIA Services Corporation and AIA Insurance, Inc., to be duly compensated, and to operate those entities in the best interests of the corporations and their shareholders (with an emphasis on recovering damages and sums from majority shareholder R. John Taylor and Connie Taylor Henderson and others for the benefit of the corporations and their innocent shareholders) and to retain and/or terminate such employee(s) and/or officer(s) as he deems appropriate to properly operate the corporations and pursue any claims set forth in the First Amended Complaint in the Federal Court Case and similar or other claims against named and unnamed parties.  Mr. Durant should also be authorized to appoint other parties to the Board of Directors to serve until the next annual meeting as provided under the Restated Bylaws.

4.      That the Company (regardless of Mr. Durant's appointment as an officer or director of the Company), and Paul D. Durant if appointed as an director and/or officer, be authorized to pursue the claims and causes of action identified in the First Amended Complaint filed in the Federal court Case through the date of this Demand and for all related acts after the date of this Demand, including, without limitation, requesting and praying for punitive damages against the parties named in the Federal Court Case and any other responsible parties named in this Demand.  A copy of said First Amended Complaint is incorporated by reference herein and is already in the possession of the Company and its purported officers and purported directors (a copy can also be obtained from PACER (the online filing system for the United States District Court for the District of Idaho)).

5.      That the Company refrain from pursuing a reverse stock split (which violates Articles 4.2.9(f), 4.3.3 and 11 of the Company's amended articles of incorporation and the Company's Restated Bylaws) or any other corporate action which is not in the best interests of the Company's preferred shareholders and minority shareholders or otherwise violates the Company's articles of incorporation, restated bylaws and/or Idaho law (including oppressive conduct and breaches of fiduciary duties). That any and all shares held by R. John Taylor and/or Connie Taylor Henderson be barred and disqualified from voting on the reverse stock split since that transaction is preferential to them and is being pursued without full disclosure.

1

Exhibit 41 - Page - 4

6.      That the Company demand repayment of, and refrain from paying or advancing, any sums or assets for the payment of all attorneys' fees, expert witness fees, costs and expenses paid, advanced or lent by the Company for JoLee Duclos, R. John Taylor, Connie Taylor Henderson, James Beck, Corrine Beck, Michael Cashman, Jane Doe Cashman, and CropUSA Insurance Agency, Inc.

7.      That Paul D. Durant be authorized to appoint persons to committee(s) of the Board of Directors of the Company, with each committee comprised of at least two (2) of the minority shareholders of the Company to be determined in Mr. Durant's sole discretion and at least one (1) outside and independent person (or more should Mr. Durant desire). Said committee(s) should be used by Mr. Durant, in his discretion, to govern the Company and to maximize the value of the Company's shareholders and to wind up the affairs of the Company should no new viable businesses be obtained and the assets and funds used to pay creditors, preferred shareholders and distributed to common shareholders. Mr. Durant should be authorized to obtain approval for any acts from the Judge in the Federal Court Case or other court of competent jurisdiction to the extent required (including ultimately filing an action or taking action to dissolve the Company once all assets and funds have been identified and recovered or upon court or shareholder approval).

8.      That the Company rescind and/or revoke 818,659 of the common shares held by R. John Taylor and Connie Taylor Henderson as those shares were unlawfully issued by the Company when R. John Taylor violated his Executive Officer's Agreement with Company and they have acted as faithless fiduciaries of the Company (500,000 were granted as an option of the Executive Officers Agreement breached by R. John Taylor) and the other 318,659 shares obtained by R. John Taylor and/or Connie Taylor Henderson from Michael W. Cashman and Corrine M. Beck and/or James Beck were unlawfully issued to them and other former Series C Preferred Shareholders of the Company and are therefore not properly issued shares and those certificates and any subsequent certificates representing those common shares are illegal and void. The foregoing shares, along with the common shares unlawfully issued to Distribution Services, Inc., Bruce E. Knutson, Charles B. Rapp, Daryl R. Verdoorn and any other commons shares unlawfully issued to the former Series C Preferred Shareholders were illegally issued and void. The proper rescission and/or revocation of the foregoing shares increases the minority shareholder's ownership interest in the Company, instead of improperly diluting their ownership interest and increasing R. John Taylor and Connie Taylor Henderson's majority interest.

9.      That the Company terminate JoLee Duclos as the trustee of the Company's 401(k) Plan ("Plan") and appoint a disinterested party or person as the trustee of said Plan and that said person be provided full disclosure of all transactions, loans, malfeasance, redemptions, transfers and all other acts and/or omissions of R. John Taylor and JoLee Duclos as the former co-trustees of the Plan.

10.     That the Company rescind and cancel the prior payments for the recent termination of the Employee Stock Ownership Plan of the Company ("ESOP") because the value of said shares cannot be fairly ascertained until the Federal Court Case has been concluded or resolved and other matters and claims resolved by the Company. The participants in the ESOP, like the other common shareholders, should receive the benefit of a fair valuation and/or distribution at the appropriate time.

11.     That Paul D. Durant be authorized to conduct such investigations and retain such services as he deems appropriate and/or necessary pertaining to any and all past transactions, loans, encumbrances, asset sales, share sales or transfers, share redemptions, salaries, payments, exchange offers and/or any other act or omission pertaining to the operations of AIA Services Corporation and AIA Insurance, Inc. and that the Company report said findings to the appropriate authorities and/or State Bar Associations and/or to take such other actions as Mr. Durant deems appropriate and in the best interest of the corporations.

2

Exhibit 41 - Page - 5

12.     That the common shares of R. John Taylor, Connie Taylor Henderson and the other persons and entities identified in Paragraph 8 be barred from voting on any matters relative to the appointment of themselves to the Board of Directors and any other matters in which their shares have a conflict of interest by way of their participation in the malfeasance and/or covering up of the malfeasance against the Company and its other shareholders.

13.     That R. John Taylor, Connie Taylor Henderson, JoLee Duclos, James Beck and Michael Cashman be required to disgorge all compensation, directors fees, indemnification payments or cost advances, benefits, salaries, bonuses, reimbursements, and shares obtained through or from the Company (until the Federal Court Case is resolved) based of them being faithless fiduciaries of the Company.

14.     All actions and demands that are demanded to be taken by Paul Durant are also hereby demanded to be taken by the Company and/or its authorized Board of Directors to the extent persons named in this Demand or others seek to thwart any action by Paul Durant.

15.     That the Company fully disclose all transactions, obligations, loans and footnotes in the recent financial statements provided to shareholders and fully disclose how R. John Taylor, Connie Taylor Henderson and other persons identified in this Demand acquired their respective ownership interests in the entities identified in the footnotes, how the Company's ownership interests were eliminated, transferred or otherwise extinguished and how the transactions, obligations, loans, and share transfers, redemptions and issuances were authorized by the Company, the Company's amended articles of incorporation and restated bylaws.

16.     By making this Demand, the undersigned shareholder(s) does not waive any legal rights or remedies and hereby maintains and asserts that the Company is being irreparably injured and reserves the right to take legal action, without a derivative demand, based upon such irreparable injury.

17.     This Demand may be executed by counterparts and by facsimile and/or pdf attachment, which together shall constitute an original. The undersigned shareholder(s) authorize Dale Miesen or Paul Durant to deliver this Demand to the Company at the time of the shareholder meeting scheduled for July 16, 2012 or anytime before or thereafter.

18.     All further communications to the undersigned shareholder(s) regarding this Demand should be directed to Roderick C. Bond, Roderick Bond Law Office, PLLC, 800 Bellevue Way NE, Suite 400, Bellevue, WA 98004 - Tel: (425) 591-6903 - Fax (425) 321-0343 – Email: rod@roderickbond.com.

Dated this /2 day of July, 2012.

_Kay Hanchett_
Kay Hanchett

3

Exhibit 41 - Page - 6

**SHAREHOLDER DEMAND**

The undersigned shareholder(s), as an owner(s) of record and/or beneficial holder(s) of over $450,000 in Series A Preferred Shares (plus accrued interest and attorneys' fees and costs) and 9,296.5 common shares in AIA Services Corporation, hereby makes the following Shareholder Demand upon AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc. (collectively "Company") and the Company's Boards of Directors (this Demand also constitutes a derivative demand and double derivative demand) (collectively "Demand"):

1.    That R. John Taylor, Connie Taylor Henderson, James Beck, Michael Cashman, JoLee Duclos and Aimee Gordon be barred from serving as directors or officers of the Company based upon the ongoing malfeasance, conflicts of interest, failure to act in good faith, breaches of fiduciary duties (including the duties of loyalty, care and good faith) and other acts and/or omissions committed under their direction, participation and/or acquiescence, including, without limitation, those acts and/or omissions identified in the First Amended Complaint in *Donna J. Taylor v. Hawley Troxell Ennis & Hawley, R. John Taylor, Michael Cashman, James Beck, et al.*, United States District Court for the District of Idaho, Civil No. 1:10-cv-00404-MLB (the "Federal Court Case"), which said First Amended Complaint is incorporated by reference herein, and that legal action be taken against them.

2.    That Paul D. Durant be appointed as a director of AIA Services Corporation as requested and duly authorized and appointed by the sole Series A Preferred Shareholder of the Company, Donna J. Taylor.

3.    That Paul D. Durant be appointed as the President of AIA Services Corporation and AIA Insurance, Inc., to be duly compensated, and to operate those entities in the best interests of the corporations and their shareholders (with an emphasis on recovering damages and sums from majority shareholder R. John Taylor and Connie Taylor Henderson and others for the benefit of the corporations and their innocent shareholders) and to retain and/or terminate such employee(s) and/or officer(s) as he deems appropriate to properly operate the corporations and pursue any claims set forth in the First Amended Complaint in the Federal Court Case and similar or other claims against named and unnamed parties. Mr. Durant should also be authorized to appoint other parties to the Board of Directors to serve until the next annual meeting as provided under the Restated Bylaws.

4.    That the Company (regardless of Mr. Durant's appointment as an officer or director of the Company), and Paul D. Durant if appointed as an director and/or officer, be authorized to pursue the claims and causes of action identified in the First Amended Complaint filed in the Federal court Case through the date of this Demand and for all related acts after the date of this Demand, including, without limitation, requesting and praying for punitive damages against the parties named in the Federal Court Case and any other responsible parties named in this Demand. A copy of said First Amended Complaint is incorporated by reference herein and is already in the possession of the Company and its purported officers and purported directors (a copy can also be obtained from PACER (the online filing system for the United States District Court for the District of Idaho)).

5.    That the Company refrain from pursuing a reverse stock split (which violates Articles 4.2.9(f), 4.3.3 and 11 of the Company's amended articles of incorporation and the Company's Restated Bylaws) or any other corporate action which is not in the best interests of the Company's preferred shareholders and minority shareholders or otherwise violates the Company's articles of incorporation, restated bylaws and/or Idaho law (including oppressive conduct and breaches of fiduciary duties). That any and all shares held by R. John Taylor and/or Connie Taylor Henderson be barred and disqualified from voting on the reverse stock split since that transaction is preferential to them and is being pursued without full disclosure.

Exhibit 41 - Page - 7

6.    That the Company demand repayment of, and refrain from paying or advancing, any sums or assets for the payment of all attorneys' fees, expert witness fees, costs and expenses paid, advanced or lent by the Company for JoLee Duclos, R. John Taylor, Connie Taylor Henderson, James Beck, Corrine Beck, Michael Cashman, Jane Doe Cashman, and CropUSA Insurance Agency, Inc.

7.    That Paul D. Durant be authorized to appoint persons to committee(s) of the Board of Directors of the Company, with each committee comprised of at least two (2) of the minority shareholders of the Company to be determined in Mr. Durant's sole discretion and at least one (1) outside and independent person (or more should Mr. Durant desire).  Said committee(s) should be used by Mr. Durant, in his discretion, to govern the Company and to maximize the value of the Company's shareholders and to wind up the affairs of the Company should no new viable businesses be obtained and the assets and funds used to pay creditors, preferred shareholders and distributed to common shareholders. Mr. Durant should be authorized to obtain approval for any acts from the Judge in the Federal Court Case or other court of competent jurisdiction to the extent required (including ultimately filing an action or taking action to dissolve the Company once all assets and funds have been identified and recovered or upon court or shareholder approval).

8.    That the Company rescind and/or revoke 818,659 of the common shares held by R. John Taylor and Connie Taylor Henderson as those shares were unlawfully issued by the Company when R. John Taylor violated his Executive Officer's Agreement with Company and they have acted as faithless fiduciaries of the Company (500,000 were granted as an option of the Executive Officers Agreement breached by R. John Taylor) and the other 318,659 shares obtained by R. John Taylor and/or Connie Taylor Henderson from Michael W. Cashman and Corrine M. Beck and/or James Beck were unlawfully issued to them and other former Series C Preferred Shareholders of the Company and are therefore not properly issued shares and those certificates and any subsequent certificates representing those common shares are illegal and void.  The foregoing shares, along with the common shares unlawfully issued to Distribution Services, Inc., Bruce E. Knutson, Charles B. Rapp, Daryl R. Verdoorn and any other commons shares unlawfully issued to the former Series C Preferred Shareholders were illegally issued and void.  The proper rescission and/or revocation of the foregoing shares increases the minority shareholder's ownership interest in the Company, instead of improperly diluting their ownership interest and increasing R. John Taylor and Connie Taylor Henderson's majority interest.

9.    That the Company, through Paul D. Durant, if the demand made to appoint him as Director and President of the Company is honored or through the Company and its duly authorized and non-conflicted Board of Directors if that demand is not honored, terminate JoLee Duclos as the trustee of the Company's 401(k) Plan ("Plan") and appoint a disinterested party as the trustee of the Plan and that said successor trustee be provided full disclosure of all transactions, loans, malfeasance, redemptions, transfers and all other acts and/or omissions of R. John Taylor and JoLee Duclos as the former co-trustees of the Plan and JoLee Duclos as former successor trustee and that said newly appointed successor trustee also vote the Series C Preferred Shares hold in the Plan to appoint a director to the Board of Directors of AIA Services to represent the interests of the Series C Preferred Shareholders in the Plan as required Article 4.3.2 of Company's Amended Articles of Incorporation. The undersigned, being a beneficial owner of tens of thousands of dollars in Series C Preferred Shares in the Company, demands that no common shares or fractional common shares be redeemed until all accrued dividends have been paid or the funds set aside as required by Article 4.3.3 of the Company's Amended Articles of Incorporation and further demands that if the value of those shares is less than the face value, plus accrued dividends, then no common shares may be redeemed under any circumstances. Further, no dividends may be paid or declared any common shares or the Series C Preferred Shares nor may any of those shares be redeemed until all of the Series A Preferred Shares have been redeemed since those payments are in arrears, as provided under Articles 4.2.9(f)-(g) & (i), 4.3.3, 4.3.4 and 4.4 of Company's Amended Articles of

2

Exhibit 41 - Page - 8

Incorporation. The undersigned shareholder is not consenting, acquiescing or authorizing any modification of rights or preferences as provided under Articles 4.2.12 of Company's Amended Articles of Incorporation. As a Series A Preferred Shareholders and Common Stock Shareholder, the undersigned has and will fairly represent all classes of shares and will endeavor to not resolve any claims unless and until a settlement, resolution or judgment is obtained for all classes of Preferred Shares and Common Shares, excluding certain other shareholders (i.e., R. John Taylor, Connie Taylor Henderson, James Beck, Michael Cashman, etc.) who have of participated in, assisted in covering up or otherwise aiding and abetted or committed torts against the Company and/or other preferred and common shareholders.

10.    That the Company rescind and cancel the prior payments for the recent termination of the Employee Stock Ownership Plan of the Company ("ESOP") because the value of said shares cannot be fairly ascertained until the Federal Court Case has been concluded or resolved and other matters and claims resolved by the Company. The participants in the ESOP, like the other common shareholders, should receive the benefit of a fair valuation and/or distribution at the appropriate time.

11.    That Paul D. Durant be authorized to conduct such investigations and retain such services as he deems appropriate and/or necessary pertaining to any and all past transactions, loans, encumbrances, asset sales, share sales or transfers, share redemptions, salaries, payments, exchange offers and/or any other act or omission pertaining to the operations of AIA Services Corporation and AIA Insurance, Inc. and that the Company report said findings to the appropriate authorities and/or State Bar Associations and/or to take such other actions as Mr. Durant deems appropriate and in the best interest of the corporations.

12.    That the common shares of R. John Taylor, Connie Taylor Henderson and the other persons and entities identified in Paragraph 8 be barred from voting on any matters relative to the appointment of themselves to the Board of Directors and any other matters in which their shares have a conflict of interest by way of their participation in the malfeasance and/or covering up of the malfeasance against the Company and its other shareholders.

13.    That R. John Taylor, Connie Taylor Henderson, JoLee Duclos, James Beck and Michael Cashman be required to disgorge all compensation, directors fees, indemnification payments or cost advances, benefits, salaries, bonuses, reimbursements, and shares obtained through or from the Company (until the Federal Court Case is resolved) based of them being faithless fiduciaries of the Company.

14.    All actions and demands that are demanded to be taken by Paul Durant are also hereby demanded to be taken by the Company and/or its authorized Board of Directors to the extent persons named in this Demand or others seek to thwart any action by Paul Durant.

15.    That the Company fully disclose all transactions, obligations, loans and footnotes in the recent financial statements provided to shareholders and fully disclose how R. John Taylor, Connie Taylor Henderson and other persons identified in this Demand acquired their respective ownership interests in the entities identified in the footnotes, how the Company's ownership interests were eliminated, transferred or otherwise extinguished and how the transactions, obligations, loans, and share transfers, redemptions and issuances were authorized by the Company, the Company's amended articles of incorporation and restated bylaws.

16.    By making this Demand, the undersigned shareholder(s) does not waive any legal rights or remedies and hereby maintains and asserts that the Company is being irreparably injured and reserves the right to take legal action, without a derivative demand, based upon such irreparable injury.

3

Exhibit 41 - Page - 9

17.     This Demand may be executed by counterparts and by facsimile and/or pdf attachment, which together shall constitute an original. In the event that the undersigned shareholder does not attend the Company's shareholder meeting, the undersigned shareholder authorize Dale Miesen or Paul Durant to deliver this Demand to the Company at the time of the shareholder meeting scheduled for July 16, 2012 or anytime before or thereafter. This Demand is made effective, however, upon receipt by Company.

18.     Nothing in this Demand should be construed as a waiver or limitation of any claims, causes of action, and/or relief requested presently asserted by the undersigned in the First Amended Complaint in the Federal Court Case.  This Demand is intended to supplement and assert demand for action to pursue claims, causes of action, and damages asserted in the First Amended Complaint and to include causes of action, claims and damages accrued since the undersigned's last demand. By making this Demand, Donna Taylor is also asserting additional claims and relief to add to her claims in the Federal Court Case and to include the presently pled claims and other claims through the present time and/or as set forth above.  Donna Taylor asserts that her presently pled claims have all been adequately covered by her prior derivative demand letters and this Demand is not a waiver of any claims presently pled in the Federal Court Case.

19.     Special Notice Regarding Series A Preferred Shareholder Agreement and Alignment of Interests.  This also serves as notice that the undersigned asserts that the Company is not properly stating the amount owed to her for her Series A Preferred Shares, as indicated in the Company's most recent accounting of the sums owed to her for her Series A Preferred Shares in the Company's purported financial statements (the Company, through its unauthorized present management, has still failed to provide full disclosure to the shareholders). The amount owed to the undersigned exceeds $500,000, excluding attorneys' fees and costs. Notwithstanding other legal arguments, the undersigned asserts that her Series A Preferred Shareholder Agreement is not governed by I.C. § 30-1-6 because her shares are only redeemed as payments are made, and, therefore, the Series A Preferred Shareholder Agreement is governed now by I.C. § 30-1-631 and I.C. § 30-1-640, i.e., the legality is determined based upon when payments are made. Thus, the notes to the Company's year-end 2011 financial statements (which were presumably recently drafted by or through R. John Taylor and are not drafted in accordance with GAP or the disclosures required under the law) are incorrect and any reliance on purported statements from the undersigned's attorneys is misplaced, mistaken and taken out of context, as there is no such agreement that the Series A Preferred Shareholder Agreement is presently illegal. Rather, R. John Taylor and Connie Taylor asserted it was illegal before the district court in Nez Perce County District Court. The undersigned is not waiving or modifying any rights or remedies under the Series A Preferred Shareholder Agreement nor is she waiving any of the present breaches and the attorneys' fees and costs she has incurred or will incur in the future, including, without limitation, the right to demand payment of sums owed to her under the Agreement and/or pursuant to Article 4.2.3 of Company's Amended Articles of Incorporation. The undersigned expressly reserves all rights under the Series A Preferred Shareholder Agreement and the law (including, whether she desires to have the Series A Shareholder Agreement rescinded to permit her to convert the presently owed sums into common shares to maximize her return based upon the damages and punitive damages which may be recovered in the Federal Court Case. All of the innocent minority shareholders who have also asserted demands contemporaneously with this Demand against the Company and others are aware that the undersigned's Series A Preferred Shares take priority over payments and assets, followed by the Series C Preferred Shares, followed lastly by the commons shares.  The undersigned, as a common shareholder and like other innocent common shareholders, has a vested interest in recovering sufficient funds to properly pay the Series A Preferred Shares and Series C Preferred Shares to maximize the recovery received for the innocent minority common shareholders (which include the common shares held by her). The undersigned is simply focusing on recovering all assets and damages for the benefit of all the Company's innocent preferred and common shareholders and will not accept any settlement that does not include the Company's innocent

4

Exhibit 41 - Page - 10

Series C Preferred Shareholders and the innocent common shareholders and defer the determination of the amount each shareholder will receive for a court or the recipients to agree.

20.    All further communications to the undersigned shareholder(s) regarding this Demand should be directed to Roderick C. Bond, Roderick Bond Law Office, PLLC, 800 Bellevue Way NE, Suite 400, Bellevue, WA 98004 - Tel: (425) 591-6903 - Fax (425) 321-0343 – Email: rod@roderickbond.com.

Dated this ⎯15⎯ day of July, 2012.


Donna J. Taylor

5

Exhibit 41 - Page - 11

## SHAREHOLDER DEMAND

The undersigned shareholder(s), as an owner(s) of record or beneficial holder(s) of preferred and/or common shares in AIA Services Corporation, hereby makes the following Shareholder Demand upon AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc. (collectively "Company") and the Company's Boards of Directors (this Demand also constitutes a derivative demand and double derivative demand) (collectively "Demand"):

1.    That R. John Taylor, Connie Taylor Henderson, James Beck, Michael Cashman, JoLee Duclos and Aimee Gordon be barred from serving as directors or officers of the Company based upon the ongoing malfeasance, conflicts of interest, failure to act in good faith, breaches of fiduciary duties (including the duties of loyalty, care and good faith) and other acts and/or omissions committed under their direction, participation and/or acquiescence, including, without limitation, those acts and/or omissions identified in the First Amended Complaint in *Donna J. Taylor v. Hawley Troxell Ennis & Hawley, R. John Taylor, Michael Cashman, James Beck, et al.*, United States District Court for the District of Idaho, Civil No. 1:10-cv-00404-MLB (the "Federal Court Case"), which said First Amended Complaint is incorporated by reference herein, and that legal action be taken against them.

2.    That Paul D. Durant be appointed as a director of AIA Services Corporation as requested and duly authorized and appointed by the sole Series A Preferred Shareholder of the Company, Donna J. Taylor.

3.    That Paul D. Durant be appointed as the President of AIA Services Corporation and AIA Insurance, Inc., to be duly compensated, and to operate those entities in the best interests of the corporations and their shareholders (with an emphasis on recovering damages and sums from majority shareholder R. John Taylor and Connie Taylor Henderson and others for the benefit of the corporations and their innocent shareholders) and to retain and/or terminate such employee(s) and/or officer(s) as he deems appropriate to properly operate the corporations and pursue any claims set forth in the First Amended Complaint in the Federal Court Case and similar or other claims against named and unnamed parties. Mr. Durant should also be authorized to appoint other parties to the Board of Directors to serve until the next annual meeting as provided under the Restated Bylaws.

4.    That the Company (regardless of Mr. Durant's appointment as an officer or director of the Company), and Paul D. Durant if appointed as an director and/or officer, be authorized to pursue the claims and causes of action identified in the First Amended Complaint filed in the Federal court Case through the date of this Demand and for all related acts after the date of this Demand, including, without limitation, requesting and praying for punitive damages against the parties named in the Federal Court Case and any other responsible parties named in this Demand. A copy of said First Amended Complaint is incorporated by reference herein and is already in the possession of the Company and its purported officers and purported directors (a copy can also be obtained from PACER (the online filing system for the United States District Court for the District of Idaho)).

5.    That the Company refrain from pursuing a reverse stock split (which violates Articles 4.2.9(f), 4.3.3 and 11 of the Company's amended articles of incorporation and the Company's Restated Bylaws) or any other corporate action which is not in the best interests of the Company's preferred shareholders and minority shareholders or otherwise violates the Company's articles of incorporation, restated bylaws and/or Idaho law (including oppressive conduct and breaches of fiduciary duties). That any and all shares held by R. John Taylor and/or Connie Taylor Henderson be barred and disqualified from voting on the reverse stock split since that transaction is preferential to them and is being pursued without full disclosure.

1

Exhibit 41 - Page - 12

6.　　　That the Company demand repayment of, and refrain from paying or advancing, any sums or assets for the payment of all attorneys' fees, expert witness fees, costs and expenses paid, advanced or lent by the Company for JoLee Duclos, R. John Taylor, Connie Taylor Henderson, James Beck, Corrine Beck, Michael Cashman, Jane Doe Cashman, and CropUSA Insurance Agency, Inc.

7.　　　That Paul D. Durant be authorized to appoint persons to committee(s) of the Board of Directors of the Company, with each committee comprised of at least two (2) of the minority shareholders of the Company to be determined in Mr. Durant's sole discretion and at least one (1) outside and independent person (or more should Mr. Durant desire).　Said committee(s) should be used by Mr. Durant, in his discretion, to govern the Company and to maximize the value of the Company's shareholders and to wind up the affairs of the Company should no new viable businesses be obtained and the assets and funds used to pay creditors, preferred shareholders and distributed to common shareholders. Mr. Durant should be authorized to obtain approval for any acts from the Judge in the Federal Court Case or other court of competent jurisdiction to the extent required (including ultimately filing an action or taking action to dissolve the Company once all assets and funds have been identified and recovered or upon court or shareholder approval).

8.　　　That the Company rescind and/or revoke 818,659 of the common shares held by R. John Taylor and Connie Taylor Henderson as those shares were unlawfully issued by the Company when R. John Taylor violated his Executive Officer's Agreement with Company and they have acted as faithless fiduciaries of the Company (500,000 were granted as an option of the Executive Officers Agreement breached by R. John Taylor) and the other 318,659 shares obtained by R. John Taylor and/or Connie Taylor Henderson from Michael W. Cashman, Corrine M. Beck, and/or others were unlawfully issued to them and other former Series C Preferred Shareholders of the Company and are therefore not properly issued shares and those certificates and any subsequent certificates representing those common shares are illegal and void.　The foregoing shares, along with the common shares unlawfully issued to Distribution Services, Inc., Bruce E. Knutson, Charles B. Rapp, Daryl R. Verdoorn and any other commons shares unlawfully issued to the former Series C Preferred Shareholders were illegally issued and void.　The proper rescission and/or revocation of the foregoing shares increases the minority shareholder's ownership interest in the Company, instead of improperly diluting their ownership interest and increasing R. John Taylor and Connie Taylor Henderson's majority interest.

9.　　　That the Company, through Paul D. Durant, if the demand made to appoint him as Director and President of the Company is honored or through the Company and its duly authorized and non-conflicted Board of Directors if that demand is not honored, terminate JoLee Duclos as the trustee of the Company's 401(k) Plan ("Plan") and appoint a disinterested party as the trustee of the Plan and that said successor trustee be provided full disclosure of all transactions, loans, malfeasance, redemptions, transfers and all other acts and/or omissions of R. John Taylor and JoLee Duclos as the former co-trustees of the Plan and JoLee Duclos as former successor trustee and that said newly appointed successor trustee also vote the Series C Preferred Shares hold in the Plan to appoint a director to the Board of Directors of AIA Services to represent the interests of the Series C Preferred Shareholders in the Plan as required Article 4.3.2 of Company's Amended Articles of Incorporation. The undersigned, being a beneficial owner of tens of thousands of dollars in Series C Preferred Shares in the Company, demands that no common shares or fractional common shares be redeemed until all accrued dividends have been paid or the funds set aside as required by Article 4.3.3 of the Company's Amended Articles of Incorporation and further demands that if the value of those shares is less than the face value, plus accrued dividends, then no common shares may be redeemed under any circumstances.

10.　　　That the Company rescind and cancel the prior payments for the recent termination of the Employee Stock Ownership Plan of the Company ("ESOP") because the value of said shares cannot be fairly ascertained until the Federal Court Case has been concluded or resolved and other matters and

2

Exhibit 41 - Page - 13

claims resolved by the Company. The participants in the ESOP, like the other common shareholders, should receive the benefit of a fair valuation and/or distribution at the appropriate time.

11.    That Paul D. Durant be authorized to conduct such investigations and retain such services as he deems appropriate and/or necessary pertaining to any and all past transactions, loans, encumbrances, asset sales, share sales or transfers, share redemptions, salaries, payments, exchange offers and/or any other act or omission pertaining to the operations of AIA Services Corporation and AIA Insurance, Inc. and that the Company report said findings to the appropriate authorities and/or State Bar Associations and/or to take such other actions as Mr. Durant deems appropriate and in the best interest of the corporations.

12.    That the common shares of R. John Taylor, Connie Taylor Henderson and the other persons and entities identified in Paragraph 8 be barred from voting on any matters relative to the appointment of themselves to the Board of Directors and any other matters in which their shares have a conflict of interest by way of their participation in the malfeasance and/or covering up of the malfeasance against the Company and its other shareholders.

13.    That R. John Taylor, Connie Taylor Henderson, JoLee Duclos, James Beck and Michael Cashman be required to disgorge all compensation, directors fees, indemnification payments or cost advances, benefits, salaries, bonuses, reimbursements, and shares obtained through or from the Company (until the Federal Court Case is resolved) based of them being faithless fiduciaries of the Company.

14.    All actions and demands that are demanded to be taken by Paul Durant are also hereby demanded to be taken by the Company and/or its authorized Board of Directors to the extent persons named in this Demand or others seek to thwart any action by Paul Durant.

15.    That the Company fully disclose all transactions, obligations, loans and footnotes in the recent financial statements provided to shareholders and fully disclose how R. John Taylor, Connie Taylor Henderson and other persons identified in this Demand acquired their respective ownership interests in the entities identified in the footnotes, how the Company's ownership interests were eliminated, transferred or otherwise extinguished and how the transactions, obligations, loans, and share transfers, redemptions and issuances were authorized by the Company, the Company's amended articles of incorporation and restated bylaws.

16.    By making this Demand, the undersigned shareholder(s) does not waive any legal rights or remedies and hereby maintains and asserts that the Company is being irreparably injured and reserves the right to take legal action, without a derivative demand, based upon such irreparable injury.

17.    This Demand may be executed by counterparts and by facsimile and/or pdf attachment, which together shall constitute an original. The undersigned shareholder(s) authorize Dale Miesen or Paul Durant to deliver this Demand to the Company at the time of the shareholder meeting scheduled for July 16, 2012 or anytime before or thereafter.

18.    All further communications to the undersigned shareholder(s) regarding this Demand should be directed to Roderick C. Bond, Roderick Bond Law Office, PLLC, 800 Bellevue Way NE, Suite 400, Bellevue, WA 98004 - Tel: (425) 591-6903 - Fax (425) 321-0343 – Email: rod@roderickbond.com.

Dated this _13_ day of July, 2012.

_Lee Ann Hostetler_ (signature)
Lee Ann Hostetler

3

Exhibit 41 - Page - 14

## SHAREHOLDER DEMAND

The undersigned shareholder(s), as an owner(s) of record or beneficial holder(s) of preferred and/or common shares in AIA Services Corporation, hereby makes the following Shareholder Demand upon AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc. (collectively "Company") and the Company's Boards of Directors (this Demand also constitutes a derivative demand and double derivative demand) (collectively "Demand"):

1.      That R. John Taylor, Connie Taylor Henderson, James Beck, Michael Cashman, JoLee Duclos and Aimee Gordon be barred from serving as directors or officers of the Company based upon the ongoing malfeasance, conflicts of interest, failure to act in good faith, breaches of fiduciary duties (including the duties of loyalty, care and good faith) and other acts and/or omissions committed under their direction, participation and/or acquiescence, including, without limitation, those acts and/or omissions identified in the First Amended Complaint in *Donna J. Taylor v. Hawley Troxell Ennis & Hawley, R. John Taylor, Michael Cashman, James Beck, et al.*, United States District Court for the District of Idaho, Civil No. 1:10-cv-00404-MLB (the "Federal Court Case"), which said First Amended Complaint is incorporated by reference herein, and that legal action be taken against them.

2.      That Paul D. Durant be appointed as a director of AIA Services Corporation as requested and duly authorized and appointed by the sole Series A Preferred Shareholder of the Company, Donna J. Taylor.

3.      That Paul D. Durant be appointed as the President of AIA Services Corporation and AIA Insurance, Inc., to be duly compensated, and to operate those entities in the best interests of the corporations and their shareholders (with an emphasis on recovering damages and sums from majority shareholder R. John Taylor and Connie Taylor Henderson and others for the benefit of the corporations and their innocent shareholders) and to retain and/or terminate such employee(s) and/or officer(s) as he deems appropriate to properly operate the corporations and pursue any claims set forth in the First Amended Complaint in the Federal Court Case and similar or other claims against named and unnamed parties. Mr. Durant should also be authorized to appoint other parties to the Board of Directors to serve until the next annual meeting as provided under the Restated Bylaws.

4.      That the Company (regardless of Mr. Durant's appointment as an officer or director of the Company), and Paul D. Durant if appointed as an director and/or officer, be authorized to pursue the claims and causes of action identified in the First Amended Complaint filed in the Federal court Case through the date of this Demand and for all related acts after the date of this Demand, including, without limitation, requesting and praying for punitive damages against the parties named in the Federal Court Case and any other responsible parties named in this Demand. A copy of said First Amended Complaint is incorporated by reference herein and is already in the possession of the Company and its purported officers and purported directors (a copy can also be obtained from PACER (the online filing system for the United States District Court for the District of Idaho)).

5.      That the Company refrain from pursuing a reverse stock split (which violates Articles 4.2.9(f), 4.3.3 and 11 of the Company's amended articles of incorporation and the Company's Restated Bylaws) or any other corporate action which is not in the best interests of the Company's preferred shareholders and minority shareholders or otherwise violates the Company's articles of incorporation, restated bylaws and/or Idaho law (including oppressive conduct and breaches of fiduciary duties). That any and all shares held by R. John Taylor and/or Connie Taylor Henderson be barred and disqualified from voting on the reverse stock split since that transaction is preferential to them and is being pursued without full disclosure.



1

Exhibit 41 - Page - 15

6.      That the Company demand repayment of, and refrain from paying or advancing, any sums or assets for the payment of all attorneys' fees, expert witness fees, costs and expenses paid, advanced or lent by the Company for JoLee Duclos, R. John Taylor, Connie Taylor Henderson, James Beck, Corrine Beck, Michael Cashman, Jane Doe Cashman, and CropUSA Insurance Agency, Inc.

7.      That Paul D. Durant be authorized to appoint persons to committee(s) of the Board of Directors of the Company, with each committee comprised of at least two (2) of the minority shareholders of the Company to be determined in Mr. Durant's sole discretion and at least one (1) outside and independent person (or more should Mr. Durant desire).  Said committee(s) should be used by Mr. Durant, in his discretion, to govern the Company and to maximize the value of the Company's shareholders and to wind up the affairs of the Company should no new viable businesses be obtained and the assets and funds used to pay creditors, preferred shareholders and distributed to common shareholders. Mr. Durant should be authorized to obtain approval for any acts from the Judge in the Federal Court Case or other court of competent jurisdiction to the extent required (including ultimately filing an action or taking action to dissolve the Company once all assets and funds have been identified and recovered or upon court or shareholder approval).

8.      That the Company rescind and/or revoke 818,659 of the common shares held by R. John Taylor and Connie Taylor Henderson as those shares were unlawfully issued by the Company when R. John Taylor violated his Executive Officer's Agreement with Company and they have acted as faithless fiduciaries of the Company (500,000 were granted as an option of the Executive Officers Agreement breached by R. John Taylor) and the other 318,659 shares obtained by R. John Taylor and/or Connie Taylor Henderson from Michael W. Cashman and Corrine M. Beck and/or James Beck were unlawfully issued to them and other former Series C Preferred Shareholders of the Company and are therefore not properly issued shares and those certificates and any subsequent certificates representing those common shares are illegal and void.  The foregoing shares, along with the common shares unlawfully issued to Distribution Services, Inc., Bruce E. Knutson, Charles B. Rapp, Daryl R. Verdoorn and any other commons shares unlawfully issued to the former Series C Preferred Shareholders were illegally issued and void.  The proper rescission and/or revocation of the foregoing shares increases the minority shareholder's ownership interest in the Company, instead of improperly diluting their ownership interest and increasing R. John Taylor and Connie Taylor Henderson's majority interest.

9.      That the Company terminate JoLee Duclos as the trustee of the Company's 401(k) Plan ("Plan") and appoint a disinterested party or person as the trustee of said Plan and that said person be provided full disclosure of all transactions, loans, malfeasance, redemptions, transfers and all other acts and/or omissions of R. John Taylor and JoLee Duclos as the former co-trustees of the Plan.

10.     That the Company rescind and cancel the prior payments for the recent termination of the Employee Stock Ownership Plan of the Company ("ESOP") because the value of said shares cannot be fairly ascertained until the Federal Court Case has been concluded or resolved and other matters and claims resolved by the Company. The participants in the ESOP, like the other common shareholders, should receive the benefit of a fair valuation and/or distribution at the appropriate time.

11.     That Paul D. Durant be authorized to conduct such investigations and retain such services as he deems appropriate and/or necessary pertaining to any and all past transactions, loans, encumbrances, asset sales, share sales or transfers, share redemptions, salaries, payments, exchange offers and/or any other act or omission pertaining to the operations of AIA Services Corporation and AIA Insurance, Inc. and that the Company report said findings to the appropriate authorities and/or State Bar Associations and/or to take such other actions as Mr. Durant deems appropriate and in the best interest of the corporations.



2

Exhibit 41 - Page - 16

12.    That the common shares of R. John Taylor, Connie Taylor Henderson and the other persons and entities identified in Paragraph 8 be barred from voting on any matters relative to the appointment of themselves to the Board of Directors and any other matters in which their shares have a conflict of interest by way of their participation in the malfeasance and/or covering up of the malfeasance against the Company and its other shareholders.

13.    That R. John Taylor, Connie Taylor Henderson, JoLee Duclos, James Beck and Michael Cashman be required to disgorge all compensation, directors fees, indemnification payments or cost advances, benefits, salaries, bonuses, reimbursements, and shares obtained through or from the Company (until the Federal Court Case is resolved) based of them being faithless fiduciaries of the Company.

14.    All actions and demands that are demanded to be taken by Paul Durant are also hereby demanded to be taken by the Company and/or its authorized Board of Directors to the extent persons named in this Demand or others seek to thwart any action by Paul Durant.

15.    That the Company fully disclose all transactions, obligations, loans and footnotes in the recent financial statements provided to shareholders and fully disclose how R. John Taylor, Connie Taylor Henderson and other persons identified in this Demand acquired their respective ownership interests in the entities identified in the footnotes, how the Company's ownership interests were eliminated, transferred or otherwise extinguished and how the transactions, obligations, loans, and share transfers, redemptions and issuances were authorized by the Company, the Company's amended articles of incorporation and restated bylaws.

16.    By making this Demand, the undersigned shareholder(s) does not waive any legal rights or remedies and hereby maintains and asserts that the Company is being irreparably injured and reserves the right to take legal action, without a derivative demand, based upon such irreparable injury.

17.    This Demand may be executed by counterparts and by facsimile and/or pdf attachment, which together shall constitute an original. The undersigned shareholder(s) authorize Dale Miesen or Paul Durant to deliver this Demand to the Company at the time of the shareholder meeting scheduled for July 16, 2012 or anytime before or thereafter.

18.    All further communications to the undersigned shareholder(s) regarding this Demand should be directed to Roderick C. Bond, Roderick Bond Law Office, PLLC, 800 Bellevue Way NE, Suite 400, Bellevue, WA 98004 - Tel: (425) 591-6903 - Fax (425) 321-0343 – Email: rod@roderickbond.com.

Dated this __/ /__ day of July, 2012.

Dale L. Miesen

3

Exhibit 41 - Page - 17

## SHAREHOLDER DEMAND

The undersigned shareholder(s), as an owner(s) of record or beneficial holder(s) of preferred and/or common shares in AIA Services Corporation, hereby makes the following Shareholder Demand upon AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc. (collectively "Company") and the Company's Boards of Directors (this Demand also constitutes a derivative demand and double derivative demand) (collectively "Demand"):

1.      That R. John Taylor, Connie Taylor Henderson, James Beck, Michael Cashman, JoLee Duclos and Aimee Gordon be barred from serving as directors or officers of the Company based upon the ongoing malfeasance, conflicts of interest, failure to act in good faith, breaches of fiduciary duties (including the duties of loyalty, care and good faith) and other acts and/or omissions committed under their direction, participation and/or acquiescence, including, without limitation, those acts and/or omissions identified in the First Amended Complaint in *Donna J. Taylor v. Hawley Troxell Ennis & Hawley, R. John Taylor, Michael Cashman, James Beck, et al.*, United States District Court for the District of Idaho, Civil No. 1:10-cv-00404-MLB (the "Federal Court Case"), which said First Amended Complaint is incorporated by reference herein, and that legal action be taken against them.

2.      That Paul D. Durant be appointed as a director of AIA Services Corporation as requested and duly authorized and appointed by the sole Series A Preferred Shareholder of the Company, Donna J. Taylor.

3.      That Paul D. Durant be appointed as the President of AIA Services Corporation and AIA Insurance, Inc., to be duly compensated, and to operate those entities in the best interests of the corporations and their shareholders (with an emphasis on recovering damages and sums from majority shareholder R. John Taylor and Connie Taylor Henderson and others for the benefit of the corporations and their innocent shareholders) and to retain and/or terminate such employee(s) and/or officer(s) as he deems appropriate to properly operate the corporations and pursue any claims set forth in the First Amended Complaint in the Federal Court Case and similar or other claims against named and unnamed parties.  Mr. Durant should also be authorized to appoint other parties to the Board of Directors to serve until the next annual meeting as provided under the Restated Bylaws.

4.      That the Company (regardless of Mr. Durant's appointment as an officer or director of the Company), and Paul D. Durant if appointed as an director and/or officer, be authorized to pursue the claims and causes of action identified in the First Amended Complaint filed in the Federal court Case through the date of this Demand and for all related acts after the date of this Demand, including, without limitation, requesting and praying for punitive damages against the parties named in the Federal Court Case and any other responsible parties named in this Demand.  A copy of said First Amended Complaint is incorporated by reference herein and is already in the possession of the Company and its purported officers and purported directors (a copy can also be obtained from PACER (the online filing system for the United States District Court for the District of Idaho)).

5.      That the Company refrain from pursuing a reverse stock split (which violates Articles 4.2.9(f), 4.3.3 and 11 of the Company's amended articles of incorporation and the Company's Restated Bylaws) or any other corporate action which is not in the best interests of the Company's preferred shareholders and minority shareholders or otherwise violates the Company's articles of incorporation, restated bylaws and/or Idaho law (including oppressive conduct and breaches of fiduciary duties). That any and all shares held by R. John Taylor and/or Connie Taylor Henderson be barred and disqualified from voting on the reverse stock split since that transaction is preferential to them and is being pursued without full disclosure.

1

Exhibit 41 - Page - 18

6.      That the Company demand repayment of, and refrain from paying or advancing, any sums or assets for the payment of all attorneys' fees, expert witness fees, costs and expenses paid, advanced or lent by the Company for JoLee Duclos, R. John Taylor, Connie Taylor Henderson, James Beck, Corrine Beck, Michael Cashman, Jane Doe Cashman, and CropUSA Insurance Agency, Inc.

7.      That Paul D. Durant be authorized to appoint persons to committee(s) of the Board of Directors of the Company, with each committee comprised of at least two (2) of the minority shareholders of the Company to be determined in Mr. Durant's sole discretion and at least one (1) outside and independent person (or more should Mr. Durant desire).  Said committee(s) should be used by Mr. Durant, in his discretion, to govern the Company and to maximize the value of the Company's shareholders and to wind up the affairs of the Company should no new viable businesses be obtained and the assets and funds used to pay creditors, preferred shareholders and distributed to common shareholders. Mr. Durant should be authorized to obtain approval for any acts from the Judge in the Federal Court Case or other court of competent jurisdiction to the extent required (including ultimately filing an action or taking action to dissolve the Company once all assets and funds have been identified and recovered or upon court or shareholder approval).

8.      That the Company rescind and/or revoke 818,659 of the common shares held by R. John Taylor and Connie Taylor Henderson as those shares were unlawfully issued by the Company when R. John Taylor violated his Executive Officer's Agreement with Company and they have acted as faithless fiduciaries of the Company (500,000 were granted as an option of the Executive Officers Agreement breached by R. John Taylor) and the other 318,659 shares obtained by R. John Taylor and/or Connie Taylor Henderson from Michael W. Cashman and Corrine M. Beck and/or James Beck were unlawfully issued to them and other former Series C Preferred Shareholders of the Company and are therefore not properly issued shares and those certificates and any subsequent certificates representing those common shares are illegal and void.  The foregoing shares, along with the common shares unlawfully issued to Distribution Services, Inc., Bruce E. Knutson, Charles B. Rapp, Daryl R. Verdoorn and any other commons shares unlawfully issued to the former Series C Preferred Shareholders were illegally issued and void.  The proper rescission and/or revocation of the foregoing shares increases the minority shareholder's ownership interest in the Company, instead of improperly diluting their ownership interest and increasing R. John Taylor and Connie Taylor Henderson's majority interest.

9.      That the Company terminate JoLee Duclos as the trustee of the Company's 401(k) Plan ("Plan") and appoint a disinterested party or person as the trustee of said Plan and that said person be provided full disclosure of all transactions, loans, malfeasance, redemptions, transfers and all other acts and/or omissions of R. John Taylor and JoLee Duclos as the former co-trustees of the Plan.

10.      That the Company rescind and cancel the prior payments for the recent termination of the Employee Stock Ownership Plan of the Company ("ESOP") because the value of said shares cannot be fairly ascertained until the Federal Court Case has been concluded or resolved and other matters and claims resolved by the Company. The participants in the ESOP, like the other common shareholders, should receive the benefit of a fair valuation and/or distribution at the appropriate time.

11.      That Paul D. Durant be authorized to conduct such investigations and retain such services as he deems appropriate and/or necessary pertaining to any and all past transactions, loans, encumbrances, asset sales, share sales or transfers, share redemptions, salaries, payments, exchange offers and/or any other act or omission pertaining to the operations of AIA Services Corporation and AIA Insurance, Inc. and that the Company report said findings to the appropriate authorities and/or State Bar Associations and/or to take such other actions as Mr. Durant deems appropriate and in the best interest of the corporations.

Exhibit 41 - Page - 19

12.     That the common shares of R. John Taylor, Connie Taylor Henderson and the other persons and entities identified in Paragraph 8 be barred from voting on any matters relative to the appointment of themselves to the Board of Directors and any other matters in which their shares have a conflict of interest by way of their participation in the malfeasance and/or covering up of the malfeasance against the Company and its other shareholders.

13.     That R. John Taylor, Connie Taylor Henderson, JoLee Duclos, James Beck and Michael Cashman be required to disgorge all compensation, directors fees, indemnification payments or cost advances, benefits, salaries, bonuses, reimbursements, and shares obtained through or from the Company (until the Federal Court Case is resolved) based of them being faithless fiduciaries of the Company.

14.     All actions and demands that are demanded to be taken by Paul Durant are also hereby demanded to be taken by the Company and/or its authorized Board of Directors to the extent persons named in this Demand or others seek to thwart any action by Paul Durant.

15.     That the Company fully disclose all transactions, obligations, loans and footnotes in the recent financial statements provided to shareholders and fully disclose how R. John Taylor, Connie Taylor Henderson and other persons identified in this Demand acquired their respective ownership interests in the entities identified in the footnotes, how the Company's ownership interests were eliminated, transferred or otherwise extinguished and how the transactions, obligations, loans, and share transfers, redemptions and issuances were authorized by the Company, the Company's amended articles of incorporation and restated bylaws.

16.     By making this Demand, the undersigned shareholder(s) does not waive any legal rights or remedies and hereby maintains and asserts that the Company is being irreparably injured and reserves the right to take legal action, without a derivative demand, based upon such irreparable injury.

17.     This Demand may be executed by counterparts and by facsimile and/or pdf attachment, which together shall constitute an original. The undersigned shareholder(s) authorize Dale Miesen or Paul Durant to deliver this Demand to the Company at the time of the shareholder meeting scheduled for July 16, 2012 or anytime before or thereafter.

18.     All further communications to the undersigned shareholder(s) regarding this Demand should be directed to Roderick C. Bond, Roderick Bond Law Office, PLLC, 800 Bellevue Way NE, Suite 400, Bellevue, WA 98004 - Tel: (425) 591-6903 - Fax (425) 321-0343 – Email: rod@roderickbond.com.

Dated this 17th day of July, 2012.

_____
Jennifer Miesen
Jennifer Miesen Living Trust

3

Exhibit 41 - Page - 20

## SHAREHOLDER DEMAND

The undersigned shareholder(s), as an owner(s) of record or beneficial holder(s) of preferred and/or common shares in AIA Services Corporation, hereby makes the following Shareholder Demand upon AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc. (collectively "Company") and the Company's Boards of Directors (this Demand also constitutes a derivative demand and double derivative demand) (collectively "Demand"):

1.      That R. John Taylor, Connie Taylor Henderson, James Beck, Michael Cashman, JoLee Duclos and Aimee Gordon be barred from serving as directors or officers of the Company based upon the ongoing malfeasance, conflicts of interest, failure to act in good faith, breaches of fiduciary duties (including the duties of loyalty, care and good faith) and other acts and/or omissions committed under their direction, participation and/or acquiescence, including, without limitation, those acts and/or omissions identified in the First Amended Complaint in *Donna J. Taylor v. Hawley Troxell Ennis & Hawley, R. John Taylor, Michael Cashman, James Beck, et al.*, United States District Court for the District of Idaho, Civil No. 1:10-cv-00404-MLB (the "Federal Court Case"), which said First Amended Complaint is incorporated by reference herein, and that legal action be taken against them.

2.      That Paul D. Durant be appointed as a director of AIA Services Corporation as requested and duly authorized and appointed by the sole Series A Preferred Shareholder of the Company, Donna J. Taylor.

3.      That Paul D. Durant be appointed as the President of AIA Services Corporation and AIA Insurance, Inc., to be duly compensated, and to operate those entities in the best interests of the corporations and their shareholders (with an emphasis on recovering damages and sums from majority shareholder R. John Taylor and Connie Taylor Henderson and others for the benefit of the corporations and their innocent shareholders) and to retain and/or terminate such employee(s) and/or officer(s) as he deems appropriate to properly operate the corporations and pursue any claims set forth in the First Amended Complaint in the Federal Court Case and similar or other claims against named and unnamed parties. Mr. Durant should also be authorized to appoint other parties to the Board of Directors to serve until the next annual meeting as provided under the Restated Bylaws.

4.      That the Company (regardless of Mr. Durant's appointment as an officer or director of the Company), and Paul D. Durant if appointed as an director and/or officer, be authorized to pursue the claims and causes of action identified in the First Amended Complaint filed in the Federal court Case through the date of this Demand and for all related acts after the date of this Demand, including, without limitation, requesting and praying for punitive damages against the parties named in the Federal Court Case and any other responsible parties named in this Demand. A copy of said First Amended Complaint is incorporated by reference herein and is already in the possession of the Company and its purported officers and purported directors (a copy can also be obtained from PACER (the online filing system for the United States District Court for the District of Idaho)).

5.      That the Company refrain from pursuing a reverse stock split (which violates Articles 4.2.9(f), 4.3.3 and 11 of the Company's amended articles of incorporation and the Company's Restated Bylaws) or any other corporate action which is not in the best interests of the Company's preferred shareholders and minority shareholders or otherwise violates the Company's articles of incorporation, restated bylaws and/or Idaho law (including oppressive conduct and breaches of fiduciary duties). That any and all shares held by R. John Taylor and/or Connie Taylor Henderson be barred and disqualified from voting on the reverse stock split since that transaction is preferential to them and is being pursued without full disclosure.

1

Exhibit 41 - Page - 21

6.      That the Company demand repayment of, and refrain from paying or advancing, any sums or assets for the payment of all attorneys' fees, expert witness fees, costs and expenses paid, advanced or lent by the Company for JoLee Duclos, R. John Taylor, Connie Taylor Henderson, James Beck, Corrine Beck, Michael Cashman, Jane Doe Cashman, and CropUSA Insurance Agency, Inc.

7.      That Paul D. Durant be authorized to appoint persons to committee(s) of the Board of Directors of the Company, with each committee comprised of at least two (2) of the minority shareholders of the Company to be determined in Mr. Durant's sole discretion and at least one (1) outside and independent person (or more should Mr. Durant desire). Said committee(s) should be used by Mr. Durant, in his discretion, to govern the Company and to maximize the value of the Company's shareholders and to wind up the affairs of the Company should no new viable businesses be obtained and the assets and funds used to pay creditors, preferred shareholders and distributed to common shareholders. Mr. Durant should be authorized to obtain approval for any acts from the Judge in the Federal Court Case or other court of competent jurisdiction to the extent required (including ultimately filing an action or taking action to dissolve the Company once all assets and funds have been identified and recovered or upon court or shareholder approval).

8.      That the Company rescind and/or revoke 818,659 of the common shares held by R. John Taylor and Connie Taylor Henderson as those shares were unlawfully issued by the Company when R. John Taylor violated his Executive Officer's Agreement with Company and they have acted as faithless fiduciaries of the Company (500,000 were granted as an option of the Executive Officers Agreement breached by R. John Taylor) and the other 318,659 shares obtained by R. John Taylor and/or Connie Taylor Henderson from Michael W. Cashman and Corrine M. Beck and/or James Beck were unlawfully issued to them and other former Series C Preferred Shareholders of the Company and are therefore not properly issued shares and those certificates and any subsequent certificates representing those common shares are illegal and void. The foregoing shares, along with the common shares unlawfully issued to Distribution Services, Inc., Bruce E. Knutson, Charles B. Rapp, Daryl R. Verdoorn and any other commons shares unlawfully issued to the former Series C Preferred Shareholders were illegally issued and void. The proper rescission and/or revocation of the foregoing shares increases the minority shareholder's ownership interest in the Company, instead of improperly diluting their ownership interest and increasing R. John Taylor and Connie Taylor Henderson's majority interest.

9.      That the Company terminate JoLee Duclos as the trustee of the Company's 401(k) Plan ("Plan") and appoint a disinterested party or person as the trustee of said Plan and that said person be provided full disclosure of all transactions, loans, malfeasance, redemptions, transfers and all other acts and/or omissions of R. John Taylor and JoLee Duclos as the former co-trustees of the Plan.

10.     That the Company rescind and cancel the prior payments for the recent termination of the Employee Stock Ownership Plan of the Company ("ESOP") because the value of said shares cannot be fairly ascertained until the Federal Court Case has been concluded or resolved and other matters and claims resolved by the Company. The participants in the ESOP, like the other common shareholders, should receive the benefit of a fair valuation and/or distribution at the appropriate time.

11.     That Paul D. Durant be authorized to conduct such investigations and retain such services as he deems appropriate and/or necessary pertaining to any and all past transactions, loans, encumbrances, asset sales, share sales or transfers, share redemptions, salaries, payments, exchange offers and/or any other act or omission pertaining to the operations of AIA Services Corporation and AIA Insurance, Inc. and that the Company report said findings to the appropriate authorities and/or State Bar Associations and/or to take such other actions as Mr. Durant deems appropriate and in the best interest of the corporations.

2

Exhibit 41 - Page - 22

12.    That the common shares of R. John Taylor, Connie Taylor Henderson and the other persons and entities identified in Paragraph 8 be barred from voting on any matters relative to the appointment of themselves to the Board of Directors and any other matters in which their shares have a conflict of interest by way of their participation in the malfeasance and/or covering up of the malfeasance against the Company and its other shareholders.

13.    That R. John Taylor, Connie Taylor Henderson, JoLee Duclos, James Beck and Michael Cashman be required to disgorge all compensation, directors fees, indemnification payments or cost advances, benefits, salaries, bonuses, reimbursements, and shares obtained through or from the Company (until the Federal Court Case is resolved) based of them being faithless fiduciaries of the Company.

14.    All actions and demands that are demanded to be taken by Paul Durant are also hereby demanded to be taken by the Company and/or its authorized Board of Directors to the extent persons named in this Demand or others seek to thwart any action by Paul Durant.

15.    That the Company fully disclose all transactions, obligations, loans and footnotes in the recent financial statements provided to shareholders and fully disclose how R. John Taylor, Connie Taylor Henderson and other persons identified in this Demand acquired their respective ownership interests in the entities identified in the footnotes, how the Company's ownership interests were eliminated, transferred or otherwise extinguished and how the transactions, obligations, loans, and share transfers, redemptions and issuances were authorized by the Company, the Company's amended articles of incorporation and restated bylaws.

16.    By making this Demand, the undersigned shareholder(s) does not waive any legal rights or remedies and hereby maintains and asserts that the Company is being irreparably injured and reserves the right to take legal action, without a derivative demand, based upon such irreparable injury.

17.    This Demand may be executed by counterparts and by facsimile and/or pdf attachment, which together shall constitute an original. The undersigned shareholder(s) authorize Dale Miesen or Paul Durant to deliver this Demand to the Company at the time of the shareholder meeting scheduled for July 16, 2012 or anytime before or thereafter.

18.    All further communications to the undersigned shareholder(s) regarding this Demand should be directed to Roderick C. Bond, Roderick Bond Law Office, PLLC, 800 Bellevue Way NE, Suite 400, Bellevue, WA 98004 - Tel: (425) 591-6903 - Fax (425) 321-0343 – Email: rod@roderickbond.com.

Dated this _/1_ day of July, 2012.

_____
Dale L. Miesen

_____
Jonathan Eckburg Brown Jr.

_____
Jonathan Ekberg *corrected

3

Exhibit 41 - Page - 23

## SHAREHOLDER DEMAND

The undersigned shareholder(s), as an owner(s) of record or beneficial holder(s) of preferred and/or common shares in AIA Services Corporation, hereby makes the following Shareholder Demand upon AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc. (collectively "Company") and the Company's Boards of Directors (this Demand also constitutes a derivative demand and double derivative demand) (collectively "Demand"):

1. That R. John Taylor, Connie Taylor Henderson, James Beck, Michael Cashman, JoLee Duclos and Aimee Gordon be barred from serving as directors or officers of the Company based upon the ongoing malfeasance, conflicts of interest, failure to act in good faith, breaches of fiduciary duties (including the duties of loyalty, care and good faith) and other acts and/or omissions committed under their direction, participation and/or acquiescence, including, without limitation, those acts and/or omissions identified in the First Amended Complaint in *Donna J. Taylor v. Hawley Troxell Ennis & Hawley, R. John Taylor, Michael Cashman, James Beck, et al.*, United States District Court for the District of Idaho, Civil No. 1:10-cv-00404-MLB (the "Federal Court Case"), which said First Amended Complaint is incorporated by reference herein, and that legal action be taken against them.

2. That Paul D. Durant be appointed as a director of AIA Services Corporation as requested and duly authorized and appointed by the sole Series A Preferred Shareholder of the Company, Donna J. Taylor.

3. That Paul D. Durant be appointed as the President of AIA Services Corporation and AIA Insurance, Inc., to be duly compensated, and to operate those entities in the best interests of the corporations and their shareholders (with an emphasis on recovering damages and sums from majority shareholder R. John Taylor and Connie Taylor Henderson and others for the benefit of the corporations and their innocent shareholders) and to retain and/or terminate such employee(s) and/or officer(s) as he deems appropriate to properly operate the corporations and pursue any claims set forth in the First Amended Complaint in the Federal Court Case and similar or other claims against named and unnamed parties. Mr. Durant should also be authorized to appoint other parties to the Board of Directors to serve until the next annual meeting as provided under the Restated Bylaws.

4. That the Company (regardless of Mr. Durant's appointment as an officer or director of the Company), and Paul D. Durant if appointed as an director and/or officer, be authorized to pursue the claims and causes of action identified in the First Amended Complaint filed in the Federal court Case through the date of this Demand and for all related acts after the date of this Demand, including, without limitation, requesting and praying for punitive damages against the parties named in the Federal Court Case and any other responsible parties named in this Demand. A copy of said First Amended Complaint is incorporated by reference herein and is already in the possession of the Company and its purported officers and purported directors (a copy can also be obtained from PACER (the online filing system for the United States District Court for the District of Idaho)).

5. That the Company refrain from pursuing a reverse stock split (which violates Articles 4.2.9(f), 4.3.3 and 11 of the Company's amended articles of incorporation and the Company's Restated Bylaws) or any other corporate action which is not in the best interests of the Company's preferred shareholders and minority shareholders or otherwise violates the Company's articles of incorporation, restated bylaws and/or Idaho law (including oppressive conduct and breaches of fiduciary duties). That any and all shares held by R. John Taylor and/or Connie Taylor Henderson be barred and disqualified from voting on the reverse stock split since that transaction is preferential to them and is being pursued without full disclosure.

1

Exhibit 41 - Page - 24

6.    That the Company demand repayment of, and refrain from paying or advancing, any sums or assets for the payment of all attorneys' fees, expert witness fees, costs and expenses paid, advanced or lent by the Company for JoLee Duclos, R. John Taylor, Connie Taylor Henderson, James Beck, Corrine Beck, Michael Cashman, Jane Doe Cashman, and CropUSA Insurance Agency, Inc.

7.    That Paul D. Durant be authorized to appoint persons to committee(s) of the Board of Directors of the Company, with each committee comprised of at least two (2) of the minority shareholders of the Company to be determined in Mr. Durant's sole discretion and at least one (1) outside and independent person (or more should Mr. Durant desire).    Said committee(s) should be used by Mr. Durant, in his discretion, to govern the Company and to maximize the value of the Company's shareholders and to wind up the affairs of the Company should no new viable businesses be obtained and the assets and funds used to pay creditors, preferred shareholders and distributed to common shareholders. Mr. Durant should be authorized to obtain approval for any acts from the Judge in the Federal Court Case or other court of competent jurisdiction to the extent required (including ultimately filing an action or taking action to dissolve the Company once all assets and funds have been identified and recovered or upon court or shareholder approval).

8.    That the Company rescind and/or revoke 818,659 of the common shares held by R. John Taylor and Connie Taylor Henderson as those shares were unlawfully issued by the Company when R. John Taylor violated his Executive Officer's Agreement with Company and they have acted as faithless fiduciaries of the Company (500,000 were granted as an option of the Executive Officers Agreement breached by R. John Taylor) and the other 318,659 shares obtained by R. John Taylor and/or Connie Taylor Henderson from Michael W. Cashman and Corrine M. Beck and/or James Beck were unlawfully issued to them and other former Series C Preferred Shareholders of the Company and are therefore not properly issued shares and those certificates and any subsequent certificates representing those common shares are illegal and void.  The foregoing shares, along with the common shares unlawfully issued to Distribution Services, Inc., Bruce E. Knutson, Charles B. Rapp, Daryl R. Verdoorn and any other commons shares unlawfully issued to the former Series C Preferred Shareholders were illegally issued and void.    The proper rescission and/or revocation of the foregoing shares increases the minority shareholder's ownership interest in the Company, instead of improperly diluting their ownership interest and increasing R. John Taylor and Connie Taylor Henderson's majority interest.

9.    That the Company terminate JoLee Duclos as the trustee of the Company's 401(k) Plan ("Plan") and appoint a disinterested party or person as the trustee of said Plan and that said person be provided full disclosure of all transactions, loans, malfeasance, redemptions, transfers and all other acts and/or omissions of R. John Taylor and JoLee Duclos as the former co-trustees of the Plan.

10.    That the Company rescind and cancel the prior payments for the recent termination of the Employee Stock Ownership Plan of the Company ("ESOP") because the value of said shares cannot be fairly ascertained until the Federal Court Case has been concluded or resolved and other matters and claims resolved by the Company. The participants in the ESOP, like the other common shareholders, should receive the benefit of a fair valuation and/or distribution at the appropriate time.

11.    That Paul D. Durant be authorized to conduct such investigations and retain such services as he deems appropriate and/or necessary pertaining to any and all past transactions, loans, encumbrances, asset sales, share sales or transfers, share redemptions, salaries, payments, exchange offers and/or any other act or omission pertaining to the operations of AIA Services Corporation and AIA Insurance, Inc. and that the Company report said findings to the appropriate authorities and/or State Bar Associations and/or to take such other actions as Mr. Durant deems appropriate and in the best interest of the corporations.

2

Exhibit 41 - Page - 25

12.     That the common shares of R. John Taylor, Connie Taylor Henderson and the other persons and entities identified in Paragraph 8 be barred from voting on any matters relative to the appointment of themselves to the Board of Directors and any other matters in which their shares have a conflict of interest by way of their participation in the malfeasance and/or covering up of the malfeasance against the Company and its other shareholders.

13.     That R. John Taylor, Connie Taylor Henderson, JoLee Duclos, James Beck and Michael Cashman be required to disgorge all compensation, directors fees, indemnification payments or cost advances, benefits, salaries, bonuses, reimbursements, and shares obtained through or from the Company (until the Federal Court Case is resolved) based of them being faithless fiduciaries of the Company.

14.     All actions and demands that are demanded to be taken by Paul Durant are also hereby demanded to be taken by the Company and/or its authorized Board of Directors to the extent persons named in this Demand or others seek to thwart any action by Paul Durant.

15.     That the Company fully disclose all transactions, obligations, loans and footnotes in the recent financial statements provided to shareholders and fully disclose how R. John Taylor, Connie Taylor Henderson and other persons identified in this Demand acquired their respective ownership interests in the entities identified in the footnotes, how the Company's ownership interests were eliminated, transferred or otherwise extinguished and how the transactions, obligations, loans, and share transfers, redemptions and issuances were authorized by the Company, the Company's amended articles of incorporation and restated bylaws.

16.     By making this Demand, the undersigned shareholder(s) does not waive any legal rights or remedies and hereby maintains and asserts that the Company is being irreparably injured and reserves the right to take legal action, without a derivative demand, based upon such irreparable injury.

17.     This Demand may be executed by counterparts and by facsimile and/or pdf attachment, which together shall constitute an original. The undersigned shareholder(s) authorize Dale Miesen or Paul Durant to deliver this Demand to the Company at the time of the shareholder meeting scheduled for July 16, 2012 or anytime before or thereafter.

18.     All further communications to the undersigned shareholder(s) regarding this Demand should be directed to Roderick C. Bond, Roderick Bond Law Office, PLLC, 800 Bellevue Way NE, Suite 400, Bellevue, WA 98004 - Tel: (425) 591-6903 - Fax (425) 321-0343 – Email: rod@roderickbond.com.

Dated this __11__ day of July, 2012.

_____
Jerry A. Legg

3

Exhibit 41 - Page - 26

## SHAREHOLDER DEMAND

The undersigned shareholder(s), as an owner(s) of record or beneficial holder(s) of preferred and/or common shares in AIA Services Corporation, hereby makes the following Shareholder Demand upon AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc. (collectively "Company") and the Company's Boards of Directors (this Demand also constitutes a derivative demand and double derivative demand) (collectively "Demand"):

1.      That R. John Taylor, Connie Taylor Henderson, James Beck, Michael Cashman, JoLee Duclos and Aimee Gordon be barred from serving as directors or officers of the Company based upon the ongoing malfeasance, conflicts of interest, failure to act in good faith, breaches of fiduciary duties (including the duties of loyalty, care and good faith) and other acts and/or omissions committed under their direction, participation and/or acquiescence, including, without limitation, those acts and/or omissions identified in the First Amended Complaint in *Donna J. Taylor v. Hawley Troxell Ennis & Hawley, R. John Taylor, Michael Cashman, James Beck, et al.*, United States District Court for the District of Idaho, Civil No. 1:10-cv-00404-MLB (the "Federal Court Case"), which said First Amended Complaint is incorporated by reference herein, and that legal action be taken against them.

2.      That Paul D. Durant be appointed as a director of AIA Services Corporation as requested and duly authorized and appointed by the sole Series A Preferred Shareholder of the Company, Donna J. Taylor.

3.      That Paul D. Durant be appointed as the President of AIA Services Corporation and AIA Insurance, Inc., to be duly compensated, and to operate those entities in the best interests of the corporations and their shareholders (with an emphasis on recovering damages and sums from majority shareholder R. John Taylor and Connie Taylor Henderson and others for the benefit of the corporations and their innocent shareholders) and to retain and/or terminate such employee(s) and/or officer(s) as he deems appropriate to properly operate the corporations and pursue any claims set forth in the First Amended Complaint in the Federal Court Case and similar or other claims against named and unnamed parties.  Mr. Durant should also be authorized to appoint other parties to the Board of Directors to serve until the next annual meeting as provided under the Restated Bylaws.

4.      That the Company (regardless of Mr. Durant's appointment as an officer or director of the Company), and Paul D. Durant if appointed as an director and/or officer, be authorized to pursue the claims and causes of action identified in the First Amended Complaint filed in the Federal court Case through the date of this Demand and for all related acts after the date of this Demand, including, without limitation, requesting and praying for punitive damages against the parties named in the Federal Court Case and any other responsible parties named in this Demand.  A copy of said First Amended Complaint is incorporated by reference herein and is already in the possession of the Company and its purported officers and purported directors (a copy can also be obtained from PACER (the online filing system for the United States District Court for the District of Idaho)).

5.      That the Company refrain from pursuing a reverse stock split (which violates Articles 4.2.9(f), 4.3.3 and 11 of the Company's amended articles of incorporation and the Company's Restated Bylaws) or any other corporate action which is not in the best interests of the Company's preferred shareholders and minority shareholders or otherwise violates the Company's articles of incorporation, restated bylaws and/or Idaho law (including oppressive conduct and breaches of fiduciary duties). That any and all shares held by R. John Taylor and/or Connie Taylor Henderson be barred and disqualified from voting on the reverse stock split since that transaction is preferential to them and is being pursued without full disclosure.

1

Exhibit 41 - Page - 27

6.      That the Company demand repayment of, and refrain from paying or advancing, any sums or assets for the payment of all attorneys' fees, expert witness fees, costs and expenses paid, advanced or lent by the Company for JoLee Duclos, R. John Taylor, Connie Taylor Henderson, James Beck, Corrine Beck, Michael Cashman, Jane Doe Cashman, and CropUSA Insurance Agency, Inc.

7.      That Paul D. Durant be authorized to appoint persons to committee(s) of the Board of Directors of the Company, with each committee comprised of at least two (2) of the minority shareholders of the Company to be determined in Mr. Durant's sole discretion and at least one (1) outside and independent person (or more should Mr. Durant desire).  Said committee(s) should be used by Mr. Durant, in his discretion, to govern the Company and to maximize the value of the Company's shareholders and to wind up the affairs of the Company should no new viable businesses be obtained and the assets and funds used to pay creditors, preferred shareholders and distributed to common shareholders. Mr. Durant should be authorized to obtain approval for any acts from the Judge in the Federal Court Case or other court of competent jurisdiction to the extent required (including ultimately filing an action or taking action to dissolve the Company once all assets and funds have been identified and recovered or upon court or shareholder approval).

8.      That the Company rescind and/or revoke 818,659 of the common shares held by R. John Taylor and Connie Taylor Henderson as those shares were unlawfully issued by the Company when R. John Taylor violated his Executive Officer's Agreement with Company and they have acted as faithless fiduciaries of the Company (500,000 were granted as an option of the Executive Officers Agreement breached by R. John Taylor) and the other 318,659 shares obtained by R. John Taylor and/or Connie Taylor Henderson from Michael W. Cashman and Corrine M. Beck and/or James Beck were unlawfully issued to them and other former Series C Preferred Shareholders of the Company and are therefore not properly issued shares and those certificates and any subsequent certificates representing those common shares are illegal and void.  The foregoing shares, along with the common shares unlawfully issued to Distribution Services, Inc., Bruce E. Knutson, Charles B. Rapp, Daryl R. Verdoorn and any other commons shares unlawfully issued to the former Series C Preferred Shareholders were illegally issued and void.  The proper rescission and/or revocation of the foregoing shares increases the minority shareholder's ownership interest in the Company, instead of improperly diluting their ownership interest and increasing R. John Taylor and Connie Taylor Henderson's majority interest.

9.      That the Company terminate JoLee Duclos as the trustee of the Company's 401(k) Plan ("Plan") and appoint a disinterested party or person as the trustee of said Plan and that said person be provided full disclosure of all transactions, loans, malfeasance, redemptions, transfers and all other acts and/or omissions of R. John Taylor and JoLee Duclos as the former co-trustees of the Plan.

10.      That the Company rescind and cancel the prior payments for the recent termination of the Employee Stock Ownership Plan of the Company ("ESOP") because the value of said shares cannot be fairly ascertained until the Federal Court Case has been concluded or resolved and other matters and claims resolved by the Company. The participants in the ESOP, like the other common shareholders, should receive the benefit of a fair valuation and/or distribution at the appropriate time.

11.      That Paul D. Durant be authorized to conduct such investigations and retain such services as he deems appropriate and/or necessary pertaining to any and all past transactions, loans, encumbrances, asset sales, share sales or transfers, share redemptions, salaries, payments, exchange offers and/or any other act or omission pertaining to the operations of AIA Services Corporation and AIA Insurance, Inc. and that the Company report said findings to the appropriate authorities and/or State Bar Associations and/or to take such other actions as Mr. Durant deems appropriate and in the best interest of the corporations.

2

Exhibit 41 - Page - 28

12.     That the common shares of R. John Taylor, Connie Taylor Henderson and the other persons and entities identified in Paragraph 8 be barred from voting on any matters relative to the appointment of themselves to the Board of Directors and any other matters in which their shares have a conflict of interest by way of their participation in the malfeasance and/or covering up of the malfeasance against the Company and its other shareholders.

13.     That R. John Taylor, Connie Taylor Henderson, JoLee Duclos, James Beck and Michael Cashman be required to disgorge all compensation, directors fees, indemnification payments or cost advances, benefits, salaries, bonuses, reimbursements, and shares obtained through or from the Company (until the Federal Court Case is resolved) based of them being faithless fiduciaries of the Company.

14.     All actions and demands that are demanded to be taken by Paul Durant are also hereby demanded to be taken by the Company and/or its authorized Board of Directors to the extent persons named in this Demand or others seek to thwart any action by Paul Durant.

15.     That the Company fully disclose all transactions, obligations, loans and footnotes in the recent financial statements provided to shareholders and fully disclose how R. John Taylor, Connie Taylor Henderson and other persons identified in this Demand acquired their respective ownership interests in the entities identified in the footnotes, how the Company's ownership interests were eliminated, transferred or otherwise extinguished and how the transactions, obligations, loans, and share transfers, redemptions and issuances were authorized by the Company, the Company's amended articles of incorporation and restated bylaws.

16.     By making this Demand, the undersigned shareholder(s) does not waive any legal rights or remedies and hereby maintains and asserts that the Company is being irreparably injured and reserves the right to take legal action, without a derivative demand, based upon such irreparable injury.

17.     This Demand may be executed by counterparts and by facsimile and/or pdf attachment, which together shall constitute an original. The undersigned shareholder(s) authorize Dale Miesen or Paul Durant to deliver this Demand to the Company at the time of the shareholder meeting scheduled for July 16, 2012 or anytime before or thereafter.

18.     All further communications to the undersigned shareholder(s) regarding this Demand should be directed to Roderick C. Bond, Roderick Bond Law Office, PLLC, 800 Bellevue Way NE, Suite 400, Bellevue, WA 98004 - Tel: (425) 591-6903 - Fax (425) 321-0343 – Email: rod@roderickbond.com.

Dated this 12 day of July, 2012.

_Heather Miesen_

Heather Miesen
Heather Miesen Living Trust

3

Exhibit 41 - Page - 29

## SHAREHOLDER DEMAND

The undersigned shareholder(s), as an owner(s) of record or beneficial holder(s) of preferred and/or common shares in AIA Services Corporation, hereby makes the following Shareholder Demand upon AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc. (collectively "Company") and the Company's Boards of Directors (this Demand also constitutes a derivative demand and double derivative demand) (collectively "Demand"):

1.     That R. John Taylor, Connie Taylor Henderson, James Beck, Michael Cashman, JoLee Duclos and Aimee Gordon be barred from serving as directors or officers of the Company based upon the ongoing malfeasance, conflicts of interest, failure to act in good faith, breaches of fiduciary duties (including the duties of loyalty, care and good faith) and other acts and/or omissions committed under their direction, participation and/or acquiescence, including, without limitation, those acts and/or omissions identified in the First Amended Complaint in *Donna J. Taylor v. Hawley Troxell Ennis & Hawley, R. John Taylor, Michael Cashman, James Beck, et al.*, United States District Court for the District of Idaho, Civil No. 1:10-cv-00404-MLB (the "Federal Court Case"), which said First Amended Complaint is incorporated by reference herein, and that legal action be taken against them.

2.     That Paul D. Durant be appointed as a director of AIA Services Corporation as requested and duly authorized and appointed by the sole Series A Preferred Shareholder of the Company, Donna J. Taylor.

3.     That Paul D. Durant be appointed as the President of AIA Services Corporation and AIA Insurance, Inc., to be duly compensated, and to operate those entities in the best interests of the corporations and their shareholders (with an emphasis on recovering damages and sums from majority shareholder R. John Taylor and Connie Taylor Henderson and others for the benefit of the corporations and their innocent shareholders) and to retain and/or terminate such employee(s) and/or officer(s) as he deems appropriate to properly operate the corporations and pursue any claims set forth in the First Amended Complaint in the Federal Court Case and similar or other claims against named and unnamed parties. Mr. Durant should also be authorized to appoint other parties to the Board of Directors to serve until the next annual meeting as provided under the Restated Bylaws.

4.     That the Company (regardless of Mr. Durant's appointment as an officer or director of the Company), and Paul D. Durant if appointed as an director and/or officer, be authorized to pursue the claims and causes of action identified in the First Amended Complaint filed in the Federal court Case through the date of this Demand and for all related acts after the date of this Demand, including, without limitation, requesting and praying for punitive damages against the parties named in the Federal Court Case and any other responsible parties named in this Demand. A copy of said First Amended Complaint is incorporated by reference herein and is already in the possession of the Company and its purported officers and purported directors (a copy can also be obtained from PACER (the online filing system for the United States District Court for the District of Idaho)).

5.     That the Company refrain from pursuing a reverse stock split (which violates Articles 4.2.9(f), 4.3.3 and 11 of the Company's amended articles of incorporation and the Company's Restated Bylaws) or any other corporate action which is not in the best interests of the Company's preferred shareholders and minority shareholders or otherwise violates the Company's articles of incorporation, restated bylaws and/or Idaho law (including oppressive conduct and breaches of fiduciary duties). That any and all shares held by R. John Taylor and/or Connie Taylor Henderson be barred and disqualified from voting on the reverse stock split since that transaction is preferential to them and is being pursued without full disclosure.

1

Exhibit 41 - Page - 30

6.      That the Company demand repayment of, and refrain from paying or advancing, any sums or assets for the payment of all attorneys' fees, expert witness fees, costs and expenses paid, advanced or lent by the Company for JoLee Duclos, R. John Taylor, Connie Taylor Henderson, James Beck, Corrine Beck, Michael Cashman, Jane Doe Cashman, and CropUSA Insurance Agency, Inc.

7.      That Paul D. Durant be authorized to appoint persons to committee(s) of the Board of Directors of the Company, with each committee comprised of at least two (2) of the minority shareholders of the Company to be determined in Mr. Durant's sole discretion and at least one (1) outside and independent person (or more should Mr. Durant desire).  Said committee(s) should be used by Mr. Durant, in his discretion, to govern the Company and to maximize the value of the Company's shareholders and to wind up the affairs of the Company should no new viable businesses be obtained and the assets and funds used to pay creditors, preferred shareholders and distributed to common shareholders. Mr. Durant should be authorized to obtain approval for any acts from the Judge in the Federal Court Case or other court of competent jurisdiction to the extent required (including ultimately filing an action or taking action to dissolve the Company once all assets and funds have been identified and recovered or upon court or shareholder approval).

8.      That the Company rescind and/or revoke 818,659 of the common shares held by R. John Taylor and Connie Taylor Henderson as those shares were unlawfully issued by the Company when R. John Taylor violated his Executive Officer's Agreement with Company and they have acted as faithless fiduciaries of the Company (500,000 were granted as an option of the Executive Officers Agreement breached by R. John Taylor) and the other 318,659 shares obtained by R. John Taylor and/or Connie Taylor Henderson from Michael W. Cashman and Corrine M. Beck and/or James Beck were unlawfully issued to them and other former Series C Preferred Shareholders of the Company and are therefore not properly issued shares and those certificates and any subsequent certificates representing those common shares are illegal and void.  The foregoing shares, along with the common shares unlawfully issued to Distribution Services, Inc., Bruce E. Knutson, Charles B. Rapp, Daryl R. Verdoorn and any other commons shares unlawfully issued to the former Series C Preferred Shareholders were illegally issued and void.  The proper rescission and/or revocation of the foregoing shares increases the minority shareholder's ownership interest in the Company, instead of improperly diluting their ownership interest and increasing R. John Taylor and Connie Taylor Henderson's majority interest.

9.      That the Company terminate JoLee Duclos as the trustee of the Company's 401(k) Plan ("Plan") and appoint a disinterested party or person as the trustee of said Plan and that said person be provided full disclosure of all transactions, loans, malfeasance, redemptions, transfers and all other acts and/or omissions of R. John Taylor and JoLee Duclos as the former co-trustees of the Plan.

10.     That the Company rescind and cancel the prior payments for the recent termination of the Employee Stock Ownership Plan of the Company ("ESOP") because the value of said shares cannot be fairly ascertained until the Federal Court Case has been concluded or resolved and other matters and claims resolved by the Company. The participants in the ESOP, like the other common shareholders, should receive the benefit of a fair valuation and/or distribution at the appropriate time.

11.     That Paul D. Durant be authorized to conduct such investigations and retain such services as he deems appropriate and/or necessary pertaining to any and all past transactions, loans, encumbrances, asset sales, share sales or transfers, share redemptions, salaries, payments, exchange offers and/or any other act or omission pertaining to the operations of AIA Services Corporation and AIA Insurance, Inc. and that the Company report said findings to the appropriate authorities and/or State Bar Associations and/or to take such other actions as Mr. Durant deems appropriate and in the best interest of the corporations.

2

Exhibit 41 - Page - 31

12.     That the common shares of R. John Taylor, Connie Taylor Henderson and the other persons and entities identified in Paragraph 8 be barred from voting on any matters relative to the appointment of themselves to the Board of Directors and any other matters in which their shares have a conflict of interest by way of their participation in the malfeasance and/or covering up of the malfeasance against the Company and its other shareholders.

13.     That R. John Taylor, Connie Taylor Henderson, JoLee Duclos, James Beck and Michael Cashman be required to disgorge all compensation, directors fees, indemnification payments or cost advances, benefits, salaries, bonuses, reimbursements, and shares obtained through or from the Company (until the Federal Court Case is resolved) based of them being faithless fiduciaries of the Company.

14.     All actions and demands that are demanded to be taken by Paul Durant are also hereby demanded to be taken by the Company and/or its authorized Board of Directors to the extent persons named in this Demand or others seek to thwart any action by Paul Durant.

15.     That the Company fully disclose all transactions, obligations, loans and footnotes in the recent financial statements provided to shareholders and fully disclose how R. John Taylor, Connie Taylor Henderson and other persons identified in this Demand acquired their respective ownership interests in the entities identified in the footnotes, how the Company's ownership interests were eliminated, transferred or otherwise extinguished and how the transactions, obligations, loans, and share transfers, redemptions and issuances were authorized by the Company, the Company's amended articles of incorporation and restated bylaws.

16.     By making this Demand, the undersigned shareholder(s) does not waive any legal rights or remedies and hereby maintains and asserts that the Company is being irreparably injured and reserves the right to take legal action, without a derivative demand, based upon such irreparable injury.

17.     This Demand may be executed by counterparts and by facsimile and/or pdf attachment, which together shall constitute an original. The undersigned shareholder(s) authorize Dale Miesen or Paul Durant to deliver this Demand to the Company at the time of the shareholder meeting scheduled for July 16, 2012 or anytime before or thereafter.

18.     All further communications to the undersigned shareholder(s) regarding this Demand should be directed to Roderick C. Bond, Roderick Bond Law Office, PLLC, 800 Bellevue Way NE, Suite 400, Bellevue, WA 98004 - Tel: (425) 591-6903 - Fax (425) 321-0343 – Email: rod@roderickbond.com.

Dated this __12__ day of July, 2012.

_Robert L. Miesen_

Robert L. Miesen
Robert L. Miesen Living Trust

3

Exhibit 41 - Page - 32

## SHAREHOLDER DEMAND

The undersigned shareholder(s), as an owner(s) of record or beneficial holder(s) of preferred and/or common shares in AIA Services Corporation, hereby makes the following Shareholder Demand upon AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc. (collectively "Company") and the Company's Boards of Directors (this Demand also constitutes a derivative demand and double derivative demand) (collectively "Demand"):

1.    That R. John Taylor, Connie Taylor Henderson, James Beck, Michael Cashman, JoLee Duclos and Aimee Gordon be barred from serving as directors or officers of the Company based upon the ongoing malfeasance, conflicts of interest, failure to act in good faith, breaches of fiduciary duties (including the duties of loyalty, care and good faith) and other acts and/or omissions committed under their direction, participation and/or acquiescence, including, without limitation, those acts and/or omissions identified in the First Amended Complaint in *Donna J. Taylor v. Hawley Troxell Ennis & Hawley, R. John Taylor, Michael Cashman, James Beck, et al.*, United States District Court for the District of Idaho, Civil No. 1:10-cv-00404-MLB (the "Federal Court Case"), which said First Amended Complaint is incorporated by reference herein, and that legal action be taken against them.

2.    That Paul D. Durant be appointed as a director of AIA Services Corporation as requested and duly authorized and appointed by the sole Series A Preferred Shareholder of the Company, Donna J. Taylor.

3.    That Paul D. Durant be appointed as the President of AIA Services Corporation and AIA Insurance, Inc., to be duly compensated, and to operate those entities in the best interests of the corporations and their shareholders (with an emphasis on recovering damages and sums from majority shareholder R. John Taylor and Connie Taylor Henderson and others for the benefit of the corporations and their innocent shareholders) and to retain and/or terminate such employee(s) and/or officer(s) as he deems appropriate to properly operate the corporations and pursue any claims set forth in the First Amended Complaint in the Federal Court Case and similar or other claims against named and unnamed parties. Mr. Durant should also be authorized to appoint other parties to the Board of Directors to serve until the next annual meeting as provided under the Restated Bylaws.

4.    That the Company (regardless of Mr. Durant's appointment as an officer or director of the Company), and Paul D. Durant if appointed as an director and/or officer, be authorized to pursue the claims and causes of action identified in the First Amended Complaint filed in the Federal court Case through the date of this Demand and for all related acts after the date of this Demand, including, without limitation, requesting and praying for punitive damages against the parties named in the Federal Court Case and any other responsible parties named in this Demand. A copy of said First Amended Complaint is incorporated by reference herein and is already in the possession of the Company and its purported officers and purported directors (a copy can also be obtained from PACER (the online filing system for the United States District Court for the District of Idaho)).

5.    That the Company refrain from pursuing a reverse stock split (which violates Articles 4.2.9(f), 4.3.3 and 11 of the Company's amended articles of incorporation and the Company's Restated Bylaws) or any other corporate action which is not in the best interests of the Company's preferred shareholders and minority shareholders or otherwise violates the Company's articles of incorporation, restated bylaws and/or Idaho law (including oppressive conduct and breaches of fiduciary duties). That any and all shares held by R. John Taylor and/or Connie Taylor Henderson be barred and disqualified from voting on the reverse stock split since that transaction is preferential to them and is being pursued without full disclosure.

Exhibit 41 - Page - 33

6.      That the Company demand repayment of, and refrain from paying or advancing, any sums or assets for the payment of all attorneys' fees, expert witness fees, costs and expenses paid, advanced or lent by the Company for JoLee Duclos, R. John Taylor, Connie Taylor Henderson, James Beck, Corrine Beck, Michael Cashman, Jane Doe Cashman, and CropUSA Insurance Agency, Inc.

7.      That Paul D. Durant be authorized to appoint persons to committee(s) of the Board of Directors of the Company, with each committee comprised of at least two (2) of the minority shareholders of the Company to be determined in Mr. Durant's sole discretion and at least one (1) outside and independent person (or more should Mr. Durant desire).   Said committee(s) should be used by Mr. Durant, in his discretion, to govern the Company and to maximize the value of the Company's shareholders and to wind up the affairs of the Company should no new viable businesses be obtained and the assets and funds used to pay creditors, preferred shareholders and distributed to common shareholders. Mr. Durant should be authorized to obtain approval for any acts from the Judge in the Federal Court Case or other court of competent jurisdiction to the extent required (including ultimately filing an action or taking action to dissolve the Company once all assets and funds have been identified and recovered or upon court or shareholder approval).

8.      That the Company rescind and/or revoke 818,659 of the common shares held by R. John Taylor and Connie Taylor Henderson as those shares were unlawfully issued by the Company when R. John Taylor violated his Executive Officer's Agreement with Company and they have acted as faithless fiduciaries of the Company (500,000 were granted as an option of the Executive Officers Agreement breached by R. John Taylor) and the other 318,659 shares obtained by R. John Taylor and/or Connie Taylor Henderson from Michael W. Cashman and Corrine M. Beck and/or James Beck were unlawfully issued to them and other former Series C Preferred Shareholders of the Company and are therefore not properly issued shares and those certificates and any subsequent certificates representing those common shares are illegal and void.  The foregoing shares, along with the common shares unlawfully issued to Distribution Services, Inc., Bruce E. Knutson, Charles B. Rapp, Daryl R. Verdoorn and any other commons shares unlawfully issued to the former Series C Preferred Shareholders were illegally issued and void.  The proper rescission and/or revocation of the foregoing shares increases the minority shareholder's ownership interest in the Company, instead of improperly diluting their ownership interest and increasing R. John Taylor and Connie Taylor Henderson's majority interest.

9.      That the Company terminate JoLee Duclos as the trustee of the Company's 401(k) Plan ("Plan") and appoint a disinterested party or person as the trustee of said Plan and that said person be provided full disclosure of all transactions, loans, malfeasance, redemptions, transfers and all other acts and/or omissions of R. John Taylor and JoLee Duclos as the former co-trustees of the Plan.

10.     That the Company rescind and cancel the prior payments for the recent termination of the Employee Stock Ownership Plan of the Company ("ESOP") because the value of said shares cannot be fairly ascertained until the Federal Court Case has been concluded or resolved and other matters and claims resolved by the Company. The participants in the ESOP, like the other common shareholders, should receive the benefit of a fair valuation and/or distribution at the appropriate time.

11.     That Paul D. Durant be authorized to conduct such investigations and retain such services as he deems appropriate and/or necessary pertaining to any and all past transactions, loans, encumbrances, asset sales, share sales or transfers, share redemptions, salaries, payments, exchange offers and/or any other act or omission pertaining to the operations of AIA Services Corporation and AIA Insurance, Inc. and that the Company report said findings to the appropriate authorities and/or State Bar Associations and/or to take such other actions as Mr. Durant deems appropriate and in the best interest of the corporations.

2

Exhibit 41 - Page - 34

12.    That the common shares of R. John Taylor, Connie Taylor Henderson and the other persons and entities identified in Paragraph 8 be barred from voting on any matters relative to the appointment of themselves to the Board of Directors and any other matters in which their shares have a conflict of interest by way of their participation in the malfeasance and/or covering up of the malfeasance against the Company and its other shareholders.

13.    That R. John Taylor, Connie Taylor Henderson, JoLee Duclos, James Beck and Michael Cashman be required to disgorge all compensation, directors fees, indemnification payments or cost advances, benefits, salaries, bonuses, reimbursements, and shares obtained through or from the Company (until the Federal Court Case is resolved) based of them being faithless fiduciaries of the Company.

14.    All actions and demands that are demanded to be taken by Paul Durant are also hereby demanded to be taken by the Company and/or its authorized Board of Directors to the extent persons named in this Demand or others seek to thwart any action by Paul Durant.

15.    That the Company fully disclose all transactions, obligations, loans and footnotes in the recent financial statements provided to shareholders and fully disclose how R. John Taylor, Connie Taylor Henderson and other persons identified in this Demand acquired their respective ownership interests in the entities identified in the footnotes, how the Company's ownership interests were eliminated, transferred or otherwise extinguished and how the transactions, obligations, loans, and share transfers, redemptions and issuances were authorized by the Company, the Company's amended articles of incorporation and restated bylaws.

16.    By making this Demand, the undersigned shareholder(s) does not waive any legal rights or remedies and hereby maintains and asserts that the Company is being irreparably injured and reserves the right to take legal action, without a derivative demand, based upon such irreparable injury.

17.    This Demand may be executed by counterparts and by facsimile and/or pdf attachment, which together shall constitute an original. The undersigned shareholder(s) authorize Dale Miesen or Paul Durant to deliver this Demand to the Company at the time of the shareholder meeting scheduled for July 16, 2012 or anytime before or thereafter.

18.    All further communications to the undersigned shareholder(s) regarding this Demand should be directed to Roderick C. Bond, Roderick Bond Law Office, PLLC, 800 Bellevue Way NE, Suite 400, Bellevue, WA 98004 - Tel: (425) 591-6903 - Fax (425) 321-0343 – Email: rod@roderickbond.com.

Dated this _11th_ day of July, 2012.

Bobette N. Ruddell

3

Exhibit 41 - Page - 35

## SHAREHOLDER DEMAND

The undersigned shareholder(s), as an owner(s) of record and/or beneficial holder(s) of over $300,000 in Series C Preferred Shares (plus accrues dividends) and 9,296.5 common shares in AIA Services Corporation, hereby makes the following Shareholder Demand upon AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc. (collectively "Company") and the Company's Boards of Directors (this Demand also constitutes a derivative demand and double derivative demand) (collectively "Demand"):

1.     That R. John Taylor, Connie Taylor Henderson, James Beck, Michael Cashman, JoLee Duclos and Aimee Gordon be barred from serving as directors or officers of the Company based upon the ongoing malfeasance, conflicts of interest, failure to act in good faith, breaches of fiduciary duties (including the duties of loyalty, care and good faith) and other acts and/or omissions committed under their direction, participation and/or acquiescence, including, without limitation, those acts and/or omissions identified in the First Amended Complaint in *Donna J. Taylor v. Hawley Troxell Ennis & Hawley, R. John Taylor, Michael Cashman, James Beck, et al.*, United States District Court for the District of Idaho, Civil No. 1:10-cv-00404-MLB (the "Federal Court Case"), which said First Amended Complaint is incorporated by reference herein, and that legal action be taken against them.

2.     That Paul D. Durant be appointed as a director of AIA Services Corporation as requested and duly authorized and appointed by the sole Series A Preferred Shareholder of the Company, Donna J. Taylor.

3.     That Paul D. Durant be appointed as the President of AIA Services Corporation and AIA Insurance, Inc., to be duly compensated, and to operate those entities in the best interests of the corporations and their shareholders (with an emphasis on recovering damages and sums from majority shareholder R. John Taylor and Connie Taylor Henderson and others for the benefit of the corporations and their innocent shareholders) and to retain and/or terminate such employee(s) and/or officer(s) as he deems appropriate to properly operate the corporations and pursue any claims set forth in the First Amended Complaint in the Federal Court Case and similar or other claims against named and unnamed parties.  Mr. Durant should also be authorized to appoint other parties to the Board of Directors to serve until the next annual meeting as provided under the Restated Bylaws.

4.     That the Company (regardless of Mr. Durant's appointment as an officer or director of the Company), and Paul D. Durant if appointed as an director and/or officer, be authorized to pursue the claims and causes of action identified in the First Amended Complaint filed in the Federal court Case through the date of this Demand and for all related acts after the date of this Demand, including, without limitation, requesting and praying for punitive damages against the parties named in the Federal Court Case and any other responsible parties named in this Demand.  A copy of said First Amended Complaint is incorporated by reference herein and is already in the possession of the Company and its purported officers and purported directors (a copy can also be obtained from PACER (the online filing system for the United States District Court for the District of Idaho)).

5.     That the Company refrain from pursuing a reverse stock split (which violates Articles 4.2.9(f), 4.3.3 and 11 of the Company's amended articles of incorporation and the Company's Restated Bylaws) or any other corporate action which is not in the best interests of the Company's preferred shareholders and minority shareholders or otherwise violates the Company's articles of incorporation, restated bylaws and/or Idaho law (including oppressive conduct and breaches of fiduciary duties). That any and all shares held by R. John Taylor and/or Connie Taylor Henderson be barred and disqualified from voting on the reverse stock split since that transaction is preferential to them and is being pursued without full disclosure.

1

Exhibit 41 - Page - 36

6.      That the Company demand repayment of, and refrain from paying or advancing, any sums or assets for the payment of all attorneys' fees, expert witness fees, costs and expenses paid, advanced or lent by the Company for JoLee Duclos, R. John Taylor, Connie Taylor Henderson, James Beck, Corrine Beck, Michael Cashman, Jane Doe Cashman, and CropUSA Insurance Agency, Inc.

7.      That Paul D. Durant be authorized to appoint persons to committee(s) of the Board of Directors of the Company, with each committee comprised of at least two (2) of the minority shareholders of the Company to be determined in Mr. Durant's sole discretion and at least one (1) outside and independent person (or more should Mr. Durant desire).   Said committee(s) should be used by Mr. Durant, in his discretion, to govern the Company and to maximize the value of the Company's shareholders and to wind up the affairs of the Company should no new viable businesses be obtained and the assets and funds used to pay creditors, preferred shareholders and distributed to common shareholders. Mr. Durant should be authorized to obtain approval for any acts from the Judge in the Federal Court Case or other court of competent jurisdiction to the extent required (including ultimately filing an action or taking action to dissolve the Company once all assets and funds have been identified and recovered or upon court or shareholder approval).

8.      That the Company rescind and/or revoke 818,659 of the common shares held by R. John Taylor and Connie Taylor Henderson as those shares were unlawfully issued by the Company when R. John Taylor violated his Executive Officer's Agreement with Company and they have acted as faithless fiduciaries of the Company (500,000 were granted as an option of the Executive Officers Agreement breached by R. John Taylor) and the other 318,659 shares obtained by R. John Taylor and/or Connie Taylor Henderson from Michael W. Cashman, Corrine M. Beck, and/or others were unlawfully issued to them and other former Series C Preferred Shareholders of the Company and are therefore not properly issued shares and those certificates and any subsequent certificates representing those common shares are illegal and void.  The foregoing shares, along with the common shares unlawfully issued to Distribution Services, Inc., Bruce E. Knutson, Charles B. Rapp, Daryl R. Verdoorn and any other commons shares unlawfully issued to the former Series C Preferred Shareholders were illegally issued and void.  The proper rescission and/or revocation of the foregoing shares increases the minority shareholder's ownership interest in the Company, instead of improperly diluting their ownership interest and increasing R. John Taylor and Connie Taylor Henderson's majority interest.

9.      That the Company, through Paul D. Durant, if the demand made to appoint him as Director and President of the Company is honored or through the Company and its duly authorized and non-conflicted Board of Directors if that demand is not honored, terminate JoLee Duclos as the trustee of the Company's 401(k) Plan ("Plan") and appoint a disinterested party as the trustee of the Plan and that said successor trustee be provided full disclosure of all transactions, loans, malfeasance, redemptions, transfers and all other acts and/or omissions of R. John Taylor and JoLee Duclos as the former co-trustees of the Plan and JoLee Duclos as former successor trustee and that said newly appointed successor trustee also vote the Series C Preferred Shares hold in the Plan to appoint a director to the Board of Directors of AIA Services to represent the interests of the Series C Preferred Shareholders in the Plan as required Article 4.3.2 of Company's Amended Articles of Incorporation. The undersigned, being a beneficial owner of over $300,000 in Series C Preferred Shares in the Company, demands that no common shares or fractional common shares be redeemed until all accrued dividends have been paid or the funds set aside as required by Article 4.3.3 of the Company's Amended Articles of Incorporation and further demands that if the value of those shares is less than the face value, plus accrued dividends, then no common shares may be redeemed under any circumstances.

10.      That the Company rescind and cancel the prior payments for the recent termination of the Employee Stock Ownership Plan of the Company ("ESOP") because the value of said shares cannot be fairly ascertained until the Federal Court Case has been concluded or resolved and other matters and claims resolved by the Company. The participants in the ESOP, like the other common shareholders, should receive the benefit of a fair valuation and/or distribution at the appropriate time.

2

Exhibit 41 - Page - 37

11.    That Paul D. Durant be authorized to conduct such investigations and retain such services as he deems appropriate and/or necessary pertaining to any and all past transactions, loans, encumbrances, asset sales, share sales or transfers, share redemptions, salaries, payments, exchange offers and/or any other act or omission pertaining to the operations of AIA Services Corporation and AIA Insurance, Inc. and that the Company report said findings to the appropriate authorities and/or State Bar Associations and/or to take such other actions as Mr. Durant deems appropriate and in the best interest of the corporations.

12.    That the common shares of R. John Taylor, Connie Taylor Henderson and the other persons and entities identified in Paragraph 8 be barred from voting on any matters relative to the appointment of themselves to the Board of Directors and any other matters in which their shares have a conflict of interest by way of their participation in the malfeasance and/or covering up of the malfeasance against the Company and its other shareholders.

13.    That R. John Taylor, Connie Taylor Henderson, JoLee Duclos, James Beck and Michael Cashman be required to disgorge all compensation, directors fees, indemnification payments or cost advances, benefits, salaries, bonuses, reimbursements, and shares obtained through or from the Company (until the Federal Court Case is resolved) based of them being faithless fiduciaries of the Company.

14.    All actions and demands that are demanded to be taken by Paul Durant are also hereby demanded to be taken by the Company and/or its authorized Board of Directors to the extent persons named in this Demand or others seek to thwart any action by Paul Durant.

15.    That the Company fully disclose all transactions, obligations, loans and footnotes in the recent financial statements provided to shareholders and fully disclose how R. John Taylor, Connie Taylor Henderson and other persons identified in this Demand acquired their respective ownership interests in the entities identified in the footnotes, how the Company's ownership interests were eliminated, transferred or otherwise extinguished and how the transactions, obligations, loans, and share transfers, redemptions and issuances were authorized by the Company, the Company's amended articles of incorporation and restated bylaws.

16.    By making this Demand, the undersigned shareholder(s) does not waive any legal rights or remedies and hereby maintains and asserts that the Company is being irreparably injured and reserves the right to take legal action, without a derivative demand, based upon such irreparable injury.

17.    This Demand may be executed by counterparts and by facsimile and/or pdf attachment, which together shall constitute an original. The undersigned shareholder(s) authorize Dale Miesen or Paul Durant to deliver this Demand to the Company at the time of the shareholder meeting scheduled for July 16, 2012 or anytime before or thereafter.

18.    All further communications to the undersigned shareholder(s) regarding this Demand should be directed to Roderick C. Bond, Roderick Bond Law Office, PLLC, 800 Bellevue Way NE, Suite 400, Bellevue, WA 98004 - Tel: (425) 591-6903 - Fax (425) 321-0343 – Email: rod@roderickbond.com.

Dated this _15_ day of July, 2012.

_Reed J. Taylor_
Reed J. Taylor

3

Exhibit 41 - Page - 38

## SHAREHOLDER DEMAND

The undersigned shareholder(s), as an owner(s) of record or beneficial holder(s) of preferred and/or common shares in AIA Services Corporation, hereby makes the following Shareholder Demand upon AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc. (collectively "Company") and the Company's Boards of Directors (this Demand also constitutes a derivative demand and double derivative demand) (collectively "Demand"):

1.      That R. John Taylor, Connie Taylor Henderson, James Beck, Michael Cashman, JoLee Duclos and Aimee Gordon be barred from serving as directors or officers of the Company based upon the ongoing malfeasance, conflicts of interest, failure to act in good faith, breaches of fiduciary duties (including the duties of loyalty, care and good faith) and other acts and/or omissions committed under their direction, participation and/or acquiescence, including, without limitation, those acts and/or omissions identified in the First Amended Complaint in *Donna J. Taylor v. Hawley Troxell Ennis & Hawley, R. John Taylor, Michael Cashman, James Beck, et al.*, United States District Court for the District of Idaho, Civil No. 1:10-cv-00404-MLB (the "Federal Court Case"), which said First Amended Complaint is incorporated by reference herein, and that legal action be taken against them.

2.      That Paul D. Durant be appointed as a director of AIA Services Corporation as requested and duly authorized and appointed by the sole Series A Preferred Shareholder of the Company, Donna J. Taylor.

3.      That Paul D. Durant be appointed as the President of AIA Services Corporation and AIA Insurance, Inc., to be duly compensated, and to operate those entities in the best interests of the corporations and their shareholders (with an emphasis on recovering damages and sums from majority shareholder R. John Taylor and Connie Taylor Henderson and others for the benefit of the corporations and their innocent shareholders) and to retain and/or terminate such employee(s) and/or officer(s) as he deems appropriate to properly operate the corporations and pursue any claims set forth in the First Amended Complaint in the Federal Court Case and similar or other claims against named and unnamed parties. Mr. Durant should also be authorized to appoint other parties to the Board of Directors to serve until the next annual meeting as provided under the Restated Bylaws.

4.      That the Company (regardless of Mr. Durant's appointment as an officer or director of the Company), and Paul D. Durant if appointed as an director and/or officer, be authorized to pursue the claims and causes of action identified in the First Amended Complaint filed in the Federal court Case through the date of this Demand and for all related acts after the date of this Demand, including, without limitation, requesting and praying for punitive damages against the parties named in the Federal Court Case and any other responsible parties named in this Demand. A copy of said First Amended Complaint is incorporated by reference herein and is already in the possession of the Company and its purported officers and purported directors (a copy can also be obtained from PACER (the online filing system for the United States District Court for the District of Idaho)).

5.      That the Company refrain from pursuing a reverse stock split (which violates Articles 4.2.9(f), 4.3.3 and 11 of the Company's amended articles of incorporation and the Company's Restated Bylaws) or any other corporate action which is not in the best interests of the Company's preferred shareholders and minority shareholders or otherwise violates the Company's articles of incorporation, restated bylaws and/or Idaho law (including oppressive conduct and breaches of fiduciary duties). That any and all shares held by R. John Taylor and/or Connie Taylor Henderson be barred and disqualified from voting on the reverse stock split since that transaction is preferential to them and is being pursued without full disclosure.

1

Exhibit 41 - Page - 39

6. That the Company demand repayment of, and refrain from paying or advancing, any sums or assets for the payment of all attorneys' fees, expert witness fees, costs and expenses paid, advanced or lent by the Company for JoLee Duclos, R. John Taylor, Connie Taylor Henderson, James Beck, Corrine Beck, Michael Cashman, Jane Doe Cashman, and CropUSA Insurance Agency, Inc.

7. That Paul D. Durant be authorized to appoint persons to committee(s) of the Board of Directors of the Company, with each committee comprised of at least two (2) of the minority shareholders of the Company to be determined in Mr. Durant's sole discretion and at least one (1) outside and independent person (or more should Mr. Durant desire). Said committee(s) should be used by Mr. Durant, in his discretion, to govern the Company and to maximize the value of the Company's shareholders and to wind up the affairs of the Company should no new viable businesses be obtained and the assets and funds used to pay creditors, preferred shareholders and distributed to common shareholders. Mr. Durant should be authorized to obtain approval for any acts from the Judge in the Federal Court Case or other court of competent jurisdiction to the extent required (including ultimately filing an action or taking action to dissolve the Company once all assets and funds have been identified and recovered or upon court or shareholder approval).

8. That the Company rescind and/or revoke 818,659 of the common shares held by R. John Taylor and Connie Taylor Henderson as those shares were unlawfully issued by the Company when R. John Taylor violated his Executive Officer's Agreement with Company and they have acted as faithless fiduciaries of the Company (500,000 were granted as an option of the Executive Officers Agreement breached by R. John Taylor) and the other 318,659 shares obtained by R. John Taylor and/or Connie Taylor Henderson from Michael W. Cashman and Corrine M. Beck and/or James Beck were unlawfully issued to them and other former Series C Preferred Shareholders of the Company and are therefore not properly issued shares and those certificates and any subsequent certificates representing those common shares are illegal and void. The foregoing shares, along with the common shares unlawfully issued to Distribution Services, Inc., Bruce E. Knutson, Charles B. Rapp, Daryl R. Verdoorn and any other commons shares unlawfully issued to the former Series C Preferred Shareholders were illegally issued and void. The proper rescission and/or revocation of the foregoing shares increases the minority shareholder's ownership interest in the Company, instead of improperly diluting their ownership interest and increasing R. John Taylor and Connie Taylor Henderson's majority interest.

9. That the Company terminate JoLee Duclos as the trustee of the Company's 401(k) Plan ("Plan") and appoint a disinterested party or person as the trustee of said Plan and that said person be provided full disclosure of all transactions, loans, malfeasance, redemptions, transfers and all other acts and/or omissions of R. John Taylor and JoLee Duclos as the former co-trustees of the Plan.

10. That the Company rescind and cancel the prior payments for the recent termination of the Employee Stock Ownership Plan of the Company ("ESOP") because the value of said shares cannot be fairly ascertained until the Federal Court Case has been concluded or resolved and other matters and claims resolved by the Company. The participants in the ESOP, like the other common shareholders, should receive the benefit of a fair valuation and/or distribution at the appropriate time.

11. That Paul D. Durant be authorized to conduct such investigations and retain such services as he deems appropriate and/or necessary pertaining to any and all past transactions, loans, encumbrances, asset sales, share sales or transfers, share redemptions, salaries, payments, exchange offers and/or any other act or omission pertaining to the operations of AIA Services Corporation and AIA Insurance, Inc. and that the Company report said findings to the appropriate authorities and/or State Bar Associations and/or to take such other actions as Mr. Durant deems appropriate and in the best interest of the corporations.

2

Exhibit 41 - Page - 40

12. That the common shares of R. John Taylor, Connie Taylor Henderson and the other persons and entities identified in Paragraph 8 be barred from voting on any matters relative to the appointment of themselves to the Board of Directors and any other matters in which their shares have a conflict of interest by way of their participation in the malfeasance and/or covering up of the malfeasance against the Company and its other shareholders.

13. That R. John Taylor, Connie Taylor Henderson, JoLee Duclos, James Beck and Michael Cashman be required to disgorge all compensation, directors fees, indemnification payments or cost advances, benefits, salaries, bonuses, reimbursements, and shares obtained through or from the Company (until the Federal Court Case is resolved) based of them being faithless fiduciaries of the Company.

14. All actions and demands that are demanded to be taken by Paul Durant are also hereby demanded to be taken by the Company and/or its authorized Board of Directors to the extent persons named in this Demand or others seek to thwart any action by Paul Durant.

15. That the Company fully disclose all transactions, obligations, loans and footnotes in the recent financial statements provided to shareholders and fully disclose how R. John Taylor, Connie Taylor Henderson and other persons identified in this Demand acquired their respective ownership interests in the entities identified in the footnotes, how the Company's ownership interests were eliminated, transferred or otherwise extinguished and how the transactions, obligations, loans, and share transfers, redemptions and issuances were authorized by the Company, the Company's amended articles of incorporation and restated bylaws.

16. By making this Demand, the undersigned shareholder(s) does not waive any legal rights or remedies and hereby maintains and asserts that the Company is being irreparably injured and reserves the right to take legal action, without a derivative demand, based upon such irreparable injury.

17. This Demand may be executed by counterparts and by facsimile and/or pdf attachment, which together shall constitute an original. The undersigned shareholder(s) authorize Dale Miesen or Paul Durant to deliver this Demand to the Company at the time of the shareholder meeting scheduled for July 16, 2012 or anytime before or thereafter.

Dated this __11__ day of July, 2012.

*Carmen S Taylor*

Carmen S. Taylor

3

Exhibit 41 - Page - 41

## SHAREHOLDER DEMAND

The undersigned shareholder(s), as an owner(s) of record or beneficial holder(s) of preferred and/or common shares in AIA Services Corporation, hereby makes the following Shareholder Demand upon AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc. (collectively "Company") and the Company's Boards of Directors (this Demand also constitutes a derivative demand and double derivative demand) (collectively "Demand"):

1.      That R. John Taylor, Connie Taylor Henderson, James Beck, Michael Cashman, JoLee Duclos and Aimee Gordon be barred from serving as directors or officers of the Company based upon the ongoing malfeasance, conflicts of interest, failure to act in good faith, breaches of fiduciary duties (including the duties of loyalty, care and good faith) and other acts and/or omissions committed under their direction, participation and/or acquiescence, including, without limitation, those acts and/or omissions identified in the First Amended Complaint in *Donna J. Taylor v. Hawley Troxell Ennis & Hawley, R. John Taylor, Michael Cashman, James Beck, et al.*, United States District Court for the District of Idaho, Civil No. 1:10-cv-00404-MLB (the "Federal Court Case"), which said First Amended Complaint is incorporated by reference herein, and that legal action be taken against them.

2.      That Paul D. Durant be appointed as a director of AIA Services Corporation as requested and duly authorized and appointed by the sole Series A Preferred Shareholder of the Company, Donna J. Taylor.

3.      That Paul D. Durant be appointed as the President of AIA Services Corporation and AIA Insurance, Inc., to be duly compensated, and to operate those entities in the best interests of the corporations and their shareholders (with an emphasis on recovering damages and sums from majority shareholder R. John Taylor and Connie Taylor Henderson and others for the benefit of the corporations and their innocent shareholders) and to retain and/or terminate such employee(s) and/or officer(s) as he deems appropriate to properly operate the corporations and pursue any claims set forth in the First Amended Complaint in the Federal Court Case and similar or other claims against named and unnamed parties.  Mr. Durant should also be authorized to appoint other parties to the Board of Directors to serve until the next annual meeting as provided under the Restated Bylaws.

4.      That the Company (regardless of Mr. Durant's appointment as an officer or director of the Company), and Paul D. Durant if appointed as an director and/or officer, be authorized to pursue the claims and causes of action identified in the First Amended Complaint filed in the Federal court Case through the date of this Demand and for all related acts after the date of this Demand, including, without limitation, requesting and praying for punitive damages against the parties named in the Federal Court Case and any other responsible parties named in this Demand.  A copy of said First Amended Complaint is incorporated by reference herein and is already in the possession of the Company and its purported officers and purported directors (a copy can also be obtained from PACER (the online filing system for the United States District Court for the District of Idaho)).

5.      That the Company refrain from pursuing a reverse stock split (which violates Articles 4.2.9(f), 4.3.3 and 11 of the Company's amended articles of incorporation and the Company's Restated Bylaws) or any other corporate action which is not in the best interests of the Company's preferred shareholders and minority shareholders or otherwise violates the Company's articles of incorporation, restated bylaws and/or Idaho law (including oppressive conduct and breaches of fiduciary duties). That any and all shares held by R. John Taylor and/or Connie Taylor Henderson be barred and disqualified from voting on the reverse stock split since that transaction is preferential to them and is being pursued without full disclosure.

1

Exhibit 41 - Page - 42

6.    That the Company demand repayment of, and refrain from paying or advancing, any sums or assets for the payment of all attorneys' fees, expert witness fees, costs and expenses paid, advanced or lent by the Company for JoLee Duclos, R. John Taylor, Connie Taylor Henderson, James Beck, Corrine Beck, Michael Cashman, Jane Doe Cashman, and CropUSA Insurance Agency, Inc.

7.    That Paul D. Durant be authorized to appoint persons to committee(s) of the Board of Directors of the Company, with each committee comprised of at least two (2) of the minority shareholders of the Company to be determined in Mr. Durant's sole discretion and at least one (1) outside and independent person (or more should Mr. Durant desire).  Said committee(s) should be used by Mr. Durant, in his discretion, to govern the Company and to maximize the value of the Company's shareholders and to wind up the affairs of the Company should no new viable businesses be obtained and the assets and funds used to pay creditors, preferred shareholders and distributed to common shareholders. Mr. Durant should be authorized to obtain approval for any acts from the Judge in the Federal Court Case or other court of competent jurisdiction to the extent required (including ultimately filing an action or taking action to dissolve the Company once all assets and funds have been identified and recovered or upon court or shareholder approval).

8.    That the Company rescind and/or revoke 818,659 of the common shares held by R. John Taylor and Connie Taylor Henderson as those shares were unlawfully issued by the Company when R. John Taylor violated his Executive Officer's Agreement with Company and they have acted as faithless fiduciaries of the Company (500,000 were granted as an option of the Executive Officers Agreement breached by R. John Taylor) and the other 318,659 shares obtained by R. John Taylor and/or Connie Taylor Henderson from Michael W. Cashman and Corrine M. Beck and/or James Beck were unlawfully issued to them and other former Series C Preferred Shareholders of the Company and are therefore not properly issued shares and those certificates and any subsequent certificates representing those common shares are illegal and void.  The foregoing shares, along with the common shares unlawfully issued to Distribution Services, Inc., Bruce E. Knutson, Charles B. Rapp, Daryl R. Verdoorn and any other commons shares unlawfully issued to the former Series C Preferred Shareholders were illegally issued and void.  The proper rescission and/or revocation of the foregoing shares increases the minority shareholder's ownership interest in the Company, instead of improperly diluting their ownership interest and increasing R. John Taylor and Connie Taylor Henderson's majority interest.

9.    That the Company terminate JoLee Duclos as the trustee of the Company's 401(k) Plan ("Plan") and appoint a disinterested party or person as the trustee of said Plan and that said person be provided full disclosure of all transactions, loans, malfeasance, redemptions, transfers and all other acts and/or omissions of R. John Taylor and JoLee Duclos as the former co-trustees of the Plan.

10.    That the Company rescind and cancel the prior payments for the recent termination of the Employee Stock Ownership Plan of the Company ("ESOP") because the value of said shares cannot be fairly ascertained until the Federal Court Case has been concluded or resolved and other matters and claims resolved by the Company. The participants in the ESOP, like the other common shareholders, should receive the benefit of a fair valuation and/or distribution at the appropriate time.

11.    That Paul D. Durant be authorized to conduct such investigations and retain such services as he deems appropriate and/or necessary pertaining to any and all past transactions, loans, encumbrances, asset sales, share sales or transfers, share redemptions, salaries, payments, exchange offers and/or any other act or omission pertaining to the operations of AIA Services Corporation and AIA Insurance, Inc. and that the Company report said findings to the appropriate authorities and/or State Bar Associations and/or to take such other actions as Mr. Durant deems appropriate and in the best interest of the corporations.

2

Exhibit 41 - Page - 43

12.     That the common shares of R. John Taylor, Connie Taylor Henderson and the other persons and entities identified in Paragraph 8 be barred from voting on any matters relative to the appointment of themselves to the Board of Directors and any other matters in which their shares have a conflict of interest by way of their participation in the malfeasance and/or covering up of the malfeasance against the Company and its other shareholders.

13.     That R. John Taylor, Connie Taylor Henderson, JoLee Duclos, James Beck and Michael Cashman be required to disgorge all compensation, directors fees, indemnification payments or cost advances, benefits, salaries, bonuses, reimbursements, and shares obtained through or from the Company (until the Federal Court Case is resolved) based of them being faithless fiduciaries of the Company.

14.     All actions and demands that are demanded to be taken by Paul Durant are also hereby demanded to be taken by the Company and/or its authorized Board of Directors to the extent persons named in this Demand or others seek to thwart any action by Paul Durant.

15.     That the Company fully disclose all transactions, obligations, loans and footnotes in the recent financial statements provided to shareholders and fully disclose how R. John Taylor, Connie Taylor Henderson and other persons identified in this Demand acquired their respective ownership interests in the entities identified in the footnotes, how the Company's ownership interests were eliminated, transferred or otherwise extinguished and how the transactions, obligations, loans, and share transfers, redemptions and issuances were authorized by the Company, the Company's amended articles of incorporation and restated bylaws.

16.     By making this Demand, the undersigned shareholder(s) does not waive any legal rights or remedies and hereby maintains and asserts that the Company is being irreparably injured and reserves the right to take legal action, without a derivative demand, based upon such irreparable injury.

17.     This Demand may be executed by counterparts and by facsimile and/or pdf attachment, which together shall constitute an original. The undersigned shareholder(s) authorize Dale Miesen or Paul Durant to deliver this Demand to the Company at the time of the shareholder meeting scheduled for July 16, 2012 or anytime before or thereafter.

18.     To the extent that any of the above-referenced demands pertain to me taking action or accepting the appointment as a director or officer of the Company, I am joining in those demands upon the request of the other shareholders who have made the same demands.

Dated this _____ day of July, 2012.

_____
Paul D. Durant

3

Exhibit 41 - Page - 44