MICHAEL D. GAFFNEY, ISB No. 3558
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, Idaho 83404
Tel:    (208) 523-5171
Fax:    (208) 529-9732
Email: gaffney@beardstclair.com

RODERICK C. BOND, ISB No. 8082
RODERICK BOND LAW OFFICE, PLLC
800 Bellevue Way NE, Suite 400
Bellevue, WA  98004
Telephone:  (425) 591-6903
Fax:  (425) 321-0343
Email: rod@roderickbond.com

Attorneys for Plaintiff Donna J. Taylor

UNITIED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONNA J. TAYLOR, a shareholder who is bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.;<br><br>Plaintiff,<br><br>v.<br><br>HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; D. JOHN ASHBY, an individual; RICHARD A. RILEY, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual; R. JOHN TAYLOR, an individual; CONNIE TAYLOR, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC.; an Idaho corporation,<br><br>Defendants. | Civil No. 1:10-cv-00404-MLB<br><br><br>PLAINTIFF DONNA J. TAYLOR'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO LIFT STAY |

PLAINTIFF'S SUPPLEMENTAL MEMO
IN SUPPORT OF MOTION TO LIFT STAY - 1

Plaintiff Donna J. Taylor, pursuant to the Court's Order (Dkt. 80), submits this Supplemental Memorandum in Support of Motion to Lift Stay (Dkt. 62):

## I.  ARGUMENT

**A.  The "related cases" are not really related at all and none of the "exceptional" circumstances under *Colorado River* are present.**

"Abstention from the exercise of federal jurisdiction is the exception, nor the rule." *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244 (1976) ("abstention…is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it."). "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Id.* at 817. "Exceptional circumstances must be present for a district court to abstain" under *Colorado River*. *The Scotts Company LLC v. Seeds, Inc.*, 688 F.3d 1154, 1159 (9th Cir. 2012) (citing *Colorado River*, 424 U.S. at 813) (holding that the "district court abused its discretion because it failed to find exceptional circumstances before declining to exercise its discretion"). "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, ***with the balance heavily weighted in favor of the exercise of jurisdiction***." *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 16, 103 S.Ct. 927, 937 (1983) (emphasis added). Those factors are: (1) the court first to assume jurisdiction over any res or property; (2) any contentions that the federal forum is less convenient for the parties; (3) the avoidance of piece-meal litigation; (4) the order in which jurisdiction was obtained by the

concurrent forums; (5) whether state law controls; and (6) whether state court can protect the rights of the parties are also factors. *Moses H. Cone*, 460 U.S. at 15-19.

With the above considerations in mind, the Court has requested additional information on the various lawsuits. Presumably, the Court, through its recent Order (Dkt. 80), is attempting to ascertain whether any of the circumstances authorizing abstention are present and whether those circumstances, if present, are "exceptional" enough to authorize a stay under *Colorado River*. The following are the "related" cases, filing date, the parties and the status of those cases:

| | Case | Case # | Court | Filed | Parties | Status |
|---|---|---|---|---|---|---|
| 1 | *Reed Taylor v. AIA Services, et al.* **(Ex. A-G)** | 2007-0000208 | Nez Perce County District Court | 1/29/2007 | <u>Plaintiff</u>-Reed Taylor <u>Defendants</u>-AIA Services, John Taylor, Connie Taylor, James Beck, Corrine Beck, Bryan Freeman, JoLee Duclos, AIA Insurance, CropUSA Insurance Agency <u>Intervenor</u>-401(k) Plan for AIA Services | Pending (All of Reed Taylor's claims have been dismissed) |
| 2 | *Donna Taylor v. R. John Taylor, et al.* **(Ex. H-J)** | 2008-0001150 | Nez Perce County District Court | 6/2/2008 | <u>Plaintiff</u>-Donna Taylor <u>Defendants</u>-John Taylor, Connie Taylor | Stayed |
| 3 | *Reed Taylor v. McNichols, et al.* **(Ex. K)** | 2008-0001763 | Nez Perce County District Court | 8/18/2008 | <u>Plaintiff</u>-Reed Taylor <u>Defendants</u>-Michael McNichols, Clements Brown McNichols | Dismissed |
| 4 | *Reed Taylor v. Babbitt, et al.* **(Ex. L-M)** | 2008-0001765 | Nez Perce County District Court | 8/18/2008 | <u>Plaintiff</u>-Reed Taylor <u>Defendants</u>-Garry Babbitt, Hawley Troxell, D. John Ashby, Patrick Collins, Richard Riley | Dismissed |
| 5 | *Reed Taylor v. Riley, et al.* **(Ex. N-P)** | 2009-18868 | Ada County District Court | 10/1//2009 | <u>Plaintiff</u>-Reed Taylor <u>Defendants</u>-Richard Riley, Hawley Troxell, Eberle Berlin, Robert Turnbow (Estate of Robert Turnbow) | Pending (4-week trial scheduled 10/2/2013) |

PLAINTIFF'S SUPPLEMENTAL MEMO
IN SUPPORT OF MOTION TO LIFT STAY - 3

| | Case | Case # | Court | Filed | Parties | Status |
|---|---|---|---|---|---|---|
| 6 | *Donna Taylor v. AIA Services* **(Ex. Q-R)** | 2009-0002470 | Nez Perce County District Court | 11/23/2009 | <u>Plaintiff</u>-Donna Taylor <u>Defendant</u>-AIA Services | Voluntarily Dismissed |
| 7 | *Donna Taylor v. Hawley Troxell, et al.* | 1:10-cv-00404-MLB | United States District Court, District of Idaho | 8/11/2010 | <u>Plaintiff</u>-Donna Taylor <u>Defendants</u>-AIA Services, AIA Insurance, CropUSA Insurance Agency, John Taylor, James Beck, Michael Cashman, Hawley Troxell, John Ashby, Garry Babbitt, Richard Riley | Stayed |
| 8 | *Reed Taylor v. Cairncross & Hempelmann, et al.* **(Ex. S)** | 12-2-10803-0 | King County Superior Court | 3/29/2012 | <u>Plaintiff</u>-Reed Taylor <u>Defendants</u>-Cairncross & Hempelmann, Scott Bell, Frank Taylor | Pending (Trial scheduled 9/16/2013) |
| 9 | *AIA Services v. Durant, et al.* **(Ex. T-U)** | 2012-0001483 | Nez Perce County District Court | 7/26/2012 | <u>Plaintiff</u>-AIA Services <u>Defendants</u>-Paul Durant, Jonathon Ekburg, Kay Hanchett, Heather Miesen, Lee Ann Hostetler, Jennifer Miesen, Jerry Legg, Dale Miesen, Bobette Ruddell, Jud Taylor, Reed Taylor, Carmen Taylor, Donna Taylor | Pending (No trial date scheduled and Defendants Motion to Dismiss pending) |

The above details, together with other details discussed below, can be confirmed at https://www.idcourts.us/repository/start.do (the Idaho Supreme Court Data Repository) and http://dw.courts.wa.gov/?fa=home.casesearchTerms (the Washington Courts Search Case Records), of which the Court may take judicial notice of per Fed. R. Evid. 201 . Having listed the cases and the status of those cases, Donna Taylor will now address each case, the claims asserted (including any related claims) and why the pending cases are not substantially similar.

PLAINTIFF'S SUPPLEMENTAL MEMO
IN SUPPORT OF MOTION TO LIFT STAY - 4

1. ***Reed Taylor v. AIA Services, et al.* no longer no longer satisfies any of the required elements to justify abstention.**

Reed Taylor, as plaintiff, asserted a number of claims against various defendants, including, breach of contract, conversion, fraud, fraudulent conveyance, breach of fiduciary duties and specific performance. (Ex. A.) Some of the claims and defendants were similar to the claims asserted by Donna Taylor in this action, while other claims were solely related to the collection of the sums owed to Reed Taylor for the redemption of his shares. (*Id*.) The gravamen of Reed Taylor's Fifth Amended Complaint was based upon Reed Taylor being a secured creditor of AIA Services. (*Id.*, p. 22-44.) Reed Taylor claims were all based upon being a secured creditor with security interests in AIA Services' commissions and the shares of AIA Services' subsidiaries (including the right to vote the shares of AIA Insurance). (*Id*.)

As to counterclaims, AIA Services asserted counterclaims against Reed Taylor for breach of fiduciary duties, breach of covenant of good faith and fair dealing, breach of contract, injunctive relief, rescission of redemption agreement and Trespass. (Ex. B, p. 19-30.) John Taylor asserted a counterclaim against Reed Taylor for intentional infliction of emotional distress. (Ex. C, p. 17.) Connie Taylor and James Beck asserted a counterclaim for a declaratory judgment seeking to invalidate the redemption of Reed Taylor's shares. (Ex. C, p. 14-16.)

*Taylor v. AIA Services et al.* potentially involved concurrent jurisdiction over the some of the substantially same property as the case at bar, as to the claims pertaining to malfeasance. However, on June 17, 2009, Judge Brudie ruled that the redemption of Reed Taylor's shares was illegal and left the parties were it found them. (Ex. E.) On September 7, 2011 (while the stay was pending in this action), the Idaho Supreme Court affirmed Judge Brudies finding of illegality and

PLAINTIFF'S SUPPLEMENTAL MEMO
IN SUPPORT OF MOTION TO LIFT STAY - 5

left the parties where it found them. *See Taylor v. AIA Services Corp.*, 151 Idaho 552, 261 P.3d 829 (2011). This decision effectively eliminated most all of Reed Taylor claims. Since the parties were left where the Court found them, the pending counterclaims were effectively eliminated as well, as evidenced by the failure of any of the defendants to pursue those counterclaims for over one year. On October 25, 2011, the 401(k) Plan for AIA Services filed a notice that "it will have no further involvement in this matter due to the Idaho Supreme Court ruling which renders further involvement by the Intervenor moot and unnecessary."[1] (Ex. G, p. 2.) On December 29, 2011, Judge Brudie denied Reed Taylor's Motion to Amend and granted the defendants' Motion for Judgment on the Pleadings. (Ex. F.)

Since Reed Taylor's claims have all been dismissed and none of the pending counterclaims (even if viable) are seeking to recover the assets, funds, damages or relief requested by Donna Taylor on behalf of the AIA corporations, none of the "exceptional circumstances" for abstention are met, let alone any of the factors. *See Moses H. Cone*, 460 U.S. at 15-19. In fact, the conterdefendants have failed to taken any action to prosecute the pending counterclaims for *over a year*. While certain of the factors were arguably applicable when the Court stayed this matter, the elimination of all of Reed Taylor's claim in *Taylor v. AIA Services, et al.*, together the elimination of his claims in *Taylor v. McNichols, et al.* and *Taylor v. Babbitt, et al.* (discussed in Sections 3-4 below) result in their being no legal basis under *Colorado River* to abstain and clears the way for the claims in this action. *See The Scotts Company*, 688 F.3d at

---

[1] The 401(k) Plan was represented by Charles Brown, a long-time friend of Connie Taylor's. Reed Taylor had strenuously asserted that the 401(k) Plan was only intervening to defendant the guilty insiders for their malfeasance claims being asserted by Reed Taylor. Not surprising, Reed Taylor's arguments came to fruition when the 401(k) Plan voluntarily ceased involved in *Taylor v. AIA Services, et al.*, instead of seeking to recover funds for its participants and arguments to otherwise protect AIA Services' assets. Thus, yet again, Donna Taylor and the other plaintiffs who wish to join this lawsuit, are the only parties looking after the corporations or their innocent shareholders.

PLAINTIFF'S SUPPLEMENTAL MEMO
IN SUPPORT OF MOTION TO LIFT STAY - 6

1159-60.

2. ***Donna Taylor v. R. John Taylor, et al.* does not satisfy any of the required elements to justify abstention.**

Donna Taylor, as plaintiff, is asserting individual and direct claims against John Taylor and Connie Taylor relating to sums owed to her for her Series A Preferred Shares in AIA Services. (Ex. H.)  Donna Taylor has not asserted any derivative claims in this lawsuit and has not asserted any claims based upon her beneficial interest in her deceased daughter, Sara Taylor's common shares in AIA Services. (*Id.*) The res or property subject to this action is solely funds derived from a personal guaranty and for direct claims against John and Connie Taylor to ensure that those funds are paid. (*Id.*) In fact, if Donna Taylor is successful in this lawsuit, that would simply benefit the AIA corporations and its innocent shareholders because AIA Services would be relieved of paying some, or all, of the sums owed to her for her Series A Preferred Shares in AIA Services. Donna Taylor is not seeking to enforce a right for the AIA corporations or to recover funds or assets stolen from those corporations. She could not assert both direct and derivative claims in that lawsuit.

John Taylor and Connie Taylor both asserted counterclaims to invalidate their personal guaranties. (Ex. I-J.)

In *Donna Taylor v. R. John Taylor, et al.*, there have been no orders on any dispositive motions and the case is not set for trial. There are no Colorado River factors that have been met, let alone the required *Moses H. Cone*, 460 U.S. at 15-19.  This case has been stayed for over *two years*.  Additionally although the defendants have asserted that Ms. Taylor's redemption is illegal, they have also admitted that AIA Services owes her over $80,000 (*see* Exhibit T).

PLAINTIFF'S SUPPLEMENTAL MEMO
IN SUPPORT OF MOTION TO LIFT STAY - 7

3. ***Reed Taylor v. McNichols, et al.*** **no longer satisfies any of the required elements to justify abstention.**

Reed Taylor, as plaintiff, asserted a number of claims based solely upon his position as a secured creditor of AIA Services and stock pledgee of AIA Insurance. (Ex. K.) Until that lawsuit was decided by the Idaho Supreme Court, there was reason for the Court to believe that Reed Taylor and Donna Taylor, on behalf of the AIA corporations, would be pursuing the substantially same claims against the attorney defendants in the case at bar. That lawsuit, like *Taylor v. Babbitt, et al.*, was dismissed pursuant to Rule 12(b)(6) for virtually the identical reasons. (*See* Ex. M.). The Idaho Supreme Court affirmed the dismissal on a consolidated appeal in *Taylor v. McNichols*, 149 Idaho 826, 243 P.3d 642 (2010), the Idaho Supreme Court held that "the allegations of aiding and abetting in the commission of tortious acts, although marginally pled, must await resolution of the Underlying Case." *Id.* at 843.  However, the Idaho Supreme Court's decision in *Taylor v. AIA Services, et al.* extinguished Reed Taylor's standing as a creditor, and along with it, the right to assert aiding and abetting claims against the attorney defendants in the case at bar.  *Taylor v. AIA Services Corp.*, 151 Idaho 552, 261 P.3d 829 (2011). With the dismissal of Reed Taylor's claims in *Taylor v. McNichols, et al.*, the Idaho Supreme Court's decision to affirm Judge Brudie and his later decision to dismiss all of Reed Taylor's claims, there are no factors present to justify abstention, let alone any of the required "exceptional circumstances." *See Moses H. Cone*, 460 U.S. at 15-19.

4. ***Reed Taylor v. Babbitt, et al.*** **no longer satisfies any of the required elements to justify abstention.**

Reed Taylor, as plaintiff, asserted a number of claims based solely upon his position as a secured creditor of AIA Services and stock pledgee of AIA Insurance. (Ex. L.) Until that lawsuit

PLAINTIFF'S SUPPLEMENTAL MEMO
IN SUPPORT OF MOTION TO LIFT STAY - 8

was decided by the Idaho Supreme Court, there was reason for the Court to believe that Reed Taylor and Donna Taylor, on behalf of the AIA corporations, would be pursuing the substantially same claims against the attorney defendants in the case at bar. That lawsuit, like *Taylor v. McNichols, et al.*, was dismissed pursuant to Rule 12(b)(6) for virtually the identical reasons. (*See* Ex. M.). The Idaho Supreme Court affirmed the dismissal on a consolidated appeal in *Taylor v. McNichols*, 149 Idaho 826, 243 P.3d 642 (2010), the Idaho Supreme Court held that "the allegations of aiding and abetting in the commission of tortious acts, although marginally pled, must await resolution of the Underlying Case." *Id.* at 843.  However, the Idaho Supreme Court's decision in *Taylor v. AIA Services, et al.* extinguished Reed Taylor's standing as a creditor, and along with it, the right to assert aiding and abetting claims against the attorney defendants in the case at bar.  *Taylor v. AIA Services Corp.*, 151 Idaho 552, 261 P.3d 829 (2011). With the dismissal of Reed Taylor's claims in *Taylor v. McNichols, et al*. and *Taylor v. Babbitt, et al.*, the Idaho Supreme Court's decision to affirm Judge Brudie and his later decision to dismiss all of Reed Taylor's claims, there are no factors present to justify abstention, let alone any of the required "exceptional circumstances." *See Moses H. Cone*, 460 U.S. at 15-19. The slate has now been cleared for related claims to be asserted by Donna Taylor and other plaintiffs on behalf of AIA Services and AIA Insurance.

   **5.  *Reed Taylor v. Riley, et al.* does not satisfy any of the required elements to justify abstention.**

In connection with Judge Brudies finding that the redemption of Reed Taylor's shares was illegal (Ex. E), Reed Taylor, as plaintiff, asserted a number of malpractice related claims against Richard Riley and Robert Turnbow, the attorneys who provided him with a third-party closing opinion letter opining, among other things, that the redemption was legal. (Ex. N.)  Reed

PLAINTIFF'S SUPPLEMENTAL MEMO
IN SUPPORT OF MOTION TO LIFT STAY - 9

Taylor also asserted claims against Riley and Hawley Troxell for taking positions against the opinion letter provided to him, however, those claims were dismissed based upon res judicata. (Ex. O.) The district court, however, found that Riley and Turnbow owed a duty of care to Reed Taylor to draft the Opinion Letter in a non-negligent fashion. (Ex. O, p. 8.) Later, the defendants requested that Judge Greenwood to reconsider his decision, but he refused to do so. (Ex. P.) This lawsuit is scheduled for trial for October 2, 2013. There are no claims in this lawsuit that satisfy any of the elements under *Colorado River*, let alone any of the "exceptional circumstances." *See Moses H. Cone*, 460 U.S. at 15-19.

6. ***Donna Taylor v. AIA Services* no longer satisfies any of the required elements to justify abstention.**

Donna Taylor, as plaintiff, asserted claims against AIA Services for the payment of sums owed to her for Series A Preferred Shares and to appoint a receiver to safeguard AIA Services and its assets. (Ex. Q.) This action never sought to recover the funds, assets and damages on behalf of the AIA corporations, derivative or otherwise. Had the guilty insiders agreed to appoint a receiver for AIA Services, the necessity of the case at bar would likely have been eliminated because the receiver could have asserted claims to recover the funds, assets and damages subject to the case at bar. Once the Idaho Supreme Court affirmed the illegality of the redemption of Reed Taylor's shares, AIA Services was no longer insolvent and the request to appoint a receiver based upon insolvency was eliminated. This, in turn, eliminated the basis for pressing on with that lawsuit. Thus, on January 4, 2012, Donna Taylor voluntarily dismissed that lawsuit. (Ex. R.)

While the appointment of a receiver could have arguably provided a basis to decline jurisdiction under the *Colorado River* analysis, the issue has been rendered moot by Donna Taylor's voluntary dismissal of that lawsuit so as to clear the way for this action. Thus, none of

PLAINTIFF'S SUPPLEMENTAL MEMO
IN SUPPORT OF MOTION TO LIFT STAY - 10

the *Colorado River* elements, let alone the required "exceptional circumstances", is present because the case has been voluntarily dismissed.

**7.  *Donna Taylor v. Hawley Troxell, et al.* is the only case that will protect the rights of the AIA corporations and, consequently, protect the rights of the shareholders and employees of AIA Services.**

Donna Taylor, as plaintiff and on behalf of AIA Services and AIA Insurance, has asserted a number of valid claims against the defendants in the case at bar. (*See* First Amended Complaint, Dkt. 23.) There are no cases pending to recover the millions of dollars in funds and assets that have been unlawfully taken by the individual defendants in the case at bar. The defendants' sole defense has been that there have been many lawsuits filed and that Donna Taylor is asserting the same allegations. As discussed herein, the argument that many lawsuits have been filed is a red herring. Indeed, if the Court were to review the lawsuits filed in connection with Enron and related litigation, the number of lawsuits filed in this action dwarf those cases, while the facts and claims are even more egregious in the case at bar—they involve the blatant theft and subsequent cover up of the unlawful transfer of millions of dollars of assets and funds that were drained from the AIA corporations.

**8.  *Reed Taylor v. Cairncross &  Hempelmann, et al.* does not satisfy any of the required elements to justify abstention.**

In connection with Judge Brudie's finding that the redemption of Reed Taylor's shares was illegal (Ex. E), Reed Taylor, as plaintiff, asserted a number of malpractice related claims against Cairncross & Hempelmann and certain of its attorneys because of the over $15 Million that he lost through the redemption of his shares. That lawsuit is scheduled for trial for September 16, 2013. There are no claims in that lawsuit that satisfy any of the elements under *Colorado River*, let alone any of the required "exceptional circumstances." *See Moses H. Cone*,

PLAINTIFF'S SUPPLEMENTAL MEMO
IN SUPPORT OF MOTION TO LIFT STAY - 11

460 U.S. at 15-19.

**9. *AIA Services v. Durant, et al.* does not satisfy the required elements to justify abstention.**

On July 26, 2012 (after the Court entered its order staying this matter), R. John Taylor and the other guilty insiders engineered a plan to attempt to effectuate a reverse stock split.[2] (Ex. T.) Thus, *AIA Services v. Durant, et al.* was filed after the case at bar and in violation of the spirit of the Court's Order staying this action. The fourteen defendants have filed a motion to dismiss, which is pending. (Ex. U.) No dispositive motions have been decided and no trial date has been scheduled.  AIA Services' First Amended Complaint was filed on November 28, 2012. (Ex. T.) The First Amended Complaint requests only declaratory relief, and, in fact, does not even propose to pay the shareholders or Donna Taylor. (*Id.*) In other words, that lawsuit would only determine the amount to be paid to certain shareholders and it does to seek any relief requesting that their shares be redeemed. AIA Services Complaint even conceded the illegitimacy and illegality of the proposed reverse stock split when it alleged "the Reverse Stock Split Transaction does not violate subsection 4.3.3 of plaintiff's articles of incorporation because plaintiff's funds will not be used to pay defendants or other holders of common stock…" (Ex. T, p. 9, ¶3.) Thus, AIA Services concedes that it actions are illegal, as asserted in the defendants' motion to dismiss. (Ex. U.)  At oral argument, David Risley asserted that the fourteen shareholders comprised a small percentage of the outstanding shares of AIA Services. This argument lacks merit. Derivative actions were created as a vehicle to vindicate the rights of corporations for the

---

[2] At the recent hearing held on AIA Services' Motion to Amend, David Risley, the purported counsel for the AIA corporations and the guilty insiders, attended that hearing and sat with Douglass Siddoway (the purported attorney for AIA Services). (Ex. T.) They left that hearing in the same vehicle. This illustrates the extensive collusion regarding the defendants' attempts to violate the rights of the AIA corporations and their innocent shareholders and prevent the rights of the AIA corporations from ever being vindicated.

PLAINTIFF'S SUPPLEMENTAL MEMO
IN SUPPORT OF MOTION TO LIFT STAY - 12

benefit of its shareholders. In sum, there are no claims in that lawsuit that satisfy any of the elements under *Colorado River*, let alone any of the required "exceptional circumstances." *See Moses H. Cone*, 460 U.S. at 15-19.

Even if the claims in *AIA Services v. Durant, et al.* had merit, they do not purpose to do anything to vindicate any of the rights of AIA Services or AIA Insurance nor does that lawsuit involve any money or damages that is the subject of the case at bar. Indeed, the fact that no trial has been scheduled in AIA Services v. Durant, et al. and the fact that lawsuit has not been scheduled for trial, simply illustrates the necessity of lifting the stay in this case and immediately setting it for trial. This lawsuit is the only vehicle that will vindicate the rights of AIA Services and AIA Insurance, which would subsequently vindicate the rights of all of the innocent shareholders and employees.

Regardless, *AIA Services v. Durant, et al.* does not involve any derivative claims to claw back the millions of dollars in funds, assets and damages to AIA Services and AIA Insurance. (*Id.*) Thus, As noted by the Complaint, only two shareholders, John Taylor and his friend Ray Heilmann, voted in favor of the transaction.[3] (Ex. T and exhibit A thereto.) All fourteen shareholders served a derivative demand contemporaneously with their notices objecting to the reverse stock split, and those derivative demands have been ignored and the 90 days required waiting period has elapsed. (Ex. T and exhibit C thereto.)  Thus, the slate is cleared for Jerry Legg (a resident of Oklahoma), Lee Ann Hostetler (a resident of Washington) and Dale Miesen (a resident of Texas) to join this lawsuit as they have already indicated. (Dkts. 64-66.)

**B.**    **None of the Colorado River factors are applicable after the resolution of the cases**

---

[3] The other guilty insiders transferred their common shares to John Taylor shortly before the alleged reverse stock split, including, James Beck and Michael Cashman. (Ex. T and exhibit A thereto.)

PLAINTIFF'S SUPPLEMENTAL MEMO
IN SUPPORT OF MOTION TO LIFT STAY - 13

**set forth above and there are no circumstances to justify abstention.**

At this juncture, as set forth above and in the attached Exhibits A-U, there are no elements present to satisfy the requirements under *Colorado River*. There are no lawsuits pending with the same subject matter as this lawsuit. There are no derivative lawsuits pending seeking to vindicate the rights of AIA Services and AIA Insurance. The case at bar was filed before *AIA Services v. Durant, et al.*, assuming that case sought to vindicate any rights of AIA Services or AIA Insurance. There are no allegations that the federal forum in less convenient for the parties. In fact, two the defendants reside in Minnesota, the plaintiff resides in Washington, and the attorney defendants are residents of Boise, Idaho. The other three plaintiffs who wish to join this lawsuit are residents Washington, Texas and Oklahoma. Thus, Boise, Idaho is a convenient forum for all parties. There will not be an avoidance of any piecemeal litigation by staying this action. This lawsuit involves both state and federal claims and there are no other lawsuits pending in which the claims are asserted. (*Compare* First Amended Complaint, Dkt. 30, and Ex. A, H, N & S.) Most importantly, as discussed herein, there are no other lawsuits pending that will vindicate the rights for AIA Services and AIA Insurance—which is precisely why this derivative lawsuit should proceed.

The dismissal of all of Reed Taylor's claims in *Taylor v. AIA Services, et al.*, together with the dismissal of all of his claims in *Taylor v. McNichols, et al.* and *Taylor v. Babbitt, et al.* have eliminated Reed Taylor and his claims from consideration for meeting any of the "exceptional circumstances" required to decline jurisdiction under the *Colorado River* abstention. The only other case that possibly could have satisfied any of the "exceptional circumstances" was *Donna Taylor v. AIA Services* – where Donna Taylor had requested that a

receiver be appointed for AIA Services.  With the elimination of the sums owed to Reed Taylor and the management of AIA Services opposing the appointment of a receiver to ensure that the corporations are operated properly and the appropriate claims are asserted against the insiders, Donna Taylor voluntarily dismissed that lawsuit. (Ex. R.) The remaining cases discussed above simply have no application to any of the factors to justify abstention under *Colorado River*.

Moreover, the defendants have not asserted, nor could they assert, that the federal court forum is less convenient or that any of the other lawsuits would result in the avoidance of piecemeal litigation. Indeed, in the case at bar, as was found by Ninth Circuit Court of Appeals in *Moses H. Cone*, the factors "actually counsel against a [stay]." *Moses H. Cone*, 460 U.S. at 19.

### C. The guilty insiders are attempting to thwart jurisdiction through *AIA Services v. Durant, et al.*

The defendants disingenuously argue that the individual defendants' rights could be fully and fairly adjudicated in *AIA Services v. Durant, et al.* First, that case involves AIA Services seeking exclusively declaratory relief to support a reverse stock split. (Ex. T.) It is abundantly clear, however, that the basis for bringing that lawsuit is to attempt to fraudulently deprive this Court of jurisdiction. *See Quinn v. Anvil Corp.*, 620 F.3d 1005, 1012-13 (9th Cir. 2010). The case at bar, however, was filed before *AIA Services v. Durant, et al.* and that lawsuit does not seek to claw back any of the millions of dollars taken from the AIA corporations for the benefit of those corporations and AIA Services' Employee Stock Ownership Plan or the 401(k) Plan for AIA Services (who holds over $2,000,000 worth of Series C Preferred Shares). Donna Taylor, together with Jerry Legg (a resident of Oklahoma), Le Ann Hostetler (a resident of Washington) and Dale Miesen (a resident of Texas) all served derivative demands for AIA Services and AIA Insurance to assert the claims in the case at bar and seek to rescind the three cents per share paid

PLAINTIFF'S SUPPLEMENTAL MEMO
IN SUPPORT OF MOTION TO LIFT STAY - 15

to the AIA Services Employee Stock Ownership Plan participants. (Dkts. 64-66.) In the case of Ms. Hostetler, she is also the holder of Series C Preferred Shares which are not subject to any of the pending lawsuits. (Dkt. 66.) In other words, Ms. Hostetler, along with Donna Taylor, are the only persons attempting to ensure that the over $2,000,000 owed for the Series C Shares held in the 401(k) Plan are paid. (*See* Ex. U.) Those derivative demands were ignored and thus the claims are now ripe to be asserted by those individuals on behalf of AIA Services and AIA Insurance.

## II.  CONCLUSION

For the reasons articulated above, the Court should immediately lift the stay in this action and set it for trial. Other than Donna Taylor, and the other three shareholders who wish to join this lawsuit, there are no lawsuits or parties seeking to vindicate the rights of AIA Services or AIA Insurance. There are no other parties seeking to vindicate the rights of the scores of former employees holding shares in AIA Services through the Employee Stock Ownership Plan, 401(k) Plan or through direct share ownership. There simply are no circumstances present under the abstention, let alone the required "exceptional" ones, to justify staying this case any longer. *The Scotts Company*, 688 F.3d at 1159 (holding that the "district court abused its discretion because it failed to find exceptional circumstances before declining to exercise its discretion").

DATED:  This 3rd day of December, 2012.

BEARD ST. CLAIR GAFFNEY PA            RODERICK BOND LAW OFFICE, PLLC


By:____/s/ Michael D. Gaffney_____        By: _/s/ Roderick C. Bond_____
Michael D. Gaffney                    Roderick C. Bond
Attorney for Plaintiff Donna J. Taylor        Attorney for Plaintiff Donna J. Taylor


PLAINTIFF'S SUPPLEMENTAL MEMO
IN SUPPORT OF MOTION TO LIFT STAY - 16

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of December, 2012, I have filed a copy of the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as indicated on the Notice of Electronic Filing.

David R. Risley
david@risleylawoffice.com
Attorney for Michael W. Cashman, Sr.
R. John Taylor, James Beck, Crop USA Insurance
Agency, Inc., AIA Services Corporation
and AIA Insurance Inc.

James D. LaRue
jdl@elamburke.com
Loren C. Ipsen
lci@elamburke.com
Attorneys for Richard A. Riley, Hawely Troxell
Ennis & Hawley LLP, Gary D. Babbitt and
D. John Ashby

          *//s/  Michael D. Gaffney*
          Michael D. Gaffney

PLAINTIFF'S SUPPLEMENTAL MEMO
IN SUPPORT OF MOTION TO LIFT STAY - 17