FEB. 25. 2009  3:12PM    DISTRICT COURT                                    NO. 0935   P. 2

FILED

2009 FEB 26 AM 9 27

PATTY O. WEEKS
CLERK OF THE DIST. COURT

DEPUTY

Michael E. McNichols
CLEMENTS, BROWN & McNICHOLS, P.A.
Attorneys at Law
321 13th Street
Post Office Box 1510
Lewiston, Idaho 83501
(208) 743-6538
(208) 746-0753 (Facsimile)
ISB No. 993

Attorneys for Defendant R. John Taylor

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

| | |
|---|---|
| REED J. TAYLOR, a single person;<br><br>Plaintiff,<br><br>vs.<br><br>AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC., an Idaho corporation; R. JOHN TAYLOR and CONNIE TAYLOR, individually and the community property comprised thereof; BRYAN FREEMAN, a single person; and JOLEE DUCLOS, a single person; CROP USA | Case No: CV 07-00208<br><br>ANSWER OF R. JOHN TAYLOR TO PLAINTIFF'S FIFTH AMENDED COMPLAINT and COUNTERCLAIM and DEMAND FOR TRIAL BY JURY |

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED          –1–
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

Exhibit - C

| INSURANCE AGENCY, INC., an Idaho | ) |
| Corporation; and JAMES BECK and | ) |
| CORRINE BECK, individually and the | ) |
| community property comprised thereof; | ) |
| | ) |
| Defendants. | ) |

R. John Taylor ("this defendant"), answers PLAINTIFF'S FIFTH AMENDED COMPLAINT as follows:

I.

This defendant denies all of the allegations in plaintiff's Fifth Amended Complaint except for those allegations which are expressly admitted.

II.

This defendant admits paragraphs 1.1, 1.2, 1.3, 1.4, 1.6, 1.7, 1.8, 1.10, 1.11 and 2.8. This defendant denies paragraphs 2.4, 2.21, 2.23, 2.25, 2.28, 2.36, 2.37, 2.39, 2.41, 2.47, 2.49, 2.50, 2.52, 2.53, 2.54, 2.57, 2.58, 2.59, 3.4, 4.2, 4.3, 4.4, 5.2, 5.3, 5.4, 6.2, 6.3, 7.3, 7.4, 7.5, 8.3, 9.2, 9.3, 9.4, 10.2, 10.3, 10.4, 11.2, 11.3, 11.4, 12.3, 13.2 and 13.3. This defendant denies paragraph 2.3 for lack of information and belief.

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED        –2–
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

# Exhibit - C

III.

This defendant realleges and incorporates his admissions and denials to the paragraphs incorporated by reference by paragraphs 3.1, 4.1, 5.1, 6.1, 7.1, 7.2, 8.1, 9.1, 10.1 and 11.1, 12.1 and 13.1.

IV.

Answering paragraph 1.5, this defendant admits that R. John Taylor and Connie Taylor were husband and wife until on or about December 16, 2005, and at all relevant times were residents of Lewiston, Nez Perce County, Idaho, and denies all the other allegations.

V.

Answering paragraph 1.9, this defendant admits that James Beck and Corrine Beck are residents of the state of Minnesota and denies all of the other allegations.

VI.

Answering paragraph 2.1, this defendant admits that he was at relevant times an officer and director of AIA Services, AIA Insurance and Crop USA, admits that he is a shareholder in AIA Services and owns approximately 40% of the outstanding shares of Crop USA and denies all the other allegations.

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED        –3–
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

Exhibit - C

FEB. 25. 2009   3:13PM      DISTRICT COURT                                    NO. 0935   P. 5

## VII.

Answering paragraph 2.2, this defendant admits that he and Connie Taylor were divorced through an Interlocutory Decree filed on December 16, 2005, and denies all the other allegations.

## VIII.

Answering paragraph 2.5, this defendant admits that JoLee Duclos is an officer of AIA Services, AIA Insurance and Crop USA, admits that she is a shareholder in Crop USA and denies all the other allegations.

## IX.

Answering paragraph 2.6, this defendant admits that Bryan Freeman was a director of AIA Services, AIA Insurance and Crop USA, admits that Bryan Freeman is a shareholder in Crop USA and denies all the other allegations.

## X.

Answering paragraph 2.7, this defendant admits that AIA Services Corporation and AIA Insurance, Inc., cooperated with Crop USA and continue to cooperate with Crop USA and denies all the other allegations of paragraph 2.7.

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED          —4—
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

Exhibit - C

## XI.

Answering paragraph 2.9, this defendant admits that defendant James Beck is a shareholder in AIA Services and Crop USA and denies all the other allegations.

## XII.

Answering paragraph 2.10, this defendant admits the first sentence and the third sentence, alleges that in 1995 Reed desired to retire and have AIA Services redeem his stock and denies all the other allegations.

## XIII.

Answering paragraph 2.11, this defendant admits that AIA Insurance is a wholly owned subsidiary of AIA Services, admits that AIA Insurance is a lessee of the office building located at 111 Main Street, Lewiston, Idaho, and denies all the other allegations.

## XIV.

This defendant admits paragraph 2.12 but alleges that the Promissory Note provided that it was subordinate to the payment of redemption obligations owned by AIA Services to Donna Taylor and that the agreements were amended at a later time and denies all the other allegations.

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED        –5–
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

Exhibit - C

XV.

Answering paragraph 2.13, this defendant admits the first sentence, alleges that the documents speak for themselves and denies all the other allegations in paragraph 2.13.

XVI.

Answering paragraph 2.14, this defendant admits that the Stock Redemption Agreement, Stock Pledge Agreement, and Security Agreement were authorized by the Board of Directors of AIA Services and denies all the other allegations.

XVII.

Answering paragraph 2.15, this defendant admits that, in 1996, AIA Services and plaintiff agreed to modify the Stock Redemption Agreement and executed the Stock Redemption Restructure Agreement and executed an Amended and Restated Stock Pledge Agreement and an Amended and Restated Security Agreement but alleges that the agreements were amended at a later time and denies all of the other allegations.

XVIII.

Answering paragraph 2.16, this defendant alleges that the agreements speak for themselves, alleges that the agreements were amended at a later time and denies all the other allegations.

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED        —6—
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

Exhibit - C

### XIX.

Answering paragraph 2.17, this defendant alleges that the Amended Stock Pledge Agreement speaks for itself and denies all of the other allegations.

### XX.

Answering paragraph 2.18, this defendant alleges that the Amended Stock Pledge Agreement speaks for itself, admits that AIA Services did not post bonds or other security for the payment of the Promissory Note and denies all the other allegations.

### XXI.

Answering paragraph 2.19, this defendant alleges that the Amended Stock Pledge Agreement and the Amended Articles of Incorporation of AIA Services Corporation speak for themselves, and denies all the other allegations.

### XXII.

Answering paragraph 2.20, this defendant alleges that the Promissory Note speaks for itself and denies all the other allegations.

### XXIII.

Answering paragraph 2.22, this defendant admits that the plaintiff was the largest creditor of AIA Services and denies all the other allegations.

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED          –7–
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

Exhibit - C

## XXIV.

Answering paragraph 2.24, this defendant denies that AIA Services and/or AIA Insurance have failed to comply with the agreements as amended and denies all of the other allegations.

## XXV.

Answering paragraph 2.26, this defendant admits that plaintiff, through his counsel, claimed that AIA Services was in default and denies all the other allegations.

## XXVI.

Answering paragraph 2.27, this defendant admits that plaintiff had never attempted to accelerate any of the indebtedness due under the Promissory Note prior to December 12, 2006, admits that AIA Services continued to make interest payments in the agreed upon amounts before and after the date of plaintiff's original complaint and denies all of the other allegations.

## XXVII.

Answering paragraph 2.29, this defendant admits that plaintiff attempted to schedule a special shareholders meeting for December 26, 2006, a date on which the offices of AIA Insurance were scheduled to be closed, admits that no special shareholders meeting

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED          -8-
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

Exhibit - C

was held and denies all of the other allegations.

### XXVIII.

Answering paragraph 2.30, this defendant admits that the quoted words are part of one of the sentences in one of the paragraphs of a letter from R. John Taylor to plaintiff's legal counsel and denies all the other allegations.

### XXIX.

Answering paragraph 2.31, this defendant admits that on January 25, 2007, plaintiff made another demand for a special shareholders meeting for February 5, 2007, admits that AIA Insurance refused his request and denied that he had a right to call a meeting to vote the AIA Insurance shares, admits that no special shareholders meeting was held and denies all the other allegations.

### XXX.

This defendant denies paragraph 2.32 and alleges that none of the defendants is in default under the terms of any of the agreements as amended.

### XXXI.

Answering paragraph 2.33, this defendant denies that any of the defendants were in default under any of the agreements as amended, denies that the plaintiff had a right

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED          —9—
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

# Exhibit - C

to vote the pledged shares, denies that the plaintiff had the authority to take the action he purportedly took, and denies all of the other allegations.

### XXXII.

Answering paragraph 2.34, this defendant admits that AIA Insurance paid $1,510,693.00 to purchase Series C Preferred Shares in AIA Services from an entity in which this defendant was the single largest shareholder but alleges that the stated value of the Series C Preferred Shares, together with mandatory accumulated dividends, likely exceed $3,000,000.00 and that the transaction was substantially beneficial to AIA Services and AIA Insurance. This defendant admits that the 401(k) plan of AIA Services held Preferred C shares and that no shares were purchased or redeemed from the plan and denies all the other allegations.

### XXXIII.

Answering paragraph 2.35, this defendant admits that he purchased a parking lot and denies all the other allegations.

### XXXIV.

Answering paragraph 2.38, this defendant admits that plaintiff executed a Consent in Lieu of Board Meeting, alleges that the Consent speaks for itself, alleges that the

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED        –10–
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

Exhibit - C

plaintiff had no right to execute the Consent, admits that the defendants refused to recognize the Consent as binding on them and denies all the other allegations.

### XXXV.

Answering paragraph 2.40, this defendant admits that Freeman and Duclos resigned as members of the Board of Directors of AIA Insurance and AIA Services, admits that he appointed Connie Taylor and James Beck to the Board of AIA Insurance and AIA Services and denies all of the other allegations.

### XXXVI.

Answering paragraph 2.42, this defendant admits that plaintiff has a valid and perfected security interest as provided in the Amended and Restated Security Agreement, which speaks for itself, admits that plaintiff has demanded that no funds in which he has a security interest should be used to pay the legal fees of any defendant and denies all of the other allegations.

### XXXVII.

Answering paragraph 2.43, this defendant admits that as of 2002 or 2003 he owed AIA Services $307,271.00 and alleges that in 2002 or 2003 he and plaintiff entered into an agreement to extinguish his debt to the corporation and to reduce the corporation's

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED        −11−
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

Exhibit - C

debt to the plaintiff by an amount of $307,271.00 and other sums, as part of a proposed transaction between plaintiff, this defendant and AIA Services which plaintiff later repudiated and refused to complete and denies all the other allegations.

### XXXVIII.

Answering paragraph 2.44, this defendant admits that defendants JoLee Duclos and Bryan Freeman resigned as directors of AIA Services and AIA Insurance, admits that he appointed Connie Taylor and James Beck as replacement Board members and denies all the other allegations.

### XXXIX.

Answering paragraph 2.45, this defendant admits the first two sentences and denies all the other allegations.

### XL.

Answering paragraph 2.46, this defendant alleges that the letter dated February 27, 2001, speaks for itself and denies all the other allegations.

### XLI.

Answering paragraph 2.48, this defendant alleges that AIA Services and AIA Insurance are and were being operated for the benefit of AIA Services and AIA Insurance

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED        −12−
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

Exhibit - C

FEB. 25. 2009  3:14PM    DISTRICT COURT                        NO. 0935    P. 14

and denies all the other allegations.

## XLII.

Answering paragraph 2.51, this defendant denies the first sentence for lack of information and belief and denies all the other allegations.

## XLIII.

Answering paragraph 2.55, this defendant alleges that the Executive Officers Agreement speaks for itself, but also alleges that the Executive Officers Agreement has been amended, and denies all the other allegations.

## XLIV.

Answering paragraph 2.56, this defendant admits that some defendants may have stated that Crop USA has been reimbursing AIA Services and/or AIA Insurance for employee labor, expenses, costs and services utilized for Crop USA's benefit and denies all the other allegations.

## XLV.

Answering paragraph 3.2, this defendant alleges that the Promissory Note, Amended Stock Pledge Agreement, Amended Security Agreement and Restructure Agreement speak for themselves, alleges that those agreements have been amended and that

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED        —13—
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

Exhibit - C

FEB. 25, 2009  3:14PM    DISTRICT COURT    NO. 0935  P. 15

the defendants have complied with the terms of those agreements, as amended, and denies all the other allegations.

## XLVI.

Answering paragraph 3.3, this defendant alleges that the agreements were modified, denies that defendants are in breach of any of the agreements as modified and denies all the other allegations.

## XLVII.

Answering paragraph 8.2., this defendant admits that plaintiff has a security interest as provided in the Amended and Restated Security Agreement, which speaks for itself, and denies all the other allegations.

## XLVIII.

Answering paragraph 8.4., this defendant alleges that 8.4. is a prayer for relief rather than an averment of fact and otherwise denies all of the allegations.

## XLIX.

Answering paragraph 12.2, this defendant admits that there is an implied obligation of good faith and fair dealing between the parties to the Promissory Note and Amended Stock Pledge Agreement, Amended Security Agreement and Restructure

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED        —14—
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

Exhibit - C

Agreement and denies all the other allegations.

## FIRST AFFIRMATIVE DEFENSE

On July 1, 1996, plaintiff, AIA Services and Donna J. Taylor entered into a SERIES A PREFERRED SHAREHOLDER AGREEMENT which provides that no principal payments may be made by AIA Services to plaintiff until the entire redemption price due Donna Taylor is paid in full. The redemption price due Donna Taylor has not been paid in full. Therefore, no principal payments are due to plaintiff.

## SECOND AFFIRMATIVE DEFENSE

At different times since the written agreements were executed, plaintiff and some defendants have orally modified the written agreements. The modifications include, without limitation, an agreement that the interest payable to plaintiff from AIA Services would be paid in installments of $15,000.00 per month (together with the assumption of responsibility for other expenses). AIA Services has paid plaintiff the sum of $15,000.00 per month and has assumed responsibility for the other agreed expenses in accordance with the modified agreements since they were entered into and plaintiff has accepted those payments. None of these defendants is in default of the modified agreements with plaintiff.

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED          —15—
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

Exhibit - C

## THIRD AFFIRMATIVE DEFENSE

The claims of the plaintiff are barred by applicable statutes of limitation, including Idaho Code §§ 5-216, 5-218, 5-224, 5-237 and 55-918.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting his claims against this defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has waived his right to assert claims against this defendant.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against this defendant are barred by the equitable doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims in his THIRD CAUSE OF ACTION violate Rule 9(b) I.R.C.P.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

To the extent that plaintiff is attempting to state a claim for a shareholder's

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED          −16−
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

Exhibit - C

derivative action, plaintiff's claims are barred because he failed to give the notice required by Idaho Code § 30-1-742.

## TENTH AFFIRMATIVE DEFENSE

One or more of the plaintiff's causes of action fails to state a claim upon which relief can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are subject to this defendant's right of setoff.

## COUNTERCLAIMS

This defendant counterclaims against the plaintiff as follows:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff has intentionally inflicted emotional distress on this defendant and damaged this defendant in an amount to be proved at trial.

## NOTICE OF INTENT TO AMEND

This defendant hereby gives notice of his intention to request the Court to permit him to amend this counterclaim to include a claim for punitive damages.

WHEREFORE, this defendant requests the Court:

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED        —17—
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

Exhibit - C

1. To dismiss the Fifth Amended Complaint of the plaintiff, with prejudice and to award this defendant his costs and reasonable attorneys fees.

2. To award this defendant damages for plaintiff's intentional infliction of emotional distress, in the amounts proved at trial.

3. For such other and further relief as to the Court may seem just.

Dated: February 25, 2008.

CLEMENTS, BROWN & McNICHOLS, P.A.

By: _____
MICHAEL E. McNICHOLS

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED          –18–
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

Exhibit - C

## DEMAND FOR TRIAL BY JURY

This defendant demands a trial by a jury of twelve (12) persons of all of the issues in this case that are triable to a jury.

CLEMENTS, BROWN & McNICHOLS, P.A.

By: _____

MICHAEL E. McNICHOLS

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of February, 2008, I caused to be served a true and correct copy of the foregoing by the method indicated below, and addressed to the following:

Roderick C. Bond
Ned A. Cannon
Smith, Cannon & Bond, PLLC
Attorneys at Law
508 Eighth Street
Lewiston, ID 83501
Facsimile: 746-8421
rod@scblegal.com

David A. Gittins
Attorney at Law
P.O. Box 191
Clarkston, WA 99403
Facsimile: 758-3576
david@gittinslaw.com

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED      –19–
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

Exhibit - C

Gary D. Babbitt
D. John Ashby
Hawley Troxell Ennis & Hawley
877 Main Street, Ste. 1000
P.O. Box 1617
Boise, ID 83701-1617
Facsimile: (208) 342-3829
jash@hteh.com

James J. Gatziolis
Charles E. Harper
Quarles & Brady, LLP
500 West Madison Street
Suite 3700
Chicago, IL   60661-2511
Facsimile: (312) 715-5155
jjg@quarles.com

Jonathan D. Hally
Clark & Feeney
P.O. Box 285
Lewiston, ID 83501
Facsimile: 746-9160
Jhally@clarkandfeeney.com

     X    U.S. MAIL
           HAND DELIVERED
           OVERNIGHT MAIL
           TELECOPY (FAX)

Michael E. McNichols

ANSWER OF R. JOHN TAYLOR TO
PLAINTIFF'S FIFTH AMENDED     –20–
COMPLAINT and COUNTERCLAIM
and DEMAND FOR TRIAL BY JURY

Exhibit - C