JONATHAN D. HALLY
CLARK and FEENEY
Attorneys for Defendants, Connie Taylor,
James Beck, and Corrine Beck
The Train Station, Suite 201
13th and Main Streets
P. O. Drawer 285
Lewiston, Idaho  83501
Telephone:  (208)743-9516
ISB# 4979

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

| | |
|---|---|
| REED J. TAYLOR, a single person,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC., an Idaho corporation; R. JOHN TAYLOR and CONNIE TAYLOR, individually and the community property comprised thereof; BRYAN FREEMAN, a single person; JOLEE DUCLOS, a single person; CROP USA INSURANCE AGENCY, INC., an Idaho Corporation; and JAMES BECK and CORRINE BECK, individually and the community property comprised thereof,<br><br>　　　　　Defendants.<br><br>CONNIE W. TAYLOR and JAMES BECK,<br><br>　　　　　Counterclaimants,<br>vs.<br><br>REED J. TAYLOR, a single person,<br><br>　　　　　Counterdefendant. | Case No. CV-07-00208<br><br>ANSWER OF DEFENDANTS, CONNIE TAYLOR, JAMES BECK, AND CORRINE BECK'S TO PLAINTIFF'S FIFTH AMENDED COMPLAINT, DEMAND FOR JURY TRIAL AND COUNTERCLAIM |

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK    1

Exhibit - D

COME NOW the Defendants, CONNIE TAYLOR, JAMES BECK and CORRINE BECK in the above-entitled action and answer the Plaintiff's Fifth Amended Complaint as follows:

1.    These Defendants deny each and every allegation in Plaintiff's Fifth Amended Complaint not specifically admitted herein.

2.    These Defendants admit the allegations contained within paragraphs 1.1, 1.2, 1.3 and 1.4.

3.    With regard to paragraph 1.5, these Defendants admit R. John Taylor and Connie Taylor were husband and wife until on or about December 16, 2005, and that said persons were residents of Lewiston, Nez Perce County, Idaho. These Defendants deny the remaining allegations of said paragraph and any inferences of wrongdoing contained therein.

4.    These Defendants admit the allegations contained within paragraphs 1.6, 1.7 and 1.8.

5.    With regard to paragraph 1.9, these Defendants admit that James Beck and Corrine Beck are residents of the State of Minnesota and deny the remaining allegations of said paragraph and any inferences of wrongdoing contained therein.

6.    These Defendants admit the allegations contained in Paragraphs 1.10 and 1.11 of the Complaint.

7.    With regard to paragraph 2.1, these Defendants admit that R. John Taylor was an officer and director of AIA Services, AIA Insurance, and Crop USA and that Connie Taylor and R. John Taylor own shares in AIA Services and Crop USA. These Defendants are without sufficient knowledge to admit or deny the remaining allegations and, therefore, deny the same.

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK    2

Exhibit - D

8.    With regard to paragraph 2.2, these Defendants admit that Connie Taylor, and R. John Taylor, were divorced through an Interlocutory Decree filed on December 16, 2005, and deny the remaining allegations contained therein.

9.    Paragraph 2.3 contains mere commentary such that Defendants are not required to answer said paragraph. To the extent an answer is deemed required, these Defendants deny any allegations contained within said paragraph including any inferences of wrongdoing.

10.    These Defendants deny the allegations contained within paragraph 2.4.

11.    With regard to paragraph 2.5, these Defendant admit that JoLee Duclos was an officer and director of AIA Services, AIA Insurance, and Crop USA and that Duclos is a shareholder in Crop USA and deny the remaining allegations contained therein.

12.    With regard to paragraph 2.6, these Defendants admit that Bryan Freeman was a director of AIA Services, AIA Insurance ,and Crop USA and is a shareholder in Crop USA, and deny the remaining allegations contained therein.

13.    With regard to paragraph 2.7, these Defendants are without sufficient knowledge to admit or deny the allegations set forth in the first two sentences of said paragraph and, therefore deny the same. Defendants deny the remaining allegations contained within said paragraph.

14.    These Defendants admit the allegations in paragraph 2.8 of the Complaint.

15.    With regard to paragraph 2.9, these Defendants admit that Defendant, James Beck, is a shareholder in AIA Services and Crop USA and that James Beck is, and at certain other times was, a member of the Board of Directors of AIA Insurance and AIA Services, and deny the remaining allegations contained therein.

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK        3

Exhibit - D

16.     With regard to paragraph 2.10, these Defendants admit the first and third sentences and in answering said paragraph, allege that in 1995 Reed Taylor desired to retire and have AIA Services redeem his stock, and deny the remaining allegations contained in said paragraph.

17.     With regard to paragraph 2.11, these Defendants admit that AIA Insurance is a wholly owned subsidiary of AIA Services and that AIA Insurance is a lessee of the office building located at 111 Main Street, Lewiston, Idaho, and deny the remaining allegations contained within said paragraph.

18.     With regard to paragraph 2.12, these Defendants assert that the documents speak for themselves.

19.     With regard to paragraph 2.13, these Defendants allege that the documents speak for themselves and are without sufficient information to admit or deny the remaining allegations and therefor deny the same.

20.     With regard to 2.14, these Defendants allege that the documents speak for themselves and, are without sufficient information to admit or deny the remaining allegations and therefore deny the same.

21.     With regard to paragraph 2.15, these Defendants admit that in 1996 AIA Services and Plaintiff agreed to modify the Stock Redemption Agreement and executed the Stock Redemption Restructure Agreement, an Amended and Restated Stock Pledge Agreement and an Amended and Restated Security Agreement.  These Defendants further assert that the documents speak for themselves and deny the remaining allegations.

22.     With regard to paragraphs 2.16, these Defendants allege that the documents speak for themselves and deny the remaining allegations.

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK     4

Exhibit - D

23. With regard to paragraphs 2.17, these Defendants allege that the documents speak for themselves and deny the remaining allegations.

24. With regard to paragraph 2.18, these Defendants allege that the Amended Stock Pledge Agreement speaks for itself. Further, these Defendants are without sufficient information to admit or deny those allegations that are specifically directed at other Defendants and therefore deny the same. These Defendants deny the remaining allegations.

25. With regard to paragraph 2.19, these Defendants allege that the documents speak for themselves and deny the remaining allegations.

26. With regard to paragraph 2.20, these Defendants allege that the documents speak for themselves and deny the remaining allegations contained therein.

27. With regard to paragraph 2.21, these Defendants are without sufficient information to admit or deny the allegations contained therein and, therefore, deny the same.

28. With regard to paragraph 2.22, these Defendants admit that Plaintiff was the largest creditor of AIA Services during certain relevant times and deny all other allegations contained therein.

29. With regard to paragraph 2.23 and 2.24, these Defendants are without sufficient information to admit or deny the allegations contained therein and, therefore, deny the same.

30. These Defendants deny the allegations contained within paragraphs 2.25.

31. With regard to paragraph 2.26, these Defendants admit that Plaintiff claimed that AIA Services was in default but deny the remaining allegations contained in said paragraph.

32. With regard to paragraph 2.27, these Defendants are without sufficient information to admit or deny the allegations contained therein and, therefore, deny the same.

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK       5

LAW OFFICES OF
CLARK AND FEENEY
LEWISTON, IDAHO 83501

Exhibit - D

33. With regard to paragraph 2.28, these Defendants deny the allegations contained therein.

34. With regard to paragraph 2.29, these Defendants are without sufficient information to admit or deny the allegations contained therein and, therefore, deny the same.

35. With regard to paragraphs 2.30, and 2.31, these Defendants are without sufficient information to admit or deny the allegations contained therein and therefore deny the same.

36. These Defendants deny the allegations contained in paragraph 2.32.

37. With regard to paragraph 2.33, these Defendants admit Plaintiff executed a Consent in Lieu of Special Shareholder Meeting of AIA insurance and deny the remaining allegations contained therein.

38. With regard to paragraph 2.34, these Defendants admit that AIA Insurance paid $1,510,693 to purchase Series C Preferred Shares in AIA Services from Crop USA and admit that AIA Services' 401(k) Plan held Preferred C shares. These Defendants deny the remaining allegations contained within said paragraph.

39. With regard to paragraph 2.35, these Defendants admit that R. John Taylor purchased a parking lot and these Defendants deny the remaining allegations contained within said paragraph.

40. These Defendants deny the allegations contained within paragraphs 2.36 and 2.37.

41. With regard to paragraph 2.38, these Defendants are without sufficient information to admit or deny the allegations contained therein and therefore deny the same.

42. These Defendants deny the allegations the contained within paragraph 2.39 of the Complaint.

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK        6

Exhibit - D

43. With regard to paragraph 2.40, these Defendants admit that Defendants Freeman and Duclos resigned as members of the Board of Directors of AIA Insurance and AIA Services and that Defendants Connie Taylor and James Beck were appointed to the Board of AIA Insurance and AIA Services. These Defendants deny the remaining allegations contained within said paragraph.

44. These Defendants deny the allegations contained with paragraphs 2.41.

45. With regard to paragraph 2.42, these Defendants admit that Plaintiff made a demand that certain funds not be used to pay the leal fees of any of the individual Defendants and deny the remaining allegations within said paragraph.

46. With regard to paragraph 2.43, these Defendants are without sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

47. With regard to paragraph 2.44, these Defendants admit that Crop USA purchased Sound Insurance and deny the remaining allegations contained within said paragraph.

48. With regard to paragraph 2.45, these Defendants admit that Global Travel was a tenant in AIA Insurance's office building located in Lewiston, Idaho, and deny the remaining allegations contained therein.

49. With regard to paragraph 2.46, these Defendants are without sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

50. These Defendants are without sufficient knowledge to admit or deny the allegations contained within paragraph 2.47 and therefore deny the same.

51. In answering paragraph 2.48, these Defendants allege that AIA Services and AIA Insurance operated for the benefit of AIA Services and AIA Insurance, respectively and deny the remaining allegations contained within said paragraph.

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK      7

LAW OFFICES OF
CLARK AND FEENEY
LEWISTON, IDAHO 83501

Exhibit - D

52.   These Defendants deny the allegations contained within paragraphs 2.49 and 2.50.

53.   With regard to paragraph 2.51, these Defendants lack sufficient information to admit or deny the allegations as to what Reed believes and therefore deny the same and further deny the remaining allegations contained within said paragraph.

54.   These Defendants deny the allegations contained within paragraphs 2.52 and 2.53.

55.   With regard to paragraph 2.54, these Defendants are without sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

56.   With regard to paragraph 2.55, these Defendants assert that the Executive Officer's Agreement speaks for itself and deny the remaining allegations contained within said paragraph.

57.   These Defendants deny the allegations contained within paragraphs 2.56, 2.57 and 2.58.

58.   With regard to paragraph 2.59, said paragraph fails to assert any allegations against these Defendants which require an answer.

59.   With regard to paragraph 3.1, these Defendants re-allege and incorporate each and every admission and denial set forth above.

60.   These Defendants deny the allegations contained in paragraphs 3.2, 3.3 and 3.4.

61.   With regard to paragraph 4.1, these Defendants re-allege and incorporate each and every admission and denial set forth above.

62.   These Defendants deny the allegations contained in paragraphs 4.2, 4.3 and 4.4.

63.   With regard to paragraph 5.1, these Defendants re-allege and incorporate each and every admission and denial set forth above.

64.   These Defendants deny the allegations contained in paragraphs 5.2, 5.3 and 5.4.

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK       8

Exhibit - D

65. With regard to paragraph 6.1, these Defendants re-allege and incorporate each and every admission and denial set forth above.

66. These Defendants deny the allegations contained in paragraphs 6.2 and 6.3.

67. With regard to paragraph 7.1, these Defendants re-allege and incorporate each and every admission and denial set forth above.

68. With regard to paragraph 7.2, these Defendants reaffirm their response to the allegations contained within paragraph 2.52.

69. These Defendants deny the allegations contained in paragraphs 7.3, 7.4 and 7.5.

70. With regard to paragraph 8.1, these Defendants re-allege and incorporate each and every admission and denial set forth above.

71. These Defendants deny the allegations contained in paragraphs 8.2, 8.3 and 8.4 .

72. With regard to paragraph 9.1, these Defendants re-allege and incorporate each and every admission and denial set forth above.

73. These Defendants deny the allegations contained in paragraphs 9.2, 9.3 and 9.4.

74. With regard to paragraph 10.1, these Defendants re-allege and incorporate each and every admission and denial set forth above.

75. These Defendants deny the allegations contained in paragraphs 10.2, 10.3 and 10.4.

76. With regard to paragraph 11.1, these Defendants re-allege and incorporate each and every admission and denial set forth above.

77. These Defendants deny the allegations contained in paragraphs 11.2, 11.3 and 11.4.

78. With regard to paragraph 12.1, these Defendants re-allege and incorporate by reference their answers and denials set forth in the preceding paragraphs of this Answer.

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK        9

LAW OFFICES OF
CLARK AND FEENEY
LEWISTON, IDAHO 83501



79.     These Defendants deny the allegations contained in paragraphs 12.2 and 12.3.

80.     With regard to paragraph 13.1, these Defendants re-allege and incorporate by reference their answers and denials set forth in the preceding paragraphs of this Answer.

81.     These Defendants deny the allegations contained in paragraphs 13.2 and 13.3.

## AFFIRMATIVE DEFENSES

By pleading certain defenses as "affirmative defenses," these Defendants do not intend to suggest that they have the burden of proof for any such defense.  Furthermore, as the answering Defendants have not had the opportunity to fully conduct discovery in this case and by failing to raise an affirmative defense do not intend to waive any such defense and specifically reserve the right to amend their answer to include additional affirmative defenses.

### First Affirmative Defense

At all times, Defendants Taylor and Beck, properly discharged their duties in good faith and with the due care that persons in like positions would reasonably believe appropriate under similar circumstances.

### Second Affirmative Defense

On July 1, 1996, Plaintiff, AIA Services Corporation and Donna J. Taylor, entered into a Series A Preferred Shareholder Agreement, which provides that no principal payments may be made by AIA Services Corporation to Plaintiff until the entire redemption price due to Donna Taylor is paid in full. The redemption price due to Donna Taylor has not been paid in full.  Therefore, no principal payments are due to Plaintiff.

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK        10

Exhibit - D

<u>**Third Affirmative Defense**</u>

At different times since the written agreements were executed, Plaintiff and some Defendants have orally modified the written agreements. The modifications include, without limitation, an agreement that the interest payable to Plaintiff from AIA Services would be paid in installments of $15,000.00 per month (together with the assumption of responsibility for other expenses.) AIA Services has paid Plaintiff the sum of $15,000.00 per month and has assumed responsibility for the other agreed expenses in accordance with the modified agreements since they were entered into and Plaintiff has accepted those payments. None of these Defendants are in default of the modified agreements with Plaintiff.

<u>**Fourth Affirmative Defense**</u>

The Plaintiff's claims are barred by applicable statutes of limitation, including Idaho Code Sections 5-216, 5-218, 5-224, 5-237, and 55-918.

<u>**Fifth Affirmative Defense**</u>

Plaintiff's claims are barred under the Doctrines of Estoppel and Waiver.

<u>**Sixth Affirmative Defense**</u>

Plaintiff's claims are barred by the Doctrine of Laches.

<u>**Seventh Affirmative Defense**</u>

Plaintiffs claims are barred by the Doctrine of Unclean Hands.

<u>**Eighth Affirmative Defense**</u>

One or more of Plaintiff's causes of action fail to state a claim upon which relief can be granted.

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK        11

### Ninth Affirmative Defense

Plaintiff's claims in his Third Cause of Action fail to assert matters with the particularity of Rule 9(b) of the Idaho Rules of Civil Procedure.

### Tenth Affirmative Defense

To the extent the Plaintiff is attempting to state a claim for a shareholder's derivative action, Plaintiff's claims are barred because Plaintiff failed to provide the notice required by Idaho Code Section 30-1-742.

### Eleventh Affirmative Defense

Plaintiff Reed J. Taylor voluntarily relinquished and waived events of default under the Amended Security Agreement and Amended Pledge Agreement, including but not limited to, default or breaches arising from or relating to financial statements, board memberships, or insolvencies or bankruptcies.

### Twelfth Affirmative Defense

Plaintiff Reed J. Taylor voluntarily relinquished the payment provision of this 1996 Promissory and accepted a modified monthly interest payment of $25,000 and future payment of principal upon placement of $60,000,000 in new business evidenced by his conduct, words and acquiesces.

### Thirteenth Affirmative Defense

Plaintiff Reed J. Taylor is estopped from claiming a default or breach of the Amended Pledge Agreement or the Amended Security Agreement, including but not limited to alleged defaults related to or arising from financial statements, board membership, or insolvency or bankruptcy, as it would

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK        12

LAW OFFICES OF
CLARK AND FEENEY
LEWISTON, IDAHO 83501

Exhibit - D

be unconscionable to allow Reed J. Taylor to assert such rights to default based on his prior positions and conduct.

## Fourteenth Affirmative Defense

Plaintiff has failed to join an indispensable party, Donna Taylor.

## Fifteenth Affirmative Defense

Plaintiff's claims against these Defendants are barred because the 1995 Stock Redemption Agreement, the 1996 Stock Redemption Restructure Agreement and the other related agreements are void as in violation of former Idaho Code § 30-1-46 (superseded in 1997 by Idaho Code § 30-1-640). Idaho Code § 30-1-46 provided that a corporation could redeem its shares (or make other distributions) only out of the corporation's capital surplus. The statute further prohibited shareholder distributions "when the corporation is insolvent or when such distribution would render the corporation insolvent."

## Sixteenth Affirmative Defense

At the time the parties entered into the 1995 Stock Redemption Agreement, AIA Services did not have any capital surplus with which to redeem Plaintiff's common stock, AIA had an accumulated deficit, and/or said transaction rendered AIA Services insolvent. The 1995 Stock Redemption Agreement, the 1996 Stock Redemption Restructure Agreement and the related agreements are, therefore, illegal and void. Therefore, this Court should decline to enforce the illegal and void agreements, including the $6 Million Note. In the alternative, the agreements should be rescinded.

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK        13

## COUNTERCLAIM

COME NOW, Defendants/Counterclaimants Connie Taylor and James Beck and for cause of action against Plaintiff/Counterdefendant, allege, plead and complain as follows:

1.      Since April 30, 2007 Connie Taylor and James Beck were appointed to the Board of Directors for AIA Services Corporation and AIA Insurance, Inc., and each continue to be on said Boards of Directors.

2.      Connie Taylor is a single person residing in Lewiston, Nez Perce County, Idaho.

3.      James Beck is a married person and is a resident of Minnesota.

4.      Reed Taylor is a single person and resides in Lewiston, Nez Perce County, Idaho.

5.      AIA Services Corporation ("AIA Services") is an Idaho corporation with its principal place of business located in Lewiston, Nez Perce County Idaho.

6.      AIA Insurance, Inc. ("AIA Insurance") is an Idaho corporation with its principal place of business being located in Lewiston, Nez Perce County, Idaho. AIA Insurance is a wholly owned subsidiary of AIA Services.

7.      In 1995 Reed Taylor was a member of the Board of Directors for AIA Services and AIA Insurance. He owned 613,494 shares of common stock in AIA Services.

8.      On or about July 22, 1995, AIA Services and Reed Taylor entered into a Stock Redemption Agreement, Stock Pledge Agreement, and Security Agreement through which AIA Services redeemed Reed Taylor's 613,494 shares of AIA Services Common Stock. Under these Agreements, Reed Taylor was to receive, among other things, (a) $1,500,000.00 payable at closing; (b) $6,000,000.00 payable pursuant to

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK      14

"Exhibit" - D

terms of a promissory note; and, (c) elimination of approximately $570,000.00 in debt that Reed Taylor owed to AIA Services.

9.   In 1996 AIA Services and Reed Taylor modified the Stock Redemption Agreement and executed a Stock Redemption Restructure Agreement, an Amended and Restated Stock Pledge Agreement, and Amended and Restated Security Agreement. ("1996 Agreements"). On information and belief, Counterclaimants allege that the 1996 Agreements were further modified by Reed Taylor and AIA Services.

10.   At the time of the execution of the 1995 Stock Redemption Agreement, Stock Pledge Agreement and Security Agreement ("1995 Agreements"), Reed Taylor was a member of the Board of Directors for both AIA Services and AIA Insurance.

11.   At the time the 1995 Agreements were entered into, AIA Services did not have sufficient capital surplus to redeem Reed Taylor's shares of AIA Services common stock and had an accumulated deficit.

12.   The 1995 Agreements rendered AIA Services insolvent.

13.   As of December 31, 1994, AIA Services had total assets of $6,052,465 and total liabilities of $5,001,738.

14.   As of December 31, 1995, AIA Services had total assets of $3,342,152 and total liabilities of $18,655,370.

15.   As of December 31, 1996, AIA Services had total assets of $2,856,836 and total liabilities of $16,113,178.

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK       15

LAW OFFICES OF
CLARK AND FEENEY
LEWISTON, IDAHO 83501

Exhibit - D

16.   As a result of the financial status of AIA Services at the time the 1995 Agreements were entered into, said Agreements violated Idaho Code Section 30-1-46 as well as Idaho common law and as such were illegal.

## DECLARATORY JUDGMENT

17.   The foregoing paragraphs are incorporated by reference and restated as if set forth in full.

18.   Defendants/Counterclaimants seek an Order declaring the following:

(a)   that the 1995 Redemption Agreement, Promissory Note, Security Agreement and related agreements were illegal, void and unenforceable;

(b)   that as a result of the illegality of the 1995 Agreements, all subsequent agreements which modified and/or revised the 1995 Agreements are also illegal, void and unenforceable; or, in the alternative,

(c)   for an Order rescinding the 1995 Agreements and subsequent revisions/modifications thereto, and, thereby requiring Reed Taylor to reimburse AIA Services all funds paid to him and benefits he received under the 1995 Agreements and subsequent revisions thereto and, after full reimbursement has been rendered, for the return of the AIA Services common stock to Reed Taylor.

WHEREFORE, these Defendants and Counterclaimants pray as follows:

1.   That Plaintiff's claims be denied and Plaintiff take nothing by way of his Fifth Amended Complaint;

2.   For judgment in favor of Counterclaimants and against Plaintiff/Counterdefendant on the counterclaim.

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK        16

Exhibit - D

3.    For an Order declaring the 1995 Redemption Agreement and related Agreements set forth in the Counterclaim are illegal, void, and unenforceable.

4.    For an Order rescinding the 1995 Redemption Agreement, Security Agreements and all subsequent revised agreements.

5.    For costs and attorney fees.

6.    For such other relief as the Court may deem just and proper under the circumstances of this lawsuit.

Dated this 16 day of April, 2008.

CLARK AND FEENEY

By:  _____
Jonathan D. Hally, a member of the firm
Attorneys for Defendants Connie Taylor,
James Beck, and Corrine Beck.

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK        17

LAW OFFICES OF
CLARK AND FEENEY
LEWISTON, IDAHO 83501

Exhibit - D

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial of all issues in this cause and will not stipulate to a jury of less than twelve (12).

DATED on this _16_ day of April, 2008.

CLARK and FEENEY

By: _____
Jonathan D. Hally, a member of the firm
Attorneys for Defendants Connie Taylor,
James Beck, and Corrine Beck.

STATE OF IDAHO      )
                    ) ss.
County of Nez Perce )

**Connie W. Taylor,** being first duly sworn on oath, deposes and says:

That she is one of the Defendant's herein; that she has read the foregoing instrument, knows the contents thereof and the facts stated therein are true to the best of his/her knowledge, information and belief.

_____
Connie W. Taylor

SUBSCRIBED AND SWORN to before me this 16th day of April 2008.

_Tamara Crane_
Notary Public in and for the State of Idaho
Residing at _Lewiston_, therein.
My commission expires: _03/06/2014_

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK      18

Exhibit - D

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __16__ day of April, 2008, I caused to be served a true and correct copy of the foregoing document by the method indicated below, and addressed to the following:

| | |
|---|---|
| Roderick C. Bond<br>Ned A. Cannon<br>Smith and Cannon<br>508 Eighth Street<br>Lewiston, ID 83501<br>*Attorneys for Reed Taylor* | ☒ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Telecopy (FAX) *(208) 746-8421*<br>☒ E-mail: *rod@scblegal.com;*<br>*ned@scblegal.com;*<br>*legalservices@clearwire.net* |
| James J. Gatziolis<br>Charles E. Harper<br>QUARLES & BRADY LLP<br>500 West Madison Street, Suite 3700<br>Chicago, Illinois 60661-2511<br>*Attorneys for Crop USA Insurance* | ☒ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Telecopy (FAX) *(312) 715-5155*<br>☒ E-mail *charper@quarles.com;*<br>*jjg@quarles.com* |
| Michael McNichols<br>Clements, Brown & McNichols<br>321 13th Street<br>PO Box 1510<br>Lewiston, ID 83501<br>*Attorneys for R. John Taylor* | ☒ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Telecopy (FAX) *(208) 746-0753*<br>☒ E-mail *mmcnichols@clbrmc.com* |
| David A. Gittins<br>Law Offices of David A. Gittins<br>843 7th Street<br>PO Box 191<br>Clarkston, WA 99403<br>*Attorneys for Duclos and Freeman* | ☒ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Telecopy (FAX) *(509) 758-3576*<br>☒ E-mail *david@gittinslaw.com* |
| Gary D. Babbitt<br>D. John Ashby<br>Hawley Troxell Ennis & Hawley LLP<br>877 Main Street, Suite 1000<br>P.O. Box 1617<br>Boise, ID 83701-1617<br>*Attorneys for AIA Services and AIA Insurance* | ☒ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Telecopy (FAX) *(208) 342-3829*<br>☒ E-mail *gdb@hteh.com; jash@hteh.com* |

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK        19

LAW OFFICES OF
CLARK AND FEENEY
LEWISTON, IDAHO 83501

Exhibit - D

Dean Wullenwaber
Wullenwaber Law Firm
703 8ᵗʰ St.
Lewiston, ID 83501
Attorney for Reed Taylor

☑ U.S. Mail
☐ Hand Delivered
☐ Overnight Mail
☐ Telecopy (FAX)
☑ Email dwlawfirm@cableone.net

_____
Jonathan D. Hally

ANSWER OF DEFENDANTS, CONNIE TAYLOR,
JAMES BECK AND CORRINE BECK    20

LAW OFFICES OF
CLARK AND FEENEY
LEWISTON, IDAHO, 83501

Exhibit - D