FILED

2011 DEC 28  PM 2 08

PATTY O. WEEKS
CLERK OF THE DIST. COURT

DEPUTY

## IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

| | |
|---|---|
| REED J. TAYLOR, a single person, | ) CASE NO. CV07-00208 |
| Plaintiff/Apellant / Cross-Respondent | ) |
| v. | ) OPINION AND ORDER ON PLAINTIFF'S AMENDED MOTION TO SUPPLEMENT AND AMEND COMPLAINT AND DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |
| AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC., an Idaho corporation; R. JOHN TAYLOR and CONNIE TAYLOR, individually and the community property comprised thereof, BRIAN FREEMAN, a single person; JOLEE DUCLOS, a single person; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; and JAMES BECK and CORRINE BECK, individually and the community property comprised thereof, | ) |
| Defendants / Respondents / Cross-Appellants | ) |
| AIA SERVICES CORPORATION, an Idaho corporation; and AIA INSURANCE, INC., an Idaho corporation, | ) |
| Counter-Claimants, | ) |
| v. | ) |
| REED J. TAYLOR, a single person, | ) |
| Counter-Defendant | ) |

1

*Taylor v. AIA et al.*
Opinion & Order on Mot to Amd Complaint and
Mot for Jdgmt on the Pleadings

# Exhibit - F

```
                                              )
CONNIE W. TAYLOR and JAMES BECK,              )
AIA SERVICES CORPORATION, an Idaho            )
Corporation; and AIA INSURANCE, INC., an      )
Idaho corporation,                            )
                                              )
              Counter-Claimants,              )
                                              )
      v.                                      )
                                              )
REED J. TAYLOR, a single person,              )
                                              )
              Counter-Defendant,              )
                                              )
```

This matter is before the Court on Plaintiff's Motion to Amend and Supplement Complaint and Defendants' Motion for Judgment on the Pleadings. A hearing on the Motions was held on November 10, 2011. Plaintiff Reed Taylor was represented by attorney Roderick C. Bond. Defendants AIA Services Corporation and AIA Insurance, Inc. were represented by attorney John Ashby. Defendant R. John Taylor represented himself. Defendants Connie Taylor, James Beck and Corrine Beck were represented by attorney David R. Risley. The Court, having read the motions, briefs, and affidavits submitted by the parties, having heard oral arguments of counsel and being fully advised in the matter, hereby renders its Opinion.

## BACKGROUND

The factual background in the above-entitled matter will not be restated here as the facts are well known to the parties and have been articulated by this Court in numerous prior opinions. The factual background was also articulated by the Idaho Supreme Court in its Opinion entered September 7, 2011, wherein the Court affirmed this Court's granting of partial summary judgment and dismissal of certain causes of action. The matter was subsequently returned to this Court on the remaining causes of action. Upon return to the trial Court, Defendants AIA

2

*Taylor v. AIA et al.*
Opinion & Order on Mot to Amd Complaint and
Mot for Jdgmt on the Pleadings

Exhibit - F

Services and AIA Insurance filed a Motion for Judgment on the Pleadings pursuant to I.R.C.P.

12(c). The remaining Defendants filed joinder in Defendant AIA's Motion. In addition, Plaintiff

Reed Taylor filed an Amended Motion to Amend and Supplement Complaint.

## APPLICABLE STANDARDS

The decision to grant or deny a party's motion to amend a pleading is left to the trial

court's discretion. *Trimble v. Engelking*, 130 Idaho 300, 303, 939 P.2d 1379 (1997).

A motion for judgment on the pleadings is brought pursuant to Rule 12 of the Idaho

Rules of Civil Procedure, which provides in relevant part:

> After the pleadings are closed but within such time as not to delay the trial, any
> party may move for judgment on the pleadings. If on a motion for judgment on
> the pleadings, matters outside the pleadings are presented to and not excluded by
> the court, the motion shall be treated as one for summary judgment and disposed
> of as provided in Rule 56, and all parties shall be given reasonable opportunity to
> present all material made pertinent to such a motion by Rule 56.

I.R.C.P. 12(c).

The material facts in the instant matter are contained in the lengthy record that has

developed since the filing of Plaintiff's original Complaint. Because it is necessary for the Court

to look beyond the pleadings to make the appropriate analysis, Defendants' Motion shall be

treated as one for summary judgment pursuant to I.R.C.P. 56.

## ANALYSIS

On September 7, 2011, the Idaho Supreme Court entered its Opinion affirming this

Court's finding that the stock redemption agreement that is the basis of Plaintiff's claims was an

illegal contract under the then existing statutes and that the Courts must leave the parties as it

finds them. The Idaho Supreme Court declined the request of Defendants' to dismiss Plaintiff's

3

*Taylor v. AIA et al.*
Opinion & Order on Mot to Amd Complaint and
Mot for Jdgmt on the Pleadings

# Exhibit - F

remaining claims for fraudulent transfers/conveyances, alter ego, director liability, breach of fiduciary duty, and civil conspiracy as the request went beyond the scope of the appeal before the Court. Defendants now come again before this Court and seek dismissal of Plaintiff's remaining claims. In response, Plaintiff seeks to amend and supplement his Fifth Amended Complaint.

## (I) MOTION TO AMEND AND SUPPLEMENT FIFTH AMENDED COMPLAINT

In his Motion, Plaintiff acknowledges that the ruling of this Court and the Idaho Supreme Court has eliminated Plaintiff's ability to obtain a remedy from AIA Services or AIA Insurance. Nevertheless, Plaintiff now contends certain individuals 'engineered' the illegal redemption of his AIA shares and he now seeks to amend and supplement his Fifth Amended Complaint so as to assert claims against those individuals.[1]

Plaintiff's proposed Sixth Amended Complaint asserts two causes of action: (1) breaches of contract/account stated; and (2) quasi contract/unjust enrichment. In his proposed Sixth Amended Complaint, Plaintiff contends certain individuals[2] who were shareholders at the time negotiations occurred for the buyout his AIA shares should be held personally liable for breach of contract and unjust enrichment, based on Plaintiff's newly proposed theory that the individuals 'engineered' the illegal transaction. To the degree that it is possible to examine what occurred nearly sixteen years ago, the 1995 stock redemption agreement in the instant matter has been microscopically examined by the parties, by this Court, and by the Idaho Supreme Court. Yet, in an effort to obtain from individuals that which the Courts have held he cannot obtain

---

[1] Plaintiff sought to amend his Complaint around the time the Court ruled the Stock Redemption Agreement was illegal and unenforceable, a ruling appealed by Plaintiff but affirmed on appeal. Because of the Court's ruling and Plaintiff's intent to appeal the ruling, the Court declined to hear Plaintiff's motion to amend pending a ruling on the appeal. Plaintiff now reasserts his Motion to Amend, albeit with different facts and different claims than those proposed prior to the ruling on appeal. In addition, he also seeks to add new Defendants
[2] Plaintiff seeks to assert his claims against John Taylor, Connie Taylor, James Beck, Corrine Beck, Michael Cashman, and Jane Doe Cashman.

4

*Taylor v. AIA et al.*
Opinion & Order on Mot to Amd Complaint and
Mot for Jdgmt on the Pleadings

Exhibit - F

from the corporation, Plaintiff now asserts positions opposite to those previously asserted by him and does so without offering the Court any new or additional facts or evidence.

Just as was done in his claims against the corporation, Plaintiff attempts to paint himself as a naïve majority shareholder victimized by unscrupulous minority shareholders. However, both this Court and the Idaho Supreme Court, after careful examination of the record, found no evidence that supports such an allegation. Addressing on appeal Plaintiff's argument that he was justifiably ignorant of the facts causing the Stock Redemption Agreement to be illegal, the Court stated, "Nothing suggests that Reed Taylor, as CEO and Chairman of the Board, as well as majority shareholder, was justifiably ignorant as to the circumstances causing the illegality – the insufficient earned surplus and absence of a shareholder vote explicitly authorizing the use of capital surplus." *Taylor v. AIA*, 151 Idaho 552, 261 P.3d 829, 842-843 (2011). The Supreme Court also rejected Plaintiff's argument that he was not *in pari delicto*, finding instead that he was not an innocent party to the agreement given that he was CEO and Chairman of the Board of AIA when he entered into the Stock Redemption Agreement. *Taylor v. AIA*, 261 P.3d at 843.

Next, when Plaintiff argued a remedy should be available to him because of the malfeasance of the other parties and their attorneys in engineering the illegal redemption of Plaintiff's shares, the Court stated, "[T]he agreement implicates concerns that it was intended to favor Reed Taylor at the expense of minority shareholders and creditors." *Taylor v. AIA*, 261 P.3d at 844. Finally, Justice Jones in his specially concurring opinion stated, "The Stock Redemption Agreement was decidedly a self-interested one. Reed Taylor engineered a contract for his own benefit, acting as negotiator for the corporation, while at the same time acting on his own behalf as the other contracting party." *Taylor v. AIA*, 261 P.3d at 852.

5

*Taylor v. AIA et al.*
Opinion & Order on Mot to Amd Complaint and
Mot for Jdgmt on the Pleadings

Exhibit - F

Plaintiff has simply failed to present the Court with any new facts or evidence that would change or alter the previous findings of the Supreme Court or of this Court. Plaintiff's use of the words "in complete disregard for the corporate entity" in his proposed Sixth Amended Complaint is not enough to support his alter ego theory. Plaintiff must assert facts that support such a theory. However, Plaintiff has failed to set forth those supporting facts, but has instead simply regurgitated the same facts that have been previously well scrutinized by the Supreme Court, who found they did not support the assertion that Plaintiff Reed Taylor was a victim of unscrupulous conduct by AIA, its minority shareholders, or the various law firms and attorneys involved in the Stock Redemption Agreement.

Based on the facts in the record and those pled by Plaintiff in his proposed Sixth Amended Complaint, the Court finds Plaintiff's proposed Sixth Amended Complaint fails to state valid claims against the individual Defendants for either breach of contract/account stated or for quasi contract/unjust enrichment. The Supreme Court has ruled the contract that is the basis of Plaintiff's proposed new claims illegal and unenforceable and Plaintiff has pled no facts nor offered any legal authority that would make the illegal contract legally enforceable against individual shareholders under an alter ego theory.

(II)  MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants seek judgment on the remaining claims asserted in Plaintiff's Fifth Amended Complaint. Each and every claim not previously dismissed by the Court is based on the 1995 Stock Redemption Agreement between Plaintiff Reed Taylor and AIA. The Court finds it need not analyze the remaining claims, as Plaintiff concedes the invalidity of

6

*Taylor v. AIA et al.*
Opinion & Order on Mot to Amd Complaint and
Mot for Jdgmt on the Pleadings

Exhibit - F

the claims[3] given the ruling of the Idaho Supreme Court in September 2011, wherein the Court held the 1995 Stock Redemption Agreement illegal and unenforceable. Therefore, Defendants' Motion for Judgment on the Pleadings as to Plaintiff's claims for fraudulent transfers/conveyances, alter ego/piercing the corporate veil, director liability, breach of fiduciary duties, and civil conspiracy is properly granted.

## ORDER

Plaintiff's Amended Motion to Amend and Supplement Complaint is hereby DENIED.

Defendants' Motion for Judgment on the Pleadings is hereby GRANTED.

Dated this _28_ day of December 2011.

_____
JEFF M. BRUDIE, District Judge

---

[3] After the Idaho Supreme Court affirmed this Court's ruling that the 1995 Stock Redemption Agreement was illegal and unenforceable, Plaintiff filed a motion to amend his Complaint. In his proposed Sixth Amended Complaint, Plaintiff asserted none of the claims remaining in his Fifth Amended Complaint, and instead sought to assert two new claims against individual shareholders rather than any of his prior claims against the corporation.

7

*Taylor v. AIA et al.*
Opinion & Order on Mot to Amd Complaint and
Mot for Jdgmt on the Pleadings

Exhibit - F

## CERTIFICATE OF MAILING

I hereby certify that a true copy of the foregoing OPINION AND ORDER SETTING ON PLAINTIFF'S
AMENDED MOTION TO SUPPLEMENT AND AMEND COMPLAINT  was

___✓___ FAXED,  by the undersigned at Lewiston, Idaho, this 2⁹ day of December 2011, to:

Roderick Bond 425-462-5638
800 Bellevue Way, NE Ste 400
Bellevue WA 98004

Gary Babbitt 208-342-3829
John Ashby
PO Box 1617
Boise, ID 83701-1617

James Gatziolis 312-715-5155
Charles E. Harper
Quarles @ Brady LLP
500 W Madison St., Ste 3700
Chicago IL 60661-2511

David Gittins 509-758-3576
PO Box 191
Clarkston WA 99403

David Risley 208-743-5307
PO Box 446
Lewiston, ID 83501

Charles Brown 208-746-5886
PO Box 1225
Lewiston, ID 83501

PATTY O. WEEKS, CLERK


By:_____
       Deputy

OPINION AND ORDER ON PLAINTIFF'S AMENDED
MOTION TO SUPPLEMENT AND AMEND COMPLAINT   8

Exhibit - F



RECEIVED

OCT 26 2011

CB | LAWYERS

Charles A. Brown
Attorney at Law
324 Main Street
P.O. Box 1225
·Lewiston, ID  83501
208-746-9947
208-746-5886 (fax)
ISB # 2129
CharlesABrown@cableone.net
Attorney for Intervenor, 401(k) Profit Sharing Plan
for the AIA Services Corporation.

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

| | | |
|---|---|---|
| REED J. TAYLOR, a single person, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV 2007-00208 |
| | ) | |
| AIA SERVICES CORP., an Idaho | ) | |
| corporation; AIA INSURANCE INC., an Idaho | ) | |
| corporation, R. JOHN TAYLOR and CONNIE | ) | |
| TAYLOR, individually and the community | ) | |
| property comprised thereof; BRYAN | ) | |
| FREEMAN, a single person; JOLEE DUCLOS, | ) | INTERVENOR'S NOTICE |
| a single person; CROP USA INSURANCE | ) | |
| AGENCY, INC., an Idaho Corporation; and · | ) | |
| JAMES BECK and CORRINE BECK, | ) | |
| individually and the community property | ) | |
| comprised thereof; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| AIA SERVICES CORPORATION, an Idaho | ) | |
| corporation; and AIA INSURANCE, INC., an | ) | |
| Idaho corporation, | ) | |
| | ) | |
| Counter-Claimants, | ) | |

INTERVENOR'S NOTICE   - 1



Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

v.                                            )
                                              )
                                              )
REED J. TAYLOR, a single person,              )
                                              )
                    Counter-Defendant.        )
                                              )
_____        )
CONNIE W. TAYLOR and JAMES BECK,              )
                                              )
                    Counterclaimants,         )   .
                                              )
              v.                              )
                                              )
REED J. TAYLOR, a single person,              )
                                              )
                    Counterdefendant.         )
                                              )
_____        )
401(K) PROFIT SHARING PLAN FOR                )
THE AIA SERVICES CORPORATION                  )
                                              )
                    Intervenor.               )
_____        )

COMES NOW Charles A. Brown on behalf of the Intervenor, the 401(k) Profit Sharing Plan for AIA Services Corporation, and hereby gives notice that it will have no further involvement in this matter due to the Idaho Supreme Court ruling which renders further involvement by the Intervenor moot and unnecessary.

DATED on this _25_ day of October, 2011.

Charles A. Brown
Attorney for Intervenor, 401(k) Profit
Sharing Plan for AIA Services Corporation

INTERVENOR'S NOTICE  - 2

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501

Exhibit "G"

I, Charles A. Brown, hereby certify that a true and correct copy of the foregoing was:

| | | |
|---|---|---|
| ☒ | mailed by regular first class mail, and deposited in the United States Post Office to: | Roderick C. Bond, Esq. @ 509-455-7111<br>Michael S. Bissell, Esq.<br>Campbell Bissell & Kirby, PLLC<br>7 South Howard Street, Suite 416<br>Spokane, WA 99201 |
| ☐ | sent by facsimile to: | |
| ☐ | sent by facsimile and mailed by regular first class mail, deposited in the United States Post Office to: | |
| ☐ | sent by Federal Express, overnight delivery | |
| ☐ | hand delivered to: | [Attorneys for Plaintiff] |
| ☐ | Emailed to: | |
| ☒ | mailed by regular first class mail, and deposited in the United States Post Office to: | R. John Taylor, Esq.<br>CropUSA Insurance<br>P.O. Box 538<br>Lewiston, ID 83501 |
| ☐ | sent by facsimile to: | |
| ☐ | sent by facsimile and mailed by regular class mail, deposited in the United States Post Office to: | [Attorney for Defendant R John Taylor] |
| ☐ | sent by Federal Express, overnight delivery to: | |
| ☐ | hand delivered to: | |
| ☐ | Emailed to: jtaylor@aiainsurance.com | |
| ☒ | mailed by regular first class mail, and deposited in the United States Post Office to: | Gary D. Babbitt, Esq. @ 208-954-5201<br>D. John Ashby, Esq.<br>Hawley Troxell Ennis & Hawley LLP<br>877 Main Street, Suite 1000<br>P.O. Box 1617<br>Boise, ID 83701-1617 |
| ☐ | sent by facsimile to: | |
| ☐ | sent by facsimile and mailed by regular first class mail, deposited in the United States Post Office to: | [Attorneys for Defendants AIA Services Corporation, AIA Insurance, Inc., and CropUSA Insurance Agency] |
| ☐ | sent by Federal Express, overnight delivery | |
| ☐ | hand delivered to: | |
| ☐ | Emailed to: GBabbitt@hawleytroxell.com & jashby@hawleytroxell.com | |
| ☒ | mailed by regular first class mail, and deposited in the United States Post Office to: | James J. Gatziolis, Esq. @ 312-715-5155<br>Charles E. Harper, Esq.<br>Quarles & Brady LLP<br>300 North LaSalle Street, Suite 4000<br>Chicago, IL 60654 |
| ☐ | sent by facsimile to: | |
| ☐ | sent by facsimile and mailed by regular first class mail, deposited in the United States Post Office to: | [Attorneys for Defendant CropUSA Insurance Agency] |
| ☐ | sent by Federal Express, overnight delivery | |
| ☐ | hand delivered to: | |
| ☐ | Emailed to: james.gatziolis@quarles.com & charles.harper@quarles.com | |

INTERVENOR'S NOTICE  - 3

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-3466/204-746-588 (fax)

Exhibit - G

| | | |
|---|---|---|
| ☒ | mailed by regular first class mail, and deposited in the United States Post Office to: | David A. Gittins, Esq. @ 758-3576<br>Law Office of David A. Gittins<br>843 Seventh Street |
| ☐ | sent by facsimile to: | P.O. Box 191 |
| ☐ | sent by facsimile and mailed by regular first class mail, deposited in the United States Post Office to: | Clarkston, WA  99403 |
| ☐ | sent by Federal Express, overnight delivery | [Attorney for Defendants Duclos & Freeman] |
| ☐ | hand delivered to: | |
| ☐ | Emailed to: david@gittinslaw.com | |
| ☒ | mailed by regular first class mail, and deposited in the United States Post Office to: | David R. Risley, Esq. @ 743-5307<br>Risley Law Office, PLLC<br>P.O. Box 1247 |
| ☐ | sent by facsimile to: | Lewiston, ID 83501 |
| ☐ | sent by facsimile and mailed by regular first class mail, deposited in the United States Post Office to: | [Attorney for Defendants Connie Taylor & James and Corrine Beck] |
| ☐ | sent by Federal Express, overnight delivery | |
| ☐ | hand delivered to: | |
| ☐ | Emailed to: david@risleylawofficecom | |

on this __25th__ day of October, 2011.

INTERVENOR'S NOTICE  - 4

Charles A. Brown, Esq.<br>P.O. Box 1225/324 Main St.<br>Lewiston, Idaho 83501<br>Exhibit G

MICHAEL S. BISSELL, ISB No. 5762
CAMPBELL, BISSELL & KIRBY PLLC
7 South Howard Street, Suite 416
Spokane, WA 99201
Tel: (509) 455-7100
Fax: (509) 455-7111

Attorneys for Plaintiff Donna J. Taylor

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

| | |
|---|---|
| DONNA J. TAYLOR; <br><br> Plaintiff, <br><br> v. <br><br> R. JOHN TAYLOR and CONNIE TAYLOR; <br><br> Defendants. | Case No.: CV 08-01150 <br><br> **AMENDED COMPLAINT AND REPLY TO·COUNTERCLAIM** |

Donna Taylor, by and through her attorneys of record, CAMPBELL, BISSELL &

KIRBY, PLLC, alleges as follows:

## AMENDED COMPLAINT

### I. PARTIES

1.     Plaintiff Donna J. Taylor is a resident of Clarkston, Washington.

2.     Defendant R. John Taylor is a resident of Lewiston, Nez Perce County,

Idaho.

3.     Defendant Connie Taylor is a single person residing in Lewiston, Nez

Perce County, Idaho.

AMENDED COMPLAINT AND
REPLY TO COUNTERCLAIM- 1

Exhibit - H

4.   Defendants R. John Taylor and Connie Taylor, were husband and wife until on or about December 16, 2005 (collectively "R. John Taylor"), and at all relevant times were residents of Lewiston, Nez Perce County, Idaho. All references to him are for acts, omissions, claims, causes of action, damages, and/or liabilities that accrued on or before December 16, 2005, which were performed by him individually and on behalf of his and Connie Taylor's marital community (which benefited from his acts and/or omissions) as to divided and undivided community property. All references to him for acts, omission, claims, causes of action, damages, and/or liabilities that accrued after December 16, 2005, are for him individually and pertain to Connie as to their divided and undivided community property, including, without limitation, community property.

## II. JURISDICTION AND VENUE

5.   Defendants reside in Nez Perce County and damages exceed $10,000. Jurisdiction and venue are, therefore, appropriate in Nez Perce County District Court.

## III. FACTS/CAUSES OF ACTION

6.   Plaintiff Donna J. Taylor is the sole owner of all outstanding Preferred A Shares in AIA Services Corporation, a closely held corporation. Under the Articles of Incorporation of AIA Services Corporation, Plaintiff Donna Taylor's Preferred A Shares have priority of payment over all other shares in AIA Services Corporation, including priority over any distributions to commons shares owned by the Defendant R. John Taylor.

7.   From 2004 through the present time, Defendant R. John Taylor was the Chairman of the Board of Directors of AIA Services Corporation and its subsidiary AIA Insurance, Inc. From 2004 through the present time, Defendant R. John Taylor was the

AMENDED COMPLAINT AND
REPLY TO COUNTERCLAIM- 2

Exhibit - H

Chief Executive Officer and/or President of AIA Services Corporation and its subsidiary AIA Insurance, Inc.

8.    R. John Taylor and Connie were divorced through an Interlocutory Decree filed on December 16, 2005, under which only a portion of their community assets were divided and other property remained undivided. This action includes, but is not limited to, acts, omissions, transactions, debts, claims, and/or causes of action which accrued prior to their dissolution. All references to him in this Complaint are for, but are not limited to, claims, causes of action, acts, omissions and liabilities incurred by him on behalf of the marital community, together with their community property, whether divided or not through the effective date of their dissolution decree entered on or about December 16, 2005.

9.    After the effective date of R. John Taylor and Connie Taylor's decree of dissolution, all references to him in this Complaint are for claims, breaches of duties, acts, omissions and/or liabilities incurred by him individually. One of the reasons Connie is named as a party in this action is for her liabilities and/or derivative liability by virtue of her marriage to R. John Taylor and her interest in the community property of the marriage (including all divided and undivided community property of their marriage for which Donna J. Taylor is requesting to be awarded through a constructive trust), all of which is subject to liability for the allegations in this Complaint.

10.    From 2004 through the present time, Defendant R. John Taylor owed fiduciary duties to the Plaintiff Donna J. Taylor. From 2004 through the present time, Defendant R. John Taylor was also an attorney and a director of a publicly traded company, Avista Corporation, and had sophisticated knowledge of the legal obligations

AMENDED COMPLAINT AND
REPLY TO COUNTERCLAIM- 3

Exhibit - H

associated with his fiduciary duties owed to shareholders, including Plaintiff Donna Taylor.

11.     Under the terms of the Series A Preferred Shareholder Agreement dated July 1, 1996 (which was executed by Defendant R. John Taylor on behalf of AIA Services Corporation), AIA Services Corporation was required to complete its payment obligations to Plaintiff Donna J. Taylor prior to 2005, but AIA Services Corporation failed to do so.

12.     On February 27, 2001, Defendant R. John Taylor personally guaranteed all the debt owed by AIA Services Corporation to Plaintiff Donna Taylor.  Plaintiff Donna Taylor justifiably relied upon Defendant R. John Taylor's false representations that 1) AIA Services Corporation was developing a crop insurance program through a new company called CropUSA (upon information and belief, AIA Services Corporation has never had any ownership interest in CropUSA), and 2) as a result, AIA Services Corporation needed to defer her payments for five months.  Later, Defendant John R. Taylor unilaterally and without notice to Donna Taylor, and without her approval, deferred the payments beyond the five-month period.  Plaintiff Donna Taylor had a right to rely on Defendant R. John Taylor's representations, she did rely upon them, and he intended that she do so.  Defendant R. John Taylor's conduct constitutes constructive fraud by way of his fiduciary duties owed to Plaintiff Donna Taylor, which proximately caused her damages in an amount to be proven at trial.

13.     In 2004, AIA Services Corporation was in default of its obligations to Plaintiff Donna Taylor and was required to pay her over $700,000.  In 2004, Defendant R. John Taylor represented to Plaintiff Donna Taylor that AIA Services Corporation did

AMENDED COMPLAINT AND
REPLY TO COUNTERCLAIM- 4

Exhibit - H

not have the funds to pay her when in fact AIA Services Corporation, through its wholly owned subsidiary AIA Insurance, Inc., had the funds to pay her in full as required.

14.    In 2004, instead of paying the Plaintiff Donna J. Taylor as required, Defendant R. John Taylor unlawfully and/or fraudulently transferred $1,510,693 from AIA Insurance, Inc. to Crop USA Insurance Agency, Inc., a corporation in which the Defendant R. John Taylor owned approximately 40% of the outstanding common shares and in which neither AIA Services Corporation nor AIA Insurance, Inc. held any ownership interest.

15.    From 2004 through the present time, Defendant R. John Taylor paid himself excessive compensation of hundreds of thousands of dollars when AIA Services Corporation had not complied with its obligations to Plaintiff Donna Taylor.  From 2004 through the present time, Defendant R. John Taylor sold crop insurance by funding and/or operating Crop USA Insurance Agency, Inc. in violation of the corporate opportunity doctrine, when Defendant R. John Taylor represented to Plaintiff Donna Taylor that Crop USA Insurance Agency, Inc. was being developed by AIA Services Corporation and/or AIA Insurance, Inc.  Defendant R. John Taylor also inappropriately provided Crop USA Insurance Agency, Inc. with AIA Insurance, Inc.'s labor, expenses, office space and trade secrets.

16.    At the time of the unlawful transfer of $1,510,693 to Crop USA Insurance Agency, Inc. and the other acts of Defendant R. John Taylor as described herein, AIA Services Corporation owed over $700,000 to Plaintiff Donna J. Taylor, which such amount was due and should have been paid in full.  Plaintiff Donna J. Taylor had a right to rely on Defendant R. John Taylor's representations and relied on the same.  Defendant

AMENDED COMPLAINT AND
REPLY TO COUNTERCLAIM- 5

Exhibit - H

R. John Taylor's acts, including, without limitation, those acts described above, constitute fraud and breaches of his fiduciary duties owed to Plaintiff Donna J. Taylor.

17.    On June 24, 2008, AIA Services Corporation, in a letter signed by R. John Taylor, informed Donna Taylor that it would no longer comply with its payment obligations to her.   Shortly thereafter Defendant R. John Taylor made it clear that he would not honor his personal guarantee when he filed a counterclaim in this matter seeking a declaratory judgment that his personal guarantee had been released, discharged and exonerated.

18.    Defendant R. John Taylor has failed to comply with his obligations to Donna Taylor under his personal guarantee, which actions amount to a breach of contract and have caused Donna Taylor damages in an amount to be proven at trial.

19.    Defendant R. John Taylor is personally liable to Plaintiff Donna Taylor for all amounts owed to her by way of his personal guarantee and his breach of fiduciary duties and fraud.

20.    As a result of the acts of Defendant R. John Taylor, including, without limitation, those acts described in the above paragraphs, Plaintiff Donna J. Taylor has been damaged and is entitled to judgment against Defendant R. John Taylor in the amount of $421,623.58.

## IV. REPLY TO COUNTERCLAIM

Pursuant to I.R.C.P. 10(c), Plaintiff Donna Taylor adopts, incorporates and restates her previously filed Reply (together with the Affirmative Defenses) to Defendant R. John Taylor's Counterclaim as if fully set forth herein.

AMENDED COMPLAINT AND
REPLY TO COUNTERCLAIM- 6

Exhibit - H

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Donna J. Taylor prays for the following relief:

1.    For a judgment against Defendant R. John Taylor, individually and against the community property held by him and Connie Taylor, in the amount of $421,623.58, the exact amount to be proven at trial or on summary judgment, plus an award of pre-judgment and post-judgment interest;

2.    For an award of Plaintiff Donna J. Taylor's attorney's fees and costs incurred in this action pursuant to Idaho Law, including I.C. § 12-120 and/or I.C. § 12-121;

3.    For judgment that Defendant R. John Taylor is liable to Plaintiff Donna Taylor on his personal guarantee in the full amount due her from AIA Services Corporation, including fees, costs and interest;

4.    For a constructive trust in favor of Plaintiff Donna Taylor of all assets and funds diverted;

5.    For dismissal of Defendant's counterclaim with prejudice; and

6.    For such other relief as the Court deems just and equitable.

DATED this 23 day of October, 2008.

CAMPBELL, BISSELL & KIRBY PLLC

By: _____
MICHAEL S. BISSELL
Attorneys for Plaintiff Donna J. Taylor

Data\1312\AmendedComplaint2.doc

AMENDED COMPLAINT AND
REPLY TO COUNTERCLAIM- 7

Exhibit - H

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of October, 2008, I caused to be served a true and correct copy of the foregoing document to the following:

_____ HAND DELIVERY
_____ U.S. MAIL
_____ OVERNIGHT MAIL
_____ FAX TRANSMISSION
\_\_X\_\_ EMAIL (pdf attachment)

*Attorney for R. John Taylor:*
Michael E. McNichols
Clements Brown & McNichols
321 13th Street
Lewiston, ID  83501

MICHAEL S. BISSELL

AMENDED COMPLAINT AND
REPLY TO COUNTERCLAIM- 8

Exhibit - H