#13/2
Pldgs

DAVID R. RISLEY
RANDALL, BLAKE & COX, PLLC
P.O. Box 446
1106 Idaho Street
Lewiston, Idaho 83501
(208) 743-1234
(208) 743-1266 (Fax)
ISB No. 1789

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

| | | |
|---|---|---|
| DONNA J. TAYLOR, | ) | CASE NO. CV08-01150 |
| | ) | |
| Plaintiff, | ) | ANSWER, COUNTERCLAIM |
| | ) | AND |
| v. | ) | DEMAND FOR TRIAL BY JURY |
| | ) | |
| R. JOHN TAYLOR and CONNIE TAYLOR, | ) | Fee Category: I (2) |
| | ) | Fee: $58.00 |
| Defendants. | ) | |
| | ) | |

COMES NOW, the Defendant, CONNIE TAYLOR, by and though her undersigned attorney of record, David R. Risley of Randall, Blake & Cox, PLLC, and in answer to the Plaintiff's *Amended Complaint and Reply to Counterclaim* (hereinafter "Amended Complaint"), admits, denies, and alleges as follows:

I.

INTRODUCTION

The following defenses are not stated separately as to each claim for relief or allegation of the Plaintiff. Nevertheless, the following defenses are applicable, where appropriate, to any

ANSWER, COUNTERCLAIM & DEMAND FOR TRIAL BY JURY---Pg. 1 Randall, Blake & Cox, PLLC
ATTORNEYS AT LAW
Post Office Box 446
Lewiston, ID 83501

Exhibit - I

and all of the Plaintiff's claims for relief. The Defendant, Connie Taylor, in asserting the following defenses, does not admit that the burden of proving the allegations or denials contained in the defenses is upon her, but, to the contrary, asserts that by reason of said denials, and by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and affirmative defenses and the burden of proving the inverse of the allegations contained in many of the defenses and affirmative defenses is upon the Plaintiff. Moreover, Defendant, Connie Taylor, does not admit, in asserting any defense, any responsibility or liability, but, to the contrary, specifically denies any and all allegations of responsibility and liability contained in the Plaintiff's Amended Complaint.

## II.

## RESERVATION OF AFFIRMATIVE DEFENSES, CLAIMS, ETC.

Defendant Connie Taylor has not commenced nor completed discovery and hereby reserves the right to plead affirmative defenses, counterclaims, and third-party complaints as warranted by the facts of this case. Until such discovery is completed, Defendant Connie Taylor denies each and every allegation of the Plaintiff's Amended Complaint unless and explicitly to the limited extent that such allegations are specifically admitted hereinbelow.

## GENERAL ANSWER

## III.

Plaintiff's Amended Complaint fails to state a cause of action against Defendant Connie Taylor upon which relief may be granted.

## IV.

Defendant Connie Taylor denies each and every allegation contained in the Amended Complaint on file herein not specifically admitted herein.

ANSWER, COUNTERCLAIM & DEMAND FOR TRIAL BY JURY—Pg. 2  Randall, Blake & Cox, PLLC
ATTORNEYS AT LAW
Post Office Box 446
Lewiston, ID 83501

Exhibit - I

## ANSWER TO COMPLAINT

1.    Paragraphs 1, 2 and 3/Admit:   With regard to paragraphs 1, 2 and 3 of the Plaintiff's Amended Complaint, Defendant Connie Taylor admits the allegations contained therein.

2.    Paragraph 4/Admit and Deny:   With regard to paragraph 4 of the Plaintiff's Amended Complaint, Defendant Connie Taylor admits that she and Defendant R. John Taylor were husband and wife and residents of Lewiston, Nez Perce County, State of Idaho.

Defendant Connie Taylor denies that she and Defendant R. John Taylor were married until December 16, 2005. The parties' Interlocutory Decree of Divorce was approved and signed by the Honorable Randy Robinson of the Clearwater County, Idaho District Court on December 14, 2005.

Defendant Connie Taylor denies each and every other allegation contained therein.

3.    Paragraph 5/Admit:   With regard to paragraph 5 of the Plaintiff's Amended Complaint, Defendant Connie Taylor admits the allegations contained therein.

4.    Paragraph 6/Admit and Deny:   With regard to paragraph 6 of the Plaintiff's Amended Complaint, Defendant Connie Taylor alleges that the Articles of Incorporation speaks for itself.

5.    Paragraph 7/Admit:   With regard to paragraph 7 of the Plaintiff's Amended Complaint, Defendant Connie Taylor admits the allegations therein.

6.    Paragraphs 8 and 9/Admit and Deny:   With regard to paragraphs 8 and 9 of the Plaintiff's Amended Complaint, Defendant Connie Taylor admits that she and Defendant R. John Taylor were divorced through an Interlocutory Decree of Divorce filed in the Clearwater

ANSWER, COUNTERCLAIM & DEMAND FOR TRIAL BY JURY—Pg. 3 Randall, Blake & Cox, PLLC
ATTORNEYS AT LAW
Post Office Box 446
Lewiston, ID 83501

Exhibit - I

County, Idaho District Court on December 16, 2005 and alleges that the Interlocutory Decree of Divorce speaks for itself.

Defendant Connie Taylor denies each and every other allegation therein.

7. Paragraph 10/Admit: With regard to paragraph 10 of the Plaintiff's Amended Complaint, Defendant Connie Taylor denies the allegations contained therein on information and belief.

8. Paragraph 11/Admit and Deny: With regard to paragraph 11 of the Plaintiff's Amended Complaint, Defendant Connie Taylor alleges that the Series A Preferred Shareholder Agreement, speaks for itself.

Defendant Connie Taylor denies each and every other allegation contained therein.

9. Paragraphs 12, 13, 14, 15 and 16/Deny: With regard to paragraphs 12, 13, 14, 15 and 16, of the Plaintiff's Amended Complaint, Defendant Connie Taylor denies each and every allegation contained therein on information and belief.

10. Paragraph 17/Deny: Defendant Connie Taylor denies each and every allegation contained therein on information and belief.

11. Paragraphs 18, 19 and 20/Deny: With regard to paragraphs 18, 19 and 20 of the Plaintiff's Amended Complaint, Defendant Connie Taylor denies each and every allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE

The claims of the Plaintiff against Defendant Connie Taylor for fraud are barred by the statute of limitations contained in Idaho Code § 5-218(4).

ANSWER, COUNTERCLAIM & DEMAND FOR TRIAL BY JURY—Pg. 4 Randall, Blake & Cox, PLLC
ATTORNEYS AT LAW
Post Office Box 446
Lewiston, ID 83501

Exhibit - I

## SECOND AFFIRMATIVE DEFENSE

By the terms of the Subordination Agreement, the Plaintiff subordinated all of her right to payment from Services to a debt owed by Services to Reed Taylor. The Subordination Agreement provides that no payment may be made to Plaintiff until Reed Taylor has been paid in full. Reed Taylor has not been paid in full. Plaintiff's Amended Complaint against Defendant Connie Taylor should be dismissed because Services is not obligated to pay Plaintiff until Reed Taylor has been paid in full.

## THIRD AFFIRMATIVE DEFENSE

To the extent that any of the claims of the Plaintiff are derivative claims, the Plaintiff's Amended Complaint should be dismissed because she has failed to give the notice required by Idaho Code § 30-1-742.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint should be dismissed because the Plaintiff has failed to join indispensable parties.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Claim for fraud should be dismissed because she has failed to plead it with the particularity required by Rule 9(b) IRCP.

## SIXTH AFFIRMATIVE DEFENSE

1.    Pursuant to Article FOURTH of the Amended And Restated Articles Of Incorporation of AIA Services Corporation, and, particularly, pursuant to paragraphs 4.3(a) and 4.3(b), payments to Donna Taylor may be made only from "legally available funds" and only "to the extent such redemption shall not violate the Idaho Business Corporation Act restrictions on the corporation's redemption of its own shares."

ANSWER, COUNTERCLAIM & DEMAND FOR TRIAL BY JURY—Pg. 5 Randall, Blake & Cox, PLLC
ATTORNEYS AT LAW
Post Office Box 446
Lewiston, ID 83501

Exhibit - I

2.    The Idaho Business Corporation Act in effect at the time of the adoption of the Amended and Restated Articles Of Incorporation Of AIA Services Corporation provided that a corporation may not pay for redeemed shares unless there was "surplus" and could not pay for redeemed shares if the corporation was insolvent.

3.    If AIA Services Corporation Amended Stock Redemption Agreement and Promissory Note with Reed Taylor are legally enforceable, then AIA Services Corporation has no "surplus" and no "legally available funds" with which to pay Donna Taylor and under the express terms of the Amended and Restated Articles of Incorporation Services is not obligated to pay Donna Taylor any money.

### SEVENTH AFFIRMATIVE DEFENSE

Because AIA Services Corporation is not obligated to pay any money to Donna Taylor, R. John Taylor is not obligated as guarantor to pay certain deferred installments of Services' obligation to Donna Taylor.

### EIGHTH AFFIRMATIVE DEFENSE

Any Claim against community property should be denied because there is no community property currently owned by Connie Taylor and/or R. John Taylor.

### NINTH AFFIRMATIVE DEFENSE

Connie Taylor is not personally liable to Plaintiff and any claim against her should be dismissed.

### TENTH AFFIRMATIVE DEFENSE

Connie Taylor has no property that should be subjected to a constructive trust to secure a judgment that has not yet and may never be rendered.

ANSWER, COUNTERCLAIM & DEMAND FOR TRIAL BY JURY—Pg. 6    Randall, Blake & Cox, PLLC
ATTORNEYS AT LAW
Post Office Box 446
Lewiston, ID 83501

Exhibit - I

## COUNTERCLAIM

For a counterclaim against the Plaintiff, Defendant Connie Taylor alleges as follows:

I.

This is an action for declaratory judgment, pursuant to Rule 57, I.R.C.P. An actual controversy exists between the parties.

II.

R. John Taylor has performed all conditions precedent to the commencement of this action.

III.

In approximately 1988, Reed Taylor and Donna Taylor divorced and AIA Services Corporation ("Services") agreed to redeem Donna Taylor's shares of the Series A Preferred Stock of Services.

IV.

In 1995, Services redeemed Reed Taylor's shares of common stock in Services. Pursuant to the redemption agreements, the debt Services owed to Reed Taylor was subordinated to the money payable by Services to Donna Taylor. The agreements provided that no payment of principal would be made to Reed Taylor until Donna Taylor had been paid in full.

V.

In the following years, the income earned by the business owned, operated and managed by Services declined and Services was unable to pay Donna Taylor as planned and Services negotiated an amendment with Donna Taylor.

ANSWER, COUNTERCLAIM & DEMAND FOR TRIAL BY JURY—Pg. 7    Randall, Blake & Cox, PLLC
ATTORNEYS AT LAW
Post Office Box 446
Lewiston, ID 83501

Exhibit - I

## VI.

R. John Taylor, Donna Taylor and Reed Taylor entered into an agreement, memorialized by a letter dated February 27, 2001, a copy of which is attached as Exhibit A and incorporated by reference. As a part of the agreement, R. John Taylor and Reed Taylor agreed to personally guarantee certain deferred installment payments that were to be paid to Donna Taylor in the future. At that time Donna Taylor was owed approximately $736,000.00 and Reed Taylor was owed approximately $6,400,000.00.

## VII.

As of the date of the letter agreement, Exhibit A, the assets of Services were easily adequate to cover the money payable to Donna Taylor before any of the assets of Services were available to pay the debt owed to Reed Taylor, but the liquidating value of Services' assets was not sufficient to cover both of the obligations due to Reed Taylor and Donna Taylor.

## VIII.

R. John Taylor agreed to guarantee certain deferred installments of Services' payment to Donna Taylor in reliance upon the agreements subordinating Reed Taylor's debt to the money payable to Dona Taylor, which subordination made all of the assets of Services available to pay the money payable to Donna Taylor before any of the assets of Services were available to pay the debt owed to Reed Taylor.

## IX.

Pursuant to a document, called a "SUBORDINATION AGREEMENT", a copy of which is attached as Exhibit B, and incorporated by reference, effective as of December 1, 2006, Donna Taylor subordinated the entire amount due her by Services, including the deferred installment

ANSWER, COUNTERCLAIM & DEMAND FOR TRIAL BY JURY—Pg. 8 Randall, Blake & Cox, PLLC
ATTORNEYS AT LAW
Post Office Box 446
Lewiston, ID 83501

Exhibit - I

payments that were guaranteed by R. John Taylor and Reed Taylor, to the debt owed to Reed Taylor by Services.

## X.

Donna Taylor's agreement of December 1, 2006, Exhibit B, to subordinate her right to payment by Services to the debt owed to Reed Taylor by Services constituted a material alteration of the principal contract, between Services and Donna Taylor without the consent of R. John Taylor and without notice to R. John Taylor. The material obligation of the principal contract substantially increased R. John Taylor's risk of liability on the guarantee to Donna Taylor and substantially injured R. John Taylor by substantially increasing his risk of liability under the guarantee.

## XI.

Donna Taylor's material alteration of the principal contract without the consent of R. John Taylor, which substantially injured the interests of R. John Taylor, released, discharged and exonerated R. John Taylor from any liability under the guarantee of certain deferred installment payments contained in Exhibit A.

## XII.

R. John Taylor is entitled to a Declaratory Judgment against Donna Taylor declaring and adjudging that his personal guarantee of certain deferred installment payments of the debt of Services to Donna Taylor is released, discharged and exonerated.

WHEREFORE, Defendant Connie Taylor prays for the following relief:

1.     To dismiss the Plaintiff's Amended Complaint with prejudice, and to award Defendant Connie Taylor her costs, including reasonable attorneys' fees.

ANSWER, COUNTERCLAIM & DEMAND FOR TRIAL BY JURY—Pg. 9 Randall, Blake & Cox, PLLC
ATTORNEYS AT LAW
Post Office Box 446
Lewiston, ID 83501

## Exhibit - I

2.    On her counterclaim, to declare and adjudge the R. John Taylor's personal guarantee of the debt of Services to Plaintiff is released, discharged and exonerated, and, therefore, the Plaintiff has no claim against Defendant Connie Taylor or her property.

3.    For the sum of $10,000.00 as for attorneys' fees necessitated in this action if the matter is uncontested, or a reasonable sum as set by the Court if the matter is contested.

4.    For costs of suit incurred herein.

5.    For such other and further relief as the Court may deem proper in the premises.

DATED this 31st day of December, 2008.

RANDALL, BLAKE & COX, PLLC
Attorneys for Defendant Connie Taylor

By: _____
     DAVID R. RISLEY
     ISB NO. 1789

## DEMAND FOR TRIAL BY JURY

Defendant Connie Taylor demands a trial of all of the issues of this case by a jury. Defendant Connie Taylor is willing to consider stipulating to a jury of fewer than twelve (12) persons so long as a three-fourths (3/4) majority is required for a verdict.

DATED this 31st day of December, 2008.

RANDALL, BLAKE & COX, PLLC
Attorneys for Defendant Connie Taylor

By: _____
     DAVID R. RISLEY
     ISB NO. 1789

ANSWER, COUNTERCLAIM & DEMAND FOR TRIAL BY JURY—Pg. 10 Randall, Blake & Cox, PLLC
                                                        ATTORNEYS AT LAW
                                                        Post Office Box 446
                                                        Lewiston, ID 83501

Exhibit - I

## CERTIFICATE OF MAILING

I certify that on December 31, 2008, at my direction, the foregoing *Answer, Counterclaim and Demand for Trial by Jury* was served on the following in the manner shown:

Counsel for Plaintiff: (copy)
Michael S. Bissell
Campbell, Bissell & Kirby, PLLC
7 South Howard Street, Suite 416
Spokane, WA 99201-3816

[ ]    U.S. Mail, Postage Prepaid
[ ]    Hand Delivery
[ ]    Facsimile (509) 455-7111
[ ]    Overnight Mail/Federal Express
[ ✓ ]    Email (mbissell@cbklawyers.com)

Counsel for R. John Taylor: (copy)
Michael E. McNichols
Clements, Brown & McNichols
321 13th Street
P.O. Box 1510
Lewiston, ID 83501

[ ]    U.S. Mail, Postage Prepaid
[ ]    Hand Delivery
[ ]    Facsimile (208) 746-0753
[ ]    Overnight Mail/Federal Express
[ ✓ ]    Email (mmcnichols@clbrmc.com)

DAVID R. RISLEY

ANSWER, COUNTERCLAIM & DEMAND FOR TRIAL BY JURY—Pg. 11Randall, Blake & Cox, PLLC
ATTORNEYS AT LAW
Post Office Box 446
Lewiston, ID 83501

Exhibit - I

Donna Taylor                                    February 27, 2001
3730 Nicklaus Drive
Clarkston, Wa. 99403

Dear Ms. Taylor,

AIA is developing a new crop insurance program through a
new company called CropUSA. We will be filing a Form D stock
registration for the agencies who join with CropUSA.

The costs of putting the CropUSA program together in Texas
have been paid. AIA now needs to launch in five new territories next
Month.

AIA requests it be allowed to defer the stock redemption payments
to you for the next five months. Even though redemption is deferred, AIA will
continue to accrue the interest on the interest payments not made.

AIA will agree to work with you to restructure your payments so your
redemption payments are converted to other income so you can set up a SEP or Defined
Benefit plan. When you become a consultant, we can add you to the current
AIA health plan. You will have the option to convert some of your Preferred A
Stock to CropUSA on the same rate as offered to the C stock

It will take a few months to set this all up. We will work with your
Accountant or will introduce you to CPA's here or in Spokane who can set up
the right tax plan.

Your preferred A stock has the highest priority, above the payments
to Reed, the Preferred C, and the common stock. Reed and John will
guarantee the deferred payments.

Sincerely,

Reed J. Taylor                                  R. John Taylor

Accepted  Donna J. Taylor

EXHIBIT A

Exhibit - I

## SUBORDINATION AGREEMENT

This Subordination Agreement ("Agreement") is entered into as of December 1, 2006, by and between Donna J. Taylor, a single person ("Donna") and Reed J. Taylor, a single person ("Reed"). Reed and Donna are hereinafter referred to individually as a "Party" and/or collectively as the "Parties."

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, the sufficiency of which is acknowledged as sufficient, full and complete consideration for this Agreement, the Parties agree as follows:

1. **Subordination.** Donna agrees to unconditionally and irrevocably subordinate all amounts and obligations owed to her under the Series A Preferred Shareholder Agreement between AIA Services Corporation ("AIA Services"), Donna and Reed dated July 1, 1996 (including any modifications thereto, if applicable) to be junior to all payments (including principal and interest), obligations, rights and/or remedies owed to Reed by AIA Services, AIA Insurance, Inc. ("AIA Insurance") and/or any other person or entity. The effect of this Agreement shall be to make all obligations and/or amounts owed to Donna Taylor by AIA Services Corporation, AIA Insurance, R. John Taylor and any other person or entity subordinate and junior to all amounts and obligations owed to Reed by the foregoing persons and entities under the agreements identified in Section 2. Reed shall be entitled to collect all amounts owed to him before Donna's Preferred A Shares of AIA Services are redeemed or any further payments are made to Donna. The effect of this Agreement shall be to permit Reed to collect, litigate, obtain judgment, and/or enforce any and all rights and remedies which relate in any way to the $6 Million Promissory Note, plus all accrued interest, costs, expenses, and attorneys' fees owed to Reed through the various agreements set forth in Section 2 below. This Agreement may result in Reed obtaining payment, assets, and/or judgments which represent some or all of the amounts owed to him, while Donna's rights will be junior and inferior to Reed. Donna authorizes Reed to provide copies of this Agreement to any person, entity or court as Reed may unilaterally elect in his sole discretion.

2. **Agreements Affected by Donna's Subordination.** Donna expressly subordinates all amounts, rights, obligations, and remedies owed to her in favor of (and junior to) Reed J. Taylor under the following agreements (including all claims, remedies, rights under such agreements): (a) $6 Million Promissory Note between Reed and AIA Services Corporation ("AIA Services") dated August 1, 1995; (b) Stock Redemption Restructure Agreement between Reed, Donna and AIA Services dated July 1, 1996; (c) Amended and Restated Stock Pledge Agreement between AIA Services and Reed dated July 1, 1996; (d) Amended and Restated Security Agreement between AIA Services, AIA Insurance, Inc., and Reed dated July 1, 1996; and (e) Letter between Reed, R. John Taylor, and Donna dated February 27, 2001; (f) Series A Preferred Shareholder Agreement between AIA Services, Donna and Reed dated July 1, 1996; and (g) any other agreement, contract or promise of any kind or nature.

SUBORDINATION AGREEMENT - 1 of 3

1

EXHIBIT B

Exhibit - I

3. **No Waiver of AIA Services Corporation's Defaults.** The Parties acknowledge and agree that the execution of this Agreement shall not constitute either Party's waiver of AIA Services' defaults on payments due to Donna. This Agreement simply subordinates all amounts and obligations due to Donna under the Series A Preferred Shareholder Agreement in favor of amounts and obligations owed to Reed.

4. **No Waiver of Personal Indebtedness.** The Parties agree that this Agreement shall not waive, modify or extinguish any personal indebtedness which may be owed by R. John Taylor or Connie Taylor to either Party for any debt, claim or cause of action.

5. **Voluntary Execution.** In executing this Agreement, the Parties acknowledge that they have either consulted with an attorney prior to executing this Agreement or have elected to enter into this Agreement without consulting an attorney. The Parties acknowledge that they have executed this Agreement only after careful independent investigation, voluntarily and without fraud, duress or undue influence. The Parties expressly waive any and all defenses which may be later alleged or pled relating to lack of or failure of consideration. The Parties expressly agree that their mutual promises are adequate and more than sufficient consideration for this Agreement.

6. **Right, Power and Authority.** The Parties warrant to each other that they have the right, power and authority to execute and enter into this Agreement. Donna represents that she has not assigned her rights to any payments or other rights in the Series A Preferred Shareholder Agreement to any person or entity.

7. **Effect.** This Agreement shall be binding upon and inure to the benefit of each Party to this Agreement, together with his/her agents, spouses, heirs, executors, administrators, successors, and all persons now or hereafter holding or having all or any part of the interest of a Party to this Agreement. If any dispute, conflict, or question arises between the Parties regarding any interpretation of this Agreement and/or the law, the Parties agree that the terms, conditions, and obligations created under this Agreement shall not be construed and/or interpreted against the drafting party.

8. **Applicable Law.** The Parties agree that this Agreement shall be interpreted under the laws of the State of Idaho and venue of any dispute shall be in Nez Perce County, Idaho.

9. **Counterparts and Facsimile or Scanned Transmission.** This Agreement may be executed in counterparts, each of which shall be deemed an original instrument. Facsimile or scanned transmissions of any signed original document, or transmission of any signed facsimile or scanned document, shall be the same as delivery of an executed original. At the request of any of a Party, the Parties shall confirm facsimile transmission signatures by signing and delivering an original document. The Parties may execute duplicate originals of the Agreement.

10. **Assignment.** Reed may assign this Agreement and/or any rights under this Agreement without Donna's consent.

SUBORDINATION AGREEMENT - 2 of 3

2

Exhibit - I

**11. Further Assurances.** Donna and Reed agree to execute any and all further documents, pleadings, agreements and the like necessary to carry out the terms and intent of this Agreement.

The Parties hereby execute this Agreement as of the date indicated above.

_____
Donna J. Taylor

_____
Reed J. Taylor

SUBORDINATION AGREEMENT - 3 of 3

3

Exhibit - I

**RECEIVED**

**NOV 13 2008**
*Campbell, Bissell & Kirby*

Michael E. McNichols
CLEMENTS, BROWN & McNICHOLS, P.A.
Attorneys at Law
321 13th Street
Post Office Box 1510
Lewiston, Idaho 83501
(208) 743-6538
(208) 746-0753 (Facsimile)
ISB No. 993

      Attorneys for Defendant R. John Taylor

# IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

| | |
|---|---|
| DONNA J. TAYLOR, a single person; | Case No: CV 08-01150 |
| Plaintiff, | |
| vs. | ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM |
| R. JOHN TAYLOR and CONNIE TAYLOR, | |
| Defendants. | |

      Defendant R. John Taylor ("this defendant') answers plaintiff's amended complaint as follows:

ANSWER TO AMENDED COMPLAINT
AND COUNTERCLAIM     -1-

# Exhibit - J

I.

This defendant admits paragraphs 1, 2, 3, 5 and 7. This defendant denies paragraphs 13, 15, 16, 18, 19 and 20. This defendant denies paragraph 9 for lack of information and belief.

II.

Answering paragraph No. 4, this defendant admits that defendants R. John Taylor and Connie Taylor were husband and wife until on or about December 16, 2005, and at all relevant times were residents of Lewiston, Nez Perce County, Idaho, and denies all the other allegations.

III.

Answering paragraph No. 6, this defendant admits the first sentence, alleges that the Articles of Incorporation of AIA Services Corporation speak for themselves and denies all the other allegations contained in paragraph No. 6.

IV.

Answering paragraph No. 8, this defendant admits that R. John Taylor and Connie Taylor were divorced through an interlocutory decree filed on December 16, 2005, under which only a portion of their community assets were divided and other property remained undivided and denies all the other allegations contained in paragraph No. 8.

ANSWER TO AMENDED COMPLAINT
AND COUNTERCLAIM          -2-                    Exhibit - J

V.

Answering paragraph No. 10, this defendant admits that from the year 2004 through the present time, he owed limited fiduciary duties to plaintiff Donna J. Taylor, he was an attorney and a director of a publicly held corporation, Avista Corporation, and had some knowledge of the legal obligations associated with his fiduciary duties owed to shareholders, including plaintiff Donna Taylor and denies all the other allegations contained in paragraph No. 10.

VI.

Answering paragraph No. 11, this defendant alleges that the Series A Preferred Shareholder Agreement speaks for itself and denies all the other allegations contained in paragraph No. 11.

VII.

Answering paragraph No.12, this defendant admits that at one time he personally guaranteed certain deferred installment payments owed by AIA Services Corporation to plaintiff Donna Taylor, and denies all of the other allegations contained in paragraph No. 12.

VIII.

Answering paragraph No. 14, this defendant admits that in 2004 he owned approximately 40% of the outstanding common shares of Crop USA Insurance Agency, Inc.,

ANSWER TO AMENDED COMPLAINT
AND COUNTERCLAIM          -3-          Exhibit - J

admits that neither AIA Services Corporation nor AIA Insurance, Inc., held any common shares in Crop USA Insurance Agency, Inc., and denies all of the other allegations contained in paragraph No. 14.

IX.

Answering paragraph No. 17, this defendant alleges that the letter of June 24, 2008, speaks for itself, admits that he filed a counterclaim in this case seeking a declaratory judgment that his personal guarantee had been released, discharged and exonerated and denies all the other allegations contained in paragraph No. 17.

FIRST AFFIRMATIVE DEFENSE

The complaint of the plaintiff fails to state a claim against this defendant upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

By the terms of the SUBORDINATION AGREEMENT, Exhibit B, plaintiff subordinated all of her right to payment from Services to a debt owed by Services to Reed Taylor. The SUBORDINATION AGREEMENT provides that no payment may be made to plaintiff until Reed Taylor has been paid in full. Reed Taylor has not been paid in full. Plaintiff's complaint against the defendant should be dismissed because Services is not obligated to pay plaintiff until Reed Taylor has been paid in full.

THIRD AFFIRMATIVE DEFENSE

The claims of the plaintiff against the defendant for fraud are barred by the

ANSWER TO AMENDED COMPLAINT
AND COUNTERCLAIM              -4-

Exhibit - J

statute of limitations contained in Idaho Code § 5-218(4).

## FOURTH AFFIRMATIVE DEFENSE

To the extent that any of the claims of the plaintiff are derivative claims, plaintiff's complaint should be dismissed because she has failed to give the notice required by Idaho Code § 30-1-742.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint should be dismissed because plaintiff has failed to join indispensable parties.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for fraud should be dismissed because she has failed to plead it with the particularity required by Rule 9(b) I.R.C.P.

## SEVENTH AFFIRMATIVE DEFENSE

1. Pursuant to Article FOURTH of the AMENDED AND RESTATED ARTICLES OF INCORPORATION OF AIA SERVICES CORPORATION, and particularly pursuant to paragraphs 4.3(a) and 4.3(b) payments to Donna Taylor may be made only from "legally available funds" and only "to the extent such redemption shall not violate the Idaho Business Corporation Act restrictions on the corporation's redemption of its own shares."

2. The Idaho Business Corporation Act in effect at the time of the adoption of the AMENDED AND RESTATED ARTICLES OF INCORPORATION OF AIA SERVICES CORPORATION provided that a corporation may not pay for redeemed shares

ANSWER TO AMENDED COMPLAINT
AND COUNTERCLAIM         –5–

# Exhibit - J

unless there was "surplus" and could not pay for redeemed shares if the corporation was insolvent.

3. If AIA Services Corporation Amended Stock Redemption Agreement and Promissory Note with Reed Taylor are legally enforceable, then AIA Services Corporation has no "surplus" and no "legally available funds" with which to pay Donna Taylor and under the express terms of the Amended and Restated Articles of Incorporation Services is not obligated to pay Donna Taylor any money.

## EIGHTH AFFIRMATIVE DEFENSE

Because AIA Services Corporation is not obligated to pay any money to Donna Taylor, John Taylor is not obligated as guarantor to pay certain deferred installments of Services' obligation to Donna Taylor.

## COUNTERCLAIM

For a counterclaim against the plaintiff, defendant alleges.

I.

This is an action for declaratory judgment, pursuant to Rule 57, I.R.C.P. An actual controversy exists between the parties.

II.

John Taylor has performed all conditions precedent to the commencement of this action.

ANSWER TO AMENDED COMPLAINT
AND COUNTERCLAIM          -6-

Exhibit - J

III.

In approximately 1988, Reed Taylor and Donna Taylor divorced and AIA Services Corporation ("Services") agreed to redeem Donna Taylor's shares of the Series A Preferred Stock of Services.

IV.

In 1995 Services redeemed Reed Taylor's shares of common stock in Services. Pursuant to the redemption agreements, the debt Services owed to Reed Taylor was subordinated to the money payable by Services to Donna Taylor. The agreements provided that no payment of principal would be made to Reed Taylor until Donna Taylor had been paid in full.

V.

In the following years, the income earned by the businesses owned, operated and managed by Services declined and Services was unable to pay Donna Taylor as planned and Services negotiated an amendment with Donna Taylor.

VI.

John Taylor, Donna Taylor and Reed Taylor entered into an agreement, memorialized by a letter dated February 27, 2001, a copy of which is attached as Exhibit A and incorporated by reference. As a part of the agreement, John Taylor and Reed Taylor agreed to personally guarantee certain deferred installment

ANSWER TO AMENDED COMPLAINT
AND COUNTERCLAIM            -7-

Exhibit - J

payments that were to be paid to Donna Taylor in the future. At that time Donna Taylor was owed approximately $736,000.00 and Reed Taylor was owed approximately $6,400,000.00.

VII.

As of the date of the letter agreement, Exhibit A, the assets of Services were easily adequate to cover the money payable to Donna Taylor before any of the assets of Services were available to pay the debt owed to Reed Taylor, but the liquidating value of Services' assets was not sufficient to cover both of the obligations due to Reed Taylor and Donna Taylor.

VIII.

John Taylor agreed to guarantee certain deferred installments of Services' payment to Donna Taylor in reliance upon the agreements subordinating Reed Taylor's debt to the money payable to Donna Taylor, which subordination made all of the assets of Services available to pay the money payable to Donna Taylor before any of the assets of Services were available to pay the debt owed to Reed Taylor.

IX.

Pursuant to a document, called a "SUBORDINATION AGREEMENT", a copy of which is attached as Exhibit B, and incorporated by reference, effective as of December 1, 2006, Donna Taylor subordinated the entire amount due her by

ANSWER TO AMENDED COMPLAINT
AND COUNTERCLAIM          -8-                    Exhibit - J

Services, including the deferred installment payments that were guaranteed by John Taylor and Reed Taylor, to the debt owed to Reed Taylor by Services.

X.

Donna Taylor's agreement of December 1, 2006, Exhibit B, to subordinate her right to payment by Services to the debt owed to Reed Taylor by Services constituted a material alteration of the principal contract, between Services and Donna Taylor without the consent of John Taylor and without notice to John Taylor. The material obligation of the principal contract substantially increased John Taylor's risk of liability on the guarantee to Donna Taylor and substantially injured John Taylor by substantially increasing his risk of liability under the guarantee.

XI.

Donna Taylor's material alteration of the principal contract without the consent of John Taylor, which substantially injured the interests of John Taylor, released, discharged and exonerated John Taylor from any liability under the guarantee of certain deferred installment payments contained in Exhibit A.

XII.

John Taylor is entitled to a Declaratory Judgment against Donna Taylor declaring and adjudging that his personal guarantee of certain deferred installment payments of the debt of Services to Donna Taylor is released, discharged and exonerated.

ANSWER TO AMENDED COMPLAINT
AND COUNTERCLAIM          -9-                    Exhibit - J

WHEREFORE, defendant requests the Court:

1. To dismiss the complaint of the plaintiff against him, with prejudice, and to award him his costs including reasonable attorneys fees.

2. On his counterclaim, to declare and adjudge that defendant's personal guarantee of certain deferred installments of the debt of Services to plaintiff is released, discharged and exonerated.

3. For an award of costs, including reasonable attorneys fees.

4. For such other and further relief as the court may find just.

DATED this 11th day of November, 2008.

CLEMENTS, BROWN & McNICHOLS, P.A.

By: _____

MICHAEL E. McNICHOLS

ANSWER TO AMENDED COMPLAINT
AND COUNTERCLAIM          -10-

Exhibit - J

## DEMAND FOR TRIAL BY JURY

This defendant demands a trial of all of the issues of this case by a jury.

This defendant is willing to consider agreeing to a jury of fewer than twelve (12) persons,

so long as a three-fourths (3/4) majority is required for a verdict.

CLEMENTS, BROWN & McNICHOLS, P.A.

By: _____

MICHAEL E. McNICHOLS

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of November, 2008, I caused to be served a true and correct copy of the foregoing by the method indicated below, and addressed to the following:

Michael S. Bissell                                [X]    U.S. Mail
Campbell, Bissell & Kirby, PLLC                   [ ]    Hand Delivered
7 South Howard Street, Suite 416                  [ ]    Overnight Mail
Spokane, WA 99201                                 [ ]    Facsimile
Facsimile: (509) 455-7111                         [ ]    E-Mail

David R. Risley                                   [X]    U.S. Mail
Randall, Blake & Cox, P.A.                        [ ]    Hand Delivered
P.O. Box 446                                      [ ]    Overnight Mail
Lewiston, ID 83501                                [ ]    Facsimile
Facsimile: (208) 743-1266                         [ ]    E-Mail

_____

Michael E. McNichols

ANSWER TO AMENDED COMPLAINT
AND COUNTERCLAIM          -11-

# Exhibit - J

Donna Taylor                                          February 27, 2001
3730 Nicklaus Drive
Clarkston, Wa. 99403

Dear Ms. Taylor,

AIA is developing a new crop insurance program through a
new company called CropUSA. We will be filing a Form D stock
registration for the agencies who join with CropUSA.

The costs of putting the CropUSA program together in Texas
have been paid. AIA now needs to launch in five new territories next
Month.

AIA requests it be allowed to defer the stock redemption payments
to you for the next five months. Even though redemption is deferred, AIA will
continue to accrue the interest on the interest payments not made.

AIA will agree to work with you to restructure your payments so your
redemption payments are converted to other income so you can set up a SEP or Defined
Benefit plan. When you become a consultant, we can add you to the current
AIA health plan. You will have the option to convert some of your Preferred A
Stock to CropUSA on the same rate as offered to the C stock

It will take a few months to set this all up. We will work with your
Accountant or will introduce you to CPA's here or in Spokane who can set up
the right tax plan.

Your preferred A stock has the highest priority, above the payments
to Reed, the Preferred C, and the common stock.. Reed and John will
guarantee the deferred payments.

Sincerely,

Reed J. Taylor                        R. John Taylor

Accepted _Donna J. Taylor_____

EXHIBIT A                    Exhibit - J

## SUBORDINATION AGREEMENT

This Subordination Agreement ("Agreement") is entered into as of December 1, 2006, by and between Donna J. Taylor, a single person ("Donna") and Reed J. Taylor, a single person ("Reed"). Reed and Donna are hereinafter referred to individually as a "Party" and/or collectively as the "Parties."

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, the sufficiency of which is acknowledged as sufficient, full and complete consideration for this Agreement, the Parties agree as follows:

1. **Subordination.** Donna agrees to unconditionally and irrevocably subordinate all amounts and obligations owed to her under the Series A Preferred Shareholder Agreement between AIA Services Corporation ("AIA Services"), Donna and Reed dated July 1, 1996 (including any modifications thereto, if applicable) to be junior to all payments (including principal and interest), obligations, rights and/or remedies owed to Reed by AIA Services, AIA Insurance, Inc. ("AIA Insurance") and/or any other person or entity. The effect of this Agreement shall be to make all obligations and/or amounts owed to Donna Taylor by AIA Services Corporation, AIA Insurance, R. John Taylor and any other person or entity subordinate and junior to all amounts and obligations owed to Reed by the foregoing persons and entities under the agreements identified in Section 2. Reed shall be entitled to collect all amounts owed to him before Donna's Preferred A Shares of AIA Services are redeemed or any further payments are made to Donna. The effect of this Agreement shall be to permit Reed to collect, litigate, obtain judgment, and/or enforce any and all rights and remedies which relate in any way to the S6 Million Promissory Note, plus all accrued interest, costs, expenses, and attorneys' fees owed to Reed through the various agreements set forth in Section 2 below. This Agreement may result in Reed obtaining payment, assets, and/or judgments which represent some or all of the amounts owed to him, while Donna's rights will be junior and inferior to Reed. Donna authorizes Reed to provide copies of this Agreement to any person, entity or court as Reed may unilaterally elect in his sole discretion.

2. **Agreements Affected by Donna's Subordination.** Donna expressly subordinates all amounts, rights, obligations, and remedies owed to her in favor of (and junior to) Reed J. Taylor under the following agreements (including all claims, remedies, rights under such agreements): (a) $6 Million Promissory Note between Reed and AIA Services Corporation ("AIA Services") dated August 1, 1995; (b) Stock Redemption Restructure Agreement between Reed, Donna and AIA Services dated July 1, 1996; (c) Amended and Restated Stock Pledge Agreement between AIA Services and Reed dated July 1, 1996; (d) Amended and Restated Security Agreement between AIA Services, AIA Insurance, Inc., and Reed dated July 1, 1996; and (e) Letter between Reed, R. John Taylor, and Donna dated February 27, 2001; (f) Series A Preferred Shareholder Agreement between AIA Services, Donna and Reed dated July 1, 1996; and (g) any other agreement, contract or promise of any kind or nature.

SUBORDINATION AGREEMENT - 1 of 3

1    EXHIBIT B    Exhibit - J

**3. No Waiver of AIA Services Corporation's Defaults.** The Parties acknowledge and agree that the execution of this Agreement shall not constitute either Party's waiver of AIA Service's defaults on payments due to Donna. This Agreement simply subordinates all amounts and obligations due to Donna under the Series A Preferred Shareholder Agreement in favor of amounts and obligations owed to Reed.

**4. No Waiver of Personal Indebtedness.** The Parties agree that this Agreement shall not waive, modify or extinguish any personal indebtedness which may be owed by R. John Taylor or Connie Taylor to either Party for any debt, claim or cause of action.

**5. Voluntary Execution.** In executing this Agreement, the Parties acknowledge that they have either consulted with an attorney prior to executing this Agreement or have elected to enter into this Agreement without consulting an attorney. The Parties acknowledge that they have executed this Agreement only after careful independent investigation, voluntarily and without fraud, duress or undue influence. The Parties expressly waive any and all defenses which may be later alleged or pled relating to lack of or failure of consideration. The Parties expressly agree that their mutual promises are adequate and more than sufficient consideration for this Agreement.

**6. Right, Power and Authority.** The Parties warrant to each other that they have the right, power and authority to execute and enter into this Agreement. Donna represents that she has not assigned her rights to any payments or other rights in the Series A Preferred Shareholder Agreement to any person or entity.

**7. Effect.** This Agreement shall be binding upon and inure to the benefit of each Party to this Agreement, together with his/her agents, spouses, heirs, executors, administrators, successors, and all persons now or hereafter holding or having all or any part of the interest of a Party to this Agreement. If any dispute, conflict, or question arises between the Parties regarding any interpretation of this Agreement and/or the law, the Parties agree that the terms, conditions, and obligations created under this Agreement shall not be construed and/or interpreted against the drafting party.

**8. Applicable Law.** The Parties agree that this Agreement shall be interpreted under the laws of the State of Idaho and venue of any dispute shall be in Nez Perce County, Idaho.

**9. Counterparts and Facsimile or Scanned Transmission.** This Agreement may be executed in counterparts, each of which shall be deemed an original instrument. Facsimile or scanned transmissions of any signed original document, or transmission of any signed facsimile or scanned document, shall be the same as delivery of an executed original. At the request of any of a Party, the Parties shall confirm facsimile transmission signatures by signing and delivering an original document. The Parties may execute duplicate originals of the Agreement.

**10. Assignment.** Reed may assign this Agreement and/or any rights under this Agreement without Donna's consent.

SUBORDINATION AGREEMENT - 2 of 3

2

Exhibit - J

11. **Further Assurances.** Donna and Reed agree to execute any and all further documents, pleadings, agreements and the like necessary to carry out the terms and intent of this Agreement.

The Parties hereby execute this Agreement as of the date indicated above.

Donna J. Taylor

Reed J. Taylor

SUBORDINATION AGREEMENT - 3 of 3

3

Exhibit - J