

MICHAEL S. BISSELL, ISB No. 5762
CAMPBELL, BISSELL & KIRBY PLLC
7 South Howard Street, Suite 416
Spokane, WA 99201
Tel: (509) 455-7100
Fax: (509) 455-7111

Attorneys for Plaintiff Reed J. Taylor

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

| | |
|---|---|
| REED J. TAYLOR, an individual;<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL E. MCNICHOLS, an individual;<br>CLEMENTS, BROWN & MCNICHOLS,<br>P.A., an Idaho professional corporation; JANE<br>DOES I-V, unknown individuals;<br><br>Defendants. | Case No.: **CV 08-01763**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED**<br><br>Category: A.1.<br>Fee: $88.00 |

Reed J. Taylor, by and through his attorneys of record, CAMPBELL, BISSELL &

KIRBY, PLLC, alleges as follows (all applicable facts alleged below are incorporated by

reference into each cause of action as necessary to support each such cause of action):

## I. PARTIES

1. Plaintiff Reed J. Taylor is a resident of Lewiston, Nez Perce County,

Idaho. Plaintiff Reed J. Taylor is an elderly person as defined in I.C. § 48-608.

2. Defendant Clements, Brown & McNichols, P.A. ("Clements Brown") is

an Idaho professional corporation in the business of practicing law. Clements Brown is

COMPLAINT - 1

<span style="font-size:2em">Exhibit - K</span>

vicariously liable for the acts of the individual Defendants.

3.    Defendant Michael E. McNichols is an individual residing in the state of Idaho and is an attorney practicing law in the state of Idaho with and for Clements Brown.

4.    Jane Does I-V are unknown individuals who are and/or were attorneys that participated in the tortious acts and conduct alleged against the above known defendants.

## II.  JURISDICTION, VENUE AND CLAIMS

5.    The Defendants transacted business through the practice of law in Nez Perce County, Idaho, and have an expectation of being named as defendants in Nez Perce County, Idaho.    The Defendants committed tortious acts and/or assisted in the commission of tortious acts in Nez Perce County, Idaho.  The Defendants' tortious acts and/or assistance have inflicted damages upon a resident of Nez Perce County, Idaho.

6.    Damages in this action exceed $10,000.    Jurisdiction and venue are, therefore, appropriate in Nez Perce County District Court.

7.    Plaintiff Reed J. Taylor's Complaint is not a derivative action.  Plaintiff Reed J. Taylor is the pledgee of all of the shares of AIA Insurance, Inc., the only shareholder of AIA Insurance, Inc. by way of holding all of its shares as collateral, and the largest creditor of AIA Services Corporation (Reed J. Taylor is owed over $8,500,000 and AIA Services Corporation is insolvent).    AIA Services Corporation and AIA Insurance, Inc.'s value and net assets are insufficient to pay the over $8,500,000, plus interest and attorneys' fees and costs, owed to Reed J. Taylor.  Plaintiff Reed J. Taylor is entitled to bring certain claims directly against the Defendants for certain damages.

COMPLAINT - 2

Exhibit - K

## III. FACTS

8.    At all material times, Plaintiff Reed J. Taylor was owed over $6,000,000 by AIA Services Corporation through a promissory note dated August 1, 1995. Plaintiff Reed J. Taylor is presently owed over $8,500,000 by AIA Services Corporation. At all material times, the Defendants had full knowledge of AIA Services Corporation's debt and contractual obligations owed to Reed J. Taylor.

9.    AIA Services Corporation was in default of the $6,000,000 promissory note when it failed to pay the note when it matured on August 1, 2005. Although unnecessary since the $6,000,000 promissory note matured on August 1, 2005, demand for payment was properly served upon AIA Services Corporation by Plaintiff Reed J. Taylor on December 12, 2006. AIA Services Corporation was insolvent in 2001, and has continued to be insolvent from said date.

10.    Since 1996, as security for the over $8,500,000 owed by AIA Services Corporation, Plaintiff Reed J. Taylor was granted and possessed a security interest in all of the stock of AIA Insurance, Inc. and all of the commissions and related receivables of AIA Insurance, Inc. and AIA Services Corporation. Pursuant to the Amended and Restated Stock Pledge Agreement dated July 1, 1996, Plaintiff Reed J. Taylor had the contractual right upon default of AIA Services Corporation to vote the stock of AIA Insurance, Inc., and take operational control of AIA Insurance, Inc. Plaintiff Reed J. Taylor's right to vote the stock of AIA Insurance was also perfected through AIA Services Corporation's irrevocable power of attorney granted to Reed J. Taylor that was coupled with an interest as required by I.C § 30-1-722.

COMPLAINT - 3

Exhibit - K

11.    On February 22, 2007, Reed J. Taylor voted the stock of AIA Insurance, Inc. and attempted to take control of it pursuant to his contractual rights as provided under the law, the contract documents, and I.C. § 30-1-722. However, the interested directors of AIA Insurance, Inc. (including R. John Taylor) by and through the Defendants intentionally assisted in breaching the terms of the Amended and Restated Stock Pledge Agreement and refused to acknowledge Plaintiff Reed J. Taylor's valid vote of the stock of AIA Insurance, Inc. and refused to surrender control as required. The Defendants further engaged in inappropriate conduct in assisting interested parties (including R. John Taylor) in obtaining and/or maintaining a restraining order and preliminary injunction against Plaintiff Reed J. Taylor, when the Defendants knew there was no legitimate legal basis to do so, that doing so was an intentional violation and tortious interference with Reed J. Taylor's contractual rights, and that the assets and funds of AIA Insurance, Inc. were being misappropriated and/or not safeguarded.

12.    Plaintiff Reed J. Taylor has a pending civil action against AIA Services Corporation, AIA Insurance, Inc., Crop USA Insurance Agency, Inc., R. John Taylor, and others for claims of fraud, fraudulent conveyance, civil conspiracy, conversion, breaches of fiduciary duties and other claims under Nez Perce County Case No. CV-07-00208 ("*Taylor v. AIA Services Corporation, et al.*"), and therein Plaintiff Reed J. Taylor obtained an order of partial summary judgment for AIA Services Corporation's default of the $6,000,000 promissory note and corresponding default of the Amended and Restated Stock Pledge Agreement. By way of this partial summary judgment and/or his prior vote of the stock, Reed J. Taylor would and should be in actual control of AIA Insurance, Inc. but for the actions and R. John Taylor, which Defendants, with full knowledge of Reed J.

COMPLAINT - 4

Exhibit - K

Taylor's rights, facilitated and aided and abetted to the detriment of AIA Services Corporation, AIA Insurance, Inc. and Reed J. Taylor.

13.    In 2007, Defendants appeared in the civil action, *Taylor v. AIA Services Corporation, et al.*, and assumed the direct legal representation of three distinct clients, AIA Services Corporation, a corporation, AIA Insurance, Inc., a corporation, and John Taylor, an individual, and indirect legal representation of other interested parties (including Connie Taylor, James Beck and Michael Cashman). At all material times R. John Taylor was an interested CEO and director of AIA Services Corporation and AIA Insurance, Inc. and an interested majority shareholder of AIA Services Corporation. The civil action clearly alleged acts of fraud, civil conspiracy, conversion, and breaches of fiduciary duty perpetrated by R. John Taylor and others against AIA Services Corporation and AIA Insurance, Inc., and such acts having damaged and continuing to cause damages to the corporations, their shareholders and creditors. In violation of the Idaho Rules of Professional Conduct and Defendants' duty of care, the Defendants undertook to represent the three named clients, each having irreconcilable conflicts of interest with the others.

14.    Plaintiff Reed J. Taylor's attorney, Roderick C. Bond, advised the Defendants in early 2007, that it was a violation of the Idaho Rules of Professional Conduct and duty of care to represent AIA Services Corporation, AIA Insurance, Inc., and R. John Taylor because of various conflicts of interest. On March 28, 2007, the Defendants finally recognized the violation and withdrew from representing AIA Services Corporation and AIA Insurance, Inc. Although the Defendants should have withdrawn from representing R. John Taylor, AIA Services Corporation and AIA

COMPLAINT - 5

Exhibit - K

Insurance, Inc. in *Taylor v. AIA Services Corporation, et al.*, the Defendants committed a further violation of the Idaho Rules of Professional Conduct and their duty of care by terminating the representation of the corporations and continuing to represent R. John Taylor, which was a breach of their duty of loyalty to the corporations. Defendants' actions constitute a violation of the "hot potato" doctrine.

15. The Defendants inappropriately entered into and/or participated in a Joint Defense Agreement(s) knowing that AIA Services Corporation, AIA Insurance, Inc., Crop USA Insurance, Inc., R. John Taylor and other named and unnamed individuals in *Taylor v. AIA Services Corporation, et al.* had clear irreconcilable conflicting and diverging interests in violation of the Rules of Professional Conduct and Defendants' duty of care, and to the detriment AIA Services Corporation, AIA Insurance, Inc. and Reed J. Taylor. In *Taylor v. AIA Services Corporation, et al.*, a Joint Defense Agreement was not permissible or appropriate because it would perpetuate fraud, conspiracy, aiding and abetting, and other causes of action, was entered into without obtaining informed consent from disinterested representatives of the corporations, and the Joint Defense Agreement was also independently not appropriate or permitted when certain parties to a joint defense agreement should be asserting claims against other parties to the agreement. The Joint Defense Agreement(s) in question have assisted in others (including R. John Taylor and Crop USA Insurance Agency, Inc.) to perpetrate and/or hide acts of fraud, fraudulent conveyances, civil conspiracy, conversion, breaches of fiduciary duties and other claims, while also assisting the Defendants in inappropriately obtaining payment of fees and costs in violation of the Rules of Professional Conduct and their duty of care.

COMPLAINT - 6

Exhibit - K

16. The Defendants assisted AIA Services Corporation, AIA Insurance, Inc., Crop USA Insurance Agency, Inc., R. John Taylor, and others in taking action that was not in the best interests of the corporations, not authorized by disinterested parties, and/or done so without requiring AIA Services Corporation, AIA Insurance, Inc. and/or Crop USA Insurance Agency, Inc. to retain separate independent counsel that were retained by separate independent uninterested parties.

17. As attorneys for AIA Services Corporation, an entity, the Defendants owed duties as provided by the Idaho Rules of Professional Conduct, their duty of care, and the law to the corporation and its shareholders to preserve and protect the assets and businesses of the corporation, and since AIA Services Corporation was insolvent, to its creditors including Reed J. Taylor. As attorney for AIA Services Corporation, and in light of the claims made against R. John Taylor and others by the Plaintiff Reed J. Taylor, the Defendants owed a duty to their entity client not to assume representation of the interests of R. John Taylor, individually and/or through a Joint Defense Agreement, or with any other interested parties.

18. As attorneys for AIA Insurance, Inc., the corporation, the Defendants owed duties as provided by the Idaho Rules of Professional Conduct, their duty of care, and the law to the corporation and its shareholders including a creditor pledgee of the corporation's stock, Plaintiff Reed J. Taylor, with contractual rights to vote the shares and assume control and who had exercised his contractual rights and had voted the shares but whose rights were breached and rejected by interested directors and others who were in control of the corporation including R. John Taylor. As attorneys for AIA Insurance, Inc.

COMPLAINT - 7

Exhibit - K

and in light of the claims made against R. John Taylor and others by the Plaintiff Reed J. Taylor, the Defendants owed a duty to their corporate client not to assume representation of the interests of R. John Taylor, individually and/or through any Joint Defense Agreement, and/or of other interested parties (including Crop USA Insurance Agency, Inc.).

19.     As attorneys for R. John Taylor, individually and through any Joint Defense Agreement, the Defendants owed their duties first and foremost to AIA Services Corporation and AIA Insurance, Inc. as provided by the Idaho Rules of Professional Conduct and their duty of care.  As attorneys for R. John Taylor by and through taking directions and/or accepting decisions made by him knowing that he was interested and should have claims asserted against him, and in light of the claims against R. John Taylor by the Plaintiff Reed J. Taylor, the Defendants owed a duty to their corporation clients not to assume representation of any party other than that of the interests of AIA Services Corporation and AIA Insurance, Inc.   The Defendants failed to notify or obtain appropriate informed consents or approvals from appropriate parties or disinterested shareholders in violation of the Rules of Professional Conduct, their duty of care, and the Bylaws and Articles of Formation of the corporations, all to the detriment of Reed J. Taylor.  The Defendants inappropriately participated in the Joint Defense Agreement.

20.     As former attorneys' for AIA Services Corporation and/or AIA Insurance, Inc., the Defendants owed duties of loyalty to the corporations and could not represent R. John Taylor in *Taylor v. AIA Services Corporation, et al.*, represent the interests of other interested parties because the Defendants' loyalty belongs also with AIA Services Corporation and/or AIA Insurance, Inc. Furthermore, the Defendants could in no way

COMPLAINT - 8

Exhibit - K

represent the interests of Crop USA Insurance Agency, Inc. or participate in any joint defense of Crop USA Insurance Agency, Inc. or other interested parties (such as R. John Taylor, Connie Taylor, James Beck, and/or Michael Cashman) as AIA Services Corporation and/or AIA Insurance, Inc. should have been asserting claims against Crop USA Insurance Agency, Inc., each other, and other interested parties.

21. Defendants represented, and continues to represent, R. John Taylor (individually and through any Joint Defense Agreement) and with full knowledge that R. John Taylor is an interested party and director of AIA Services Corporation and AIA Insurance, Inc. and is personally inappropriately conducting and controlling the course of litigation involving the Defendants' former clients, AIA Services Corporation and AIA Insurance, Inc., to the detriment of Defendants' former clients, AIA Services Corporation and AIA Insurance, Inc.

22. During the course of the civil action after March 28, 2007, the Defendants have coordinated and participated with Quarles & Brady LLP, the law firm that has represented AIA Services and AIA Services Corporation before and throughout litigation, and Hawley Troxell, the law firm that assumed the representation of AIA Service Corporation and AIA Insurance, Inc. from the Defendants (and later the inappropriate representation of Crop USA Insurance Agency, Inc.). During the course of the civil action after March 28, 2007, R. John Taylor and others have further engaged in inappropriate and/or wrongful transactions involving themselves, AIA Services Corporation, AIA Insurance, Inc., and Crop USA Insurance Agency, Inc., which transactions have occurred with Defendants knowledge and/or assistance, and to the detriment of AIA Services Corporation, AIA Insurance, Inc., and Plaintiff Reed J. Taylor

COMPLAINT - 9

Exhibit - K

as creditor and stock pledgee.

23.    Defendants are liable to Reed J. Taylor for an amount to be proven at trial because the Defendants have provided substantial assistance and/or aided and abetted R. John Taylor, AIA Services Corporation, AIA Insurance, Inc., Crop USA Insurance Agency, Inc., and other interested parties in acts of fraud, fraudulent conveyances, conversion, civil conspiracy, and breaches of fiduciary duties.    The acts of fraud, fraudulent conveyances, conversion, civil conspiracy, and breaches of fiduciary duties include, but are not limited to:  1) While purporting to represent AIA Insurance, Inc. and AIA Services Corporation, the Defendants assisted and/or aided and abetted R. John Taylor in the tortious interference with the assertion of Plaintiff Reed J. Taylor's contractual rights to control and operate AIA Insurance, Inc., which has proximately caused damages to Reed J. Taylor;  2) While purporting to represent AIA Services Corporation and AIA Insurance, Inc., the Defendants inappropriately assisted and/or aided and abetted R. John Taylor and other interested parties to engage in tortious transactions involving R. John Taylor, AIA Services Corporation, AIA Insurance, Inc., and/or Crop USA Insurance Agency, Inc., which such transactions have been to the detriment of AIA Services Corporation, AIA Insurance, Inc., and Reed J. Taylor, and proximately caused damages to Reed J. Taylor as creditor and stock pledgee; and 3) While representing R. John Taylor, individually and through a Joint Defense Agreement, the Defendants have had full knowledge that their client is an interested party and director of AIA Services Corporation, AIA Insurance, Inc., and Crop USA Insurance Agency, Inc., and is personally conducting and controlling the course of litigation involving the Defendants' former clients, AIA Services Corporation and AIA Insurance,

COMPLAINT - 10

Exhibit - K

Inc., and Defendants have assisted and/or aided and abetted R. John Taylor and others (including, Crop USA Insurance Agency, Inc.) and has coordinated and participated with the Hawley Troxell and Quarles & Brady in R. John Taylor's engaging in tortious transactions involving himself, AIA Services Corporation, AIA Insurance, Inc., and Crop USA Insurance Agency, Inc., which transactions have been to the detriment of AIA Services Corporation and AIA Insurance, Inc. and proximately caused damages to Reed J. Taylor as a creditor and stock pledgee.

24.    In connection with the Defendants' inappropriate representation and/or joint defense of R. John Taylor, AIA Services Corporation, AIA Insurance, Inc., Crop USA Insurance Agency, Inc., and other interested parties, the Defendants accepted payments of attorneys fees and costs believed to exceed $100,000 in violation of the Idaho Rules of Professional Conduct, their duty of care, and as participating and/or assisting in inappropriate corporate acts and the aiding and abetting of others.

25.    Over the course of the litigation in *Reed J. Taylor v. AIA Services Corporation, et al.*, Reed J. Taylor's attorney in that action, Roderick C. Bond of Smith, Cannon & Bond PLLC, advised the Defendants on numerous occasions that their conduct violated Idaho Rules of Professional Conduct and their duty of care, was inappropriate, and constituted the aiding and abetting of other interested and uninterested parties (including R. John Taylor and Crop USA Insurance Agency, Inc.), among other potential legal claims against them. In early 2007, Mr. Bond advised the Defendants that their inappropriate actions would result in claims being filed against them by Reed J. Taylor. Mr. Bond reiterated these warnings orally and in writing on numerous occasions. Despite Mr. Bond's warnings, the Defendants conduct persisted thereby further damaging Reed J.

COMPLAINT - 11

Exhibit - K

Taylor. The Defendants disregard of Mr. Bond's warnings can only be construed as intentional improper acts to assist R. John Taylor and other interested parties to the detriment of Plaintiff Reed J. Taylor and others.

26. The Defendants wrongfully assisted R. John Taylor and other interested parties in operating Crop USA Insurance Agency, Inc. with the funds, assets, employees, trade secrets and other things of value inappropriately obtained from AIA Services Corporation and/or AIA Insurance, Inc., and by assisting R. John Taylor and other interested parties (including Crop USA Insurance Agency, Inc.) in preventing claims from being asserted and prosecuted against them. The Defendants wrongfully assisted and/or failed to prevent interested parties (including R. John Taylor) in transferring the long-term employees of AIA Insurance, Inc. to Crop USA Insurance Agency, Inc., while at the same time representing to the Court in *Taylor v. AIA Services Corporation* that the corporations were being operated properly and/or failing to advise the Court of the inappropriate acts and transactions. All the while the Defendants were aware of and/or assisted in the inappropriate payment of salaries, benefits, compensation, and director fees of $20,000 per year when AIA Services Corporation was insolvent.

27. Despite Reed J. Taylor's demands (made personally and through his attorney Roderick C. Bond) that the Defendants take action to protect the assets and funds of AIA Services Corporation and AIA Insurance, Inc. and recover funds and assets from R. John Taylor, Crop USA Insurance Agency, Inc. and other interested and uninterested parties for the benefit of the corporations and Reed J. Taylor, the Defendants refused to act in accordance with the Rules of Profession Conduct, their duty of care, and the law. Despite Reed J. Taylor's demands (made through his attorney Roderick C.

COMPLAINT - 12

Exhibit - K

Bond) that interests of the minority disinterested shareholders be considered and/or protected because of the wrongful acts of R. John Taylor and other interested parties, the Defendants refused to act and failed to fully and properly disclose all pertinent facts to the disinterested shareholders and request their votes.

28.    In various motions, responses and affidavits submitted to the court in *Taylor v. AIA Services Corporation, et al.*, the Defendants made arguments that did not benefit AIA Services Corporation, AIA Insurance, Inc., or Reed J. Taylor, inappropriately made other arguments preventing valid claims from being asserted against R. John Taylor, James Beck, Connie Taylor, Michael Cashman, and other interested and uninterested parties, and failed to take action against responsible parties (including R. John Taylor, Crop USA Insurance Agency, Inc., Connie Taylor, James Beck, Michael Cashman, Lancelot Investors Fund, and others). In the instance of Michael Cashman, the Defendants successfully argued to the Court in *Taylor v. AIA Services Corporation, et al.* that Mr. Cashman should not be named as an individual when the Defendants should have been taking action against Mr. Cashman and others.

29.    Despite Reed J. Taylor's demands (made through his attorney Roderick C. Bond) that disinterested directors and/or parties must direct the litigation on behalf of the corporations, the Defendants refused and permitted and/or assisted R. John Taylor and other interested parties to direct the litigation to the detriment of the corporations and Reed J. Taylor. Despite Reed J. Taylor's demands (made through his attorney Roderick C. Bond) that action be taken to terminate AIA Insurance, Inc.'s improper guarantee of a $15,000,000 line-of-credit for Crop USA Insurance Agency, Inc., the Defendants refused to act, failed to inform or fully disclose to disinterested parties or shareholders the

COMPLAINT - 13

Exhibit - K

existence of such inappropriate loan guarantees.

30.    The Defendants' conduct has violated Idaho Rules of Professional Conduct and their duty of care, which require the Defendants to disgorge all attorneys' fees and costs paid to them in *Taylor v. AIA Services Corporation, et al.* and other related and unrelated legal representations. Despite Reed J. Taylor's demands (made through his attorney Roderick C. Bond) to comply with the Rules of Professional Conduct and their duty of care, the Defendants refused to do so.

31.    Through the acts of the Defendants, the value of AIA Insurance, Inc. and the assets of AIA Services Corporation and/or AIA Insurance, Inc. have plummeted in value, the corporations' value and assets have been impaired, and/or the assets and funds have been transferred to Crop USA Insurance Agency, Inc. Through the acts of the Defendants, ownership of Crop USA Insurance Agency, Inc. has remained vested in interested parties (including R. John Taylor), while the major creditor Reed J. Taylor and minority shareholders have been left with nothing. Despite Reed J. Taylor's demands (through his attorney Roderick C. Bond) that action should also be taken for the interests of the innocent minority shareholders and creditors, the Defendants have refused to take action and inappropriately assisted the interested parties (including R. John Taylor, Connie Taylor, James Beck and Michael Cashman).

32.    Despite the Defendants having made several legal arguments that lacked merit, lacked good faith and/or were not grounded in facts, the Defendants provided a settlement offer to Reed J. Taylor in *Taylor v. AIA Services Corporation, et al.*, which included a provision that he release all claims against the Defendants as a condition of the settlement. The inclusion of such a provision was a violation of the Rules of Professional

COMPLAINT - 14

Exhibit - K

Conduct and Defendants' duty of care. The Defendants also refused to make any provisions for disinterested minority shareholders of AIA Services Corporation as requested by Reed J. Taylor.

33. The Defendants have assisted in the inappropriate acts of R. John Taylor and other interested parties in stopping all payments to Reed J. Taylor and Donna J. Taylor, Reed J. Taylor's former wife and the holder of all outstanding Preferred A Shares of AIA Services Corporation. Like Reed J. Taylor, Donna J. Taylor is required to be a member of the board of directors of AIA Services Corporation. Like Reed J. Taylor, the Defendants have assisted R. John Taylor and other interested parties in preventing Reed J. Taylor and Donna J. Taylor from being members of the board of directors of AIA Services Corporation, which has further far reaching ramifications and results in additional damages against the Defendants.

34. With full knowledge of AIA Services Corporation's obligations to ensure that Reed J. Taylor and Donna J. Taylor are members of its board until they were paid in full, the Defendants proceeded to attend and participate in inappropriate board meetings and take inappropriate action based upon board meetings held by interested directors without Reed J. Taylor or Donna J. Taylor being present, which results in all such meetings and decisions being null and void, and the Defendants being liable for the associated damages.

35. The Defendants assisted and/or failed to prevent and/or notify disinterested parties that AIA Services Corporation had inappropriately pledged its sole remaining other significant asset, the $1,200,000 mortgage, to Crop USA Insurance Agency, Inc. to facilitate the payment of the Defendants' services in violation of the

COMPLAINT - 15

Exhibit - K

Rules of Professional Conduct and the law.

36.    The Defendants omitted and/or misrepresented material facts to the Court in *Taylor v. AIA Services Corporation, et al.* to the detriment of Reed J. Taylor.  In several instances, the Defendants persuaded the Court to take action that was not in the best interests of the corporations or Reed J. Taylor, to the detriment of the corporations and Reed J. Taylor (including consenting to the issuance of only a $200,000 bond when the Defendants knew that the corporations were not being operated properly or their assets safeguarded).

37.    The Defendants have inappropriately assisted R. John Taylor and other interested parties in misallocating and not allocating expenses and/or services provided and borne by AIA Insurance, Inc. and/or AIA Services Corporation for the benefit of Crop USA Insurance Agency, Inc., R. John Taylor and other interested parties.

38.    The Defendants had full knowledge of R. John Taylor's Executive Officer's Agreement.  Even though R. John Taylor has breached the terms of his employment contract with AIA Services Corporation by competing against AIA Services Corporation through Crop USA Insurance Agency, Inc. (and violating the corporate opportunity doctrine), by soliciting employees of AIA Insurance, Inc., and other inappropriate actions, the Defendants intentionally refused to act in the best interests of AIA Services Corporation, AIA Insurance, Inc., their shareholders, and/or Reed J. Taylor.

39.    The Defendants assisted in inappropriately transferring and retaining funds, assets and property to Crop USA Insurance Agency, Inc. to defraud AIA Services Corporation's creditor Reed J. Taylor (including, without limitation, over $95,000 owed by Pacific Empire Radio Corporation to AIA Insurance, Inc., assistance in transferring

COMPLAINT - 16

Exhibit - K

shares of the Pacific Empire Radio Corporation to R. John Taylor, and failing to collect the over $300,000 owed by R. John Taylor) by not reporting such acts to disinterested parties or other appropriate parties as required by the Rules of Professional Conduct.

40.    In April 2007, the Defendants permitted and/or assisted interested parties in holding a joint board meeting of AIA Services Corporation and AIA Insurance, Inc. with full knowledge that Reed J. Taylor and Donna J. Taylor were being intentionally denied their right to be on the board of AIA Services Corporation and participating in such meetings (Donna Taylor has subordinated her right to payment in favor of Reed J. Taylor). At the meeting held in April 2007, the Defendants permitted and/or assisted R. John Taylor to appoint Connie Taylor and James Beck to the boards of AIA Services Corporation and AIA Insurance, Inc. knowing that they were interested parties who AIA Services Corporation and/or AIA Insurance, Inc. should be pursuing claims against, that they inappropriately held shares in Crop USA Insurance Agency, Inc., that they were inappropriately being paid $20,000 per year to attend the board meeting of an insolvent corporation, and that they did not meet the required standards necessary to be members of such boards as set forth under the corporations' bylaws. The Defendants inappropriately permitted and/or assisted two interested parties, Connie Taylor and James Beck, to approve and/or consent to a Joint Retainer and Joint Defense Agreement with Hawley Troxell and others, which also facilitated the inappropriate joint legal representations of interested parties with conflicting irreconcilable interests and the payment of attorneys' fees and costs to various attorneys in violation of the Rules of Professional Conduct and their duty of care.

COMPLAINT - 17

Exhibit - K

41.    Despite demands to the contrary, the Defendants continued to take instructions and/or directives from the unauthorized boards (or R. John Taylor) of AIA Services Corporation and/or AIA Insurance, Inc. knowing that the boards are not properly seated and are comprised of interested parties (including R. John Taylor) with significant claims that should be asserted against them in violation of the Rules of Professional Conduct and the law.

## IV.  FIRST CAUSES OF ACTIONS

42.    The Defendants have damaged Reed J. Taylor by aiding and abetting and/or assisting others (including R. John Taylor and Crop USA Insurance Agency, Inc.) in the commission of tortious acts.

43.    The Defendants committed tortious acts in concert with others (including R. John Taylor and Crop USA Insurance Agency, Inc.) and/or pursuant to a common design or civil conspiracy with others (including R. John Taylor and Crop USA Insurance Agency, Inc.). The Defendants' conduct also constitutes the assistance of interested parties (including R. John Taylor) with the tortious interference of AIA Services Corporation and Reed J. Taylor's contractual rights, which such contractual rights the Defendants had intimate knowledge.

44.    The Defendants knew that the conduct of others (including R. John Taylor and Crop USA Insurance Agency, Inc.) constituted breach of duties and gave substantial assistance and/or encouragement to others (including R. John Taylor and Crop USA Insurance Agency, Inc.) in breaching said duties.

45.    The Defendants gave substantial assistance to others (including R. John Taylor and Crop USA Insurance Agency, Inc.) in committing and/or accomplishing

COMPLAINT - 18

Exhibit - K

tortious conduct and/or acts, and the Defendants' conduct, separately considered, constitutes the breaches of duties owed to the corporations and/or Reed J. Taylor.

46.    The Defendants conduct constitutes aiding and abetting of others (including R. John Taylor and Crop USA Insurance Agency, Inc.) and/or constitutes the conduct of a contributing tortfeasors, and such conduct has damaged Plaintiff Reed J. Taylor in an amount to be proven at trial or on summary judgment.

## V. SECOND CAUSES OF ACTIONS

47.    Reed J. Taylor holds and has held a valid and perfected security interest in all of the commissions and related receivables of AIA Services Corporation and AIA Insurance, Inc.

48.    All of the shares of AIA Insurance, Inc. were pledged to Reed J. Taylor as collateral for the over $8,500,000 owed to him by AIA Services Corporation. By way of this pledge and his prior vote of the stock in February 2007, Reed J. Taylor is entitled to possession and control of all of the assets of AIA Insurance, Inc.

49.    The Defendants were fully aware of Reed J. Taylor's rights to property in which he held a security interest and was pledged to him as collateral.

50.    The Defendants have received substantial payments believed to exceed $100,000 for the payment of attorneys' fees and costs, which were payments the Defendants had no lawful right to possess or retain and were received in violation of the Rules of Professional Conduct.

52.    The Defendants also knew that the disinterested minority shareholders of AIA Services Corporation (innocent shareholders) were never advised of the significant claims against the interested parties (including R. John Taylor and Crop USA Insurance

COMPLAINT - 19

Exhibit - K

Agency, Inc.) and the significant misappropriation of the corporations' assets, but provided legal services on behalf of the interested parties and accepted payment from AIA Services Corporation and AIA Insurance, Inc. In connection with the payment of attorneys' fees and costs to other named parties in *Taylor v. AIA Services Corporation, et al.*, the Defendants failed to obtain the necessary approvals from Reed J. Taylor or other disinterested parties to the detriment of the corporations and Reed J. Taylor.

53.    The Defendants' conduct constitutes the willful interference with property and money belonging to AIA Services Corporation, AIA Insurance, Inc. and/or Reed J. Taylor and/or which such property and money should be under the possession and/or control of Reed J. Taylor, as the person entitled to such money and property as a creditor and pledgee. The Defendants deprived Reed J. Taylor possession of such property and money. Despite Reed J. Taylor's demands, the Defendants have refused to return such property and money.

54.    The Defendants' conduct constitutes conversion and such conduct has damaged Reed J. Taylor in an amount to proven at trial or on summary judgment.

## VI.  THIRD CAUSES OF ACTIONS

55.    The Defendants' conduct has been unconscionable. The have engaged in acts, conduct, and representations that were false, misleading, deceptive and/or a violation of I.C. § 48-601, *et seq*. The Defendants' acts, omission, representations and conduct constitute unfair and/or deceptive acts and/or practices in trade pertaining to the practice of law pursuant to I.C. § 48-601, *et seq*.

56.    The Defendants' actions have resulted in the loss of over 25% of Reed J. Taylor's retirement funds and/or such other harm as set forth under I.C. § 48-608(2)(a).

COMPLAINT - 20

Exhibit - K

As such, Plaintiff Reed J. Taylor is entitled damages, which such amount is also subject to treble damages pursuant to I.C. § 48-608.

## VII.  FOURTH CAUSES OF ACTIONS

57. AIA Services Corporation is a trustee of Reed J. Taylor in light of its insolvency and the fact that it owes Reed J. Taylor over $8,500,000.  At the very least, AIA Insurance, Inc. is a trustee of Reed J. Taylor because all of its shares are pledged to Reed J. Taylor and he voted the shares in February 2007 naming himself the sole director and officer of AIA Insurance, Inc.

58. The Defendants' clients were trustees and/or fiduciaries performing similar functions for a non-client, Reed J. Taylor.  The Defendants knew that their appropriate actions were necessary with respect to the representation of AIA Services Corporation and/or AIA Insurance, Inc. to take action to prevent and/or rectify the breaches of fiduciary duties owed by AIA Services Corporation and/or AIA Insurance, Inc. to Reed J. Taylor when such breaches were crimes and/or fraud and/or the Defendants assisted and/or are assisting in the breaches.  Reed J. Taylor was not able to protect his rights because of the Defendants' actions and the Defendants' obligations to AIA Services Corporation and/or AIA Insurance, Inc. would not be significantly impaired because the best interests of all the foregoing is to collect sums owed by others and recover damages for the improper tortious conduct of others (including R. John Taylor and Crop USA Insurance Agency, Inc.).

59. The Defendants owed AIA Services Corporation, AIA Insurance, Inc. and/or Reed J. Taylor a duty of care to provide, including but not limited to, reasonable, prudent, ethical, unconflicted, loyal and professional legal advice and legal representation

COMPLAINT - 21

# Exhibit - K

in keeping with the standard of care in the legal profession and as owed to the corporations (referred to herein and above as "duty of care"). The Defendants breached their duty of care as a result of their acts and/or omissions thereby damaging the corporations and Reed J. Taylor, to the detriment of Reed J. Taylor.

60.    The Defendants breached their fiduciary duties owed to AIA Services Corporation, AIA Insurance, Inc., and/or Plaintiff Reed J. Taylor, including, without limitation, the duties of care and loyalty.

61.    The Defendants' acts constitute professional negligence and/or breach of the Defendants' fiduciary duties, and such conduct has damaged Reed J. Taylor in an amount to be proven at trial or on summary judgment.

## VIII.  DEMAND FOR JURY TRIAL

1.    Plaintiff Reed J. Taylor demands a trial by jury of not less than twelve (12) on all claims and damages so triable.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Reed J. Taylor prays for the following relief:

1.    For a judgment against Defendants, jointly and severally, for $6,000,000 in damages ($2,000,000 in actual damages and $4,000,000 in treble damages), the exact amount of which will be proven at trial and/or on summary judgment, plus an award of pre-judgment and post-judgment interest;

2.    For a judgment against the Defendants, jointly and severally, for treble damages of $4,000,000, the exact amount to be proven at trial pursuant to I.C. § 48-608(2);

COMPLAINT - 22

# Exhibit - K

3.  For a judgment requiring the disgorgement of the payments of all attorneys' fees and costs paid to the Defendants by AIA Services Corporation and/or AIA Insurance, Inc.;

4.  For judgment against the Defendants, jointly and severally, for additional damages as provided under I.C. § 48-608;

5.  For such other relief as may be available to Reed J. Taylor pursuant to I.C. § 48-601, *et seq.* or the law, including, without limitation, obtaining a preliminary injunction to restrain the Defendants from undertaking further representation;

6.  For an award of Plaintiff Reed J. Taylor's attorneys fees and costs incurred in this action pursuant to Idaho Law, including, without limitation, I.C. § 48-608, I.C. § 12-120 and/or I.C. § 12-121; and

7.  For such other relief as the Court deems just and equitable.

DATED this _18th_ day of August, 2008.

CAMPBELL, BISSELL & KIRBY PLLC

By: _____
Michael S. Bissell
Attorneys for Plaintiff Reed J. Taylor

COMPLAINT - 23

Exhibit - K