NO._____
FILED
A.M._____P.M._____

**OCT 0 1 2009**

J. DAVID NAVARRO, Clerk
By PATRICIA A DWONCH
DEPUTY

RODERICK C. BOND, ISB No. 8082
MICHAEL S. BISSELL, ISB No. 5762
CAMPBELL, BISSELL & KIRBY, PLLC
7 South Howard Street, Suite 416
Spokane, WA 99201
Tel: (509) 455-7100
Fax: (509) 455-7111

Attorneys for Plaintiff Reed J. Taylor

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF
IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| REED J. TAYLOR, an individual;<br><br>Plaintiff,<br><br>v.<br><br>RICHARD A. RILEY, an individual;<br>HAWLEY TROXELL ENNIS & HAWLEY<br>LLP, an Idaho limited liability partnership;<br>ROBERT M. TURNBOW, an individual; and<br>EBERLE, BERLIN, KADING, TURNBOW<br>& McKLVEEN, CHARTERED, an Idaho<br>corporation;<br><br>     Defendants. | Case No.: CV OC 0918868<br><br>COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED<br><br>Fee Category A.<br>Fee: $88.00 |

Plaintiff Reed J. Taylor, by and through his attorneys of record, Campbell, Bissell & Kirby, PLLC, alleges as follows:

## I. FACTUAL BACKGROUND

1. Plaintiff Reed J. Taylor ("Reed Taylor") is a resident of Lewiston, Nez Perce County, Idaho. Reed Taylor is 72-years-old and an elderly person as defined in I.C. § 48-608.

2. Defendant Richard A. Riley ("Riley") is an individual residing in the state of Idaho and is an attorney in the state of Idaho conducting business with and for Hawley Troxell in

COMPLAINT - 1

Exhibit - N

Ada County, Idaho. At all relevant times, Defendant Riley was licensed to practice law in Idaho.

3. Hawley Troxell Ennis & Hawley LLP ("Hawley Troxell") is an Idaho limited liability partnership engaged in the business of practicing law in Idaho with its principal offices located in Boise, Ada County, Idaho. The knowledge held and duties owed by Defendant Richard A. Riley as asserted throughout this Complaint are imputed upon Hawley Troxell and, consequently, Hawley Troxell owes the same duties. Hawley Troxell is vicariously liable for certain acts and/or omissions of Defendant Riley.

4. Defendant Eberle, Berlin, Kading, Turnbow & McKlveen, Chartered ("Eberle Berlin") is an Idaho corporation engaged in the business of practicing law in Idaho with its principal offices located in Boise, Ada County, Idaho. Defendant Eberle Berlin is vicariously liable for certain acts and/or omissions of Defendant Riley.

5. Defendant Richard M. Turnbow ("Turnbow") is an individual residing in the state of Idaho and is an attorney in the state of Idaho conducting business with and for Eberle Berlin in Ada County, Idaho. Defendant Eberle Berlin is vicariously liable for the acts and/or omissions of Defendant Turnbow. At all relevant times, Defendant Turnbow was licensed to practice law in the state of Idaho.

6. Damages in this action exceed $10,000 and the Defendants conduct business and/or reside in Ada County, Idaho. Jurisdiction and venue are, therefore, appropriate in Ada County District Court.

7. Reed Taylor is the former majority common shareholder of AIA Services Corporation ("AIA Services"), a closely held Idaho corporation. Certain causes of action and relief sought in this Complaint are based upon the time Reed Taylor was the majority shareholder of AIA Services. Prior to the redemption of Reed Taylor's shares, AIA Services'

COMPLAINT - 2

Exhibit - N

minority shareholders desired to acquire Reed Taylor's majority interest in AIA Services to obtain operational control of the corporation in an effort to sell the company or effectuate a public offering. And, as a means for the minority shareholders to obtain their objectives, Defendants Eberle Berlin, Riley and Turnbow represented AIA Services in negotiating the terms, conditions and agreements for AIA Services to purchase Reed Taylor's shares in a transaction structured as a redemption of his shares by the corporation. At the time Reed Taylor's shares were redeemed, Defendants Eberle Berlin, Riley and Turnbow had extensive experience in corporate law and in corporate transactions.

8. Defendants Eberle Berlin, Riley and Turnbow acted as counsel for a committee established for board of directors of AIA Services to negotiate and approve the terms and conditions of the corporation's redemption of Reed Taylor's shares. Reed Taylor was not on this committee. Defendants Eberle Berlin, Riley and Turnbow acted general counsel for AIA Services in the negotiation of the terms and conditions of the redemption of Reed Taylor's shares and drafting of the redemption agreement and related agreements. Defendants Eberle Berlin and Riley attended certain board meetings and shareholder meetings and drafted board and shareholder resolutions pertaining to the general corporate matters and the redemption of Reed Taylor's shares, including, without limitation, the shareholder resolutions specifically addressing the redemption of Reed Taylor's shares.

9. Under the terms of the stock redemption agreement between AIA Services and Reed Taylor ("redemption agreement"), Reed Taylor would receive, among other things and consideration, the payment of $6 Million, plus accrued interest, for his shares and receive security interests in all of the commissions of AIA Services and all of the shares of its operating subsidiaries. Under the terms of the redemption agreement, Defendants Eberle Berlin, Riley and

COMPLAINT - 3

Exhibit - N

Turnbow were required to deliver an opinion letter to Reed Taylor and he could terminate the redemption agreement prior to closing if an opinion letter acceptable to him was not delivered.

10.    Reed Taylor signed the redemption agreement and related agreements (including the security agreement and stock pledge agreement). As required under the redemption agreement, Defendants Eberle Berlin, Riley and Turnbow drafted and delivered their opinion letter to Reed Taylor approximately three weeks later in which they made substantial factual and legal representations upon which they induced Reed Taylor to rely ("Opinion Letter"). The Opinion Letter was specifically written to Reed Taylor, was addressed to him, referenced "Common Stock Redemption" in the subject line, stated that it was being delivered as required by the redemption agreement, and expressly stated that it was being provided for his benefit and use in connection with the redemption of his shares. The Opinion Letter was a requirement prior to closing (the closing date was over three weeks after the redemption agreement was signed). As a result, Defendants Eberle Berlin, Riley and Turnbow had over three weeks to take such actions as were necessary as general counsel for AIA Services and as authors of the Opinion Letter to ensure that the representations in the Opinion Letter were true and correct and that all necessary shareholder consents and resolutions had been obtained. As a result of receiving Defendants Eberle Berlin, Turnbow and Riley's Opinion Letter, the redemption transaction was closed approximately one day after Reed Taylor received the Opinion Letter resulting in his shares being fully redeemed by AIA Services. In addition to the redemption agreement, the executed security agreement, $6 Million promissory note, stock pledge agreement and ancillary agreements ("related agreements") were all part of the transaction to redeem Reed Taylor's shares and all of the agreements were drafted and entered into by the parties for the same purpose.

COMPLAINT - 4

# Exhibit - N

11.    Defendants Eberle Berlin, Riley and Turnbow delivered to Reed Taylor the Opinion Letter addressing factual and legal issues pertaining to the redemption of his shares. Defendants Eberle Berlin, Riley and Turnbow knew that Reed Taylor would rely upon their Opinion Letter and that the Opinion Letter was a condition precedent before the redemption transaction could be closed.  The Opinion Letter is also a contract between Reed Taylor and Defendants Eberle Berlin, Riley and Turnbow (which became binding when Reed Taylor agreed to sell his shares in reliance upon the Opinion Letter) and there were direct dealings between Reed Taylor's counsel and Defendant Riley pertaining directly to drafting, issuing and delivering the Opinion Letter.  By providing the Opinion Letter knowing that Reed Taylor would rely upon it to close the redemption, Defendants Eberle Berlin, Riley and Turnbow knew that if Reed Taylor relied upon the Opinion Letter and closed the transaction he would waive his right to terminate the redemption prior to closing, thereby resulting in him waiving his right to terminate the redemption agreement.

12.    The Opinion Letter specifically stated that facts or absence of facts were based upon the actual knowledge of Defendants Turnbow and Riley.  The knowledge of Defendants Turnow and Riley was extensive as they acted as general counsel for AIA Services and represented the corporation in the transaction to which the Opinion Letter addressed legal and factual matters.  They also were intimately involved with the relevant corporate governance matters at AIA Services.  To the extent that any corporate acts were improperly taken and/or not taken by the management of AIA Services, these acts and/or omissions could have been prevented and/or cured by Defendants Eberle Berlin, Turnbow and Riley's representation of AIA Services.

///

COMPLAINT - 5

Exhibit - N

13.    Defendants Eberle Berlin, Riley and Turnbow knew that Reed Taylor was relying upon their representations and/or opinions to ensure that the redemption was authorized, that they accurately represented facts and opinions, and that they accurately ensured the redemption was completed in accordance with, and not in violation of, applicable Idaho laws and complied with corporate governance requirements. Reed Taylor did in fact rely upon Defendants Eberle Berlin, Riley and Turnbow's legal representation and the factual and legal matters addressed in the Opinion Letter when he closed the redemption transaction.

14.    Defendants Eberle Berlin, Riley and Turnbow's legal representation and Opinion Letter were all focused on the same end and aim—to provide the necessary legal representation and opinions to Reed Taylor as required to induce him sell his shares in AIA Services in the manner acceptable to him and to ensure that he was assured the redemption was authorized, did not violate any laws, and that the redemption agreement and related agreements were fully enforceable against AIA Services. Defendants Eberle Berlin, Riley and Turnbow's duties were to ensure that all of the foregoing acts and related acts were properly completed to ensure the integrity and legality of the redemption of Reed Taylor's shares. Reed Taylor specifically relied upon Defendants Eberle Berlin, Riley and Turnbow's legal services for the redemption and Opinion Letter.

15.    Defendant Riley attended AIA Services' shareholder and board meetings and drafted pertinent board resolutions and shareholder resolutions. Reed Taylor and AIA Services relied upon Defendant Riley's legal services drafting the necessary corporate resolutions and to ensure that the all laws and shareholder requirements were properly complied with and/or obtained for the redemption, and that all necessary shareholder resolutions were drafted and obtained to approve the redemption. Defendant Riley breached his duties owed to AIA Services

COMPLAINT - 6

Exhibit - N

and Reed Taylor to ensure all necessary and specific corporate actions were taken by AIA Services to ensure that the redemption transaction could not be questioned in any way.

16.    Reed Taylor had contractual relations with Defendants Eberle Berlin, Turnbow and Riley by and through a written agreement requiring Defendants Eberle Berlin, Turnbow and Riley to issue and deliver the Opinion Letter.  Even without this contract provision, the relationship between Defendants Eberle Berlin, Turnbow and Riley was sufficiently close to support a finding that they owed direct duties to Reed Taylor because their legal representation to ensure the transaction was legal and enforceable was harmonious among Reed Taylor and AIA Services and there were no conflicts between the parties in effectuating the redemption of Reed Taylor's shares.  In addition, Defendants Eberle Berlin, Turnbow and Riley, as general counsel for AIA Services and role in drafting corporate resolutions, were in a position to control whether the necessary corporate resolutions, consents, and all other necessary acts were properly obtained.  Had Defendants Eberle Berlin, Turnbow and Riley wanted to refrain from such heightened duties and responsibilities, they should have refrained from serving in the dual role of acting as general counsel and drafting and delivering the Opinion Letter to Reed Taylor. Defendants Eberle Berlin, Riley and Turnbow cannot rely upon assumptions or certifications from others when they knew through their direct representation that such assumptions and certifications were factually incorrect.

17.    The purpose of the Opinion Letter was to assure and represent to Reed Taylor: (a) that no further corporate formalities were necessary to make the redemption agreement and related agreements valid and enforceable; (b) that the redemption agreement and related agreements were fully authorized under Idaho law and did not violate Idaho law; (c) that the terms of the redemption agreement and related agreements (including security interests) were

COMPLAINT - 7

Exhibit - N

fully enforceable against AIA Services and its subsidiaries; and (d) that the redemption did not violate some other obligation for which AIA Services was bound that could affect the enforceability of the redemption agreement and related agreements or otherwise materially impact AIA Services. Reed Taylor relied upon all of the foregoing representations, all of which such representations were false, as determined by the court on June 17, 2009.

18. Defendants Eberle Berlin, Turnbow and Riley made numerous false representations to Reed Taylor through the Opinion Letter, which Reed Taylor relied upon when he agreed to sell his shares in AIA Services, including, without limitation, the following false representations: (a) AIA Services had the full power and authority to enter into, execute, and deliver the redemption agreement and related agreements; (b) that all necessary actions required by the directors and shareholders of AIA Services had been taken; (c) that the redemption agreement and related agreements constituted valid and binding obligations upon AIA Services enforceable against it by the terms of the redemption agreement and related agreements; (d) that the execution and delivery of the redemption agreement and related agreements would not conflict with or violate AIA Services Articles of Incorporation; (e) that the execution and delivery of the redemption agreement and related agreements would not violate any Idaho laws; (f) that no consent by any person was required to authorize the execution, delivery and performance of the redemption agreement and related agreements, except for such as have been obtained prior to closing; (g) that Reed Taylor had a perfected first priority security interest in all of the shares of AIA Services' subsidiaries and the commission collateral; and (h) that they had reviewed all corporate documents of AIA Services necessary to render their factual and legal opinions. Reed Taylor relied upon the foregoing representations and the foregoing representations were false as determined by the court on June 17, 2009, and Defendants Eberle

COMPLAINT - 8

Exhibit - N

Berlin, Riley and Turnbow knew or should have known the foregoing representations were false.

19.    Defendants Eberle Berlin, Riley and Turnbow also expressly represented that the Opinion Letter was furnished by them to Reed Taylor for his benefit for use in connection with the redemption agreement and related agreements and the transactions contemplated by the agreements.    Defendants Eberle Berlin, Riley and Turnbow further represented their understanding that Reed Taylor would rely upon the Opinion Letter when they represented that the Opinion Letter could not be relied upon by anyone other than Reed Taylor. Reed Taylor had the contractual right to approve the form of the Opinion Letter, thereby creating a further special relationship between him and Defendants Eberle Berlin, Riley and Turnbow.

20.    In addition, Reed Taylor was a direct intended beneficiary of Defendant Eberle Berlin, Riley and Turnbow's representation of AIA Services, legal services provided to obtain and approve the necessary shareholder and board resolutions, and legal services as the authors, issuers and deliverers of the Opinion Letter (and the parties with knowledge whether the facts relied upon by the Opinion Letter were in fact true). As a result, the Defendants Eberle Berlin, Riley and Turnbow also owed Reed Taylor special third-party beneficiary duties and special obligations and duties because their services and Opinion Letter were provided unquestionably for the benefit of Reed Taylor and these duties were in accord with, and not in conflict with, their duties and obligations owed to AIA Services, Reed Taylor as the majority shareholder of AIA Services, and the other shareholders.

21.    After the transaction to redeem Reed Taylor's shares was closed, Defendants Eberle Berlin, Riley and Turnbow remained general counsel for AIA Services. As a result, Defendant Eberle Berlin, Riley and Turnbow owed a duty to Reed Taylor to ensure all corporate action was taken to ensure the Opinion Letter was correct and that the representations and

COMPLAINT - 9

Exhibit - N

warranties contained in the redemption agreement and related agreements were true and correct. Defendants Eberle Berlin, Turnbow and Riley controlled whether certain false representations made in the Opinion Letter could have been cured before closing and/or to take necessary actions to ensure the accuracy of such representations. If they could not ensure the Opinion Letter was correct and that their legal services were not provided with the required duty of care, they owed Reed Taylor a duty to advise him that the redemption was not authorized and violated Idaho law.

22.    When litigation occurred between Reed Taylor and AIA Services over the collection of the $6 Million Note and claims under related agreements (and claims against other defendants based upon corporate malfeasance, fraud, conversion, etc.) ("Litigation"), Hawley Troxell elected to represent AIA Services and the other interested and conflicted defendants through joint representation agreements and common interest or joint defense agreements. Despite Reed Taylor's demands to not represent the parties, Defendant Hawley Troxell elected to remain as counsel solely for its own benefit and/or to cover up its acts and/or omissions, and to receive significant payments for attorneys' fees. Defendant Hawley Troxell did in fact receive hundreds of thousands of dollars in compensation litigating against Reed Taylor and in direct conflict with and adverse to the representations and warranties contained in the Opinion Letter.

23.    On June 17, 2009, a court ruled in the Litigation that the redemption of Reed Taylor's shares violated Idaho law and, therefore, the redemption agreement and related agreements were illegal contracts, which such arguments were asserted by Hawley Troxell even though Defendant Riley owed obligations and duties to Reed Taylor. In the court's opinion, it found that Defendants Eberle Berlin, Riley and Turnbow's Opinion Letter was incorrect. As a result of this ruling in the Litigation, a debt of over $8.5 Million owed to Reed Taylor by AIA Services was held to be unenforceable through the written redemption agreement and related

COMPLAINT - 10

Exhibit - N

agreements, which the Opinion Letter had expressly stated were enforceable and did not violate any laws, among other representations and omissions. As a result of the Litigation, Reed Taylor has also been damaged in excess of $500,000 for attorneys' fees and costs incurred by him in the Litigation. As such, June 17, 2009, the date the court ruled the redemption agreement and related agreements were illegal and unenforceable, is the date all of Reed Taylor's causes of action in this Complaint accrued and became actionable.

24. Astonishingly, Defendant Riley's firm, Hawley Troxell, actually represented AIA Services in the Litigation and argued that the redemption of Reed Taylor's shares was illegal and the redemption agreements were unenforceable, even though Defendant Riley had issued and delivered the Opinion Letter to Reed Taylor with various representations of fact and law, including, without limitation, that the redemption did not violate any laws, that all necessary consents had been obtained, and that the redemption agreements were enforceable. The Litigation involved legal and factual issues based upon the same transaction documents negotiated and approved by Defendant Riley to redeem Reed Taylor's shares and the redemption agreement, related agreements and later amended agreements. Notwithstanding the obvious conflicts of interest, Defendants Riley and Hawley Troxell undertook interests adverse to those of Reed Taylor and AIA Services. Defendants Riley and Hawley Troxell had duties to not represent parties whose interests were adverse to their client AIA Services and Defendant Riley's former client and/or third-party beneficiary Reed Taylor, particularly for the sole purpose of protecting the interests of the guilty insiders fraudulently and tortiously transferred millions of dollars of AIA Services funds, assets and trade secrets—the amount of which would have been sufficient to pay most, if not all, of the over $6 Million owed to Reed Taylor for the redemption of his shares.

COMPLAINT - 11

# Exhibit - N

25. Defendants Riley and Hawley Troxell's conduct undertaking the representation of AIA Services in litigation against the Opinion Letter and Defendant Riley's refusal to testify as a witness at a deposition were unconscionable, vexatious, malicious and intentionally undertaken. Defendants Riley and Hawley Troxell had a vested interest in making such arguments because they had assisted and/or aided and abetted others in unlawfully taking and/or covering up the unlawful transfer of millions of dollars from AIA Services and its subsidiaries, money that could have been used to satisfy the debt to Reed Taylor. Defendants Riley and Hawley Troxell's intentional, vexatious, malicious, and unconscionable conduct is further evidenced by the fact that Reed Taylor moved to disqualify Hawley Troxell in the Litigation. Instead of acknowledging its substantial material conflicts of interest, Hawley Troxell vehemently opposed the disqualification and prevailed on the issue thereby proving their unconscionable, vexatious and malicious intent. They did so without fairly and honestly representing the facts to the court.

26. Based upon public policy concerns alone, it would be unconscionable for Defendants Riley and Hawley Troxell to argue against and represent others against the representations, opinions and legal services Defendant Riley provided to AIA Services and Reed Taylor, which such services, factual assertions and opinions Reed Taylor relied upon and was an intended beneficiary. Defendants Riley and Hawley Troxell should have withdrawn from representing the corporation based upon the Opinion Letter alone, in addition to their obligations and duties created through their representation and third-party beneficiary relationship with Reed Taylor. Instead, Defendants Riley and Hawley Troxell elected to undertake the unconscionable, wantonly, vexatious and malicious conduct referenced above and in this Complaint.

27. Despite Reed Taylor's request to depose certain individuals and for Defendant Eberle Berlin to intervene in the Litigation to support the Opinion Letter, Defendants Eberle

COMPLAINT - 12

Exhibit - N

Berlin and Turnbow refused to do so. Instead, they allowed Defendants Hawley Troxell and Riley engage in legal representation and assert arguments, which were adverse to their representations, duties and obligations to Reed Taylor and their former client AIA Services.

28. Defendants Riley and Hawley Troxell owed duties (including duties of loyalty) to Reed Taylor to not argue against or contradict the terms of the Opinion Letter. Defendant Riley's duties owed to Reed Taylor were also acknowledged by him after the Opinion Letter was issued and delivered to Reed Taylor. Defendant Riley owed a duty to Reed Taylor to either force Hawley Troxell to withdraw from representing AIA Services or he should have left the firm of Hawley Troxell. Defendant Riley chose neither and instead undertook the unconscionable, malicious, wanton, vexatious and intentional conduct described in this Complaint and participated in the Litigation by submitting an Affidavit and by reviewing and monitoring the Litigation. In addition, Defendant Riley has profited by Defendant Hawley Troxell's purported representation in the Litigation by and through him being a partner in Hawley Troxell and their receipt of hundreds of thousands of dollars in attorneys' fees and costs litigating the validity and legality of the redemption agreement and related agreements, which such conduct is again unconscionable, malicious, wanton, and vexatious.

29. Shortly before the redemption of Reed Taylor's shares, an independent appraiser valued AIA Services at over $19 Million and Reed Taylor owned a controlling interest of approximately 60% of the common shares in AIA Services. After the redemption of Reed Taylor's shares, AIA Services generated over $65 Million in revenues and the minority shareholders obtained the majority control of AIA Services and its $65 Million+ in revenues. Meanwhile, Reed Taylor has never been paid the over $9 Million in principal, interest and other costs which were promised to him under the redemption agreement and related agreements.

COMPLAINT - 13

Exhibit - N

30.    Reed Taylor's malpractice claims against Defendants Eberle Berlin, Riley and Turnbow include derivative claims for malpractice. Reed Taylor was a shareholder of AIA Services at the time of the derivative malpractice claims and demand would be futile on the present purported board of director of AIA Services. Reed Taylor is the only shareholder entitled to the damages recovered because they pertain directly to the money owed to him and his former majority interest ownership in the common shares of AIA Services, which such interest has now been fraudulently extinguished. The present purported board of AIA Services is not properly seated or elected, and, even if properly seated and/or elected, the board of directors all have conflicts of interest (including, without limitation, by way of being interested parties in millions of dollars in corporate malfeasance and unlawful transactions, and through maintaining control over AIA Services' revenues and their shareholder interests in the corporation through asserting that Reed Taylor's redemption was illegal) thereby resulting any an derivative demand being futile. The present purported board members of AIA Services are comprised of three members, John Taylor and Connie Taylor (who are both licensed attorneys who have violated number rules of ethics and failed to operate AIA Services properly) and James Beck. All three board members own significant interests in CropUSA, a corporation where millions of dollars of AIA Services assets, funds and trade secrets have been unlawfully transferred. Reed Taylor's ex-wife, is a preferred shareholder of AIA Services who is required to have a seat on the board of AIA Services until all of her shares are redeemed, but AIA Services, by and through Hawley Troxell, has refused to honor those obligations and she has not been paid as required. In addition, AIA Services is not holding annual shareholder meetings and the purported board of directors are not complying with conflict of interest provisions in the company's Bylaws or holding proper meetings. Finally, the present purported board of directors constitute the majority

COMPLAINT - 14

Exhibit - N

ownership of the shares in CropUSA (i.e., James Beck, John Taylor and Connie Taylor), which such corporation has been represented by Defendants Riley and Hawley Troxell. The purported board members would never pursue claims against Defendants Riley and Hawley Troxell, who has assisted in covering up their wrongful conduct and wrongful conduct of other interested and conflicted insiders. All of these individuals have a vested interest in not paying Reed Taylor, ensuring that his former majority interest in AIA Services is taken from him, and/or arguing that the redemption agreement and related agreements are illegal, all so as to avoid liability for their unlawful acts and all of these interested and conflicted purported directors and officers would never pursue claims against the Defendants.

31. In addition, the present purported management of AIA Services is aligned against Reed Taylor and defends a course of conduct upon which he attacks (i.e., the present purported management wants the redemption agreement and related agreements to be found illegal to avoid liability for millions of dollars in corporate malfeasance damages). As a result, the present purported board of AIA Services is not disinterested and not independent and they would never pursue litigation against the Defendants because they have a vested interest in never pursuing such claims and never having all of the facts become common knowledge.

32. In addition, because the Opinion Letter was provided to Reed Taylor at the request from AIA Services and issued directly to Reed Taylor with the express intent to rely upon the Opinion Letter, Defendants Eberle Berlin, Riley and Turnbow are estopped from denying the attorney-client relationship with Reed Taylor.

33. But for Defendants Eberle Berlin, Riley and Turnbow's breach of duties, negligence, negligent misrepresentations, and malpractice, the redemption agreement and related agreements would never have been ruled to be illegal and unenforceable in the Litigation thereby

COMPLAINT - 15

Exhibit - N

directly and/or proximately causing damages to Reed Taylor under the causes of action and relief set forth below.

## II. FIRST CAUSE OF ACTION—NEGLIGENT MISREPRESENTIONS

34.    Reed Taylor re-alleges and incorporates by reference all facts asserted in this Complaint into this cause of action to the extent necessary to support this cause of action and any relief requested by this cause of action.

35.    The Opinion Letter specifically stated that it was being furnished by Defendants Eberle Berlin, Riley and Turnbow for Reed Taylor's use and benefit in connection with the redemption agreement and related agreements, along with the transactions contemplated by these agreements. The Opinion Letter was specifically also based upon the personal knowledge of Defendants Riley and Turnbow.

36.    In connection with the Opinion Letter, Defendants Eberle Berlin, Riley and Turnbow; (a) were aware that their Opinion Letter would be relied upon by Reed Taylor and that he in fact relied upon the Opinion Letter; (b) authored, issued and delivered their Opinion Letter directly to Reed Taylor to induce him to sell his shares in AIA Services; (c) knew that the Opinion Letter was required by Reed Taylor to close the transaction for the redemption of his shares as evidenced by the provision in the redemption agreement requiring the Opinion Letter to be issued and delivered in a form acceptable to Reed Taylor; (d) knew that AIA Services had directed them to author, issue and deliver the Opinion Letter to Reed Taylor and they knew that they were acting as general counsel for AIA Services and had knowledge of all aspects of the corporation; (e) the Opinion Letter contained misrepresentations as asserted in this Complaint, including, without limitation, the misrepresentations set forth in Paragraphs 17-18 above; and (f) their representations which Reed Taylor relied upon were in fact false. Defendants Eberle

COMPLAINT - 16

Exhibit - N

Berlin, Riley and Turnbow also omitted material facts from the Opinion Letter, including that the specific and required corporate acts had not been in fact taken to ensure the redemption was legal.

37.    As a direct and/or proximate result of Reed Taylor's reliance upon Defendants Eberle Berlin, Riley and Turnbow's false representations and/or their omissions of material fact, Reed Taylor has suffered damages in an amount to be proven at or before trial.

### III. SECOND CAUSE OF ACTION—NEGLIGENCE/MALPRACTICE

38.    Reed Taylor re-alleges and incorporates by reference all necessary facts asserted in this Complaint into this cause of action to the extent necessary to support this cause of action and any relief requested by this cause of action.

39.    Reed Taylor had an attorney-client relationship with Defendants Eberle Berlin, Riley and Turnbow by and through an express contract provision.  Defendants Eberle Berlin, Riley and Turnbow provided the Opinion Letter expressly stating that it was for Reed Taylor's benefit and reliance.  The parties to the redemption agreement and related agreements had no conflicts of interest by and through Defendants Eberle Berlin, Riley and Turnbow's legal representation which was to effectuate the redemption of Reed Taylor's shares on terms and conditions acceptable to him and to ensure that the agreements were enforceable and did not violate any laws thereby also invoking the doctrine of equitable subrogation.

40.    As general counsel for AIA Services, the authors of various corporate resolutions, the counsel for entering into the redemption agreement and related agreements, and the attorneys providing Reed Taylor with an Opinion Letter stating the transaction was legal and the redemption agreement and related agreements were enforceable (among other representations), Defendants Eberle Berlin, Riley and Turnbow owed a duty to Reed Taylor as a beneficiary of the

COMPLAINT - 17

<span style="font-size:2em">Exhibit - N</span>

agreements to ensure that they were properly drafted, that all corporate acts and consents had been obtained and that the redemption agreement and related agreements were enforceable, among other duties. Reed Taylor is a third-party beneficiary of such legal representation by and through the ends and means of Defendants Eberle Berlin, Riley and Turnbow's representation was to effectuate the redemption of Reed Taylor's shares in a manner acceptable to him, with security interests acceptable to him, and by providing him assurances that the transaction was legal and the redemption agreement and related agreements were enforceable.

41.     As the attorneys for AIA Services in the redemption transaction, general counsel to AIA Services, and the authors of the Opinion Letter, Defendants Eberle Berlin, Riley and Turnbow had a duty to Reed Taylor and AIA Services to ensure all necessary corporate governance acts were obtained and to ensure that the representations and/or warranties provided in the Opinion Letter were correct. As the author of various corporate resolutions pertaining to the redemption, Defendants Eberle Berlin, Riley and Turnbow owed Reed Taylor and AIA Services duties of care to ensure all such acts were properly and timely completed. They had the ability and control to determine and affect the accuracy of the Opinion Letter.

42.     Defendants Eberle Berlin, Riley and Turnbow owed AIA Services (i.e., the corporation wanted legal and enforceable documents) and Reed Taylor a duty of care to provide, including, but not limited to, reasonable, prudent, skillful, ethical, unconflicted, loyal and professional legal advice in keeping with the standard of care in the legal profession and as owed to AIA Services and Reed Taylor, by and through direct, third-party and/or Opinion Letter representation and advice (referred to herein and above as "duty of care").

43.     Defendants Eberle Berlin, Riley and Turnbow breached their duty of care owed to AIA Services and Reed Taylor thereby damaging Reed Taylor, including, without limitation,

COMPLAINT - 18

# Exhibit - N

there duty of care in providing the Opinion Letter to Reed Taylor, providing false and/or wrong representations and opinions in the Opinion Letter to Reed Taylor, failing to ensure all necessary shareholder approvals and/or consents were obtained to the extent required by Idaho law, and by not advising Reed Taylor that the redemption was not legal, among other breached duties set forth or contemplated in this Complaint.

44.     There is a causal connection between the Defendants Eberle Berlin, Riley and Turnbow's failure to perform their duties and/or breach of their duties of care owed to AIA Services and Reed Taylor and the damages incurred by Reed Taylor.  The court's finding that the redemption agreements and related agreements were illegal and unenforceable has resulted in a direct and causal connection to Reed Taylor losing millions of dollars and for him being defrauded of his majority interest in AIA Services.  Defendants Eberle Berlin, Riley and Turnbow's breached duties were also the proximate cause of Reed Taylor's damages.

45.     Defendants Eberle Berlin, Riley and Turnbow's acts constitute professional negligence, malpractice, negligence and/or negligent issuance of an opinion letter; and such acts, conduct and/or omissions have directly and/or proximately damaged Reed Taylor, in an amount to be proven at or before trial.

46.     Reed Taylor's malpractice claims include derivative claims and a derivative demand is not required because it would be futile as AIA Services directors are all conflicted, disinterested and not properly elected or seated as set forth in Paragraphs 30-31 above.  Because Reed Taylor is the shareholder harmed by such conduct, he is entitled to all damages recovered and is also asserting direct claims for malpractice.  To the extent that he recovers any damages for which there is a question of ownership under his derivative malpractice claims, he will deposit such funds with the court pending a determination of their rightful owners.

Exhibit - N

## IV. THIRD CAUSE OF ACTION—CONSUMER PROTECTION ACT VIOLATIONS

47.    Reed Taylor re-alleges and incorporates by reference all necessary facts asserted in this Complaint into this cause of action to the extent necessary to support this cause of action and any relief requested by this cause of action.

48.    Reed Taylor and the Defendants are all persons as defined by I.C. § 48-602(1). Defendants' practice of law and/or the rendering of legal services (including the Opinion Letter) constitutes services as defined by I.C. § 48-602(7). Reed Taylor's shares in AIA Services were certificated goods as defined by I.C. § 48-602(6). Reed Taylor is an elder person (72-years-old) who, as a result of Defendants Riley and Hawley Troxell's actions, lost over 25% of his monthly income and 25% of the funds and/or assets set aside by Reed Taylor for his retirement as defined by I.C. § 48-608.

49.    Reed Taylor purchased services from Defendant Riley by and through the redemption agreement which required Defendant Rile to provide Reed Taylor the Opinion Letter, Reed Taylor was the known direct beneficiary of services provided by Defendant Riley, and/or its attorneys are members of the Idaho State Bar through which AIA Services and/or Reed Taylor has contracted for services through trade and commerce. Defendant Riley's fiduciary duties owed to Reed Taylor and AIA Services are imputed upon Hawley Troxell and all of its attorneys.

50.    Defendant Riley misled, deceived and/or confused Reed Taylor on issues of fact and law (and omitted material facts) pertaining to the legality of the redemption of his shares and the enforceability of the redemption agreement and related agreements, among other issues of fact and law. Then, after deceiving, misleading and/or confusing Reed Taylor into believing that the redemption of his shares was legal and the redemption agreement and related agreements

COMPLAINT - 20

# Exhibit - N

were enforceable (among other representations), Defendant Riley, by and through his law firm, Defendant Hawley Troxell, successfully argued and asserted that the redemption of Reed Taylor's shares violated Idaho law, was an illegal contract, and that the redemption agreements and related agreements were unenforceable. Then Defendant Riley refused to be deposed to explain his actions and he and Hawley Troxell successfully persuaded the court to not permit his deposition to explain his Opinion Letter. Such conduct is unconscionable.

51.    Simply put, Defendant Riley induced Reed Taylor to sell his shares based upon representations made in the Opinion Letter and through his legal services provided in connection with the redemption agreement and then unconscionably and inappropriately asserted the redemption was illegal through Defendant Hawley Troxell, knowing that he owed fiduciary duties to Reed Taylor.   Such conduct violates I.C. § 48-603, *et seq.*, and constitutes unconscionable conduct in trade and commerce as provided under I.C. § 48-603(18). Defendants Riley and Hawley Troxell's acts have a direct impact on consumers and the integrity of the legal system, and constitute unfair methods and practices and violations of I.C. § 48-601, *et seq.*

52.    Defendant Riley has falsely represented that his services and Opinion Letter have been provided to a particular standard when in fact his services have not met the appropriate standards (including the standard of care) in violation of I.C. § 48-603(7).   Instead of acknowledging that Defendants Riley's services did not meet the appropriate standards, Defendants Riley and Hawley Troxell engaged in a course of conduct that directly attacked the Opinion Letter and Riley's legal services and representations. Defendant Riley has engaged in acts and/or practices that have been misleading, false and/or deceptive to Reed Taylor (including, without limitation, the false representations made to Reed Taylor in Paragraphs 17-18) in

COMPLAINT - 21

# Exhibit - N

violation of I.C. § 48-603(17). Based upon all of the allegations asserted and/or contemplated in this Complaint, Defendants Riley and Hawley Troxell have also violated other applicable provisions of I.C. § 48-603 and/or I.C. § 48-601, *et seq.*

53.     Defendant Riley and Hawley Troxell's acts constitute violations of the Idaho Consumer Protection Act (I.C. § 48-601, *et seq.*). Reed Taylor is entitled to damages, treble damages, punitive damages, attorney's fees and costs and/or such other requested relief as a result of Defendants Riley and Hawley Troxell's acts as provided I.C. § 48-601, *et seq.* Defendants Riley and Hawley Troxell's violations or the unlawful acts of attorneys (including attorneys as adversaries) are not any of the exceptions as set forth in I.C. § 48-605.

## V.   FOURTH CAUSE OF ACTION—BREACH OF FIDUCIARY DUTIES

54.     Reed Taylor re-alleges and incorporates by reference all necessary facts asserted in this Complaint into this cause of action to the extent necessary to support this cause of action and any relief requested by this cause of action.

55.     Defendants Riley, Turnbow and Eberle Berlin owed Reed Taylor fiduciary duties as the majority shareholder of AIA Services, the Chairman of the Board of AIA Services, the Chief Executive Officer of AIA Services, and the direct intended third-party beneficiary of the legal representation pertaining to the redemption of his shares and the recipient of the Opinion Letter expressly drafted for his reliance. They also owed additional fiduciary duties by the fact that Defendants Eberle Berlin, Turnbow and Riley provided the Opinion Letter at the request of AIA Services.

56.     Defendants Eberle Berlin, Riley and Turnbow also owed Reed Taylor fiduciary duties and duties of good faith and fair dealing by and through the issuance of the Opinion Letter to Reed Taylor and their third-party beneficiary representation obligations, which induced Reed

COMPLAINT - 22

Exhibit - N

Taylor to sell his shares in AIA Services. Defendant Riley, and, consequently, Defendant Hawley Troxell owed Reed Taylor fiduciaries duties (including, without limitation, the duty of loyalty) to not make arguments which are contrary to the Opinion Letter and to not undertake any representations which were adverse to the Opinion Letter or Reed Taylor, which pertain in any way to the redemption of his shares or the redemption agreement and related agreements. Defendants have engaged in a course of self-dealing, deception and/or misrepresentations which go beyond the mere allegations of negligence.

57.    Defendants Eberle Berlin, Riley and Turnbow owed Reed Taylor fiduciary duties as the third-party beneficiary of their legal services, including, without limitation, the legal services provided as general counsel for AIA Services, the legal services drafting corporate resolutions for AIA Services, and the legal services drafting and delivering the Opinion Letter. Defendant Riley's fiduciary duties owed to Reed Taylor is imputed to Defendant Hawley Troxell and Defendant Hawley Troxell is liable for Riley's acts and/or omissions. Defendants Eberle Berlin, Riley and Turnbow owed Reed Taylor fiduciary duties from the Opinion Letter because it was provided to legally advise Reed Taylor and effectuate his reliance upon such legal advice.

58.    Despite a contractual requirement, when Defendants Eberle Berlin, Riley and Turnbow prepared the Opinion Letter at the direction of AIA Services addressed to a third-party, Reed Taylor, and which expressly invited Reed Taylor's reliance upon the Opinion Letter, a legal representation relationship was entered into and created.

59.    Defendant Riley, and, consequently, Defendant Hawley Troxell, breached their fiduciary duties and duties of good faith and fair dealing owed to Reed Taylor when they asserted arguments contrary to the Opinion Letter and engaged in representation adverse to the Opinion Letter and the legal representation provided for the redemption agreement and related

COMPLAINT - 23

Exhibit - N

agreements, which such arguments and adverse representations are a direct violation of fiduciary duties owed to Reed Taylor, including the duty of loyalty.

60. As a direct and/or proximate result of Defendants Eberle Berlin, Riley, Turnbow and Hawley Troxell's breached fiduciary duties, Reed Taylor has been damaged in an amount to be proven at the time of trial or on summary judgment.

61. Defendants Eberle Berlin, Riley, Turnbow and Hawley Troxell's acts and/or omissions constitute the breach of fiduciary duties owed to Reed Taylor thereby directly and/or proximately causing damages to Reed Taylor in an amount to be proven at or before trial.

## VI. FIFTH CAUSE OF ACTION—FRAUD/CONSTRUCTIVE FRAUD

62. Reed Taylor re-alleges and incorporates by reference all necessary facts asserted in this Complaint into this cause of action to the extent necessary to support this cause of action and any relief requested by this cause of action.

63. Defendants Eberle Berlin, Riley and Turnbow acted as general counsel for AIA Services for the redemption of Reed Taylor's shares, acted as counsel for the independent committee for the board of directors established to negotiate the terms of the redemption of Reed Taylor's shares, drafted and approved all board and shareholder resolutions pertaining to the redemption of Reed Taylor's shares, and authored and delivered the Opinion Letter to Reed Taylor which made numerous representations of fact and law to Reed Taylor. Defendants Eberle Berlin, Riley and Turnbow provided opinions to Reed Taylor which they were aware were incompatible with the fact upon which such opinions were based.

64. Defendants Eberle Berlin, Riley and Turnbow made material statements of fact and law as set forth in this Complaint and omitted material facts, including, without limitation the representations set forth in Paragraphs 17-18 above; the foregoing statements were false;

COMPLAINT - 24

# Exhibit - N

Defendants Eberle Berlin, Riley and Turnbow had knowledge of the falsity of the foregoing statements; they intended to induce Reed Taylor to rely upon the foregoing statements; Reed Taylor was ignorant of the falsity of the foregoing statements; Reed Taylor relied on the foregoing statements; and Reed Taylor was consequently and proximately injured. Defendants Eberle Berlin, Riley and Turnbow's acts and/or omissions constitute fraud, including, without limitation, the omission of the fact that the shareholders of AIA Services had not voted on and approved the necessary specific written resolution for the redemption of Reed Taylor's shares.

65.    Defendants Eberle Berlin, Riley and Turnbow owed duties of care and fiduciary duties to Reed Taylor. Defendants Eberle Berlin, Riley and Turnbow made material statements of fact and law as set forth in this Complaint and omitted material facts, including, without limitation the representations set forth in Paragraphs 17-18 above; the foregoing statements were false; Reed Taylor was ignorant of the falsity of the foregoing statements; Reed Taylor relied on the foregoing statements; and Reed Taylor was consequently and proximately injured. Defendants Eberle Berlin, Riley and Turnbow's acts and/or omissions constitute constructive fraud, including, without limitation, the omission of the fact that the shareholders of AIA Services had not voted on and approved the required written shareholder resolution, as determined by the court in the Litigation.

66.    As a direct and/or proximate result of Defendants Eberle Berlin, Riley and Turnbow's fraud and/or constructive fraud, Reed Taylor has incurred damages in the amount to be proven at or before trial. Their actions also constitute a fraudulent scheme to deprive Reed Taylor of his majority interest in AIA Services by assisting the minority shareholders in effectuating a corporate buyback through written agreements drafted and approved by Defendants Eberle Berlin, Riley and Turnbow, which such agreements have now been held to be

Exhibit - N



unenforceable by the court and it refused to give him his shares back, including, without limitation, by and through the acts of Defendant Riley's firm, Defendant Hawley Troxell.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Reed Taylor prays for the following relief:

1.    For a judgment against Defendants Eberle Berlin, Riley and Turnbow, jointly and severally, in an amount to be proven at or before trial, plus pre and post judgment interest;

2.    For judgment against Defendant Hawley Troxell in an amount to be proven at or before trial, plus pre and post judgment interest;

3.    For a judgment against Defendants Riley and Hawley Troxell, jointly and severally, for treble damages in the amount to be proven at or before trial pursuant to I.C. § 48-608(2) and for other damages and/or relief provided under I.C. § 48-608 or I.C. § 48-601 *et seq.*;

4.    For an award of attorneys fees and costs incurred in this action pursuant to Idaho Law, including, without limitation, I.C. § 48-608, I.C. § 12-120 and/or I.C. § 12-121; and

5.    For such other relief as may be sought at or before trial by Reed Taylor that the Court deems just and equitable.

## VIII.    DEMAND FOR JURY TRIAL

1.    Reed Taylor demands a trial by jury of not less than twelve (12) on all claims and damages so triable.

DATED this 30th day of September, 2009.

CAMPBELL, BISSELL & KIRBY PLLC

By:_____
  Roderick C. Bond
  Michael S. Bissell
  Attorneys for Reed Taylor

COMPLAINT - 26

Exhibit - N