FILED

2012 JAN 4 AM 8 53

RODERICK C. BOND, ISB No. 8082
RODERICK BOND LAW OFFICE, PLLC
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
Tel: (425) 591-6903
Fax: (425) 321-0343
Email: rod@roderickbond.com

PATTY O. WEEKS
CLERK OF THE DIST. COURT

**KATHY SUTTEY**
DEPUTY

Attorneys for Plaintiff-Petitioner Donna J. Taylor

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF
IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

| | |
|---|---|
| DONNA J. TAYLOR, an individual;<br><br>          Plaintiff-Petitioner,<br><br>v.<br><br>AIA SERVICES CORPORATION, an Idaho corporation;<br><br>          Defendant-Respondent. | Case No.: CV 09-02470<br><br>PLAINTIFF-PETITIONER DONNA J. TAYLOR'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO I.R.C.P. 41(a)(1)(i) |

Plaintiff-Petitioner Donna J. Taylor, by and through her attorneys of record, hereby voluntarily dismisses, without prejudice, this action and all causes of action and relief requested in her Complaint pursuant to I.R.C.P. 41(a)(1)(i).

The defendant has not answered the Complaint or moved for summary judgment, thus, a voluntary dismissal without prejudice is authorized under I.R.C.P. 41(a)(1).

DATED this 4th day of January, 2012.

RODERICK BOND LAW OFFICE, PLLC

By: _____
Roderick C. Bond
Attorneys for Donna J. Taylor

NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE - 1

Exhibit - R

## CERTIFICATE OF SERVICE

The undersigned declares that, on the 4th day of January 2012, the undersigned served a true and correct copy of the foregoing on the following party(ies) via the method(s) indicated below:

Gary D. Babbitt
D. John Ashby
Hawley Troxell Ennis & Hawley LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, Idaho 83701-1617

Via:
(X) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
(X) Email (pdf attachment)

Roderick C. Bond

NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE - 2

Exhibit - R

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

REED TAYLOR,

                Plaintiff,

v.

SCOTT BELL and JANE DOE BELL, and their
marital community; FRANK TAYLOR and JANE
DOE TAYLOR, and their marital community;
CAIRNCROSS & HEMPELMANN, a Professional
Service Corporation,

                Defendants.

CASE NO. 12-2-10803-0 SEA

**COMPLAINT FOR LEGAL
MALPRACTICE, BREACH
OF FIDUCIARY DUTY, AND
VIOLATION OF THE
WASHINGTON STATE
CONSUMER PROTECTION ACT**

COMES NOW the Plaintiff and for cause of action against the Defendants complains and alleges as follows:

**General Allegations**

1.     Plaintiff Reed Taylor ("Reed" or "plaintiff") is an individual and resident of the State of Idaho and has been a resident of Idaho at all relevant times. Reed is 75-years-old and does not have a college degree.

2.     Plaintiff is informed and believes that defendant Scott Bell ("Bell"), is a resident of the State of Washington, County of King. Bell is an attorney, licensed to practice

COMPLAINT FOR LEGAL MALPRACTICE, BREACH
OF FIDUCIARY DUTY, AND VIOLATION OF THE
WASHINGTON STATE CONSUMER PROTECTION
ACT- 1

LAW OFFICES OF ROBERT B. GOULD
2110 North Pacific St., Suite 100
Seattle, WA 98103-9126
(206) 633-4442

Exhibit - S

law in the State of Washington, and a shareholder of defendant Cairncross & Hempelmann, a Professional Service Corporation. Bell does business in Seattle, County of King, in the Seattle venue. Plaintiff further alleges that any obligation incurred herein by Bell was for the benefit of the marital community of Bell and Jane Doe Bell whose true name is unknown to plaintiff.

3.     Plaintiff is informed and believes that defendant Frank Taylor ("Taylor"), is a resident of the State of Washington, County of King. Taylor is an attorney, licensed to practice law in the State of Washington, and a shareholder of defendant Cairncross & Hempelmann, a Professional Service Corporation. Taylor does business in Seattle, County of King, in the Seattle venue. Plaintiff further alleges that obligation incurred by Taylor herein was for the benefit of the marital community of Taylor and Jane Doe Taylor whose true name is unknown to plaintiff. Taylor is not related to Reed.

4.     Defendant Cairncross & Hempelmann, is a Washington professional services corporation ("Cairncross"), and is a law firm doing business in Seattle, Washington. At all relevant times, Bell and Taylor were employees, agents and/or shareholders of Cairncross. The liability of Cairncross for the actions, inactions and negligence of Bell and Taylor arise from the doctrine of respondeat superior and vicarious liability.

5.     Venue is proper in this Court since the defendants' principal place of business and/or residence is in King County and the acts complained of occurred in King County, Seattle venue.

6.     Plaintiff began selling group health insurance through farmer associations in or about 1969. In 1974, Reed founded AIA Insurance, Inc. ("AIA") and expanded selling group health insurance to members of national farmers associations in the major farming states

COMPLAINT FOR LEGAL MALPRACTICE, BREACH OF FIDUCIARY DUTY, AND VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT- 2

LAW OFFICES OF ROBERT B. GOULD
2110 North Pacific St., Suite 100
Seattle, WA 98103-9126
(206) 633-4442

Exhibit - S

throughout the United States. Under the business model developed by Reed, AIA administered and collected dues for the associations and in exchange AIA held exclusive contracts to market and sell group insurance products to association members. Under this business model, AIA's business thrived and performed well.

7.    In 1976, Taylor's younger brother, R. John Taylor ("John"), joined AIA. John had an accounting degree and was licensed to practice law in the State of Idaho. Over the next two decades, Reed primarily focused on travelling and outside sales, functions that served to build up the original business model. Reed delegated the financial management and legal affairs to his brother John.

8.    In 1988, Reed and John formed AIA Services Corporation ("AIA Services") as the holding company for the various AIA entities. In exchange for contributing certain assets to AIA Services, including his ownership in AIA Insurance, Reed was issued additional common shares and all of the outstanding Series A Preferred Shares in AIA Services.

9.    Reed's Series A Preferred Shares were later transferred to his ex-wife, Donna Taylor, as part of his divorce. Richard Riley ("Riley") and the law firm of Eberle, Berlin, Kading, Turnbow & McKlveen, Chartered ("Eberle Berlin"), located in Boise, Idaho, represented Reed in his divorce. Eberle Berlin also acted as AIA Services and its subsidiaries attorneys for the negotiation and finalization of the terms for the redemption and the redemption related agreements. After his divorce Reed owned approximately 63.03% of AIA Services and his brother John owned approximately 19.07%.

10.    In 1995, John and an investor group desired to purchase Reed's shares and take AIA Services public or to effectuate a sale of the company. Reed resisted this, but ultimately agreed to sell his shares through a stock redemption plan under the advice and direction of the

COMPLAINT FOR LEGAL MALPRACTICE, BREACH
OF FIDUCIARY DUTY, AND VIOLATION OF THE
WASHINGTON STATE CONSUMER PROTECTION
ACT- 3

LAW OFFICES OF ROBERT B. GOULD
2110 North Pacific St., Suite 100
Seattle, WA 98103-9126
(206) 633-4442

Exhibit - S

Defendants. The parties contemplated a stock redemption by AIA Services whereby John and his investor group would become the majority shareholders of AIA Services without directly purchasing Reed's shares in the company and without being personally liable for the redemption obligations.

11.    During the negotiations, defendants Bell, Taylor and Cairncross, in Seattle, Washington represented Reed. Neither Bell nor Taylor was authorized and admitted to the practice law in the State of Idaho. Neither Bell nor Taylor advised Reed that they were not licensed to practice law in Idaho and no written consents were obtained from Reed. Bell and Taylor's acts and/or omissions constitute the unlawful practice of law in Idaho, which is a misdemeanor crime under Idaho law.

12.    The ultimate transaction that was engineered was via a restructuring of AIA Services, and the redemption of Reed's stock by AIA Services. The transaction was intended to pay Reed approximately $7.5 million dollars for his interest in the company, along with other consideration. Neither John nor his investor group was individually liable for the debt. In addition, Bell and Taylor did not require, or recommend, that John and his investors personally purchase Reed's shares or otherwise be responsible for the payment for his shares. The final terms of the stock redemption called for Reed to be paid $1.5 million in cash at the closing, the elimination of $469,996 in debt to the company, the transfer of approximately $1,321,000 in aircraft to Reed (which required Reed to assume $670,000 in debt securing the aircraft), and a $6 million promissory note ("Note") with interest payable monthly, and principal due in 10 years. Reed was granted security in all of AIA Services' assets. However, Reed would never had acquired, paid for and maintained the aircraft had he been advised that the redemption of his shares was illegal and that he would not be paid.

COMPLAINT FOR LEGAL MALPRACTICE, BREACH
OF FIDUCIARY DUTY, AND VIOLATION OF THE
WASHINGTON STATE CONSUMER PROTECTION
ACT- 4

LAW OFFICES OF ROBERT B. GOULD
2110 North Pacific St., Suite 100
Seattle, WA 98103-9126
(206) 633-4442

# Exhibit - S

13.    By structuring the transaction in this fashion, it should have been clear to Bell and Taylor that John and his investor group's intent was to create a liquidity event by taking the company public or selling the company and thereby reaping the cash benefits as the new "majority" shareholders. On the other hand, if John and the investor group's plan did not work out, they would be simply obligated to "return" whatever was left of the company to Reed in 10 years if the company defaulted on the notes. Neither Bell nor Taylor recognized the great risk in this transaction to Reed nor did they advise Reed of the risks, and did not recommend on his behalf that the deal be structured as a personal buyout of his stock by John and his investor group. Bell and Taylor were fully aware that Reed would be relying on the redemption of his shares for his ultimate retirement.

14.    At the time the stock redemption was in place, Idaho Code § 30-1-6 provided, in part, that "No purchase of or payment for its own shares shall be made at a time when the corporation is insolvent or when such purchase or payment would make it insolvent." That code section also required that the shareholders vote for and approve the stock redemption transaction be paid from the "capital surplus" if there was a negative earned surplus. None of the defendants advised Reed that if the company did not comply with I.C. § 30-1-6, the transaction would be void. Plaintiff is informed and believes that defendants Bell, Taylor and Cairncross were not aware of I.C. § 30-1-6.

15.    In connection with the redemption, AIA Services amended its articles of incorporation. A draft copy of the proposed amended articles of incorporation was proved to Bell and Taylor for their review and approval. Instead of requiring a provision to be inserted in the amended articles of incorporation which approved the redemption of Reed's shares and

COMPLAINT FOR LEGAL MALPRACTICE, BREACH
OF FIDUCIARY DUTY, AND VIOLATION OF THE
WASHINGTON STATE CONSUMER PROTECTION
ACT- 5

LAW OFFICES OF ROBERT B. GOULD
2110 North Pacific St., Suite 100
Seattle, WA 98103-9126
(206) 633-4442

Exhibit - S

waiving the restrictions under I.C. § 30-1-6, Bell and Taylor approved the amended articles of incorporation as proposed.

16.     Bell and Taylor knew that Reed was the majority shareholder in AIA Services and that any redemption of a majority shareholder's common shares could or would be scrutinized at a later date. Bell and Taylor included a provision in the redemption agreements requiring Reed to vote his shares in favor of the transaction, when they knew or should have known that Reed's shares were disqualified from voting on a transaction that favored the majority shareholder. Had the proper shareholder resolutions or articles of incorporation been presented and approved by the minority shareholders, then the transaction to redeem his shares would have been legal, notwithstanding Bell and Taylor's failure to require John and the investor group to purchase Reed's shares.

17.     As a condition of the redemption, Riley and Eberle Berlin were required to deliver to Reed an opinion letter in a form acceptable to the defendants, in addition to any other documents deemed appropriate and necessary by Bell and Taylor of Cairncross. On August 15, 1995, Eberle Berlin provided an opinion letter to Reed in the form and substance approved by the defendants, and Eberle Berlin represented that no laws were being violated by the redemption agreement, that all necessary consents had been obtained, that AIA Services had the power and authority to enter into the transaction, among other things. The defendants knew or in the exercise of reasonable diligence should have known that the opinion letter was incorrect and violated then existing Idaho statutory law.

18.     In 1996, AIA Services defaulted on the redemption agreement and its payments on the $1.5 million note for the down payment. At this point, AIA Services through John and his investors, negotiated a restructuring of the redemption agreement with Reed.

COMPLAINT FOR LEGAL MALPRACTICE, BREACH OF FIDUCIARY DUTY, AND VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT- 6

LAW OFFICES OF ROBERT B. GOULD
2110 North Pacific St., Suite 100
Seattle, WA 98103-9126
(206) 633-4442

Exhibit - S

Reed continued to be represented by Bell, Taylor and Cairncross in the restructuring. Bell and Taylor did not request a new opinion letter from AIA Services' legal counsel, nor did Bell and Taylor request shareholder approval for the transaction through a formal shareholder vote or by amending the articles of incorporation, both of which were authorized under I.C. § 30-1-6. For Bell and Taylor's services rendered in the 1995 and 1996 transactions on behalf of Reed, Cairncross was paid in excess of $93,000 in attorney's fees and costs.

19. In August of 2005, the $6 million note matured and AIA Services defaulted on payment. On January 29, 2007, Reed filed suit against AIA Services, John, and others in the Nez Perce County District Court in Lewiston, Idaho under cause no. CV07-00208 ("Idaho action"). Reed moved for, and obtained, partial summary judgment on the default of the $6 million note.

20. On April 16, 2008, the defendants in the Idaho action raised, for the first time, a defense that the redemption of Reed's shares violated the Idaho Code (but not I.C. § 30-1-6), and that the redemption and all supporting documents were illegal contracts. On February 12, 2009, the underlying defendants *specifically* alleged, for the first time, that the redemption transaction violated I.C. § 30-1-6 (which had since been repealed).

21. On June 19, 2009, the Nez Perce district court in the Idaho action granted the defendants Motion for Partial Summary Judgment, finding that the redemption agreement was illegal and unenforceable. In its decision, the district court found that AIA Services had a negative earned surplus at the time of the redemption, and that there was no evidence presented that there was ever an affirmative vote of the majority of the shareholders that the capital surplus could be looked to for the redemption of the shares. The district court further noted that "[t]here is no question that all parties, including Plaintiff, either ignored or failed to

COMPLAINT FOR LEGAL MALPRACTICE, BREACH
OF FIDUCIARY DUTY, AND VIOLATION OF THE
WASHINGTON STATE CONSUMER PROTECTION
ACT- 7

LAW OFFICES OF ROBERT B. GOULD
2110 North Pacific St., Suite 100
Seattle, WA 98103-9126
(206) 633-4442

Exhibit - S

consider I.C. § 30-1-6." The Idaho Supreme Court on September 7, 2011 affirmed the district court's findings, concluding that "it appears none of the parties recognized the potential violation of I.C. § 30-1-6." The Idaho Supreme Court rejected Reed's arguments to have the redemption enforced and noted that the transaction appeared to favor Reed over the minority shareholders -- which could have easily been prevented had Bell and Taylor exercised the minimum standard of care of reasonable attorneys familiar with Idaho law in the same or similar circumstances.

22.    Despite numerous requests by Reed for assistance from Bell, Taylor and Cairncross in defeating the motion for partial summary judgment in the Idaho Action, none of the defendants herein offered any help to Reed. Ultimately Bell agreed to provide an affidavit in support of Reed's argument that he was not *in pari delicto*.

23.    At no time during the relevant periods above were Bell or Taylor admitted to practice law in Idaho in violation of their duty of care to Reed and RPC 5.5.

24.    Due to ongoing litigation in Idaho that impacted potentially liability defendants Bell, Taylor and Cairncross executed a one-year Tolling Agreement of the statute of limitations effective April 1, 2010. That Agreement was extended for an additional year in 2011, and expires on March 31, 2012.

## FIRST CAUSE OF ACTION
(For Legal Malpractice)

25.    Plaintiff repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 24, inclusive, as though set forth at length.

26.    By virtue of the attorney/client relationship between the defendants, on the one hand, and plaintiff, on the other hand, defendants owed to plaintiff all duties and obligations

COMPLAINT FOR LEGAL MALPRACTICE, BREACH
OF FIDUCIARY DUTY, AND VIOLATION OF THE
WASHINGTON STATE CONSUMER PROTECTION
ACT- 8

LAW OFFICES OF ROBERT B. GOULD
2110 North Pacific St., Suite 100
Seattle, WA 98103-9126
(206) 633-4442

Exhibit - S

of reasonable attorneys in the same or similar circumstances including, but not limited to, the following:

A. The duty to represent plaintiff and plaintiff's interests faithfully;

B. The duty to, at all times, deal with plaintiff honestly and with the utmost good faith;

C. The duty to represent plaintiff in accordance with the Rules of Professional Conduct of the State Bar, State of Washington and the standard of care for lawyers in the State of Washington;

D. The duty to represent plaintiff with undivided loyalty;

E. The duty to disclose significant information to plaintiff, including, without limitation, the fact that defendants were not licensed to practice law in Idaho.

27. Despite these fundamental duties, defendants failed to comply with the minimum standard of care, and breached their duties to plaintiffs by committing, among other things, the errors and omissions set forth in paragraphs 6 through 23 above, and further:

A. failed to comply with the required standard of conduct as set forth in RPC 1.1, 1.3, 1.4, and 5.5, among others;

B. practiced law in Idaho when not authorized to do so;

C. rendered opinions and advice regarding legal matters which defendants were not qualified to do so, including the impact of Idaho law on plaintiff;

D. failed to recognize that the redemption agreement and transaction were illegal and void as a matter of law if not in compliance with I.C. § 30-1-6;

COMPLAINT FOR LEGAL MALPRACTICE, BREACH
OF FIDUCIARY DUTY, AND VIOLATION OF THE
WASHINGTON STATE CONSUMER PROTECTION
ACT- 9

LAW OFFICES OF ROBERT B. GOULD
2110 North Pacific St., Suite 100
Seattle, WA 98103-9126
(206) 633-4442

# Exhibit - S

E.      failed to understand the implications of I.C § 30-1-6 and request appropriate corporate shareholder approvals of the redemption transaction through appropriate resolutions or an amendment of the articles of incorporation;

F.      failed to request, require or recommend that Reed sell his shares to John and the investor group, rather than redeem the shares with the corporate entity.

28.     Defendant's conduct, as set forth herein above, was neglectful, dilatory, negligent, and fell below the recognized standard of care owed by attorneys to their clients, including the standard of care in King County and the State of Washington.

29.     Had defendants fulfilled their duties to plaintiff, and acted reasonably and within the standard of care, plaintiff would have been provided competent counsel.

30.     As a direct and proximate result of defendants' negligence, plaintiff has been damaged in a sum within the jurisdiction of this court and in an amount according to proof. Plaintiff will seek leave of court to amend this Complaint to allege the exact amount of said damages when said sum is fully ascertained or the amount proven at or before the time of trial.

**SECOND CAUSE OF ACTION**
(Breach of Fiduciary Duty)

31.     Plaintiff repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 24, and 26 through 29, inclusive, of this Complaint as though set forth at length herein.

32.     By virtue of the attorney/client and/or special relationship between defendants, on the one hand, and plaintiff, on the other hand, there existed a fiduciary relationship between plaintiff and defendants. The defendants were under a duty to act or to give advice for the benefit of Reed, upon a matter within the scope of the engagement.

COMPLAINT FOR LEGAL MALPRACTICE, BREACH
OF FIDUCIARY DUTY, AND VIOLATION OF THE
WASHINGTON STATE CONSUMER PROTECTION
ACT- 10

LAW OFFICES OF ROBERT B. GOULD
2110 North Pacific St., Suite 100
Seattle, WA 98103-9126
(206) 633-4442

Exhibit - S

33.    By virtue of the attorney/client and/or special or superior knowledge relationship between plaintiff and defendants, and by virtue of the fiduciary and/or special relationship between plaintiff and defendants, defendants owed to plaintiff all duties and obligations of a trustee and fiduciary to a beneficiary including, but not limited to, the following:

A.    The duty to represent plaintiff and plaintiff's interests faithfully;

B.    The duty to, at all times, deal with plaintiff honestly and with the utmost good faith;

C.    The duty to represent plaintiff in accordance with the applicable Rules of Professional Conduct, including the Rules of Professional Conduct of the State Bar, State of Washington;

D.    The duty to represent plaintiff with undivided loyalty;

E.    The duty to disclose significant information to plaintiff;

F.    The duty to not engage in the unauthorized practice of law.

34.    Defendants breached these fiduciary and/or special duties owed to plaintiff by committing, among other things, those acts as set forth in 6 through 24 above.

35.    Defendants further had a fiduciary, and ethical duty, to fully comply with Rules 1.1, 1.3, 1.4, and 5.5, and 8.4 of the Rules of Professional conduct, among others. Defendants breached their fiduciary duties and the ethical responsibilities to plaintiff, by among other things:

A.    Engaging in the unauthorized practice of law in the State of Idaho when not authorized to do so;

COMPLAINT FOR LEGAL MALPRACTICE, BREACH
OF FIDUCIARY DUTY, AND VIOLATION OF THE
WASHINGTON STATE CONSUMER PROTECTION
ACT- 11

LAW OFFICES OF ROBERT B. GOULD
2110 North Pacific St., Suite 100
Seattle, WA 98103-9126
(206) 633-4442

Exhibit - S

B.    By providing legal opinions and representation to plaintiff regarding legal matters which defendants were not qualified to do, including the impact of Idaho law on plaintiff;

C.    By failing to recognize that the redemption agreement and transaction were illegal and void as a matter of law if not in compliance with I.C. § 30-1-6;

D.    By failing to identify and understand the implications of I.C § 30-1-6, Idaho common law and request appropriate corporate shareholder approvals of the redemption transaction through formal shareholder resolutions or the amendment of AIA Services articles of incorporation;

E.    By failing to recommend or require that Reed sell his shares directly to John and the investor group, rather than redeem the shares with the corporate entity.

36.    As a direct and proximate result of defendants' breach of fiduciary and/or other special duties, plaintiff has been damaged in a sum within the jurisdiction of this court and in an amount according to proof. Plaintiff will seek leave of court to amend this Complaint to allege the exact amount of said damages when said sum is fully ascertained or in the amount to be proven at or before the time of trial.

37.    As a further direct and proximate result of defendants' breaches of their fiduciary duty, plaintiff seeks the disgorgement and return of all fees, profits and costs incurred by defendants as a result of their improper conduct.

**THIRD CAUSE OF ACTION**
**(Violation of the Washington State Consumer Protection**
**Act, RCW 19.86, et seq.)**

COMPLAINT FOR LEGAL MALPRACTICE, BREACH
OF FIDUCIARY DUTY, AND VIOLATION OF THE
WASHINGTON STATE CONSUMER PROTECTION
ACT- 12

LAW OFFICES OF ROBERT B. GOULD
2110 North Pacific St., Suite 100
Seattle, WA 98103-9126
(206) 633-4442

Exhibit - S

38.    Plaintiff repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 23, 25 through 28, and 31 through 34, inclusive, of this Complaint as though set forth at length herein.

39.    Defendants are and have been engaged in the trade and profession of the practice of law in King County, in the State of Washington.

40.    Defendants engaged in unfair or deceptive acts or practices in the entrepreneurial aspect of the practice of law in their business dealings with plaintiff.

41.    Specifically, but not expressly limited to the following, defendants committed the acts alleged in ¶¶6 through 13 and ¶34 above.

42.    Plaintiff alleges that these, and other acts of the defendant, were part of a deceptive and unfair business practice engaged by defendants in their trade and profession, and in the entrepreneurial aspect of the practice of law. Plaintiff further alleges that these acts were in violation of RCW 19.86.020 et seq. Upon information and belief, plaintiff believes and hence alleges that upon information and belief, that this is not the first time that defendants and/or members of defendant Cairncross have represented out of state defendants in out of state transactions without being licensed to practice there or associating with counsel in that jurisdiction. .

43.    As a direct and proximate result of the defendants' unfair or deceptive trade practices, plaintiff has been damaged in a sum within the jurisdiction of this court and in an amount according to proof. Plaintiff will seek leave of court to amend this Complaint to allege the exact amount of said damages when said sum is fully ascertained.

COMPLAINT FOR LEGAL MALPRACTICE, BREACH
OF FIDUCIARY DUTY, AND VIOLATION OF THE
WASHINGTON STATE CONSUMER PROTECTION
ACT- 13

LAW OFFICES OF ROBERT B. GOULD
2110 North Pacific St., Suite 100
Seattle, WA 98103-9126
(206) 633-4442

Exhibit - S

44. As a further direct and proximate cause of defendants' unfair and deceptive trade practices, plaintiff has incurred and will continue to incur legal fees and costs in a sum according to proof.

45. Plaintiff further alleges that as a result of defendants' unfair and deceptive trade practices, she is entitled to an award of treble damages in an amount up to $25,000.00.

46. Plaintiff further prays for injunctive relief to prohibit defendants, and each of them, from using similar fee agreements with other clients.

WHEREFORE, Plaintiff prays as follows:

**On the First Cause of Action**

1. For an award of damages compensating plaintiff in an amount to be proven at or before trial;

2. For an award of pre-judgment interest at the legal rate;

**On the Second Cause of Action**

3. For an award of damages compensating plaintiff in an amount to be proven at or before trial;

4. For an award of pre-judgment interest at the legal rate;

5. For relinquishment, disgorgement and repayment of fees received by defendants arising from their breach of fiduciary duty;

**On the Third Cause of Action**

6. For all damages caused plaintiff as a direct and proximate result of the defendants' unfair and deceptive acts and trade practices;

7. For plaintiff's reasonable attorney's fees and costs, according to proof;

8. For treble damages up to $25,000.00 per violation;

COMPLAINT FOR LEGAL MALPRACTICE, BREACH
OF FIDUCIARY DUTY, AND VIOLATION OF THE
WASHINGTON STATE CONSUMER PROTECTION
ACT- 14

LAW OFFICES OF ROBERT B. GOULD
2110 North Pacific St., Suite 100
Seattle, WA 98103-9126
(206) 633-4442

Exhibit - S

9.   Injunctive relief to prohibit defendants, and each of them, from using similar deceptive and illegal contracts with other clients or from deceiving other clients by practicing law in violation of RPC 5.5.

**On the All Causes of Action**

10.   For an award of damages compensating plaintiff for his costs of suit incurred herein; and,

11.   For such other and further relief as Reed may request at or before trial and/or that the court deems just and proper.

DATED this __19__ day of March, 2012.

LAW OFFICES OF ROBERT B. GOULD

By: _____
Robert B. Gould, WSBA # 4353
Attorney for Plaintiff, REED TAYLOR

LAW OFFICES OF BRIAN H. KRIKORIAN

By /s BRIAN H. KRIKORIAN
WSBA #27861
2110 N. Pacific Street, Suite 100
Seattle, Washington 98103
Telephone: (206) 547-1942
Fax: (425) 732-0115
bhkrik@bhklaw.com

COMPLAINT FOR LEGAL MALPRACTICE, BREACH OF FIDUCIARY DUTY, AND VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT- 15

LAW OFFICES OF ROBERT B. GOULD
2110 North Pacific St., Suite 100
Seattle, WA 98103-9126
(206) 633-4442

Exhibit - S

RODERICK BOND LAW OFFICES, PLLC

By _____

RODERICK BOND, WSBA#
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
Tel: (425) 591-6903
Fax: (425) 321-0343
Email: rod@roderickbond.com

COMPLAINT FOR LEGAL MALPRACTICE, BREACH
OF FIDUCIARY DUTY, AND VIOLATION OF THE
WASHINGTON STATE CONSUMER PROTECTION
ACT- 16

LAW OFFICES OF ROBERT B. GOULD
2110 North Pacific St., Suite 100
Seattle, WA 98103-9126
(206) 633-4442

Exhibit - S