UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual; DONNA J. TAYLOR, an individual and the Personal representative of the Estate of Sarah Taylor; WHO ARE SHAREHOLDERS BRINGING THIS ACTION ON BEHALF OF AND/OR IN THE RIGHT OF AIA SERVICES CORPORATION AND ITS WHOLLY OWNED SUBSIDIARY AIA INSURANCE, INC.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CONNIE TAYLOR HENDERSON, an individual; JOLEE DUCLOS, an individual; HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership, GARY D. BABBITT, an individual; D. JOHN ASHBY, an individual, RICHARD A. RILEY, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual; R. JOHN TAYLOR, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; and AIA INSURANCE, INC., an Idaho corporation;<br><br>　　　　　　　　　　Defendants. | Case No. 1:10-cv-00404-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**HAWLEY TROXELL DEFENDANTS' MOTION TO DISMISS PURSUANT TO 12(b)(1) (Dkt. 138);**<br><br>**PLAINTIFFS' MOTION TO AMEND AND/OR DISMISS PARTIES WITHOUT PREJUDICE (DKT. 139);**<br><br>**THIRD PARTY GEMCAP LENDING I, LLC'S MOTION TO INTERVENE AND SEAL (DKT. 141); and**<br><br>**PLAINTIFFS' MOTION TO STRIKE (DKT. 169)** |

**MEMORANDUM DECISION AND ORDER - 1**

## INTRODUCTION

Pending before the Court are four motions: (1) Hawley Troxell Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (Dkt. 138); (2) Plaintiffs' Motion to Amend, or alternatively, Motion to Voluntarily Dismiss Parties (Dkt. 139); (3) Third Party GemCap Lending I, LLC's Motion to Intervene and Seal (Dkt. 141); and (4) Plaintiff's Motion to Strike (Dkt. 169). The Court heard oral argument from the parties and the proposed intervenor GemCap Lending I, LLC, on October 24, 2016. After review of the record, consideration of the parties' arguments and relevant legal authorities, and otherwise being fully advised, the Court issues the following memorandum decision and order.

## PROCEDURAL BACKGROUND

This is a shareholder's derivative action, the Court's jurisdiction over which is based upon diversity of citizenship.[1] Although the complaint was filed nearly six years ago, the case has yet to proceed beyond its initial stages. After taking a detour to the United States Court of Appeals for the Ninth Circuit, the Court conducted both a status conference and a scheduling conference on March 7 and 24, 2016 (Dkt. 112, 118, 126), with the goal of determining the operative complaint and moving this litigation forward. Unable to stipulate to a litigation plan in advance of the March 24, 2016 scheduling conference, the Court ordered the parties to meet and confer in person to develop a workable litigation plan. However, the meet and confer did not result in a litigation plan;

---

[1] The Court originally had federal question jurisdiction also, as Plaintiffs' original and first amended complaint alleged a RICO claim against the AIA Defendants. The Second Amended Complaint and the proposed third amended complaint do not assert any federal claims.

**MEMORANDUM DECISION AND ORDER - 2**

instead, the parties agreed to postpone their litigation plan until after Plaintiffs filed their motion for leave to amend their complaint.

On May 27, 2016, Plaintiffs filed their motion for leave to amend. (Dkt. 130.) In the proposed Second Amended Complaint, Plaintiffs sought to add Connie Taylor Henderson and JoLee Duclos, two additional shareholders/officers of the AIA entities, as individual defendants, and Donna Taylor as the personal representative of the Estate of Sarah Taylor as a plaintiff. The existing Defendants filed notices of non-opposition to Plaintiffs' motion. (Dkt. 133, 134.) On June 20, 2016, after the Court granted leave, Plaintiffs filed their Second Amended Complaint. (Dkt. 137.)

On June 21, 2016—one day after Plaintiffs filed their Second Amended Complaint—the Hawley Troxell Defendants filed a motion seeking to dismiss the new complaint for lack of diversity jurisdiction.[2] (Dkt. 138.) In response, on July 15, 2016, Plaintiffs filed a motion for leave to amend their complaint, or alternatively, to dismiss the non-diverse parties to cure the jurisdiction issue raised by the Hawley Troxell Defendants' motion to dismiss.[3]

---

[2] The Court would have expected (and expects in the future) grounds for dismissal to have been raised in response to the motion to amend instead of misleading representations that Defendants did not oppose Plaintiffs' motion to amend. The notices of non-opposition were not consistent with Rule 1. *See* Fed. R. Civ. P. 1. 2015 Comm. Note. ("[D]iscussions of ways to improve the administration of civil justice regularly include pleas to discourage over-use, misuse, and *abuse of procedural tools that increase cost and result in delay*.") (emphasis added).

[3] During the hearing on October 24, 2016, the parties to this motion practice that has prolonged the proceedings, explained that, for some unknown reason, diversity jurisdiction was not discussed during any of the parties' conferences when the goal was determining the operative pleading.

**MEMORANDUM DECISION AND ORDER - 3**

In the Second Amended Complaint (Dkt. 137), the parties to this litigation consist of the following: Plaintiffs Dale Miesen[4] and Donna Taylor as the minority shareholders of Defendant AIA Services Corporation, the alleged wronged corporation. Dale Miesen is a citizen of Texas and Donna Taylor is a citizen of Washington. Donna Taylor is named also as the personal representative of the Estate of Sarah Taylor (Donna Taylor's deceased daughter)—the citizenship of Sarah Taylor's estate is Idaho.

There are two groups of Defendants. The first group consists of AIA Services Corporation, AIA Insurance, Inc., Crop USA Insurance Agency, Inc., and several controlling shareholders and officers of those entities, including: R. John Taylor, James Beck, Michael Cashman, Connie Taylor Henderson and JoLee Duclos.[5] Each entity is an Idaho corporation. John Taylor is a citizen of Idaho, James Beck and Michael Cashman are citizens of Minnesota, and Connie Taylor Henderson and JoLee Duclos are citizens of Washington. The second group consists of the law firm Hawley Troxell Ennis & Hawley, LLP, and several of its attorneys who represent the AIA entities and Crop USA.[6] The Hawley Troxell Defendants are all citizens of Idaho.

Two additional motions were filed after the motion to dismiss and motion to amend, unrelated to the diversity jurisdiction issue. On July 18, 2016, third-party

---

[4] Dale Miesen was named as a Plaintiff initially in the original complaint. He was not, however, named in the caption of the First Amended Complaint. (Dkt. 23.)

[5] The Court collectively refers to these Defendants as the "AIA Defendants," unless otherwise indicated. AIA Services Corporation and AIA Insurance, Inc. are not currently represented. During the status conference on March 7, 2016, the parties represented that the AIA entities are merely nominal as Plaintiffs have not asserted any claims against them.

[6] The Court collectively refers to these Defendants as the "Hawley Troxell Defendants."

**MEMORANDUM DECISION AND ORDER - 4**

GemCap, filed a motion to intervene and seal a Settlement Agreement, filed by Plaintiffs with a declaration from Plaintiffs' counsel regarding the status of counsels' conferences. (Dkt. 141.) On September 5, 2016, Plaintiffs filed a motion to strike several documents related to GemCap's motion. (Dkt. 169.)

To most efficiently discuss and resolve the four motions before the Court, the Court will address the motions in reverse chronological order in which they were filed, beginning with Plaintiffs' motion to strike.

## DISCUSSION

### I. Plaintiffs' Motion to Strike (Dkt. 169)

Plaintiffs seek an order striking: (1) the AIA Defendants' untimely notice of non-opposition to GemCap's motion to intervene and seal; (2) an email attached as an exhibit to a declaration filed in support of GemCap's motion to intervene and seal, and portions of GemCap's reply brief that reference the email; (3) GemCap's notice of supplemental authority in support of its motion to intervene and seal; and (4) a standing argument raised for the first time by the Hawley Troxell Defendants in their reply memorandum filed in support of their motion to dismiss. For the following reasons, the Court will deny the entirety of Plaintiffs' requests.

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *SidneyVinstein v. A.H. Robins Co.*, 697

**MEMORANDUM DECISION AND ORDER - 5**

F.2d 880, 885 (9th Cir. 1983). However, Rule 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp. 2d 1101, 1152 (C.D. Cal.2003).

The Court has broad discretion in disposing of motions to strike. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) *rev'd on other grounds* 510 U.S. 517 (1994). The Court construes motions to strike in the light most favorable to the nonmoving party and will deny the motion if the challenged defenses have "'any relation to the subject matter of the controversy, could be held to in any manner defeat the plaintiff's claim, or if it fairly presents any question of fact or law.'" *United States v. 45.43 Acres of Land Situate in Ada County, Idaho*, 2009 WL 1605127 (D. Idaho June 4, 2009) (quoting *United States v. Articles of Food ... Clover Club Potato Chips*, 67 F.R.D. 419, 421 (D. Idaho 1975)); *See also McBurney v. Lowe's Home Centers, LLC*, 2014 WL 2993087 (D. Idaho July 2, 2014) (denying motion to strike attacking affirmative defenses and qualified denials in the defendant's answers).

Here, as explained more fully below, the materials Plaintiffs seek to strike are not contained within a pleading or otherwise do not qualify as an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

First, while the AIA Defendants' notice of non-opposition to GemCap's motion to intervene was untimely filed, the notice was brief, and simply and concisely stated the AIA Defendants' position on GemCap's motion. To the extent any the AIA Defendants offered any argument in the notice of non-opposition, the Court did not consider it in its

**MEMORANDUM DECISION AND ORDER - 6**

decision on the motion to intervene and seal. There is no basis to strike the notice.

Second, the email included in support of the reply to GemCap's motion to intervene and seal was not properly authenticated through counsel for GemCap's declaration. However, the email purportedly was sent by Plaintiffs' counsel to other counsel in this case and thus, likely could be authenticated if the email was pertinent to any issue presented with GemCap's motion to intervene and seal—which the Court finds it is not. However, Plaintiffs have not provided a sufficient basis for the Court to strike the email (and the arguments which reference the email) from the record.

Third, with regard to the notice of supplemental authority, because the Court is permitted to accept supplemental authority on any point, should the Court deem it relevant,[7] it will not to strike the notice.[8]

Fourth, and with regard to the standing arguments raised by the Hawley Troxell Defendants for the first time in their reply in support of their motion to dismiss, the Court will deny Plaintiffs' request as moot.  The standing issue is not before the Court in connection with Defendants' motion to dismiss. Further, the motion to dismiss will be denied as moot, as explained below.

**II. GemCap's Motion to Intervene and Seal (Dkt. 141)**

GemCap seeks to intervene in this litigation for the limited purpose of requesting an order sealing a settlement agreement related to separate litigation between GemCap

---

[7] Proceedings in which the other courts sealed the very document GemCap seeks to seal have some relevance herein.

[8] GemCap alternatively could have requested this material be judicially noticed pursuant to Fed. R. Evid. 201.

**MEMORANDUM DECISION AND ORDER - 7**

and various AIA Defendants, filed in this lawsuit by Plaintiffs.[9] (Dkt. 128 at 21-48.) Neither Plaintiffs nor Defendants oppose GemCap's motion to intervene; thus, finding intervention appropriate pursuant to Fed. R. Civ. P. 24(b), the Court will grant GemCap's motion in this regard.

Not all parties agree, however, that the Settlement Agreement should be sealed from public access. GemCap argues the Court should seal the Settlement Agreement because its publication may cause particularized harm to GemCap. Specifically, GemCap contends the Settlement Agreement contains plans for potential future litigation and reveals some of GemCap's private business practices.[10] Plaintiffs and the Hawley Troxell Defendants[11] contend GemCap has not met its burden of showing particularized harm. They argue the Settlement Agreement should not be sealed because the substance of the Settlement Agreement contains facts relevant and critical to the present litigation. In addition, Plaintiffs and the Hawley Troxell Defendants argue it is not necessary to seal the Settlement Agreement because it has been open to public access for several months, and thus, has lost any confidentiality it previously may have been afforded.

---

[9] The Settlement Agreement is between GemCap and several entities and persons—including John Taylor, AIA Insurance, and AIA Services Corporation. The Settlement Agreement was filed in the United States District Court for the Central District of California in *GemCap Lending I, LLC v. Crop USA Insurance Agency et al.*, No, 2:13-cv-05504-SOJ-MAN (C.D. Cal). Plaintiffs are not parties to the Settlement Agreement, but appear to have obtained the Settlement Agreement during a limited period when the Agreement was not under seal in some other matter.

[10] GemCap does not reference any specific provision, term, or party to the Settlement Agreement in its argument in support of particularized harm. However, specific examples of particularized harm would likely require GemCap to discuss the terms of the Settlement Agreement in detail, which could likely be a breach of the confidentiality agreement.

[11] The AIA Defendants do not oppose GemCap's request to seal the Settlement Agreement. (Dkt. 167.)

**MEMORANDUM DECISION AND ORDER - 8**

Court proceedings and records are generally open to the public. S*ee, e.g., Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978); *Assoc. Press v. U.S. Dist. Court for Cent. Dist. of California,* 705 F.2d 1143, 1145 (9th Cir.1983) ("We thus find that the public and press have a first amendment right of access to pretrial documents in general."). This right of access is "grounded in the First Amendment and in common law." *CBS, Inc. v. U.S. Dist. Court for Cent. Dist. of California,* 765 F.2d 823, 825 (9th Cir.1985) (citing *Assoc. Press,* 705 F.2d at 1145). Such a general rule for access applies in civil cases. *See, e.g., Gannett Co., Inc. v. DePasquale,* 443 U.S. 368, 386 n. 15 (1979).

The point of open proceedings and records is, in part, that such matters "should take place under the public eye" because "it is of the highest moment that those who administer justice should always act under the sense of public responsibility, and that every citizen should be able to satisfy himself with his own eyes as to the mode in which a public duty is performed." *Cowley v. Pulsifer,* 137 Mass. 392, 394 (1884) (Holmes, J.). This interest extends beyond oversight of the judiciary: "The public has a right, and even a responsibility ... to monitor the activities and performance of their own government and use this information to implement change if needed." *Skinner v. Uphoff,* 2005 WL 4089333, at *3 (D.Wyo. Sept. 27, 2005).

To overcome the presumption that a court filing should not be sealed, the party seeking to seal must "articulate compelling reasons supported by specific factual findings." *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir.2006) (citations omitted). A decision to seal records cannot be based on "hypothesis or conjecture" in place of the required compelling reasons. *Id.* at 1179 (citation omitted).

**MEMORANDUM DECISION AND ORDER - 9**

Generally, compelling reasons "exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (Internal quotation and citation omitted). The "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* at 1178.

The Court finds that, here, GemCap has sufficiently articulated particularized harm that may result if the Settlement Agreement is not sealed. The Settlement Agreement is an active, living document in which the contractual obligations of the parties are still being administered. The Settlement Agreement reveals insight into GemCap's business practices and strategies for future litigation, including preservation over certain claims and GemCap's valuation of those claims. If this information is exposed to the entities GemCap may pursue, it could interfere with GemCap's ability to negotiate and reach settlement with those parties, and has the potential to lead to protracted, complicated, and expensive litigation. As such, GemCap has sufficiently established that it could suffer particularized harm if the Settlement Agreement remains publicly available.

Further, the Court finds prejudice would not result on behalf of Plaintiffs or the Hawley Troxell Defendants if the Settlement Agreement is sealed, given all parties in this litigation and the Court would still have access to the Settlement Agreement. Moreover, it is both persuasive and relevant that other courts, including the United States Court of Appeals for the Ninth Circuit, have sealed or provisionally sealed the very document

**MEMORANDUM DECISION AND ORDER - 10**

GemCap seeks to seal in this action. *See Donna Taylor v. Crop USA Ins. Agency, Inc, et al*, No. 15-55332 (9th Cir.) (Dkt. 49, 56) (provisionally sealing Settlement Agreement until resolution of motion to un-seal; oral argument set for February of 2017); *Gemcap Lending I LLC v. Crop USA Insurance Agency Inc et al*, No. 2:13-cv-05504-SJO-MAN (C.D. Cal) (Dkt. 272, 273); Missouri Crop, LLC., et al v. CGB Diversified Services, Inc., et al, No. 2:15-00024-ERW (E. D. Mo) (Dkt. 81); *AIA Services Corporation An Idaho Corporation vs. Washington Bank Properties,* No. CV-2011-01927 (Idaho 2nd. Dist.).

Accordingly, for the reasons stated above, the Court will grant GemCap's motion to seal. The Settlement Agreement will remain under seal until further order of the Court. In addition, the parties are encouraged to discuss whether a stipulation to a protective order would be appropriate in this litigation, especially if GemCap is added as a Defendant as suggested by Plaintiffs and the Hawley Troxell Defendants.

### III. Plaintiffs' Motion to Amend, or alternatively, Voluntarily Dismiss Parties (Dkt. 139)

Plaintiffs' motion makes alternative requests, either of which, if granted, would cure the issue raised by Defendants in their motion to dismiss regarding diversity of citizenship jurisdiction. (Dkt. 139.) Specifically, Plaintiffs seek leave of court to amend their complaint (again) to remove the non-diverse parties added to this action in their Second Amended Complaint: Defendants Connie Taylor Henderson and JoLee Duclos, and Plaintiff Donna Taylor in her capacity as personal representative for the Estate of Sarah Taylor. Alternatively, Plaintiffs seek dismissal without prejudice of all the non-diverse parties, or merely dismissal of Donna Taylor as a party, in both her personal and

**MEMORANDUM DECISION AND ORDER - 11**

representative capacities. The last option (dismissing Donna Taylor only) is Plaintiffs' preferred approach, as represented by Plaintiffs' counsel at the time of the hearing on these motions. For the following reasons, the Court will grant Plaintiffs' motion to dismiss Donna Taylor as a party Plaintiff in both her personal and representative capacities, and will deny all other aspects of Plaintiffs' motion.

Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the Court, and subject to any terms and conditions the Court deems proper, to request dismissal of an action without prejudice at any time. A motion for voluntary dismissal under Rule 41(a)(2) "is addressed to the sound discretion of the district court, and its order will not be reversed unless [it] has abused its discretion." *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir.1982). Further, "[a] district court should 7grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir.2001) (footnote omitted); *see also Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir.1996).

The Court finds dismissal of Donna Taylor as a party in both her personal and representative capacities would not result in any undue prejudice to Defendants. Dismissal without prejudice of Donna Taylor as a party plaintiff from the Second Amended Complaint will cure the diversity jurisdiction issue raised by the Hawley Troxell Defendants' motion to dismiss. In addition, dismissal of Donna Taylor is consistent with the spirit of Fed. R. Civ. P. 1, as it allows all dispensable and

**MEMORANDUM DECISION AND ORDER - 12**

indispensable Defendants to remain in this single litigation.[12] *See* Fed. R. Civ. P. 1 (The Rules "should be construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding.")(emphasis added); *see also Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386–87 (1978) ("The Federal Rules of Civil Procedure are to be 'construed to secure the just, speedy, and inexpensive determination of every action.'"); *see also Commercial Cable Staffs' Ass'n v. Lehman*, 107 F.2d 917, 922 (2d Cir. 1939)(the spirit of the Rule "aims to view matters in their entirety, and not by separate bits, and also to put an end to litigation as promptly and completely as possible").

Accordingly, the Court will grant Plaintiffs' motion to dismiss Donna Taylor in both her representative and personal capacities, without prejudice. Because the dismissal of Donna Taylor as a party cures the diversity of citizenship issue raised by the Hawley Troxell Defendants in their motion to dismiss, the Court will deny their motion as moot.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1)  The Hawley Troxell Defendants' Motion to Dismiss (Dkt. 138) is **DENIED as moot;**

2)  Plaintiffs' motion to voluntarily dismiss Donna Taylor, without prejudice, (Dkt. 139) is **GRANTED**. Plaintiffs' motion is **denied in all other respects**;

---

[12] During the hearing, Plaintiffs raised their intent to amend to name GemCap as a Defendant. Accordingly, the Court will set a deadline for amendment of pleadings in its order below.

**MEMORANDUM DECISION AND ORDER - 13**

3)    GemCap Lending I, LLC's Motion to Intervene and Seal (Dkt. 141) is **GRANTED;** The **Clerk of the Court is directed to seal** the Settlement Agreement located at Docket No. 128, pages 21 through 48, until further order of the Court;

4)    Plaintiffs' Motion to Strike (Dkt. 169) is **DENIED**;

5)    **Plaintiffs' deadline to file a motion to amend pleadings or join parties is November 4, 2016**, and any proposed amended complaint must comply with Dist. Idaho. L. R. 15.1;

6)    The parties must, if they have not already done so, set a date for the exchange of **initial disclosures** pursuant to Fed. R. Civ. P. 26. The parties must **meet and confer** *on or before* **November 21, 2016** to discuss a discovery plan. Plaintiffs must submit the discovery plan no later than **November 25, 2016.** The undersigned's law clerk will email a model litigation and discovery plan to the attorneys for the parties; and

7)    A **telephonic scheduling and status conference** is set for **November 30, 2016** at 10:00 a.m. MST. Plaintiffs to initiate the call, once all parties are on the line, connect to the Courtroom at (208) 334-9945.

Dated: **October 31, 2016**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 14**