RODERICK C. BOND, ISB NO. 8082
RODERICK BOND LAW OFFICE, PLLC
601 108th Ave. NE, Suite 1900
Bellevue, WA  98004
Telephone: (425) 591-6903
Fax: (425) 321-0343
Email: rod@roderickbond.com
Attorney for Plaintiff

UNITIED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual; DONNA J. TAYLOR, an individual and the Personal representative of the Estate of Sarah Taylor; WHO ARE SHAREHOLDERS BRINGING THIS ACTION ON BEHALF OF AND/OR IN THE RIGHT OF AIA SERVICES CORPORATION AND ITS WHOLLY OWNED SUBSIDIARY AIA INSURANCE, INC.; | Civil No. 1:10-cv-00404-CWD  PLAINTIFF DALE L. MIESEN'S MOTION TO AMEND AND SUPPLEMENT COMPLAINT |
| Plaintiff, | |
| v. | |
| CONNIE TAYLOR HENDERSON, an individual; JOLEE DUCLOS, an individual; HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; D. JOHN ASHBY, an individual; RICHARD A. RILEY, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual; R. JOHN TAYLOR, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC.; an Idaho corporation, | |
| Defendants. | |

PLAINTIFF'S MOTION TO AMEND & SUPPLEMENT COMPLAINT - 1

Plaintiff Dale L. Miesen ("Plaintiff") submits the following memorandum of law in support of his motion to amend and supplement his complaint in the form attached as Exhibit A:

## I.    FACTS

In order to facilitate this amendment and despite the delay caused by the Controlling AIA Defendants refusal to allow Plaintiff to inspect and copy records as previously represented to this Court at a prior scheduling conference (Dkt. 139-3, p. 3, ¶ 4), Plaintiff, along with other shareholders, served two additional derivative demand letters upon AIA Services and AIA Insurance's Boards of Directors on June 13, 2016 and August 23, 2016, respectively. (*Id.*; Ex. A, p. 48, ¶¶ 168-170.)  AIA has refused to take any action. (*Id.*)

Consequently, Plaintiff seeks to amend this complaint to clarify facts, assert additional facts and claims (including claims accruing or discovered since the Second Amended Complaint was filed), and to name two additional defendants. (*Compare* Ex. A *with* B.)  The parties are aware that GemCap Lending I, LLC ("GemCap") was a required party to this lawsuit (and the Hawley Troxell Defendants have maintained that GemCap is a necessary party), and CropUSA Insurance Services, LLC ("CropUSA Insurance Services"), another entity controlled by John Taylor, is also a necessary party to this lawsuit because it is a party to the illegal and/or ultra-vires Settlement Agreement and the $10,000,000 GemCap Loan.  (*Id.*)  On October 31, 2016, this Court entered an order setting November 4, 2016 as the deadline to add additional parties. (Dkt. 178, p. 14.)  This motion followed.

## II.    ARGUMENT AND AUTHORITIES

Plaintiff respectfully request leave to amend and supplement his complaint (Dkt. 137) to clarify facts, name two additional defendants and assert additional facts and claims. Since the defendants cannot show prejudice, undue delay, bad faith or futility, this Court should grant the

PLAINTIFF'S MOTION TO AMEND & SUPPLEMENT COMPLAINT - 2

motion and allow Plaintiff to file the Third Amended Complaint attached as Exhibit A.

"The court should freely give leave when justice so requires." **Fed. R. Civ. P. 15(a)(2)**. "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." **Fed. R. Civ. P. 15(d)**.

Within the Ninth Circuit, Fed. R. Civ. P. 15 "is to be applied extraordinary liberality." ***Morongo Band of Mission Indians v. Rose***, 893 F.2d 1074, 1079 (9th Cir.1990). "Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such motion." ***Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of So. Calif.***, 648 F.2d 1252, 1254 (9th Cir.1981).

"Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." ***DCD Programs, Ltd. v. Leighton***, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted). "Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such motion." ***Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of So. Calif.***, 648 F.2d 1252, 1254 (9th Cir. 1981).

Here, this Court should allow the Plaintiff to file the Proposed Third Amended Complaint in the form attached as ***Exhibit A***.  Plaintiff has also submitted a red-line comparison, attached as ***Exhibit B***, showing the changes between the Second Amended Complaint and the Proposed Third Amended Complaint. (*See* Ex. B.)  The Third Amendment Complaint is appropriate and warranted.

PLAINTIFF'S MOTION TO AMEND & SUPPLEMENT COMPLAINT - 3

For example, Plaintiff has clarified certain facts, asserted new facts, asserted new causes of action, and named two new defendants, GemCap and CropUSA Insurance Services. While Plaintiff withdrew his previous motion to amend with the intention of making slight revisions to the Proposed Third Amended Complaint, Plaintiff decided to make additional revisions and assertions in an effort to prevent or limit future challenges to the causes of action and relief requested. This has resulted in additional facts being alleged to the proposed Third Amended Complaint. (*See* Ex. A.) Thus, this Court should grant Plaintiff's motion and allow him to file his proposed Third Amended Complaint.

Plaintiff's counsel apologizes to this Court and counsel because he indicated at the last hearing that GemCap would be the only other party who needed to be named as a new defendant. Plaintiff's counsel, however, inadvertently failed to consider and advise this Court that CropUSA Insurance Services, another entity controlled by John Taylor (Ex. A, p. 3, ¶ 10), was also a party to the $10,000,000 loan with GemCap and a party to the illegal Settlement Agreement that will be at issue in this case. (*See* Dkt. 128, p. 21-57.)  While Plaintiff maintains that the Guarantees and Settlement Agreement are illegal and unenforceable as to AIA Services and AIA Insurance (*See* Dkt. 156, p. 5-13), the Guarantees and Settlement Agreement are, at a minimum, ultra-vires. In order to seek relief to set aside unauthorized contracts and instruments, all of the parties to the contract must be parties to the litigation:

> In a shareholder's proceeding under subsection (2)(a) of this section to enjoin an unauthorized corporate act, the court may enjoin or set aside the act, if equitable **and if all affected persons are parties to the proceeding**, and may award damages for loss, other than anticipated profits, suffered by the corporation...

**I.C. § 30-29-304(3)**; **I.C. § 30-1-304(3)** (emphasis added).  Consequently, CropUSA Insurance Services must be named as a defendant because it could be an "affected" party. ***Id.*** (Dkt. 128, p. 21-57.)  While the information known by Plaintiffs at this time indicates that CropUSA Insurance

PLAINTIFF'S MOTION TO AMEND & SUPPLEMENT COMPLAINT - 4

Services might only be an additional nominal party to this lawsuit, it must be named as an additional defendant, too, because of the illegal and ultra-vires Settlement Agreement. **I.C. § 30-29-304(3)**; **I.C. § 30-1-304(3)**. (*See* Dkt. 128, p. 21-57.)  As a result, AIA Services and AIA Insurance are also more than nominal defendants.

Moreover, there is no evidence of bad faith, undue delay, prejudice or futility in permitting the filing of the Third Amended Complaint, and the defendants will be unable to show any. Indeed, as this Court recently noted, there has not even been any discovery exchanged or a discovery plan submitted by the parties. Indeed, the defendants cannot argue that they will be prejudiced. To the contrary, it is the Plaintiff and other shareholders who have been prejudiced by the conduct of the Controlling AIA Defendants while this lawsuit has been pending. (*Compare* Ex. A *with* Ex. B *and with* Dkt. 23.) While this lawsuit was pending, the Controlling AIA Defendants have continued to misappropriate AIA's assets and enter into unauthorized and illegal contracts and transactions. If there is any delay, it has been caused the defendants.

### III.    CONCLUSION

For the reasons stated above, this Court should grant Plaintiff's Motion to Amend and Supplement Complaint, and allow him to file the Third Amended Complaint in the form attached as Exhibit A.

DATED:  This 4th day of November, 2016.

RODERICK BOND LAW OFFICE, PLLC


By:    */s/ Roderick C. Bond*
      Roderick C. Bond
      Attorney for Plaintiffs

PLAINTIFF'S MOTION TO AMEND & SUPPLEMENT COMPLAINT - 5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of November, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Alyson Anne Foster      aaf@aswblaw.com, mar@aswblaw.com
James D LaRue:    jdl@elamburke.com, sd@elamburke.com

Jeffrey A Thomson:     jat@elamburke.com, nlp@elamburke.com

Loren C Ipsen:    lci@elamburke.com, nlp@elamburke.com

Shawnee S Perdue:    sperdue@wielandperdue.com, admin@wielandperdue.com, tmooney@wielandperdue.com

Steven P Wieland:    swieland@wielandperdue.com, admin@wielandperdue.com, tmooney@wielandperdue.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:  Via first class mail, postage prepaid addressed as follows:

   AIA Services Corporation
   P.O. Box 538
   Lewiston, ID  83501

   AIA Insurance, Inc.
   P.O. Box 538
   Lewiston, ID  830501

                        /s/ Roderick C. Bond
                      Roderick C. Bond

PLAINTIFF'S MOTION TO AMEND & SUPPLEMENT COMPLAINT - 6