UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE MIESEN, an individual bringing suit in the right of AIA Services Corporation,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>AIA INSURANCE, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; D. JOHN ASHBY, an individual; RICHARD A. RILEY, an individual; GEMCAP LENDING I, LLC, a Delaware limited liability company,<br><br>　　　　　　Defendants,<br>　　and<br><br>CROP USA INSURANCE AGENCY, INC., an Idaho corporation; CONNIE TAYLOR HENDERSON, an individual; JOLEE DUCLOS, an individual; R. JOHN TAYLOR, an individual; | Case No. 1:10-cv-00404-CWD<br><br>**MEMORANDUM DECISION AND ORDER (DKT. 252)** |

MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual,

Defendants/Third-Party Plaintiffs,

vs.

REED TAYLOR, an individual,

Third-Party Defendant.

**INTRODUCTION**

Pending before the Court are two combined motions filed by Third Party Defendant Reed Taylor (Reed):[1] a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Dkt. 252.)

The motions are ripe for the Court's consideration. All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 20 U.S.C. § 636(c). (Dkt. 260.) The parties filed responsive briefing, and the Court conducted a hearing on September 6, 2017, at which the parties appeared and presented their arguments. After

---

[1] The Court is using Reed Taylor's first name for reference throughout this Memorandum Decision and Order to avoid potential confusion with other individuals involved in this matter, specifically, Donna Taylor, R. John Taylor and Connie Taylor Henderson.

**MEMORANDUM DECISION AND ORDER – 1**

considering the parties' written memoranda, relevant case law, and the parties' arguments, for the reasons that follow, the Court will deny both motions.

## PROCEDURAL AND FACTUAL BACKGROUND

The motions before the Court are made in regard to a Third Party Complaint (Dkt. 218) that is ancillary to the overarching complaint filed on August 1, 2010, now in its third amended version ("Third Amended Complaint"). (Dkt. 211.)

The original complaint was filed on behalf of the minority shareholders of AIA Services, Inc., and its wholly-owned subsidiary, AIA Insurance, Inc. (together "AIA entities"). In part, the suit alleges that numerous managers and directors of the AIA entities (herein "AIA controlling defendants") engaged in fraud and breached their fiduciary duties to the AIA minority shareholders. A number of defendants to the suit filed the Third Party Complaint on May 22, 2017 (herein "Third Party Plaintiffs").[2] They seek contribution from Reed for his involvement as manager and director of AIA Services, Inc. from 1983 to 2001.[3] Specifically, the Third Party Complaint seeks contribution from Reed should the Third Party Plaintiffs be found liable for breaches of fiduciary duty and fraud under Counts I, II, IV-V, and IX of the Third Amended Complaint.

---

[2] The Third Party Plaintiffs are Crop USA Insurance Agency, Inc. ("Crop USA"), Connie Taylor Henderson, JoLee Duclos, R. John Taylor, Michael W. Cashman Sr., and James Beck.

[3] The claims for contribution from Reed are made pursuant to Title 6, Chapter 8 of the Idaho Code (Actions for Negligence).

**MEMORANDUM DECISION AND ORDER – 2**

In his motion before the Court, Reed argues the Court *may* not have subject matter jurisdiction over the Third Party Complaint because there is not complete diversity between the Third Party Plaintiffs and the Third Party Defendant. Third Party Plaintiffs Crop USA and JoLee Duclos are citizens of Idaho, as is Reed. Reed argues, that within the context of 28 U.S.C. § 1332(b), "plaintiff" has been interpreted to refer to both original plaintiffs and third party plaintiffs, thereby extending the requirements of complete diversity to a Third Party Complaint. Under this reasoning, Reed suggests the Court must do one of two things—either dismiss the Third Party Complaint (Dkt. 218) in its entirety for lack of subject matter jurisdiction or remove Crop USA and Duclos to restore complete diversity between the parties to the Third Party Complaint.

Alternatively, Reed argues if the Court finds it may exercise supplemental jurisdiction, the Court should decline to do so because one of the claims against Reed is based on novel or complex issues of state law.[4] Specifically, Reed asserts that the Idaho Supreme Court has not addressed the question of whether there is a right to contribution from a member of a company's advisory board related to findings of others' breaches of fiduciary duty.

---

[4] This argument is made pursuant to 28 U.S.C. § 1332(c), which provides factors a court should consider when deciding whether to exercise supplemental jurisdiction. One of the factors is whether the claim involves novel or complex issues of state law.

**MEMORANDUM DECISION AND ORDER – 3**

Finally, if the Court does exercise supplemental jurisdiction over the Third Party Complaint, Reed contends it should order the Third Party Plaintiffs to amend the complaint to provide a more definite statement of their claims. Reed argues it is impossible to file a responsible pleading because the Third Party Complaint is "convoluted." As part of the Third Party Complaint, the Third Party Plaintiffs attached the Third Amended Complaint and incorporated the allegations in Counts I, II, IV-V, and IX. Reed argues this is insufficient because the dates and associated factual allegations in these counts do not match up with the dates Reed was actually managing AIA Services, Inc. He asks the Court to order the Third Party Defendants to set forth the specific allegations and corresponding dates in more detail within the Third Party Complaint. Reed also contends any allegations of fraud in the Third Party Complaint should comport with the heightened pleading standards set forth in Federal Rule of Civil Procedure 9(b).

## DISCUSSION

**1.      Federal Rule of Civil Procedure 14 and 12 U.S.C. § 1367**

According to Federal Rule of Civil Procedure 14, a defending party may, as a third party plaintiff, bring suit against a non-party who is or may be liable to the defending party for all or part of the claim asserted against the defending party in the original complaint. Fed. R. Civ. P. (a)(1). This type of action is known as a "third party complaint" or an "impleader" action.

A federal court must have subject matter jurisdiction over third-party claims. However, in certain contexts, federal law provides special rules for federal courts to exercise supplemental jurisdiction. That is, jurisdiction over claims that arise out of the same transaction or occurrence as the claims set forth in the original complaint. 28 U.S.C. § 1367. This includes supplemental jurisdiction over third-party claims based on state law so long as they arise out of the same transaction or occurrence as the claims in the original complaint. 28 U.S.C. § 1367(a); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978).

A court may exercise supplemental jurisdiction over third-party claims between non-diverse parties even when a court's subject-matter jurisdiction over the original action is based in diversity. *Allstate Interiors & Exteriors v. Stonestreet Const.*, LLC, 730 F. 3d 67, 73 (1st Cir. 2013). Courts in the Ninth Circuit have frequently and consistently reached this conclusion. *Denali Gen. Contractors, Inc. v. Liberty Mut. Grp., Inc.*, No. 3:11-CV-0013-HRH, 2012 WL 12869322, at *3 (D. Alaska Mar. 6, 2012). *Denali* cites additional cases addressing the question: *Aprile v. Time Warner, Inc.*, Case No. 2:09–cv–00182–LDG–RJJ, 2011 WL 2463293 at *2 (D. Nev. June 17, 2011) ("Where a defendant asserts a factually and logically related third-party claim, the court's exercise of supplemental jurisdiction will not be exempted by 28 U.S.C. § 1367(b) even if the Third Party Defendant is a citizen of the same state as the plaintiff."); *Korzyk v. Swank Enterprises, Inc.*, Case No. CV-04-343-AAM, 2005 WL 1378758 at *3 (E.D. Wash. June

9, 2005) (where "Third Party Complaint would not defeat diversity jurisdiction because a federal court would have jurisdiction over the third-party claim pursuant to 28 U.S.C. 1367(a)").

Courts have found this interpretation "consistent with Congress's intent that Section 1367(b) should prevent original plaintiffs—but not defendants or third parties—from circumventing the requirements of diversity." *Id*. In other words, the intent of Section 1367(b) is not to prevent defendants from asserting claims against non-diverse third parties when such claims are directly related to the overarching matter.

Reed cites *Guigliano v. Danbury Hospital* to support his argument that some courts have held complete diversity is required between third party plaintiffs and third party defendants for a court to exercise supplemental jurisdiction. 396 F. Supp. 2d 220, 224 (D. Conn. 2005). In *Guigliano*, the third party defendant shared the same citizenship as one of the original plaintiffs. The court held this fact did not destroy diversity. Although the court seemed to hint, that if the third party plaintiffs and third party defendants had the same citizenship it would not have jurisdiction over the claim, the hint was dicta. And it is clearly at odds with well-established rules that there need not be "an independent basis of jurisdiction for third-party claims." *Cont'l Cas. Co. v. Auto Plus Ins. Agency, LLC*, 676 F. Supp. 2d 657, 665-66 (N.D. Ohio 2009).

However, as noted above, a court may exercise supplemental jurisdiction only over claims that are part of the same transaction or occurrence as that at issue in the

original complaint, i.e. when they derive from a common nucleus of operative fact. The following three criteria are considered to determine whether facts form a common nucleus of operative fact: (1) when the facts are related in time, space, origin or motivation; (2) when the facts form a convenient trial unit; and (3) when treating the facts as a unit would conform to the parties' expectations. *Apparel Art Int'l, Inc. v. Amertex Enters. Ltd.*, 48 F.3d 576, 584 (1st Cir. 1995).

Finally, even when proper, the exercise of supplemental jurisdiction is discretionary. 28 U.S.C. § 1367(c). A court may decline to exercise jurisdiction under any one of four scenarios: (1) when exercising jurisdiction would require a ruling on a novel or complex state law claim,: (2) when the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) if the district court has dismissed all claims over which it has original jurisdiction; or (4) if there are other compelling reasons for the court to decline to extend supplemental jurisdiction. *Id*.

In this matter, the Court has subject matter jurisdiction over the claims in the original complaint pursuant to 28 U.S.C. § 1332(a). Accordingly, the Court may exercise supplemental jurisdiction over any third-party claims, even those between non-diverse parties. Therefore, the Court may exercise supplemental jurisdiction so long as the claims in the Third Party Complaint share a common nucleus of operative fact with the claims in the Third Amended Complaint.

The Third Party Plaintiffs argue that Reed is responsible for contribution due to his actions related to Counts I, II, IV-V, and IX as alleged against the Third Party Plaintiffs in the Third Amended Complaint. The facts associated with those allegations and the claim for contribution are closely related in time, space, and origin. As such, it is convenient for the Court to consider the claims against Reed with the claims against the Third Party Plaintiffs. Further, treating the facts as a related unit should not surprise the parties. Therefore, the Court may exercise supplemental jurisdiction over the third-party claims asserted against Reed as it has jurisdiction over the Third Party Complaint, and because the claims arise out of a common nucleus of operative fact. The analysis does not end here, however.

The Court must in its discretion decide whether to exercise supplemental jurisdiction over the third-party claims. Here, Reed alleges that the Idaho Supreme Court has never addressed the question of whether there is a right to contribution from a member of a company's advisory board in connection with a breach of fiduciary duty. Thus, as the matter raises a potentially novel question of state law, Reed suggests the Court should decline to exercise supplemental jurisdiction over the Third Party Complaint.

The Court respectfully disagrees. Answering this single question will not add to the complexity of resolving the dispute. Although it may be true that the Idaho Supreme Court has not directly addressed this issue, other precedent is surely available to aid the

Court in reaching a well-reasoned conclusion. Further, if the Court does not take up the issue at this time, it would likely be filed in state court—producing additional litigation and expense, and delaying a more complete resolution of this matter. For the foregoing reasons, the Court finds the exercise of supplemental jurisdiction over the Third Party Complaint is both proper and prudent.

**2.      Federal Rule of Civil Procedure 12(e)**

The Federal Rules of Civil procedure allow a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). To properly assert a such a motion, the movant must identify the deficiencies, point out areas where the complaint needs to be more detailed, and assert an inability to prepare a responsive pleading. *Id.* If the motion is denied, the responsive pleading must be served within fourteen (14) days after the movant receives notice of a court's action. Fed. R. Civ. P. 1(a)(4)(A).

Motions for a more definite statement are generally disfavored. As long as the complaint gives sufficient information for a responsive pleading, the prevailing approach is to deny the motion because the defending party can obtain the information needed for a full defense through the discovery process. *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

The Court finds the Third Amended Complaint provides sufficient information for Reed to file a responsive pleading. The Third Party Complaint is not so vague or ambiguous that Reed cannot reasonably file a response. It sets forth two specific claims against Reed: Contribution for Fiduciary Duty Claims and Contribution for Fraud Claims. Under each claim, the Third Party Complaint alleges facts related to the claims in addition to incorporating related Counts I, II, IV-V, and IX as set forth in the Third Amended Complaint. It is clear to the Court that the Third Party Plaintiffs allege Reed is potentially liable only to the extent of his involvement during the applicable time periods when he was directing and managing AIA Services, Inc.

Finally, Federal Rule of Civil Procedure 9(b)'s particularity standard does not apply to any of the claims asserted in the Third Amended Complaint. The claim related to fraud is not that Reed committed fraud, but that, if defendant R. John Taylor or other defendants committed fraud, and Reed knew about it, Reed breached his fiduciary duties by not reporting the fraud to the AIA shareholders.

## CONCLUSION

For the foregoing reasons, the Court finds that it may properly exercise supplemental jurisdiction over the Third Party Complaint. The Court also finds that the Third Party Complaint is not so vague or ambiguous that Reed cannot reasonably prepare a response.

**ORDER**

**NOW THERFORE IT IS HEREBY ORDERED:**

1) Third Party Defendant's Motion to Dismiss (Dkt. 252) is **DENIED**; and

2) Third Party Defendant's Motion for a More Definite Statement (Dkt. 252) is **DENIED**.

A responsive pleading to the Third Party Complaint must be filed within fourteen (14) days of notice of this Order.

Dated: **October 03, 2017**

Honorable Candy W. Dale
United States Magistrate Judge