RODERICK C. BOND, ISB NO. 8082
RODERICK BOND LAW OFFICE, PLLC
601 108th Ave. NE, Suite 1900
Bellevue, WA  98004
Telephone: (425) 591-6903
Fax: (425) 321-0343
Email: rod@roderickbond.com
Attorney for the Plaintiff Dale L. Miesen

UNITIED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.;<br><br>Plaintiff,<br><br>v.<br><br>CONNIE TAYLOR HENDERSON, an individual; JOLEE K. DUCLOS, an individual; HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; D. JOHN ASHBY, an individual; RICHARD A. RILEY, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual; R. JOHN TAYLOR, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC.; an Idaho corporation; CROP USA INSURANCE SERVICES, LLC; an Idaho limited liability company; and GEMCAP LENDING I, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 1:10-cv-00404-DCN-CWD<br><br>PLAINTIFF DALE L. MIESEN'S MEMORANDUM OF LAW IN SUPPORT OF HIS FIRST MOTION TO COMPEL DISCOVERY FROM THE DEFENDANTS GEMCAP, AIA SERVICES, AIA INSURANCE, THE HAWLEY TROXELL DEFENDANTS, CROPUSA INSURANCE SERVICES, CROPUSA INSURANCE AGENCY AND R. JOHN TAYLOR |

| |
|---|
| CROP USA INSURANCE AGENCY, INC., an Idaho corporation; CONNIE TAYLOR HENDERSON, an individual; JOLEE DUCLOS, an individual; R. JOHN TAYLOR, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual, <br><br>　　　　　Defendants/Third-Party Plaintiffs, <br><br>　　v. <br><br>REED TAYLOR, an individual, <br><br>　　　　　Third-Party Defendant. |
| REED TAYLOR, an individual, <br><br>　　　　　Third-Party Defendant/ Counterclaimant, <br><br>　　v. <br><br>CONNIE TAYLOR HENDERSON, an individual; R. JOHN TAYLOR, an individual; JAMES BECK, an individual, and UNKNOWN BONDING COMPANY, an unknown entity that issued the unknown fidelity ERISA Bond, <br><br>　　　　　Counterdefendants. |
| GEMCAP LENDING I, LLC, a Delaware limited liability company, <br><br>　　　　　Defendant/Third-Party Plaintiff, <br><br>　　v. <br><br>QUARLES & BRADY, LLP, a Wisconsin limited legal partnership; and CRUMB & MUNDING, P.S., a Washington professional service corporation, <br><br>　　　　　Third-Party Defendants. |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
1st MOTION TO COMPEL DISCOVERY FROM DEFENDANTS - ii

## **TABLE OF CONTENTS**

I.    ARGUMENT ................................................................................................................ 1

A.    Privilege and the Related Work Product Have Been Waived and Do Not Apply Here. .......... 1

    1.    The Defendants Have Waived Privilege and Work Product. ............................................ 1

    2.    Privilege and Work Product Does Not Apply to AIA Insurance or AIA Services. ............. 3

    3.    Other Privileged and Related Work Product Have Been Voluntarily Waived. ................... 5

    4.    Privilege and Work Product Have Been Waived for Failing to Produce a Log. ................. 6

B.    The Defendants Cannot Refuse to Produce Documents under Fed. R. Evid. 408. ................. 7

C.    The Defendants Should Be Compelled to Properly Comply with Discovery Requests. ......... 8

D.    This Court Should Deny the Hawley Troxell Defendants' Motion for Protective Order. ...... 9

E.    This Court Should Award Attorney's Fees and Costs to the Plaintiff .................................. 10

F.    Fed R. Civ. P. 37(a) Certification. ........................................................................................ 10

II.    CONCLUSION ......................................................................................................... 10

CERTIFICATE OF SERVICE ................................................................................................... 11

Plaintiff submits this Memorandum of Law in Support of his First Motion to Compel against GemCap, AIA Insurance, AIA Services, the Hawley Troxell Defendants, CropUSA Insurance Agency, CropUSA Insurance Services and John (collectively "<u>defendants</u>"):

## I.    ARGUMENT

This Court is aware of the motion to compel standard. *Edmark Auto, Inc. v. Zurich American Insurance Company*, No. 1:15-CV-00520-ELJ-CWD, 2018 WL 2224044, at *4 (D. Idaho May 15, 2018); *Sherwood v. BNSF Railway Company*, __ F.R.D. __, 2018 WL 2974388, at *2 (D. Idaho May 9, 2018). "Idaho law on privilege applies" to attorney-client and accountant-client privileges and work product (as further defined by the Idaho Rules of Evidence), and the burden is on the asserting party to establish the elements of privilege. *Sherwood*, 2018 WL 2974388, at *1 (citations omitted); *State v. Robins*, __ P.3d __, 2018 WL 3651431, at 3 (Idaho August 2, 2018); *In re Fresh and Process Potatoes*, No. 4:10–md–02186–BLW–CWD, 2014 WL 1413676, at *2 (D. Idaho April 11, 2014); **I.C. §§ 9-2013(2)**, **9-203A**; **I.R.E. 501**, **502**, **510**, **511**, **513** and **515**; **Fed. R. Civ. P. 26(b)(5)**. This Court must "apply the rule which it believes would be applied by the…[Idaho Supreme Court.]" *Owens v. White*, 380 F.2d 310, 313 (9th Cir. 1967).

**A.   <u>Privilege and the Related Work Product Have Been Waived and Do Not Apply Here</u>.**

Plaintiff requested privileged documents, communications and electronic files in discovery. (Appendix ("<u>App.</u>") 1-1291.) This Court should compel the production of all responsive privileged and related work product from 1999 through the present (other than for this lawsuit).

   **1.   The Defendants Have Waived Privilege and Work Product.**

Plaintiff maintains attorney-client and accountant-client privilege and work product have been waived by interjecting them into the case. The defendants disagree, and the Controlling AIA Defendants' counsel recently stated that privileged information would be produced when his

clients determined which advice that they would be relying upon. (Bond Decl., ¶ 10.)

Privilege is waived by asserting advice of professional defenses or otherwise placing protected information at issue in a lawsuit. *Edwards v. KB Home*, No. 3:11–CV–00240, 2015 WL 4430998, at *1-4 (S.D. Tex. July 18, 2015); *In re Fresh and Process Potatoes*, 2014 WL 1413676, at *6; *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992); *Hearn v. Rhay*, 68 F.R.D. 574, 580-582 (E.D. Wash. 1975). Work product provided to the client or work product with references to communications with the client is also waived. *Informatica Corp. v. Business Objects Data Integration, Inc.*, 454 F.Supp.2d 957, 963-964 (N.D. Cal. 2006).

Here, AIA Services, AIA Insurance, CropUSA Insurance Agency, CropUSA Insurance Services, Beck, Cashman, John and Connie have all asserted "advice of advisors…legal counsel…accounting and auditing professionals, and other professionals" as affirmative defenses to *all* of Plaintiff's claims. (Dkts. 215 at ¶ 10, 366 at ¶ 10.) This means that these defendants have waived privilege and related work product as to the claims, transactions, and facts asserted in Plaintiff's Verified Third Amended Complaint. (*Id*; Dkt. 211.) This includes the Controlling AIA Defendants' reliance on their own counsel and AIA's counsel. (Dkt. 215 at 27, ¶ 10.)

GemCap has asserted affirmative defenses of "apparent or actual agency." (Dkt. 283 at 146, ¶ 21.) See *Middlekauff v. Lake Cascade, Inc.*, 110 Idaho 909, 914, 719 P.2d 1169, 1174 (1986) ("Apparent authority is created when…a person of ordinary prudence…is justified in believing that the agent is acting pursuant to existing authority"). This squarely places GemCap's communications with its counsel regarding entering into the guarantees with AIA in 2011 and 2012 (Dkt. 153-2 at 9-17, 67-86), and the subsequent unlawful 2014/2015 Settlement Agreement at issue thereby waiving privilege and related work product as to those discrete issues. (Dkt. 128 at 21-48.) Ironically, GemCap and John acknowledged that Agreement "has been challenged by

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
1st MOTION TO COMPEL DISCOVERY FROM DEFENDANTS - 2

certain shareholders." (Dkt. 128 at 36.) Plaintiff is entitled to the privileged and work product information to fully address whether GemCap was "prudent" or "justified" in believing that John Taylor had the authority to enter into the guarantees or the Settlement Agreement. (McDermott Decl., ¶¶ 33, 39, 42, 46-48.) Thus, GemCap should be ordered to produce all of its communications and emails with its transactional attorneys relative to the guarantees and its litigation counsel regarding the subsequent Settlement Agreement. (*Id.*; Bond Decl., ¶ 9.)

The Hawley Troxell Defendants have placed privilege at issue in their pending motion for summary judgment and their affirmative defenses of acting pursuant to instructions given by, or with the consent and approval of AIA Services and AIA Insurance. (Dkt. 193 at 61-62, 64.) They have also asserted that they would be "deprived of due process because they are precluded from introducing evidence of attorney-client communications to defend themselves." (Dkt. 193 at 63.) They have stated that they wish to use the privileged information. (Dkt. 394-1 at 7-8.) And they have specifically put privilege at issue in their pending motion for summary judgment. (Dkts. 388-1, 388-2, 389-390.) Plaintiff's expert also needs to review the privileged information and related work product. (Dkt. 403-2 at ¶¶ 25-29; McDermott Decl., ¶¶ 36-38, 38 n.3, 40-41, 43-45, 47-48.)

Finally, the Plaintiff has filed suit on behalf of AIA Services and AIA Insurance thereby placing all of those corporations' privileged information and work product at issue in this lawsuit. *Id.*; *Pappas v. Holloway*, 114 Wash.2d 198, 787 P.2d 30 (Wash. 1990). (Dkt. 211.)

Thus, attorney-client and accountant-client privilege and related work product at issue in this lawsuit should be produced. It would simply be unfair and prejudicial to not do so.

 2. **Privilege and Work Product Does Not Apply to AIA Insurance or AIA Services.**

Plaintiff asserts that privilege does not apply because the claims in this derivative lawsuit involve the breaches of fiduciary duties by the Controlling AIA Defendants and the Hawley

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
1st MOTION TO COMPEL DISCOVERY FROM DEFENDANTS - 3

Troxell Defendants (along with aiding and abetting in those breaches by GemCap and the Hawley Troxell Defendants as to the fiduciary duties owed by the Controlling AIA Defendants) and the fraud exception to privilege. The defendants disagree that any of these exceptions apply.

Under Idaho law, attorney-client and accountant-client privilege does not apply to instances of fraud, in lawsuits brought by a shareholder asserting breaches of fiduciary duties or in derivative actions by a shareholder upon a showing of "good cause." **I.R.E. 502(d)(1) & (6), 515(d)(1) & (6)**. While neither Idaho has ever addressed "good cause" for the fiduciary exception, other courts have. *E.g.,* ***Garner v. Wolfinbarger***, 430 F.2d 1093, 1104 (5th Cir. 1970); ***Chill v. Calamos Advisors LLC***, No. 17 C 1658, 2017 WL 1478123, at *1-4 (N.D. Ill. April 25, 2017).

**First**, at relevant times, the Controlling AIA Defendants owed fiduciary duties as officers,[1] directors[2] or controlling shareholders[3] (or all three). (Dkts. 67-52 at 6-7 n.1, 67-68, 194-2, 194-3, 215 at ¶¶ 12-15; McDermott Decl., ¶ 46.) **Second**, Plaintiff has asserted substantial facts and claims regarding those breached fiduciary duties and fraud and this is a derivative action. (Dkt. 211.) **Third**, the Plaintiff needs the privileged information to present his claims and to oppose the defendants' affirmative defenses. (McDermott Decl., ¶¶ 32-51; *see* Section A(1) above.) **Fourth**, Plaintiff has established that his claims are viable and "colorable" through this Court's decisions granting Plaintiff's motion to amend and denying GemCap's motion to dismiss; and through unrebutted expert testimony. (Dkts.210, 263, 403-2 at ¶¶ 25-29; McDermott Decl., ¶32-51.) **Fifth**, Plaintiff is not seeking to invade attorney-client privilege with respect to counsel in this lawsuit— it is seeking privileged information as to other lawsuits and transactions. (Bond Decl., ¶ 11.) **Sixth**,

---

[1] ***Jenkins v. Jenkins***, 138 Idaho 424, 427, 64 P.3d 953, 956 (2003); **I.C. §§ 30-29-841**, **842**.
[2] ***Weatherby v. Weatherby Lumber Co.***, 94 Idaho 504, 506, 492 P.2d 43, 45 (1972); **I.C. § 30-29-830**.
[3] ***McCann v. McCann***, 152 Idaho 809, 815 n.5, 275 P.3d 824, 830 n.5 (2011); **18A Am. Jur. 2d Corporations § 637**.

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
1st MOTION TO COMPEL DISCOVERY FROM DEFENDANTS - 4

the Plaintiff has the support of numerous minority common shareholder, a Series C Preferred Shareholder and the Series A Preferred Shareholder. (Bond Decl., ¶ 11; Dkt. 67-42, 151.) Moreover, Plaintiff is seeking to vindicate the rights of the improperly terminated ESOP plan. (Dkt. 211 at ¶ 125-126, 183, 226.) **Seventh**, Plaintiff's claims involve privileged information and the defendants are the sources of that information and they hold the documents. (Bond Decl., ¶11.) Sixth, as Professor McDermott stated, this lawsuit involves numerous examples of fraudulent concealments, which is a separate basis for waiver. (McDermott Decl., ¶¶ 35-36, 46; Dkt. 211.) **Eighth**, while Plaintiff's claims involve complex malfeasance over many years, his claims are directed towards specific transactions and issues—he is not just fishing. (*Id.*; McDermott Decl., ¶¶ 32-51; Dkt. 403-2 at ¶¶ 25-29.) **Ninth**, there is no risk for trade secrets being revealed and, in fact, AIA's major assets at this time are their claims in this lawsuit. (Bond Decl., ¶ 11.) Thus, the Plaintiff has met his burden to show good cause to obtain all privileged and related work product from 1999 through the present (but not for the defense of this lawsuit). (Bond Decl., ¶ 2.)

3. **Other Privileged and Related Work Product Have Been Voluntarily Waived.**

Plaintiff asserts that attorney-client privilege and work product were waived by AIA Services, AIA Insurance, CropUSA and John in two different lawsuits. The defendants argue that providing privileged information and work product to third parties and expert witnesses in other lawsuits is not a waiver. This Court should compel the production of all such information.

> Under Idaho law, a privilege is waived when the holder of the privilege "voluntarily discloses or consents to disclosure of any significant part of the matter or communication." Idaho R. Evid. 510.

*Agrakey Solution, LLC v. Mid-Continent Casualty Company*, No. 1:10-CV-570-EJL-REB, 2012 WL 12548959, at *3 (D. Idaho February 21, 2012). Only the holder of privilege or the holder's attorney may claim privilege. **I.R.E. 513**; **Fed. R. Evid. 502**.

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
1st MOTION TO COMPEL DISCOVERY FROM DEFENDANTS - 5

Here, the Hawley Troxell Defendants' clients voluntarily provided privileged information to a testifying expert in *Taylor v. AIA Services*. (Bond Decl., ¶ 5, Ex. 1 at 4-5.) Years later, GemCap was provided with all attorney-client and work product information pertaining to Quarles & Brady through a voluntary waiver. (Bond Decl., Ex. 2 at 10; *see also* Ex. 7.) Later, some of those files were allegedly inadvertently produced to the Plaintiff (though he maintained that they were not privilege or privilege had been waived). (Bond Decl., ¶ 7, Ex. 3.) Specifically, GemCap's counsel produced 289 of the requested files, then it improperly demanded a claw back under Rule 26(b)(5)(B). (*Id*.) But neither GemCap nor Mr. Martelle (on behalf of his clients) have provided a privilege log to meet their burden of establishing privilege. **Fed R. Civ. P. 26(b)**; ***Callan v. Christian Audigier, Inc.***, 263 F.R.D. 564, 565-566 (C.D. Cal. 2009). In any event, privilege and related work product as to all of the above-referenced documents in the possession of GemCap, the Hawley Troxell Defendants, or any of the other defendants have been waived. Those documents should be ordered produced.

    **4. Privilege and Work Product Have Been Waived for Failing to Produce a Log.**

Plaintiff maintains attorney-client and accountant-client privilege and work product have separately been waived by the defendants' failure to provide a privilege log. The defendants argue that they are not required to produce a privilege log. (Bond Decl., ¶ 10.)

Privilege may be waived when a party has failed to produce a privilege log. *E.g.,* ***Sherwood***, 2018 WL 2974388, at *1-2. "Significantly, boilerplate objections are presumptively insufficient and providing a privilege log within thirty days is presumptively sufficient." *Id.*

**First**, the defendants' "boilerplate objections are presumptively insufficient," ***Sherwood***, 2018 WL 2974388, at *2, and no specific information regarding the claimed privilege was provided to Plaintiff by the defendants' counsel making it impossible to assess the claims. (Bond

Decl., ¶ 10) **Second**, it has now been over one year since Plaintiff served the discovery requests (which specifically requested a privilege log), yet no privilege log has been provided. This is beyond any reasonable time. (App. 13, 214, 468, 686, 905-906, 1023, 1248.) **Third**, while the defendants have provided the Plaintiff with hundreds of thousands of pages of mostly worthless documents previously produced in other lawsuits, they have withheld privilege documents and failed to produce a privilege log for over a year. (Bond Decl., ¶¶ 3, 10.) **Fourth**, none of the defendants have even bothered to move for a protective order or otherwise request to enlarge time to properly prepare and produce privilege logs that provide the required information. (Bond Decl., ¶ 10.) **Fifth**, the GemCap, the Controlling AIA Defendants and CropUSA failed to even provide a privilege log for the recent 289 files produced by GemCap—which were purportedly privileged information belonging to third parties (not GemCap). (Bond Decl., ¶¶ 7, 10, Ex. 3.)

Thus, based on the above facts and the over one year that has elapsed, this Court should also or separately rule that privilege and related work product has been waived. Alternatively, this Court should order the defendants to immediately prepare and produce privilege logs.

**B.  The Defendants Cannot Refuse to Produce Documents under Fed. R. Evid. 408.**

Plaintiff maintains that settlement communications, from other lawsuits or this one, are discoverable even if not admissible. The defendants disagree and submitted boilerplate objections.

Rule 408 is "not a discovery rule" or "a broad discovery privilege" and such evidence "offered for [other] purposes ... [such as] proving a witness's bias or prejudice." ***Computer Associates Intern., Inc. v. American Fundware, Inc.***, 831 F. Supp. 1516, 1531 (D. Colo. 1993); ***United States v. Technic Servs., Inc.***, 314 F.3d 1031, 1045 (9th Cir. 2002). "Information…need not be admissible…to be discoverable." **Fed. R. Civ. P. 26(b)**. *But see* ***Zazzali v. Swenson***, No. 1:12-CV-224-EJL-MHW, 2013 WL 12136803, at *5 (D. Idaho July 18, 2013).

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
1st MOTION TO COMPEL DISCOVERY FROM DEFENDANTS - 7

**First**, the defendants' improper boilerplate objections are insufficient. (App. 55-200, 514-672, 732-891, 944-1009, 1069-1234.) ***Sherwood***, 2018 WL 2974388, at *1-2. **Second**, their failure to produce a privilege log as to any alleged settlement communications constitutes another waiver. (Bond Decl., ¶ 10; *see* Section A(4) above.) **Third**, Plaintiff is entitled to review all settlement communications for other potentially admissible facts. (Bond Decl., ¶ 9; McDermott Decl., ¶¶ 39, 42 .) Indeed, such communications may reveal if GemCap was aware that John lacked authority to enter into the Settlement Agreement. (*Id*.) **Fourth**, even if settlement communications were withheld for this lawsuit, they should be produced for other lawsuits (including for the Settlement Agreement. (*Id*.; Dkt. 128 at 21-48.) Thus, this Court should compel the production of all settlement communications and agreements, and order the Rule 408 objections to be withdrawn.

**C. The Defendants Should Be Compelled to Properly Comply with Discovery Requests.**

Plaintiff maintains that the defendants must withdraw their improper objections and provide full and complete answers to interrogatories and requests for production. The defendants argue that the Plaintiff is merely going on a fishing expedition. This Court should compel.

"[P]re-trial discovery is ordinarily 'accorded a broad and liberal treatment.'*Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947)." ***Shoen v. Shoen***, 5 F.3d 1289, 1292 (9th Cir. 1993). In other words, "[n]o longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. ***Hickman***, 329 U.S. at 507, 67 S.Ct. at 392. *See also* ***Olympic Refining Co. v. Carter***, 332 F.2d 260 (9th Cir. 1964) ("The purpose of the federal discovery rules, as pointed out in *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451, is to force a full disclosure"). Providing incomplete answers are treated as a failure to answer. ***Edmark Auto, Inc.***, 2018 WL 2224044, at *4. Moreover, boilerplate plate objections are improper. ***Sherwood***, 2018 WL 2974388, at *2.

The defendants have all failed to properly answer interrogatories and provide proper responses to requests for production. (App. 1-1289.) This lawsuit is a complex one with over ten million dollars at stake (excluding prejudgment interest or punitive damages). (Bond Decl., ¶ 2.) The proportional needs warrants full production of documents. For the most part, it appears that the defendants simply copied and pasted virtually the same answers in each response to Plaintiff's requests for production. (App. 55-200, 202-258, 274-453, 514-672, 732-891, 944-1009, 1069-1234.) The boilerplate objections contained in those answers is inadequate and improper, and the evasive answers and responses should be treated as none being given. (*Id*.) In the case of CropUSA Insurance Services, it has not even responded. (App. 1236-1289; Bond Decl., ¶ 4.) There is simply no viable excuse for the intentional delay of over one year now and the failure to comply.

Thus, this Court should enter an order compelling full and complete answers to interrogatories and responses to requests for production; and require the defendants to withdraw their improper boilerplate objections. Although AIA Services and AIA Insurance are not represented and thus in default for purposes of this motion, John has custody and control over AIA Services and AIA Insurance and he should be separately ordered to produce all responsive documents. For purposes of compromise, the Plaintiff only seeks information to be produced from 1999 through the present time for the Hawley Troxell Defendants, John, CropUSA Insurance Services and CropUSA Insurance Agency. As to GemCap, it should simply be ordered to produce all responsive documents since its relationship with the defendants commence around 2010.

### D. **This Court Should Deny the Hawley Troxell Defendants' Motion for Protective Order.**

The Hawley Troxell Defendants moved for a protective order based on concerns over RPC 1.6 and 1.9, which appear to be resolved. (Dkts. 394, 410.) Plaintiff requests an order to compel.

Untimely motions for protective orders may be summarily denied. ***Ayers v. Continental***

*Cas. Co.*, 240 F.R.D. 216, 221-22 (N.D. W. Va. 2007). If a motion for protective order is wholly or partly denied, the court may order discovery be provided. **Fed. R. Civ. P. 26(c)(2)**.

**First**, the Hawley Troxell Defendants failed to certify their motion as required. **Fed. R. Civ. P. 26(c)(1)**. **Second**, CropUSA's counsel appears to have now changed positions and does not oppose the production of non-privileged documents, and AIA Services and AIA Insurance have not opposed the production (those corporations are now in default for not being represented). (Dkt. 410.) There can be no "good cause" when no one appears to be objecting. **Third**, there is no viable explanation for the ten-month delay in moving for a protective order or their failure to even inquire on the RPC 1.6 or 1.9 issues until April 3, 2018. (Dkts. 394-3, 394-4.) **Fourth**, this issue can be easily rectified by this Court entering an order compelling the production of all non-privileged information. *In re Cofield*, 2013 WL 1498855, at *5 (Bankr. E.D. N.C. 2013). Thus, the Motion should be denied and an order to compel should be entered.

**E. This Court Should Award Attorney's Fees and Costs to the Plaintiff.**

Fees and costs should be awarded to the Plaintiff. *Edmark Auto, Inc.*, 2018 WL 2224044, at *4; **Fed R. Civ. P. 26(c)(3)**. (Bond Decl., ¶¶ 1-12.)

**F. Fed R. Civ. P. 37(a) Certification.**

Plaintiff certifies his undersigned counsel has in good faith conferred or attempted to confer with the defendants in order to obtain the above discovery without court action. (Bond Decl., ¶ 3.)

## II. CONCLUSION

This Court should grant the Plaintiff's motion and deny the motion for protective order.

DATED: This 6th day of August 2018.

                RODERICK BOND LAW OFFICE, PLLC
                By:   */s/ Roderick C. Bond*
                     Roderick C. Bond
                     Attorney for the Plaintiff Dale L. Miesen

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of August 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

James D. LaRue:   jdl@elamburke.com, sd@elamburke.com

Jeffrey A. Thomson:   jat@elamburke.com, nlp@elamburke.com

Loren C. Ipsen:   lci@elamburke.com, nlp@elamburke.com

Alyson Anne Foster:   aaf@aswblaw.com, cme@aswblaw.com, kkp@aswblaw.com, lmk@aswblaw.com, mar@aswblaw.com, tie@aswblaw.com

Benjamin A. Schwartzman:   bas@aswblaw.com, cme@aswblaw.com, jsd@aswblaw.com, kcr@aswblaw.com, lmk@aswblaw.com, mah@aswblaw.com, tie@aswblaw.com

Martin J. Martelle:   attorney@martellelaw.com, vanessa@martellelaw.com

Vanessa A. Mooney:   vanessa@martellelaw.com

Markus William Louvier:   mlouvier@ecl-law.com, byesland@ecl-law.com

James B King:   jking@ecl-law.com

Jack S Gjording:   jgjording@gfidaholaw.com, ktonkin@gfidaholaw.com

Stephen Lee Adams:   sadams@gfidaholaw.com

Fanxi Wang:   fwang@birdmarella.com, mhicks@birdmarella.com

Mark T. Drooks:   mdrooks@birdmarella.com, mhicks@birdmarella.com

Peter L Steinman   psteinman@mrllp.com

Tyler Scott Waite:   twaite@campbell-bissell.com

Michael Scott Bissell:   mbissell@campbell-bissell.com

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
1st MOTION TO COMPEL DISCOVERY FROM DEFENDANTS - 11

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:  Via first class mail, postage prepaid addressed as follows:

>AIA Services Corporation
>P.O. Box 538
>Lewiston, ID  83501
>
>AIA Insurance, Inc.
>P.O. Box 538
>Lewiston, ID  830501

>>*/s/ Roderick C. Bond*
>>Roderick C. Bond