Alyson A. Foster
aaf@aswblaw.com
Idaho Bar No. 9719
ANDERSEN SCHWARTZMAN WOODARD BRAILSFORD PLLC
101 S. Capitol Blvd., Suite 1600
Boise, ID 83702
Telephone: 208.342.4411
Facsimile: 208.342.4455

*Attorneys for GemCap Lending I, LLC*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc., <br><br> Plaintiff, <br><br> v. <br><br> CONNIE TAYLOR HENDERSON, an individual, et al., <br><br> Defendants. | Case No. 1:10-cv-00404-CWD <br><br> **GEMCAP LENDING I, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Defendant GemCap Lending

I, LLC ("GemCap") responds to Plaintiff Dale L. Miesen's ("Miesen") First Set of

Interrogatories and Requests for Production of Documents.

GEMCAP LENDING I, LLC'S OBJECTIONS AND
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

1

Appendix A, Page - 54

**RECURRING OBJECTIONS**

1.  GemCap objects to Miesen's interrogatories and requests for production (collectively "discovery requests") to the extent they purport to require disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine and any other legally protectable information. GemCap does not intend to waive its privileges or protections in response to Miesen's discovery requests, and no response should be interpreted as a waiver.

2.  GemCap objects to Miesen's discovery requests as a whole as harassing, overly broad, vague, and burdensome, in that they are repetitive, unclear, seek information available in the public record or more readily from other parties, and are voluminous in nature, totaling over 100 document requests.

3.  GemCap objects to Miesen's discovery requests, including Miesen's "Instructions and Definitions," to the extent they seek disclosure of settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case.

4.  GemCap objects to Miesen's discovery requests, including Miesen's "Instructions and Definitions," to the extent they seek documents already in Miesen's possession, custody, or control, or that are available in the public record, or that are in the possession, custody, or control of third parties.

5.  GemCap objects to Miesen's discovery requests, including Miesen's "Instructions and Definitions," to the extent they seek to impose discovery obligations on GemCap that are different from or greater than those set forth in the Federal Rules of Civil Procedure.

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    2
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

6.      GemCap objects to Miesen's discovery requests, including Miesen's "Instructions and Definitions," to the extent they seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect; and/or confidential and proprietary information about GemCap, including sensitive financial information or trade secrets. Any such information will be produced subject to third-party approval and/or an appropriate confidentiality order, where appropriate.

7.      GemCap objects to Miesen's discovery requests, including Miesen's "Instructions and Definitions," to the extent they seek documents subject to limitations or requirements of confidentiality agreements or orders in other litigation. Any such documents will be produced in accordance with those limitations and requirements, including potentially notice to and approval of other entities, persons, or courts.

8.      GemCap objects to Miesen's "Instructions" that purport to require GemCap to respond with additional information that is not specifically requested in the discovery requests.

9.      GemCap objects to Miesen's "Instructions" regarding GemCap's purported "continuing" obligation to answer discovery requests. This "instruction" is contrary to and exceeds the requirements of Federal Rule of Civil Procedure 26(e).

10.     GemCap objects to Miesen's "Definitions" regarding identification of withheld responsive information, including information withheld on the basis of privilege, to the extent the "Definition" purports to require more information than an appropriate privilege log under applicable authorities.

11.     GemCap objects to Miesen's definition of "GemCap," "you," "your," or "yours" to the extent these definitions purport to require GemCap to produce information that is not in its

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    3
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

possession or control, is not reasonably available to it, is information belonging to and in the possession of other entities not party to the lawsuit, or is otherwise publically available to Miesen.

12.    GemCap objects to Miesen's contention interrogatories asking for all facts or "detailed" facts or "with particularity" as overly broad, unduly burdensome, and seeking information protected from disclosure by the work product doctrine. *See, e.g., Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006). In response to such contention interrogatories, GemCap will provide those principal facts of which it is currently aware. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007).

13.    GemCap objects to Miesen's interrogatories to the extent they call for legal conclusions rather than application of law to fact. *See, e.g.*, *Larson v. Trans Union, LLC*, No. 3:12-cv-05726-WHO, 2017 WL 1540710 (Apr. 28, 2017).

14.    GemCap objects to Miesen's contention interrogatories as premature because substantial documentary and testimonial discovery has not yet been completed. *See, e.g.*, *Campbell v. Facebook, Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 WL 3533221 (June 3, 2015).

15.    GemCap incorporates by reference all its Recurring Objections into each of the responses below. In responding to a specific discovery request, GemCap may restate its objections, but by not repeating an objection, GemCap does not waive any Recurring Objection.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1:** If you contend that you relied upon the advice of an attorney or any other professional (including accountants, CPAs or auditors) as a defense in

GEMCAP LENDING I, LLC'S OBJECTIONS AND
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

4

**Appendix A, Page - 57**

this lawsuit, please state with particularity the advice that you received and identify any documents that you relied upon for such advice.

**ANSWER:** In addition to its Recurring Objections, GemCap objects to this Interrogatory as overly broad and unduly burdensome in Requesting GemCap to state "with particularity," as GemCap is not required to provide more than principal facts of which it is aware. GemCap further objects to this Interrogatory as seeking information protected by the attorney-client privilege and/or work production doctrine. GemCap further objects to this Interrogatory to the extent it calls for a legal conclusion. GemCap further objects to this Interrogatory as premature because substantial documentary and testimonial discovery has not yet been completed. GemCap further objects to this Interrogatory because it is vague and ambiguous in its reference to "any other professional." GemCap does not interpret this Interrogatory to inquire whether GemCap relied on representations made by any individuals other than attorneys.

Subject to and without waiving those objections, GemCap responds that it has not yet filed an Answer in this case and thus has not yet determined what defenses it will lodge. If GemCap's motion to dismiss is denied, GemCap will supplement this response as appropriate after answering the Third Amended Complaint.

**INTERROGATORY NO. 2:** Identify the defenses and claims (if any) that you have in this lawsuit (regardless of whether or not such defenses are affirmative defenses). For each such defense, state with particularity the legal and factual basis that supports each such defense or claim.

**ANSWER:** In addition to its Recurring Objections, GemCap objects to this Interrogatory because it seeks information protected by the attorney-client privilege and work product doctrine.

GEMCAP LENDING I, LLC'S OBJECTIONS AND
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

5

GemCap further objections to this Interrogatory as overly broad and unduly burdensome by Requesting to state "with particularity," as GemCap is only required to provide those principal facts of which it is currently aware. GemCap further objects to this Interrogatory to the extent it calls for a legal conclusion. GemCap further objects to this Interrogatory as premature because substantial documentary and testimonial discovery has not yet been completed.

Subject to and without waiving those objections, GemCap responds that it has not formed its contentions as to defenses, other than statute of limitations, as it has not yet filed an answer to the Third Amended Complaint. GemCap has filed a motion to dismiss based on the statute of limitations. If GemCap's motion is denied in part or in whole, GemCap will supplement this response after it lodges defenses by filing an Answer.

**INTERROGATORY NO. 3:**  If you assert any common interest or joint defense privileges, state with particularity the parties who are, or were, a party to each such privilege and the specific common interest(s) that you share(d).

**ANSWER:** In addition to its Recurring Objections, GemCap objects to this Interrogatory because it seeks information protected by the attorney-client privilege and work product doctrine. GemCap further objections to this Interrogatory as overly broad and unduly burdensome by Requesting to state "with particularity," as GemCap is only required to provide those principal facts of which it is currently aware. GemCap further objects to this Interrogatory as vague, burdensome, and overly broad, as it does not limit its Request to a time period or a specific lawsuit. For that reason, GemCap also asserts this Interrogatory seeks information that is not relevant to any claim or defense in this lawsuit and is not proportional to the needs of the case.

Subject to and without waiving those objections, GemCap responds that, with respect to

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                   6
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

this lawsuit, GemCap has not entered any joint defense agreement in this lawsuit. In addition, because GemCap has not yet filed an Answer, it has not yet determined whether it shares a common interest with the other defendants or whether a joint defense privilege would apply. Once GemCap has made this determination, it will supplement this response appropriately.

## **SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents evidencing, supporting, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 1.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "refer" "relate" or "pertain" to GemCap's answer to Interrogatory No. 1. GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request as seeking documents containing confidential and proprietary information

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                                    7
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

about GemCap, including sensitive financial information or trade secrets, which, if otherwise

discoverable, must be produced in accordance with an appropriate confidentiality order. Given

the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects

to this Request as harassing because it seeks disclosure of privileged information or work

product; because it is unreasonably cumulative and duplicative of other requests; and because it

is so broad that it could be interpreted to require production of documents that are irrelevant and

not proportional to the needs of the case. *See also* Response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents evidencing,

supporting, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 2.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as

vague, burdensome, and overly broad, as it seeks "all" documents that "refer" "relate" or

"pertain" to GemCap's answer to Interrogatory No. 1. GemCap also objects that this Request is

overly broad and seeks documents not relevant to any claim or defense in this case and not

proportional to the needs of the case. GemCap further objects to this Request as vague,

ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request

seeks. GemCap further objects to this Request as overly broad because it does not set forth a time

limitation of the documents it seeks. GemCap further objects to this Request because it seeks

documents protected by the attorney-client privilege or the work product doctrine. GemCap

further objects to this Request because it seeks documents containing settlement communications

that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not

relevant to any claim or defense in this case, and are not proportional to the needs of the case.

GemCap further objects to this Request as seeking documents containing private information

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                8
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request as seeking documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. *See also* Response to Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents evidencing, supporting, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 1, including, without limitation, privilege and work product logs.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "refer" "relate" or "pertain" to GemCap's answer to Interrogatory No. 1. GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications

GEMCAP LENDING I, LLC'S OBJECTIONS AND
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

9

that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request as seeking documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. *See also* Response to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 4:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, corporate governance, shareholder meetings, board meetings, and communications) for AIA Services.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    10
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 63**

the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request as seeking documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

      <u>**REQUEST FOR PRODUCTION NO. 5**</u>: Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank

GEMCAP LENDING I, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

11

**Appendix A, Page - 64**

statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for CropUSA.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request as seeking documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    12
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 6:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for AIA Insurance.

**RESPONSE:**

In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    13
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

documents containing private information about third parties, whose privacy interests GemCap is

obligated to protect. GemCap further objects to this Request as seeking documents containing

confidential and proprietary information about GemCap, including sensitive financial

information or trade secrets, which, if otherwise discoverable, must be produced in accordance

with an appropriate confidentiality order. Given the breadth of this Request, GemCap further

objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks

disclosure of privileged information or work product; because it is unreasonably cumulative and

duplicative of other requests; and because it is so broad that it could be interpreted to require

production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 7:**  Produce for inspection and copying all

documents that are in your possession, custody or control that pertain or relate in any way to the

books and records (including, without limitation, all documents relating in any way to internal

and external accounting work papers, financial statements, tax returns, loan applications, bank

statements, loan statements, legal files, accounting files, corporate governance, shareholder

meetings, board meetings, and communications) for CropUSA Insurance Services.

**RESPONSE:**

In addition to its Recurring Objections, GemCap objects to this Request as vague,

burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any

way" to "books and records." GemCap also objects that this Request is overly broad and seeks

documents not relevant to any claim or defense in this case and not proportional to the needs of

the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly

broad, as it is unclear what "books and records" means in this context and exactly what

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                                      14
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request as seeking documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 8:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for The Universe Life Insurance Company.

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                                        15
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**RESPONSE**:

In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request as seeking documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    16
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 69**

duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 9:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Great Fidelity Life Insurance Company.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    17
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

this Request as seeking documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 10**: Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Pacific Empire Holdings.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    18
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 71**

seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request as seeking documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 11:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Growers National Cooperative.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                        19
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

any way" to "books and records." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request as seeking documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 12:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    20
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 73**

books and records that relate in any way to any funds, labor, rent or other expense utilized or received from you, AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services or any other entity that that is partially or wholly owned by any one or more of the Defendants (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications).

**RESPONSE:**

In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    21
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

obligated to protect. GemCap further objects to this Request as seeking documents containing

confidential and proprietary information about GemCap, including sensitive financial

information or trade secrets, which, if otherwise discoverable, must be produced in accordance

with an appropriate confidentiality order. Given the breadth of this Request, GemCap further

objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks

disclosure of privileged information or work product; because it is unreasonably cumulative and

duplicative of other requests; and because it is so broad that it could be interpreted to require

production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 13:** Produce for inspection and copying all

documents that are in your possession, custody or control that pertain or relate in any way to

the books and records (including, without limitation, all documents relating in any way to

internal and external accounting work papers, financial statements, tax returns, loan applications,

bank statements, loan statements, legal files, accounting files, corporate governance, shareholder

meetings, board meetings, and communications) for Green Leaf.

**RESPONSE:**

In addition to its Recurring Objections, GemCap objects to this Request as vague,

burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any

way" to "books and records." GemCap also objects that this Request is overly broad and seeks

documents not relevant to any claim or defense in this case and not proportional to the needs of

the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly

broad, as it is unclear what "books and records" means in this context and exactly what

documents this Request seeks. GemCap further objects to this Request as overly broad because it

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                          22
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request as seeking documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 14:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Reinsurance Partners.

**RESPONSE:**

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    23
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request as seeking documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    24
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 15:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for 17 State Street Partners.

**RESPONSE:**

In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request as seeking documents containing

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    25
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 16:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Weskan Agency.

**RESPONSE:**

In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    26
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 79**

Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request as seeking documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 17:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for any entity that John Taylor partially or wholly owns that is not mentioned in prior Requests for Production (including any entities that you may form or own partially or wholly in the future).

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    27
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

Appendix A, Page - 80

**RESPONSE**:

In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request as seeking documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    28
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 81**

duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 18:** Produce all documents that pertain or relate to your state and federal tax returns (including amendments thereto), together with all schedules and attachments thereto, from 2013 through and until the conclusion of this lawsuit.

**RESPONSE:**

In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to GemCap's tax returns. GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request as seeking documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of private, sensitive information about GemCap that is irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 19:** Produce all documents that pertain or relate to the state and federal tax returns (including amendments thereto), together with all

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    29
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

schedules and attachments thereto, of any entity that John Taylor, presently or formerly, partially or wholly owned.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to tax returns. GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request as seeking documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                          30
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 20:** Produce all documents that pertain or relate to any credit applications, credit reports, tax returns, financial statements and other information that you received from, or obtained from any source for, R. John Taylor (including, all communications between you and R. John Taylor).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                          31
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 21:** Produce all documents that pertain or relate to any credit applications, credit reports, tax returns, financial statements and other information that you received from, or obtained from any source for, CropUSA (including, all communications between you and CropUSA).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                      32
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 85**

obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 22:** Produce all documents that pertain or relate to any credit applications, credit reports, tax returns, financial statements and other information that you received from, or obtained from any source for, CropUSA Insurance Services (including, all communications between you and CropUSA Insurance Services).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see*

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                      33
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 23:** Produce all documents that pertain or relate to any credit applications, credit reports, tax returns, financial statements and other information that you received from, or obtained from any source for, AIA Services (including, all communications between you and AIA Services).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to "any." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects

GEMCAP LENDING I, LLC'S OBJECTIONS AND    34
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 87**

to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because, as this is a derivative action, it may seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 24:** Produce all documents that pertain or relate to any credit applications, credit reports, tax returns, financial statements and other information that you received from, or obtained from any source for, AIA Insurance (including, all communications between you and AIA Insurance).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to "any." GemCap also objects that this Request is overly broad and seeks documents not relevant

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    35
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because, as this is a derivative action, it may seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 24 (sic):** Produce all documents that pertain or relate to any credit applications, credit reports, tax returns, financial statements and other

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                      36
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 89**

information that you received from, or obtained from any source for, Reinsurance Partners (including, all communications between you and Reinsurance Partners).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to "any." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it seeks documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                          37
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 90**

be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 25:** Produce all documents that pertain or relate to any credit applications, credit reports, tax returns, financial statements and other information that you received from, or obtained from any source for, Green Leaf (including, all communications between you and Green Leaf).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to "any." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it seeks documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    38
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 26:** Produce all documents that pertain or relate to any credit applications, credit reports, tax returns, financial statements and other information that you received from, or obtained from any source for, Pacific Empire Radio (including, all communications between you and Pacific Empire Radio).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to "any." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                      39
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 92**

seeks documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 27:** Produce all documents that pertain or relate to any credit applications, credit reports, tax returns, financial statements and other information that you received from, or obtained from any source for, Pacific Empire Holdings (including, all communications between you and Pacific Empire Holdings).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to "any." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                     40
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it seeks documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 28:** Produce all documents that pertain or relate to any credit applications, credit reports, tax returns, financial statements and other information that you received from, or obtained from any source for, any other entities partially or wholly owned by R. John Taylor or any one or more of the Defendants.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to "any." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    41
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it seeks documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 29**: Produce all documents that pertain or relate to any audits that you have conducted, or had another party conduct, for any Defendant.

**RESPONSE**: In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    42
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

"any." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what "audit" means in this context and unclear exactly what documents this Request seeks. GemCap further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it seeks documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    43
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 30:** Produce all documents that pertain or relate to any due diligence that you conducted in connection with any loans, guarantees, settlement agreements or any other agreements or instruments involving R. John Taylor (including, all communications between you and R. John Taylor).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to "any." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what "due diligence" means in this context and unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it seeks documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    44
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

product; because it is unreasonably cumulative and duplicative of other requests; and because it is

so broad that it could be interpreted to require production of documents that are irrelevant and not

proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 31:** Produce all documents that pertain or relate

to any due diligence that you conducted in connection with any loans, guarantees, settlement

agreements or any other agreements or instruments involving CropUSA (including, all

communications between you and CropUSA).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as

vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to

"any." GemCap also objects that this Request is overly broad and seeks documents not relevant to

any claim or defense in this case and not proportional to the needs of the case. GemCap further

objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly

what "due diligence" means in this context and unclear exactly what documents this Request seeks.

GemCap further objects to this Request because it seeks documents protected by the attorney-

client privilege or the work product doctrine. GemCap further objects to this Request because,

given its breadth, it may seek documents containing settlement communications that are protected

from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim

or defense in this case, and are not proportional to the needs of the case. GemCap further objects

to this Request because it seeks documents containing private information about third parties,

whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request

because, given its breadth, it may seek documents containing confidential and proprietary

information about GemCap, including sensitive financial information or trade secrets, which, if

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    45
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 32:** Produce all documents that pertain or relate to any due diligence that you conducted in connection with any loans, guarantees, settlement agreements or any other agreements or instruments involving CropUSA Insurance Services (including, all communications between you and CropUSA Insurance Services).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to "any." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what "due diligence" means in this context and unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it seeks documents containing private information about third parties,

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    46
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 33:** Produce all documents that pertain or relate to any due diligence that you conducted in connection with any loans, guarantees, settlement agreements or any other agreements or instruments involving AIA Insurance (including, all communications between you and AIA Insurance).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to "any." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what "due diligence" means in this context and unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    47
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 100**

from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because, given the derivative context of Miesen's claims, it may seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 34:** Produce all documents that pertain or relate to any due diligence that you conducted in connection with any loans, guarantees, settlement agreements or any other agreements or instruments involving AIA Services (including, all communications between you and AIA Services).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to "any." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what "due diligence" means in this context and unclear exactly what documents this Request seeks.

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    48
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because, given the derivative context of Miesen's claims, it may seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 35:** Produce all documents that pertain or relate to any due diligence that you conducted in connection with any loans, guarantees, settlement agreements or any other agreements or instruments involving Green Leaf (including, all communications between you and Green Leaf).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to "any." GemCap also objects that this Request is overly broad and seeks documents not relevant to

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    49
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what "due diligence" means in this context and unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it seeks documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 36:** Produce all documents that pertain or relate to any due diligence that you conducted in connection with any loans, guarantees, settlement agreements or any other agreements or instruments involving Reinsurance Partners (including, all communications between you and Reinsurance Partners).

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    50
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to "any." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what "due diligence" means in this context and unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it seeks documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    51
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

Appendix A, Page - 104

**REQUEST FOR PRODUCTION NO. 37:** Produce all documents that pertain or relate to any due diligence that you conducted in connection with any loans, guarantees, settlement agreements or any other agreements or instruments involving any other entities partially or wholly owned by R. John Taylor (including, all communications involving such entities).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to "any." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what "due diligence" means in this context and unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it seeks documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks

**Appendix A, Page - 105**

disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 38:** Produce all documents that pertain or relate to any due diligence that you conducted in connection with the Settlement Agreement, together with all Assignments and other instruments or agreements (including any later executed or amended agreements or instruments) executed in connection with that Settlement Agreement, a copy of which was filed and is found in the records of this lawsuit on pages 21-48 of Docket Number 128 (including, all communications relating in any way to that Settlement Agreement).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to "any." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what "due diligence" means in this context and unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it seeks documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                          53
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 106**

Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 39:** Produce all documents that pertain or relate to the Settlement Agreement, together with all Assignments and other instruments or agreements (including any later executed or amended agreements or instruments) executed in connection with that Settlement Agreement, a copy of which was filed and is found in the records of this lawsuit on pages 21-48 of Docket Number 128 (including, all communications relating in any way to that Settlement Agreement).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                          54
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it seeks documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 40:** Produce all documents that are in your possession custody or control that pertain or relate to R. John Taylor's work with Avista Corp. and/or R. John Taylor's compensation, retainers, securities, stock and/or reimbursements from Avista Corp.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what "due diligence" means in this context and unclear exactly what documents this Request

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                        55
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 108**

seeks. GemCap further objects to this Request because, given its breadth, it may seek documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

     **REQUEST FOR PRODUCTION NO. 41:** Produce all documents that are in your possession, custody or control that pertain or relate to John Taylor's transfer, sale or other disposition of any real property or personal property to you, AIA Services or AIA Insurance or any other entity partially or wholly owned by John Taylor (including, without limitation, all real property transferred to GemCap or any entity affiliated with or controlled by GemCap, the

GEMCAP LENDING I, LLC'S OBJECTIONS AND            56
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 109**

real property later quitclaimed to Jordan Taylor, the real property that John Taylor transferred

or sold to AIA Services or AIA Insurance).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as

vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain."

GemCap also objects that this Request is overly broad and seeks documents not relevant to any

claim or defense in this case and not proportional to the needs of the case. GemCap further

objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly

what documents this Request seeks. GemCap further objects because this Request, given its

breadth, may seek documents available in the public record and thus as easily obtainable by

Plaintiff as by GemCap. GemCap further objects to this Request because it seeks documents

protected by the attorney-client privilege or the work product doctrine. GemCap further objects

to this Request because it seeks documents containing settlement communications that are

protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant

to any claim or defense in this case, and are not proportional to the needs of the case. GemCap

further objects to this Request because it purports to seek documents containing private

information about third parties, whose privacy interests GemCap is obligated to protect. GemCap

further objects to this Request because it seeks documents containing confidential and

proprietary information about GemCap, including sensitive financial information or trade secrets,

which, if otherwise discoverable, must be produced in accordance with an appropriate

confidentiality order. Given the breadth of this Request, GemCap further objects to it as

burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of

privileged information or work product; because it is unreasonably cumulative and duplicative of

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    57
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 42:** Produce all documents that pertain or relate to any direct or indirect payments or assets that you have received from R. John Taylor, CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Weskan, Reinsurance Partners, PERC, Pacific Empire Holdings or any other entity partially or wholly owned by R. John Taylor or any one or more of the Defendants.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    58
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

     **REQUEST FOR PRODUCTION NO. 43:** Produce all documents that are in your possession, custody or control that have been produced, obtained by you from any source, or provided to you involving any dispute, threatened litigation, or actual litigation involving any one or more of the Defendants or arising as a result of the subject matter of any transactions, agreements, guarantees or loans with any one or more of the Defendants (these include documents produced in litigation with you and litigation directed or filed by you against other parties, including, without limitation, *GemCap Lending I, LLC v. Quarles & Brady, et al.* (filed in U.S. District Court in California), *GemCap Lending I, LLC v. CropUSA, et al.* (filed in U.S. District Court in California), *GemCap v. AIA Services Corp., et al.* (filed in Nez Perce County District Court in Idaho), *Durant, et al. v. GemCap Lending I, LLC* (filed in Nez Perce County District Court in Idaho), *GemCap Lending I, LLC v. Scottsdale Indemnity Co.* (pending in U.S. District Court in California), *Missouri Crop, LLC, et al. v. CGB Diversified Services, Inc., et al.* (filed in U.S. District Court in Missouri), and *Church Crop Insurance Services, Inc. v. CGB Diversified Services, Inc., et al.* (now pending or near judgment in the Polk County District Court in Iowa (and applying to the same lawsuit during the time it was removed to U.S. District Court in Iowa))).

     **RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as

GEMCAP LENDING I, LLC'S OBJECTIONS AND         59
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 112**

vague, burdensome, and overly broad, and as seeking documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects because this Request, given its breadth, may seek documents available in the public record and thus as easily obtainable by Plaintiff as by GemCap. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 44:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to communications involving

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    60
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

Appendix A, Page - 113

any dispute, threatened litigation, or actual litigation involving one or more of the Defendants or arising as a result of the subject matter of any transactions, agreements, guarantees or loans with any one or more of the Defendants (these include documents produced in litigation with you and litigation directed or filed by you against other parties, including, without limitation, *GemCap Lending I, LLC v. Quarles & Brady, et al.* (filed in U.S. District Court in California), *GemCap Lending I, LLC v. CropUSA, et al.* (filed in U.S. District Court in California), *GemCap v. AIA Services Corp., et al.* (filed in Nez Perce County District Court in Idaho), *Durant, et al. v. GemCap Lending I, LLC* (filed in Nez Perce County District Court in Idaho), *GemCap Lending I, LLC v. Scottsdale Indemnity Co.* (pending in U.S. District Court in California), *Missouri Crop, LLC, et al. v. CGB Diversified Services, Inc., et al.* (filed in U.S. District Court in Missouri), and *Church Crop Insurance Services, Inc. v. CGB Diversified Services, Inc., et al.* (now pending or near judgment in the Polk County District Court in Iowa (and applying to the same lawsuit during the time it was removed to U.S. District Court in Iowa))).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects because this Request, given its breadth, may seek documents available in the public record and thus as easily obtainable by Plaintiff as by GemCap. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                         61
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 114**

seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 45:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any discovery Requests and documents produced or obtained in any litigation involving one or more of the Defendants or arising as a result of the subject matter of any transactions, agreements, guarantees or loans with any one or more of the Defendants (these include documents produced in litigation with you and litigation directed or filed by you against other parties, including, without limitation, *GemCap Lending I, LLC v. Quarles & Brady, et al.* (filed in U.S. District Court in California), *GemCap Lending I, LLC v. CropUSA, et al.* (filed in U.S. District Court in California), *GemCap v. AIA Services Corp., et al.* (filed in Nez Perce County District Court in Idaho), *Durant, et al. v. GemCap Lending I, LLC* (filed in Nez Perce County District Court in Idaho), *GemCap Lending I, LLC*

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    62
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

*v. Scottsdale Indemnity Co.* (pending in U.S. District Court in California), *Missouri Crop, LLC, et al. v. CGB Diversified Services, Inc., et al.* (filed in U.S. District Court in Missouri), and *Church Crop Insurance Services, Inc. v. CGB Diversified Services, Inc., et al.* (now pending or near judgment in the Polk County District Court in Iowa (and applying to the same lawsuit during the time it was removed to U.S. District Court in Iowa))).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects because this Request, given its breadth, may seek documents available in the public record and thus as easily obtainable by Plaintiff as by GemCap. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    63
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

Appendix A, Page - 116

further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 46:** Produce all documents in your possession, custody or control that pertain or relate in any way to communications involving R. John Taylor or any entity partially or wholly owned by R. John Taylor or any one or more of the other Defendants.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets,

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    64
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

which, if otherwise discoverable, must be produced in accordance with an appropriate

confidentiality order. Given the breadth of this Request, GemCap further objects to it as

burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of

privileged information or work product; because it is unreasonably cumulative and duplicative of

other requests; and because it is so broad that it could be interpreted to require production of

documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 47:** Produce all documents that pertain or relate

in any way to communications involving Mel Gilbert, his agents or employees, or any entity or

party that he has ever been employed by or affiliated with (including, without limitation, all

documents that were provided to, or received from, Mel Gilbert or any entity or party that he was

employed by or affiliated with).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as

vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in

any way." GemCap also objects that this Request is overly broad and seeks documents not relevant

to any claim or defense in this case and not proportional to the needs of the case. GemCap further

objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents

this Request seeks. GemCap further objects to this Request because it seeks documents protected

by the attorney-client privilege or the work product doctrine. GemCap further objects to this

Request because it seeks documents containing settlement communications that are protected from

disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or

defense in this case, and are not proportional to the needs of the case. GemCap further objects to

this Request because it purports to seek documents containing private information about third

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    65
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 48:** Produce all documents that pertain or relate in any way to communications involving Hudson Insurance or any documents received or provided to Hudson Insurance that relate in any way to any one or more of the Defendants.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case.

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                          66
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 49:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to CropUSA's 2008 sale of assets to Hudson and any payments relating thereto (including payments made directly or indirectly to R. John Taylor by Hudson such as any funds tendered for a non-compete)).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    67
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 50:** Produce all documents that pertain or relate in any way to communications, payments, advances or transactions involving U.S. Bank or any of its affiliates that relates in any way to the loans or guarantees involving CropUSA, CropUSA Insurance Services, R. John Taylor, AIA Services or AIA Insurance (including brokerage accounts, retirement accounts, checking accounts, savings accounts, loans, certificates of deposits, lines of credit and any other account).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case.

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                             68
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 51:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any loans, indebtedness and/or guarantees with AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services, or R. John Taylor.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    69
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

   **REQUEST FOR PRODUCTION NO. 52:** Produce all documents that are in your possession, custody or control that pertains or relates in way to the advancement or allocation of any funds, loan guarantees, labor, rent, utilities, phone and/or any other expenses involving any entity partially or wholly owned by R. John Taylor.

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                              70
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 53:** Produce all documents that are in your possession, custody or control that pertains or relates in way to the advancement of fund and

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                                71
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 124**

the lending of funds by Hudson Insurance, Diversified Services, any other insurance company or

any other entity or financial institution to any entity partially or wholly owned by R. John

Taylor (including, CropUSA, CropUSA Insurance Services, AIA Services, and AIA Insurance).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as

vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in

any way." GemCap also objects that this Request is overly broad and seeks documents not relevant

to any claim or defense in this case and not proportional to the needs of the case. GemCap further

objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents

this Request seeks. GemCap further objects to this Request because it seeks documents protected

by the attorney-client privilege or the work product doctrine. GemCap further objects to this

Request because it seeks documents containing settlement communications that are protected from

disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or

defense in this case, and are not proportional to the needs of the case. GemCap further objects to

this Request because it purports to seek documents containing private information about third

parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this

Request because it seeks documents containing confidential and proprietary information about

GemCap, including sensitive financial information or trade secrets, which, if otherwise

discoverable, must be produced in accordance with an appropriate confidentiality order. Given the

breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to

this Request as harassing because it seeks disclosure of privileged information or work product;

because it is unreasonably cumulative and duplicative of other requests; and because it is so broad

that it could be interpreted to require production of documents that are irrelevant and not

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    72
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 54:** Produce all documents that are in your possession, custody or control that pertains to or relates in any way to any business or financial arrangements or agreements that you have or have, or previously had, with any of the Defendants.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    73
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 55:** Produce all documents that are in your possession, custody or control that pertains or relates in any way to communications that you have had with any of the Defendants.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    74
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 56:** Produce all documents in your possession constituting, memorializing or pertaining to any communications you have had with any of the Defendants and/or any documents that were provided to, or received from, any of the Defendants.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                      75
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 57:** Produce all documents that are in your possession, custody or control that were provided to, or received from, any in house or outside attorneys, accountants, CPAs, and/or auditors for AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services, R. John Taylor, Pacific Empire Radio and/or Pacific Empire Holdings.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary

GEMCAP LENDING I, LLC'S OBJECTIONS AND                         76
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 58:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Quarles & Brady or your lawsuit against Quarles & Brady.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    77
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 130**

further objects to this Request because it seeks documents containing confidential and

proprietary information about GemCap, including sensitive financial information or trade secrets,

which, if otherwise discoverable, must be produced in accordance with an appropriate

confidentiality order. Given the breadth of this Request, GemCap further objects to it as

burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of

privileged information or work product; because it is unreasonably cumulative and duplicative of

other requests; and because it is so broad that it could be interpreted to require production of

documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 59:** Produce all documents that are in your

possession, custody or control that pertain or relate in any way to any and all billing records

from Quarles & Brady, and the payments for such services, involving any of the Defendants.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as

vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in

any way." GemCap also objects that this Request is overly broad and seeks documents not

relevant to any claim or defense in this case and not proportional to the needs of the case.

GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly

what documents this Request seeks. GemCap further objects to this Request because it seeks

documents protected by the attorney-client privilege or the work product doctrine. GemCap

further objects to this Request because it seeks documents containing settlement communications

that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not

relevant to any claim or defense in this case, and are not proportional to the needs of the case.

GemCap further objects to this Request because it purports to seek documents containing private

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                      78
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 60:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to all of Quarles & Brady's legal files legal files (including work product), engagement letters, tolling agreements, conflict waivers and/or all documents relating in any way to the representation of any Defendant, including, without limitation, all such information relating to *Reed Taylor v. AIA Services Corp., et al.* (filed in Nez Perce County District Court).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    79
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 132**

Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 61:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all billing records from Hawley Troxell, and the payments for such services, involving any of the Defendants, including, without limitation, information all such information relating to *Reed Taylor v. AIA Services Corp., et al.* (filed in Nez Perce County District Court).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case.

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    80
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 62:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Hawley Troxell.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                        81
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 134**

relevant to any claim or defense in this case and not proportional to the needs of the case.

GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly

what documents this Request seeks. GemCap further objects to this Request because it seeks

documents protected by the attorney-client privilege or the work product doctrine. GemCap

further objects to this Request because it seeks documents containing settlement communications

that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not

relevant to any claim or defense in this case, and are not proportional to the needs of the case.

GemCap further objects to this Request because it purports to seek documents containing private

information about third parties, whose privacy interests GemCap is obligated to protect. GemCap

further objects to this Request because it seeks documents containing confidential and

proprietary information about GemCap, including sensitive financial information or trade secrets,

which, if otherwise discoverable, must be produced in accordance with an appropriate

confidentiality order. Given the breadth of this Request, GemCap further objects to it as

burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of

privileged information or work product; because it is unreasonably cumulative and duplicative of

other requests; and because it is so broad that it could be interpreted to require production of

documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 63:** Produce all documents that are in your

possession, custody or control that pertain or relate in any way to all of Hawley Troxell's legal

files (including work product), engagement letters, conflict waivers, tolling agreements

and/or all documents pertaining to the representation of any Defendant.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                          82
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 64:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all billing records,

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                          83
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 136**

legal files and communications involving Eberle Berlin regarding the representation of AIA Services, AIA Insurance, CropUSA, or R. John Taylor.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    84
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 65:** Produce all documents that pertain or relate in any way to communications involving any of former attorneys for any of the Defendants (communications after such attorney no longer represented any of the Defendants).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                        85
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 138**

because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 66:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to the AIA Services Corporation's 401(k) Plan Profit Sharing Plan (including, without limitations, all documents pertaining to all transactions, the purchase and sale of shares or other securities (including the purchase and any repurchases of Series C Preferred Shares in AIA Services), loans and distributions or payments to and from the 401(k) Plan, mortgages transferred to or from the 401(k) Plan, and all other transactions).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                      86
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

Subject to and without waiving these objections, GemCap responds that, although it does not understand exactly what documents this Request seeks, it will produce any nonconfidential documents produced to GemCap in the *GemCap Lending I, LLC v. AIA Services Corp.*, No. CV16-02207, pending in the Second Judicial District of the State of Idaho, Nez Perce County, because that case involves the AIA Services Corporation 401(k) Profit Sharing Plan, within ten (10) business days of these responses.

**REQUEST FOR PRODUCTION NO. 67:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to the AIA Services Corporation's Employee Stock Ownership Plan ("ESOP") (including, without limitation, documents relating to the alleged termination of the ESOP).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly

GEMCAP LENDING I, LLC'S OBJECTIONS AND                87
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 140**

what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 68:** Produce all documents that you have provided, or another Defendant has provided, to any potential or actual lay or expert witness or any consultant for this lawsuit or to any Defendant in this lawsuit.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine, including pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure. GemCap

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    88
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 141**

further objects to this Request because it seeks information not relevant to any claim or defense in this case, and not proportional to the needs of the case.

Subject to and without waiving these objections, GemCap will produce any non-privileged, nonconfidential responsive documents that it is required to produce under Rule 26(b)(4) and any applicable case management order.

**REQUEST FOR PRODUCTION NO. 69**: Produce all documents that are in your possession custody or control that you have, or any other Defendant has, provided to any other Defendant or any potential or actual attorney that relates in any way to the subject matter of this lawsuit.

**RESPONSE**:  In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                89
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 70:** Produce all documents that you have, or any other Defendant has, provided to any person, party or entity that relates in any way to this lawsuit.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                              90
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 71:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any agreements with Reed Taylor.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    91
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 72:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any communications involving Reed Taylor (including communications to, from and carbon copied to or from).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    92
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 145**

further objects to this Request because, given its breadth, it may seek documents containing

settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus

are not discoverable, are not relevant to any claim or defense in this case, and are not

proportional to the needs of the case. GemCap further objects to this Request because it purports

to seek documents containing private information about third parties, whose privacy interests

GemCap is obligated to protect. GemCap further objects to this Request because, given its

breadth, it may seek documents containing confidential and proprietary information about

GemCap, including sensitive financial information or trade secrets, which, if otherwise

discoverable, must be produced in accordance with an appropriate confidentiality order. Given

the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects

to this Request as harassing because it seeks disclosure of privileged information or work

product; because it is unreasonably cumulative and duplicative of other requests; and because it

is so broad that it could be interpreted to require production of documents that are irrelevant and

not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 73:** Produce all documents that are in your

possession, custody or control that pertain or relate in any way to any in litigation to which

Reed Taylor or Donna Taylor was or is a party (including legal files, billing records,

representation agreements, tolling agreements, conflict waivers and communications).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as

vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in

any way." GemCap also objects that this Request is overly broad and seeks documents not relevant

to any claim or defense in this case and not proportional to the needs of the case. GemCap further

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                           93
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 146**

objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 74:** Produce all documents that pertain or relate to any loans or indebtedness incurred or guaranteed by AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services, R. John Taylor or any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants (including, without limitation, all documents that relate in any way to any guarantees and loans with Lancelot).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                        94
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 75:** Produce all documents that pertain or relate to any loans that you have provided to any other Defendant, or any guarantees of any such loans

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    95
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 148**

or other obligations (including, without limitation, loans to CropUSA, CropUSA Insurance Services, AIA Services or AIA Insurance).

 **RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

GEMCAP LENDING I, LLC'S OBJECTIONS AND     96
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 76:** Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving Randall Danskin (including communications to, from and carbon copied to or from) and any documents that were provided or received from Randall Danskin, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to Randall Danskin (including, without limitation, all documents pertaining to any lawsuits involving Randall Danskin and the lawsuit relating to the failed reverse stock split known as *AIA Services Corp. v. Durant, et al*.).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                         97
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 150**

or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 77:** Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving Elam & Burke (including communications to, from and carbon copied to or from) and/or any documents that were provided or received from Elam & Burke, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to Elam & Burke.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case.

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    98
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 78:** Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving John Munding (including communications to, from and carbon copied to or from) and any documents that were provided or received from John Munding, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to John Munding (including, without limitation, all documents pertaining to any lawsuits in which John Munding represented AIA Services or AIA Insurance).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    99
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 79:** Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving David Risley (including communications to, from and carbon copied to or from) and any documents that were provided or received from David Risley, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other

information, pertaining or relating in any way to David Risley (please note that David Risley has purportedly represented AIA Services and AIA Insurance in the past).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

GEMCAP LENDING I, LLC'S OBJECTIONS AND                               101
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 80:** Produce all documents that are in your possession, custody or control that pertain or relate to any settlements or settlement agreements involving any of the Defendants or any other party(ies) that relate in any way to the subject matter of this lawsuit or any of your transactions or agreements with any Defendant (including, without limitation, any settlements with Randall Danskin, or any other party).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    102
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 81:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any agreements with Reed Taylor.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given

GEMCAP LENDING I, LLC'S OBJECTIONS AND
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

103

**Appendix A, Page - 156**

the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects

to this Request as harassing because it seeks disclosure of privileged information or work

product; because it is unreasonably cumulative and duplicative of other requests; and because it

is so broad that it could be interpreted to require production of documents that are irrelevant and

not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 82**: Produce all documents that are in your

possession, custody or control that pertain or relate in any way to any communications involving

Reed Taylor (including communications to, from and carbon copied to or from) or any

documents provided to or received from Reed Taylor.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as

vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in

any way." GemCap also objects that this Request is overly broad and seeks documents not relevant

to any claim or defense in this case and not proportional to the needs of the case. GemCap further

objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents

this Request seeks. GemCap further objects to this Request because it seeks documents protected

by the attorney-client privilege or the work product doctrine. GemCap further objects to this

Request because, given its breadth, it may seek documents containing settlement communications

that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not

relevant to any claim or defense in this case, and are not proportional to the needs of the case.

GemCap further objects to this Request because it purports to seek documents containing private

information about third parties, whose privacy interests GemCap is obligated to protect. GemCap

further objects to this Request because, given its breadth, it may seek documents containing

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    104
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 157**

confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 83:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any in litigation involving AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services, John Taylor or any of the other Defendants (including legal files, billing records, representation agreements, tolling agreements, conflict waivers and communications).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    105
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 84:** Produce all documents that pertain or relate in any way to any compensation, salary, reimbursements, stock, stock options, bonuses, deferred compensation, benefits, dividends, distributions, advances, loans, payments or enumeration of any kind or nature (including barter transactions) that you paid, received or provided, involving John Taylor, CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance or any other entity that was partially or wholly owned by John Taylor.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                          106
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 85:** Produce all documents that pertain or relate in any way to any compensation, reimbursements, stock, stock options, bonuses, deferred compensation, benefits, dividends, distributions, loans, advances, guarantee, payments or enumeration of any kind or nature (including barter transactions) that you paid or provided to or on behalf of any Defendant, PERC, or any other entity partially or wholly owned by R. John Taylor.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    107
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 86:** Produce all documents that pertain or relate in any way to any funds, assets, real property or any other asset or enumeration of any kind or nature (including barter transactions) that involves or relates in any way to Jordan Taylor.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                          108
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                        109
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 162**

**REQUEST FOR PRODUCTION NO. 87:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Jordan Taylor (including communications to, from and carbon copied to or from).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    110
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 88:** Produce all documents in your possession, custody or control that pertain or relate in any way to any notices of shareholder meetings, notices of board of director meetings, shareholder resolutions, shareholder consents, shareholder meeting minutes, board resolutions, board consents, board meeting minutes, disclosures and all other communications to relating to the governance of the foregoing for AIA Services, AIA Insurance, CropUSA, CropUSA Services, Reinsurance Partners, Green Leaf, PERC and Pacific Empire Holdings or any other entity partially or wholly owned by R. John Taylor or any other Defendant.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                                111
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

Subject to and without waiving these objections, GemCap will produce a copy of any nonprivileged, nonconfidential notices of shareholder meetings, notices of board of director meetings, shareholder resolutions, shareholder consents, shareholder meeting minutes, board resolutions, board consents, or board meeting minutes of any of the specified entities, if GemCap has any, with permission of the relevant third parties and, if appropriate, subject to an appropriate confidentiality agreement, within ten (10) business days of these responses.

**REQUEST FOR PRODUCTION NO. 89:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Diversified Services (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Diversified Services.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further

GEMCAP LENDING I, LLC'S OBJECTIONS AND                              112
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 90:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Green Leaf (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Green Leaf.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                              113
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 91:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Reinsurance

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    114
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

Appendix A, Page - 167

Partners (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Reinsurance Partners.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

GEMCAP LENDING I, LLC'S OBJECTIONS AND                            115
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 92:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Weskan Agency (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Weskan Agency.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    116
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 93:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Randy Lamberjack, his wife or any attorney or representative acting on behalf of either of them (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Randy Lamberjack, his wife or any attorney or representative acting on behalf of either of them.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    117
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 170**

or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 94:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving James Gatziolis or his attorney or representative (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, James Gatziolis, his attorney or representative.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                                    118
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 95:** Produce all documents in your possession, custody or control that pertain or relate in any way to John Taylor's purchase of Series A Preferred Shares in AIA Services and the authorization and issuance of such shares.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                                119
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

Subject to and without waiving these objections, GemCap will produce a copy of nonprivileged, nonconfidential document(s) referring to John Taylor's possession of Series A stock, with permission of the relevant third parties and, if appropriate, subject to an appropriate confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 96:** Produce all documents in your possession, custody or control that pertain or relate in any way to any instructions, directives or demands to any Defendant or any entity partially or wholly owned by R. John Taylor or any Defendant (e.g., directives for John Taylor to transfer assets to AIA Services or AIA Insurance).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                     120
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 97:** Produce all documents in your possession, custody or control that pertain or relate in any way to any amendments to AIA Services or AIA Insurance bylaws or articles of incorporation.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                  121
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

Subject to and without waiving these objections, GemCap will produce a copy of any nonprivileged, nonconfidential articles of incorporation, bylaws, and amendments thereto, of

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                              122
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 175**

AIA Services and AIA Insurance, in its possession, within ten (10) business days of these responses.

**REQUEST FOR PRODUCTION NO. 98:** Produce all documents in your possession, custody or control that pertain or relate in any way to any compensation or payments from or by Hudson Insurance to any Defendant or entity partially or wholly owned by any Defendant that relate in any way to Growers National Cooperative (including, without limitation, payments received to resolve any lawsuits involving Growers National Cooperative).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                   123
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 99:** Produce all documents in your possession, custody or control that pertain or relate in any way to any compensation or payments made to any of the Defendants, including, without limitation, director fees, salaries, reimbursements, the advancement or payment of attorneys' fees and costs for any lawsuit or legal representation, the payment of services, bonuses and benefits.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    124
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 100:** Produce all documents that relate in any way to your communications with any of your members, managers or investors that relates in any way to any of the Defendants, the subject matter of this lawsuit, the subject matter of the loans that you made to CropUSA and CropUSA Insurance Services, the guarantees involving AIA Services or AIA Insurance and any settlement or other agreement relating in any way to any one or more of the Defendants.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    125
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 101:** Produce all documents that are in your possession, custody or control that relate in any way to the sale or transfer of any real property or personal property to R. John Taylor or Debra Hopson Taylor (including, without limitation, all documents that pertain to the title to the house on Prospect in Lewiston, Idaho being titled solely in the name of Debra Hopson Taylor).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    126
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 102:**  Produce all documents that are in your possession, custody or control that relate in any way to any agreements between R. John Taylor and Debra Hopson Taylor (including, without limitation, any pre-marital or post-marital agreements).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                     127
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 103:**  Produce all documents that are in your possession, custody or control that relate in any way to any bank accounts, assets, foreign country bank accounts or any other asset located in a foreign country in the name of R. John Taylor and/or Debra Hopson Taylor, any other Defendant or any entity partially or wholly

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                        128
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 181**

owned by any one or more of the Defendants, or any entity or trust established on the behalf of any of the foregoing parties.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it

GEMCAP LENDING I, LLC'S OBJECTIONS AND                     129
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 182**

is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 104**: To the extent that you maintain any of the transactions, acts and/or omissions were proper alleged in the Third Amended Complaint in this lawsuit (and any subsequently amended complaint in this lawsuit), produce all documents that are in your possession, custody or control that support your contentions.

**RESPONSE**: In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, overly broad, cumulative, and duplicative. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request as seeking documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product and because it is unreasonably cumulative and duplicative of other requests. *See also* Response to Interrogatory No. 1.

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    130
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

Appendix A, Page - 183

**REQUEST FOR PRODUCTION NO. 105:** Produce all documents that support your defenses or affirmative defenses to the allegations, claims, causes of action and relief Requested in this lawsuit, including, without limitation, any defenses that the board of directors or shareholders of AIA Services or AIA Insurance properly authorized or consented to any transaction or action.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, overly broad, cumulative, and duplicative. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request as seeking documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request as seeking documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product and because it is unreasonably cumulative and duplicative of other requests. *See also* Response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 106:** Produce all documents that are in your possession, custody or control pertain or relate in any way to the billing records of Mooney

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    131
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

Wieland Smith & Rose PLLC, Wieland Perdue PLLC, and/or Wieland Law PLLC and any and all payments made to Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, or Wieland Law PLLC (including the source and amounts of such payments).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                        132
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 107:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and documents provided to or received from, any attorney, paralegal, expert witness, consultant, agent or other representative of Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, and/or Wieland Law PLLC (including Steve Wieland and Shawnee Perdue).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                          133
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 108:** Produce all documents that are in your possession, custody or control pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and documents provided to or received from, any attorney, paralegal, expert witness, consultant or other representative of McNaul Ebel Nawrot & Helgren PLLC (including Greg Hollon or Avi Lipman) or any other attorney, paralegal, agent, consultant, expert witness or other representative acting on behalf of Cairncross & Hemplemann.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case.

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                       134
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 109:** Produce all documents that are in your possession, custody or control pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and documents provided to or received from, Alan Coalson (or any entity to which he has practiced, together with any agents or employees of such entity).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this

GEMCAP LENDING I, LLC'S OBJECTIONS AND                           135
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 110:** Produce all documents that are in your possession, custody or control pertain or relate in any way to the source or the use of the funds, loans, assets, trade secrets, employees, agents, facilities, labor and any other item or thing of value to fund or operate CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Reinsurance Partners, Green Leaf, Pacific Empire Holdings and any other entity partially or wholly owned by R. John Taylor or any one or more of the other Defendants.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    136
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 189**

to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 111:** Produce all documents that are in your possession, custody or control pertain or relate in any way to cash or assets that John Taylor or any other Defendant has contributed or advanced to CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Reinsurance Partners, Weskan Agency, Green Leaf, PERC,

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    137
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

Pacific  Empire Holdings or any other entity partially or wholly owned by any one or more of the Defendants.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    138
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 191**

is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 112:** Produce all documents that are in your possession, custody or control pertain or relate in any way to the financial statements, assets, debts and/or tax returns (including state and federal returns, all attachments and scheduled thereto, including amendments) of John Taylor, Connie Henderson, James Beck, Mike Cashman, JoLee Duclos, CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Weskan Agency, Reinsurance Partners, PERC, Pacific Empire Holdings, Green Leaf or any other entity partially or wholly owned by any one or more of the Defendants.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    139
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 113:** Produce all documents that are in your possession, custody or control that you have not produced in response to any other Requests for Production that pertain or relate in any way to AIA Services, AIA Insurance, Growers National Cooperative, Pacific Empire Holdings, Green Leaf, Reinsurance Partners, Hudson Insurance, Diversified Services, Crop USA, Crop USA Insurance Services or any one or more of the other Defendants.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus

GEMCAP LENDING I, LLC'S OBJECTIONS AND                          140
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 114:** Produce all documents that are in your possession, custody or control that relate in any way to the sums owed to you, and all payments to you, by CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance or R. John Taylor (including the present balance and all payments made pursuant to the terms of any Settlement Agreement).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this

GEMCAP LENDING I, LLC'S OBJECTIONS AND                        141
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 194**

Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 115:** Produce all documents that are in your possession, custody or control that relate in any way to any investigations conducted by you relating in any way to CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Green Leaf, Reinsurance Partners, PERC, Pacific Empire Holdings, R. John Taylor, any of the other Defendants or any entity partially or wholly owned by R. John Taylor or any one or more of the other Defendants.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                          142
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

vague, burdensome, and overly broad, as it seeks "all" documents that "relate" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 116:** Produce all documents that are in your possession, custody or control that relate in any way to any due diligence or other actions taken by you to ensure that the guarantees executed by AIA Services and AIA Insurance in

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    143
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

connection with your loans to CropUSA and CropUSA Insurance Services were properly and duly authorized by the required board of directors and/or shareholders of AIA Services and AIA Insurance.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                144
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 117:** Produce all documents that are in your possession, custody or control that relate in any way to the attorneys' fees, expert fees, costs and expenses incurred by you or on your behalf for any litigation involving any one or more of the Defendants (including, without limitation, copies of all billing records and statements), including as to all such expenses incurred in *GemCap Lending I, LLC v. CropUSA Insurance Agency, Inc., et al.* (filed in U.S. District Court in California).

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets,

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                    145
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 118:** Produce all documents that are in your possession, custody or control that relate in any way to any and all settlement agreements or any other agreements or financial arrangements entered into in connection with *GemCap Lending I, LLC v. CropUSA Insurance Agency, Inc., et al.* (filed in U.S. District Court in California), including, without limitation, all information relating to the calculation of all fees, costs, penalties, interest and the balance owed under the terms of any Settlement Agreement.

**RESPONSE:** In addition to its Recurring Objections, GemCap objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" "in any way." GemCap also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. GemCap further objects to this Request as vague, ambiguous, and unclear, as it is unclear exactly what documents this Request seeks. GemCap further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. GemCap further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. GemCap further objects to

GEMCAP LENDING I, LLC'S OBJECTIONS AND                                           146
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 199**

this Request because it purports to seek documents containing private information about third parties, whose privacy interests GemCap is obligated to protect. GemCap further objects to this Request because it seeks documents containing confidential and proprietary information about GemCap, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, GemCap further objects to it as burdensome. GemCap further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case.

DATED this 11th day of August, 2017.

**ANDERSEN SCHWARTZMAN WOODARD BRAILSFORD PLLC**

    /s/ *Alyson A. Foster*
Alyson A. Foster
Counsel for GemCap Lending I, LLC

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    147
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

**Appendix A, Page - 200**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of August 2017, I served the above document by email as follows:


Roderick Cyr Bond

rod@roderickbond.com


*/s/ Alyson A. Foster*
Alyson A. Foster
Counsel for GemCap Lending I, LLC

GEMCAP LENDING I, LLC'S OBJECTIONS AND                    148
RESPONSES TO PLAINTIFF DALE L. MIESEN'S FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS