Jeffrey A. Thomson ISB # 3380
jat@elamburke.com
Loren C. Ipsen ISB #1767
lci@elamburke.com
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
P.O. Box 1539
Boise, Idaho 83701
Telephone: (208) 343-5454
Facsimile: (208) 384-5844

Attorneys for Defendants Hawley Troxell Ennis & Hawley LLP,
Gary D. Babbitt, D. John Ashby and Richard A. Riley

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.; <br><br> Plaintiff, <br> v. <br><br> CONNIE TAYLOR HENDERSON, an individual; JOLEE DUCLOS, an individual; HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY BABBITT, an individual; D. JOHN ASHBY, an individual; RICHARD A. RILEY, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual; R JOHN TAYLOR, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; and AIA INSURANCE, INC., an Idaho corporation; CROP USA INSURANCE SERVICES, LLC, an Idaho limited liability company; and GEMCAP LENDING I, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 1:10-cv-00404-CWD <br><br> DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A. RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES |

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A. RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES - 1

CROP USA INSURANCE AGENCY, INC., an Idaho corporation; CONNIE TAYLOR HENDERSON, an individual; JOLEE DUCLOS, an individual; R. JOHN TAYLOR, an individual; MICHAEL WE. CASHMAN SR., an individual; JAMES BECK, an individual,

    Third-Party Plaintiffs.

v.

REED TAYLOR, an individual;

    Third-Party Defendant.

STATE OF IDAHO    )
                        : ss.
County of Ada     )

    Gary D. Babbitt, D. John Ashby, Richard A. Riley and Hawley, Troxell, Ennis & Hawley, LLP ("HTEH Defendants), being first duly sworn upon oath, depose and make the following answers to the interrogatories contained within *Plaintiff Dale L. Miesen's First Set of Interrogatories and Requests for Production of Documents to Defendants Gary D. Babbitt, D. John Ashby, Richard A. Riley and Hawley Troxell Ennis & Hawley, LLP*, dated July 8, 2017, pursuant to Rules 26 and 33(a) of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

    1.    HTEH Defendants object to the extent that these interrogatories are framed to seek information which is not specific to Plaintiff's claims and are irrelevant to the issues pled in Plaintiff's Complaint and are not reasonably calculated to lead to the discovery of admissible evidence.

    2.    HTEH Defendants object to the instructions contained in *Plaintiff Dale L. Miesen's First Set of Interrogatories and Requests for Production of Documents to Defendants*

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A. RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 2

*Gary D. Babbitt, D. John Ashby, Richard A. Riley and Hawley Troxell Ennis & Hawley, LLP* ("Discovery Requests") to the extent they seek discovery of information that includes information and documents protected by the attorney-client privilege (including but not limited the joint defense or common interest privilege), work product doctrine, and documents which contain the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of a party concerning litigation.

3. HTEH Defendants object to the instructions contained in *Plaintiff Dale L. Miesen's First Set of Interrogatories and Requests for Production of Documents to Defendants Gary D. Babbitt, D. John Ashby, Richard A. Riley and Hawley Troxell Ennis & Hawley, LLP* to the extent they purport to demand discovery on terms, or to impose obligations upon the HTEH Defendants, which are beyond the scope of, or different from, the provisions governing discovery under the Federal Rules of Civil Procedure.

4. HTEH Defendants have not completed their investigation and discovery or their preparation for trial. All responses are based only upon such information and documents as are presently available and specifically known to the HTEH Defendants. The following responses are made in an effort to supply as much factual information and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of the HTEH Defendants in relation to further discovery, research or analysis.

Further discovery, independent investigation, legal research, expert consultation and analysis may supply additional facts, and establish entirely new factual conclusions or legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth below. The following responses are therefore given without prejudice to the HTEH Defendants' right to amend any response as necessary. Furthermore, the following

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A. RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 3

Appendix - A, Page - 261

responses are given without prejudice to the HTEH Defendants' right to present at trial further documentary or oral evidence not yet obtained or completed.

5. HTEH Defendants object to the Discovery Requests to the extent that they seek information and/or documents which are a matter of public knowledge of Plaintiff or his agents, or are otherwise equally available to Plaintiff.

6. HTEH Defendants object to the Discovery Requests and to each and every individual request contained therein, to the extent that it seeks private, confidential, trade secret, or proprietary information, or to the extent disclosure would violate the right to privacy of non-parties.

7. HTEH Defendants object generally to the Discovery Requests which call for information not reasonably calculated to lead to the discovery of admissible evidence on the grounds that they are overly broad and unduly burdensome.

8. Each response is given subject to all appropriate objections (including but not limited to, objections of relevancy, materiality, authenticity and admissibility) which will require the exclusion or limitation of any statement contained or document referred to herein if the statement was made or the document was offered in court. All such objections and grounds therefore are reserved and may be interposed at the time of trial. Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred.

9. HTEH Defendants intend to screen all materials to be released to Plaintiff to remove privileged matters; however, there is a possibility that privileged information may have been inadvertently disclosed. By accepting any production, Plaintiff agrees that, to the extent there is any inadvertent disclosure of privileged information, it shall not constitute any waiver or privileges and all such material shall be immediately returned to the HTEH Defendants, c/o Elam

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A. RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES - 4

& Burke, P.A. HTEH Defendants reserve the right to object to the introduction into evidence before the Court at any time before trial or at trial of information that is privileged under law and that has been revealed or produced inadvertently. HTEH Defendants do not, by responding to these Discovery Requests, waive any claim of privilege or right to assert attorney work product.

10. These General Objections are incorporated by this reference to each discovery answer below.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** If you provided any advice to any Defendant in connection with: (a) any decision made by one or more of the Defendants as an officer or director of AIA Services or AIA Insurance; (b) any decision made by any of the Defendants pertaining to a transaction; (c) any decision made by any of the Defendants in any lawsuit; or (d) a decision resulting from any other form of legal representation; upon which such advice the Defendant relied upon such advice to make a decision (e.g., advice of counsel), please state with particularity the advice that you provided, when such advice was provided, and identify any documents that you provided in connection with such advice.

**ANSWER:** These answering defendants object to Interrogatory No. 1 on the grounds that any communications with or advice provided by these answering defendants to any officer, director, employee or other agent or representative of AIA Services Corporation, CropUSA Insurance Agency, Inc., AIA Insurance, Inc., or any other defendant in the above-captioned action, are protected from discovery by the attorney-client privilege (including but not limited to the common interest or joint defense privilege), the work-product doctrine, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A. RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES - 5

**INTERROGATORY NO. 2:** Identify the defenses and claims (if any) that you have in this lawsuit (regardless of whether or not such defenses are affirmative defenses). For each such defense, state with particularity the legal and factual basis that supports each such defense or claim.

**ANSWER:** These answering defendants object to Interrogatory No. 2 on the grounds that such interrogatory is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, these answering defendants respond that they did not commit the acts or omissions alleged against them in the Third Amended Complaint, that any acts or omissions of these answering defendants were not negligent or intentionally wrongful, and that any acts or omissions of these answering defendants were not the proximate cause of any damages alleged suffered by the plaintiff, AIA Services Corporation or AIA Insurance, Inc. In addition, these answering defendants possess certain affirmative defenses predicated upon the following legal and factual grounds:

1. Statutes of Limitations: The allegations of the Third Amended Complaint are based up occurrences which took place, and some damages that were allegedly suffered, more than two, three or four years prior to the filing of the Complaint in this action and are, therefore, barred by the 2-year statute of limitation set forth in Idaho Code § 5-218, the 3-year statute of limitation set forth in Idaho Code § 5-219 or the 4-year statute of limitation set forth in Idaho Code § 5-224.

2. Res Judicata/Collateral Estoppel: Reed J. Taylor or those acting in concert or participation with him have previously litigated the claims arising out the same events or series

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A. RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES - 6

Appendix - A, Page - 264

of events in three prior lawsuits. All claims of Reed J. Taylor against these answering defendants have been finally adjudicated against him. Plaintiff, AIA Services Corporation and AIA Services are precluded by the doctrine of virtual representation from seeking to relitigate any of such claims.

    3.    Failure to Allege Fraud with Particularity as Required by Rule 9(b). Plaintiff has failed to allege the specifics of his claims for fraud, constructive fraud, conspiracy to commit fraud or aiding and abetting fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

    4.    Lack of Standing: Plaintiff Dale Miessen lacks standing to bring the above-captioned action because AIA Services Corporation and AIA Insurance, Inc., are insolvent. Any recovery in the present action would be payable to AIA Services Corporation, and the amount thereof would be subject firs to the satisfaction of the creditors of the corporation, primarily GemCap Lending I, LLC. In no event would plaintiff Miesen be entitled to receive part of any recovery in this action.

    5.    Plaintiff Is Not the Real Party in Interest: Plaintiff Miesen is not the real party in interest but is acting merely as the surrogate, agent or co-conspirator of Reed J. Taylor.

    6.    Unclean Hands: Plaintiff is seeking equitable relief, including inter alia, a declaration that the GemCap loan is invalid and unenforceable, but AIA Services Corporation and AIA Insurance have not repaid and do not propose to repay the GemCap loan or to refund to GemCap any funds received from it.

    7.    Deficient Shareholder Demands: The shareholder demands made upon AIA Services were so vague, all-encompassing and unspecific as to fail to request any specific corporate action.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A. RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES - 7

8.  Other Suits Pending: Donna Taylor has filed other lawsuits against certain of the defendants in this action seeking relief upon essentially the same claims or allegations upon which the present action is based.

9.  Federal Abstention: The allegations of the Third Amended Complaint are the subject matter within the jurisdiction of the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County. The federal courts should abstain from acting on a matter within the prior jurisdiction of the state courts.

10. Rejection of Shareholder Demands: AIA Services Corporation rejected the purported shareholder demands of plaintiff Miesen or those acting in concert and participation with him.

11. Litigation Privilege: The acts of the Hawley Troxell defendants with respect to any prior litigation involving the claims of Reed J. Taylor are privileged.

12. Waiver: AIA Services Corporation directed the actions of the Hawley Troxell defendants, particularly with respect to litigation in which such defendants represented the corporation. By its own acts, AIA Services Corporation waived any claim it may have against its attorneys for following the instructions of AIA Services Corporation.

13. Judicial Estoppel: AIA Services Corporation is estopped from asserting positions in the present case which are contrary to or inconsistent with those it asserted in prior litigation, specifically in the case of *Reed Taylor v. AIA Services Corp., et al.*, Case No CV 07-00208 in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, for purposes of gaining an advantage in such prior litigation.

14. Quasi-estoppel: Alternatively, the doctrine of quasi-estoppel precludes AIA Services Corporation from asserting positions in the present case which are contrary to or

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A. RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES - 8

inconsistent with those it asserted in prior litigation, specifically in the case of *Reed Taylor v. AIA Services Corp., et al.*, Case No CV 07-00208 in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.

15.  Equitable Estoppel: Alternatively, the doctrine of equitable estoppel precludes AIA Services Corporation from asserting positions in the present case which are contrary to or inconsistent with those it asserted in prior litigation, specifically in the case of *Reed Taylor v. AIA Services Corp., et al.*, Case No CV 07-00208 in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.

16.  Failure to Mitigate: AIA Services Corporation has failed to take action to refund any advances to GemCap Lending I, LLC, or to otherwise avoid or minimize its losses.

17.  Nonjoinder of Parties: The plaintiff has failed to join a responsible party, Reed J. Taylor, to the litigation.

18.  Comparative Negligence or Fault: The acts or omissions of AIA Services Corporation were the proximate cause of any damages sustained by the corporation.

19.  Negligence or Fault of Third Party: The acts or omission of third parties, including Reed J. Taylor, were the proximate cause of any damages sustained by AIA Services Corporation.

20.  Lack of Due Process: The Hawley Troxell defendants are precluded by attorney-client privilege from using client communications in their own defense and, therefore, have been deprived of due process. AIA Services Corporation has not waived such privilege or consented to disclosure of otherwise privileged communications by the Hawley Troxell defendants.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A. RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES - 9

Appendix - A, Page - 267

21. Agent Immunity: As litigation counsel for AIA Services Corporation, the Hawley Troxell Defendants acted as agents of the corporation and are immune from claims of their principal base on instructions provided or ratified by the principal.

22. In Pari Delicto: Any acts of the Hawley Troxell defendants were known to and approved by the directors, officers and employees of AIA Services Corporation and thus are imputed to the corporation. Any damages alleged sustained by the corporation were the direct and proximate result of its own actions.

23: Untimely Shareholder Demands: The shareholder demands upon which the plaintiff purports to base his claims were not served upon AIA Services Corporation before filing suit, as required by Idaho law.

24. Laches: To the extent the plaintiff seeks equitable relief, the plaintiff has unduly delayed in asserting such claims. The applicable period for application of the doctrine of laches should be predicated on the statutes of limitation applicable to claims for analogous legal relief.

25. Inadequate or Unsuitable Shareholder Representative: Dale Miesen is not acting on behalf of or in the interest of AIA Services Corporation, but in his own interest. Thus, he is imbued with an irreconcilable conflict of interest which disqualifies him from purporting to act on behalf of the corporation.

**INTERROGATORY NO. 3:** If you assert any common interest or joint defense privilege, state with particularity the parties who are, or were, a party to each such privilege and the specific common interest(s) or joint defense(s) that you share or shared.

**ANSWER:** These answering defendants object to Interrogatory No. 3 to the extent such interrogatory is not limited to the above-captioned case on the grounds that such interrogatory is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A. RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 10

Appendix - A, Page - 268

Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the discovery of information that (a) is outside of any time frame relevant to the subject matter of this action, (b) is not calculated to lead to the discovery of admissible evidence, or (c) relates to other lawsuits or proceedings involving any of the defendants. Subject to and without waiving the foregoing objections, these answering defendants respond that they share a common interest privilege with one another and with all other defendants in the above-captioned case for the purpose of defending themselves against the allegations of the Third Amended Complaint. All communications among the defendants or their respective counsel for the purpose of or related to defending against the allegations asserted in the Third Amended Complaint or otherwise alleged in this action are privileged.

DATED this _____ day of August, 2017.

_____
Gary D. Babbitt

SUBSCRIBED AND SWORN to before me this _____ day of August, 2017.

_____
Notary Public for Idaho
Residing at: _____
My Commission Expires: _____

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A. RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 11

DATED this _____ day of August, 2017.

_____
D. John Ashby

SUBSCRIBED AND SWORN to before me this _____ day of August, 2017.

_____
Notary Public for Idaho
Residing at: _____
My Commission Expires: _____

DATED this _____ day of August, 2017.

_____
Richard A. Riley

SUBSCRIBED AND SWORN to before me this _____ day of August, 2017.

_____
Notary Public for Idaho
Residing at: _____
My Commission Expires: _____

DATED this _____ day of August, 2017.

Hawley Troxell Ennis & Hawley LLP

_____
By: Craig L. Meadows
Title: _____

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A. RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 12

SUBSCRIBED AND SWORN to before me this _____ day of August, 2017.

_____
Notary Public for Idaho
Residing at: _____
My Commission Expires: _____

As to objections only:

ELAM & BURKE, P.A.

By: _/s/ Loren C. Ipsen_____
Loren C. Ipsen, Of the Firm
Attorneys for Defendants Hawley Troxell
Ennis & Hawley LLP, Gary D. Babbitt, D.
John Ashby, and Richard A. Riley

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A. RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES - 13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the  7th  day of August, 2017, I caused a true and correct copy of the foregoing document to be served as follows:

| | |
|---|---|
| Roderick C. Bond<br>Roderick Bond Law Office, PLLC<br>601 108th Ave. NE, Suite 1900<br>Bellevue, WA 98004 | ____ U.S. Mail<br>____ Hand Delivery<br>____ Federal Express<br>__✓__ Via Email by Agreement:<br>rod@roderickbond.com |
| Alyson A. Foster<br>Andersen Schwartzman Woodard Brailsford, PLLC<br>101 S. Capitol Blvd., Suite 1600<br>Boise, ID 83702 | ____ U.S. Mail<br>____ Hand Delivery<br>____ Federal Express<br>__✓__ Via Email by Agreement:<br>aaf@aswblaw.com |
| R. John Taylor<br>AIA Services Corporation<br>AIA Insurance, Inc.<br>P.O. Box 538<br>Lewiston, ID 83501 | ____ U.S. Mail<br>____ Hand Delivery<br>____ Federal Express<br>__✓__ Via Email by Agreement:<br>jtaylor@cropusainsurance.com |

_____
Loren C. Ipsen

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A. RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 14