Jeffrey A. Thomson ISB # 3380
jat@elamburke.com
Loren C. Ipsen ISB #1767
lci@elamburke.com
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
P.O. Box 1539
Boise, Idaho 83701
Telephone:  (208) 343-5454
Facsimile:  (208) 384-5844

Attorneys for Defendants Hawley Troxell Ennis & Hawley LLP,
Gary D. Babbitt, D. John Ashby and Richard A. Riley

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.;<br><br>     Plaintiff,<br><br>v.<br><br>CONNIE TAYLOR HENDERSON, an individual; JOLEE DUCLOS, an individual; HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY BABBITT, an individual; D. JOHN ASHBY, an individual; RICHARD A. RILEY, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual; R JOHN TAYLOR, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; and AIA INSURANCE, INC., an Idaho corporation; CROP USA INSURANCE SERVICES, LLC, an Idaho limited liability company; and GEMCAP LENDING I, LLC, a Delaware limited liability company,<br><br>     Defendants. | Case No. 1:10-cv-00404-CWD<br><br>DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION |

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 1

CROP USA INSURANCE AGENCY, INC.,
an Idaho corporation; CONNIE TAYLOR
HENDERSON, an individual; JOLEE
DUCLOS, an individual; R. JOHN TAYLOR,
an individual; MICHAEL WE. CASHMAN
SR., an individual; JAMES BECK, an
individual,

      Third-Party Plaintiffs.

v.

REED TAYLOR, an individual;

      Third-Party Defendant.

Gary D. Babbitt, D. John Ashby, Richard A. Riley and Hawley Troxell Ennis & Hawley

LLP(hereinafter "HTEH Defendants"), by and through their attorneys of record Elam & Burke,

P.A., hereby submit the following amended and supplemental objections and responses to the

requests for production of documents contained within *Plaintiff Dale L. Miesen's First Set of*

*Interrogatories and Requests for Production of Documents to Defendants Gary D. Babbitt, D.*

*John Ashby, Richard A. Riley and Hawley Troxell Ennis & Hawley, LLP*, dated July 8, 2017,

2014, pursuant to Rule 26(b) and Rule 34(a) of the Idaho Rules of Civil Procedure.

## GENERAL OBJECTIONS

1.      HTEH Defendants object to the "Definitions" and "Instructions" contained in

*Plaintiff Dale L. Miesen's First Set of Interrogatories and Requests for Production of Documents*

*to Defendants Gary D. Babbitt, D. John Ashby, Richard A. Riley and Hawley Troxell Ennis &*

*Hawley, LLP*, to the extent that the same attempt to impose obligations on the HTEH Defendants

that are contrary to or inconsistent with Rules 33 and 34 of the Federal Rules of Civil Procedure

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 2

or that render the interrogatories and requests for production vague, ambiguous, compound, overly broad, unduly burdensome or oppressive.

2.    HTEH Defendants object to each request for production (collectively and interchangeably referred to as "discovery request" or "discovery requests") to the extent it seeks information protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege or exemption.

3    HTEH Defendants object to each discovery request to the extent it seeks confidential client information which the HTEH Defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.

4    HTEH Defendants object to each discovery request to the extent it seeks information not specific to Plaintiff's claims, or is irrelevant to the issues pled in the Third Amended Complaint and not reasonably calculated to lead to the discovery of admissible evidence.

5.    HTEH Defendants object to each discovery request to the extent it is overly broad, unduly burdensome or oppressive.

6.    HTEH Defendants object to each discovery request to the extent it purports to seek information that is not known to the HTEH Defendants, or that would not be located or identified in the course of a search of files that the HTEH Defendants deem reasonably likely to contain responsive information or that are not within the HTEH Defendants' possession, custody or control.

7.    HTEH Defendants object to each discovery request to the extent that words or phrases used by Plaintiff in the discovery request, definitions, or instructions are vague,

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 3

ambiguous, undefined, or otherwise fail to describe the information sought with reasonable particularity such that the HTEH Defendants must speculate as to the information sought.

8.     Nothing in these responses is to be construed as waiving rights or objections which otherwise may be available to the HTEH Defendants, nor should the HTEH Defendants' response to any of the discovery requests be deemed an admission of relevancy, materiality, and/or admissibility in evidence of either the request, the response, or any document produced pursuant thereto.

9.     HTEH Defendants object to each discovery request to the extent it exceeds the scope of discovery allowed under Federal Rule of Civil Procedure 26.

10.     HTEH Defendants expressly incorporate the above general objections in each specific request for production as if set forth in full therein.  A response to an individual request shall not be deemed constitute a waiver of any general objection to such request.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:  Produce all documents evidencing, supporting, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 1.

**RESPONSE**:  These answering defendants object to Request for Production No. 1 on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 4

which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional

Responsibility from disclosing in the absence of client consent to disclosure.   These answering

defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2)

all correspondence and written communications between counsel for the plaintiff, Roderick C.

Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests

for production and responses to requests for admissions, (4) all copies of documents produced in

pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal

briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel,

Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First

Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a)

Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County

("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case

No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in

and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols*

*and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 5

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,*

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County.   Subject to and without waiving such objections, please see

documents produced in response to Request for Production No. 4.

    **REQUEST FOR PRODUCTION NO. 2**:  Produce all documents evidencing,

supporting, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 2.

    **RESPONSE**:   These answering defendants object to Request for Production No. 2 on

the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the

scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the

production of documents that (a) are outside of any time frame relevant to the subject matter of

this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected

from discovery by the attorney-client privilege, joint defense or common interest privilege,

work-product doctrine or other applicable privilege, immunity or protection from disclosure

provided by statute, rule, decision or other source, (d) constitute confidential client information

which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional

Responsibility from disclosing in the absence of client consent to disclosure.   These answering

defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2)

all correspondence and written communications between counsel for the plaintiff, Roderick C.

Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests

for production and responses to requests for admissions, (4) all copies of documents produced in

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 6

pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal

briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel,

Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First

Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a)

Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County

("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case

No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in

and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols*

*and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,*

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 7

in and for Nez Perce County   Subject to and without waiving such objection, please see

documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 3:**  Produce all documents evidencing,

supporting, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 3,

including, without limitation, privilege and work product logs.

**RESPONSE:**   These answering defendants object to Request for Production No. 3 on

the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the

scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the

production of documents that (a) are outside of any time frame relevant to the subject matter of

this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected

from discovery by the attorney-client privilege, joint defense or common interest privilege,

work-product doctrine or other applicable privilege, immunity or protection from disclosure

provided by statute, rule, decision or other source, (d) constitute confidential client information

which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional

Responsibility from disclosing in the absence of client consent to disclosure.  These answering

defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2)

all correspondence and written communications between counsel for the plaintiff, Roderick C.

Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests

for production and responses to requests for admissions, (4) all copies of documents produced in

pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal

briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel,

Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First

Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a)

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 8

Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.   Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 4:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 9

and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, corporate governance, shareholder meetings, board meetings, and communications) for AIA Services from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**   These answering defendants object to Request for Production No. 4 on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege,  joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 10

of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County

("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case

No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in

and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols*

*and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,*

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County.   Subject to and without waiving the foregoing objections,

produced herewith are the following documents, Bates stamped as indicated:

HCC 00001 – HCC 00930

AIA 0001000 – AIA 0001245

AIA 0001246 – AIA 0001653

AIA 0001654 – AIA 0001824

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 11

AIA 001825 – AIA 0002087

AIA 0002088 – AIA 00002661

AIA 0002662 –AIA 0003131

AIA 0003132 – AIA 0003490

AIA 0027231 – AIA 0027675

AIA 0027676 – AIA 0027692

AIA 0027693 – AIA 0027705

AIA0027880 –AIA 0028555

AIA 0029208 – AIA 0029305

AAA 0001473 – AAA 0001610 (Discovery Vol. 1-Nez Perce Case # CV-07-00208)

AAA 0001611- AAA 0001693 (Discovery Vol. 2-Nez Perce Case # CV-07-00208)

AAA 0001694 – AAA 0001955 (Discovery Vol. 3-Nez Perce Case # CV-07-00208)

AAA 0001956 – AAA 0001984 (Discovery Vol. 4-Nez Perce Case # CV-07-00208)

AAA 0002306 – AAA 0002307

AIA 0025153 – AIA 0025342 (AAA0002308–AAA0002726)

AIA 0025471 – AIA 0025481 (AAA0004817–AAA0004910)

AIA 0025386 – AIA 0025387 (AAA0004911–AAA0004912)

AIA 0025378 – AIA 0025385 (AAA0004913–AAA0004948)

AIA 0000132297 (AAA0004949)

AIA0028203 – AIA 0028209 (AAA0004950–AAA0004956)

AIA 0027725 – AIA 0027756 (AAA0004957–AAA0004988)

AIA 0028164 – AIA 0028165 (AAA0004989–AAA0004990)

AIA 0028660 – AIA 0029134 (AAA0004991–AAA0005048)

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 12

AIA 0029135 – AIA 0029193 (AAA0005049–AAA0005107)

AIA 0029316 – AIA 0029319 (AAA0005108–AAA0005111)

AIA 0029320 – AIA 0029328 (AAA0005112–AAA0005120)

AIA 0029329 – AIA 0029344 (AAA0005121–AAA0005136)

AIA 0029345 – AIA 0029349 (AAA0005137–AAA0005141)

AIA 0027725 – AIA 0027756 (AAA0005142–AAA0005173)

AIA 0003693 – AIA 0003707 (AAA0005174–AAA0005188)

AIA 0025343 – AIA 0025349 (AAA0005189–AAA0005195)

AIA 0025304 – AIA 0025327 (AAA0005196–AAA0005219)

AIA 0025328 – AIA 0025342 (AAA0005220–AAA0005234)

AIA 0003709 – AIA 0003722 (AAA0005235–AAA0005248)

AIA 0012083 (AAA0005249)

AIA 0012048 (AAA0005250)

 AIA 0011912 (AAA0005251)

AIA 0026723 (AAA0005252)

AIA 0027141 – AIA 0027086 (AAA0005263–AAA0005279)

AAA 0005280-AAA 0005286

AIA 000021 – AIA 000045  (AAA0005287–AAA0005311)

AIA 00024829 – AIA 00024831 (AAA0005313–AAA0005315)

AIA 0002288 – AIA 0002292 (AAA0005316–AAA0005320)

AIA 0002293 – AIA 002294 (AAA0005321–AAA0005322)

AIA 0002287 (AAA0005323)

AIA 002283 – AIA 0002286 (AAA0005324–AAA0005327)

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 13

AIA 0029194 – AIA 00029207 (AAA0005328–AAA0005341)

AIA 0025181 – AIA 0025223 (AAA0005342–AAA0005384)

AIA 0000000095 (AAA0005385)

AIA 0000000096 – AIA 0000000115 (AAA0005386–AAA0005405)

AIA 0000000116 (AAA0005406)

AIA 0000000117 (AAA0005407)

AIA 0000000122 – AIA 0000000130 (AAA0005412–AAA0005420)

AIA 0000000131 – AIA 0000000137 (AAA0005421–AAA0005427)

AIA 0000000138 – AIA 0000000142 (AAA0005428–AAA0005432)

AIA 0000000001 – AIA 0000000010 (AAA0005433–AAA0005442)

AIA 0000000011 – AIA 0000000046 (AAA0005443–AAA0005478)

AIA 0000000047 (AAA0005479)

AIA 0000000048 – AIA 0000000050 (AAA0005480–AAA0005482)

AIA 0000000051 – AIA 0000000061 (AAA0005483–AAA0005493)

AIA 0000000062 – AIA 0000000070 (AAA0005494–AAA0005502)

AIA 0000000071 – AIA 0000000093 (AAA0005503–AAA0005525)

AIA 0000000094 (AAA0005526)

AIA 0028015 – AIA 0028064 (AAA0005527–AAA0005576)

AIA 0028065 – AIA 0028072 (AAA0005577–AAA0005584)

AIA 0002342 – AIA 0002353 (AAA0005585–AAA0005596)

AIA 0000132733 (AAA0005597)

AIA 0000133025 - AIA 0000133207 (AAA0005598–AAA0005600)

AIA 0000133073 (AAA0005601)

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 14

AIA 0000133170 (AAA0005602)

AIA 0000212941 (AAA0005603)

AIA 0000213131 – AIA 0000213132 (AAA0005604–AAA0005605)

AIA 0000213329 – AIA 0000213331 (AAA0005606–AAA0005608)

AIA 0000213389 – AIA 0000213390 (AAA0005609–AAA0005610)

AIA 0000230607 (AAA0005611)

AIA 0000231261 (AAA0005612)

AIA 0000231465 (AAA0005613)

AIA 0000231840 – AIA 0000231841 (AAA0005614–AAA0005615)

AIA 0000235318 – AIA 0000235319 (AAA0005616–AAA0005617)

AIA 0002614 – AIA 0002620 (AAA0005618–AAA0005624)

AIA 001469 – AIA 001491 (AAA0005625–AAA0005647)

AIA 0002624 – AIA 0002626 (AAA0005648–AAA0005650)

AIA 000182 – AIA 000224 (AAA0005697–AAA0005739)

AIA 000139 – AIA 000181 (AAA0005740–AAA0005782)

AIA 000111 – AIA 000138 (AAA0005783–AAA0005810)

AIA 000080 – AIA 000110 (AAA0005811–AAA0005841)

AIA 0001011 (AAA0005842)

AIA 000075 – AIA 000079 (AAA0005843–AAA0005847)

AIA 000049 – AIA 000074 (AAA0005848–AAA0005873)

AIA 000016 – AIA 000020 (AAA0005874–AAA0005878)

AIA 000011 – AIA 000015 (AAA0005879–AAA0005883)

AIA 000001 – AIA 000005 (AAA0005884–AAA0005888)

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 15

AIA 000229 – AIA 000243 (AAA0005889-AAA0005903)

AIA 000422 – AIA 000436 (AAA0005904–AAA0005918)

AIA 001469 – AIA 001491 (AAA0005977–AAA0005999)

AIA 0001157 – AIA 0001214 (AAA0006025–AAA0006082)

AIA 000806 – AIA 000807 (AAA0006084–AAA0006085)

AIA 000243 (AAA0006086)

AIA 000433 (AAA0006087)

AIA 000232 (AAA0006088)

AIA 000006 – AIA 000010 (AAA0006090–AAA0006094)

AIA 000021 – AIA 000045 (AAA0006095–AAA0006119)

AIA 001080 – AIA 001099 (AAA0006120–AAA0006139)

EB-HT 000001 – EB-HT 013055

RJT 00001 – RJT 00001603

RJT-AIA 01-RJT-AIA 1656

TAYLOR 000001 – TAYLOR 000006

TFBB 000001 – TFBB 022827

GREENWOOD 000001- GREENWOOD 001899 (Depos-Ada Case #CV-OC-2009-

18868)

GREENWOOD  001900 - GREENWOOD 008867 (Discovery-Ada Case #CV-OC-2009-

18868)

GREENWOOD 008868 - GREENWOOD 20979 (Pleadings Ada Case #CV-OC-2009-

18868)

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 16

**REQUEST FOR PRODUCTION NO. 5:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for CropUSA.

**RESPONSE:**    These answering defendants object to Request for Production No. 5 on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege,  joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure. These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 17

Set of Requests for Production, the term "Prior Litigation" means and includes the following: (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"), (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County. Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 6:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 18

books and records (including, without limitation, all documents relating in any way to internal

and external accounting work papers, financial statements, tax returns, loan applications, bank

statements, loan statements, legal files, accounting files, corporate governance, shareholder

meetings, board meetings, and communications) for AIA Insurance from 1993 through and until

the conclusion of this lawsuit.

**RESPONSE:**    These answering defendants object to Request for Production No. 6 on

the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the

scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the

production of documents that (a) are outside of any time frame relevant to the subject matter of

this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected

from discovery by the attorney-client privilege,  joint defense or common interest privilege,

work-product doctrine or other applicable privilege, immunity or protection from disclosure

provided by statute, rule, decision or other source, (d) constitute confidential client information

which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional

Responsibility from disclosing in the absence of client consent to disclosure.  These answering

defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2)

all correspondence and written communications between counsel for the plaintiff, Roderick C.

Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests

for production and responses to requests for admissions, (4) all copies of documents produced in

pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal

briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel,

Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First

Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a)

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 19

Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 7:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 20

and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for CropUSA Insurance Services.

**RESPONSE:**  These answering defendants object to Request for Production No. 7 on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, these answering defendants respond that no documents described in this request for production are in the possession, custody or control of these answering defendants.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 21

term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 8:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 22

books and records (including, without limitation, all documents relating in any way to internal

and external accounting work papers, financial statements, tax returns, loan applications, bank

statements, loan statements, legal files, accounting files, corporate governance, shareholder

meetings, board meetings, and communications) for The Universe Life Insurance Company from

1993 through and until the conclusion of this lawsuit.

**RESPONSE:**    These answering defendants object to Request for Production No. 8 on

the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the

scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the

production of documents that (a) are outside of any time frame relevant to the subject matter of

this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected

from discovery by the attorney-client privilege, joint defense or common interest privilege,

work-product doctrine or other applicable privilege, immunity or protection from disclosure

provided by statute, rule, decision or other source, (d) constitute confidential client information

which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional

Responsibility from disclosing in the absence of client consent to disclosure.  These answering

defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2)

all correspondence and written communications between counsel for the plaintiff, Roderick C.

Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests

for production and responses to requests for admissions, (4) all copies of documents produced in

pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal

briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel,

Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First

Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a)

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 23

Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 9:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 24

and external accounting work papers, financial statements, tax returns, loan applications, bank

statements, loan statements, legal files, accounting files, corporate governance, shareholder

meetings, board meetings, and communications) for Great Fidelity Life Insurance Company

from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**    These answering defendants object to Request for Production No. 9 on

the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the

scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the

production of documents that (a) are outside of any time frame relevant to the subject matter of

this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected

from discovery by the attorney-client privilege, joint defense or common interest privilege,

work-product doctrine or other applicable privilege, immunity or protection from disclosure

provided by statute, rule, decision or other source, (d) constitute confidential client information

which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional

Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and

without waiving the foregoing objections, these answering defendants respond that no documents

described in this request for production are in the possession, custody or control of these

answering defendants.

**REQUEST FOR PRODUCTION NO. 10:**  Produce for inspection and copying all

documents that are in your possession, custody or control that pertain or relate in any way to the

books and records (including, without limitation, all documents relating in any way to internal

and external accounting work papers, financial statements, tax returns, loan applications, bank

statements, loan statements, legal files, accounting files, corporate governance, shareholder

meetings, board meetings, and communications) for Pacific Empire Holdings.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 25

**RESPONSE:**    These answering defendants object to Request for Production No. 10 on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, these answering defendants respond that no documents described in this request for production are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 11:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Growers National Cooperative.

**RESPONSE:**    These answering defendants object to Request for Production No. 11 on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 26

this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected

from discovery by the attorney-client privilege, joint defense or common interest privilege,

work-product doctrine or other applicable privilege, immunity or protection from disclosure

provided by statute, rule, decision or other source, (d) constitute confidential client information

which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional

Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and

without waiving the foregoing objections, these answering defendants respond that no documents

described in this request for production are in the possession, custody or control of these

answering defendants.

**REQUEST FOR PRODUCTION NO. 12:**  Produce for inspection and copying all

documents that are in your possession, custody or control that pertain or relate in any way to the

books and records that relate in any way to any funds, property, assets, labor, rent or other

expense that any Defendant utilized or received from CropUSA, CropUSA Insurance Services,

R. John Taylor, any other Defendant, or any other entity that is partially or wholly owned by R.

John Taylor or any other Defendant (including, without limitation, all documents relating in any

way to internal and external accounting work papers, financial statements, tax returns, loan

applications, bank statements, loan statements, legal files, accounting files, corporate

governance, shareholder meetings, board meetings, and communications) from 1993 through and

until the conclusion of this lawsuit.

**RESPONSE:**  These answering defendants object to Request for Production No. 12 on

the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the

scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the

production of documents that (a) are outside of any time frame relevant to the subject matter of

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 27

this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.    These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 28

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 13:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Green Leaf.

**RESPONSE:**  These answering defendants object to Request for Production No. 13 on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege,

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 29

work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure. Subject to and without waiving the foregoing objections, these answering defendants respond that no documents described in such request for production are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 14:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Reinsurance Partners.

**RESPONSE:** These answering defendants object to Request for Production No. 14 on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure. Subject to and

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 30

without waiving the foregoing objections, these answering defendants respond that no documents described in such request for production are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 15:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for 17 State Street Partners.

**RESPONSE:**  These answering defendants object to Request for Production No. 15 on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, these answering defendants respond that no documents described in such request for production are in the possession, custody or control of these answering defendants.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 31

**REQUEST FOR PRODUCTION NO. 16:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Weskan Agency.

**RESPONSE:**   These answering defendants object to Request for Production No. 7 on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, these answering defendants respond that no documents described in such request for production are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 17:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 32

statements, loan statements, legal files, accounting files, corporate governance, shareholder

meetings, board meetings, and communications) for any entity that R. John Taylor partially or

wholly owns (including any entities that R. John Taylor may form or may partially or wholly

own in the future), including PERC.

    **RESPONSE:**   These answering defendants object to Request for Production No. 17 on

the grounds that such request is vague, ambiguous and fails to define with particularity "any

entities that R. John Taylor may form or may partially or wholly own in the future."

Additionally, these answer defendants object on the grounds that such request is overly broad,

unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of

the Federal Rules of Civil Procedure; and further that such request seeks the production of

documents which (a) are outside of any time frame relevant to the subject matter of this action,

(b) not calculated to lead to the discovery of admissible evidence, (c) are protected from

discovery by the attorney-client privilege, joint defense or common interest privilege, work-

product doctrine or other applicable privilege, immunity or protection from disclosure provided

by statute, rule, decision or other source, (d) constitute confidential client information which

these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional

Responsibility from disclosing in the absence of client consent to disclosure.  These answering

defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2)

all correspondence and written communications between counsel for the plaintiff, Roderick C.

Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests

for production and responses to requests for admissions, (4) all copies of documents produced in

pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal

briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel,

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 33

Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.   See responses to Request for

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 34

Production Nos. 7 through 16 with respect to various entities in which R. John Taylor may own or have owned an interest.

**REQUEST FOR PRODUCTION NO. 18:**  Produce all documents that pertain or relate in any way to your contention that you complied with the applicable Rules of Professional Conduct pertaining to your representation of any of the Defendants in this law suit from 1995 through the conclusion of this lawsuit (including, without limitation, RPC 1.7 and/or RPC 1.8 as to conflicts of interest and the obligations under RPC 1.13 as to the representation of the organizations AIA Services and AIA Insurance).

**RESPONSE:**  These answering defendants object to Request for Production No. 18 on the grounds that such request is vague, ambiguous, or otherwise fails to describe the information sought with reasonable particularity such that the HTEH Defendants must speculate as to the information sought.  Additionally, these answering defendants object on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.   These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 35

Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests

for production and responses to requests for admissions, (4) all copies of documents produced in

pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal

briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel,

Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First

Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a)

Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County

("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case

No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in

and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols*

*and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,*

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 36

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 19:**  Produce all documents that pertain or relate to the state and federal tax returns (including amendments thereto), together with all schedules and attachments thereto, of any entity that R. John Taylor, presently or formerly, partially or wholly owned from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**   These answering defendants object to Request for Production No. 19 on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, these answering defendants respond that no documents described in such request for production are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 20:**  Produce all documents that pertain or relate in any way to your contentions that you did not violate your fiduciary duties owed to AIA Services and AIA Insurance.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 37

**RESPONSE:**   These answering defendants object to Request for Production No. 20 on the grounds that such request is vague, ambiguous, or otherwise fails to describe the information sought with reasonable particularity such that the HTEH Defendants must speculate as to the information sought; that such request is overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and further that such request seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 38

"Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements,*

*Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial

District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v.*

*Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial

District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna*

*J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court

for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District

Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g)

*Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of

the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's

Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No.

CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for

Nez Perce County.  Subject to and without waiving such objection, please see documents

produced in response to Request for Production No. 4.

      **REQUEST FOR PRODUCTION NO. 21:**  Produce all documents that are in your

possession, custody or control that pertain or relate to John Taylor's compensation and

reimbursements from Avista Corp. from 1993 through the conclusion of this lawsuit (including,

without limitation, directors' fees, retainers, stock options, deferred compensation, and restricted

stock).

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 39

**RESPONSE**:  These answering defendants object to Request for Production No. 7 on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, these answering defendants respond that no documents described in such request for production are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 22**:  Produce all documents that are in your possession, custody or control that pertain or relate to R. John Taylor's transfer, sale or other disposition of any real property or personal property to AIA Services, AIA Insurance, any Defendant or any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants from 1993 through the conclusion of this lawsuit (including, without limitation, the real property later quitclaimed to Jordan Taylor and the real property that John Taylor transferred or sold to AIA Services or AIA Insurance).

**RESPONSE**:  These answering defendants object to Request for Production No. 22 on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 40

production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure. Subject to and without waiving the foregoing objections, these answering defendants respond that no documents described in such request for production are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 23:** Produce all documents that are in your possession, custody or control that pertain or relate to any of John Taylor or Connie Henderson's debts, obligations or donations that were paid in full or in part by AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services or Pacific Empire Holdings from 1993 through the conclusion of this lawsuit.

**RESPONSE:** These answering defendants object to Request for Production No. 23 on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 41

which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional

Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and

without waiving the foregoing objections, these answering defendants respond that no documents

described in such request for production are in the possession, custody or control of these

answering defendants.

**REQUEST FOR PRODUCTION NO. 24:**  Produce all documents that are in your

possession, custody or control that have been produced to, provided to, or received from,

GemCap (these include documents produced in litigation with GemCap and litigation directed or

filed by GemCap against other parties), including, without limitation, all deposition transcripts

(including exhibits) and hearing transcripts.

**RESPONSE:**    These answering defendants object to Request for Production No. 24 on

the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the

scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, requests the

production of documents already in the possession of the plaintiff, and seeks the production of

documents that are protected from discovery by the attorney-client privilege, joint defense or

common interest privilege, work-product doctrine or other applicable privilege, immunity or

protection from disclosure provided by statute, rule, decision or other source.  These answering

defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2)

all correspondence and written communications between counsel for the plaintiff, Roderick C.

Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests

for production and responses to requests for admissions, (4) all copies of documents produced in

pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal

briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel,

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 42

Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First

Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a)

Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County

("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case

No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in

and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols

and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.

Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,*

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County.  Subject to and without waiving such objection, please see

documents produced in response to Request for Production No. 4.   Subject to and without

waiving the foregoing objections, these answering defendants respond that no documents

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 43

described in such request for production are in the possession, custody or control of these answering defendants, other than documents filed with the Court and/or served on the parties in the above-captioned case.

**REQUEST FOR PRODUCTION NO. 25:** Produce all documents in your possession, custody or control that pertain or relate in any way to communications involving GemCap (these include communications involving litigation with GemCap and litigation directed or filed by GemCap against other parties).

**RESPONSE:** These answering defendants object to Request for Production No. 25 on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, requests the production of documents already in the possession of the plaintiff, and seeks the production of documents that are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source. These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond. As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following: (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 44

of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County

("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case

No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in

and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols*

*and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,*

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County.  Subject to and without waiving such objection, please see

documents produced in response to Request for Production No. 4.   Subject to and without

waiving the foregoing objections, these answering defendants respond that no documents

described in such Request for Production are in the possession, custody or control of these

answering defendants, other than documents filed with the Court in the above-captioned case and

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 45

privileged communications between these answering defendants and their attorneys regarding GemCap or the GemCap litigation.

**REQUEST FOR PRODUCTION NO. 26:**  Produce all documents that pertain or relate in any way to communications involving Mel Gilbert or any entity or party that he has ever been employed by or affiliated with (including, without limitation, all documents that were provided to, or received from, Mel Gilbert or any entity or party that he was employed by or affiliated with).

**RESPONSE:**  No documents described in Request for Production No. 26 are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 27:**  Produce all documents that pertain or relate in any way to communications involving Hudson Insurance, or any other crop insurance company, and/or any documents received from, or provided to, Hudson Insurance or any other crop insurance company (e.g., Great American) from 1999 through the conclusion of this lawsuit.

**RESPONSE:**  These answering defendants object to Request for Production No. 27 on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 46

absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 47

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

      **REQUEST FOR PRODUCTION NO. 28:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to Hudson Insurance from 1999 through the conclusion of this lawsuit (including, without limitation, documents relating in any way to CropUSA's 2008 sale of assets to Hudson and any payments relating thereto (including payments made directly or indirectly to you by Hudson such as any funds tendered for a non-compete)).

      **RESPONSE:**   These answering defendants object to Request for Production No. 28 on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2)

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 48

all correspondence and written communications between counsel for the plaintiff, Roderick C.

Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests

for production and responses to requests for admissions, (4) all copies of documents produced in

pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal

briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel,

Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First

Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a)

Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County

("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case

No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in

and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols*

*and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 49

Taylor's Receivership Case"): and (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County. Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 29:** Produce all documents pertaining to or relating in any way to any loans, mortgages, agreement, deeds of trust or any other instrument that you prepared for AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services, any other Defendant, or any entity partially or wholly owned by any Defendant (including R. John Taylor).

**RESPONSE:** These answering defendants object to Request for Production No. 29 on the grounds that such request is vague, ambiguous and fails to describe with reasonable particularity "any entity partially or wholly owned by any Defendant (including R. John Taylor)." Additionally, these answering defendants object on the grounds that such request for production is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure. These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2)

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 50

all correspondence and written communications between counsel for the plaintiff, Roderick C.

Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests

for production and responses to requests for admissions, (4) all copies of documents produced in

pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal

briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel,

Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First

Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a)

Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County

("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case

No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in

and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols*

*and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 51

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,*

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County.  Subject to and without waiving such objection, please see

documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 30:**  Produce all documents that are in your

possession, custody or control that pertain or relate in any way to any loans, indebtedness and/or

guarantees involving any present or former creditor for AIA Services, AIA Insurance, CropUSA,

CropUSA Insurance Services or any other entity partially or wholly owned by any Defendant,

including without limitation, all documents provided to, or received from, all such creditors,

from 1995 through the conclusion of this lawsuit.

**RESPONSE:**   These answering defendants object to Request for Production No. 30 on

the grounds that such request is vague, ambiguous and fails to describe with reasonable

particularity "any entity partially or wholly owned by any Defendant."  Additionally, these

answering defendants object on the grounds that such request is overly broad, unduly

burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the

Federal Rules of Civil Procedure; and such request seeks the production of documents that (a)

are outside of any time frame relevant to the subject matter of this action, (b) not calculated to

lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-

client privilege, joint defense or common interest privilege, work-product doctrine or other

applicable privilege, immunity or protection from disclosure provided by statute, rule, decision

or other source, (d) constitute confidential client information which these answering defendants

are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in

the absence of client consent to disclosure.  These answering defendants further object on the

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 52

ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 53

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,*

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County.  Subject to and without waiving such objection, please see

documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 31:**  Produce all documents that are in your

possession, custody or control that pertains or relates in way to the advancement or

allocation/division of funds, loan guarantees, labor, rent, utilities, phone and/or any other

expenses between or by R. John Taylor and/or any entity partially or wholly owned by R. John

Taylor or any one or more of the Defendants from 1995 through the conclusion of this lawsuit.

**RESPONSE:**   These answering defendants object to Request for Production No. 31 on

the grounds that such request is vague, ambiguous and fails to describe with reasonable

particularity "any entity partially or wholly owned by R. John Taylor and/or any one or more of

the Defendants."  Additionally, these answering defendants object on the grounds that such

request is also overly broad, unduly burdensome and oppressive and exceeds the scope of

discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such request seeks

the production of documents that (a) are outside of any time frame relevant to the subject matter

of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected

from discovery by the attorney-client privilege, joint defense or common interest privilege,

work-product doctrine or other applicable privilege, immunity or protection from disclosure

provided by statute, rule, decision or other source, (d) constitute confidential client information

which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional

Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 54

without waiving the foregoing objections, please see responses to Requests for Production Nos. 4, 5 and 6 with respect to requests for production of documents relating to documents relating to AIA Services, AIA Insurance and CropUSA.

**REQUEST FOR PRODUCTION NO. 32:**  Produce all documents that are in your possession, custody or control that pertains or relates in way to the advancement or allocation/division of funds, loan guarantees, labor, rent, utilities, phone and/or any other expenses between AIA Services or AIA Insurance and any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants from 1995 through the conclusion of this lawsuit.

**RESPONSE:**  These answering defendants object to Request for Production No. 32 on the grounds that such request is vague, ambiguous and fails to describe with reasonable particularity "any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants."  Additionally, these answering defendants object on the grounds that such request is overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such request seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, please see responses to Requests for Production Nos.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 55

4, 5 and 6 with respect to requests for production of documents relating to AIA Services, AIA Insurance and CropUSA.

**REQUEST FOR PRODUCTION NO. 33**:  Produce all documents that are in your possession, custody or control that pertains or relates in way to the advancement of funds, or the lending of funds, by Hudson Insurance, Diversified Services, any other insurance company, any other entity or financial institution, or to any entity partially or wholly owned by any Defendant to any one or more of the Defendants from 1995 through the conclusion of this lawsuit.

**RESPONSE**:   These answering defendants object to Request for Production No. 33 on the grounds that such request is vague, ambiguous and fails to describe with reasonable particularity "any entity partially or wholly owned by any Defendant [or owned by] any one or more of the Defendants.  Additionally, these answering defendants object to such request on the grounds that it is overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such request seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, these answering defendants respond that no documents described in such Request for Production are in the possession, custody or control of these answering defendants.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 56

**REQUEST FOR PRODUCTION NO. 34:** Produce all documents that are in your possession, custody or control that pertains to or relates in any way to any business or financial arrangements or agreements that you have or have, or previously had, with any of the Defendants from 1994 through the conclusion of this lawsuit.

**RESPONSE:** These answering defendants object to Request for Production No. 34 on the grounds that such request seeks the production of attorney-client engagement letters or other fee agreements, joint defense agreements, billings for attorney fees and cost and other attorney-client communications that are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source. Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure. These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond. As used in these Supplemental

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 57

Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.

**REQUEST FOR PRODUCTION NO. 35:** Produce all documents that are in your possession, custody or control that pertains or relates in any way to communications that you have had with any of the Defendants from 1994 through the conclusion of this lawsuit.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 58

**RESPONSE:**   These answering defendants object to Request for Production No. 35 on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 59

01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez

Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and*

*Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.*,

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County

**REQUEST FOR PRODUCTION NO. 36:** Produce all documents in your possession

constituting, memorializing or pertaining to any communications you have had with any of the

Defendants and/or any documents that were provided to, or received from, any of the Defendants

from 1994 through the conclusion of this lawsuit.

**RESPONSE:**   These answering defendants object to Request for Production No. 36 on

the grounds that such request seeks the production of attorney-client communications that are

protected from discovery by the attorney-client privilege, joint defense or common interest

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 60

**Appendix - A, Page - 332**

privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 61

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.

**REQUEST FOR PRODUCTION NO. 37:**  Produce all documents that are in your possession, custody or control that were provided to, or received from, any in house or outside attorneys, accountants, CPAs, and/or auditors for AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services, the Universe Life Insurance Company, Great Fidelity Life Insurance Company, Pacific Empire Holdings, Green Leaf, Reinsurance Partners, or PERC from 1993 through the conclusion of this lawsuit.

**RESPONSE:**  These answering defendants object to Request for Production No. 37 on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine, joint defense and common interest privilege, or other

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 62

applicable privilege, immunity or protection from disclosure provided by statute, rule, decision

or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive,

exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure,

and seeks the production of documents that (a) are outside of any time frame relevant to the

subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence,

and (c) constitute confidential client information which these answering defendants are

prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the

absence of client consent to disclosure.  These answering defendants further object on the ground

that (1) all pleadings and papers filed with the Court, (2) all correspondence and written

communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other

parties, (3) all answers to interrogatories, responses to requests for production and responses to

requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all

exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with

Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used

in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for

Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v.*

*AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA"

or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-

01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez

Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and*

*Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 63

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,*

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County.  Subject to and without waiving such objection, please see

documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 38:**  Produce all documents that are in your

possession, custody or control that were provided to, received from, involve or relate in any way

to  associations, trusts, trust board, cooperatives, association trusts that have conducted business

with AIA Services, AIA Insurance, CropUSA or any other entity partially owned by any of the

Defendants, including, without limitation, with the Grain Growers Association Membership and

Insurance Trust, Soybean Association Membership and Insurance Trust, Poultry Growers

Membership and Insurance Trust, the American Independent Agricultural Producers Group

Membership and Insurance Trust and Growers National Cooperative (including all meeting

minutes, resolutions, notices of meetings, documents provided at any meetings, contracts,

agreements and all other information) from 1993 through and until the conclusion of this lawsuit.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 64

**RESPONSE:**    These answering defendants object to Request for Production No. 38 on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, please see responses to Requests for Production Nos. 4, 5 and 6 with respect to requests for production of documents relating to AIA Services, AIA Insurance and CropUSA.

**REQUEST FOR PRODUCTION NO. 39:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications between you or any other Defendant and Quarles & Brady.

**RESPONSE:**    These answering defendants object to Request for Production No. 39 on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive,

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 65

exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure,

and seeks the production of documents that (a) are outside of any time frame relevant to the

subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence,

and (c) constitute confidential client information which these answering defendants are

prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the

absence of client consent to disclosure.  These answering defendants further object on the ground

that (1) all pleadings and papers filed with the Court, (2) all correspondence and written

communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other

parties, (3) all answers to interrogatories, responses to requests for production and responses to

requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all

exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with

Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used

in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for

Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v.*

*AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA"

or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-

01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez

Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and*

*Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 66

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 40:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Quarles & Brady.

**RESPONSE:**  These answering defendants object to this request for production on the same grounds as set forth in their response to Request for Production No. 39.

**REQUEST FOR PRODUCTION NO. 41:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all billing records from Quarles & Brady, and the payments for such services, from 2005 through the conclusion of this lawsuit.

**RESPONSE:**    These answering defendants object to this request for production on the same grounds as set forth in their response to Request for Production No. 39.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 67

**REQUEST FOR PRODUCTION NO. 42:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to all of Quarles & Brady's legal files legal files (including work product), engagement letters, tolling agreements, conflict waivers and/or all documents relating in any way to legal services or the representation of any Defendant, including, without limitation, all such information relating to *Reed Taylor v. AIA Services Corp., et al.* (filed in Nez Perce County District Court).

**RESPONSE:**  These answering defendants object to this request for production on the same grounds as set forth in their response to Request for Production No. 39.

**REQUEST FOR PRODUCTION NO. 43:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all billing records from Hawley Troxell for any Defendant, and the payments for such services, from 1993 through the conclusion of this lawsuit, including, without limitation, all such information relating to *Reed Taylor v. AIA Services Corp., et al.* (filed in Nez Perce County District Court), *Donna Taylor v. AIA Services Corp.* (filed in Nez Perce County District Court), work performed for CropUSA (including work performed by Thomas Chandler, Patrick Collins, and any other present or former attorneys at HTEH).

**RESPONSE:**   These answering defendants object to Request for Production No. 43 on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, these answering defendants object to this request for production on the same grounds as set forth in their response to Request for Production No. 39, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive,

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 68

exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure,

and seeks the production of documents that (a) are outside of any time frame relevant to the

subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence,

and (c) constitute confidential client information which these answering defendants are

prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the

absence of client consent to disclosure.   These answering defendants further object on the

ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written

communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other

parties, (3) all answers to interrogatories, responses to requests for production and responses to

requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all

exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with

Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used

in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for

Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v.*

*AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA"

or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-

01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez

Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and*

*Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 69

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.

**REQUEST FOR PRODUCTION NO. 44:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Hawley Troxell and any Defendant or entity partially or wholly owned by any Defendant (including, without limitation, CropUSA, AIA Services, AIA Insurance, and PERC). from 1995 through the conclusion of this lawsuit.

**RESPONSE:**  These answering defendants object to Request for Production No. 44 on the grounds that such request is vague, ambiguous and fails to describe with reasonable particularity any "entity partially or wholly owned by any Defendant."  Additionally, these answering defendants object on the grounds that such request is overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such request seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 70

client privilege, joint defense or common interest privilege, work-product doctrine or other

applicable privilege, immunity or protection from disclosure provided by statute, rule, decision

or other source, (d) constitute confidential client information which these answering defendants

are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in

the absence of client consent to disclosure.  These answering defendants further object on the

ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written

communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other

parties, (3) all answers to interrogatories, responses to requests for production and responses to

requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all

exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with

Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used

in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for

Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v.

AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA"

or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-

01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez

Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and

Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.

Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 71

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,*

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County.  Subject to and without waiving such objection, please see

documents produced in response to Request for Production No. 4.

      **REQUEST FOR PRODUCTION NO. 45:**  Produce all documents that are in your

possession, custody or control that pertain or relate in any way to all of Hawley Troxell's legal

files (including work product), engagement letters, conflict waivers, tolling agreements and/or all

documents pertaining to the representation of any Defendant from 1993 through the conclusion

of this lawsuit.

      **RESPONSE:**  These answering defendants object to Request for Production No. 45 on

the grounds that such request seeks the production of attorney-client communications that are

protected from discovery by the attorney-client privilege, joint defense or common interest

privilege, work-product doctrine, joint defense and common interest privilege, or other

applicable privilege, immunity or protection from disclosure provided by statute, rule, decision

or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive,

exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure,

and seeks the production of documents that (a) are outside of any time frame relevant to the

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 72

subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 73

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,*

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County.

    **REQUEST FOR PRODUCTION NO. 46:**  Produce all documents that are in your

possession, custody or control that pertain or relate in any way to any and all billing records for

AIA Services, AIA Insurance, CropUSA or any other Defendants from Eberle Berlin from 1993

through the conclusion of this lawsuit.

    **RESPONSE:**   These answering defendants object to Request for Production No. 46 on

the grounds that such request seeks the production of attorney-client communications that are

protected from discovery by the attorney-client privilege, joint defense or common interest

privilege, work-product doctrine, joint defense and common interest privilege, or other

applicable privilege, immunity or protection from disclosure provided by statute, rule, decision

or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive,

exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure,

and seeks the production of documents that (a) are outside of any time frame relevant to the

subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence,

and (c) constitute confidential client information which these answering defendants are

prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 74

absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, these answering defendants respond that no documents described in such Request for Production are in the possession, custody or control of these answering defendants.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 75

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.

**REQUEST FOR PRODUCTION NO. 47:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Eberle Berlin with any other Defendant or pertaining to legal work performed for any other Defendant from 1993 through the conclusion of this lawsuit.

**RESPONSE:** These answering defendants object to Request for Production No. 47 on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source. Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure. Subject to and without waiving the foregoing objections,

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 76

these answering defendants respond that no documents described in such request for production

are in the possession, custody or control of these answering defendants.   These answering

defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2)

all correspondence and written communications between counsel for the plaintiff, Roderick C.

Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests

for production and responses to requests for admissions, (4) all copies of documents produced in

pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal

briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel,

Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First

Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a)

Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County

("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case

No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in

and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols*

*and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 77

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.

**REQUEST FOR PRODUCTION NO. 48:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to all of Eberle Berlin's legal files (including work product), engagement letters, conflict waivers, termination letters, and/or all documents pertaining to the representation of any other Defendants from 1993 through the conclusion of this lawsuit.

**RESPONSE:**  These answering defendants object to Request for Production No. 48 on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 78

that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 79

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,*

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County.

**REQUEST FOR PRODUCTION NO. 49:**  Produce all documents that pertain or relate

in any way to communications involving any present or former attorneys for any other

Defendants.

**RESPONSE:**   These answering defendants object to Request for Production No. 49 on

the grounds that such request seeks the production of attorney-client communications that are

protected from discovery by the attorney-client privilege, joint defense or common interest

privilege, work-product doctrine, joint defense and common interest privilege, or other

applicable privilege, immunity or protection from disclosure provided by statute, rule, decision

or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive,

exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure,

and seeks the production of documents that (a) are outside of any time frame relevant to the

subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence,

and (c) constitute confidential client information which these answering defendants are

prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the

absence of client consent to disclosure.  These answering defendants further object on the ground

that (1) all pleadings and papers filed with the Court, (2) all correspondence and written

communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other

parties, (3) all answers to interrogatories, responses to requests for production and responses to

requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 80

exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I'); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 81

**REQUEST FOR PRODUCTION NO. 50:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any documents (including communications) that you produced, or were produced to you or any entity or partially or wholly owned by any one or more of the other Defendants, that relates in any way to any threatened or actual lawsuits relating to any of the other Defendants from 1995 through the conclusion of this lawsuit, together with any communications relating to any such threatened or actual lawsuits.

**RESPONSE:**  These answering defendants object to Request for Production No. 50 on the grounds that such request is vague, ambiguous and fails to describe with reasonable particularity "any entity. . . partially or wholly owned by any one or more of the other Defendants."  Additionally, these answering defendants object to such request on the grounds that it is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and  seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine, joint defense and common interest privilege or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4)

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 82

all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 83

**REQUEST FOR PRODUCTION NO. 51:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to the AIA Services Corporation's 401(k) Plan Profit Sharing Plan (including, without limitations, all documents pertaining to all transactions, the purchase and sale of shares or other securities (including the purchase and any repurchases of Series C Preferred Shares in AIA Services), loans and distributions or payments to and from the 401(k) Plan, mortgages transferred to or from the 401(k) Plan, and all other transactions) from 1995 through the conclusion of this lawsuit.

**RESPONSE:**   These answering defendants object to Request for Production No. 51 on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, these answering defendants respond that no documents described in such request for production are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 52:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to the AIA Services Corporation's

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 84

Employee Stock Ownership Plan ("<u>ESOP</u>") from 1995 through the conclusion of this lawsuit (including, without limitation, documents relating to the alleged termination of the ESOP).

**<u>RESPONSE</u>:**  These answering defendants object to Request for Production No. 52 on the grounds that such request is vague, ambiguous and fails to describe with reasonable particularity "any entity partially or wholly owned by R. John Taylor and/or any one or more of the Defendants."  Additionally, these answering defendants object on the grounds that such request is also overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such request seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, please see responses to Requests for Production Nos. 4, 5 and 6 with respect to requests for production of documents relating to AIA Services, AIA Insurance and CropUSA.

**<u>REQUEST FOR PRODUCTION NO. 53</u>:** Produce all documents that are in your possession, custody or control that you have provided to or received from, or any other Defendant has provided to or received from, any potential or actual lay or expert witness or any consultant for this lawsuit or any other Defendant in this lawsuit.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 85

**RESPONSE:**    These answering defendants object to Request for Production No. 53 on the grounds that such request is overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such request seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine, joint defense and common interest privilege or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, no documents provided to or received from any potential or actual lay or expert witness or any consultant for this lawsuit are in the possession, custody or control of the defendants, other than documents filed with the Court which are in the possession of plaintiff's attorney. These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et*

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 86

*al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.

**REQUEST FOR PRODUCTION NO. 54:** Produce all documents that are in your possession custody or control that you have, or any other Defendant has, provided to or received from, any other Defendant or any potential or actual attorney that relates in any way to the subject matter of this lawsuit, any other lawsuits, disputes or threatened litigation from 1993 through the conclusion of this lawsuit.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 87

**RESPONSE:**    These answering defendants object to Request for Production No. 54 on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, these answering defendants respond that no documents described in such request for production are in the possession, custody or control of these answering defendants.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 88

of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 55:**  Produce all documents that you have, or any other Defendant has, provided to or received from, any person, party or entity that relates in any way to the subject matter of this lawsuit, any other lawsuits, disputes or threatened litigation from 1993 through the conclusion of this lawsuit.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 89

**RESPONSE:**   These answering defendants object to Request for Production No. 55 on the grounds that such request is vague, ambiguous and fails to describe with reasonable particularity "any other lawsuits, disputes or threatened litigation from 1993 through the conclusion of this lawsuit."  Such request is also overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such request seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 90

"Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements,*

*Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial

District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v.*

*Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial

District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna*

*J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court

for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District

Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g)

*Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of

the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's

Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No.

CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for

Nez Perce County.  Subject to and without waiving such objection, please see documents

produced in response to Request for Production No. 4.

      **REQUEST FOR PRODUCTION NO. 56:**  Produce all documents that are in your

possession, custody or control that pertain or relate in any way to any agreements with Reed

Taylor.

      **RESPONSE:**  These answering defendants object to Request for Production No. 56 on

the grounds that such request is vague, ambiguous, and fails to specify the identities of any

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 91

parties to "any agreements with Reed Taylor."  Such request is also overly broad, unduly

burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the

Federal Rules of Civil Procedure; and such request seeks the production of documents that (a)

are outside of any time frame relevant to the subject matter of this action, (b) not calculated to

lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-

client privilege, work-product doctrine, joint defense and common interest privilege or other

applicable privilege, immunity or protection from disclosure provided by statute, rule, decision

or other source, (d) constitute confidential client information which these answering defendants

are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in

the absence of client consent to disclosure.  These answering defendants further object on the

ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written

communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other

parties, (3) all answers to interrogatories, responses to requests for production and responses to

requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all

exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with

Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used

in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for

Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v.*

*AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA"

or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-

01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez

Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and*

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 92

*Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 57:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any communications involving Reed Taylor (including, communications mentioning or referencing him, to him, from him and carbon copied to or from him) or any documents provided to, or received from, Reed Taylor.

**RESPONSE:**  These answering defendants object to Request for Production No. 57 on the grounds that such request is vague, ambiguous and fails to specify the identities of any parties to "any communications involving Reed Taylor."  Such request is also overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 93

the Federal Rules of Civil Procedure; and seeks the production of documents that (a) are outside

of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the

discovery of admissible evidence, (c) are protected from discovery by the attorney-client

privilege, work-product doctrine, joint defense and common interest privilege or other applicable

privilege, immunity or protection from disclosure provided by statute, rule, decision or other

source, (d) constitute confidential client information which these answering defendants are

prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the

absence of client consent to disclosure.   These answering defendants further object on the

ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written

communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other

parties, (3) all answers to interrogatories, responses to requests for production and responses to

requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all

exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with

Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used

in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for

Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v.*

*AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA"

or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-

01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez

Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and*

*Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 94

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.*,

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County.  Subject to and without waiving such objection, please see

documents produced in response to Request for Production No. 4.

      **REQUEST FOR PRODUCTION NO. 58:**  Produce all documents that are in your

possession, custody or control that pertain or relate in any way to any in litigation to which Reed

Taylor or Donna Taylor was, or is, a party (including legal files, billing records, representation

agreements, tolling agreements, conflict waivers and communications).

      **RESPONSE:**    These answering defendants object to Request for Production No. 58 on

the grounds that plaintiff already possesses any documents relating to litigation in which

plaintiff's attorney represented Reed Taylor or Donna Taylor.  Such request is also overly broad,

unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of

the Federal Rules of Civil Procedure; and such request seeks the production of documents that

(a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 95

lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.   These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 96

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.*, Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.

**REQUEST FOR PRODUCTION NO. 59:** Produce all documents that pertain or relate in any way to any Private Placement Memorandums or related legal services that you performed for CropUSA, AIA Services, AIA Insurance or any other Defendant.

**RESPONSE:**   These answering defendants object to Request for Production No. 59 on the grounds that such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 97

defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 98

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,*

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County.  Subject to and without waiving such objection, please see

documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 60:**  Produce all documents that you provided to

any consultant or expert witness in *Reed Taylor v. AIA Services Corp., et al.* (filed in Nez Perce

County District Court), including, without limitation, the documents that you provided to

testifying expert witnesses that were also submitted in camera to Judge Brudie in that lawsuit.

**RESPONSE:**    These answering defendants object to Request for Production No. 60 on

the grounds that such request is overly broad, unduly burdensome and oppressive and exceeds

the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such

request seeks the production of documents that (a) are outside of any time frame relevant to the

subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence,

(c) are protected from discovery by the attorney-client privilege, work-product doctrine, joint

defense and common interest privilege or other applicable privilege, immunity or protection

from disclosure provided by statute, rule, decision or other source, (d) constitute confidential

client information which these answering defendants are prohibited by Rule 1.6 of the Idaho

Rules of Professional Responsibility from disclosing in the absence of client consent to

disclosure.  These answering defendants further object on the ground that (1) all pleadings and

papers filed with the Court, (2) all correspondence and written communications between counsel

for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to

interrogatories, responses to requests for production and responses to requests for admissions, (4)

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 99

all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any

evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in

the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental

Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior

Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et*

*al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of

Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b)

*Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the

Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH

I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case

No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and

for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV

OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for

Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No.

1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J.*

*Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial

District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services*

*Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District

of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services*

*Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the

State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA*

*Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of

the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 100

without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 61:**  Produce all documents that pertain or relate to any loans, obligations, commitments, or indebtedness that any other Defendant has, received, incurred or guaranteed for another person or entity from 1993 through the conclusion of this lawsuit (including, without limitation, all documents that relate in any way to any guarantees with GemCap, Zion's Bank, Private Bank of Minnesota, U.S Bank, and Lancelot).

**RESPONSE:**    These answering defendants object to Request for Production No. 61 on the grounds that such request overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such request seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense or common interest privilege or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure. Subject to and without waiving the foregoing objections, please see responses to Requests for Production Nos. 4, 5 and 6 with respect to requests for production of documents relating to AIA Services, AIA Insurance and CropUSA.

**REQUEST FOR PRODUCTION NO. 62:**  Produce all documents that pertain or relate to any due diligence conducted by any Defendant for any loans or indebtedness that any other Defendant has, received, incurred, become obligated to pay, or guaranteed, for another person or

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 101

entity from 1993 through the conclusion of this lawsuit (including, without limitation, all documents that relate in any way to any loans or guarantees for CropUSA with GemCap, Zion's Bank, Private Bank of Minnesota, U.S Bank, and Lancelot).

**RESPONSE:**   These answering defendants object to Request for Production No. 62 on the grounds that such request overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such request seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense or common interest privilege and other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, please see responses to Requests for Production Nos. 4, 5 and 6 with respect to requests for production of documents relating to AIA Services, AIA Insurance and CropUSA.

**REQUEST FOR PRODUCTION NO. 63:**  Produce all documents that pertain or relate in any way to HTEH's opinion letter dated October 27, 2006 issued to Lancelot Investors Fund, L.P. c/o Lancelot Investment Management, LLC, including, without limitation, all consents from AIA Services or AIA Insurance to issue such opinion letter, all communications relating to such opinion letter, and all information pertaining to any due diligence conducted by you or HTEH in connection with such opinion letter.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 102

**Appendix - A, Page - 374**

**RESPONSE**:    These answering defendants object to Request for Production No. 63 on the grounds that such request overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such request seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.    Subject to and without waiving the foregoing objections, please see responses to Requests for Production Nos. 4, 5 and 6 with respect to requests for production of documents relating to AIA Services, AIA Insurance and CropUSA.

**REQUEST FOR PRODUCTION NO. 64**:    Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving Randall Danskin (including communications to, from and carbon copied to or from) and any documents that were provided or received from Randall Danskin, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to Randall Danskin (including, without limitation, all documents pertaining to any lawsuits involving Randall Danskin and the lawsuit relating to the failed reverse stock split known as *AIA Services Corp. v. Durant, et al.*).

**RESPONSE**:    These answering defendants object to Request for Production No. 64 on the grounds that such request seeks the production of attorney-client communications that are

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 103

protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.   These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 104

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.*, Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.

**REQUEST FOR PRODUCTION NO. 65:**  Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving Elam & Burke (including communications to, from and carbon copied to or from) and other Defendants and/or any documents that were provided or received from Elam & Burke by any other Defendants.

**RESPONSE:**  These answering defendants object to Request for Production No. 65 on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 105

overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 106

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 66:**  Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving John Munding (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, John Munding.

**RESPONSE:**    These answering defendants object to Request for Production No. 66 on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 107

lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, these answering defendants respond that no documents described in such Request for Production are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 67:**  Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving David Risley (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, David Risley.

**RESPONSE:**    These answering defendants object to Request for Production No. 67 on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 108

Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests

for production and responses to requests for admissions, (4) all copies of documents produced in

pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal

briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel,

Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First

Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a)

Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County

("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case

No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in

and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols*

*and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,*

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 109

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 68:**  Produce all documents that are in your possession, custody or control that pertain or relate to any agreements, settlements or settlement agreements involving any of the other Defendants to this lawsuit, any other party(ies) that relate in any way to the subject matter of this lawsuit, any transactions or agreements involving any of the other Defendants, or any entities partially or wholly owned by any Defendant (including, without limitation, any settlements with GemCap, Randall Danskin, the state of Idaho, Hudson Insurance, Growers National Cooperative, or any other party) from 1993 through the conclusion of this lawsuit.

**RESPONSE:**  These answering defendants object to Request for Production No. 68 on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, please see responses to Requests for Production Nos.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 110

4, 5 and 6 with respect to requests for production of documents relating to AIA Services, AIA Insurance and CropUSA.   These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 111

Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g)

*Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of

the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's

Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No.

CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for

Nez Perce County.  Subject to and without waiving such objection, please see documents

produced in response to Request for Production No. 4.

     **REQUEST FOR PRODUCTION NO. 69:**  Produce all documents that are in your

possession, custody or control that pertain or relate in any way to any and all communications

involving Trustmark that relate in any way to AIA Services, AIA Insurance, CropUSA or any

entity partially or wholly owned by any of the other Defendants.

     **RESPONSE:**  These answering defendants object to Request for Production No. 69 on

the grounds that such request seeks the production of attorney-client communications that are

protected from discovery by the attorney-client privilege, work-product doctrine, joint defense

and common interest privilege, or other applicable privilege, immunity or protection from

disclosure provided by statute, rule, decision or other source.  Additionally, such request is

overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by

Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that

(a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to

lead to the discovery of admissible evidence, and (c) constitute confidential client information

which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional

Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and

without waiving the foregoing objections, please see responses to Requests for Production Nos.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 112

4, 5 and 6 with respect to requests for production of documents relating to AIA Services, AIA Insurance and CropUSA.   These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 113

Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g)

*Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of

the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's

Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No.

CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for

Nez Perce County.  Subject to and without waiving such objection, please see documents

produced in response to Request for Production No. 4.

 **REQUEST FOR PRODUCTION NO. 70:**  Produce all documents that are in your

possession, custody or control that pertain or relate in any way to agreements, payments received

from, payments made to, or any other financial or business arrangement with Trustmark that

relate in any way to AIA Services, AIA Insurance, CropUSA or any entity partially or wholly

owned by any of the other Defendants.

 **RESPONSE:**   These answering defendants object to this request for production of the

same grounds as set forth with respect to their response to Request for Production No. 69.

 **REQUEST FOR PRODUCTION NO. 71:**  Produce all documents that are in your

possession, custody or control that pertain or relate in any way to any claims or requests for

indemnity and/or contribution from Reed Taylor (including, without limitation, any written

agreements providing for indemnity or contribution).

 **RESPONSE:**  These answering defendants object to Request for Production No. 71 on

the grounds that, if any such documents exist, such documents are already in the possession of

plaintiff's attorney, who is also the attorney for Reed Taylor.  Such request is also overly broad,

unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of

the Federal Rules of Civil Procedure; and such request seeks the production of documents that

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 114

(a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 115

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 72:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any in litigation involving AIA Services, AIA Insurance, GemCap, CropUSA, CropUSA Insurance Services, R. John Taylor, any of the other Defendants, or any entities partially or wholly owned by any Defendant (including legal files, billing records, representation agreements, tolling agreements, conflict waivers and communications).

**RESPONSE:**  These answering defendants object to Request for Production No. 72 on the grounds that such request is vague, ambiguous and fails to describe with reasonable particularity "any entities partially or wholly owned by any Defendant."  Such request is also overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such request seeks the production of

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 116

documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, please see responses to Requests for Production Nos. 4, 5 and 6 with respect to requests for production of documents relating to AIA Services, AIA Insurance and CropUSA.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements,*

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 117

*Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 73:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any compensation, salary, reimbursements, contributions, stock, stock options, bonuses, deferred compensation, benefits, dividends, distributions, contributions, advances, loans, guarantees or payments or enumeration of any kind or nature (including barter transactions) that any other Defendant paid to, received from, or provided to, R. John Taylor, any Defendant (including CropUSA and CropUSA Insurance Services), PERC, Pacific Empire Communications Corp., or any other entity that was

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 118

partially or wholly owned by R. John Taylor or any other Defendant from 1993 through the conclusion of this lawsuit.

**RESPONSE**:    These answering defendants object to Request for Production No. 73 on the grounds that such request is vague, ambiguous and fails to describe with reasonable particularity "any entities partially or wholly owned by R. John Taylor any other Defendant." Such request is also overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such request seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.    Subject to and without waiving the foregoing objections, please see responses to Requests for Production Nos. 4, 5 and 6 with respect to requests for production of documents relating to AIA Services, AIA Insurance and CropUSA.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 119

Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the

term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services*

*Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District

of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the

"Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements,*

*Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial

District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v.*

*Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial

District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna*

*J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court

for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District

Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g)

*Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of

the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's

Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No.

CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for

Nez Perce County.  Subject to and without waiving such objection, please see documents

produced in response to Request for Production No. 4.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 120

**REQUEST FOR PRODUCTION NO. 74:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any due diligence or other actions taken by you to ensure that the guarantees executed by AIA Services and AIA Insurance in connection with any loans to, or guarantees for, CropUSA or CropUSA Insurance Services were properly and duly authorized by the required board of directors and/or shareholders of AIA Services and AIA Insurance and were made in compliance with the applicable bylaws and articles of incorporation.

**RESPONSE:** These answering defendants object to Request for Production No. 74 on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source. Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure. These answering defendants further object on the ground that documents relating to CropUSA Insurance Services are not in the possession, custody or control of these answering defendants. Subject to and without waiving the foregoing objections, please see responses to Requests for Production Nos. 4, 5 and 6 with respect to requests for production of documents relating to AIA Services, AIA Insurance and CropUSA.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 121

**REQUEST FOR PRODUCTION NO. 75:**  Produce all documents that pertain or relate in any way to any to your compliance with, or resolution of, any conflicts of interest for members of AIA Services and AIA Insurance's boards of directors or provisions under AIA Services and AIA Insurance's bylaws or amended articles of incorporation.

**RESPONSE:**    These answering defendants object to Request for Production No. 75 on the grounds that such request is vague and, in addition, is overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure.  Furthermore, such request seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.    These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v.*

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 122

*AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 76:**  Produce all documents that are in your possession, custody or control that relate in any way to any investigations conducted by you relating in any way to GemCap, CropUSA, CropUSA Insurance Services, AIA Services, AIA

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 123

**Appendix - A, Page - 395**

Insurance, Green Leaf, Reinsurance Partners, PERC, Pacific Empire Holdings, R. John Taylor,

any of the other Defendant, or any entity partially or wholly owned by R. John Taylor or any

other Defendant.

**RESPONSE:**    These answering defendants object to Request for Production No. 76 on

the grounds that such request is vague and, in addition, is overly broad, unduly burdensome and

oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of

Civil Procedure.  Furthermore, such request seeks the production of documents that (a) are

outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead

to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client

privilege, work-product doctrine, joint defense and common interest privilege or other applicable

privilege, immunity or protection from disclosure provided by statute, rule, decision or other

source, (d) constitute confidential client information which these answering defendants are

prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the

absence of client consent to disclosure.    These answering defendants further object on the

ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written

communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other

parties, (3) all answers to interrogatories, responses to requests for production and responses to

requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all

exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with

Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used

in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for

Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v.*

*AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 124

Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.

**REQUEST FOR PRODUCTION NO. 77:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any all CLEs or related course books or information that was drafted by Richard Riley, John Ashby, Gary Babbitt, Thomas Chandler, Patrick Collins or any other attorney at HTEH who has performed any legal services for any of the other Defendants from 1995 through the conclusion of this lawsuit.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 125

**RESPONSE:**    These answering defendants object to Request for Production No. 77 on the grounds that such request is vague, ambiguous, overly broad, unduly burdensome, oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure.  Furthermore, such request seeks the production of documents that are (a) are outside of any time frame relevant to the subject matter of this action, and (b) not calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 78:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any funds, assets, real property or any other asset or enumeration of any kind or nature (including barter transactions) that involves, or relates in any way to, Jordan Taylor.

**RESPONSE:**    No documents described in Request for Production No. 78 are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 79:**  Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Jordan Taylor (including communications to, from or carbon copied to or from him) and/or any documents provided to, or received from, Jordan Taylor.

**RESPONSE:**    No documents described in Request for Production No. 79 are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 80:**  Produce all documents in your possession, custody or control that pertain or relate in any way to any notices of shareholder meetings, notices of board of director meetings, shareholder resolutions, shareholder consents, shareholder meeting minutes, board resolutions, board consents, board meeting minutes, disclosures, due diligence and any communications that pertain or relate in any way to the governance of,

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 126

corporate authority of, or any decisions made for, AIA Services, AIA Insurance, CropUSA,

CropUSA Services, Reinsurance Partners, Green Leaf, PERC, Pacific Empire Communications

Corp., Pacific Empire Holdings or any other entity partially or wholly owned by any of the other

Defendants from 1993 through and until the conclusion of this lawsuit.

      **RESPONSE:**    These answering defendants object to Request for Production No. 80 on

the grounds that such request is vague, ambiguous and fails to describe with reasonable

particularity any "entity partially or wholly owned by any of the other Defendants."  These

answering defendants further object on the ground that such request seeks the production of

attorney-client communications that are protected from discovery by the attorney-client

privilege, work-product doctrine, joint defense and common interest privilege, or other

applicable privilege, immunity or protection from disclosure provided by statute, rule, decision

or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive,

exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure,

and seeks the production of documents that (a) are outside of any time frame relevant to the

subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence,

and (c) constitute confidential client information which these answering defendants are

prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the

absence of client consent to disclosure.  These answering defendants further object on the ground

that (1) all pleadings and papers filed with the Court, (2) all correspondence and written

communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other

parties, (3) all answers to interrogatories, responses to requests for production and responses to

requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all

exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 127

Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used

in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for

Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v.*

*AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA"

or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-

01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez

Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and*

*Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,*

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County.  Subject to and without waiving such objection, please see

documents produced in response to Request for Production No. 4.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 128

**REQUEST FOR PRODUCTION NO. 81:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Diversified Services (including communications to, from and carbon copied to or from Diversified Services) and/or any documents that were provided to, or received from, Diversified Services.

**RESPONSE:** No documents relating to Diversified Services are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 82:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Green Leaf (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Green Leaf.

**RESPONSE:** No documents relating to Green Leaf are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 83:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Reinsurance Partners (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Reinsurance Partners.

**RESPONSE:** No documents relating to Reinsurance Partners are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 84:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Weskan Agency (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Weskan Agency.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 129

**RESPONSE:**   No documents relating to Weskan Agency are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 85:**  Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Randy Lamberjack, his wife or any attorney or representative acting on behalf of either of them (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Randy Lamberjack, his wife or any attorney or representative acting on behalf of either of them.

**RESPONSE:**    These answering defendants object to Request for Production No. 85 on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, please see responses to Requests for Production Nos. 4, 5 and 6 with respect to requests for production of documents relating to AIA Services, AIA Insurance and CropUSA.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 130

**REQUEST FOR PRODUCTION NO. 86:**  Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving James Gatziolis or his attorney or representative (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, James Gatziolis, his attorney or representative.

**RESPONSE:**    These answering defendants object to Request for Production No. 86 on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, please see responses to Requests for Production Nos. 4, 5 and 6 with respect to requests for production of documents relating to AIA Services, AIA Insurance and CropUSA.

**REQUEST FOR PRODUCTION NO. 87:**  Produce all documents in your possession, custody or control that pertain or relate in any way to R. John Taylor's purchase of Series A Preferred Shares in AIA Services and/or the authorization and issuance of such shares.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 131

**RESPONSE:**    These answering defendants object to Request for Production No. 87 on the grounds that such seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that no documents relating to any purchase by R. John Taylor of Series A Preferred Shares in AIA Services are in the possession, custody or control of these answering defendants.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 132

of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I'); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 88:**  Produce all documents in your possession, custody or control that pertain or relate in any way to any amendments to CropUSA, AIA Services or AIA Insurance bylaws or articles of incorporation from 1993 through and until the conclusion of this lawsuit.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 133

**RESPONSE:**    These answering defendants object to Request for Production No. 88 on the grounds that such request is overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such request seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  Subject to and without waiving the foregoing objections, please see responses to Requests for Production Nos. 4, 5 and 6 with respect to requests for production of documents relating to AIA Services, AIA Insurance and CropUSA. These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v.*

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 134

*Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial

District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J.*

*Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763,

in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868,

in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County

of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-

CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John*

*Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State

of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*,

Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-

024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez

Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs.*

*Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial

District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such

objection, please see documents produced in response to Request for Production No. 4.

      **REQUEST FOR PRODUCTION NO. 89:**  Produce all documents in your possession,

custody or control that pertain or relate in any way to any compensation or payments from or by

Hudson Insurance to any Defendant or entity partially or wholly owned by any Defendant that

relate in any way to Growers National Cooperative (including, without limitation, payments

received to resolve any lawsuits involving Growers National Cooperative or any contractual

relationships with it).

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 135

**RESPONSE:**  These answering defendants object to Request for Production No. 89 on the grounds that such request is vague, ambiguous and fails to describe with reasonable particularity any "entity partially or wholly owned by any Defendant."  These answering defendants further object on the ground that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that no documents relating to any payment by Hudson Insurance to Growers National Cooperative are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 90:**  Produce all documents in your possession, custody or control that pertain or relate in any way to any compensation or payments made to, or on behalf of, any of the Defendants from 1993 through the conclusion of this lawsuit, including, without limitation, director fees, salaries, reimbursements, the advancement or payment of attorneys' fees and costs for any lawsuit or legal representation, the payment of services (e.g., payments to Connie Henderson or her law firm for work allegedly performed), bonuses and benefits.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 136

**RESPONSE:**   These answering defendants object to Request for Production No. 90 on

the grounds that such request is overly broad, unduly burdensome and oppressive and exceeds

the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such

request seeks the production of documents that (a) are outside of any time frame relevant to the

subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence,

(c) are protected from discovery by the attorney-client privilege, work-product doctrine or other

applicable privilege, immunity or protection from disclosure provided by statute, rule, decision

or other source, (d) constitute confidential client information which these answering defendants

are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in

the absence of client consent to disclosure.  These answering defendants further object on the

ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written

communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other

parties, (3) all answers to interrogatories, responses to requests for production and responses to

requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all

exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with

Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used

in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for

Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v.*

*AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA"

or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-

01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez

Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and*

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 137

*Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 91:**  Produce all documents in your possession, custody or control that support the allegations, causes of action, claims and relief asserted in the Third-Party Complaint filed against Reed Taylor as Docket No. 218 in this lawsuit.

**RESPONSE:**    These answering defendants object to Request for Production No. 91 on the grounds that such request is overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such request seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence,

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 138

(c) are protected from discovery by the attorney-client privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 139

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

> **REQUEST FOR PRODUCTION NO. 92:**  Produce all documents that relate in any way to the allocation of between or among the defendants, and the payment of, any attorneys' fees and costs billed by HTEH or any other law firm for the defendants in *Reed Taylor v. AIA Services Corp., at al.* (filed in Nez Perce County).

> **RESPONSE:**   These answering defendants object to Request for Production No. 92 on the grounds that such request is vague and unintelligible.  These answering defendants further object on the ground that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 140

lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 141

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 93:**  Produce all documents that are in your possession, custody or control that relate in any way to the ownership, sale or transfer of any real property or personal property to R. John Taylor or Debra Hopson Taylor, including, without limitation, all documents that pertain to the title to the house on Prospect in Lewiston, Idaho being titled solely in the name of Debra Hopson Taylor and all documents pertaining to any remodeling expenses of any property held in the name of R. John Taylor or Debra Hopson Taylor.

**RESPONSE:**  No documents responsive to Request for Production No. 93 are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 94:**  Produce all documents that are in your possession, custody or control that relate in any way to any agreements between R. John Taylor and Debra Hopson Taylor (including, without limitation, any pre-marital or post-marital agreements).

**RESPONSE:**   No documents responsive to Request for Production No. 94 are in the possession, custody or control of these answering defendants.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 142

**REQUEST FOR PRODUCTION NO. 95:**  Produce all documents that are in your possession, custody or control that relate in any way to any R. John Taylor.

**RESPONSE:**  These answering defendants object to Request for Production No. 95 on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 143

("Taylor v. AIA" or the "Underlying Case"),  (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.*, Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 96:** Produce all documents that are in your possession, custody or control that relate in any way to any foreign bank accounts, foreign assets, or any other thing of value in a foreign country in the name of R. John Taylor and/or Debra Hopson Taylor, any entity partially or wholly owned by either R. John Taylor and/or Debra

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 144

Hopson Taylor, or any trust or related instrument established for the behalf of either R. John Taylor and/or Debra Hopson Taylor.

**RESPONSE:**    No documents responsive to Request for Production No. 96 are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 97:**  Produce all documents that are in your possession, custody or control that relate in any way to any funds, assets, trade secrets, facilities, labor or any other thing of value that has been advanced or lent to PERC by AIA Services, AIA Insurance, CropUSA, or any other entity partially or wholly owned by any Defendant, together with all documents relating to any repayments any other thing of value returned from PERC.

**RESPONSE:**  No documents responsive to Request for Production No. 97 are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 98:** To the extent that you contend any of the transactions, loans, guarantees, acts and/or omissions alleged in the Third Amended Complaint in this lawsuit (and any subsequently amended complaint in this lawsuit) were proper and/or duly authorized, produce all documents that are in your possession, custody or control that support your contentions.

**RESPONSE:**    These answering defendants object to Request for Production No. 98 on the grounds that such request is overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such request seeks the production of documents that  (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 145

from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 146

District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

   **REQUEST FOR PRODUCTION NO. 99:** Produce all documents that support your defenses or affirmative defenses to the allegations, claims, causes of action and relief requested in this lawsuit, including, without limitation, any defenses that the board of directors or shareholders of AIA Services or AIA Insurance properly authorized or consented to any transaction or action.

   **RESPONSE:**  These answering defendants object to Request for Production No. 99 on the grounds that such request is overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such request seeks the production of documents that  (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 147

Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure. These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond. As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following: (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"), (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 148

of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 100:** Produce all documents that are in your possession, custody or control pertain or relate in any way to the billing records of Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, and/or Wieland Law PLLC and any and all payments made to Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, or Wieland Law PLLC (including the source and amounts of such payments).

**RESPONSE:**    No documents responsive to Request for Production No. 100 are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 101:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and/or documents provided to, or received from, any attorney, paralegal, expert witness, consultant, agent or other representative of Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, and/or Wieland Law PLLC (including Steve Wieland and Shawnee Perdue).

**RESPONSE:**    These answering defendants object to Request for Production No. 101 on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 149

and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 150

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.*,

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County.  Subject to and without waiving such objection, please see

documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 102:** Produce all documents that are in your

possession, custody or control pertain or relate in any way to any communications involving

(including communications to, from and carbon copied to or from), and/or documents provided

to or received from, any attorney, paralegal, expert witness, consultant or other representative of

McNaul Ebel Nawrot & Helgren PLLC (including Greg Hollon or Avi Lipman) or any other

attorney, paralegal, agent, consultant, expert witness or other representative acting on behalf of

Cairncross & Hemplemann.

**RESPONSE:**  These answering defendants object to Request for Production No. 102 on

the grounds that such request seeks the production of attorney-client communications that are

protected from discovery by the attorney-client privilege, work-product doctrine, joint defense

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 151

and common interest privilege, or other applicable privilege, immunity or protection from

disclosure provided by statute, rule, decision or other source.  Additionally, such request is

overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by

Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that

(a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to

lead to the discovery of admissible evidence, and (c) constitute confidential client information

which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional

Responsibility from disclosing in the absence of client consent to disclosure.  These answering

defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2)

all correspondence and written communications between counsel for the plaintiff, Roderick C.

Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests

for production and responses to requests for admissions, (4) all copies of documents produced in

pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal

briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel,

Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First

Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a)

Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County

("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case

No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in

and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols*

*and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 152

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,*

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County.  Subject to and without waiving such objection, please see

documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 103:** Produce all documents that are in your

possession, custody or control pertain or relate in any way to any communications involving

(including communications to, from and carbon copied to or from), and documents provided to

or received from, Alan Coalson (or any entity to which he has practiced, together with any agents

or employees of such entity).

**RESPONSE:**  No documents responsive to Request for Production No. 103 are in the

possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 104:** Produce all documents that are in your

possession, custody or control pertain or relate in any way to the source or the use of the funds,

loans, assets, trade secrets, employees, agents, facilities, labor and any other item or thing of

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 153

value to fund or operate CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance,

Reinsurance Partners, PERC, Green Leaf, Pacific Empire Holdings, Pacific Empire

Communications Corp., Weskan Agency, any other Defendant, and/or any other entity partially

or wholly owned by any other Defendant.

**RESPONSE:**    These answering defendants object to Request for Production No. 104 on

the grounds that such request is vague, ambiguous and fails to describe with reasonable

particularity "any other entity partially or wholly owned by any other Defendant."  These

answering defendants further object on the ground that such request seeks the production of

attorney-client communications that are protected from discovery by the attorney-client

privilege, work-product doctrine, joint defense and common interest privilege, or other

applicable privilege, immunity or protection from disclosure provided by statute, rule, decision

or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive,

exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure,

and seeks the production of documents that (a) are outside of any time frame relevant to the

subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence,

and (c) constitute confidential client information which these answering defendants are

prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the

absence of client consent to disclosure.  These answering defendants further object on the ground

that (1) all pleadings and papers filed with the Court, (2) all correspondence and written

communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other

parties, (3) all answers to interrogatories, responses to requests for production and responses to

requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all

exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 154

Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used

in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for

Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v.*

*AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA"

or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-

01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez

Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and*

*Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,*

Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County.  Subject to and without waiving such objection, please see

documents produced in response to Request for Production No. 4.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 155

**REQUEST FOR PRODUCTION NO. 105:** Produce all documents that are in your possession, custody or control pertain or relate in any way to cash or assets that R. John Taylor or any other Defendant has contributed, lent or advanced to CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Reinsurance Partners, Weskan Agency, Green Leaf, PERC, Pacific Empire Communications Corp., Pacific Empire Holdings, or any other entity partially or wholly owned by any other Defendant.

**RESPONSE:**    These answering defendants object to Request for Production No. 105 on the grounds that such request is vague, ambiguous and fails to describe with reasonable particularity "any other entity partially or wholly owned by any other Defendant." These answering defendants further object on the ground that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source. Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure. These answering defendants further object on the ground that no documents relating to Reinsurance Partners, Weskan Agency, Green Leaf, PERC, Pacific Empire Communications Corp. or Pacific Empire Holdings are in the possession, custody or control of these answering defendants.

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 156

**REQUEST FOR PRODUCTION NO. 106:** Produce all documents that are in your possession, custody or control pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and/or documents provided to, or received from, any person or entity that relates in any way to the redemption of Reed Taylor's shares in 1995, the restructuring of the obligations in 1996, the subsequent defaults, the litigation that arose in 2007, any subsequent litigation or threatened litigation, and any and all payments made to Reed Taylor or any other party relating in any way to the redemption of Reed Taylor's shares (including, without limitation, all documents and communications relating to Eberle Berlin's representation, its legal files, and its billing records relating in any way to the redemption or the restructure thereof, together with Hawley Troxell's and any other attorneys' legal files, billing records (and payments), representation and communications pertaining to the subsequent litigation with Reed Taylor).

**RESPONSE:**    These answering defendants object to Request for Production No. 106 on the grounds that such seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 157

defendants further object on the ground that no documents relating to Eberle Berlin's representation of any person or entity, its legal files or its billing records are in the possession, custody or control of these answering defendants.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I'); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 158

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 107:** Produce all documents that are in your possession, custody or control pertain or relate in any way to the financial statements, assets, debts and/or tax returns (including state and federal returns, all attachments and scheduled thereto, including amendments) of R. John Taylor, Connie Henderson, James Beck, Mike Cashman, JoLee Duclos, CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Weskan Agency, Reinsurance Partners, Growers National Cooperative, PERC, Pacific Empire Communications Corp., Pacific Empire Holdings, Green Leaf or any entity partially or wholly owned by any Defendant (including R. John Taylor).

**RESPONSE:**   These answering defendants object to Request for Production No. 107 on the grounds that such request is vague, ambiguous and fails to describe with reasonable particularity "any entity partially or wholly owned by any Defendant (including R. John Taylor)."   These answering defendants also object on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 159

or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that no documents relating to the financial statements, assets, debts or tax returns of R. John Taylor, Connie Henderson, James Beck,  Mike Cashman, JoLee Duclos, CropUSA Insurance Services, Weskan Agency, Reinsurance Partners, Growers National Cooperative, PERC, Pacific Empire Communications Corp. or Empire Holdings are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 108:** Produce all documents that are in your possession, custody or control that relate in any way to the attorneys' fees, expert fees, costs and expenses incurred by you, or on your behalf, for this lawsuit or any litigation involving any one or more of the Defendants.

**RESPONSE:**   These answering defendants object to Request for Production No. 108 on the grounds that such request is overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such request seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, joint defense or common interest privilege, work-product doctrine or other applicable privilege, immunity or protection

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 160

from disclosure provided by statute, rule, decision or other source, (d) constitute confidential

client information which these answering defendants are prohibited by Rule 1.6 of the Idaho

Rules of Professional Responsibility from disclosing in the absence of client consent to

disclosure.  These answering defendants further object on the ground that (1) all pleadings and

papers filed with the Court, (2) all correspondence and written communications between counsel

for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to

interrogatories, responses to requests for production and responses to requests for admissions, (4)

all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any

evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in

the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental

Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior

Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et

al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of

Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b)

*Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the

Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH

I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case

No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and

for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV

OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for

Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No.

1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J.

Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 161

District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County. Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 109:** To the extent that you deny any of the allegations in the Third Amended Complaint in this lawsuit (and any allegations in any subsequently amended complaint in this lawsuit) and such denials are supported by any documents, produce all documents that are in your possession, custody or control that support your denials of such allegations.

**RESPONSE:** These answering defendants object to Request for Production No. 109 on the grounds that such request is overly broad, unduly burdensome and oppressive and exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure; and such request seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, (c) are protected from discovery by the attorney-client privilege, work-product doctrine or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source, (d) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 162

the absence of client consent to disclosure.  These answering defendants further object on the

ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written

communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other

parties, (3) all answers to interrogatories, responses to requests for production and responses to

requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all

exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with

Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used

in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for

Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v.*

*AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA"

or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-

01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez

Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and*

*Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 163

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 110:** Produce all documents that are in your possession, custody or control that relate in any way to all sums borrowed and owed to GemCap by any of the other Defendants, all payments to GemCap (including the present balance and all payments made pursuant to the terms of any Settlement Agreement) by any of the other Defendants, and/or any assets assigned or transferred to GemCap by any of the other Defendants.

**RESPONSE:**   These answering defendants object to Request for Production No. 110 on the ground that no documents responsive to such request are in the possession, custody or control of these answering defendants other than documents produced in the course of the above-captioned case, which are already in the possession of plaintiff's attorney, Roderick C. Bond. These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 164

and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV

07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for

Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v.*

*Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial

District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I'); (c) *Reed J.*

*Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763,

in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868,

in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County

of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-

CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John*

*Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State

of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*,

Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-

024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez

Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs.*

*Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial

District of the State of Idaho, in and for Nez Perce County.

**REQUEST FOR PRODUCTION NO. 111:** Produce all documents that are in your

possession, custody or control that relate in any way to any and all settlement agreements or any

other agreements or financial arrangements entered into in connection with *GemCap Lending I,*

*LLC v. CropUSA Insurance Agency, Inc., et al.* (filed in U.S. District Court in California).

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 165

**RESPONSE:**    These answering defendants object to Request for Production No. 111 on

the ground that no documents responsive to such request are in the possession, custody or control

of these answering defendants other than documents produced in the course of the above-

captioned case, which are already in the possession of plaintiff's attorney, Roderick C. Bond.

These answering defendants further object on the ground that (1) all pleadings and papers filed

with the Court, (2) all correspondence and written communications between counsel for the

plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories,

responses to requests for production and responses to requests for admissions, (4) all copies of

documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary

hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession

of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and

Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means

and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV

07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for

Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v.*

*Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial

District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I'); (c) *Reed J.*

*Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763,

in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868,

in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County

of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-

CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John*

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 166

*Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State

of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*,

Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho,

in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-

024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez

Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs.*

*Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial

District of the State of Idaho, in and for Nez Perce County.    No documents responsive to

Request for Production No. 111 are in the possession, custody or control of these answering

defendants other than documents produced in the course of the above-captioned case, which are

already in the possession of plaintiff's attorney.

      **REQUEST FOR PRODUCTION NO. 112:**  Produce all documents that are in your

possession, custody or control that have been produced, obtained by you from any source, or

provided to you involving any dispute, threatened litigation, or actual litigation involving any

one or more of the Defendants or arising as a result of the subject matter of any transactions,

agreements, guarantees or loans with any one or more of the Defendants (these include

documents produced in litigation with you and litigation directed or filed against other parties by

way of any Settlement Agreements), including, without limitation, *Reed Taylor v. AIA Services*

*Corp., et al.* (filed in Nez Perce County District Court); *Donna Taylor v. AIA Services Corp.*,

(filed in Nez Perce County District Court); *GemCap Lending I, LLC v. Quarles & Brady, et al.*

(filed in U.S. District Court in California), *GemCap Lending I, LLC v. CropUSA, et al.* (filed in

U.S. District Court in California), *GemCap v. AIA Services Corp., et al.* (filed in Nez Perce

County District Court in Idaho), *Durant, et al. v. GemCap Lending I, LLC* (filed in Nez Perce

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 167

County District Court in Idaho), *GemCap Lending I, LLC v. Scottsdale Indemnity Co.* (pending in U.S. District Court in California), *Missouri Crop, LLC, et al. v. CGB Diversified Services, Inc., et al.* (filed in U.S. District Court in Missouri), and *Church Crop Insurance Services, Inc. v. CGB Diversified Services, Inc., et al.* (now pending or near judgment in the Polk County District Court in Iowa (and applying to the same lawsuit during the time it was removed to U.S. District Court in Iowa))).

**RESPONSE:**   These answering defendants object to Request for Production No. 112 on the ground that such request is vague and seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 168

the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental

Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior

Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of

Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b)

*Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the

Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH

I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case

No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and

for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV

OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for

Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No.

1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial

District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District

of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the

State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of

the Second Judicial District of the State of Idaho, in and for Nez Perce County.

**REQUEST FOR PRODUCTION NO. 113:**  Produce all documents that are in your

possession, custody or control that pertain or relate in any way to communications involving any

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 169

dispute, threatened litigation, or actual litigation involving one or more of the Defendants, or arising as a result of the subject matter of any transactions, agreements, guarantees or loans with any one or more of the Defendants (these include documents produced in litigation with you and litigation directed or filed against other parties by way of any Settlement Agreements), including, without limitation, *Reed Taylor v. AIA Services Corp., et al.* (filed in Nez Perce County District Court); *Donna Taylor v. AIA Services Corp.*, (filed in Nez Perce County District Court); *GemCap Lending I, LLC v. Quarles & Brady, et al.* (filed in U.S. District Court in California), *GemCap Lending I, LLC v. CropUSA, et al.* (filed in U.S. District Court in California), *GemCap v. AIA Services Corp., et al.* (filed in Nez Perce County District Court in Idaho), *Durant, et al. v. GemCap Lending I, LLC* (filed in Nez Perce County District Court in Idaho), *GemCap Lending I, LLC v. Scottsdale Indemnity Co.* (pending in U.S. District Court in California), *Missouri Crop, LLC, et al. v. CGB Diversified Services, Inc., et al.* (filed in U.S. District Court in Missouri), and *Church Crop Insurance Services, Inc. v. CGB Diversified Services, Inc., et al.* (now pending or near judgment in the Polk County District Court in Iowa (and applying to the same lawsuit during the time it was removed to U.S. District Court in Iowa))).

**RESPONSE:**   These answering defendants object to Request for Production No. 113 on the ground that such request is vague and seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b)

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 170

not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure. These answering defendants further object on the ground that no documents relating to Scottsdale Indemnity Co., Missouri Crop, LLC, CGB Diversified Services, Inc., or Church Crop Insurance Services, Inc., responsive to this request are in the possession, custody or control of these answering defendants, and no documents relating to GemCap Lending I, LLC, responsive to this request are in the possession, custody or control of these answering defendants, other than documents produced in the course of the above-captioned case, which are already in the possession of plaintiff's attorney. These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond. As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following: (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"), (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and*

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 171

*Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 114:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any discovery requests and documents produced or obtained in any litigation involving one or more of the Defendants or arising as a result of the subject matter of any transactions, agreements, guarantees or loans with any one or more of the Defendants (these include documents produced in litigation with you and litigation directed or filed against other parties by way of any Settlement Agreements), including, without limitation, *Reed Taylor v. AIA Services Corp., et al.* (filed in Nez Perce County District Court); *Donna Taylor v. AIA Services Corp.*, (filed in Nez Perce County District Court);

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 172

*GemCap Lending I, LLC v. Quarles & Brady, et al.* (filed in U.S. District Court in California), *GemCap Lending I, LLC v. CropUSA, et al.* (filed in U.S. District Court in California), *GemCap v. AIA Services Corp., et al.* (filed in Nez Perce County District Court in Idaho), *Durant, et al. v. GemCap Lending I, LLC* (filed in Nez Perce County District Court in Idaho), *GemCap Lending I, LLC v. Scottsdale Indemnity Co.* (pending in U.S. District Court in California), *Missouri Crop, LLC, et al. v. CGB Diversified Services, Inc., et al.* (filed in U.S. District Court in Missouri), and *Church Crop Insurance Services, Inc. v. CGB Diversified Services, Inc., et al.* (now pending or near judgment in the Polk County District Court in Iowa (and applying to the same lawsuit during the time it was removed to U.S. District Court in Iowa))).

**RESPONSE:**   These answering defendants object to Request for Production No. 114 on the ground that such request is vague and seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure.  These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 173

interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.    As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt' or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 174

the Second Judicial District of the State of Idaho, in and for Nez Perce County. Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4. No documents relating to Scottsdale Indemnity Co., Missouri Crop, LLC, CGB Diversified Services, Inc., or Church Crop Insurance Services, Inc., responsive to this request are in the possession, custody or control of these answering defendants.

**REQUEST FOR PRODUCTION NO. 115:** Produce all documents that pertain or relate in any way to your representation of CropUSA, AIA Services, AIA Insurance, any other Defendant, or any entity partially or wholly owned by any of the other Defendants.

**RESPONSE:** These answering defendants object to Request for Production No. 115 on the grounds that such request is vague, ambiguous and fails to describe with reasonable particularity "any entity partially or wholly owned by any of the other Defendants." These answering defendants also object on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source. Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the absence of client consent to disclosure. These answering defendants further object on the ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 175

communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other

parties, (3) all answers to interrogatories, responses to requests for production and responses to

requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all

exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with

Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used

in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for

Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v.*

*AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA"

or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-

01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez

Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and*

*Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court

of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 176

Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,*
Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho,
in and for Nez Perce County.  Subject to and without waiving such objection, please see
documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 116:**  Produce all documents that pertain or
relate in any way to any audits, or similar investigations, conducted for any Defendant from 1993
through and until the conclusion of this lawsuit.

**RESPONSE:**   These answering defendants object to Request for Production No. 116 on
the grounds that such request is vague, ambiguous and fails to describe with reasonable
particularity "similar investigations, conducted for any Defendant."  These answering defendants
also object on the grounds that such request seeks the production of attorney-client
communications that are protected from discovery by the attorney-client privilege, work-product
doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or
protection from disclosure provided by statute, rule, decision or other source.  Additionally, such
request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery
allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of
documents that (a) are outside of any time frame relevant to the subject matter of this action, (b)
not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential
client information which these answering defendants are prohibited by Rule 1.6 of the Idaho
Rules of Professional Responsibility from disclosing in the absence of client consent to
disclosure.  These answering defendants further object on the ground that (1) all pleadings and
papers filed with the Court, (2) all correspondence and written communications between counsel
for the plaintiff, Roderick C. Bond, and the attorneys for other parties, (3) all answers to

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 177

interrogatories, responses to requests for production and responses to requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v. AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA" or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J. Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d) *Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County; (g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and  (h) *AIA Services Corporation, vs. Paul D. Durant, et al.,* Case No. CV12-01483, in the District Court of

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 178

the Second Judicial District of the State of Idaho, in and for Nez Perce County.  Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 117:** Produce all documents that are in your possession, custody or control that you have not produced in response to any other Requests for Production that pertain or relate in any way to AIA Services, AIA Insurance, Growers National Cooperative, Pacific Empire Holdings, Green Leaf, Reinsurance Partners, Hudson Insurance, Diversified Services, Crop USA, Crop USA Insurance Services, Pacific Empire Communications Corp., Great American, Trustmark, any other insurer, or any of the other Defendants from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**    These answering defendants object to Request for Production No. 117 on the grounds that such request is vague, ambiguous and fails to describe with reasonable particularity the documents or categories of documents requested relating to "any of the other Defendants."  These answering defendants also object on the grounds that such request seeks the production of attorney-client communications that are protected from discovery by the attorney-client privilege, work-product doctrine, joint defense and common interest privilege, or other applicable privilege, immunity or protection from disclosure provided by statute, rule, decision or other source.  Additionally, such request is overly broad, unduly burdensome and oppressive, exceeds the scope of discovery allowed by Rule 26(b) of the Federal Rules of Civil Procedure, and seeks the production of documents that (a) are outside of any time frame relevant to the subject matter of this action, (b) not calculated to lead to the discovery of admissible evidence, and (c) constitute confidential client information which these answering defendants are prohibited by Rule 1.6 of the Idaho Rules of Professional Responsibility from disclosing in the

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 179

absence of client consent to disclosure.   These answering defendants further object on the

ground that (1) all pleadings and papers filed with the Court, (2) all correspondence and written

communications between counsel for the plaintiff, Roderick C. Bond, and the attorneys for other

parties, (3) all answers to interrogatories, responses to requests for production and responses to

requests for admissions, (4) all copies of documents produced in pretrial discovery, (5) all

exhibits offered at trial or any evidentiary hearing, and (6) all appeal briefs in connection with

Prior Litigation are already in the possession of plaintiff's counsel, Roderick C. Bond.   As used

in these Supplemental Objections and Responses to Plaintiff's First Set of Requests for

Production, the term "Prior Litigation" means and includes the following:  (a) Reed J. *Taylor v.*

*AIA Services Corporation, et al.,* Case No. CV 07-00208, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce Nez Perce County ("Taylor v. AIA

or the "Underlying Case"),   (b) *Reed J. Taylor v. Gary D. Babbitt, et al.*, Case No. CV 08-

01765, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez

Perce County, ('Babbitt" or "HTEH I"); (c) *Reed J. Taylor v. Michael E. McNichols and*

*Clements, Brown & McNichols, P.A.*, Case No. 08-01763, in the District Court of the Second

Judicial District of the State of Idaho, in and for Nez Perce County ("McNichols"); (c) *Reed J.*

*Taylor v. Richard A. Riley, et al.*, Case No. CV OC 0918868, in the District Court of the Fourth

Judicial District of the State of Idaho, in and for Ada County of Ada, ("Riley" or "HTEH II"); (d)

*Donna J. Taylor v. Richard A. Riley*, Civil No. 1:17-cv-255-CWD, in the United States District

Court for the District of Idaho; (e) *Donna J. Taylor v. R. John Taylor*, Case No. CV 08-01150, in

the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce

County; (f) *Donna J. Taylor v. AIA Services Corporation, et al.*, Case No. CV13-01075, in the

District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County;

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 180

(g) *Donna J. Taylor v. AIA Services Corporation*, Case No. CV 09-024790, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County ("Donna Taylor's Receivership Case"): and (h) *AIA Services Corporation, vs. Paul D. Durant, et al.*, Case No. CV12-01483, in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County. Subject to and without waiving such objection, please see documents produced in response to Request for Production No. 4. No documents relating to Growers National Cooperative, Pacific Empire Holdings, Green Leaf, Reinsurance Partners, Hudson Insurance, Diversified Services, Pacific Empire Communications Corp., Great American, Trustmark or any of their insurers responsive to this request are in the possession, custody or control of these answering defendants.

DATED this 18th day of June , 2018.

ELAM & BURKE, P.A.

By: _Loren C. Ipsen_
Loren C. Ipsen, Of the Firm
Attorneys for Defendants Hawley Troxell
Ennis & Hawley LLP, Gary D. Babbitt, D.
John Ashby, and Richard A. Riley

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 181

**Appendix - A, Page - 453**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _18th_ day of _June_, 2018, I caused a true and correct copy of the foregoing document to be served as follows:

| | |
|---|---|
| Roderick C. Bond | _____ U.S. Mail |
| rod@roderickbond.com | _____ Hand Delivery |
| *Attorney for Plaintiff* | _____ Federal Express |
| | _X__ Via Email by Agreement |

| | |
|---|---|
| Martin J. Martelle | _____ U.S. Mail |
| attorney@martellelaw.com | _____ Hand Delivery |
| *Attorneys for Michael W. Cashman, Sr., R. John* | _____ Federal Express |
| *Taylor, James Beck, Connie Taylor Henderson,* | _X__ Via Email by Agreement |
| *Crop USA Insurance Services, LLC and Crop USA* | |
| *Insurance Agency, Inc.* | |

| | |
|---|---|
| Benjamin A. Schwartzman | _____ U.S. Mail |
| bas@aswblaw.com | _____ Hand Delivery |
| Alyson A. Foster | _____ Federal Express |
| aaf@aswblaw.com | _X__ Via Email by Agreement |
| Todd H. Stitt | |
| tstitt@mrllp.com | |
| Peter L. Steinman | |
| psteinman@mrllp.com | |
| *Attorneys for Intervenor GemCap Lending I, LLC* | |

| | |
|---|---|
| Jack S. Gjording | _____ U.S. Mail |
| jgfjording@fgidaholaw.com | _____ Hand Delivery |
| Stephen L. Adams | _____ Federal Express |
| sadams@gfidaholaw.com | _X__ Via Email by Agreement |
| Mark T. Drooks | |
| mdrooks@birdmarella.com | |
| Fanxi Wang | |
| fwang@birdmarella.com | |
| *Attorneys for Quarles & Brady, LLP* | |

| | |
|---|---|
| Markus W. Louvier | _____ U.S. Mail |
| mlouvier@ecl-law.com | _____ Hand Delivery |
| James B. King | _____ Federal Express |
| jking@ecl-law.com | _X__ Via Email by Agreement |
| *Attorneys for Crumb & Munding, P.S.* | |

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - 182

**Appendix - A, Page - 454**

Michael S. Bissell
mbissell@campbell-bissell.com
Tyler S. Waite
twaite@campbell-bissell.com
*Attorneys for Reed J. Taylor*

| | |
|---|---|
| _____ | U.S. Mail |
| _____ | Hand Delivery |
| _____ | Federal Express |
| __X__ | Via Email by Agreement |

_____
Loren C. Ipsen

DEFENDANTS GARY D. BABBITT, D. JOHN ASHBY, RICHARD A RILEY AND
HAWLEY TROXELL ENNIS & HAWLEY LLP'S AMENDED AND SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION - 183

**Appendix - A, Page - 455**