James W Grow
LAW OFFICE OF JAMES W. GROW, PLLC
ISBA No. 3709
1301 G Street Lewiston, Idaho   83501
Email:  growlawoffice@gmail.com
Phone (208)-746-5508
Facsimile: (208) 746-9466

Attorney for Nominal Defendants
AIA Services Corporation and AIA Insurance, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.; <br><br> Plaintiff, <br><br> v. <br><br> HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; D. JOHN ASHBY, an individual; RICHARD A. RILEY, an individual; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC.; an Idaho corporation; CROPUSA INSURANCE SERVICES, LLC; an Idaho limited liability company; and GEMCAP LENDING I, LLC, a Delaware limited liability company, <br><br> Defendants, | Case No.  1:10-cv-00404-DCN <br><br> DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS |

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 1

QUARLES & BRADY, LLP, a Wisconsin
Limited Legal Partnership; and CRUMB &
MUNDING, P.S., a Washington
Professional Service Corporation,

        Third-Party Defendants,

    and,

CROPUSA INSURANCE AGENCY, INC.,
an Idaho corporation; CONNIE TAYLOR
HENDERSON, an individual; JOLEE K.
DUCLOS, an individual; R. JOHN
TAYLOR, an individual; MICHAEL W.
CASHMAN SR., an individual; JAMES
BECK, an individual,

        Defendants/Third-Party
        Plaintiffs,

v.

REED TAYLOR, an individual,

        Third-Party Defendant.

_____

    Defendant AIA INSURANCE, INC., ("AIA") by and through undersigned counsel, provides this discovery response.

## GENERAL OBJECTIONS

    1.    AIA objects to Plaintiff's interrogatories and requests for production ("discovery requests") to the extent they purport to require disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine and any other legally protectable and confidential information. AIA does not intend to waive its privileges or

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS    - 2

**Appendix - A, Page - 731**

protections in response to Plaintiff's discovery requests, and no response constitutes nor should be interpreted as, a waiver.

2.    AIA objects to Plaintiff's discovery requests as a whole as harassing, overly broad, vague, and unduly burdensome, in that they are repetitive, unclear, seek information available in the public record or more readily from other parties, and are voluminous in nature.

3.    AIA objects to Plaintiff's discovery requests as a whole as harassing, overly broad, vague, and unduly burdensome, in that they are repetitive, unclear, seek information available to and request documents known to have been previously provided to Plaintiff  and which are in in Plaintiff's possession as a result of previous discovery responses in prior related prior related cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

3.    AIA objects to Plaintiff's discovery requests, including Plaintiff's "Instructions and Definitions," to the extent they seek disclosure of settlement communication*that* are protected from disclosure or use *(see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case.

4.    AIA objects to Plaintiff's discovery requests, including Plaintiff's "Instructions and Definitions," to the extent they seek documents already in Plaintiff's possession, custody, or control, or that are available in the public record, or that are in the possession, custody, or control of third parties.

5.    AIA objects to Plaintiff's discovery requests, including Plaintiff's "Instructions and Definitions," to the extent they seek to impose discovery obligations on AIA that are different from or greater than those set forth in the Federal Rules of Civil Procedure. AIA objects to

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 3

Plaintiff's discovery requests, including Plaintiff's "Instructions and Definitions," to the extent they seek documents containing private information about third parties, whose privacy interests AIA is obligated to protect; and/or confidential and proprietary information about AIA, including sensitive financial information or trade secrets. Any such information will be produced subject to third-party approval and/or an appropriate confidentiality order, where appropriate.

6.      AIA objects to Plaintiff's discovery requests, including Plaintiff's "Instructions and Definitions," to the extent they seek documents subject to limitations or requirements of confidentiality agreements or orders in other litigation. Any such documents will be produced in accordance with those limitations and requirements, including potentially notice to and approval of other entities, persons, or courts.

7.      AIA objects to Plaintiff's "Instructions" that purport to require AIA to respond with additional information that is not specifically requested in the discovery requests.

8.      AIA objects to Plaintiff's "Instructions" regarding AIA's purported "continuing" obligation to answer discovery requests. This "instruction" is contrary to and exceeds the requirements of Federal Rule of Civil Procedure 26(e).

9.      AIA objects to Plaintiff's "Definitions" regarding identification of withheld responsive information, including information withheld on the basis of privilege, to the extent the "Definition" purports to require more information than an appropriate privilege log under applicable authorities.

10.      AIA objects to Plaintiff's definition of "AIA," "you," "your," or "yours" to the extent these definitions purport to require AIA to produce information that is not in its possession

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 4

or control, is not reasonably available to it, is information belonging to and in the possession of other entities not party to the lawsuit, or is otherwise publically available to the Plaintiff.

12.     AIA objects to Plaintiff's contention interrogatories asking for all facts or "detailed" facts or "with particularity" as overly broad, unduly burdensome, and seeking information protected from disclosure by the work product doctrine. *See, e.g., Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006). In response to such contention interrogatories, AIA will provide those principal facts of which it is currently aware. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007).

13.     AIA objects to Plaintiff's interrogatories to the extent they call for legal conclusions rather than application of law to fact. *See, e.g., Larson v. Trans Union, LLC*, No. 3:12-cv-05726-WHO, 2017 WL 1540710 (Apr. 28, 2017).

14.     AIA objects to Plaintiff's contention interrogatories as premature because substantial documentary and testimonial discovery has not yet been completed. *See, e.g., Campbell v. Facebook, Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 WL 3533221 (June 3, 2015).

15.     AIA incorporates by reference all its General Objections into each of the responses below. In responding to a specific discovery request, AIA may restate its objections, but by not repeating an objection, AIA does not waive any General Objection.


## **INTERROGATORIES**

**INTERROGATORY NO. I:** If you contend that you relied upon the advice of an attorney or any other professional (including accountants, CPAs or auditors) as a defense in this lawsuit, please state with particularity the advice that you received and identify any documents that you relied upon for such advice.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 5

**ANSWER:**    In addition to its General Objections, AIA objects to this Interrogatory as overly broad and unduly burdensome in Requesting AIA to state "with particularity," as AIA is not required to provide more than principal facts of which it is aware. AIA further objects to this Interrogatory as seeking information protected by the attorney-client privilege and/or work production doctrine. AIA further objects to this Interrogatory to the extent it calls for a legal conclusion.  AIA further objects to this Interrogatory as premature because substantial documentary and testimonial discovery has not yet been completed. AIA further objects to this Interrogatory because it is vague and ambiguous in its reference to "any other professional." AIA does not interpret this Interrogatory to inquire whether AIA relied on representations made by any individuals other than attorneys.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents, which were provided on or about September 21, 2017.

**INTERROGATORY NO. 2:** Identify the defenses and claims (if any) that you have in this lawsuit (regardless of whether or not such defenses are affirmative defenses). For each such defense, state with particularity the legal and factual basis that supports each such defense or claim

**ANSWER:** In addition to its General Objections, AIA objects to this Interrogatory because it seeks information protected by the attorney-client privilege and work product doctrine.

AIA further objections to this Interrogatory as overly broad and unduly burdensome by Requesting to state "with particularity," as AIA is only required to provide those principal facts of which it is currently aware. AIA further objects to this Interrogatory to the extent it calls for a legal conclusion. AIA further objects to this Interrogatory as premature because substantial

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 6

documentary and testimonial discovery has not yet been completed.   See also Defendant's Answer to Plaintiff's Third Amended Complaint for affirmative defenses as currently set forth.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents, which were provided on or about September 21, 2017.

**INTERROGATORY NO. 3:** If you assert any common interest or joint defense privileges, state with particularity the parties who are, or were, a party to each such privilege and the specific common interest(s) or joint defense(s) that you share or shared.

**ANSWER:** In addition to its General Objections, AIA objects to this Interrogatory because it seeks information protected by the attorney-client privilege and work product doctrine. AIA further objections to this Interrogatory as overly broad and unduly burdensome by Requesting to state "with particularity," as AIA is only required to provide those principal facts of which it is currently aware. AIA further objects to this Interrogatory as vague, burdensome, and overly broad, as it does not limit its Request to a time period or a specific lawsuit. For that reason, AIA also asserts this Interrogatory seeks information that is not relevant to any claim or defense in this lawsuit and is not proportional to the needs of the case.

Subject to and without waiving those objections, AIA responds that, with respect to this lawsuit, AIA has not entered any joint defense agreement in this lawsuit. In addition, it has not yet determined whether it shares a common interest with the other defendants or whether a joint defense privilege would apply. Once AIA has made this determination, it will supplement this response appropriately

## **REQUESTS FOR PRODUCTION**

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 7

Please carefully review the definitions above (including the definitions for "documents" and many of the persons or entities listed below) prior to responding to the following Requests for Production:

**REQUEST FOR PRODUCTION NO. I:** Produce all documents evidencing, supporting, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 1.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "refer" "relate" or "pertain" to AIA's answer to Interrogatory No. 1. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. AIA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 8

confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. *See also* Response to Interrogatory No. 1

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents evidencing, supporting, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 2.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "refer" "relate" or "pertain" to AIA's answer to Interrogatory No. 1. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. AIA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case.

AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect. AIA further objects to

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 9

this Request as seeking documents containing confidential and proprietary information about

AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable,

must be produced in accordance with an appropriate confidentiality order. Given the breadth of

this Request, AIA further objects to it as burdensome. AIA further objects to this Request as

harassing because it seeks disclosure of privileged information or work product; because it is

unreasonably cumulative and duplicative of other requests; and because it is so broad that it

could be interpreted to require production of documents that are irrelevant and not proportional

to the needs of the case. *See also* Response to Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents evidencing, supporting,

referring to, relating in any way, or pertaining to your answer to Interrogatory No. 3, including,

without limitation, privilege and work product logs.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague,

burdensome, and overly broad, as it seeks "all" documents that "refer" "relate" or "pertain" to

AIA's answer to Interrogatory No. 1. AIA also objects that this Request is overly broad and seeks

documents not relevant to any claim or defense in this case and not proportional to the needs of

the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it

is unclear exactly what documents this Request seeks. AIA further objects to this Request as

overly broad because it does not set forth a time limitation of the documents it seeks. AIA further

objects to this Request because it seeks documents protected by the attorney-client privilege or the

work product doctrine. AIA further objects to this Request because it seeks documents containing

settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus

are not discoverable, are not relevant to any claim or defense in this case and are not proportional

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 10

**Appendix - A, Page - 739**

to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. *See also* Response to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 4:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, corporate governance, shareholder meetings, board meetings, and communications) for AIA Services from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 11

Appendix - A, Page - 740

what "books and records" means in this context and exactly what documents this Request seeks. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 5:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 12

accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for AIA.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. AIA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 13

be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 6:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for AIA Insurance from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. AIA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 14

are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO.** 7: Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for AIA Insurance Services.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 15

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. AIA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 16

**Appendix - A, Page - 745**

as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 8:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for The Universe Life Insurance Company from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. AIA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 17

AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 9:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Great Fidelity Life Insurance Company from 1993 through and until the conclusion of this lawsuit.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 18

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. AIA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 19

as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 10:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Pacific Empire Holdings.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. AIA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 20

documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 11:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Growers National Cooperative.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." AIA also objects that this Request is overly broad and seeks documents

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 21

not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. AIA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 22

**REQUEST FOR PRODUCTION NO. 12:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records that relate in any way to any funds, property, assets, labor, rent or other expense that you utilized or received from AIA Services, ALA Insurance, AIA Insurance Services, R. John Taylor, any other Defendant, or any other entity that is partially or wholly owned by R. John Taylor or any other Defendant (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 23

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 13:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Green Leaf.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 24

Appendix - A, Page - 753

what "books and records" means in this context and exactly what documents this Request seeks. AIA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 25

**Appendix - A, Page - 754**

**REQUEST FOR PRODUCTION NO. 14:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Reinsurance Partners.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. AIA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 26

confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome.

AIA further objects to this Request as harassing because it seeks disclosure of privileged

information or work product; because it is unreasonably cumulative and duplicative of other

requests; and because it is so broad that it could be interpreted to require production of documents

that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request

as the requested documents have been provided to Plaintiff's counsel in several other cases

including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without

waiving those objections please see the electronic link provided to you via email containing

discovery documents.

**REQUEST FOR PRODUCTION NO. 15:** Produce for inspection and copying all documents

that are in your possession, custody or control that pertain or relate in any way to the books and

records (including, without limitation, all documents relating in any way to internal and external

accounting work papers, financial statements, tax returns, loan applications, bank statements, loan

statements, legal files, accounting files, corporate governance, shareholder meetings, board

meetings, and communications) for 17 State Street Partners.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague,

burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any

way" to "books and records." AIA also objects that this Request is overly broad and seeks

documents not relevant to any claim or defense in this case and not proportional to the needs of

the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as

it is unclear what "books and records" means in this context and exactly what documents this

Request seeks. AIA further objects to this Request as overly broad because it does not set forth

a time limitation of the documents it seeks. AIA further objects to this Request because it seeks

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 27

Appendix - A, Page - 756

documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 16:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements,

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 28

loan statements, legal files, accounting files, corporate governance, shareholder meetings, board

meetings, and communications) for Weskan Agency.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague,

burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way"

to "books and records." AIA also objects that this Request is overly broad and seeks documents

not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA

further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear

what "books and records" means in this context and exactly what documents this Request seeks.

AIA further objects to this Request as overly broad because it does not set forth a time limitation

of the documents it seeks. AIA further objects to this Request because it seeks documents protected

by the attorney-client privilege or the work product doctrine. AIA further objects to this Request

because it seeks documents containing settlement communications that are protected from

disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or

defense in this case and are not proportional to the needs of the case. AIA further objects to this

Request as seeking documents containing private information about third parties, whose privacy

interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and

proprietary information about AIA, including sensitive financial information or trade secrets, which,

if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order.

Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to

this Request as harassing because it seeks disclosure of privileged information or work product;

because it is unreasonably cumulative and duplicative of other requests; and because it is so broad

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 29

**Appendix - A, Page - 758**

that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 17:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for any entity that R. John Taylor partially or wholly owns (including any entities that R. John Taylor may form or may partially or wholly own in the future).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. AIA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 30

Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 18:** Produce all documents that pertain or relate to your state and federal tax returns (including amendments thereto), together with all schedules and attachments thereto, from 2010 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to AIA's tax returns. AIA also objects that this Request is overly broad and seeks documents not relevant

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 31

to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of private, sensitive information about AIA that is irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 19:** Produce all documents that pertain or relate to the state and federal tax returns (including amendments thereto), together with all schedules and attachments thereto, of any entity that John Taylor, presently or formerly, partially or wholly owned from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to tax returns. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS            - 32

records" means in this context and exactly what documents this Request seeks. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 20:** Produce all documents that pertain or relate to your credit applications, credit reports, tax returns, financial statements and other information that you

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS         - 33

submitted to any prospective or actual lender from 1999 through the conclusion of this lawsuit (including, without limitation, any lender that you were asked or seeking to guarantee a loan for another person or entity).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to credit applications, credit reports, tax returns, financial statements and other information that you submitted to any prospective or actual lender. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as unduly burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 34

**Appendix - A, Page - 763**

proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 21:** Produce all documents that pertain or relate to John Taylor's compensation and reimbursements from Avista Corp. from 1993 through the conclusion of this lawsuit (including, without limitation, directors' fees, retainers, stock options, deferred compensation, and restricted stock).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case.

AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect. AIA further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 35

Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 22:** Produce all documents that pertain or relate to R. John Taylor's transfer, sale or other disposition of any real property or personal property to AIA Services, AIA Insurance, any Defendant or any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants from 1993 through the conclusion of this lawsuit (including, without limitation, the real property later quitclaimed to Jordan Taylor and the real property that John Taylor transferred or sold to AIA Services or AIA Insurance).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to John Taylor's transfer, sale or other disposition of any real property or personal property to AIA Services, AIA Insurance, any Defendant or any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. AIA further objects to this Request because it seeks documents protected by the attorney-

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 36

Appendix - A, Page - 765

client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**<u>REQUEST FOR PRODUCTION NO. 23:</u>** Produce all documents that pertain or relate to any of John Taylor or Connie Henderson's debts, obligations or donations that were paid in full or in part by AIA Services, AIA Insurance, AIA, AIA Insurance Services or Pacific Empire Holdings from 1993 through the conclusion of this lawsuit.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 37

Appendix - A, Page - 766

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to any of John Taylor or Connie Henderson's debts, obligations or donations that were paid in full or in part by AIA Services, AIA Insurance, AIA, AIA Insurance Services or Pacific Empire Holdings. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 38

limited to *Taylor v. Bell*, which were previously provides. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 24:** Produce all documents that are in your possession, custody or control that have been produced or provided to AIA (these include documents produced in litigation with AIA and litigation directed or filed by AIA against other parties), including, without limitation, all deposition transcripts (including exhibits) and hearing transcripts.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to any litigation involving AIA. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 39

Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 25:** Produce all documents in your possession, custody or control that pertain or relate in any way to communications involving AIA (these include communications involving litigation with AIA and litigation directed or filed by AIA against other parties).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to any litigation involving AIA. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 40

documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 26:** Produce all documents that pertain or relate in any way to communications involving Mel Gilbert or any entity or party that he has ever been employed by or affiliated with (including, without limitation, all documents that were provided to, or received from, Mel Gilbert or any entity or party that he was employed by or affiliated with).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to any information regarding Mel Gilbert. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 41

**Appendix - A, Page - 770**

of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 27:** Produce all documents that pertain or relate in any way to communications involving Hudson Insurance or any documents received or provided to Hudson Insurance or any other crop insurance company (e.g., Great American) from 1999 through the conclusion of this lawsuit.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 42

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to Hudson Insurance, etc. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 43

**REQUEST FOR PRODUCTION NO. 28:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to Hudson Insurance from 1999 through the conclusion of this lawsuit (including, without limitation, documents relating in any way to AIA's 2008 sale of assets to Hudson and any payments relating thereto (including payments made directly or indirectly to you by Hudson such as any funds tendered for a non-compete.))

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to Hudson Insurance, etc. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 44

**Appendix - A, Page - 773**

that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 29:** Produce all documents pertaining to or relating in any way to your bank records (including brokerage accounts, retirement accounts, checking accounts, savings accounts, loans, certificates of deposits, lines of credit and any other account).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to AIA's "bank records."AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which,

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS            - 45

**Appendix - A, Page - 774**

if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 30:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any loans, indebtedness and/or guarantees with any present or former creditor for AIA Services, AIA Insurance, Corp. CropUSA Insurance Services (including without limitation, all documents provided to, or received from, all such creditors) from 1995 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to AIA loans, indebtedness and/or guarantees with any present or former creditor for AIA Services, AIA Insurance, AIA, AIA Insurance Services. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 46

disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 31:** Produce all documents that are in your possession, custody or control that pertains or relates in way to the advancement or allocation/division of funds, loan guarantees, labor, rent, utilities, phone and/or any other expenses between or by R. John Taylor and any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants from **1995** through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way"

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 47

to the expenses of R. John Taylor or any other defendant. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 48

**Appendix - A, Page - 777**

**REQUEST FOR PRODUCTION NO. 32:** Produce all documents that are in your possession, custody or control that pertains or relates in way to the advancement or allocation/division of funds, loan guarantees, labor, rent, utilities, phone and/or any other expenses between AIA Services or AIA Insurance and any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants from 1995 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to the expenses of R. John Taylor or any other defendant. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 49

**Appendix - A, Page - 778**

proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 33:** Produce all documents that are in your possession, custody or control that pertains or relates in way to the advancement of funds, or the lending of funds, by Hudson Insurance, Diversified Services, any other insurance company or any other entity or financial institution to you or to any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants from 1995 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to the advancement of funds, or the lending of funds, by Hudson Insurance, Diversified Services, any other insurance company or any other entity or financial institution to you or to any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 50

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 34:** Produce all documents that are in your possession, custody or control that pertains to or relates in any way to any business or financial arrangements or agreements that you have or have, or previously had, with any of the Defendants from 1994 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to any business or financial agreement. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see*

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS         - 51

Appendix - A, Page - 780

F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 35:** Produce all documents that are in your possession, custody or control that pertains or relates in any way to communications that you have had with any of the Defendants from 1994 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to all documents of AIA. AIA also objects that this Request is overly broad and seeks documents

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 52

not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 36:** Produce all documents in your possession constituting, memorializing or pertaining to any communications you have had with any of

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 53

the Defendants and/or any documents that were provided to, or received from, any of the Defendants from 1994 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to all communications had by AIA. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 54

objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 37**: Produce all documents that are in your possession, custody or control that were provided to, or received from, any in house or outside attorneys, accountants, CPAs, and/or auditors for AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services, the Universe Life Insurance Company, Great Fidelity Life Insurance Company and/or Pacific Empire Holdings from 1993 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to or received by AIA and other entities. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product;

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 55

because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 38**: Produce all documents that are in your possession, custody or control that were provided to, received from, involve or relate in any way to associations, trusts, trust board, cooperatives, association trusts, including, without limitation, with the Grain Growers Association Membership and Insurance Trust, Soybean Association Membership and Insurance Trust, Poultry Growers Membership and Insurance Trust, the American Independent Agricultural Producers Group Membership and Insurance Trust and Growers National Cooperative (including all meeting minutes, resolutions, notices of meetings, documents provided at any meetings, contracts, agreements and all other information) from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to or received by AIA and other entities. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 56

Appendix - A, Page - 785

(*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 39:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to all communications between you or any other Defendant and Quarles & Brady.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications received by AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 57

**Appendix - A, Page - 786**

not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 40:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Quarles & Brady.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 58

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications received by AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS            - 59

**REQUEST FOR PRODUCTION NO. 41:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to all billing records from Quarles & Brady, and the payments for such services, from 2005 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to billing records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 60

documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 42:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to all of Quarles & Brady's legal files legal files (including work product), engagement letters, tolling agreements, conflict waivers and/or all documents relating in any way to legal services or the representation of any Defendant, including, without limitation, all such information relating to *Reed Taylor v. AIA Services Corp., el al.* (filed in Nez Perce County District Court).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to litigation records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which,

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 61

if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 43:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all billing records from Hawley Troxell, and the payments for such services, from 1993 through the conclusion of this lawsuit, including, without limitation, all such information relating to *Reed Taylor v. AIA Services Corp.,* et al. (filed in Nez Perce County District Court) and *Donna Taylor v. AIA Services Corp.* (filed in Nez Perce County District Court).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to billing records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 62

disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 44:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to all communications involving Hawley Troxell.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communication records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 63

proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 45:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to all of Hawley Troxell's legal files (including work product), engagement letters, conflict waivers, tolling agreements and/or all documents

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 64

Appendix - A, Page - 793

pertaining to the representation of any Defendant from 1993 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to legal file of AIA or other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 65

**Appendix - A, Page - 794**

limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 46:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all billing records from Eberle Berlin from 1993 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to billing records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS         - 66

that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell* which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 47:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Eberle Berlin from 1993 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 67

Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 48:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to all of Eberle Berlin's legal files (including work product), engagement letters, conflict waivers, termination letters, and/or all documents pertaining to the representation of any Defendant from 1993 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to legal files of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 68

Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 49:** Produce all documents that pertain or relate in any way to communications involving any of your former attorneys (communications after such attorney no longer represented you) or communications involving any present or former attorneys for any other Defendant.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to billing records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 69

the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 50:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any documents (including communications) that you produced, or were produced to you or any entity or partially or wholly owned by any one or more of the Defendants that relates in any way to any threatened or actual lawsuits from

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 70

1995 through the conclusion of this lawsuit, together with any communications relating to any such threatened or actual lawsuits.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to documents of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided.2018.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 71

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 51:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to the AIA Services Corporation's 401(k) Plan Profit Sharing Plan (including, without limitations, all documents pertaining to all transactions, the purchase and sale of shares or other securities (including the purchase and any repurchases of Series C Preferred Shares in AIA Services), loans and distributions or payments to and from the 401(k) Plan, mortgages transferred to or from the 401(k) Plan, and all other transactions) from 1995 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 72

Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 52:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to the AIA Services Corporation's Employee Stock Ownership Plan ("ESOP") from 1995 through the conclusion of this lawsuit (including, without limitation, documents relating to the alleged termination of the ESOP).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to documents or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 73

Appendix - A, Page - 802

Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 53:** Produce all documents that you have provided to or received from, or another Defendant has provided to or received from, any potential or actual lay or expert witness or any consultant for this lawsuit or any Defendant in this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to documents or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 74

protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 54:** Produce all documents that are in your possession custody or control that you have, or any other Defendant has, provided to or received from, any other Defendant or any potential or actual attorney that relates in any way to the subject matter

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 75

Appendix - A, Page - 804

of this lawsuit, any other lawsuits, disputes or threatened litigation from 1993 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to documents or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS            - 76

objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 55:** Produce all documents that you have, or any other Defendant has, provided to or received from, any person, party or entity that relates in any way to the subject matter of this lawsuit, any other lawsuits, disputes or threatened litigation from 1993 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to documents or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS           - 77

that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 56:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any agreements with Reed Taylor.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to documents or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS           - 78

Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 57:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any communications involving Reed Taylor (including, communications mentioning or referencing him, to him, from him and carbon copied to or from him) or any documents provided to, or received from, Reed Taylor.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 79

**Appendix - A, Page - 808**

further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 58:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any in litigation to which Reed Taylor or Donna Taylor was, or is, a party (including legal files, billing records, representation agreements, tolling agreements, conflict waivers and communications).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 80

in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 59:** Produce all documents that pertain or relate to all your financial statements that you have prepared for your own use or provided to any person or entity through the conclusion of this lawsuit (including, without limitation, financial statements specifically prepared for any lenders or for you to guarantee any loans).

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS            - 81

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to financial records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 82

**REQUEST FOR PRODUCTION NO. 60:** Produce all documents that you provided to any consultant or expert witness in *Reed Taylor v. AIA Services Corp., et al. (filed* in Nez Perce County District Court), including, without limitation, the documents that you provided to testifying expert witnesses that were also submitted to Judge Brudie.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 83

Appendix - A, Page - 812

documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 61:** Produce all documents that pertain or relate to any loans, obligations, commitments, or indebtedness that you have, or another Defendant has, received, incurred or guaranteed for another person or entity from 1993 through the conclusion of this lawsuit (including, without limitation, all documents that relate in any way to any guarantees with GemCap, Zion's Bank, Private Bank of Minnesota, U.S Bank, and Lancelot).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 84

Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 62:** Produce all documents that pertain or relate to any due diligence conducted by you or any other party for any loans or indebtedness that you have, or any Defendant has, received, incurred, become obligated to pay, or guaranteed, for another person or entity from 1993 through the conclusion of this lawsuit (including, without limitation, all documents that relate in any way to any guarantees with GemCap, Zion's Bank, Private Bank of Minnesota, U.S Bank, and Lancelot).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 85

**Appendix - A, Page - 814**

relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 63:** Produce all documents that pertain or relate to any loans that you have provided to, or money or funds that you have advanced to, any other Defendant in this lawsuit (including, without limitation to, AIA Services, AIA Insurance, R. John Taylor, James Beck, Mike Cashman, JoLee Duclos, CropUSA and CropUSA Insurance Services) from 1994 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way"

to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 87

Appendix - A, Page - 816

**REQUEST FOR PRODUCTION NO. 64:** Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving Randall Danskin (including communications to, from and carbon copied to or from) and any documents that were provided or received from Randall Danskin, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to Randall Danskin (including, without limitation, all documents pertaining to any lawsuits involving Randall Danskin and the lawsuit relating to the failed reverse stock split known as *AIA Services Corp. v. Durant, et al.*).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 88

this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 65:** Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving Elam & Burke (including communications to. from and carbon copied to or from) and/or any documents that were provided or received from Elam & Burke, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to Elam & Burke.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 89

further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 66:** Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving John Munding (including communications to, from and carbon copied to or from) and any documents that were provided or received from John Munding, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to John Munding (including, without limitation, all documents pertaining to any lawsuits in which John Munding represented AIA Services or AIA Insurance, e.g., *GemCap Lending I, LLC v. CropUSA Insurance Agency, Inc., et al).*

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 90

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 91

**REQUEST FOR PRODUCTION NO. 67:** Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving David Risley (including communications to, from and carbon copied to or from) and any documents that were provided or received from David Risley, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to David Risley (please note that David Risley has also purportedly represented AIA Services, AIA Insurance and CropUSA (among others) in the past).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product;

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS         - 92

**Appendix - A, Page - 821**

because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 68:** Produce all documents that are in your possession, custody or control that pertain or relate to any settlements or settlement agreements involving any of the Defendants to this lawsuit or any other party(ies) that relate in any way to the subject matter of this lawsuit or any transactions or agreements involving any one or more of the Defendants or any entities partially or wholly owned by any Defendant (including, without limitation, any settlements with AIA, Randall Danskin, the state of Idaho, Hudson Insurance, Growers National Cooperative, or any other party) from 1993 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 93

**Appendix - A, Page - 822**

relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 69:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Trustmark.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 94

in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 70:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to agreements, payments received from, payments made to, or any other financial or business arrangement with Trustmark.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS            - 95

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were previously provided. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS            - 96

**REQUEST FOR PRODUCTION NO. 71:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any claims or requests for indemnity and/or contribution from Reed Taylor (including, without limitation, any written agreements providing for indemnity or contribution).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 97

**Appendix - A, Page - 826**

proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 72:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any in litigation involving AIA Services, AIA Insurance, AIA, CropUSA, CropUSA Insurance Services, R. John Taylor or any of the other Defendants or any entities partially or wholly owned by any Defendant (including legal files, billing records, representation agreements, tolling agreements, conflict waivers and communications).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 98

**Appendix - A, Page - 827**

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 73:** Produce all documents that pertain or relate in any way to any compensation, salary, reimbursements, contributions, stock, stock options, bonuses, deferred compensation, benefits, dividends, distributions, contributions, advances, loans, guarantees or payments or enumeration of any kind or nature (including barter transactions) that you paid to, received from, or provided to, R. John Taylor, any Defendant (including AIA and AIA Insurance Services), PERC, Pacific Empire Communications Corp., or any other entity that was partially or wholly owned by R. John Taylor or any other Defendant from 1993 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 99

objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 74:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any due diligence or other actions taken by

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 100

you to ensure that the guarantees executed by AIA Services and AIA Insurance in connection with your loans to CropUSA and CropUSA Insurance Services were properly and duly authorized by the required board of directors and/or shareholders of ALA Services and AIA Insurance and were made in compliance with the applicable bylaws and articles of incorporation.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 101

Appendix - A, Page - 830

proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 75:** Produce all documents that pertain or relate in any way to any to your compliance with, or resolution of any conflicts of interest for members of AIA Services and AIA Insurance's boards of directors or provisions under AIA Services and AIA Insurance's bylaws and amended articles of incorporation.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which,

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 102

**Appendix - A, Page - 831**

if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 76:** Produce all documents that are in your possession, custody or control that relate in any way to any investigations conducted by you relating in any way to GemCap, CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Green Leaf, Reinsurance Partners, PERC, Pacific Empire Holdings, R. John Taylor, any of the other Defendant, or any entity partially or wholly owned by R. John Taylor or any other Defendant.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS         - 103

that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO.** 77: Produce all documents that pertain or relate in any way to any compensation. salary, reimbursements, stock, stock options, bonuses, deferred compensation, benefits, dividends, distributions, advances, loans, guarantees or payments or enumeration of any kind or nature (including barter transactions) that you paid, provided to, or received from, any person or entity (including, without limitation, any entity that was partially or wholly owned by any Defendant) from 1995 through the conclusion of this lawsuit.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 104

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to all documents had by AIA. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS         - 105

**REQUEST FOR PRODUCTION NO. 78:** Produce all documents that pertain or relate in any way to any funds, assets, real property or any other asset or enumeration of any kind or nature (including barter transactions) that involves, or relates in any way to, Jordan Taylor.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 106

proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 79:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Jordan Taylor (including communications to, from or carbon copied to or from him) and/or any documents provided to, or received from, Jordan Taylor.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which,

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 107

**Appendix - A, Page - 836**

if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell* which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.


**REQUEST FOR PRODUCTION NO. 80:** Produce all documents in your possession, custody or control that pertain or relate in any way to any notices of shareholder meetings, notices of board of director meetings, shareholder resolutions, shareholder consents, shareholder meeting minutes, board resolutions, board consents, board meeting minutes, disclosures, due diligence and any communications that pertain or relate in any way to the governance of, corporate authority of, or any decisions made for, AIA Services, AIA Insurance, CropUSA, CropUSA Services, Reinsurance Partners, Green Leaf, PERC, Pacific Empire Communications Corp., and Pacific Empire Holdings from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 108

in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

were provided in August 2017.Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 81:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Diversified Services (including communications to, from and carbon copied to or from Diversified Services) and/or any documents that were provided to, or received from, Diversified Services.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS         - 109

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 110

**REQUEST FOR PRODUCTION NO. 82:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Green Leaf (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Green Leaf.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 111

**Appendix - A, Page - 840**

proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 83:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Reinsurance Partners (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Reinsurance Partners.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which,

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 112

**Appendix - A, Page - 841**

if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 84:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Weskan Agency (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Weskan Agency.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 113

further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell* which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 85:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Randy Lamberjack, his wife or any attorney or representative acting on behalf of either of them (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Randy Lamberjack, his wife or any attorney or representative acting on behalf of either of them.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 114

objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 86:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving James Gatziolis or his attorney or representative (including communications to, from and carbon copied to or

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 115

from) and/or any documents that were provided to, or received from, James Gatziolis, his attorney or representative.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS         - 116

documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 87:** Produce all documents in your possession, custody or control that pertain or relate in any way to R. John Taylor's purchase of Series A Preferred Shares in AIA Services and/or the authorization and issuance of such shares.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 117

**Appendix - A, Page - 846**

this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 88:** Produce all documents in your possession, custody or control, that pertain or relate in any way to any amendments to A1A Services or    AIA Insurance bylaws or articles of incorporation from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS            - 118

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.


**REQUEST FOR PRODUCTION NO. 89:** Produce all documents in your possession, custody or control that pertain or relate in any way to any compensation or payments from or by Hudson Insurance to any Defendant or entity partially or wholly owned by any Defendant that relate in any way to Growers National Cooperative (including, without limitation, payments received to resolve any lawsuits involving Growers National Cooperative or any contractual relationships with it).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 119

in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 90:** Produce all documents in your possession, custody or control that pertain or relate in any way to any compensation or payments made to, or on behalf of, any of the Defendants from 1993 through the conclusion of this lawsuit, including, without limitation, director fees, salaries, reimbursements, the advancement or payment of attorneys' fees

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS            - 120

and costs for any lawsuit or legal representation, the payment of services (e.g., payments to Connie Henderson or her law firm for work allegedly performed), bonuses and benefits.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 121

Appendix - A, Page - 850

documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 91:** Produce all documents in your possession, custody or control that support the allegations, causes of action, claims and relief asserted in the Third-Party Complaint filed against Reed Taylor as Docket No. 218 in this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 122

this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 92:** Produce all documents that relate in any way to your income, assets and debts.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 123

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided in August 2017.Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**PRODUCTION NO. 93:** Produce all documents that are in your possession, custody or control that relate in any way to the ownership, sale or transfer of any real property or personal property to R. John Taylor or Debra Hopson Taylor, including, without limitation, all documents that pertain to the title to the house on Prospect in Lewiston, Idaho being titled solely in the name of Debra Hopson Taylor and all documents pertaining to any remodeling expenses of any property held in the name of R. John Taylor or Debra Hopson Taylor.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 124

Appendix - A, Page - 853

it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 94:** Produce all documents that are in your possession, custody or control that relate in any way to any agreements between R. John Taylor and Debra Hopson Taylor (including, without limitation, any pre-marital or post-marital agreements).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague,

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 125

Appendix - A, Page - 854

burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 126

**REQUEST FOR PRODUCTION NO. 95:** Produce all documents that are in your possession, custody or control that relate in any way to any foreign country bank accounts or any other asset located in a foreign country in the name of R. John Taylor and/or Debra Hopson Taylor, any other Defendant or any entity partially or wholly owned by them, or any entity or trust established on the behalf of any of the foregoing parties.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 127

**Appendix - A, Page - 856**

that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 96:** Produce all documents that are in your possession, custody or control that relate in any way to any foreign bank accounts, foreign assets, or any other thing of value in a foreign country in the name of R. John Taylor and/or Debra Hopson Taylor, any entity partially or wholly owned by either R. John Taylor and/or Debra Hopson Taylor, or any trust or related instrument established for the behalf of either R. John Taylor and/or Debra Hopson Taylor.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 128

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 97:** Produce all documents that are in your possession, custody or control that relate in any way to any funds, assets, trade secrets, facilities, labor or any other thing of value that has been advanced or lent to PERC, together with all documents relating to any repayments any other thing of value returned.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS         - 129

**Appendix - A, Page - 858**

that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 98:** To the extent that you contend any of the transactions, loans, guarantees, acts and/or omissions alleged in the Third Amended Complaint in this lawsuit (and any subsequently amended complaint in this lawsuit) were proper and/or duly authorized, produce all documents that are in your possession, custody or control that support your contentions.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way"

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 130

Appendix - A, Page - 859

to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 131

**REQUEST FOR PRODUCTION NO. 99:** Produce all documents that support your defenses or affirmative defenses to the allegations, claims, causes of action and relief requested in this lawsuit, including, without limitation, any defenses that the board of directors or shareholders of AIA Services or AIA Insurance properly authorized or consented to any transaction or action.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 132

**Appendix - A, Page - 861**

that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 100:** Produce all documents that are in your possession, custody or control pertain or relate in any way to the billing records of Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, and/or Wieland Law PLLC and any and all payments made to Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, or Wieland Law PLLC (including the source and amounts of such payments).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 133

**Appendix - A, Page - 862**

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 101:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and/or documents provided to, or received from, any attorney, paralegal, expert witness, consultant, agent or other representative of Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, and/or Wieland Law PLLC (including Steve Wieland and Shawnee Perdue); provided, however, that this Request for Production does not request the communications pertaining <u>solely</u> to the specific representation of R. John Taylor, James Beck, JoLee Duclos, Connie Henderson, AIA or AIA Insurance Services in this lawsuit by Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, and/or Wieland Law PLLC. To the extent that this Request for Production applies to any communications involving this lawsuit and other matters, then redact the information pertaining

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 134

Appendix - A, Page - 863

to this lawsuit and produce the remaining portion of the communication. Please note that all documents attached to such communications must be produced unless some privilege applies (subject to Plaintiff's right to dispute or challenge the assertion of privilege).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 135

Appendix - A, Page - 864

documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 102:** Produce all documents that are in your possession, custody or control pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and documents provided to or received from, any attorney, paralegal, expert witness, consultant or other representative of McNaul Ebel Nawrot & Helgren PLLC (including Greg Hollon or Avi Lipman) or any other attorney, paralegal, agent, consultant, expert witness or other representative acting on behalf of Cairncross & Hemp lemann.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 136

**Appendix - A, Page - 865**

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 103:** Produce all documents that are in your possession, custody or control pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and documents provided to or received from, Alan Coalson (or any entity to which he has practiced, together with any agents or employees of such entity).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 137

further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 104:** Produce all documents that are in your possession, custody or control pertain or relate in any way to the source or the use of the funds, loans, assets, trade secrets, employees, agents, facilities, labor and any other item or thing of value to fund or operate CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Reinsurance Partners, PERC, Green Leaf, Pacific Empire Holdings, Pacific Empire

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 138

Appendix - A, Page - 867

Communications Corp., Weskan Agency, and/or any other entity partially or wholly owned by R. John Taylor or any other Defendant.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 139

**Appendix - A, Page - 868**

documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 105:** Produce all documents that are in your possession, custody or control pertain or relate in any way to cash or assets that R. John Taylor or any other Defendant has contributed, lent or advanced to CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Reinsurance Partners, Weskan Agency, Green Leaf, PERC, Pacific Empire Communications Corp. Pacific Empire Holdings, or any other entity partially or wholly owned by R. John Taylor or any other Defendant.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 140

**Appendix - A, Page - 869**

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.


**REQUEST FOR PRODUCTION NO. 106:** Produce all documents that are in your possession, custody or control pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and/or documents provided to, or received from, any person or entity that relates in any way to the redemption of Reed Taylor's shares in 1995, the restructuring of the obligations in 1996, the subsequent defaults, the litigation that arose in 2007, any subsequent litigation or threatened litigation, and any and all payments made to Reed Taylor or any other party relating in any way to the redemption of Reed Taylor's shares (including, without limitation, all documents and communications relating to Eberle Berlin's representation, its legal files, and its billing records relating in any way to the redemption or the restructure thereof, together with Hawley Troxell's and any other attorneys' legal files,

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 141

**Appendix - A, Page - 870**

billing records (and payments), representation and communications pertaining to the subsequent

litigation with Reed Taylor).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague,

burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way"

to communications, documents, and/or records of AIA to other entities or individuals. AIA also

objects that this Request is overly broad and seeks documents not relevant to any claim or defense

in this case and not proportional to the needs of the case. AIA further objects to this Request because

it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA

further objects to this Request because it seeks documents containing settlement communications

that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not

relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA

further objects to this Request as seeking documents containing private information about third

parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and

proprietary information about AIA, including sensitive financial information or trade secrets, which,

if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order.

Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to

this Request as harassing because it seeks disclosure of privileged information or work product;

because it is unreasonably cumulative and duplicative of other requests; and because it is so broad

that it could be interpreted to require production of documents that are irrelevant and not

proportional to the needs of the case. Lastly, AIA objects to this Request as the requested

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS         - 142

Appendix - A, Page - 871

documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 107:** Produce all documents that are in your possession, custody or control pertain or relate in any way to the financial statements, assets, debts and/or tax returns (including state and federal returns, all attachments and scheduled thereto, including amendments) of R. John Taylor, Connie Henderson, James Beck, Mike Cashman. JoLee Duclos, CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Weskan Agency, Reinsurance Partners, Growers National Cooperative, PERC, Pacific Empire Communications Corp., Pacific Empire Holdings, Green Leaf or any entity partially or wholly owned by any Defendant (including R. John Taylor).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 143

Appendix - A, Page - 872

further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 108:** Produce all documents that are in your possession, custody or control that relate in any way to the attorneys' fees, expert fees, costs and expenses incurred by you, or on your behalf, for any litigation involving any one or more of the Defendants (including, without limitation, copies of all billing records and statements), including as to all such expenses incurred in *GemCap Lending I, LLC v. CropUSA Insurance Agency, Inc., el al.* (filed in U.S. District Court in California).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way"

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 144

Appendix - A, Page - 873

to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 145

Appendix - A, Page - 874

**REQUEST FOR PRODUCTION NO. 109:** To the extent that you deny any of the allegations in the Third Amended Complaint in this lawsuit (and any allegations in any subsequently amended complaint in this lawsuit) and such denials are supported by any documents, produce all documents that are in your possession, custody or control that support your denials of such allegations.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 146

that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

      Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 110:** Produce all documents that are in your possession, custody or control that relate in any way to all sums borrowed and owed to GemCap, and all payments to GemCap (including the present balance and all payments made pursuant to the terms of any Settlement Agreement) and/or any assets assigned or transferred to GemCap.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS    - 147

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 111:** Produce all documents that are in your possession, custody or control that relate in any way to any and all settlement agreements or any other agreements or financial arrangements entered into in connection with *GemCap Lending I, LLC v. CropUSA Insurance Agency, Inc., et al.* (filed in U.S. District Court in California), including, without limitation, all information relating to the calculation of all fees, costs, penalties, interest and the balance owed under the terms of any Settlement Agreement.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 148

**Appendix - A, Page - 877**

in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 112:** Produce all documents that are in your possession, custody or control that have been produced, obtained by you from any source, or provided to you involving any dispute, threatened litigation, or actual litigation involving any

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 149

Appendix - A, Page - 878

one or more of the Defendants or arising as a result of the subject matter of any transactions, agreements, guarantees or loans with any one or more of the Defendants (these include documents produced in litigation with you and litigation directed or tiled against other parties by way of any Settlement Agreements), including, without limitation, *GemCap Lending I, LLC v. Quarles & Brady, et al.* (filed in U.S. District Court in California), *GemCap Lending I, LLC v. CropUSA, et al.* (filed in U.S. District Court in California), *GemCAP v. AIA Services Corp., et aL (filed* in Nez Perce County District Court in Idaho), *Durant, et al. v. GemCAP Lending I, LLC* (filed in Nez Perce County District Court in Idaho), *GemCAP Lending I, LLC v. Scottsdale Indemnity Co.* (pending in U.S. District Court in California), *Missouri Crop, LLC, et al v. CGB Diversified Services, Inc., et al.* (filed in U.S. District Court in Missouri), and *Church Crop Insurance Services, Inc. v. CGB Diversified Services, Inc., et al.* (now pending or near judgment in the Polk County District Court in Iowa (and applying to the same lawsuit during the time it was removed to U.S. District Court in Iowa))).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 150

further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 113:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to communications involving any dispute, threatened litigation, or actual litigation involving one or more of the Defendants, or arising as a result of the subject matter of any transactions, agreements, guarantees or loans with any one or more of the Defendants (these include documents produced in litigation with you and litigation directed or filed against other parties by way of any Settlement Agreements), including, without limitation, *GemCAP Lending I, LLC v. Quarles & Brady, et at* (filed in U.S. District Court in California), *GemCAP Lending I, LLC v. CropUSA, et al* (filed in U.S. District Court in California), *GemCAP v. AIA Services Corp., et al.* (filed in Nez Perce County District Court in

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 151

**Appendix - A, Page - 880**

Idaho), *Durant, et at v. GemCAP Lending I, LLC* (filed in Nez Perce County District Court in Idaho), *GemCAP Lending I, LLC v. Scottsdale Indemnity Co.* (pending in U.S. District Court in California), *Missouri Crop, LLC, et at v. CGB Diversified Services, Inc., et al.* (filed in U.S. District Court in Missouri), and *Church Crop Insurance Services, Inc. v. CGB Diversified Services, Inc., et al.* (now pending or near judgment in the Polk County District Court in Iowa (and applying to the same lawsuit during the time it was removed to U.S. District Court in Iowa))).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 152

Appendix - A, Page - 881

this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.
.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 114:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any discovery requests and documents produced or obtained in any litigation involving one or more of the Defendants or arising as a result of the subject matter of any transactions, agreements, guarantees or loans with any one or more of the Defendants (these include documents produced in litigation with you and litigation directed or filed against other parties by way of any Settlement Agreements), including, without limitation, *GemCAP Lending I, LLC v. Quarles & Brady, et at* (filed in U.S. District Court in California), *GemCAP Lending I., LLC v. CropUSA, et al* (filed in U.S. District Court in California), *GemCAP v. AIA Services Corp., et al.* (filed in Nez Perce County District Court in Idaho), *Durant, et at v. GemCAP Lending I, LLC* (filed in Nez Perce County District Court in Idaho), *GemCAP Lending I, LLC v. Scottsdale Indemnity Co.* (pending in U.S. District Court in California), *Missouri Crop, LLC, et at v. CGB Diversified Services, Inc., et al.* (filed in U.S. District Court in Missouri), and *Church Crop Insurance Services, Inc. v. CGB Diversified Services, Inc., et al.* (now pending or near judgment in the Polk County District Court in Iowa

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 153

**Appendix - A, Page - 882**

(and applying to the same lawsuit during the time it was removed to U.S. District Court in Iowa).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 154

**Appendix - A, Page - 883**

documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 115:** Produce all documents that pertain or relate to any due diligence that you conducted in connection with the Settlement Agreement, together with all Assignments and other instruments or agreements (including any later executed or amended agreements or instruments) executed in connection with that Settlement Agreement, a copy of which was filed and is found in the records of this lawsuit on pages 21-48 of Docket Number 128 (including, all communications relating in any way to that Settlement Agreement).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS         - 155

**Appendix - A, Page - 884**

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 116:** Produce all documents that pertain or relate in any way to the Settlement Agreement, together with all Assignments and other instruments or agreements executed in connection with that Settlement Agreement, a copy of which was filed and is found in the records of this lawsuit on pages 21-48 of Docket Number 128 (including any previously executed, subsequently executed or amended agreements or instruments), including, without limitations, all communications relating in any way to any such settlement agreements.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 156

Appendix - A, Page - 885

objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 117:** Produce all documents that pertain or relate in any way to the due diligence (including any communications) conducted by you or any other

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS            - 157

Appendix - A, Page - 886

Defendant or party (including Mel Gilbert) regarding the loans with GemCap, guarantees

with GemCap, and any other agreement or instrument involving GemCap.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague,

burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way"

to communications, documents, and/or records of AIA to other entities or individuals. AIA also

objects that this Request is overly broad and seeks documents not relevant to any claim or defense

in this case and not proportional to the needs of the case. AIA further objects to this Request because

it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA

further objects to this Request because it seeks documents containing settlement communications

that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not

relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA

further objects to this Request as seeking documents containing private information about third

parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and

proprietary information about AIA, including sensitive financial information or trade secrets, which,

if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order.

Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to

this Request as harassing because it seeks disclosure of privileged information or work product;

because it is unreasonably cumulative and duplicative of other requests; and because it is so broad

that it could be interpreted to require production of documents that are irrelevant and not

proportional to the needs of the case. Lastly, AIA objects to this Request as the requested

documents have been provided to Plaintiff's counsel in several other cases including but not

limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 158

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 118:** Produce all documents that pertain or relate in any way to any audits, or similar investigations, conducted for any Defendant from 1993 through and until the conclusion of this lawsuit (this request includes any audits conducted by GemCap or any agent or third-party at the request of GemCap).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 159

Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to

this Request as harassing because it seeks disclosure of privileged information or work product;

because it is unreasonably cumulative and duplicative of other requests; and because it is so broad

that it could be interpreted to require production of documents that are irrelevant and not

proportional to the needs of the case. Lastly, AIA objects to this Request as the requested

documents have been provided to Plaintiff's counsel in several other cases including but not

limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

      Subject to and without waiving those objections please see the electronic link provided to

you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 119:** Produce all documents that pertain or relate to

any credit applications, credit reports, tax returns, financial statements and other information

that you provided, received, or obtained from any source for, pertaining to any loans that you

obtained, any guarantees that you provided, or any settlements as to any person or party from

1993 through and until the conclusion of this lawsuit (including the loans, guarantees and/or

settlements involving GemCap).

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague,

burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way"

to communications, documents, and/or records of AIA to other entities or individuals. AIA also

objects that this Request is overly broad and seeks documents not relevant to any claim or defense

in this case and not proportional to the needs of the case. AIA further objects to this Request because

it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS    - 160

**Appendix - A, Page - 889**

further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 120:** Produce all documents that are in your possession, custody or control that you have not produced in response to any other Requests for Production that pertain or relate in any way to AIA Services, AIA Insurance, Growers National Cooperative, Pacific Empire Holdings, Green Leaf, Reinsurance Partners, Hudson Insurance, Diversified Services, CropUSA, CropUSA Insurance Services, Pacific Empire Communications Corp., Great

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 161

American, Trustmark, any other insurer, or any of the other Defendants from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, AIA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of AIA to other entities or individuals. AIA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. AIA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. AIA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case and are not proportional to the needs of the case. AIA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests AIA is obligated to protect.

AIA further objects to this Request as seeking documents containing confidential and proprietary information about AIA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, AIA further objects to it as burdensome. AIA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, AIA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which were provided on or about September 21, 2017.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS          - 162

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

Dated this 19th day of April, 2018.

”/s/”_____
James W. Grow, Jr.
Attorney for AIA Insurance Inc.

All  Objections By: "/s/"  James W. Grow
        Attorney for AIA Insurance Inc.

## **VERIFICATION OF INTERROGATORY ANSWERS**

I, R. JOHN TAYLOR, am President of AIA Insurance Inc. and duly authorized to Respond to the foregoing on behalf of AIA Insurance Inc.,  and I delclare under penalty of perjury that I have read the foregoing Responses to the foregoing document, know the contents thereof and believe, based on reasonable inquiry, that the foregoing Responses are true and correct to the best of my knowledge, information and belief.

Executed on April 19, 2018.

/s/_____
R. JOHN  TAYLOR
In his capacity as President of AIA Insurance Inc.

DEFENDANT AIA INSURANCE, INC'S. RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS        - 163

Appendix - A, Page - 892

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of April, 2018, I caused to be served upon the following, by e-mail, at the following e-mail addresses, DEFENDANT AIA INSURANCE INC'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS..
.

| James D LaRue<br>jdl@elamburke.com, | Jeffrey A. Thomson<br>jat@elamburke.com, | Loren C. Ipsen<br>lci@elamburke.com, |
|---|---|---|
| Martin J. Martelle<br>attorney@martellelaw.com | Vanessa<br>Mooneyvanessa@martellelaw.com | Michael Scott Bissell<br>mbissell@campbell-bissell.com |
| Markus W. Louvier<br>mlouvier@ecl-law.com | James B. King<br>jking@ecl-law.com | Jack S Gjording<br><br>jgjording@gfidaholaw.com,<br>cfouser@gfidaholaw.com,<br>emulcahy@gflawidaho.com<br>ktonkin@gfidaholaw.com |
| Stephen Lee Adams<br>sadams@gfidaholaw.com | Tyler Scott Waite<br>twaite@campbell-bissell.com | Fanxi Wang<br><br>fwang@birdmarella.com,<br>mhicks@birdmarella.com<br>mdrooks@birdmarella.com |
| Alyson Anne Foster<br>af@aswblaw.com | Rod Cyr Bond<br>rod@roderickbond.com | Benjamin A. Schartzman<br>Anderson Schwartzman<br>Woodard Brailsford PLLC<br>aaf@aswblaw.com |

_____ /s/James W Grow, Jr._____
Attorney AIA Insurance, Inc.