Roderick C. Bond, ISB No. 8082
RODERICK BOND LAW OFFICE, PLLC
601 108th Ave. NE, Suite 1900
Bellevue, WA  98004
Telephone: (425) 591-6903
Fax: (425) 321-0343
Email: rod@roderickbond.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.;<br><br>Plaintiff,<br><br>v.<br><br>CONNIE TAYLOR HENDERSON, an individual; JOLEE K. DUCLOS, an individual; HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; D. JOHN ASHBY, an individual; RICHARD A. RILEY, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual; R. JOHN TAYLOR, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC.; an Idaho corporation; CROP USA INSURANCE SERVICES, LLC; an Idaho limited liability company; and GEMCAP LENDING I, LLC, a Delaware limited liability company,<br><br>Defendants. | Civil No. 1:10-cv-00404-CWD<br><br>PLAINTIFF DALE L. MIESEN'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT R. JOHN TAYLOR |

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 1

TO:    R. JOHN TAYLOR, and his attorney Steve Wieland.

Pursuant to Fed. R. Civ. P. 33(a) Plaintiff Dale L. Miesen ("Plaintiff" or "plaintiff" or "Miesen") submits the following interrogatories to be answered separately and fully under oath within 30 days from the date of service of said interrogatories on you.  In answering these interrogatories you are required to furnish such information as is available to you, not merely the information which you know of your personal knowledge.  This is intended to include any information in the possession of the agent or attorney or any investigator for the answering party.

Pursuant to Fed. R. Civ. P. 34 the plaintiff submits the following requests for production of documents for inspection at the offices of Roderick Bond Law Offices, PLLC, 601 108th Ave. NE, Suite 1900, Bellevue, Washington 98004, or at such time and place as may be agreed upon by counsel in writing or email within 30 days from the date of service of said requests for production upon you.

Court Rules require the answers to be preceded by the questions, and thus extra copies of these interrogatories are being served upon you in order to expedite the answering thereof.  You may type your answers immediately after the question and thus avoid retyping the question.

THESE INTERROGATORIES ARE CONTINUING IN NATURE AS PROVIDED IN Fed. R. Civ. P. 26, 33 AND 34 AND PLAINTIFF HEREBY DEMANDS THAT ANY INFORMATION COMING INTO THE POSSESSION OF THE DEFENDANT(S) OR DEFENDANT(S)' COUNSEL THAT WOULD CHANGE THE ANSWER IN ANY WAY BE PROMPTLY FURNISHED TO PLAINTIFF'S COUNSEL.

<u>DEFINITIONS</u>

1.    The term "<u>documents</u>" includes any material which contains information recorded through the use of letters, numbers or their equivalent, whether recorded by handwriting,

typewriting, printing, electronic files (including, without limitation, Microsoft Word and Excel files, QuickBooks files, emails, email attachments), magnetic, photographic or other means of recording, storage or back-up (including documents and files stored on the Cloud), and includes, without limitation, all letters or other correspondence, memoranda, notes, reports, minutes, or other writings, accounts, books and ledgers, invoices, receipts, photographs, tape recordings, computer records, and any other form of data compilation.  The term "documents" also includes any duplicates, copies or facsimiles of originals, summaries of documents, and substitutes for documents.  The term "documents" is used in the broadest possible sense and includes all materials subject to a request for production under Fed. R. Civ. P.  34. The term "documents" includes the originals in their original files (or to any copies when originals are not available), and any drafts, preliminary, superseded or revised versions, non-identical copies (whether different from the originals because of notes made on such copies or otherwise), and duplicates from different files. The term "documents" includes, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced communication or representation of every kind and description, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any combination thereof, or inscribed by hand or by mechanical, electronic, magnetic, microfilm, photographic or other means, as well as phonic (such as tape recordings) or visual reproduction of communications, oral statements, conversations or events, and including, but not limited to, correspondence, notes, minutes, records, resolutions, messages and internal memoranda, text messages, diaries, time sheets, logs, appointment books, desk calendars, reports, compilations, studies, summaries, analyses, tables and tabulations, financial statements, working papers, tallies, maps, diagrams, charts, plans, schematic drawings, models, pictures, films, tapes, computer-stored or computer-readable data, computer printouts, punch cards, surveys, contracts, licenses,

agreements, ledgers, book or account, vouchers, checks, invoices, drafts, charge slips, receipts, pleadings, depositions, court filings, transcripts, notes of meeting or conferences and minutes of meetings or conferences.  The term "documents" includes the file folder and tabs associated with each such original and/or copy, all correspondence transmitting such document or explaining or commenting on the contents thereof, and all working or supporting papers.  All electronic "documents" are to be produced in their native file format (i.e., emails are to be produced in .pst format).

2.      The terms "R. John Taylor" or "John Taylor" or "John" or "you" or "your" mean the defendant R. John Taylor (a/k/a Raymond Johnson Taylor, Ray Johnson Taylor, Raymond J. Taylor. R. Johnson Taylor) and includes his past, present and future[1] agents, accountants, spouses, employees, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of R. John Taylor.

3.      The terms "James Beck" or "Beck" mean the defendant James Beck and includes his past, present and future agents, accountants, spouses, employees, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of James Beck.

4.      The terms "Connie Taylor Henderson" or "Connie" or "Connie Taylor" or "Connie Henderson" mean the defendant Connie Taylor Henderson (f/k/a Connie Wright, Connie Wright Taylor and a/k/a Connie Wright Henderson and includes her past, present and future agents, accountants, spouses, employees, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Connie Taylor Henderson.

---

[1] As a point of clarification, when using the term "future" in the definitions for the defendants and other parties below, the term means that, if there are any new agents, accountants, spouses, employees, experts, consultants, shareholders, members, investigators, advisory board members and/or committees in the future, then these Interrogatories and Requests for Production must be promptly supplemented.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 4

5.      The terms "JoLee Duclos" or "Duclos" mean the defendant Jolee K. Duclos and includes her past, present and future agents, accountants, spouses, employees, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Jolee K. Duclos.

6.      The terms "Mike Cashman" or "Cashman" mean the defendant Michael W. Cashman, Sr. and includes his past, present and future agents, accountants, spouses, employees, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Michael W. Cashman, Sr.

7.      The term "AIA Services" means the defendant AIA Services Corporation and includes its past, present and future subsidiaries, affiliates, officers, directors, shareholders, committees, employees, agents, accountants, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of AIA Services Corporation.

8.      The term "AIA Insurance" means the defendant AIA Insurance, Inc. (f/k/a AIA, Inc.) and includes its past, present and future subsidiaries, affiliates, officers, directors, shareholders, committees, employees, agents, accountants, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of AIA Insurance, Inc.

9.      The terms "CropUSA" or "CropUSA Insurance Agency" mean the defendant CropUSA Insurance Agency, Inc. (f/k/a AIA Crop Insurance, Inc. and a/k/a Crop USA Insurance Agency, Inc.) and includes its past, present and future subsidiaries, affiliates, officers, directors, shareholders, committees, advisory board members, employees, agents, accountants, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of CropUSA Insurance Agency, Inc.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 5

10.    The term "CropUSA Insurance Services" means the defendant CropUSA Insurance Services, LLC (a/k/a Crop USA Insurance Services, LLC) and includes its past, present and future subsidiaries, affiliates, officers, directors, advisory board members, members, committees, employees, agents, accountants, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of CropUSA Insurance Services, LLC.

11.    The term "GemCap" means the defendant GemCap Lending I, LLC and includes its past, present and future subsidiaries, affiliates (including entities or subsidiaries formed or utilized to purchase or bid on assets acquired at trustee or similar sales involving its debtors), officers, directors, members, committees, employees, agents, accountants, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of GemCap Lending I, LLC.

12.    The terms "Hawley Troxell Ennis & Hawley LLP" or "Hawley Troxell" or "HTEH" mean the defendant Hawley Troxell Ennis & Hawley LLP and includes its past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, members, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Hawley Troxell Ennis & Hawley LLP.

13.    The terms "Gary D. Babbitt" or "Babbitt" mean the defendant Gary D. Babbitt and includes his past, present and future agents, spouses, employees, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Gary D. Babbitt.

14.    The terms "D. John Ashby" or "Ashby" or "John Ashby" mean the defendant D. John Ashby and includes his past, present and future agents, spouses, employees, experts,

consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of D. John Ashby.

15.     The terms "<u>Richard A. Riley</u>" or "<u>Richard Riley</u>" or "<u>Riley</u>" or "<u>Dick Riley</u>" mean the defendant Richard A. Riley and includes his past, present and future agents, law firms, spouses, employees, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Richard A. Riley.

16.     Unless expressly stated otherwise in a particular interrogatory or request for production below, the terms "<u>Defendants</u>" or "<u>Defendant</u>" means any one or more of the above-defined defendants in the above-entitled lawsuit, i.e., the defendants this lawsuit as each of them are defined above.

17.     The terms "<u>PERC</u>" or "<u>Pacific Empire Radio</u>" mean Pacific Empire Radio Corporation and includes its past, present and future subsidiaries, affiliates, officers, directors, shareholders, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Pacific Empire Radio Corporation.

18.     The term "<u>Pacific Empire Holdings</u>" mean Pacific Empire Holdings Corporation, Sound Insurance, and includes their past, present and future subsidiaries, affiliates, officers, directors, shareholders, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Pacific Empire Holdings Corporation or Sound Insurance.

19.     The term "<u>Growers National Cooperative</u>" mean Growers National Cooperative Insurance Agency, Inc. and includes its past, present and future subsidiaries, affiliates, officers, directors, shareholders, employees, agents, experts, consultants, investigators, attorneys and all

persons or entities assisting, representing or acting on behalf of Growers National Cooperative Insurance Agency, Inc.

20.     The term "Reinsurance Partners" means Reinsurance Partners, LLC and includes its past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, members, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Reinsurance Partners, LLC.

21.     The term "Green Leaf" means Green Leaf Alliance, Inc. (f/k/a Green Leaf Cooperative Insurance Agency, Inc.), Green Leaf Reinsurance Partners, LLC, and any other entity John Taylor has done business under the name of that contains the words "Green Leaf" and includes their past, present and future subsidiaries, affiliates, officers, directors, shareholders, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Green Leaf Alliance, Inc. (f/k/a Green Leaf Cooperative Insurance Agency, Inc.), Green Leaf Reinsurance Partners, LLC or any other entity John Taylor has done business under the name of that contains the words "Green Leaf".

22.     The term "Weskan Agency" means Weskan Agency, LLC and includes its past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, members, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Weskan Agency, LLC.

23.     The term "Quarles & Brady" means Quarles & Brady LLP and includes its past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, members, committees, employees, agents, experts, consultants, investigators,

attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Quarles & Brady LLP.

24.    The term "Hudson Insurance" means Hudson Insurance Group and includes its past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Hudson Insurance.

25.    The term "Randall Danskin" means Randall Danskin, P.S. (a/k/a Randall | Danskin) and includes its past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, shareholders, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Randall Danskin, P.S.

26.    The term "Elam & Burke" means Elman & Burke, Professional Association and includes its past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, shareholders, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Elman & Burke, Professional Association.

27.    The term "John Munding" means Crumb & Munding, P.S. and Munding, P.S. and includes their past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, shareholders, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Crumb & Munding, P.S. or Munding, P.S.

28.    The terms "David Risley" or "Risley Law Office" mean Risley Law Office, PLLC, Risley Law Office, Risley & Baker, PLLC and Randall, Blake & Cox, PLLC (as it applies to the

time period when David Risley was at that law firm) and includes their past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, shareholders, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Risley Law Office, PLLC, Risley Law Office, Risley & Baker, PLLC or Randall, Blake & Cox, PLLC.

29.     The term "Diversified Services" means Diversified Services, Inc. (also d/b/a Diversified Crop Insurance Services) and includes its past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, shareholders, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Diversified Services, Inc.

30.     The term "Eberle Berlin" means Eberle, Berlin, Kading, Turnbow, & McKlveen, Chtd. (f/a/k/a Eberle, Berlin, Kading, Turnbow, McKlveen & Jones, Chtd.) and includes its past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, shareholders, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Eberle, Berlin, Kading, Turnbow, & McKlveen, Chtd.

31.     The term "Reed Taylor" or "Reed" mean Reed J. Taylor and includes his past, present and future[2] agents, accountants, spouses, employees, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Reed Taylor.

32.     The terms "identification" or "identify" or "identity" when used in reference to a natural person (a) a natural individual, requires you to state his or her full name, business address,

---

[2] As a point of clarification, when using the term "future" in the definitions for the defendants and other parties below, the term means that, if there are any new agents, accountants, spouses, employees, experts, consultants, shareholders, members, investigators, advisory board members and/or committees in the future, then these Interrogatories and Requests for Production must be promptly supplemented.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 10

**Appendix - A, Page - 903**

job title or function, and phone number; (b) a corporation, requires you to state its full corporate name and any names under which it does business, its state of incorporation, the address and phone number of its principal place of business, and the addresses of all of its offices; (c) a business, requires you to state the full name or style under which the business is conducted, its business address or addresses and phone numbers, the type of businesses in which it is engaged, the geographic areas in which it conducts those businesses, and the identity of the person or persons who own, operate, and control the business; (d) a document, requires you to state the number of pages and the nature of the document (e.g., letter or memorandum), its title, its date, the name or names of its authors and recipients, and its present location and custodian; (e) a communication, requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication, and, to the extent that the communication was non-written, to identify the persons participating in the communication and to state the date, manner, place, and substance of the communication.

33.    The term "person" means any natural individual in any capacity whatsoever, or any entity or organization including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau or department.

34.    The terms "communication" or "communications" means any type of oral, written, or electronic contact between two or more persons in which information, facts, or opinions in any form are exchanged, imparted or received.

35.    The terms "relating to" or "relate to" or "relating in any way to" mean the broadest possible concerning, referring to, responding to, in connection with, commenting on, in response

to, regarding, explaining, describing, studying, analyzing, or constituting, whether in whole or in part.

36. The term "pertaining to" is also used herein in its broadest sense. Documents "pertaining to" a subject matter include all documents relevant in any way to the subject matter, indicating or constituting the subject matter, arising out of the subject matter, used in connection with the subject matter, describing the subject matter, depicting the subject matter, recording the subject matter, duplicating the subject matter, or associated with the subject matter.

INSTRUCTIONS

In responding to the following requests for production, you are required to produce all documents in your possession, custody or control or otherwise available to your directors, officers, employees, agents, consultants, attorneys, and accountants, whether past or present, or documents that are otherwise subject to your custody or control. All documents that respond, in whole or part, to any portion of the production requests shall be produced in their entirety including all attachments and enclosures.

Whether or not indicated specifically in the production request, you are to produce all drafts, marked-up versions, preliminary version, or other non-identical copies of documents requested.

You are to produce all documents in their original files.

If any document is withheld under a claim of privilege, for each such document you are required to provide a list attached to your response hereto the following information:

a.    Principals: The name and title of the author(s), sender(s), addressee(s) and recipient(s);

b.   <u>Publications</u>:  The name and title of each person to whom the contents of the document has been communicated by copy, carbon copy (including blind carbon cop), exhibition, reading or summarization;

c.   <u>Descriptions</u>:   A description of the nature and subject matter of the document;

d.   <u>Privilege</u>: A statement of the privilege and the basis on which it is claimed. To the extent that you are claiming a common interest or joint defense privilege, you must state the parties who have agreed to the common interest or joint defense privilege and state the parties present when any communications are made.

Notwithstanding a claim that a document is privileged, any document so withheld must be produced with the portion claimed to be protected excised therefrom.

If you are unable to produce any document requested, state the reason you are unable to produce the document with as accuracy as possible.

Whenever reference is made to a person or entity, it includes any and all such persons or entities, directors, officers, employees, attorneys (including inside or house counsel and outside or retained counsel), accountants and other agents or representatives.

To the extent that any of the Requests for Production below use the terms "possession, custody or control", such terms are merely reminding you of your obligation to produce all documents in your possession, custody or control and does NOT mean that Requests for Production not mentioning those words are in any way limited. You have a duty to produce all documents that are in your possession, custody or control.

Unless otherwise specified, these Requests for Production are requesting documents from 1993 through the conclusion of this lawsuit.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 13

These Requests for Production and Interrogatories are continuing and requires supplemental responses and answers up to the date of trial in accordance with Fed. R. Civ. P. 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 1:**  If you contend that you relied upon the advice of an attorney or any other professional (including accountants, CPAs or auditors) as a defense in this lawsuit, please state with particularity the advice that you received and identify any documents that you relied upon for such advice.

**ANSWER:**


**INTERROGATORY NO. 2:**  Identify the defenses and claims (if any) that you have in this lawsuit (regardless of whether or not such defenses are affirmative defenses). For each such defense, state with particularity the legal and factual basis that supports each such defense or claim.

**ANSWER:**


**INTERROGATORY NO. 3:**  If you assert any common interest or joint defense privileges, state with particularity the parties who are, or were, a party to each such privilege and the specific common interest(s) that you share(d).

**ANSWER:**


## REQUESTS FOR PRODUCTION


PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 14

Please carefully review the definitions above (including the definitions for "documents" and many of the persons or entities listed below) prior to responding to the following Requests for Production:

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents evidencing, supporting, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 1.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents evidencing, supporting, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 2.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents evidencing, supporting, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 3, including, without limitation, privilege and work product logs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, corporate governance, shareholder meetings, board meetings, and communications) for AIA Services and its present, former and future (if any) from 1993 through and until the conclusion of this lawsuit.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 15

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for CropUSA and its present, former and future (if any) from 1999 through and until the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) that are in your possession, custody or control for AIA Insurance and its present, former and future (if any) subsidiaries from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records

(including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for CropUSA Insurance Services and its present, former and future (if any) subsidiaries from 2009 through and until the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for The Universe Life Insurance Company and its present, former and future (if any) subsidiaries from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Great Fidelity Life Insurance Company and its present, former and future (if any) subsidiaries from 1993 through and until the conclusion of this lawsuit.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 17

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**:  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Pacific Empire Holdings and its present, former and future (if any) subsidiaries from 1999 through and until the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**:  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Growers National Cooperative from 1999 through and until the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**:  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records that relate in any way to any funds, labor, rent or other expense utilized or received from

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 18

you, AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services or any other entity that you partially or wholly own (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for PERC from 2001 through and until the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Green Leaf from 2011 through and until the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 14:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board

meetings, and communications) for Reinsurance Partners from 2011 through and until the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for 17 State Street Partners from 2006 through and until the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Weskan Agency from 2011 through and until the conclusion of this lawsuit.

**RESPONSE:**

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 20

**REQUEST FOR PRODUCTION NO. 17**:  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for any entity that you partially or wholly own not specifically mentioned in prior Requests for Production (including any entities that you may form or own partially or wholly in the future) from 1999 through and until the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 18**:  Produce all documents that pertain or relate to your state and federal tax returns (including amendments thereto), together with all schedules and attachments thereto, from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 19**:  Produce all documents that pertain or relate to the state and federal tax returns (including amendments thereto), together with all schedules and attachments thereto, of any entity that John Taylor, presently or formerly, partially or wholly owned from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 20**:  Produce all documents that pertain or relate to your credit applications and other information that you submitted to any prospective or actual lender

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 21

from 1994 through the conclusion of this lawsuit (including, without limitation, any lender that you were asked or seeking to guarantee a loan for another person or entity).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21:** Produce all documents that pertain or relate to your compensation and reimbursements from Avista Corp. from 1993 through the conclusion of this lawsuit (including, without limitation, directors fees, retainers, stock options, deferred compensation, and restricted stock).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 22:** Produce all documents that pertain or relate to your transfer, sale or other disposition of any of your real property or personal property to AIA Services or AIA Insurance or any other entity partially or wholly owned by you from 1993 through the conclusion of this lawsuit (including, without limitation, the real property later quitclaimed to your son and the real property that you transferred or sold to AIA Services or AIA Insurance).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 23:** Produce all documents that pertain or relate to any of John Taylor or Connie Henderson's debts, obligations or donations that were paid in full or in part by AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services or Pacific Empire Holdings from 1993 through the conclusion of this lawsuit.

**RESPONSE:**


PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 22

**REQUEST FOR PRODUCTION NO. 24**:  Produce all documents that are in your possession, custody or control that have been produced or provided GemCap (these include documents produced in litigation with GemCap and litigation directed or filed by GemCap against other parties).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 25**:  Produce all documents in your possession, custody or control that pertain or relate in any way to communications involving GemCap (these include communications involving litigation with GemCap and litigation directed or filed by GemCap against other parties).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 26**:  Produce all documents that pertain or relate in any way to your communications involving Mel Gilbert or any entity or party that he has ever been employed by or affiliated with (including, without limitation, all documents that were provided to, or received from, Mel Gilbert or any entity or party that he was employed by or affiliated with).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 27**:  Produce all documents that pertain or relate in any way to communications involving Hudson Insurance or any documents received or provided to Hudson Insurance from 1999 through the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**: Produce all documents that are in your possession, custody or control that pertain or relate in any way to Hudson Insurance from 1999 through the conclusion of this lawsuit (including, without limitation, documents relating in any way to CropUSA's 2008 sale of assets to Hudson and any payments relating thereto (including payments made directly or indirectly to you by Hudson such as any funds tendered for a non-compete)).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**: Produce all documents pertaining to or relating in any way to your bank records (including brokerage accounts, retirement accounts, checking accounts, savings accounts, loans, certificates of deposits, lines of credit and any other account) from 1995 through the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**: Produce all documents that are in your possession, custody or control that pertain or relate in any way to any loans, indebtedness and/or guarantees with any present or former creditor for AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services and/or any of the present or former subsidiaries of the foregoing entities (including without limitation, all documents provided to, or received from, all such creditors) from 1995 through the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31**: Produce all documents that are in your possession, custody or control that pertains or relates in way to the advancement or allocation/division of funds,

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 24

loan guarantees, labor, rent, utilities, phone and/or any other expenses between or by you and any entity partially or wholly owned by you from 1995 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 32:**  Produce all documents that are in your possession, custody or control that pertains or relates in way to the advancement or allocation/division of funds, loan guarantees, labor, rent, utilities, phone and/or any other expenses between AIA Services or AIA Insurance and any entity partially or wholly owned by you from 1995 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 33:**  Produce all documents that are in your possession, custody or control that pertains or relates in way to the advancement or allocation of funds, loan guarantees, labor, rent, utilities, phone and/or any other expenses involving any entity partially or wholly owned by you from 1995 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 34:**  Produce all documents that are in your possession, custody or control that pertains or relates in way to the advancement of fund and the lending of funds by Hudson Insurance, Diversified Services, any other insurance company or any other entity or financial institution to you or to any entity that you partially or wholly own from 1995 through the conclusion of this lawsuit.

**RESPONSE:**


PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 25

**REQUEST FOR PRODUCTION NO. 35:** Produce all documents that are in your possession, custody or control that pertains to or relates in any way to any business or financial arrangements or agreements that you have or have, or previously had, with any of the Defendants from 1994 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 36:** Produce all documents that are in your possession, custody or control that pertains or relates in any way to communications that you have had with any of the Defendants from 1994 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 37:** Produce all documents in your possession constituting, memorializing or pertaining to any communications you have had with any of the Defendants and/or any documents that were provided to, or received from, any of the Defendants from 1994 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 38:** Produce all documents that are in your possession, custody or control that were provided to, or received from, any in house or outside accountants, CPAs, and/or auditors for AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services, the Universe Life Insurance Company, Great Fidelity Life Insurance Company and/or Pacific Empire Holdings from 1993 through the conclusion of this lawsuit.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 26

**Appendix - A, Page - 919**

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications between you or any other Defendant and Quarles & Brady.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Quarles & Brady.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all billing records from Quarles & Brady, and the payments for such services, from 2005 through the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to all of Quarles & Brady's legal files legal files (including work product), engagement letters, tolling agreements, conflict waivers and/or all documents pertaining to the representation of any Defendant, including, without limitation, CropUSA from 2005 through the conclusion of this lawsuit.

**RESPONSE:**

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 27

**REQUEST FOR PRODUCTION NO. 43:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all billing records from Hawley Troxell, and the payments for such services, from 1993 through the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Hawley Troxell.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to all of Hawley Troxell's legal files (including work product), engagement letters, conflict waivers, tolling agreements and/or all documents pertaining to the representation of any Defendant from 1993 through the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all billing records from Eberle Berlin from 1993 through the conclusion of this lawsuit.

**RESPONSE:**

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 28

**REQUEST FOR PRODUCTION NO. 47:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Eberle Berlin from 1993 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 48:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to all of Eberle Berlin's legal files (including work product), engagement letters, conflict waivers and/or all documents pertaining to the representation of any Defendant from 1993 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 49:**  Produce all documents that pertain or relate in any way to communications involving any of your former attorneys (communications after such attorney no longer represented you).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 50:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any documents (including communications) that you produced, or were produced to you or any entity or partially or wholly own in any lawsuit from 1995 through the conclusion of this lawsuit, together with any communications relating to any such lawsuits.

**RESPONSE:**


PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 29

**Appendix - A, Page - 922**

**REQUEST FOR PRODUCTION NO. 51**: Produce all documents that are in your possession, custody or control that pertain or relate in any way to the AIA Services Corporation's 401(k) Plan Profit Sharing Plan (including, without limitations, all documents pertaining to all transactions, the purchase and sale of shares or other securities (including the purchase and any repurchases of Series C Preferred Shares in AIA Services), loans and distributions or payments to and from the 401(k) Plan, mortgages transferred to or from the 401(k) Plan, and all other transactions) from 1995 through the conclusion of this lawsuit.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 52**: Produce all documents that are in your possession, custody or control that pertain or relate in any way to the AIA Services Corporation's Employee Stock Ownership Plan ("<u>ESOP</u>") from 1995 through the conclusion of this lawsuit (including, without limitation, documents relating to the alleged termination of the ESOP).

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 53**: Produce all documents that you have provided, or another Defendant has provided, to any potential or actual lay or expert witness or any consultant for this lawsuit or to any Defendant in this lawsuit.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 54**: Produce all documents that are in your possession custody or control that you have, or any other Defendant has, provided to any other Defendant or any potential or actual attorney that relates in any way to the subject matter of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:**  Produce all documents that you have, or any other Defendant has, provided to any person, party or entity that relates in any way to this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any agreements with Reed Taylor.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any communications involving Reed Taylor (including communications to, from and carbon copied to or from).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any in litigation to which Reed Taylor or Donna Taylor was or is a party (including legal files, billing records, representation agreements, tolling agreements, conflict waivers and communications).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:** Produce all documents that pertain or relate to all your financial statements that you have prepared for your own use or provided to any person or

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 31

entity from 1993 through the conclusion of this lawsuit (including, without limitation, financial statements specifically prepared for any lenders or for you to guarantee any loans).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 60:**  Produce all documents that pertain or relate to any loans or indebtedness that you have guaranteed for another person or entity from 1993 through the conclusion of this lawsuit (including, without limitation, all documents that relate in any way to any guarantees with GemCap and Lancelot).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 61:**  Produce all documents that pertain or relate to any loans or indebtedness that you have, or another Defendant has, guaranteed for another person or entity from 1994 through the conclusion of this lawsuit (including, without limitation, all documents that relate in any way to any guarantees with GemCap and Lancelot).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 62:**  Produce all documents that pertain or relate to any due diligence conducted by you or any other party for any loans or indebtedness that you have, or any Defendant has, guaranteed for another person or entity from 1994 through the conclusion of this lawsuit (including, without limitation, all documents that relate in any way to any guarantees with GemCap and Lancelot).

**RESPONSE:**


PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 32

**REQUEST FOR PRODUCTION NO. 63:**  Produce all documents that pertain or relate to any loans that you have provided to any other Defendant in this lawsuit (including, without limitation to, AIA Services and AIA Insurance) from 1994 through the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:**  Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving Randall Danskin (including communications to, from and carbon copied to or from) and any documents that were provided or received from Randall Danskin, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to Randall Danskin (including, without limitation, all documents pertaining to any lawsuits involving Randall Danskin and the lawsuit relating to the failed reverse stock split known as *AIA Services Corp. v. Durant, et al.*).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:**  Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving Elam & Burke (including communications to, from and carbon copied to or from) and/or any documents that were provided or received from Elam & Burke, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to Elam & Burke.

**RESPONSE:**

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 33

**REQUEST FOR PRODUCTION NO. 66:** Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving John Munding (including communications to, from and carbon copied to or from) and any documents that were provided or received from John Munding, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to John Munding (including, without limitation, all documents pertaining to any lawsuits in which John Munding represented AIA Services or AIA Insurance).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 67:** Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving David Risley (including communications to, from and carbon copied to or from) and any documents that were provided or received from David Risley, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to David Risley (please note that David Risley has purportedly represented AIA Services and AIA Insurance in the past).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 68:** Produce all documents that are in your possession, custody or control that pertain or relate to any settlements or settlement agreements involving any of the Defendants to this lawsuit (including, without limitation, any settlements with GemCap, Randall Danskin, the state of Idaho, Hudson Insurance, Growers National Cooperative, or any other party) from 1993 through the conclusion of this lawsuit.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 34

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 69:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any agreements with Reed Taylor.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 70:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any communications involving Reed Taylor (including communications to, from and carbon copied to or from) or any documents provided to or received from Reed Taylor.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 71:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any claims or requests for indemnity and/or contribution from Reed Taylor (including, without limitation, any written agreements providing for indemnity or contribution).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 72:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any in litigation involving AIA Services, AIA Insurance, GemCap, CropUSA, CropUSA Insurance Services, John Taylor or any of the other Defendants (including legal files, billing records, representation agreements, tolling agreements, conflict waivers and communications).


PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 35

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 73:**  Produce all documents that pertain or relate in any way to any compensation, reimbursements, stock, stock options, bonuses, deferred compensation, benefits, dividends, distributions, or payments or enumeration of any kind or nature (including barter transactions) that you received from AIA Services and AIA Insurance from 1993 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 74:**  Produce all documents that pertain or relate in any way to any compensation, reimbursements, stock, stock options, bonuses, deferred compensation, benefits, dividends, distributions, or payments or enumeration of any kind or nature (including barter transactions) that you received from PERC.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 75:**  Produce all documents that pertain or relate in any way to any compensation, reimbursements, stock, stock options, bonuses, deferred compensation, benefits, dividends, distributions, or payments or enumeration of any kind or nature (including barter transactions) that you received from CropUSA.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 76:**  Produce all documents that pertain or relate in any way to any compensation, reimbursements, stock, stock options, bonuses, deferred compensation,

benefits, dividends, distributions, or payments or enumeration of any kind or nature (including barter transactions) that you received from CropUSA Insurance Services.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 77:**  Produce all documents that pertain or relate in any way to any compensation, reimbursements, stock, stock options, bonuses, deferred compensation, benefits, dividends, distributions, or payments or enumeration of any kind or nature (including barter transactions) that you received from any person or entity (including, without limitation, any entities that you partially or wholly own) from 1995 through the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:**  Produce all documents that pertain or relate in any way to any funds, assets, real property or any other asset or enumeration of any kind or nature (including barter transactions) that involves or relates in any way to Jordan Taylor.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:**  Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Jordan Taylor (including communications to, from and carbon copied to or from).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 80:**  Produce all documents in your possession, custody or control that pertain or relate in any way to any notices of shareholder meetings, notices of board

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 37

of director meetings, shareholder resolutions, shareholder consents, shareholder meeting minutes, board resolutions, board consents, board meeting minutes, disclosures and all other communications to relating to the governance of the foregoing for AIA Services, AIA Insurance, CropUSA, CropUSA Services, Reinsurance Partners, Green Leaf, PERC and Pacific Empire Holdings from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 81:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Diversified Services (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Diversified Services.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 82:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Green Leaf (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Green Leaf.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 83:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Reinsurance Partners (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Reinsurance Partners.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 38

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 84:**  Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Weskan Agency (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Weskan Agency.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 85:**  Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Randy Lamberjack, his wife or any attorney or representative acting on behalf of either of them (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Randy Lamberjack, his wife or any attorney or representative acting on behalf of either of them.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 86:**  Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving James Gatziolis or his attorney or representative (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, James Gatziolis, his attorney or representative.

**RESPONSE:**

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 39

**REQUEST FOR PRODUCTION NO. 87**:  Produce all documents in your possession, custody or control that pertain or relate in any way to John Taylor's purchase of Series A Preferred Shares in AIA Services and the authorization and issuance of such shares.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 88**:  Produce all documents in your possession, custody or control that pertain or relate in any way to any amendments to AIA Services or AIA Insurance bylaws or articles of incorporation from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 89**:  Produce all documents in your possession, custody or control that pertain or relate in any way to any compensation or payments from or by Hudson Insurance that relate in any way to Growers National Cooperative (including, without limitation, payments received to resolve any lawsuits involving Growers National Cooperative).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 90**:  Produce all documents in your possession, custody or control that pertain or relate in any way to any compensation or payments made to any of the Defendants in this lawsuit from 1993 through the conclusion of this lawsuit, including, without limitation, director fees, salaries, reimbursements, the advancement or payment of attorneys' fees and costs for any lawsuit or legal representation, the payment of services (e.g., payments to Connie Henderson or her law firm for work allegedly performed), bonuses and benefits.

**RESPONSE:**


PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 40

**REQUEST FOR PRODUCTION NO. 91:**  Produce all documents in your possession, custody or control that support the allegations, causes of action, claims and relief asserted in your Third-Party Complaint filed against Reed Taylor as Docket No. 218 in this lawsuit, including, without limitation, all documents that support the allegation that Reed Taylor is obligated to contribute to any damages awarded in this lawsuit and your contention as to the percentage of the damages that Reed Taylor should be required to contribute.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 92:**  Produce all documents that relate in any way to your income, assets and debts from 1995 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 93:**  Produce all documents that are in your possession, custody or control that relate in any way to the sale or transfer of any real property or personal property to John Taylor or Debra Hopson Taylor (including, without limitation, all documents that pertain to the title to the house on Prospect in Lewiston, Idaho being titled solely in the name of Debra Hopson Taylor.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 94:**  Produce all documents that are in your possession, custody or control that relate in any way to any agreements between John Taylor and Debra Hopson Taylor (including, without limitation, any pre-marital or post-marital agreements).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 95:**  Produce all documents that are in your possession, custody or control that relate in any way to any foreign country bank accounts or any other asset located in a foreign country in the name of John Taylor and/or Debra Hopson Taylor, any other Defendant or any entity partially or wholly owned by them, or any entity or trust established on the behalf of any of the foregoing parties.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 96:**  Produce all documents that are in your possession, custody or control that relate in any way to any foreign bank accounts in the name of John Taylor and/or Debra Hopson Taylor or any entity or trust established on the behalf of either of them.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 97:**  Produce all documents that are in your possession, custody or control that relate in any way to any funds, assets, trade secrets, facilities, labor or any other thing of value that has been advanced or lent to PERC.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 98:**  To the extent that you maintain any of the transactions, acts and/or omissions were proper alleged in the Third Amended Complaint in this lawsuit (and any subsequently amended complaint in this lawsuit), produce all documents that are in your possession, custody or control that support your contentions.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 42

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 99:** Produce all documents that support your defenses or affirmative defenses to the allegations, claims, causes of action and relief requested in this lawsuit, including, without limitation, any defenses that the board of directors or shareholders of AIA Services or AIA Insurance properly authorized or consented to any transaction or action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 100:** Produce all documents that are in your possession, custody or control pertain or relate in any way to the billing records of Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, and/or Wieland Law PLLC and any and all payments made to Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, or Wieland Law PLLC (including the source and amounts of such payments).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 101:** Produce all documents that are in your possession, custody or control pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and documents provided to or received from, any attorney, paralegal, expert witness, consultant, agent or other representative of Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, and/or Wieland Law PLLC (including Steve Wieland and Shawnee Perdue); provided, however, that this Request for Production does not request the communications pertaining solely to the specific representation of John Taylor, James Beck, JoLee Duclos, Connie Henderson, CropUSA or CropUSA Insurance Services in this

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 43

**Appendix - A, Page - 936**

lawsuit by Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, and/or Wieland Law PLLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 102:** Produce all documents that are in your possession, custody or control pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and documents provided to or received from, any attorney, paralegal, expert witness, consultant or other representative of McNaul Ebel Nawrot & Helgren PLLC (including Greg Hollon or Avi Lipman) or any other attorney, paralegal, agent, consultant, expert witness or other representative acting on behalf of Cairncross & Hemplemann.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 103:** Produce all documents that are in your possession, custody or control pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and documents provided to or received from, Alan Coalson (or any entity to which he has practiced, together with any agents or employees of such entity).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 104:** Produce all documents that are in your possession, custody or control pertain or relate in any way to the source or the use of the funds, loans, assets, trade secrets, employees, agents, facilities, labor and any other item or thing of value to fund or

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 44

operate CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Reinsurance Partners, Green Leaf, Pacific Empire Holdings and any other entity partially or wholly owned by John Taylor.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 105:** Produce all documents that are in your possession, custody or control pertain or relate in any way to cash or assets that John Taylor or any other Defendant has contributed or advanced to CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Reinsurance Partners, Weskan Agency, Green Leaf, or Pacific Empire Holdings.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 106:** Produce all documents that are in your possession, custody or control pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and documents provided to or received from, any person or entity that relates in any way to the redemption of Reed Taylor's shares in 1995, the restructuring of the obligations in 1996, the subsequent defaults, the litigation that arose in 2007, and any and all payments made to Reed Taylor or any other party relating in any way to the redemption of Reed Taylor's shares (including, without limitation, all documents and communications relating to Eberle Berlin's representation, its legal files and its billing records relating in any way to the redemption or the restructure thereof, together with Hawley Troxell's and any other attorneys' legal files, billing records (and payments), representation and communications pertaining to the subsequent litigation with Reed Taylor).

**RESPONSE:**


PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 45

**REQUEST FOR PRODUCTION NO. 107:** Produce all documents that are in your possession, custody or control pertain or relate in any way to the financial statements, assets, debts and/or tax returns (including state and federal returns, all attachments and scheduled thereto, including amendments) of John Taylor, Connie Henderson, James Beck, Mike Cashman, JoLee Duclos, CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Weskan Agency, Reinsurance Partners, PERC, Pacific Empire Holdings, and Green Leaf.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 108:** Produce all documents that are in your possession, custody or control that you have not produced in response to any other Requests for Production that pertain or relate in any way to AIA Services, AIA Insurance, Growers National Cooperative, Pacific Empire Holdings, Green Leaf, Reinsurance Partners, Hudson Insurance, Diversified Services, Crop USA, Crop USA Insurance Services or any of the other Defendants.

**RESPONSE:**


Dated this 4th day of July, 2017.

RODERICK BOND LAW OFFICE, PLLC

By:_____

      Roderick C. Bond
      Attorney for the Plaintiff Dale L. Miesen

      RODERICK BOND LAW OFFICE, PLLC
      601 108th Ave. NE, Suite 1900
      Bellevue, WA  98004
      Telephone: (425) 591-6903
      Facsimile: (425) 321-0343
      E-mail: rod@roderickbond.com

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO R. JOHN TAYLOR - 46

STATE OF IDAHO            )
                          ) ss.
County of _____     )

_____, being first duly sworn on oath, deposes and says:  That (s)he is _____, a defendant in the above-entitled matter, and makes this verification for and on its behalf;  that (s)he has read the above and foregoing First Set of Interrogatories and Requests for Production of Documents, knows the contents thereof, and believes the same to be true.


_____
By:_____
Its:_____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2017.


_____
NAME:_____
Notary Public in and for the State of _____,
residing at_____
My commission expires:_____


<u>CERTIFICATION</u>


THE UNDERSIGNED ATTORNEY for _____, has read the foregoing Responses to Defendants' First Set of Requests for Interrogatories and Request for Production of Documents, and pursuant to Fed. R. Civ. P. 26(g) certifies that these responses are consistent with Court Rules.

DATED this _____ day of _____, 2017.


_____
Steve Wieland
Attorney for R. John Taylor

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 4th day of July, 2017, I caused to be served, true and correct copies of the foregoing document to the following parties via the indicated method(s):

James D. LaRue
Loren C. Ipsen
Jeffrey A. Thomson
Elam & Burke, PA
251 East Front St.
Boise, ID  83704
Fax: (208) 384-5844

**Via:**
( )  U.S. Mail, Postage Prepaid
( )  Hand Delivered
( )  Overnight Mail
( )  Facsimile – (208) 384-5844
(**X**) (By Agreement)

Steve Wieland
Mooney Wieland Smith & Rose PLLC
405 S. 8th Street, Suite 295
Boise, ID 83702

**Via:**
( )  U.S. Mail, Postage Prepaid
( )  Hand Delivered
( )  Overnight Mail
( )  Facsimile – (208) 401-9218
(**X**)  Email (By Agreement)

Alyson A. Foster
Andersen Schwartzman Woodard Brailsford
101 S. Capitol Boulevard, Suite 1600
Boise, ID  83702

**Via:**
( )  U.S. Mail, Postage Prepaid
( )  Hand Delivered
( )  Overnight Mail
( )  Facsimile – 208-342-4455
(**X**)  Email (by Agreement)

R. John Taylor
AIA Services Corporation
AIA Insurance, Inc.
P.O. Box 538
Lewiston, ID  83501

**Via:**
( )  U.S. Mail, Postage Prepaid
( )  Hand Delivered
( )  Overnight Mail
( )  Facsimile –  (208) 799-9172
(**X**)  Email (By Agreement

_____
Roderick C. Bond