***MARTELLE & ASSOCIATES, P.A.***
Martin J. Martelle
ISB No. 3304
380 West State Street
Eagle, ID 83616
Telephone: (208) 938-8500
Facsimile: (208) 938-8503
E-mail: attorney@martellelaw.com

*Attorney for Defendants Connie Taylor Henderson*
*JoLee K. Duclos, R. John Taylor,*
*Michael W. Cashman, Sr., James Beck,*
*Crop USA Insurance Services, LLC, and*
*Crop USA Insurance, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.; | Case No.  1:10-cv-00404-CWD |
| Plaintiff, | DEFENDANT R. JOHN TAYLOR'S; RESPONSE TO PLAINTIFF DALE PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS |
| v. | |
| HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; D. JOHN ASHBY, an individual; RICHARD A. RILEY, an individual; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC.; an Idaho corporation; CROP USA INSURANCE SERVICES, LLC; an Idaho limited liability company; and R. JOHN TAYLOR LENDING I, LLC, a Delaware limited liability company, | |
| Defendants, | |

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

1

and

CROP USA INSURANCE AGENCY, INC., an Idaho corporation; CONNIE TAYLOR HENDERSON, an individual; JOLEE K. DUCLOS, an individual; R. JOHN TAYLOR, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual,

        Defendants/Third-Party Plaintiffs,

    vs.

REED TAYLOR, an individual,

        Third-Party Defendant.

Defendant R. John Taylor ("R. John Taylor") by and through undersigned counsel, this discovery response.

## **GENERAL OBJECTIONS**

1.    R. John Taylor objects to Plaintiff's interrogatories and requests for production ("discovery requests") to the extent they purport to require disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine and any other legally protectable and confidential information. R. John Taylor does not intend to waive his privileges or protections in response to Plaintiff's discovery requests, and no response constitutes nor should be interpreted as, a waiver.

2.    R. John Taylor objects to Plaintiff's discovery requests as a whole as harassing, overly broad, vague, and unduly burdensome, in that they are repetitive, unclear, seek

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

information available in the public record or more readily from other parties, and are voluminous in nature.

3.    R. John Taylor objects to Plaintiff's discovery requests, including Plaintiff's "Instructions and Definitions," to the extent they seek disclosure of settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case.

4.    R. John Taylor objects to Plaintiff's discovery requests, including Plaintiff's "Instructions and Definitions," to the extent they seek documents already in Plaintiff's possession, custody, or control, or that are available in the public record, or that are in the possession, custody, or control of third parties.

5.    R. John Taylor objects to Plaintiff's discovery requests, including Plaintiff's "Instructions and Definitions," to the extent they seek to impose discovery obligations on R. John Taylor that are different from or greater than those set forth in the Federal Rules of Civil Procedure. R. John Taylor objects to Plaintiff's discovery requests, including Plaintiff's "Instructions and Definitions," to the extent they seek documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect; and/or confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets. Any such information will be produced subject to third-party approval and/or an appropriate confidentiality order, where appropriate.

6.    R. John Taylor objects to Plaintiff's discovery requests, including Plaintiff's "Instructions and Definitions," to the extent they seek documents subject to limitations or requirements of confidentiality agreements or orders in other litigation. Any such documents will

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

3

be produced in accordance with those limitations and requirements, including potentially notice to and approval of other entities, persons, or courts.

7.    R. John Taylor objects to Plaintiff's "Instructions" that purport to require R. John Taylor to respond with additional information that is not specifically requested in the discovery requests.

8.    R. John Taylor objects to Plaintiff's "Instructions" regarding R. John Taylor's purported "continuing" obligation to answer discovery requests. This "instruction" is contrary to and exceeds the requirements of Federal Rule of Civil Procedure 26(e).

9.    R. John Taylor objects to Plaintiff's "Definitions" regarding identification of withheld responsive information, including information withheld on the basis of privilege, to the extent the "Definition" purports to require more information than an appropriate privilege log under applicable authorities.

10.    R. John Taylor objects to Plaintiff's definition of "R. John Taylor," "you," "your," or "yours" to the extent these definitions purport to require R. John Taylor to produce information that is not in its possession or control, is not reasonably available to it, is information belonging to and in the possession of other entities not party to the lawsuit, or is otherwise publically available to the Plaintiff.

12.    R. John Taylor objects to Plaintiff's contention interrogatories asking for all facts or "detailed" facts or "with particularity" as overly broad, unduly burdensome, and seeking information protected from disclosure by the work product doctrine. *See, e.g., Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006). In response to such contention interrogatories, R. John

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

4

Taylor will provide those principal facts of which he is currently aware. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007).

13. R. John Taylor objects to Plaintiff's interrogatories to the extent they call for legal conclusions rather than application of law to fact. *See, e.g.*, *Larson v. Trans Union, LLC*, No. 3:12-cv-05726-WHO, 2017 WL 1540710 (Apr. 28, 2017).

14. R. John Taylor objects to Plaintiff's contention interrogatories as premature because substantial documentary and testimonial discovery has not yet been completed. *See, e.g.*, *Campbell v. Facebook, Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 WL 3533221 (June 3, 2015).

15. R. John Taylor incorporates by reference all its General Objections into each of the responses below. In responding to a specific discovery request, R. John Taylor may restate its objections, but by not repeating an objection, R. John Taylor does not waive any General Objection.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:** If you contend that you relied upon the advice of an attorney or any other profession as a defense in this lawsuit, please state with particularity the advice and/or documents that you relied upon for such advice.

**ANSWER:** In addition to his General Objections, R. John Taylor objects to this Interrogatory as overly broad and unduly burdensome in Requesting R. John Taylor to state "with particularity," as R. John Taylor is not required to provide more than principal facts of which  he  is aware. R. John Taylor further objects to this Interrogatory as seeking information protected by the attorney-client privilege and/or work production doctrine. R. John Taylor further objects to this Interrogatory to the extent it calls for a legal conclusion. R. John Taylor further objects to this

Interrogatory as premature because substantial documentary and testimonial discovery has not yet been completed. R. John Taylor further objects to this Interrogatory because it is vague and ambiguous in its reference to "any other professional." R. John Taylor does not interpret this Interrogatory to inquire whether R. John Taylor relied on representations made by any individuals other than attorneys.

**INTERROGATORY NO. 2:** Identify the defenses and claims (if any) that you have in this lawsuit (regardless of whether or not such defenses are affirmative defenses). For each such defense, state with particularity the legal and factual basis that supports each such defense or claim.

**ANSWER:** In addition to his General Objections, R. John Taylor objects to this Interrogatory because it seeks information protected by the attorney-client privilege and work product doctrine.

R. John Taylor further objections to this Interrogatory as overly broad and unduly burdensome by Requesting to state "with particularity," as R. John Taylor is only required to provide those principal facts of which he  is currently aware. R. John Taylor further objects to this Interrogatory to the extent it calls for a legal conclusion. R. John Taylor further objects to this Interrogatory as premature because substantial documentary and testimonial discovery has not yet been completed.

**INTERROGATORY NO. 3:** If you assert any common interest or joint defense privileges, state with particularity the parties who are, or were, a party to each such privilege and the specific common interest(s) that you share(d).

**ANSWER:** In addition to its General Objections, R. John Taylor objects to this Interrogatory because it seeks information protected by the attorney-client privilege and work product doctrine.

R. John Taylor further objections to this Interrogatory as overly broad and unduly burdensome by

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

6

Requesting to state "with particularity," as R. John Taylor is only required to provide those principal facts of which he is currently aware. R. John Taylor further objects to this Interrogatory as vague, burdensome, and overly broad, as it does not limit its Request to a time period or a specific lawsuit. For that reason, R. John Taylor also asserts this Interrogatory seeks information that is not relevant to any claim or defense in this lawsuit and is not proportional to the needs of the case.

Subject to and without waiving those objections, R. John Taylor responds that, with respect to this lawsuit, R. John Taylor has not entered any joint defense agreement in this lawsuit. In addition, it has not yet determined whether he shares a common interest with the other defendants or whether a joint defense privilege would apply. Once R. John Taylor has made this determination, he will supplement this response appropriately.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents evidencing, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 1**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "refer" "relate" or "pertain" to R. John Taylor's answer to Interrogatory No. 1. R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. *See also* Response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents evidencing, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 2.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "refer" "relate" or "pertain" to R. John Taylor's answer to Interrogatory No. 2 . R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

8

limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case.

R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect. R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. *See also* Response to Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents evidencing, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 3, including, without limitation, privilege and work product logs.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "refer" "relate" or "pertain" to R. John Taylor's answer to Interrogatory No. 3 . R. John Taylor also objects that this

9

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. *See also* Response to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 4:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

10

(including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, corporate governance, shareholder meetings, board meetings, and communications) for AIA Services and its present, former and future (if any) from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

11

burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 5:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for R. John Taylor and its present, former and future (if any) from 1999 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017.Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 6:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external

accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) that are in your possession, custody or control for AIA Insurance and its present, former and future (if any) subsidiaries from 1993 through and until the conclusion of this lawsuit.

**ANSWER:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate

confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*. which was settled in December of 2017.Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 7:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for CropUSA Insurance Services and its present, former and future (if any) subsidiaries from 2009 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 8:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and

records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for The Universe Life Insurance Company and its present, former and future (if any) subsidiaries from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate

confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 9:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Great Fidelity Life Insurance Company and its present, former and future (if any) subsidiaries from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad,

18

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

**REQUEST FOR PRODUCTION NO. 10:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Pacific Empire Holdings and its present, former and future (if any) subsidiaries from 1999 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

20

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell* which was settled in December of 2017. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 11:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Growers National Cooperative from 1999 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (see F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017.Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

**REQUEST FOR PRODUCTION NO. 12:** Produce all documents that pertain or relate to your personal state and federal tax returns (including amendments thereto), together with all schedules and attachments thereto, from 1993 through the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell* which was settled in December of 2017. Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 13:** Produce all documents that pertain or relate to your credit applications that you have submitted to any prospective or actual lender from 1994 through the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the

needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017.Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 14:** Produce all documents that pertain or relate to your credit applications that you have submitted to any prospective or actual lender from 1994 through the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad,

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017.Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

**REQUEST FOR PRODUCTION NO. 15:** Produce all documents that pertain or relate to your credit applications that you have submitted to any prospective or actual lender from 1994 through the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure

of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017.Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 16:** Produce all documents that pertain or relate to your credit applications that you have submitted to any prospective or actual lender from 1994 through the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017.Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 17:** Produce all documents that are in your possession, custody or control that have been produced or provided GemCap (these include documents produced in litigation with GemCap and litigation directed or filed by GemCap against other parties).

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad,

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017.Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -                                                                                                30

**REQUEST FOR PRODUCTION NO. 18:** Produce all documents in your possession, custody or control that pertain or relate in any way to communications with GemCap (these include communications involving litigation with GemCap and litigation directed or filed by GemCap against other parties).

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

31

burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017.Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 19:** Produce all documents that pertain or relate in any way to your communications with Mel Gilbert or any entity or party that he has ever been employed by or affiliated with (including, without limitation, all documents that were provided to, or received from, Mel Gilbert or any entity or party that he was employed by or affiliated with).

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017.Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 20:** Produce all documents that pertain or relate in any way to your communications with Hudson Insurance from 1999 through the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

34

**Appendix - A, Page - 975**

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.


**REQUEST FOR PRODUCTION NO. 21:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to Hudson Insurance from 1999 through the conclusion of this lawsuit (including, without limitation, documents relating in any way to R. John Taylor's 2008 sale of assets to Hudson and any payments relating thereto (including payments made to you).

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

35

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 21:** Produce all documents pertaining to or relating in any way to your bank records (including brokerage accounts, retirement accounts, checking accounts, savings accounts, loans, certificates of deposits, lines of credit and any other account) from 1995 through the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

**Appendix - A, Page - 977**

Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

**REQUEST FOR PRODUCTION NO. 22:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any loans, indebtedness and/or guarantees with any present or former creditor for AIA Services, AIA Insurance, R. John Taylor, R. John Taylor Insurance Services and/or any of the present or former subsidiaries of the foregoing entities (including without limitation, all documents provided to, or received from, all such creditors) from 1995 through the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 23:** Produce all documents that are in your possession, custody or control that pertains or relates in way to the allocation of funds, labor, rent, utilities, phone and other expenses between you and any entity partially or wholly owned by you from 1995 through the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

39

because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 24:** Produce all documents that are in your possession, custody or control that pertains or relates in way to the allocation of funds, labor, rent, utilities,

phone and other expenses between and among any entity partially or wholly owned by you from 1995 through the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

41

of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 25:** Produce all documents that are in your possession, custody or control that pertains to or relates in any way to any business or financial arrangements you have or have had with any of the Defendants from 1994 through the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 26:** Produce all documents that are in your possession, custody or control that pertains or relates in any way to communications that you have had with any of the Defendants from 1994 through the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to " "communications." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs

of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "communications" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 27:** Produce all documents in your possession constituting, memorializing or pertaining to any communications you have had with any of the Defendants from 1994 to the present.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to " "communications." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "communications " means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 28:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to AIA Services, AIA Insurance, Growers National Cooperative, Pacific Empire Holdings, Crop USA or Crop USA Insurance Services.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to " AIA Services, AIA Insurance, Growers National Cooperative, Pacific Empire Holdings, Crop USA or Crop USA Insurance Services." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "documents" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 28:** Produce all documents that are in your possession, custody or control that were provided to, or received from, any in house or outside accountants, CPAs, and/or auditors for AIA Services, AIA Insurance, R. John Taylor, R. John Taylor

Insurance Services, the Universe Life Insurance Company, Great Fidelity Life Insurance Company and/or Pacific Empire Holdings from 1993 through the conclusion of this lawsuit.

RESPONSE: In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" toin house or outside accountants, CPAs, and/or auditors for AIA Services, AIA Insurance, R. John Taylor, R. John Taylor Insurance Services, the Universe Life Insurance Company, Great Fidelity Life Insurance Company and/or Pacific Empire Holdings. R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "documents means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate

48

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 29:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications between you or any other Defendant and Quarles & Brady.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "communications" R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "communications" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine.

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

49

R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 30:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all billing records from Quarles & Brady for any Defendant from 2005 through the conclusion of this lawsuit.

50

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "billing records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "billing records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 31:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to all of Quarles & Brady's legal files legal files (including work product), engagement letters, conflict waivers and/or all documents pertaining to the representation of R. John Taylor from 2005 through the conclusion of this lawsuit.

**RESPONSE:** Quarles & Brady never represented R. John Taylor in his individual capacity and he does not have their files in his custody, possession, or control. However, if in the event that R. John Taylor finds any files in his custody, possession, or control,

in addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "documents." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "documents" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications

52

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017.Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 32:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all billing records from Hawley Troxell for any Defendant from 1995 through the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "billing records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "billing records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 33:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to all of Hawley Troxell's legal files (including work product), engagement letters, conflict waivers and/or all documents pertaining to the representation of any Defendant from 1995 through the conclusion of this lawsuit.

**RESPONSE:** R. John Taylor does not have possession, custody or control of any of Hawley Troxell's legal files. However, to the extent that R. John Taylor is in possession of any documents pertaining to the representation of any of the Defendants, in addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 34:** Produce all documents that pertain or relate in any way to your communications with any of your former attorneys (communications after such attorney no longer represented you).

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "communications." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "communications" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 35:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any documents (including

57

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

communications) that you produced, or were produced to you or any entity or partially or wholly own in any lawsuit from 1995 through the conclusion of this lawsuit, together with any communications relating to any such lawsuits.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "any lawsuit." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

58

of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 36:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to the AIA Services Corporation's 401(k) Plan Profit Sharing Plan (including, without limitations, all documents pertaining to all transactions, the purchase and sale of shares or other securities, loans and distributions or payments to and from the 401(k) Plan, mortgages transferred to or from the 401(k) Plan, and all other transactions) from 1995 through the conclusion of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "AIA Services Corporation's 401(k) Plan Profit Sharing Plan " R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 37:** Produce all documents that you have provided to any potential or actual lay or expert witness or any consultant for this lawsuit or to any Defendant in this lawsuit.

**RESPONSE:  Anyexpert witness disclosure will be made in compliance with any future order from the Court.**  In addition to his General Objections, R. John Taylor objects to this

60

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

Request as vague, burdensome, and overly broad, as it seeks "all" documents that relate to any potential or actual lay or expert witness.  R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's

counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 38:** Produce all documents that you have provided to any potential or actual attorney for this lawsuit or that relates in any way to the subject matter of this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that  R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

62

secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 39:** Produce all documents that you have provided to any person, party or entity that relates in any way to this lawsuit.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to " this lawsuit." R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case,

63

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 40:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any agreements with Reed Taylor.

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "Agreements with Reed Taylor. R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear,

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

and overly broad, as it is unclear exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

**REQUEST FOR PRODUCTION NO. 41:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any communications with Reed Taylor (including communications to, from and carbon copied to or from).

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "communications." R. John Taylor also objects that this Request is overly broad, as he and Reed Taylor have been communicating since approximately 1949, and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "communications" means in this context and exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

66

burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 42:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any in litigation to which Reed Taylor or Donna Taylor was or is a party (including legal files, billing records, representation agreements, conflict waivers and communications).

**RESPONSE:** In addition to his General Objections, R. John Taylor objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to " any litigation to which Reed Taylor or Donna Taylor was or is a party." They have been parties to approximately 11 different lawsuits relating to their interest in AIA, and all of the documents relating to those cases are presumably in the possession of their past and current counsel. R. John Taylor also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. R. John Taylor further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. R. John Taylor further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. R. John Taylor further objects to this Request because it seeks documents protected by the attorney-client privilege

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

or the work product doctrine. R. John Taylor further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. R. John Taylor further objects to this Request as seeking documents containing private information about third parties, whose privacy interests R. John Taylor is obligated to protect.

R. John Taylor further objects to this Request as seeking documents containing confidential and proprietary information about R. John Taylor, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, R. John Taylor further objects to it as burdensome. R. John Taylor further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, R. John Taylor objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which was settled in December of 2017..

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

Dated: January 30, 2018.

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

68

_____/s/ Martin Martelle_____
Martin Martelle
Attorney at Law

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 30, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Roderick Cyr Bond: rod@roderickbond.com
James D LaRue:    jdl@elamburke.com
Jeffrey A Thomson:    jat@elamburke.com
Loren C Ipsen:    lci@elamburke.com, nlp@elamburke.com
Alyson Anne Foster:    aaf@aswblaw.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:  addressed as follows (sent by email to John Taylor on January 30, 2018):

AIA Services Corporation
P.O. Box 538
Lewiston, ID  83501

AIA Insurance, Inc.
P.O. Box 538
Lewiston, ID  83501

_____/s/Martin Martelle_____
Martin Martelle
Attorney

R. John Taylor's Responses to Plaintiff's First Set of Interrogatories and Request for Production -

**Appendix - A, Page - 1010**