Roderick C. Bond, ISB No. 8082
RODERICK BOND LAW OFFICE, PLLC
601 108th Ave. NE, Suite 1900
Bellevue, WA  98004
Telephone: (425) 591-6903
Fax: (425) 321-0343
Email: rod@roderickbond.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.;<br><br>Plaintiff,<br><br>v.<br><br>CONNIE TAYLOR HENDERSON, an individual; JOLEE K. DUCLOS, an individual; HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; D. JOHN ASHBY, an individual; RICHARD A. RILEY, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual; R. JOHN TAYLOR, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC.; an Idaho corporation; CROP USA INSURANCE SERVICES, LLC; an Idaho limited liability company; and GEMCAP LENDING I, LLC, a Delaware limited liability company,<br><br>Defendants. | Civil No. 1:10-cv-00404-CWD<br><br>PLAINTIFF DALE L. MIESEN'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CROP USA INSURANCE AGENCY, INC. |

TO:     CROP USA INSURANCE ANGENCY, INC. and its attorney Steve Wieland.

Pursuant to Fed. R. Civ. P. 33(a) Plaintiff Dale L. Miesen ("Plaintiff" or "plaintiff" or "Miesen") submits the following interrogatories to be answered separately and fully under oath within 30 days from the date of service of said interrogatories on you.  In answering these interrogatories you are required to furnish such information as is available to you, not merely the information which you know of your personal knowledge.  This is intended to include any information in the possession of the agent or attorney or any investigator for the answering party.

Pursuant to Fed. R. Civ. P. 34 the plaintiff submits the following requests for production of documents for inspection at the offices of Roderick Bond Law Offices, PLLC, 601 108th Ave. NE, Suite 1900, Bellevue, Washington 98004, or at such time and place as may be agreed upon by counsel in writing or email within 30 days from the date of service of said requests for production upon you.

Court Rules require the answers to be preceded by the questions, and thus extra copies of these interrogatories are being served upon you in order to expedite the answering thereof.  You may type your answers immediately after the question and thus avoid retyping the question.

THESE INTERROGATORIES ARE CONTINUING IN NATURE AS PROVIDED IN Fed. R. Civ. P. 26, 33 AND 34 AND PLAINTIFF HEREBY DEMANDS THAT ANY INFORMATION COMING INTO THE POSSESSION OF THE DEFENDANT(S) OR DEFENDANT(S)' COUNSEL THAT WOULD CHANGE THE ANSWER IN ANY WAY BE PROMPTLY FURNISHED TO PLAINTIFF'S COUNSEL.

<u>DEFINITIONS</u>

1.     The term "<u>documents</u>" includes any material which contains information recorded through the use of letters, numbers or their equivalent, whether recorded by handwriting,

typewriting, printing, electronic files (including, without limitation, Microsoft Word and Excel files, QuickBooks files, emails, email attachments), magnetic, photographic or other means of recording, storage or back-up (including documents and files stored on the Cloud), and includes, without limitation, all letters or other correspondence, memoranda, notes, reports, minutes, or other writings, accounts, books and ledgers, invoices, receipts, photographs, tape recordings, computer records, and any other form of data compilation.  The term "documents" also includes any duplicates, copies or facsimiles of originals, summaries of documents, and substitutes for documents.  The term "documents" is used in the broadest possible sense and includes all materials subject to a request for production under Fed. R. Civ. P.  34. The term "documents" includes the originals in their original files (or to any copies when originals are not available), and any drafts, preliminary, superseded or revised versions, non-identical copies (whether different from the originals because of notes made on such copies or otherwise), and duplicates from different files. The term "documents" includes, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced communication or representation of every kind and description, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any combination thereof, or inscribed by hand or by mechanical, electronic, magnetic, microfilm, photographic or other means, as well as phonic (such as tape recordings) or visual reproduction of communications, oral statements, conversations or events, and including, but not limited to, correspondence, notes, minutes, records, resolutions, messages and internal memoranda, text messages, diaries, time sheets, logs, appointment books, desk calendars, reports, compilations, studies, summaries, analyses, tables and tabulations, financial statements, working papers, tallies, maps, diagrams, charts, plans, schematic drawings, models, pictures, films, tapes, computer-stored or computer-readable data, computer printouts, punch cards, surveys, contracts, licenses,

agreements, ledgers, book or account, vouchers, checks, invoices, drafts, charge slips, receipts, pleadings, depositions, court filings, transcripts, notes of meeting or conferences and minutes of meetings or conferences.  The term "documents" includes the file folder and tabs associated with each such original and/or copy, all correspondence transmitting such document or explaining or commenting on the contents thereof, and all working or supporting papers.  All electronic "documents" are to be produced in their native file format (i.e., emails are to be produced in .pst format).

2.      The terms "CropUSA Insurance Services" or "you" or "your" means the defendant CropUSA Insurance Services, LLC (a/k/a Crop USA Insurance Services, LLC) and includes its past, present and future subsidiaries, affiliates, officers, directors, advisory board members, members, committees, employees, agents, accountants, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of CropUSA Insurance Services, LLC.

3.      The term "AIA Insurance" means the defendant AIA Insurance, Inc. (f/k/a AIA, Inc.) and includes its past, present and future subsidiaries, affiliates, officers, directors, shareholders, committees, employees, agents, accountants, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of AIA Insurance, Inc.

4.      The term "AIA Services" means the defendant AIA Services Corporation and includes its past, present and future subsidiaries, affiliates, officers, directors, shareholders, committees, employees, agents, accountants, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of AIA Services Corporation

5.      The terms "R. John Taylor" or "John Taylor" or "John" mean the defendant R. John Taylor (a/k/a Raymond Johnson Taylor, Ray Johnson Taylor, Raymond J. Taylor. R. Johnson Taylor) and includes his past, present and future[1] agents, accountants, spouses, employees, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of R. John Taylor.

6.      The terms "James Beck" or "Beck" mean the defendant James Beck and includes his past, present and future agents, accountants, spouses, employees, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of James Beck.

7.      The terms "Connie Taylor Henderson" or "Connie" or "Connie Taylor" or "Connie Henderson" mean the defendant Connie Taylor Henderson (f/k/a Connie Wright, Connie Wright Taylor and a/k/a Connie Wright Henderson and includes her past, present and future agents, accountants, spouses, employees, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Connie Taylor Henderson.

8.      The terms "JoLee Duclos" or "Duclos" mean the defendant Jolee K. Duclos and includes her past, present and future agents, accountants, spouses, employees, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Jolee K. Duclos.

9.      The terms "Mike Cashman" or "Cashman" mean the defendant Michael W. Cashman, Sr. and includes his past, present and future agents, accountants, spouses, employees,

---

[1] As a point of clarification, when using the term "future" in the definitions for the defendants and other parties below, the term means that, if there are any new agents, accountants, spouses, employees, experts, consultants, shareholders, members, investigators, advisory board members and/or committees in the future, then these Interrogatories and Requests for Production must be promptly supplemented.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 5

experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Michael W. Cashman, Sr.

10.     The terms "CropUSA" or "CropUSA Insurance Agency" mean the defendant CropUSA Insurance Agency, Inc. (f/k/a AIA Crop Insurance, Inc. and a/k/a Crop USA Insurance Agency, Inc.) and includes its past, present and future subsidiaries, affiliates, officers, directors, shareholders, committees, advisory board members, employees, agents, accountants, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of CropUSA Insurance Agency, Inc.

11.     The term "GemCap" means the defendant GemCap Lending I, LLC and includes its past, present and future subsidiaries, affiliates (including entities or subsidiaries formed or utilized to purchase or bid on assets acquired at trustee or similar sales involving its debtors), officers, directors, members, committees, employees, agents, accountants, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of GemCap Lending I, LLC.

12.     The terms "Hawley Troxell Ennis & Hawley LLP" or "Hawley Troxell" or "HTEH" mean the defendant Hawley Troxell Ennis & Hawley LLP and includes its past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, members, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Hawley Troxell Ennis & Hawley LLP.

13.     The terms "Gary D. Babbitt" or "Babbitt" mean the defendant Gary D. Babbitt and includes his past, present and future agents, spouses, employees, experts, consultants,

investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Gary D. Babbitt.

14.    The terms "D. John Ashby" or "Ashby" or "John Ashby" mean the defendant D. John Ashby and includes his past, present and future agents, spouses, employees, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of D. John Ashby.

15.    The terms "Richard A. Riley" or "Richard Riley" or "Riley" or "Dick Riley" mean the defendant Richard A. Riley and includes his past, present and future agents, law firms, spouses, employees, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Richard A. Riley.

16.    Unless expressly stated otherwise in a particular interrogatory or request for production below, the terms "Defendants" or "Defendant" means any one or more of the above-defined defendants in the above-entitled lawsuit, i.e., the defendants this lawsuit as each of them are defined above and includes all matters in this lawsuit and outside of this lawsuit (including other lawsuits, events, acts or transactions).

17.    The terms "PERC" or "Pacific Empire Radio" mean Pacific Empire Radio Corporation and includes its past, present and future subsidiaries, affiliates, officers, directors, shareholders, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Pacific Empire Radio Corporation.

18.    The term "Pacific Empire Holdings" mean Pacific Empire Holdings Corporation, Sound Insurance, and includes their past, present and future subsidiaries, affiliates, officers, directors, shareholders, employees, agents, experts, consultants, investigators, attorneys and all

persons or entities assisting, representing or acting on behalf of Pacific Empire Holdings Corporation or Sound Insurance.

19.    The term "<u>Growers National Cooperative</u>" mean Growers National Cooperative Insurance Agency, Inc. and includes its past, present and future subsidiaries, affiliates, officers, directors, shareholders, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Growers National Cooperative Insurance Agency, Inc.

20.    The term "<u>Reinsurance Partners</u>" means Reinsurance Partners, LLC and includes its past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, members, managers, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Reinsurance Partners, LLC.

21.    The term "<u>Green Leaf</u>" means Green Leaf Alliance, Inc. (f/k/a Green Leaf Cooperative Insurance Agency, Inc.), Green Leaf Reinsurance Partners, LLC, and any other entity John Taylor has done business under the name of that contains the words "Green Leaf" and includes their past, present and future subsidiaries, affiliates, officers, directors, shareholders, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Green Leaf Alliance, Inc. (f/k/a Green Leaf Cooperative Insurance Agency, Inc.), Green Leaf Reinsurance Partners, LLC or any other entity John Taylor has done business under the name of that contains the words "Green Leaf".

22.    The term "<u>Weskan Agency</u>" means Weskan Agency, LLC and includes its past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, members, managers, committees, employees, agents, experts, consultants,

investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Weskan Agency, LLC.

23.    The term "Quarles & Brady" means Quarles & Brady LLP and includes its past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, members, managers, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Quarles & Brady LLP.

24.    The term "Hudson Insurance" means Hudson Insurance Group and includes its past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Hudson Insurance.

25.    The term "Randall Danskin" means Randall Danskin, P.S. (a/k/a Randall | Danskin) and includes its past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, shareholders, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Randall Danskin, P.S.

26.    The term "Elam & Burke" means Elman & Burke, Professional Association and includes its past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, shareholders, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Elman & Burke, Professional Association.

27.    The term "John Munding" means Crumb & Munding, P.S. and Munding, P.S. and includes their past, present and future subsidiaries, affiliates, officers, directors, partners,

associates, attorneys, executive officers, shareholders, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Crumb & Munding, P.S. or Munding, P.S.

28.    The terms "David Risley" or "Risley Law Office" mean Risley Law Office, PLLC, Risley Law Office, Risley & Baker, PLLC and Randall, Blake & Cox, PLLC (as it applies to the time period when David Risley was at that law firm) and includes their past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, members, managers, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Risley Law Office, PLLC, Risley Law Office, Risley & Baker, PLLC or Randall, Blake & Cox, PLLC.

29.    The term "Diversified Services" means CGB Diversified Services, Inc. or Diversified Services, Inc. (also d/b/a Diversified Crop Insurance Services) and includes its past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, shareholders, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of CGB Diversified Services, Inc. or Diversified Services, Inc.

30.    The term "Eberle Berlin" means Eberle, Berlin, Kading, Turnbow, & McKlveen, Chtd. (f/a/k/a Eberle, Berlin, Kading, Turnbow, McKlveen & Jones, Chtd.) and includes its past, present and future subsidiaries, affiliates, officers, directors, partners, associates, attorneys, executive officers, shareholders, committees, employees, agents, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of behalf of Eberle, Berlin, Kading, Turnbow, & McKlveen, Chtd.

31.    The term "<u>Reed Taylor</u>" or "<u>Reed</u>" mean Reed J. Taylor and includes his past, present and future[2] agents, accountants, spouses, employees, experts, consultants, investigators, attorneys and all persons or entities assisting, representing or acting on behalf of Reed Taylor.

32.    The terms "<u>identification</u>" or "<u>identify</u>" or "<u>identity</u>" when used in reference to a natural person (a) a natural individual, requires you to state his or her full name, business address, job title or function, and phone number; (b) a corporation, requires you to state its full corporate name and any names under which it does business, its state of incorporation, the address and phone number of its principal place of business, and the addresses of all of its offices; (c) a business, requires you to state the full name or style under which the business is conducted, its business address or addresses and phone numbers, the type of businesses in which it is engaged, the geographic areas in which it conducts those businesses, and the identity of the person or persons who own, operate, and control the business; (d) a document, requires you to state the number of pages and the nature of the document (e.g., letter or memorandum), its title, its date, the name or names of its authors and recipients, and its present location and custodian; (e) a communication, requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication, and, to the extent that the communication was non-written, to identify the persons participating in the communication and to state the date, manner, place, and substance of the communication.

33.    The term "<u>person</u>" means any natural individual in any capacity whatsoever, or any entity or organization including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or

---

[2] As a point of clarification, when using the term "future" in the definitions for the defendants and other parties below, the term means that, if there are any new agents, accountants, spouses, employees, experts, consultants, shareholders, members, investigators, advisory board members and/or committees in the future, then these Interrogatories and Requests for Production must be promptly supplemented.

unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau or department.

34.     The terms "communication" or "communications" means any type of oral, written, or electronic contact between two or more persons in which information, facts, or opinions in any form are exchanged, imparted or received.

35.     The terms "relating to" or "relate to" or "relating in any way to" mean the broadest possible concerning, referring to, responding to, in connection with, commenting on, in response to, regarding, explaining, describing, studying, analyzing, or constituting, whether in whole or in part.

36.     The term "pertaining to" is also used herein in its broadest sense.  Documents "pertaining to" a subject matter include all documents relevant in any way to the subject matter, indicating or constituting the subject matter, arising out of the subject matter, used in connection with the subject matter, describing the subject matter, depicting the subject matter, recording the subject matter, duplicating the subject matter, or associated with the subject matter.

INSTRUCTIONS

In responding to the following requests for production, you are required to produce all documents in your possession, custody or control or otherwise available to your directors, officers, employees, agents, consultants, attorneys, and accountants, whether past or present, or documents that are otherwise subject to your custody or control.  All documents that respond, in whole or part, to any portion of the production requests shall be produced in their entirety including all attachments and enclosures.

Whether or not indicated specifically in the production request, you are to produce all drafts, marked-up versions, preliminary version, or other non-identical copies of documents requested.

You are to produce all documents in their original files.

If any document is withheld under a claim of privilege, for each such document you are required to provide a list attached to your response hereto the following information:

a.    <u>Principals</u>:  The name and title of the author(s), sender(s), addressee(s) and recipient(s);

b.    <u>Publications</u>:  The name and title of each person to whom the contents of the document has been communicated by copy, carbon copy (including blind carbon cop), exhibition, reading or summarization;

c.    <u>Descriptions</u>:  A description of the nature and subject matter of the document;

d.    <u>Privilege</u>:  A statement of the privilege and the basis on which it is claimed. To the extent that you are claiming a common interest or joint defense privilege, you must state the parties who have agreed to the common interest or joint defense privilege and state the parties present when any communications are made.

Notwithstanding a claim that a document is privileged, any document so withheld must be produced with the portion claimed to be protected excised therefrom.

If you are unable to produce any document requested, state the reason you are unable to produce the document with as accuracy as possible.

Whenever reference is made to a person or entity, it includes any and all such persons or entities, directors, officers, employees, attorneys (including inside or house counsel and outside or retained counsel), accountants and other agents or representatives.

To the extent that any of the Requests for Production below use the terms "possession, custody or control", such terms are merely reminding you of your obligation to produce all documents in your possession, custody or control and does NOT mean that Requests for Production not mentioning those words are in any way limited. You have a duty to produce all documents that are in your possession, custody or control.

Unless otherwise specified, these Requests for Production are requesting documents from 1993 through the conclusion of this lawsuit.

These Requests for Production and Interrogatories are continuing and requires supplemental responses and answers up to the date of trial in accordance with Fed. R. Civ. P. 26(e).

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**  If you contend that you relied upon the advice of an attorney or any other professional (including accountants, CPAs or auditors) as a defense in this lawsuit, please state with particularity the advice that you received and identify any documents that you relied upon for such advice.

**ANSWER:**


**INTERROGATORY NO. 2:**  Identify the defenses and claims (if any) that you have in this lawsuit (regardless of whether or not such defenses are affirmative defenses). For each such defense, state with particularity the legal and factual basis that supports each such defense or claim.

**ANSWER:**

**INTERROGATORY NO. 3:**  If you assert any common interest or joint defense privileges, state with particularity the parties who are, or were, a party to each such privilege and the specific common interest(s) or joint defense(s) that you share or shared.

**ANSWER:**

## REQUESTS FOR PRODUCTION

Please carefully review the definitions above (including the definitions for "documents" and many of the persons or entities listed below) prior to responding to the following Requests for Production:

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents evidencing, supporting, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 1.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents evidencing, supporting, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 2.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents evidencing, supporting, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 3, including, without limitation, privilege and work product logs.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 15

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, corporate governance, shareholder meetings, board meetings, and communications) for AIA Services from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for CropUSA.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board

meetings, and communications) for AIA Insurance from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for CropUSA Insurance Services.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for The Universe Life Insurance Company from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 17

(including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Great Fidelity Life Insurance Company from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Pacific Empire Holdings.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Growers National Cooperative.

**RESPONSE:**


PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 18

**REQUEST FOR PRODUCTION NO. 12**:  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records that relate in any way to any funds, property, assets, labor, rent or other expense that you utilized or received from AIA Services, AIA Insurance, CropUSA Insurance Services, R. John Taylor, any other Defendant, or any other entity that is partially or wholly owned by R. John Taylor or any other Defendant (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13**:  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Green Leaf.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 14**:  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external

accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Reinsurance Partners.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for 17 State Street Partners.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Weskan Agency.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**  Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and

records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for any entity that R. John Taylor partially or wholly owns (including any entities that R. John Taylor may form or may partially or wholly own in the future).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**  Produce all documents that pertain or relate to your state and federal tax returns (including amendments thereto), together with all schedules and attachments thereto, from 2010 through and until the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**  Produce all documents that pertain or relate to the state and federal tax returns (including amendments thereto), together with all schedules and attachments thereto, of any entity that John Taylor, presently or formerly, partially or wholly owned from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**  Produce all documents that pertain or relate to your credit applications, credit reports, tax returns, financial statements and other information that you submitted to any prospective or actual lender from 1999 through the conclusion of this lawsuit (including, without limitation, any lender that you were asked or seeking to guarantee a loan for another person or entity).

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 21

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21:**  Produce all documents that pertain or relate to John Taylor's compensation and reimbursements from Avista Corp. from 1993 through the conclusion of this lawsuit (including, without limitation, directors' fees, retainers, stock options, deferred compensation, and restricted stock).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 22:**  Produce all documents that pertain or relate to R. John Taylor's transfer, sale or other disposition of any real property or personal property to AIA Services, AIA Insurance, any Defendant or any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants from 1993 through the conclusion of this lawsuit (including, without limitation, the real property later quitclaimed to Jordan Taylor and the real property that John Taylor transferred or sold to AIA Services or AIA Insurance).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 23:**  Produce all documents that pertain or relate to any of John Taylor or Connie Henderson's debts, obligations or donations that were paid in full or in part by AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services or Pacific Empire Holdings from 1993 through the conclusion of this lawsuit.

**RESPONSE:**


PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 22

**REQUEST FOR PRODUCTION NO. 24**:  Produce all documents that are in your possession, custody or control that have been produced or provided to GemCap (these include documents produced in litigation with GemCap and litigation directed or filed by GemCap against other parties), including, without limitation, all deposition transcripts (including exhibits) and hearing transcripts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**:  Produce all documents in your possession, custody or control that pertain or relate in any way to communications involving GemCap (these include communications involving litigation with GemCap and litigation directed or filed by GemCap against other parties).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**:  Produce all documents that pertain or relate in any way to communications involving Mel Gilbert or any entity or party that he has ever been employed by or affiliated with (including, without limitation, all documents that were provided to, or received from, Mel Gilbert or any entity or party that he was employed by or affiliated with).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**:  Produce all documents that pertain or relate in any way to communications involving Hudson Insurance or any documents received or provided to Hudson Insurance or any other crop insurance company (e.g., Great American) from 1999 through the conclusion of this lawsuit.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 23

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to Hudson Insurance from 1999 through the conclusion of this lawsuit (including, without limitation, documents relating in any way to CropUSA's 2008 sale of assets to Hudson and any payments relating thereto (including payments made directly or indirectly to you by Hudson such as any funds tendered for a non-compete)).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**  Produce all documents pertaining to or relating in any way to your bank records (including brokerage accounts, retirement accounts, checking accounts, savings accounts, loans, certificates of deposits, lines of credit and any other account).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any loans, indebtedness and/or guarantees with any present or former creditor for AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services (including without limitation, all documents provided to, or received from, all such creditors) from 1995 through the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**  Produce all documents that are in your possession, custody or control that pertains or relates in way to the advancement or allocation/division of funds,

loan guarantees, labor, rent, utilities, phone and/or any other expenses between or by R. John Taylor and any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants from 1995 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 32:**  Produce all documents that are in your possession, custody or control that pertains or relates in way to the advancement or allocation/division of funds, loan guarantees, labor, rent, utilities, phone and/or any other expenses between AIA Services or AIA Insurance and any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants from 1995 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 33:**  Produce all documents that are in your possession, custody or control that pertains or relates in way to the advancement of funds, or the lending of funds, by Hudson Insurance, Diversified Services, any other insurance company or any other entity or financial institution to you or to any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants from 1995 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 34:** Produce all documents that are in your possession, custody or control that pertains to or relates in any way to any business or financial arrangements or agreements that you have or have, or previously had, with any of the Defendants from 1994 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 35:** Produce all documents that are in your possession, custody or control that pertains or relates in any way to communications that you have had with any of the Defendants from 1994 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 36:** Produce all documents in your possession constituting, memorializing or pertaining to any communications you have had with any of the Defendants and/or any documents that were provided to, or received from, any of the Defendants from 1994 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 37:** Produce all documents that are in your possession, custody or control that were provided to, or received from, any in house or outside attorneys, accountants, CPAs, and/or auditors for AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services, the Universe Life Insurance Company, Great Fidelity Life Insurance Company and/or Pacific Empire Holdings from 1993 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 38:** Produce all documents that are in your possession, custody or control that were provided to, received from, involve or relate in any way to associations, trusts, trust board, cooperatives, association trusts, including, without limitation, with

the Grain Growers Association Membership and Insurance Trust, Soybean Association Membership and Insurance Trust, Poultry Growers Membership and Insurance Trust, the American Independent Agricultural Producers Group Membership and Insurance Trust and Growers National Cooperative (including all meeting minutes, resolutions, notices of meetings, documents provided at any meetings, contracts, agreements and all other information) from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 39:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications between you or any other Defendant and Quarles & Brady.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 40:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Quarles & Brady.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 41:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all billing records from Quarles & Brady, and the payments for such services, from 2005 through the conclusion of this lawsuit.

**RESPONSE:**


PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 27

**REQUEST FOR PRODUCTION NO. 42:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to all of Quarles & Brady's legal files legal files (including work product), engagement letters, tolling agreements, conflict waivers and/or all documents relating in any way to legal services or the representation of any Defendant, including, without limitation, all such information relating to *Reed Taylor v. AIA Services Corp., et al.* (filed in Nez Perce County District Court).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 43:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all billing records from Hawley Troxell, and the payments for such services, from 1993 through the conclusion of this lawsuit, including, without limitation, all such information relating to *Reed Taylor v. AIA Services Corp.*, et al. (filed in Nez Perce County District Court) and *Donna Taylor v. AIA Services Corp.* (filed in Nez Perce County District Court).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 44:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Hawley Troxell.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 45:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to all of Hawley Troxell's legal files (including

work product), engagement letters, conflict waivers, tolling agreements and/or all documents pertaining to the representation of any Defendant from 1993 through the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all billing records from Eberle Berlin from 1993 through the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Eberle Berlin from 1993 through the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to all of Eberle Berlin's legal files (including work product), engagement letters, conflict waivers, termination letters, and/or all documents pertaining to the representation of any Defendant from 1993 through the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**  Produce all documents that pertain or relate in any way to communications involving any of your former attorneys (communications after such

attorney no longer represented you) or communications involving any present or former attorneys for any other Defendant.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 50:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any documents (including communications) that you produced, or were produced to you or any entity or partially or wholly owned by any one or more of the Defendants that relates in any way to any threatened or actual lawsuits from 1995 through the conclusion of this lawsuit, together with any communications relating to any such threatened or actual lawsuits.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 51:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to the AIA Services Corporation's 401(k) Plan Profit Sharing Plan (including, without limitations, all documents pertaining to all transactions, the purchase and sale of shares or other securities (including the purchase and any repurchases of Series C Preferred Shares in AIA Services), loans and distributions or payments to and from the 401(k) Plan, mortgages transferred to or from the 401(k) Plan, and all other transactions) from 1995 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 52:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to the AIA Services Corporation's Employee

Stock Ownership Plan ("ESOP") from 1995 through the conclusion of this lawsuit (including, without limitation, documents relating to the alleged termination of the ESOP).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 53:** Produce all documents that you have provided to or received from, or another Defendant has provided to or received from, any potential or actual lay or expert witness or any consultant for this lawsuit or any Defendant in this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 54:** Produce all documents that are in your possession custody or control that you have, or any other Defendant has, provided to or received from, any other Defendant or any potential or actual attorney that relates in any way to the subject matter of this lawsuit, any other lawsuits, disputes or threatened litigation from 1993 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 55:**  Produce all documents that you have, or any other Defendant has, provided to or received from, any person, party or entity that relates in any way to the subject matter of this lawsuit, any other lawsuits, disputes or threatened litigation from 1993 through the conclusion of this lawsuit.

**RESPONSE:**


PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 31

**REQUEST FOR PRODUCTION NO. 56**:  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any agreements with Reed Taylor.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 57**:  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any communications involving Reed Taylor (including, communications mentioning or referencing him, to him, from him and carbon copied to or from him) or any documents provided to, or received from, Reed Taylor.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 58**:  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any in litigation to which Reed Taylor or Donna Taylor was, or is, a party (including legal files, billing records, representation agreements, tolling agreements, conflict waivers and communications).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 59**: Produce all documents that pertain or relate to all your financial statements that you have prepared for your own use or provided to any person or entity through the conclusion of this lawsuit (including, without limitation, financial statements specifically prepared for any lenders or for you to guarantee any loans).

**RESPONSE:**


PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 32

**REQUEST FOR PRODUCTION NO. 60:**  Produce all documents that you provided to any consultant or expert witness in *Reed Taylor v. AIA Services Corp., et al.* (filed in Nez Perce County District Court), including, without limitation, the documents that you provided to testifying expert witnesses that were also submitted to Judge Brudie.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 61:**  Produce all documents that pertain or relate to any loans, obligations, commitments, or indebtedness that you have, or another Defendant has, received, incurred or guaranteed for another person or entity from 1993 through the conclusion of this lawsuit (including, without limitation, all documents that relate in any way to any guarantees with GemCap, Zion's Bank, Private Bank of Minnesota, U.S Bank, and Lancelot).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 62:**  Produce all documents that pertain or relate to any due diligence conducted by you or any other party for any loans or indebtedness that you have, or any Defendant has, received, incurred, become obligated to pay, or guaranteed, for another person or entity from 1993 through the conclusion of this lawsuit (including, without limitation, all documents that relate in any way to any guarantees with GemCap, Zion's Bank, Private Bank of Minnesota, U.S Bank, and Lancelot).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 63:**  Produce all documents that pertain or relate to any loans that you have provided to, or money or funds that you have advanced to, any other Defendant

in this lawsuit (including, without limitation to, AIA Services, AIA Insurance, R. John Taylor, James Beck, Mike Cashman, JoLee Duclos, CropUSA and CropUSA Insurance Services) from 1994 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 64:**  Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving Randall Danskin (including communications to, from and carbon copied to or from) and any documents that were provided or received from Randall Danskin, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to Randall Danskin (including, without limitation, all documents pertaining to any lawsuits involving Randall Danskin and the lawsuit relating to the failed reverse stock split known as *AIA Services Corp. v. Durant, et al.*).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 65:**  Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving Elam & Burke (including communications to, from and carbon copied to or from) and/or any documents that were provided or received from Elam & Burke, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to Elam & Burke.

**RESPONSE:**


PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 34

**REQUEST FOR PRODUCTION NO. 66:**  Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving John Munding (including communications to, from and carbon copied to or from) and any documents that were provided or received from John Munding, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to John Munding (including, without limitation, all documents pertaining to any lawsuits in which John Munding represented AIA Services or AIA Insurance, e.g., *GemCap Lending I, LLC v. CropUSA Insurance Agency, Inc., et al.*).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:**  Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving David Risley (including communications to, from and carbon copied to or from) and any documents that were provided or received from David Risley, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to David Risley (please note that David Risley has also purportedly represented AIA Services, AIA Insurance and CropUSA (among others) in the past).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:**  Produce all documents that are in your possession, custody or control that pertain or relate to any settlements or settlement agreements involving any of the Defendants to this lawsuit or any other party(ies) that relate in any way to the subject matter of this lawsuit or any transactions or agreements involving any one or more of the Defendants or

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 35

any entities partially or wholly owned by any Defendant (including, without limitation, any settlements with GemCap, Randall Danskin, the state of Idaho, Hudson Insurance, Growers National Cooperative, or any other party) from 1993 through the conclusion of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Trustmark.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to agreements, payments received from, payments made to, or any other financial or business arrangement with Trustmark.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any claims or requests for indemnity and/or contribution from Reed Taylor (including, without limitation, any written agreements providing for indemnity or contribution).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any in litigation involving AIA Services,

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 36

AIA Insurance, GemCap, CropUSA, CropUSA Insurance Services, R. John Taylor or any of the other Defendants or any entities partially or wholly owned by any Defendant (including legal files, billing records, representation agreements, tolling agreements, conflict waivers and communications).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 73:**  Produce all documents that pertain or relate in any way to any compensation, salary, reimbursements, contributions, stock, stock options, bonuses, deferred compensation, benefits, dividends, distributions, contributions, advances, loans, guarantees or payments or enumeration of any kind or nature (including barter transactions) that you paid to, received from, or provided to, R. John Taylor, any Defendant (including CropUSA and CropUSA Insurance Services), PERC, Pacific Empire Communications Corp., or any other entity that was partially or wholly owned by R. John Taylor or any other Defendant from 1993 through the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 74:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any due diligence or other actions taken by you to ensure that the guarantees executed by AIA Services and AIA Insurance in connection with your loans to CropUSA and CropUSA Insurance Services were properly and duly authorized by the required board of directors and/or shareholders of AIA Services and AIA Insurance and were made in compliance with the applicable bylaws and articles of incorporation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:**  Produce all documents that pertain or relate in any way to any to your compliance with, or resolution of, any conflicts of interest for members of AIA Services and AIA Insurance's boards of directors or provisions under AIA Services and AIA Insurance's bylaws and amended articles of incorporation.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 76:**  Produce all documents that are in your possession, custody or control that relate in any way to any investigations conducted by you relating in any way to GemCap, CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Green Leaf, Reinsurance Partners, PERC, Pacific Empire Holdings, R. John Taylor, any of the other Defendant, or any entity partially or wholly owned by R. John Taylor or any other Defendant.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 77:**  Produce all documents that pertain or relate in any way to any compensation, salary, reimbursements, stock, stock options, bonuses, deferred compensation, benefits, dividends, distributions, advances, loans, guarantees or payments or enumeration of any kind or nature (including barter transactions) that you paid, provided to, or received from, any person or entity (including, without limitation, any entity that was partially or wholly owned by any Defendant) from 1995 through the conclusion of this lawsuit.

**RESPONSE:**


PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 38

**REQUEST FOR PRODUCTION NO. 78:**  Produce all documents that pertain or relate in any way to any funds, assets, real property or any other asset or enumeration of any kind or nature (including barter transactions) that involves, or relates in any way to, Jordan Taylor.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 79:**  Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Jordan Taylor (including communications to, from or carbon copied to or from him) and/or any documents provided to, or received from, Jordan Taylor.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 80:**  Produce all documents in your possession, custody or control that pertain or relate in any way to any notices of shareholder meetings, notices of board of director meetings, shareholder resolutions, shareholder consents, shareholder meeting minutes, board resolutions, board consents, board meeting minutes, disclosures, due diligence and any communications that pertain or relate in any way to the governance of, corporate authority of, or any decisions made for, AIA Services, AIA Insurance, CropUSA, CropUSA Services, Reinsurance Partners, Green Leaf, PERC, Pacific Empire Communications Corp., and Pacific Empire Holdings from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 81:**  Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Diversified Services

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 39

(including communications to, from and carbon copied to or from Diversified Services) and/or any documents that were provided to, or received from, Diversified Services.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 82:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Green Leaf (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Green Leaf.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 83:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Reinsurance Partners (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Reinsurance Partners.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 84:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Weskan Agency (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Weskan Agency.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 85:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Randy Lamberjack, his wife or any attorney or representative acting on behalf of either of them (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Randy Lamberjack, his wife or any attorney or representative acting on behalf of either of them.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 86:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving James Gatziolis or his attorney or representative (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, James Gatziolis, his attorney or representative.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 87:** Produce all documents in your possession, custody or control that pertain or relate in any way to R. John Taylor's purchase of Series A Preferred Shares in AIA Services and/or the authorization and issuance of such shares.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 88:** Produce all documents in your possession, custody or control that pertain or relate in any way to any amendments to AIA Services or AIA Insurance bylaws or articles of incorporation from 1993 through and until the conclusion of this lawsuit.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 41

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 89:**  Produce all documents in your possession, custody or control that pertain or relate in any way to any compensation or payments from or by Hudson Insurance to any Defendant or entity partially or wholly owned by any Defendant that relate in any way to Growers National Cooperative (including, without limitation, payments received to resolve any lawsuits involving Growers National Cooperative or any contractual relationships with it).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 90:**  Produce all documents in your possession, custody or control that pertain or relate in any way to any compensation or payments made to, or on behalf of, any of the Defendants from 1993 through the conclusion of this lawsuit, including, without limitation, director fees, salaries, reimbursements, the advancement or payment of attorneys' fees and costs for any lawsuit or legal representation, the payment of services (e.g., payments to Connie Henderson or her law firm for work allegedly performed), bonuses and benefits.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 91:**  Produce all documents in your possession, custody or control that support the allegations, causes of action, claims and relief asserted in the Third-Party Complaint filed against Reed Taylor as Docket No. 218 in this lawsuit.

**RESPONSE:**

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 42

**REQUEST FOR PRODUCTION NO. 92:**  Produce all documents that relate in any way to your income, assets and debts.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 93:**  Produce all documents that are in your possession, custody or control that relate in any way to the ownership, sale or transfer of any real property or personal property to R. John Taylor or Debra Hopson Taylor, including, without limitation, all documents that pertain to the title to the house on Prospect in Lewiston, Idaho being titled solely in the name of Debra Hopson Taylor and all documents pertaining to any remodeling expenses of any property held in the name of R. John Taylor or Debra Hopson Taylor.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 94:**  Produce all documents that are in your possession, custody or control that relate in any way to any agreements between R. John Taylor and Debra Hopson Taylor (including, without limitation, any pre-marital or post-marital agreements).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 95:**  Produce all documents that are in your possession, custody or control that relate in any way to any foreign country bank accounts or any other asset located in a foreign country in the name of R. John Taylor and/or Debra Hopson Taylor, any other Defendant or any entity partially or wholly owned by them, or any entity or trust established on the behalf of any of the foregoing parties.

**RESPONSE:**


PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 43

**REQUEST FOR PRODUCTION NO. 96:**  Produce all documents that are in your possession, custody or control that relate in any way to any foreign bank accounts, foreign assets, or any other thing of value in a foreign country in the name of R. John Taylor and/or Debra Hopson Taylor, any entity partially or wholly owned by either R. John Taylor and/or Debra Hopson Taylor, or any trust or related instrument established for the behalf of either R. John Taylor and/or Debra Hopson Taylor.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 97:**  Produce all documents that are in your possession, custody or control that relate in any way to any funds, assets, trade secrets, facilities, labor or any other thing of value that has been advanced or lent to PERC, together with all documents relating to any repayments any other thing of value returned.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 98:** To the extent that you contend any of the transactions, loans, guarantees, acts and/or omissions alleged in the Third Amended Complaint in this lawsuit (and any subsequently amended complaint in this lawsuit) were proper and/or duly authorized, produce all documents that are in your possession, custody or control that support your contentions.

**RESPONSE:**


PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 44

**REQUEST FOR PRODUCTION NO. 99:** Produce all documents that support your defenses or affirmative defenses to the allegations, claims, causes of action and relief requested in this lawsuit, including, without limitation, any defenses that the board of directors or shareholders of AIA Services or AIA Insurance properly authorized or consented to any transaction or action.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 100:** Produce all documents that are in your possession, custody or control pertain or relate in any way to the billing records of Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, and/or Wieland Law PLLC and any and all payments made to Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, or Wieland Law PLLC (including the source and amounts of such payments).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 101:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and/or documents provided to, or received from, any attorney, paralegal, expert witness, consultant, agent or other representative of Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, and/or Wieland Law PLLC (including Steve Wieland and Shawnee Perdue); provided, however, that this Request for Production does not request the communications pertaining solely to the specific representation of R. John Taylor, James Beck, JoLee Duclos, Connie Henderson, CropUSA or CropUSA Insurance Services in this lawsuit by Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, and/or Wieland Law PLLC. To the extent that this Request for Production applies to any communications involving

this lawsuit and other matters, then redact the information pertaining to this lawsuit and produce the remaining portion of the communication. Please note that all documents attached to such communications must be produced unless some privilege applies (subject to Plaintiff's right to dispute or challenge the assertion of privilege).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 102:** Produce all documents that are in your possession, custody or control pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and documents provided to or received from, any attorney, paralegal, expert witness, consultant or other representative of McNaul Ebel Nawrot & Helgren PLLC (including Greg Hollon or Avi Lipman) or any other attorney, paralegal, agent, consultant, expert witness or other representative acting on behalf of Cairncross & Hemplemann.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 103:** Produce all documents that are in your possession, custody or control pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and documents provided to or received from, Alan Coalson (or any entity to which he has practiced, together with any agents or employees of such entity).

**RESPONSE:**


PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 46

**REQUEST FOR PRODUCTION NO. 104:** Produce all documents that are in your possession, custody or control pertain or relate in any way to the source or the use of the funds, loans, assets, trade secrets, employees, agents, facilities, labor and any other item or thing of value to fund or operate CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Reinsurance Partners, PERC, Green Leaf, Pacific Empire Holdings, Pacific Empire Communications Corp., Weskan Agency, and/or any other entity partially or wholly owned by R. John Taylor or any other Defendant.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 105:** Produce all documents that are in your possession, custody or control pertain or relate in any way to cash or assets that R. John Taylor or any other Defendant has contributed, lent or advanced to CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Reinsurance Partners, Weskan Agency, Green Leaf, PERC, Pacific Empire Communications Corp., Pacific Empire Holdings, or any other entity partially or wholly owned by R. John Taylor or any other Defendant.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 106:** Produce all documents that are in your possession, custody or control pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and/or documents provided to, or received from, any person or entity that relates in any way to the redemption of Reed Taylor's shares in 1995, the restructuring of the obligations in 1996, the subsequent defaults, the litigation that arose in 2007, any subsequent litigation or threatened litigation, and any and all payments made to Reed

Taylor or any other party relating in any way to the redemption of Reed Taylor's shares (including, without limitation, all documents and communications relating to Eberle Berlin's representation, its legal files, and its billing records relating in any way to the redemption or the restructure thereof, together with Hawley Troxell's and any other attorneys' legal files, billing records (and payments), representation and communications pertaining to the subsequent litigation with Reed Taylor).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 107:** Produce all documents that are in your possession, custody or control pertain or relate in any way to the financial statements, assets, debts and/or tax returns (including state and federal returns, all attachments and scheduled thereto, including amendments) of R. John Taylor, Connie Henderson, James Beck, Mike Cashman, JoLee Duclos, CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Weskan Agency, Reinsurance Partners, Growers National Cooperative, PERC, Pacific Empire Communications Corp., Pacific Empire Holdings, Green Leaf or any entity partially or wholly owned by any Defendant (including R. John Taylor).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 108:** Produce all documents that are in your possession, custody or control that relate in any way to the attorneys' fees, expert fees, costs and expenses incurred by you, or on your behalf, for any litigation involving any one or more of the Defendants (including, without limitation, copies of all billing records and statements), including as to all such expenses incurred in *GemCap Lending I, LLC v. CropUSA Insurance Agency, Inc., et al.* (filed in U.S. District Court in California).

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 48

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 109:** To the extent that you deny any of the allegations in the Third Amended Complaint in this lawsuit (and any allegations in any subsequently amended complaint in this lawsuit) and such denials are supported by any documents, produce all documents that are in your possession, custody or control that support your denials of such allegations.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 110:** Produce all documents that are in your possession, custody or control that relate in any way to all sums borrowed and owed to GemCap, and all payments to GemCap (including the present balance and all payments made pursuant to the terms of any Settlement Agreement) and/or any assets assigned or transferred to GemCap.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 111:** Produce all documents that are in your possession, custody or control that relate in any way to any and all settlement agreements or any other agreements or financial arrangements entered into in connection with *GemCap Lending I, LLC v. CropUSA Insurance Agency, Inc., et al.* (filed in U.S. District Court in California), including, without limitation, all information relating to the calculation of all fees, costs, penalties, interest and the balance owed under the terms of any Settlement Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 112:**  Produce all documents that are in your possession, custody or control that have been produced, obtained by you from any source, or provided to you involving any dispute, threatened litigation, or actual litigation involving any one or more of the Defendants or arising as a result of the subject matter of any transactions, agreements, guarantees or loans with any one or more of the Defendants (these include documents produced in litigation with you and litigation directed or filed against other parties by way of any Settlement Agreements), including, without limitation, *GemCap Lending I, LLC v. Quarles & Brady, et al.* (filed in U.S. District Court in California), *GemCap Lending I, LLC v. CropUSA, et al.* (filed in U.S. District Court in California), *GemCap v. AIA Services Corp., et al.* (filed in Nez Perce County District Court in Idaho), *Durant, et al. v. GemCap Lending I, LLC* (filed in Nez Perce County District Court in Idaho), *GemCap Lending I, LLC v. Scottsdale Indemnity Co.* (pending in U.S. District Court in California), *Missouri Crop, LLC, et al. v. CGB Diversified Services, Inc., et al.* (filed in U.S. District Court in Missouri), and *Church Crop Insurance Services, Inc. v. CGB Diversified Services, Inc., et al.* (now pending or near judgment in the Polk County District Court in Iowa (and applying to the same lawsuit during the time it was removed to U.S. District Court in Iowa))).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 113:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to communications involving any dispute, threatened litigation, or actual litigation involving one or more of the Defendants, or arising as a result of the subject matter of any transactions, agreements, guarantees or loans with any one or more of the Defendants (these include documents produced in litigation with you and litigation

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 50

directed or filed against other parties by way of any Settlement Agreements), including, without limitation, *GemCap Lending I, LLC v. Quarles & Brady, et al.* (filed in U.S. District Court in California), *GemCap Lending I, LLC v. CropUSA, et al.* (filed in U.S. District Court in California), *GemCap v. AIA Services Corp., et al.* (filed in Nez Perce County District Court in Idaho), *Durant, et al. v. GemCap Lending I, LLC* (filed in Nez Perce County District Court in Idaho), *GemCap Lending I, LLC v. Scottsdale Indemnity Co.* (pending in U.S. District Court in California), *Missouri Crop, LLC, et al. v. CGB Diversified Services, Inc., et al.* (filed in U.S. District Court in Missouri), and *Church Crop Insurance Services, Inc. v. CGB Diversified Services, Inc., et al*. (now pending or near judgment in the Polk County District Court in Iowa (and applying to the same lawsuit during the time it was removed to U.S. District Court in Iowa))).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 114:**  Produce all documents that are in your possession, custody or control that pertain or relate in any way to any discovery requests and documents produced or obtained in any litigation involving one or more of the Defendants or arising as a result of the subject matter of any transactions, agreements, guarantees or loans with any one or more of the Defendants (these include documents produced in litigation with you and litigation directed or filed against other parties by way of any Settlement Agreements), including, without limitation, *GemCap Lending I, LLC v. Quarles & Brady, et al.* (filed in U.S. District Court in California), *GemCap Lending I, LLC v. CropUSA, et al.* (filed in U.S. District Court in California), *GemCap v. AIA Services Corp., et al.* (filed in Nez Perce County District Court in Idaho), *Durant, et al. v. GemCap Lending I, LLC* (filed in Nez Perce County District Court in Idaho), *GemCap Lending I, LLC v. Scottsdale Indemnity Co.* (pending in U.S. District Court in California), *Missouri*

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 51

*Crop, LLC, et al. v. CGB Diversified Services, Inc., et al.* (filed in U.S. District Court in Missouri), and *Church Crop Insurance Services, Inc. v. CGB Diversified Services, Inc., et al*. (now pending or near judgment in the Polk County District Court in Iowa (and applying to the same lawsuit during the time it was removed to U.S. District Court in Iowa))).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 115:**  Produce all documents that pertain or relate to any due diligence that you conducted in connection with the Settlement Agreement, together with all Assignments and other instruments or agreements (including any later executed or amended agreements or instruments) executed in connection with that Settlement Agreement, a copy of which was filed and is found in the records of this lawsuit on pages 21-48 of Docket Number 128 (including, all communications relating in any way to that Settlement Agreement).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 116:**  Produce all documents that pertain or relate in any way to the Settlement Agreement, together with all Assignments and other instruments or agreements executed in connection with that Settlement Agreement, a copy of which was filed and is found in the records of this lawsuit on pages 21-48 of Docket Number 128 (including any previously executed, subsequently executed or amended agreements or instruments), including, without limitations, all communications relating in any way to any such settlement agreements.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 117:**  Produce all documents that pertain or relate in any way to the due diligence (including any communications) conducted by you or any other Defendant or party (including Mel Gilbert) regarding the loans with GemCap, guarantees with GemCap, and any other agreement or instrument involving GemCap.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 118:**  Produce all documents that pertain or relate in any way to any audits, or similar investigations, conducted for any Defendant from 1993 through and until the conclusion of this lawsuit (this request includes any audits conducted by GemCap or any agent or third-party at the request of GemCap).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 119:**  Produce all documents that pertain or relate to any credit applications, credit reports, tax returns, financial statements and other information that you provided, received, or obtained from any source for, pertaining to any loans that you obtained, any guarantees that you provided, or any settlements as to any person or party from 1993 through and until the conclusion of this lawsuit (including the loans, guarantees and/or settlements involving GemCap).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 120:** Produce all documents that are in your possession, custody or control that you have not produced in response to any other Requests for Production that pertain or relate in any way to AIA Services, AIA Insurance, Growers National Cooperative,

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 53

Pacific Empire Holdings, Green Leaf, Reinsurance Partners, Hudson Insurance, Diversified Services, Crop USA, Crop USA Insurance Services, Pacific Empire Communications Corp., Great American, Trustmark, any other insurer, or any of the other Defendants from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:**


Dated this 8th day of July, 2017.

RODERICK BOND LAW OFFICE, PLLC

By:_____
Roderick C. Bond
Attorney for the Plaintiff Dale L. Miesen

RODERICK BOND LAW OFFICE, PLLC
601 108th Ave. NE, Suite 1900
Bellevue, WA  98004
Telephone: (425) 591-6903
Facsimile: (425) 321-0343
E-mail: rod@roderickbond.com

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 54

STATE OF IDAHO                    )
                                  ) ss.
County of _____           )

_____, being first duly sworn on oath, deposes and says:  That (s)he is _____, defendant in the above-entitled matter, and makes this verification for and on its behalf;  that (s)he has read the above and foregoing First Set of Interrogatories and Requests for Production of Documents, knows the contents thereof, and believes the same to be true.


_____
By:_____
Its:_____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2017.


_____
NAME:_____
Notary Public in and for the State of _____,
residing at_____
My commission expires:_____

## CERTIFICATION

THE UNDERSIGNED ATTORNEY for _____, has read the foregoing Responses to Defendants' First Set of Requests for Interrogatories and Request for Production of Documents, and pursuant to Fed. R. Civ. P. 26(g) certifies that these responses are consistent with Court Rules.

DATED this _____ day of _____, 2017.


_____
Attorney for CropUSA Insurance Agency, Inc.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 55

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of July, 2017, I caused to be served, true and correct copies of the foregoing document to the following parties via the indicated method(s):

James D. LaRue
Loren C. Ipsen
Jeffrey A. Thomson
Elam & Burke, PA
251 East Front St.
Boise, ID  83704
Fax: (208) 384-5844

**Via:**
( )  U.S. Mail, Postage Prepaid
( )  Hand Delivered
( )  Overnight Mail
( )  Facsimile – (208) 384-5844
(**X**) (By Agreement)

Steve Wieland
Mooney Wieland Smith & Rose PLLC
405 S. 8th Street, Suite 295
Boise, ID 83702

**Via:**
( )  U.S. Mail, Postage Prepaid
( )  Hand Delivered
( )  Overnight Mail
( )  Facsimile – (208) 401-9218
(**X**)  Email (By Agreement)

Alyson A. Foster
Andersen Schwartzman Woodard Brailsford PLLC
101 S. Capitol Boulevard, Suite 1600
Boise, ID  83702

**Via:**
( )  U.S. Mail, Postage Prepaid
( )  Hand Delivered
( )  Overnight Mail
( )  Facsimile – 208-342-4455
(**X**)  Email (by Agreement)

R. John Taylor
AIA Services Corporation
AIA Insurance, Inc.
P.O. Box 538
Lewiston, ID  83501

**Via:**
( )  U.S. Mail, Postage Prepaid
( )  Hand Delivered
( )  Overnight Mail
( )  Facsimile –  (208) 799-9172
(**X**)  Email (By Agreement

_____
Roderick C. Bond

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 56