***MARTELLE & ASSOCIATES, P.A.***
Martin J. Martelle
ISB No. 3304
380 West State Street
Eagle, ID 83616
Telephone: (208) 938-8500
Facsimile: (208) 938-8503
E-mail: attorney@martellelaw.com

*Attorney for Defendants Connie Taylor Henderson*
*JoLee K. Duclos, R. John Taylor,*
*Michael W. Cashman, Sr., James Beck,*
*Crop USA Insurance Services, LLC, and*
*Crop USA Insurance, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.; <br><br> Plaintiff, <br><br> v. <br><br> HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; D. JOHN ASHBY, an individual; RICHARD A. RILEY, an individual; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC.; an Idaho corporation; CROP USA INSURANCE SERVICES, LLC; an Idaho limited liability company; and CROPUSA LENDING I, LLC, a Delaware limited liability company, <br><br> Defendants, | Case No.  1:10-cv-00404-CWD <br><br> DEFENDANT CROP USA, INSURANCE AGENCY, INC'S; RESPONSE TO PLAINTIFF DALE PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS |

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 1

and

CROP USA INSURANCE AGENCY,
INC., an Idaho corporation; CONNIE
TAYLOR HENDERSON, an individual;
JOLEE K. DUCLOS, an individual; R.
JOHN TAYLOR, an individual;
MICHAEL W. CASHMAN SR., an
individual; JAMES BECK, an individual,

                Defendants/Third-Party
                Plaintiffs,

vs.

REED TAYLOR, an individual,

                Third-Party Defendant.

Defendant CropUSA Insurance Agency, Inc., ("CropUSA") by and through undersigned counsel, this discovery response.

## **GENERAL OBJECTIONS**

1.    CropUSA objects to Plaintiff's interrogatories and requests for production ("discovery requests") to the extent they prport to require disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine and any other legally protectable and confidential information. CropUSA does not intend to waive its privileges or protections in response to Plaintiff's discovery requests, and no response constitutes nor should be interpreted as, a waiver.

2.    CropsUSA objects to Plaintiff's discovery requests as a whole as harassing, overly broad, vague, and unduly burdensome, in that they are repetitive, unclear, seek

information available in the public record or more readily from other parties, and are voluminous in nature.

3.    CropUSA objects to Plaintiff's discovery requests, including Plaintiff's "Instructions and Definitions," to the extent they seek disclosure of settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case.

4.    CropUSA objects to Plaintiff's discovery requests, including Plaintiff's "Instructions and Definitions," to the extent they seek documents already in Plaintiff's possession, custody, or control, or that are available in the public record, or that are in the possession, custody, or control of third parties.

5.    CropUSA objects to Plaintiff's discovery requests, including Plaintiff's "Instructions and Definitions," to the extent they seek to impose discovery obligations on CropUSA that are different from or greater than those set forth in the Federal Rules of Civil Procedure. CropUSA objects to Plaintiff's discovery requests, including Plaintiff's "Instructions and Definitions," to the extent they seek documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect; and/or confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets. Any such information will be produced subject to third-party approval and/or an appropriate confidentiality order, where appropriate.

6.    CropUSA objects to Plaintiff's discovery requests, including Plaintiff's "Instructions and Definitions," to the extent they seek documents subject to limitations or requirements of confidentiality agreements or orders in other litigation. Any such documents will

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 3

be produced in accordance with those limitations and requirements, including potentially notice to and approval of other entities, persons, or courts.

7.    CropUSA objects to Plaintiff's "Instructions" that purport to require CropUSA to respond with additional information that is not specifically requested in the discovery requests.

8.    CropUSA objects to Plaintiff's "Instructions" regarding CropUSA's purported "continuing" obligation to answer discovery requests. This "instruction" is contrary to and exceeds the requirements of Federal Rule of Civil Procedure 26(e).

9.    CropUSA objects to Plaintiff's "Definitions" regarding identification of withheld responsive information, including information withheld on the basis of privilege, to the extent the "Definition" purports to require more information than an appropriate privilege log under applicable authorities.

10.    CropUSA objects to Plaintiff's definition of "CropUSA," "you," "your," or "yours" to the extent these definitions purport to require CropUSA to produce information that is not in its possession or control, is not reasonably available to it, is information belonging to and in the possession of other entities not party to the lawsuit, or is otherwise publically available to the Plaintiff.

12.    CropUSA objects to Plaintiff's contention interrogatories asking for all facts or "detailed" facts or "with particularity" as overly broad, unduly burdensome, and seeking information protected from disclosure by the work product doctrine. *See, e.g., Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006). In response to such contention interrogatories, CropUSA will provide those principal facts of which it is currently aware. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007).

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 4

13.    CropUSA objects to Plaintiff's interrogatories to the extent they call for legal conclusions rather than application of law to fact. *See, e.g.*, *Larson v. Trans Union, LLC*, No. 3:12-cv-05726-WHO, 2017 WL 1540710 (Apr. 28, 2017).

14.    CropUSA objects to Plaintiff's contention interrogatories as premature because substantial documentary and testimonial discovery has not yet been completed. *See, e.g.*, *Campbell v. Facebook, Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 WL 3533221 (June 3, 2015).

15.    CropUSA incorporates by reference all its General Objections into each of the responses below. In responding to a specific discovery request, CropUSA may restate its objections, but by not repeating an objection, CropUSA does not waive any General Objection.


## INTERROGATORIES

**INTERROGATORY NO. I:** If you contend that you relied upon the advice of an attorney or any other professional (including accountants, CPAs or auditors) as a defense in this lawsuit, please state with particularity the advice that you received and identify any documents that you relied upon for such advice.

**ANSWER:** In addition to its General Objections, CropUSA objects to this Interrogatory as overly broad and unduly burdensome in Requesting CropUSA to state "with particularity," as CropUSA is not required to provide more than principal facts of which it is aware. CropUSA further objects to this Interrogatory as seeking information protected by the attorney-client privilege and/or work production doctrine. CropUSA further objects to this Interrogatory to the extent it calls for a legal conclusion. CropUSA further objects to this Interrogatory as premature because substantial documentary and testimonial discovery has not yet been completed. CropUSA further objects to this Interrogatory because it is vague and ambiguous in its reference to "any

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 5

other professional." CropUSA does not interpret this Interrogatory to inquire whether CropUSA relied on representations made by any individuals other than attorneys.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**INTERROGATORY NO. 2:** Identify the defenses and claims (if any) that you have in this lawsuit (regardless of whether or not such defenses are affirmative defenses). For each such defense, state with particularity the legal and factual basis that supports each such defense or claim

**ANSWER:** In addition to its General Objections, CropUSA objects to this Interrogatory because it seeks information protected by the attorney-client privilege and work product doctrine.

CropUSA further objections to this Interrogatory as overly broad and unduly burdensome by Requesting to state "with particularity," as CropUSA is only required to provide those principal facts of which it is currently aware. CropUSA further objects to this Interrogatory to the extent it calls for a legal conclusion. CropUSA further objects to this Interrogatory as premature because substantial documentary and testimonial discovery has not yet been completed.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**INTERROGATORY NO. 3:** If you assert any common interest or joint defense privileges, state with particularity the parties who are, or were, a party to each such privilege and the specific common interest(s) or joint defense(s) that you share or shared.

**ANSWER:** In addition to its General Objections, CropUSA objects to this Interrogatory because it seeks information protected by the attorney-client privilege and work product doctrine. CropUSA further objections to this Interrogatory as overly broad and unduly burdensome by

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 6

Requesting to state "with particularity," as CropUSA is only required to provide those principal facts of which it is currently aware. CropUSA further objects to this Interrogatory as vague, burdensome, and overly broad, as it does not limit its Request to a time period or a specific lawsuit. For that reason, CropUSA also asserts this Interrogatory seeks information that is not relevant to any claim or defense in this lawsuit and is not proportional to the needs of the case.

Subject to and without waiving those objections, CropUSA responds that, with respect to this lawsuit, CropUSA has not entered any joint defense agreement in this lawsuit. In addition, it has not yet determined whether it shares a common interest with the other defendants or whether a joint defense privilege would apply. Once CropUSA has made this determination, it will supplement this response appropriately

## REQUESTS FOR PRODUCTION

Please carefully review the definitions above (including the definitions for "documents" and many of the persons or entities listed below) prior to responding to the following Requests for Production:

**REQUEST FOR PRODUCTION NO. I:** Produce all documents evidencing, supporting, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 1.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "refer" "relate" or "pertain" to CropUSA's answer to Interrogatory No. 1. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. CropUSA further objects to this Request as overly broad because it does not set forth a time limitation of the

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 7

documents it seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. *See also* Response to Interrogatory No. 1

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents evidencing, supporting, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 2.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "refer" "relate" or "pertain" to CropUSA's answer to Interrogatory No. 1. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear,

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 8

and overly broad, as it is unclear exactly what documents this Request seeks. CropUSA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case.

CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect. CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. *See also* Response to Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents evidencing, supporting, referring to, relating in any way, or pertaining to your answer to Interrogatory No. 3, including, without limitation, privilege and work product logs.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "refer" "relate" or "pertain" to

CropUSA's answer to Interrogatory No. 1. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear exactly what documents this Request seeks. CropUSA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. *See also* Response to Interrogatory No. 3.

**<u>REQUEST FOR PRODUCTION NO. 4:</u>** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and

records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, corporate governance, shareholder meetings, board meetings, and communications) for AIA Services from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and

duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 5:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for CropUSA.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. CropUSA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement

communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 6:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings,

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 13

boardmeetings, and communications) for AIA Insurance from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. CropUSA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 14

**Appendix - A, Page - 1080**

other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 7:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for CropUSA Insurance Services.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. CropUSA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents

containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 8:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 16

meetings, and communications) for The Universe Life Insurance Company from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. CropUSA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 17

other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 9:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Great Fidelity Life Insurance Company from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. CropUSA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 18

CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 10:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank

statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Pacific Empire Holdings.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. CropUSA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 20

production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 11:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Growers National Cooperative.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. CropUSA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408)

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 21

and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 12:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records that relate in any way to any funds, property, assets, labor, rent or other expense that you utilized or received from AIA Services, ALA Insurance, CropUSA Insurance Services, R. John Taylor, any other Defendant, or any other entity that is partially or wholly owned by R. John Taylor or any other Defendant (including, without limitation, all

documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of

other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 13:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Green Leaf.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. CropUSA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing

settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 14:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Reinsurance Partners.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 25

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. CropUSA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA

objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 15:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for 17 State Street Partners.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. CropUSA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 27

proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 16:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for Weskan Agency.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. CropUSA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in

several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 17:** Produce for inspection and copying all documents that are in your possession, custody or control that pertain or relate in any way to the books and records (including, without limitation, all documents relating in any way to internal and external accounting work papers, financial statements, tax returns, loan applications, bank statements, loan statements, legal files, accounting files, corporate governance, shareholder meetings, board meetings, and communications) for any entity that R. John Taylor partially or wholly owns (including any entities that R. John Taylor may form or may partially or wholly own in the future).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to "books and records." CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. CropUSA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408)

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 30

and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 18:** Produce all documents that pertain or relate to your state and federal tax returns (including amendments thereto), together with all schedules and attachments thereto, from 2010 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" to CropUSA's tax returns. CropUSA also objects that this Request is overly broad and seeks

documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as overly broad because it does not set forth a time limitation of the documents it seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of private, sensitive information about CropUSA that is irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 19:** Produce all documents that pertain or relate to the state and federal tax returns (including amendments thereto), together with all schedules and attachments thereto, of any entity that John Taylor, presently or formerly, partially or wholly owned from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to tax returns. CropUSA also objects that this Request is overly broad and seeks documents not

relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 33

**REQUEST FOR PRODUCTION NO. 20:** Produce all documents that pertain or relate to your credit applications, credit reports, tax returns, financial statements and other information that you submitted to any prospective or actual lender from 1999 through the conclusion of this lawsuit (including, without limitation, any lender that you were asked or seeking to guarantee a loan for another person or entity).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to credit applications, credit reports, tax returns, financial statements and other information that you submitted to any prospective or actual lender. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as unduly burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of

privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 21:** Produce all documents that pertain or relate to John Taylor's compensation and reimbursements from Avista Corp. from 1993 through the conclusion of this lawsuit (including, without limitation, directors' fees, retainers, stock options, deferred compensation, and restricted stock).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way." CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because, given its breadth, it may seek documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case.

CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 35

CropUSA further objects to this Request because, given its breadth, it may seek documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 22:** Produce all documents that pertain or relate to R. John Taylor's transfer, sale or other disposition of any real property or personal property to AIA Services, AIA Insurance, any Defendant or any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants from 1993 through the conclusion of this lawsuit (including, without limitation, the real property later quitclaimed to Jordan Taylor and the real property that John Taylor transferred or sold to AIA Services or AIA Insurance).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to John Taylor's transfer, sale or other disposition of any real property or personal property to AIA Services, AIA Insurance, any Defendant or any entity partially or wholly owned by R. John

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 36

Taylor or any one or more of the Defendants. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 23:** Produce all documents that pertain or relate to any of John Taylor or Connie Henderson's debts, obligations or donations that were paid in full or in part by AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services or Pacific Empire Holdings from 1993 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to any of John Taylor or Connie Henderson's debts, obligations or donations that were paid in full or in part by AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services or Pacific Empire Holdings. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request as vague, ambiguous, unclear, and overly broad, as it is unclear what "books and records" means in this context and exactly what documents this Request seeks. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets,

which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 24:** Produce all documents that are in your possession, custody or control that have been produced or provided to CropUSA (these include documents produced in litigation with CropUSA and litigation directed or filed by CropUSA against other parties), including, without limitation, all deposition transcripts (including exhibits) and hearing transcripts.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to any litigation involivng CropUSA. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from

disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 25:** Produce all documents in your possession, custody or control that pertain or relate in any way to communications involving CropUSA (these include communications involving litigation with CropUSA and litigation directed or filed by CropUSA against other parties).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way"

to any litigation involving CropUSA. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 26:** Produce all documents that pertain or relate in any way to communications involving Mel Gilbert or any entity or party that he has ever been employed by or affiliated with (including, without limitation, all documents that were provided to, or received from, Mel Gilbert or any entity or party that he was employed by or affiliated with).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to any information regarding Mel Gilbert. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 42

**Appendix - A, Page - 1108**

documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 27:** Produce all documents that pertain or relate in any way to communications involving Hudson Insurance or any documents received or provided to Hudson Insurance or any other crop insurance company (e.g., Great American) from 1999 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to Hudson Insurance, etc. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets,

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 43

which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 28:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to Hudson Insurance from 1999 through the conclusion of this lawsuit (including, without limitation, documents relating in any way to CropUSA's 2008 sale of assets to Hudson and any payments relating thereto (including payments made directly or indirectly to you by Hudson such as any funds tendered for a non-compete.))

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to Hudson Insurance, etc. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 44

because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 29:** Produce all documents pertaining to or relating in any way to your bank records (including brokerage accounts, retirement accounts, checking accounts, savings accounts, loans, certificates of deposits, lines of credit and any other account).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to CropUSA's "bank records." CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 30:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any loans, indebtedness and/or guarantees with any present or former creditor for AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services (including without limitation, all documents provided to, or received from, all such creditors) from 1995 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to CropUSA loans, indebtedness and/or guarantees with any present or former creditor for AIA Services, AIA Insurance, CropUSA, CropUSA Insurance Services. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 47

burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 31:** Produce all documents that are in your possession, custody or control that pertains or relates in way to the advancement or allocation/division of funds, loan guarantees, labor, rent, utilities, phone and/or any other expenses between or by R. John Taylor and any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants from **1995** through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to the expenses of R. John Taylor or any other defendant. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 48

CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 32:** Produce all documents that are in your possession, custody or control that pertains or relates in way to the advancement or allocation/division of funds, loan guarantees, labor, rent, utilities, phone and/or any other expenses between AIA Services or AIA Insurance and any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants from 1995 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to the expenses of R. John Taylor or any other defendant. CropUSA also objects that this Request

is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 33:** Produce all documents that are in your possession, custody or control that pertains or relates in way to the advancement of funds, or the lending of

funds, by Hudson Insurance, Diversified Services, any other insurance company or any other entity or financial institution to you or to any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants from 1995 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to the advancement of funds, or the lending of funds, by Hudson Insurance, Diversified Services, any other insurance company or any other entity or financial institution to you or to any entity partially or wholly owned by R. John Taylor or any one or more of the Defendants. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of

other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 34:** Produce all documents that are in your possession, custody or control that pertains to or relates in any way to any business or financial arrangements or agreements that you have or have, or previously had, with any of the Defendants from 1994 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to any business or financial agreement. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 35:** Produce all documents that are in your possession, custody or control that pertains or relates in any way to communications that you have had with any of the Defendants from 1994 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to all documents of CropUSA. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from

disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 36:** Produce all documents in your possession constituting, memorializing or pertaining to any communications you have had with any of the Defendants and/or any documents that were provided to, or received from, any of the Defendants from 1994 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way"

to all communications had by CropUSA. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 55

**REQUEST FOR PRODUCTION NO. 37**: Produce all documents that are in your possession, custody or control that were provided to, or received from, any in house or outside attorneys, accountants, CPAs, and/or auditors for ALA Services, AIA Insurance, CropUSA, CropUSA Insurance Services, the Universe Life Insurance Company, Great Fidelity Life Insurance Company and/or Pacific Empire Holdings from 1993 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to or received by CropUSA and other entities. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 56

other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 38**: Produce all documents that are in your possession, custody or control that were provided to, received from, involve or relate in any way to associations, trusts, trust board, cooperatives, association trusts, including, without limitation, with the Grain Growers Association Membership and Insurance Trust, Soybean Association Membership and Insurance Trust, Poultry Growers Membership and Insurance Trust, the American Independent Agricultural Producers Group Membership and Insurance Trust and Growers National Cooperative (including all meeting minutes, resolutions, notices of meetings, documents provided at any meetings, contracts, agreements and all other information) from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to or received by CropUSA and other entities. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are

protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 39:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications between you or any other Defendant and Quarles & Brady.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications received by CropUSA to other entities or individuals. CropUSA also objects

that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 59

**REQUEST FOR PRODUCTION NO. 40:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Quarles & Brady.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications received by CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in

several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 41:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all billing records from Quarles & Brady, and the payments for such services, from 2005 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to billing records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 61

burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 42:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to all of Quarles & Brady's legal files legal files (including work product), engagement letters, tolling agreements, conflict waivers and/or all documents relating in any way to legal services or the representation of any Defendant, including, without limitation, all such information relating to *Reed Taylor v. AL4 Services Corp., el al.* (filed in Nez Perce County District Court).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to litigation records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not

relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 43:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all billing records from Hawley Troxell, and the payments for such services, from 1993 through the conclusion of this lawsuit, including, without limitation, all such information relating to *Reed Taylor v. AIA Services Corp.,* et al. (filed in Nez Perce County District Court) and *Donna Taylor v. ALA Services Corp.* (filed in Nez Perce County District Court).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to billing records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 44:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Hawley Troxell.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communication records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 65

**Appendix - A, Page - 1131**

documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 45:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to all of Hawley Troxell's legal files (including work product), engagement letters, conflict waivers, tolling agreements and/or all documents pertaining to the representation of any Defendant from 1993 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to legal file of CropUSA or other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 46:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all billing records from Eberle Berlin from 1993 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to billing records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications

that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 47:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Eberle Berlin from 1993 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications of CropUSA to other entities or individuals. CropUSA also objects that this

Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 48:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to all of Eberle Berlin's legal

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 69

files (including work product), engagement letters, conflict waivers, termination letters, and/or all documents pertaining to the representation of any Defendant from 1993 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to legal files of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in

several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 49:** Produce all documents that pertain or relate in any way to communications involving any of your former attorneys (communications after such attorney no longer represented you) or communications involving any present or former attorneys for any other Defendant.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to billing records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 71

burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 50:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any documents (including communications) that you produced, or were produced to you or any entity or partially or wholly owned by any one or more of the Defendants that relates in any way to any threatened or actual lawsuits from 1995 through the conclusion of this lawsuit, together with any communications relating to any such threatened or actual lawsuits.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to documents of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not

relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 51:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to the AIA Services Corporation's 401(k) Plan Profit Sharing Plan (including, without limitations, all documents pertaining to all transactions, the purchase and sale of shares or other securities (including the purchase and any repurchases of Series C Preferred Shares in AIA Services), loans and distributions or payments to and from the 401(k) Plan, mortgages transferred to or from the 401(k) Plan, and all other transactions) from 1995 through the conclusion of this lawsuit.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 73

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 52:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to the AIA Services Corporation's Employee Stock Ownership Plan ("ESOP") from 1995 through the conclusion of this lawsuit (including, without limitation, documents relating to the alleged termination of the ESOP).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to documents or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of

other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 53:** Produce all documents that you have provided to or received from, or another Defendant has provided to or received from, any potential or actual lay or expert witness or any consultant for this lawsuit or any Defendant in this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to documents or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 76

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 54:** Produce all documents that are in your possession custody or control that you have, or any other Defendant has, provided to or received from, any other Defendant or any potential or actual attorney that relates in any way to the subject matter of this lawsuit, any other lawsuits, disputes or threatened litigation from 1993 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to documents or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it

seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 55:** Produce all documents that you have, or any other Defendant has, provided to or received from, any person, party or entity that relates in any way to the subject matter of this lawsuit, any other lawsuits, disputes or threatened litigation from 1993 through the conclusion of this lawsuit.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 78

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to documents or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 56:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any agreements with Reed Taylor.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to documents or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 80

documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 57:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any communications involving Reed Taylor (including, communications mentioning or referencing him, to him, from him and carbon copied to or from him) or any documents provided to, or received from, Reed Taylor.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 58:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any in litigation to which Reed Taylor or Donna Taylor was, or is, a party (including legal files, billing records, representation agreements, tolling agreements, conflict waivers and communications).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the

work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 59:** Produce all documents that pertain or relate to all your financial statements that you have prepared for your own use or provided to any person or entity through the conclusion of this lawsuit (including, without limitation, financial statements specifically prepared for any lenders or for you to guarantee any loans).

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 83

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to financial records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 60:** Produce all documents that you provided to any consultant or expert witness in *Reed Taylor v. ALA Services Corp., et al.* (*filed* in Nez Perce County District Court), including, without limitation, the documents that you provided to testifying expert witnesses that were also submitted to Judge Brudie.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 85

privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 61:** Produce all documents that pertain or relate to any loans, obligations, commitments, or indebtedness that you have, or another Defendant has, received, incurred or guaranteed for another person or entity from 1993 through the conclusion of this lawsuit (including, without limitation, all documents that relate in any way to any guarantees with CropUSA, Zion's Bank, Private Bank of Minnesota, U.S Bank, and Lancelot).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 86

documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 62:** Produce all documents that pertain or relate to any due diligence conducted by you or any other party for any loans or indebtedness that you have, or any Defendant has, received, incurred, become obligated to pay, or guaranteed, for another person or entity from 1993 through the conclusion of this lawsuit (including, without limitation, all documents that relate in any way to any guarantees with CropUSA, Zion's Bank, Private Bank of Minnesota, U.S Bank, and Lancelot).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way"

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 87

to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 88

**REQUEST FOR PRODUCTION NO. 63:** Produce all documents that pertain or relate to any loans that you have provided to, or money or funds that you have advanced to, any other Defendant in this lawsuit (including, without limitation to, AIA Services, AIA Insurance, R. John Taylor, James Beck, Mike Cashman, JoLee Duclos, CropUSA and CropUSA Insurance Services) from 1994 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of

other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 64:** Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving Randall Danskin (including communications to, from and carbon copied to or from) and any documents that were provided or received from Randall Danskin, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to Randall Danskin (including, without limitation, all documents pertaining to any lawsuits involving Randall Danskin and the lawsuit relating to the failed reverse stock split known as *AIA Services Corp. v. Durant, et al.*).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents

containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 65:** Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving Ham & Burke (including communications to. from and carbon copied to or from) and/or any documents that were provided or received from Elam & Burke, together with all legal files, billing statements,

engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to Elam & Burke.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in

several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 66:** Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving John Munding (including communications to, from and carbon copied to or from) and any documents that were provided or received from John Munding, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to John Munding (including, without limitation, all documents pertaining to any lawsuits in which John Munding represented ALA Services or MA Insurance, e.g., *GemC'ap Lending I, LLC v. CropUSA Insurance Agency, Inc., et aL).*

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking

documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 67:** Produce all documents that are in your possession, custody or control that pertain or relate to any communications involving David Risley (including communications to, from and carbon copied to or from) and any documents that were provided or received from David Risley, together with all legal files, billing statements, engagement letters, agreements, settlements, conflict waivers and all other information, pertaining or relating in any way to David Risley (please note that David Risley has also purportedly represented MA Services, AIA Insurance and CropUSA (among others) in the past).

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 94

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 68:** Produce all documents that are in your possession, custody or control that pertain or relate to any settlements or settlement agreements involving any of the Defendants to this lawsuit or any other party(ies) that relate in any way to the subject matter of this lawsuit or any transactions or agreements involving any one or more of the Defendants or any entities partially or wholly owned by any Defendant (including, without limitation, any settlements with CropUSA, Randall Danskin, the state of Idaho, Hudson Insurance, Growers National Cooperative, or any other party) from 1993 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 69:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any and all communications involving Trustmark.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents

containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 70:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to agreements, payments received from, payments made to, or any other financial or business arrangement with Trustmark.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way"

to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 99

**REQUEST FOR PRODUCTION NO. 71:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any claims or requests for indemnity and/or contribution from Reed Taylor (including, without limitation, any written agreements providing for indemnity or contribution).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 100

documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 72:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any in litigation involving AIA Services, AIA Insurance, CropUSA, CropUSA, CropUSA Insurance Services, R. John Taylor or any of the other Defendants or any entities partially or wholly owned by any Defendant (including legal files, billing records, representation agreements, tolling agreements, conflict waivers and communications).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking

documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 73:** Produce all documents that pertain or relate in any way to any compensation, salary, reimbursements, contributions, stock, stock options, bonuses, deferred compensation, benefits, dividends, distributions, contributions, advances, loans, guarantees or payments or enumeration of any kind or nature (including barter transactions) that you paid to, received from, or provided to, R. John Taylor, any Defendant (including CropUSA and CropUSA Insurance Services), PERC, Pacific Empire Communications Corp., or any other entity that was partially or wholly owned by R. John Taylor or any other Defendant from 1993 through the conclusion of this lawsuit.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 102

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 74:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any due diligence or other actions taken by you to ensure that the guarantees executed by AIA Services and AIA Insurance in connection with your loans to CropUSA and CropUSA Insurance Services were properly and duly authorized by the required board of directors and/or shareholders of ALA Services and AIA Insurance and were made in compliance with the applicable bylaws and articles of incorporation.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets,

which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 75:** Produce all documents that pertain or relate in any way to any to your compliance with, or resolution of any conflicts of interest for members of AIA Services and AIA Insurance's boards of directors or provisions under AIA Services and AR Insurance's bylaws and amended articles of incorporation.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408)

and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 76:** Produce all documents that are in your possession, custody or control that relate in any way to any investigations conducted by you relating in any way to, CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Green Leaf, Reinsurance Partners, PERC, Pacific Empire Holdings, R. John Taylor, any of the other Defendant, or any entity partially or wholly owned by R. John Taylor or any other Defendant.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 106

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO.** 77: Produce all documents that pertain or relate in any way to any compensation. salary, reimbursements, stock, stock options, bonuses, deferred compensation, benefits, dividends, distributions, advances, loans, guarantees or payments or enumeration of any kind or nature (including barter transactions) that you paid, provided to, or received from, any person or entity (including, without limitation, any entity that was partially or wholly owned by any Defendant) from 1995 through the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to all documents had by CropUSA. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 108

confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. . Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 78:** Produce all documents that pertain or relate in any way to any funds, assets, real property or any other asset or enumeration of any kind or nature (including barter transactions) that involves, or relates in any way to, Jordan Taylor.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not

proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 79:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Jordan Taylor (including communications to, from or carbon copied to or from him) and/or any documents provided to, or received from, Jordan Taylor.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals.

CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 111

**REQUEST FOR PRODUCTION NO. 80:** Produce all documents in your possession, custody or control that pertain or relate in any way to any notices of shareholder meetings, notices of board of director meetings, shareholder resolutions, shareholder consents, shareholder meeting minutes, board resolutions, board consents, board meeting minutes, disclosures, due diligence and any communications that pertain or relate in any way to the governance of, corporate authority of, or any decisions made for, AIA Services, AIA Insurance, CropUSA, CropUSA Services, Reinsurance Partners, Green Leaf, PERC, Pacific Empire Communications Corp., and Pacific Empire Holdings from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

      CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets,

which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 81:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Diversified Services (including communications to, from and carbon copied to or from Diversified Services) and/or any documents that were provided to, or received from, Diversified Services.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents

containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 82:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Green Leaf (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Green Leaf.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 114

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 83:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Reinsurance Partners (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Reinsurance Partners.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 116

privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 84:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Weskan Agency (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Weskan Agency.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking

documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 85:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving Randy Lamberjack, his wife or any attorney or representative acting on behalf of either of them (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, Randy Lamberjack, his wife or any attorney or representative acting on behalf of either of them.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way"

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 118

to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 86:** Produce all documents in your possession, custody or control that pertain or relate in any way to any communications involving James Gatziolis or his attorney or representative (including communications to, from and carbon copied to or from) and/or any documents that were provided to, or received from, James Gatziolis, his attorney or representative.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 120

burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**<u>REQUEST FOR PRODUCTION NO. 87:</u>** Produce all documents in your possession, custody or control that pertain or relate in any way to R. John Taylor's purchase of Series A Preferred Shares in AIA Services and/or the authorization and issuance of such shares.

**<u>RESPONSE:</u>** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking

documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 88:** Produce all documents in your possession, custody or control, that pertain or relate in any way to any amendments to A1A Services or A IA Insurance bylaws or articles of incorporation from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any

claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 89:** Produce all documents in your possession, custody or control that pertain or relate in any way to any compensation or payments from or by Hudson Insurance to any Defendant or entity partially or wholly owned by any Defendant that relate in any way to Growers National Cooperative (including, without limitation, payments received to resolve any lawsuits involving Growers National Cooperative or any contractual relationships with it).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of

privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 90:** Produce all documents in your possession, custody or control that pertain or relate in any way to any compensation or payments made to, or on behalf of, any of the Defendants from 1993 through the conclusion of this lawsuit, including, without limitation, director fees, salaries, reimbursements, the advancement or payment of attorneys' fees and costs for any lawsuit or legal representation, the payment of services (e.g., payments to Connie Henderson or her law firm for work allegedly performed), bonuses and benefits.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408)

and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 91:** Produce all documents in your possession, custody or control that support the allegations, causes of action, claims and relief asserted in the Third-Party Complaint filed against Reed Taylor as Docket No. 218 in this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals.

CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 127

**REQUEST FOR PRODUCTION NO. 92:** Produce all documents that relate in any way to your income, assets and debts.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in

several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**PRODUCTION NO. 93:** Produce all documents that are in your possession, custody or control that relate in any way to the ownership, sale or transfer of any real property or personal property to R. John Taylor or Debra Hopson Taylor, including, without limitation, all documents that pertain to the title to the house on Prospect in Lewiston, Idaho being titled solely in the name of Debra Hopson Taylor and all documents pertaining to any remodeling expenses of any property held in the name of R. John Taylor or Debra Hopson Taylor.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 129

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 94:** Produce all documents that are in your possession, custody or control that relate in any way to any agreements between R. John Taylor and Debra Hopson Taylor (including, without limitation, any pre-marital or post-marital agreements).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents

containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**<u>REQUEST FOR PRODUCTION NO. 95:</u>** Produce all documents that are in your possession, custody or control that relate in any way to any foreign country bank accounts or any other asset located in a foreign country in the name of R. John Taylor and/or Debra Hopson Taylor, any other Defendant or any entity partially or wholly owned by them, or any entity or trust established on the behalf of any of the foregoing parties.

**<u>RESPONSE:</u>** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 96:** Produce all documents that are in your possession, custody or control that relate in any way to any foreign bank accounts, foreign assets, or any other thing of value in a foreign country in the name of R. John Taylor and/or Debra Hopson Taylor, any entity partially or wholly owned by either R. John Taylor and/or Debra Hopson Taylor, or any trust or related instrument established for the behalf of either R. John Taylor and/or Debra Hopson Taylor.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate

confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 97:** Produce all documents that are in your possession, custody or control that relate in any way to any funds, assets, trade secrets, facilities, labor or any other thing of value that has been advanced or lent to PERC, together with all documents relating to any repayments any other thing of value returned.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 134

proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 98:** To the extent that you contend any of the transactions, loans, guarantees, acts and/or omissions alleged in the Third Amended Complaint in this lawsuit (and any subsequently amended complaint in this lawsuit) were proper and/or duly authorized, produce all documents that are in your possession, custody or control that support your contentions.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way"

to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 136

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 99:** Produce all documents that support your defenses or affirmative defenses to the allegations, claims, causes of action and relief requested in this lawsuit, including, without limitation, any defenses that the board of directors or shareholders of AIA Services or AIA Insurance properly authorized or consented to any transaction or action.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as

burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 100:** Produce all documents that are in your possession, custody or control pertain or relate in any way to the billing records of Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, and/or Wieland Law PLLC and any and all payments made to Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, or Wieland Law PLLC (including the source and amounts of such payments).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not

proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 101:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and/or documents provided to, or received from, any attorney, paralegal, expert witness, consultant, agent or other representative of Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, and/or Wieland Law PLLC (including Steve Wieland and Shawnee Perdue); provided, however, that this Request for Production does not request the communications pertaining

<u>solely</u> to the specific representation of R. John Taylor, James Beck, JoLee Duclos, Connie Henderson, CropUSA or CropUSA Insurance Services in this lawsuit by Mooney Wieland Smith & Rose PLLC, Wieland Perdue PLLC, and/or Wieland Law PLLC. To the extent that this Request for Production applies to any communications involving this lawsuit and other matters, then redact the information pertaining to this lawsuit and produce the remaining portion of the communication. Please note that all documents attached to such communications must be produced unless some privilege applies (subject to Plaintiff's right to dispute or challenge the assertion of privilege).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate

confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 102:** Produce all documents that are in your possession, custody or control pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and documents provided to or received from, any attorney, paralegal, expert witness, consultant or other representative of McNaul Ebel Nawrot & Helgren PLLC (including Greg Hollon or Avi Lipman) or any other attorney, paralegal, agent, consultant, expert witness or other representative acting on behalf of Cairncross & Hemp lemann.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the

work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 103:** Produce all documents that are in your possession, custody or control pertain or relate i❑ any way to any communications involving (including communications to, from and carbon copied to or from), and documents provided to

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 142

or received from, Alan Coalson (or any entity to which he has practiced, together with any agents or employees of such entity).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in

several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 104:** Produce all documents that are in your possession, custody or control pertain or relate in any way to the source or the use of the funds, loans, assets, trade secrets, employees, agents, facilities, labor and any other item or thing of value to fund or operate CropUSA, CropUSA Insurance Services, AR Services, AIA Insurance, Reinsurance Partners, PERC, Green Leaf, Pacific Empire Holdings, Pacific Empire Communications Corp., Weskan Agency, and/or any other entity partially or wholly owned by R. John Taylor or any other Defendant.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 144

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 105:** Produce all documents that are in your possession, custody or control pertain or relate in any way to cash or assets that R. John Taylor or any other Defendant has contributed, lent or advanced to CropUSA, CropUSA Insurance Services, AIA Services, MA Insurance, Reinsurance Partners, Weskan Agency, Green Leaf, PERC, Pacific Empire Communications Corp.. Pacific Empire Holdings, or any other entity partially or wholly owned by R. John Taylor or any other Defendant.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any

claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 146

**REQUEST FOR PRODUCTION NO. 106:** Produce all documents that are in your possession, custody or control pertain or relate in any way to any communications involving (including communications to, from and carbon copied to or from), and/or documents provided to, or received from, any person or entity that relates in any way to the redemption of Reed Taylor's shares in 1995, the restructuring of the obligations in 1996, the subsequent defaults, the litigation that arose in 2007, any subsequent litigation or threatened litigation, and any and all payments made to Reed Taylor or any other party relating in any way to the redemption of Reed Taylor's shares (including, without limitation, all documents and communications relating to Eberle Berlin's representation, its legal files, and its billing records relating in any way to the redemption or the restructure thereof, together with Hawley Troxell's and any other attorneys' legal files, billing records (and payments), representation and communications pertaining to the subsequent litigation with Reed Taylor).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 147

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 107:** Produce all documents that are in your possession, custody or control pertain or relate in any way to the financial statements, assets, debts and/or tax returns (including state and federal returns, all attachments and scheduled thereto, including amendments) of R. John Taylor, Connie Henderson, James Beck, Mike Cashman. JoLee Duclos, CropUSA, CropUSA Insurance Services, AIA Services, AIA Insurance, Weskan Agency, Reinsurance Partners, Growers National Cooperative, PERC, Pacific Empire Communications Corp., Pacific Empire Holdings, Green Leaf or any entity partially or wholly owned by any Defendant (including R. John Taylor).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way"

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 148

to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 149

**REQUEST FOR PRODUCTION NO. 108:** Produce all documents that are in your possession, custody or control that relate in any way to the attorneys' fees, expert fees, costs and expenses incurred by you, or on your behalf, for any litigation involving any one or more of the Defendants (including, without limitation, copies of all billing records and statements), including as to all such expenses incurred in *GeinCap Lending I, LLC v. CropUSA Insurance Agency, Inc., el al.* (filed in U.S. District Court in California).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of

privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 109:** To the extent that you deny any of the allegations in the Third Amended Complaint in this lawsuit (and any allegations in any subsequently amended complaint in this lawsuit) and such denials are supported by any documents, produce all documents that are in your possession, custody or control that support your denials of such allegations.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 151

documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 110:** Produce all documents that are in your possession, custody or control that relate in any way to all sums borrowed and owed to CropUSA, and all payments to CropUSA (including the present balance and all payments made pursuant to the terms of any Settlement Agreement) and/or any assets assigned or transferred to CropUSA.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals.

CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 153

**REQUEST FOR PRODUCTION NO. 111:** Produce all documents that are in your possession, custody or control that relate in any way to any and all settlement agreements or any other agreements or financial arrangements entered into in connection with *CropUSA Lending I, LLC v. CropUSA Insurance Agency, Inc., et al.* (filed in U.S. District Court in California), including, without limitation, all information relating to the calculation of all fees, costs, penalties, interest and the balance owed under the terms of any Settlement Agreement.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of

privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 112:** Produce all documents that are in your possession, custody or control that have been produced, obtained by you from any source, or provided to you involving any dispute, threatened litigation, or actual litigation involving any one or more of the Defendants or arising as a result of the subject matter of any transactions, agreements, guarantees or loans with any one or more of the Defendants (these include documents produced in litigation with you and litigation directed or tiled against other parties by way of any Settlement Agreements), including, without limitation, *CropUSA Lending I, LLC v. (Marks & Brady, et al.* (filed in U.S. District Court in California), *CropUSA Lending I, LLC v. CropUSA, et al.* (filed in U.S. District Court in California), *CropUSA v. AIA Services (imp., et aL (filed* in Nez Perce County District Court in Idaho), *Durant, et al. v. CropUSA Lending I, LLC* (filed in Nez Perce County District Court in Idaho), *CropUSA Lending I, LLC v. Scottsdale Indemnity Co.* (pending in U.S. District Court in California), *Missouri Crop, LLC, et al v. CGB Diversified Services, Inc., et al.* (filed in U.S. District Court in Missouri), and *Church Crop Insurance Services, Inc. v. CGB Diversified Services, Inc., et al.* (now pending or near judgment in the Polk County District

Court in Iowa (and applying to the same lawsuit during the time it was removed to U.S. District Court in Iowa))).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in

several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 113:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to communications involving any dispute, threatened litigation, or actual litigation involving one or more of the Defendants, or arising as a result of the subject matter of any transactions, agreements, guarantees or loans with any one or more of the Defendants (these include documents produced in litigation with you and litigation directed or filed against other parties by way of any Settlement Agreements), including, without limitation, *CropUSA Lending I, LLC v. Quarles & Brady, et at* (filed in U.S. District Court in California), *CropUSA Lendingl, LLC v. CropUSA, et al* (filed in U.S. District Court in California), *CropUSA v. AIA Services Corp., et al.* (filed in Nez Perce County District Court in Idaho), *Durant, et at v. CropUSA Lending I, LLC* (filed in Nez Perce County District Court in Idaho), *GetnCap Lending I, LLC v. Scottsdale Indemnity Co.* (pending in U.S. District Court in California), *Missouri Crop, LLC, et at v. CGB Diversified Services, Inc., et al.* (filed in U.S. District Court in Missouri), and *Church Crop Insurance Services, Inc. v. CGB Diversified Services, Inc., et al.* (now pending or near judgment in the Polk County District Court in Iowa (and applying to the same lawsuit during the time it was removed to U.S. District Court in Iowa))).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any

claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 158

**REQUEST FOR PRODUCTION NO. 114:** Produce all documents that are in your possession, custody or control that pertain or relate in any way to any discovery requests and documents produced or obtained in any litigation involving one or more of the Defendants or arising as a result of the subject matter of any transactions, agreements, guarantees or loans with any one or more of the Defendants (these include documents produced in litigation with you and litigation directed or filed against other parties by way of any Settlement Agreements), including, without limitation, *CropUSA Lending I, LLC v. Quarles & Brady. et at* (filed in U.S. District Court in California), *CropUSA Lendingl, LLC v. CropUSA. et at* (filed in U.S. District Court in California), *CropUSA v. ALI Services Corp., et at* (filed in Nez Perce County District Court in Idaho), *Durant, et al. v. CropUSA Lending I, LLC* (filed in Nez Perce County District Court in Idaho), *CropUSA Lending I, LLC v. Scottsdale Indemnity Co.* (pending in U.S. District Court in California), *Missouri*

*Crop, LLC, et al. v. COB Diversified Service& Inc, et al.* (filed in U.S. District Court in Missouri), and *Church Crop Insurance Services, Inc. v. COB Diversified Services, Inc., et al.* (now pending or near judgment in the Polk County District Court in Iowa (and applying to the same lawsuit during the time it was removed to U.S. District Court in Iowa))).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use

(*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 115:** Produce all documents that pertain or relate to any due diligence that you conducted in connection with the Settlement Agreement, together with all Assignments and other instruments or agreements (including any later executed or amended agreements or instruments) executed in connection with that Settlement Agreement, a copy of which was filed and is found in the records of this lawsuit on pages 21-48 of Docket Number 128 (including, all communications relating in any way to that Settlement Agreement).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 116:** Produce all documents that pertain or relate in any way to the Settlement Agreement, together with all Assignments and other instruments or agreements executed in connection with that Settlement Agreement, a copy of which was filed and is found in the records of this lawsuit on pages 21-48 of Docket Number 128 (including any previously executed, subsequently executed or amended agreements or instruments), including, without limitations, all communications relating in any way to any such settlement agreements.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets,

which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 117:** Produce all documents that pertain or relate in any way to the due diligence (including any communications) conducted by you or any other Defendant or party (including Mel Gilbert) regarding the loans with CropUSA, guarantees with CropUSA, and any other agreement or instrument involving CropUSA.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408)

and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 118:** Produce all documents that pertain or relate in any way to any audits, or similar investigations, conducted for any Defendant from 1993 through and until the conclusion of this lawsuit (this request includes any audits conducted by CropUSA or any agent or third-party at the request of CropUSA).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way"

to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 165

**REQUEST FOR PRODUCTION NO. 119:** Produce all documents that pertain or relate to any credit applications, credit reports, tax returns, financial statements and other information that you provided, received, or obtained from any source for, pertaining to any loans that you obtained, any guarantees that you provided, or any settlements as to any person or party from 1993 through and until the conclusion of this lawsuit (including the loans, guarantees and/or settlements involving CropUSA).

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408) and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 166

privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

**REQUEST FOR PRODUCTION NO. 120:** Produce all documents that are in your possession, custody or control that you have not produced in response to any other Requests for Production that pertain or relate in any way to ALA Services, AIA Insurance, Growers National Cooperative, Pacific Empire Holdings, Green Leaf, Reinsurance Partners, Hudson Insurance, Diversified Services, Crop USA, Crop USA Insurance Services, Pacific Empire Communications Corp., Great American, Trustmark, any other insurer, or any of the other Defendants from 1993 through and until the conclusion of this lawsuit.

**RESPONSE:** In addition to its General Objections, CropUSA objects to this Request as vague, burdensome, and overly broad, as it seeks "all" documents that "relate" or "pertain" "in any way" to communications, documents, and/or records of CropUSA to other entities or individuals. CropUSA also objects that this Request is overly broad and seeks documents not relevant to any claim or defense in this case and not proportional to the needs of the case. CropUSA further objects to this Request because it seeks documents protected by the attorney-client privilege or the work product doctrine. CropUSA further objects to this Request because it seeks documents containing settlement communications that are protected from disclosure or use (*see* F.R.E. 408)

and thus are not discoverable, are not relevant to any claim or defense in this case, and are not proportional to the needs of the case. CropUSA further objects to this Request as seeking documents containing private information about third parties, whose privacy interests CropUSA is obligated to protect.

CropUSA further objects to this Request as seeking documents containing confidential and proprietary information about CropUSA, including sensitive financial information or trade secrets, which, if otherwise discoverable, must be produced in accordance with an appropriate confidentiality order. Given the breadth of this Request, CropUSA further objects to it as burdensome. CropUSA further objects to this Request as harassing because it seeks disclosure of privileged information or work product; because it is unreasonably cumulative and duplicative of other requests; and because it is so broad that it could be interpreted to require production of documents that are irrelevant and not proportional to the needs of the case. Lastly, CropUSA objects to this Request as the requested documents have been provided to Plaintiff's counsel in several other cases including but not limited to *Taylor v. Bell*, which is currently set for trial in January, 2018.

Subject to and without waiving those objections please see the electronic link provided to you via email containing discovery documents.

Dated this 8th day of November , 2017.

_____
Martin Martelle
Attorney

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 168

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 8th day of November, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Roderick Cyr Bond:        rod@roderickbond.com

James D LaRue:    jdl@elamburke.com, sd@elamburke.com

Jeffrey A Thomson:    jat@elamburke.com, nlp@elamburke.com

Loren C Ipsen:    lci@elamburke.com, nlp@elamburke.com

Martin J. Martelle:    attorney@martellelaw.com

Vanessa Ann Mooney:    vanessa@martellelaw.com

Alyson Anne Foster:    aaf@aswblaw.com, cme@aswblaw.com, kkp@aswblaw.com, lmk@aswblaw.com, mar@aswblaw.com, tie@aswblaw.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated: addressed as follows (sent by email to John Taylor on November 8, 2017):

AIA Services Corporation
P.O. Box 538
Lewiston, ID  83501

AIA Insurance, Inc.
P.O. Box 538
Lewiston, ID  83501

        _____*/s/Martin Martelle*_____
        Martin Martelle
        Attorney

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO CROPUSA INSURANCE AGENCY - 169