RODERICK C. BOND, ISB NO. 8082
RODERICK BOND LAW OFFICE, PLLC
601 108th Ave. NE, Suite 1900
Bellevue, WA 98004
Telephone: (425) 591-6903
Fax: (425) 321-0343
Email: rod@roderickbond.com
Attorney for the Plaintiff Dale L. Miesen

UNITIED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.;<br><br>Plaintiff,<br><br>v.<br><br>CONNIE TAYLOR HENDERSON, an individual; JOLEE K. DUCLOS, an individual; HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; D. JOHN ASHBY, an individual; RICHARD A. RILEY, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual; R. JOHN TAYLOR, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC.; an Idaho corporation; CROP USA INSURANCE SERVICES, LLC; an Idaho limited liability company; and GEMCAP LENDING I, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 1:10-cv-00404-DCN-CWD<br><br>DECLARATION OF RICHARD T. McDERMOTT IN SUPPORT OF PLAINTIFF DALE L. MIESEN'S MOTION TO CONTINUE THE HAWLEY TROXELL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Dkt. 388] |

DECLARATION OF RICHARD T. McDERMOTT - 1

**Exhibit - B**

| | |
|---|---|
| CROP USA INSURANCE AGENCY, INC., an Idaho corporation; CONNIE TAYLOR HENDERSON, an individual; JOLEE DUCLOS, an individual; R. JOHN TAYLOR, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual, <br><br>      Defendants/Third-Party Plaintiffs, <br><br>    v. <br><br> REED TAYLOR, an individual, <br><br>      Third-Party Defendant. | |
| REED TAYLOR, an individual, <br><br>      Third-Party Defendant/ Counterclaimant, <br><br>    v. <br><br>CONNIE TAYLOR HENDERSON, an individual; R. JOHN TAYLOR, an individual; JAMES BECK, an individual, and UNKNOWN BONDING COMPANY, an unknown entity that issued the unknown fidelity ERISA Bond, <br><br>      Counterdefendants. | |
| GEMCAP LENDING I, LLC, a Delaware limited liability company, <br><br>      Defendant/Third-Party Plaintiff, <br><br>    v. <br><br>QUARLES & BRADY, LLP, a Wisconsin limited legal partnership; and CRUMB & MUNDING, P.S., a Washington professional service corporation, <br><br>      Third-Party Defendants. | |

DECLARATION OF RICHARD T. McDERMOTT - 2

**Exhibit - B**

I, Richard T. McDermott, declare:

1.    I am over the age of eighteen and am competent to testify in court, including as to the matters set forth in this declaration. This declaration and my opinions herein are based on personal knowledge, education, training, and experience.

2.    In 1962, I received a B.A. from Marquette University. In 1966, I obtained a J.D. from Fordham University School of Law.

3.    In 1967, I was admitted to practice law in the State of New York. I am presently in good standing and licensed to practice law in the State of New York. I have been admitted to practice law in New York for over 50 years. I am also a member of the New York State Bar Association Securities Regulation Committee.

4.    From 1966 through 1990, I was an Associate and Partner with the law firm of Alexander & Green/Walter Conston Alexander & Green (the firms combined). From 1990 through 2004, I was a Partner of Rogers & Wells/Clifford Chance LLP (the firms merged in 2000). While at that firm, I chaired the Legal Personnel Committee, and was responsible for the training, development, evaluation and advancement of associate attorneys and counsel, as well as being involved in the partner selection process.

5.    From 2000 through the present time, I have been an Adjunct Professor at Fordham University School of Law. From 1980 through 1998, I was an Adjunct Professor at New York University School of Law. In both positions, I taught law school classes on the Legal Aspects of Corporate Finance, and covered such subjects as debentures, indentures, preferred stock, convertible securities, dividends and stock repurchases as well as third party opinions in corporate transactions.

DECLARATION OF RICHARD T. McDERMOTT - 3

**Exhibit - B**

6. I am the co-author of Chapters 1 and 2 (Introduction and Elements of Opinion Letters, respectively) and author of Chapter 3 (Legal Opinions on Corporate Matters) of the Treatise: *LEGAL OPINION LETTERS A Comprehensive Guide to Opinion Practice* (Third Edition). I have been a member of the TriBar Opinion Committee for 28 years. The TriBar Opinion Committee is a nationally recognized committee that publishes Reports on various aspects of opinion practice.

7. I am the author of *Legal Aspects of Corporate Finance* (5th ed. 2013) and a 2017 Supplement thereto which is published by LexisNexis Carolina Academic Press. It is my understanding that the book has been used at approximately twenty-two law schools. I have authored other articles and materials (including a Teacher's Manual for *Legal Aspects of Corporate Finance*).

8. In 1988, I was a visiting lecturer at Monash University in Melbourne, Australia and the University of Adelaide, Australia, Corporate and Business Law Centre. In 1999, I co-lectured with former Delaware Chancellor William Allen and James Fuld, author of *Legal Opinions In Business Transactions - An Attempt to Bring Some Order Out of Some Chaos*, 28 Bus. Law. 915 (1973), on the Law and Business of Investment Banking at the New York University Center for Law and Business.

9. From 2009 through the present time, I have served as a Special Master for the New York State Supreme Court Appellate Division, First Department. In that regard, I read the briefs submitted to me, obtain relevant documents and filings, attend hearings from time to time, evaluate the parties' positions, and assist in mediating the cases.

10. I have extensive experience in the area of corporate governance of privately held and publicly traded corporations (including Fortune 500 companies), providing legal advice to

DECLARATION OF RICHARD T. McDERMOTT - 4

Exhibit - B

Boards of Directors in matters involving significant transactions, corporate governance, derivative and class action shareholder suits, the payment of directors' expenses (including attorneys' fees), and related matters. I also have extensive experience with the preparation of: proxy statements, Reports to the Securities and Exchange Commission, reports to shareholders, disclosures to shareholders, notices of shareholder meetings, shareholder resolutions, notices of board meetings, and board resolutions. I also have extensive experience in reviewing and interpreting certificates/articles of incorporation, bylaws, shareholder agreements, notices to shareholders, shareholder resolutions, notices to board members and board resolutions; and ensuring that shareholder resolutions and board resolutions comply with a corporation's certificate/ articles of incorporation, bylaws, and applicable restrictions under statutory and common law. I have experience advising the boards of directors of corporations in transactions, including, the board of directors of Fortune 500 companies.

11. I have extensive experience in domestic and international corporate finance, mergers and acquisitions, tender offers, strategic alliances and bankruptcy reorganizations.

12. My experience in corporate law also includes, purchases and redemptions by a corporation of its own shares (and formulating and evaluating proposals therefor) from both substantial shareholders and the investing public in issuer tender offers and open market transactions, strategic alliances, going private transactions, bankruptcy reorganizations, the legal and equitable theories of piercing the corporate veil and alter-ego (as well as taking appropriate corporate action to prevent such claims), and other general corporate matters.

13. I have practiced corporation and securities law for more than 35 years. I have represented domestic and international acquiring and acquired clients in mergers and acquisition transactions involving acquisition amounts from less than $1 million to more than $1 billion.

DECLARATION OF RICHARD T. McDERMOTT - 5

Exhibit - B

Included in that work was the participation in and supervision of others with respect to pre-transaction due diligence and the rendering of reports pertaining to pre-transaction due diligence.

14. I also have extensive experience in representing my firm's corporate clients in various litigation matters, including, without limitation, experience addressing conflicts of interest in litigation, all aspects of litigating cases, trying cases and appealing cases.

15. I also have experience serving on the boards of directors of a privately held corporation and a charitable foundation.

16. I was retained by Roderick Bond Law Office, PLLC to be an expert in this lawsuit. Specifically, I have been retained to provide expert testimony in this lawsuit regarding various matters pertaining to the defendants.

17. I have previously been retained as an expert witness for Roderick Bond Law Office, PLLC in other related cases, consequently I am very familiar with many of the facts and legal issues in the instant stockholder's derivative suit.

18. I have reviewed and am familiar with the pertinent and applicable Sections of Idaho Code, the Idaho Rules of Professional Conduct, and the Bar Commission Rules. I have also reviewed and am familiar with pertinent and applicable Idaho case law, together with applicable treatises (e.g., Fletcher) and case law and other authorities from other state and federal jurisdictions.

19. I have reviewed with the articles of incorporation and amendments thereto and the bylaws and amendments thereto of AIA Services Corporation ("AIA Services") and AIA

DECLARATION OF RICHARD T. McDERMOTT - 6

Exhibit - B

Insurance, Inc. ("AIA Insurance").[1]

20. I have reviewed thousands of pages of filings (including complaints, answers, motions, declarations, opinions and orders, etc.) and documents produced in discovery (including deposition transcripts and exhibits) in various lawsuits that Mr. Bond has provided to me, including, without limitation, filings and discovery from: (a) *Reed Taylor v. AIA Services Corp., et al.*, Nez Perce County District Court Case No. CV-07-00208; (b) *Donna Taylor v. AIA Services Corp., et al.*, Consolidated Nez Perce District Court Case Nos. CV-08-1150 and CV-13-1075; (c) *Donna Taylor v. AIA Services Corp.*, Nez Perce County District Court Case No. CV-09-02470; (e) *Reed Taylor v. Riley, et al.*, Ada County District Court Case No. CV-OC-0918868; (f) *Taylor v. Babbitt, et al.*, Nez Perce County District Court Case No. CV-08-01765; (g) *AIA Services Corp. v. Durant, et al.*, Nez Perce County District Court Case No. CV-12-01483; and (h) *Reed Taylor v. Bell, et al.*, King County Superior Court Case No. 12-2-10803-0-SEA. The common thread in all of the foregoing cases is that they all involve improper conduct by the Controlling AIA Defendants, among other parties. As a side note, it appears that the Hawley Troxell Defendants are seeking to taint Mr. Bond or the Plaintiff Miesen because of the number of lawsuits that have been filed (some of which were filed by Mr. Bond or his firm and some of which were not). It is the facts and conduct of the various defendants that led to the filing of the above-referenced lawsuits. As Mr. Bond has stated at open hearings, one just cannot make up what has transpired here. As I previously testified (Dkt. 194-6 at ¶ 21), "[i]n all my years of practice and experience, I have never seen such wide-spread corporate malfeasance and inappropriate conduct as was committed by the defendants

---

[1] When referring to amendments to the bylaws, I am not conceding that the more recently alleged amendments to the bylaws of AIA Services and AIA Insurance to provide for the payment of costs in unsuccessful derivative lawsuits were properly or lawfully adopted. Indeed, they were not for reasons that I will not address now.

DECLARATION OF RICHARD T. McDERMOTT - 7

**Exhibit - B**

in this lawsuit and/or covered up by them as demonstrated by the documents that I have reviewed."

21. I have also reviewed certain filings and documents from two cases filed in U.S. District Court, Central District of California, Western Division: (a) *GemCap Lending I, LLC v. Quarles & Brady, et al.*, Case No. 2:14-cv-07937-RSWL-E; and (b) *GemCap Lending I, LLC v. CropUSA Insurance Agency, Inc., et al.*, Case No. 2:13-cv-05504-SJO-MAN.

22. I have also reviewed most of the filings in this case, including, without limitation, the Hawley Troxell Defendants' Motion for Summary Judgment and all filings pertaining to that Motion (including, the Declarations of D. John Ashby and Richard A. Riley and the exhibits attached thereto). I am familiar with the pending discovery disputes, including, without limitation, the pending disputes regarding the waiver of privilege and the necessity of obtaining the privileged documents as well as the previously privileged documents and work product that were waived and produced in the litigation in *GemCap Lending I, LLC v. Quarles & Brady*.

23. When I refer to the "Hawley Troxell Defendants" below, I mean Messrs. Riley, Babbitt and Ashby (the three named Hawley Troxell attorney defendants), any other attorneys who provided applicable legal services (there were others) and the law firm of Hawley Troxell Ennis & Hawley LLP.

24. When I refer to "aiding and abetting" below, I mean *inter alia* to "counsel or give substantial assistance, or encouragement to the accomplishment of a legal wrong, or to knowingly and substantially assist in the covering up or obfuscation of the same

**INFORMATION REQUIRED**

25. As I previously testified (Dkt. 194-6), I will be prepared to render opinions as to the breaches of fiduciary duties and related conduct of each of the defendants in this lawsuit (including the Hawley Troxell Defendants), together with opinions regarding proximate

causation.[2]

26. As a preliminary matter, I need to examine the privileged information and communications involving AIA Services, AIA Insurance and CropUSA Insurance Agency to fully and fairly prepare my opinions. Mr. Miesen is asserting derivative claims of breach of fiduciary duties and other torts against the Hawley Troxell Defendants and others for acts and omissions, including as those torts relate to litigation. As I am sure this Court is well aware, attorney-client privilege is generally always waived upon the filing of a lawsuit by a client against an attorney. It would be unfair to Mr. Miesen if he is not allowed the use of the same privileged information and work product that AIA Services or AIA Insurance would have been permitted to use had they been directly pursuing their claims against the Hawley Troxell Defendants. Likewise, the Controlling AIA Defendants have asserted advice of counsel as defenses, which separately makes it necessary for me to have access to all attorney-client privileged communications and advice.

27. While this case may appear quite to be complex and, indeed, is quite complex in various aspects, the general theme of what has transpired is quite simple with respect to the Hawley Troxell Defendants. By analogy, in my opinion , the Hawley Troxell Defendants' representation of AIA Services, AIA Insurance and CropUSA Insurance Agency in *Reed Taylor v. AIA Services*[3] and accepting litigation decisions or purported conflict waivers from John Taylor or any of the other conflicted insiders, would be no different than an attorney agreeing to represent a bank and the bank president when that bank president participated in stealing the banks money (or agreeing to represent only the bank and allowing that same president to make the decisions for the

---

[3] While Michael McNichols of Clements Brown & McNichols initially represented AIA Services, AIA Insurance and John Taylor in that lawsuit, he promptly withdrew from representing AIA Services and AIA Insurance.

DECLARATION OF RICHARD T. McDERMOTT - 9

**Exhibit - B**

litigation) in a lawsuit brought by a customer seeking to recover his funds that were stolen by the president of the bank. The attorney, and a lawfully operated bank, would of course want to be taking legal action against the president and working with the customer to seek recovery of the stolen funds. Applying this analogy here, the Hawley Troxell Defendants should have been seeking on behalf of AIA Services or AIA Insurance to recover their money, property, and other assets from CropUSA Insurance Agency, John Taylor and the other responsible Controlling AIA Defendants rather than representing them all or allowing any of them to make litigation decisions for AIA Services or AIA Insurance.

28.     With the analogy in the preceding paragraph in mind, in order to consider and prepare complete and detailed opinions in response to the Hawley Troxell Defendants' pending Motion for Summary Judgment, I need as much of the additional documents and testimony as possible (including the resolution of any privileged disputes and the production of all such documents to the extent that privilege was waived or is deemed to not apply). Specifically, based on my present knowledge of those facts and documents that I have learned through the wide-spread litigation detailed above, the resolution of some or all of the pending discovery disputes in favor of Mr. Miesen and the taking of additional depositions after those disputes are resolved will likely reveal additional material facts necessary for the preparation and submission of my opinions, including, without limitation, the following information:

    a.     If this Court rules that privilege and/or work product has been waived in full or in part under one or more of the legal theories that the Plaintiff will assert in the pending discovery disputes, those communications and/or work production would be very important for me to consider and evaluate in the formulation of my opinions. I also believe that such information would likely further support my opinions that the Hawley Troxell Defendants

DECLARATION OF RICHARD T. McDERMOTT - 10

**Exhibit - B**

breached the fiduciary duties they owed to AIA Services and AIA Insurance and/or were aiding and abetting the Controlling AIA Defendants in the commission of breaches of their fiduciary duties to, and other torts against, AIA Services and AIA Insurance.

      b.      Although it is unlikely that the Hawley Troxell Defendants properly demanded, as a condition of their representation of AIA Services, AIA Insurance and CropUSA Insurance Agency in *Reed Taylor v. AIA Services Corp., et al.,* that John Taylor make full disclosure to the disinterested minority shareholders of AIA Services in order to obtain a vote authorizing any conflicts of interest waivers or other litigation decisions because, based on the documents and testimony that I have reviewed, no such disclosure or votes were ever submitted to, or obtained from, the shareholders of AIA Services. The depositions of Richard Riley, D. John Ashby and Gary Babbitt and any other responsible Hawley Troxell attorney(s) will likely confirm that this is the case, and that they did not obtain valid authorization for any representation agreements or conflicts waivers. Moreover, because the Hawley Troxell Defendants and the Controlling AIA Defendants have refused to produce all of the billing records for AIA Services and AIA Insurance, it is impossible to determine what attorneys were involved in purportedly obtaining any conflicts waivers. Until the documents are produced, and the depositions are taken to discover the names of the attorneys who purportedly sought and obtained any alleged conflict waivers, it is impossible to know with certainty the names of such attorney(s).

      c.      With respect to *Reed Taylor v. AIA Services Corp.*, it became apparent in that case that in fact Crop USA had been wrongfully taken from AIA Services and thus the Hawley Troxell Defendants' work on behalf of Crop USA in connection with its contemplated Regulation A and Private Placement Offerings had assisted the Controlling AIA Defendants

DECLARATION OF RICHARD T. McDERMOTT - 11

Exhibit - B

in unlawfully confiscating Crop USA from a client of the Hawley Troxell Defendants. The resolution of the discovery disputes and the obtaining of deposition testimony of the Hawley Troxell Defendants will likely reveal that they failed to insist that AIA Services be appropriately compensated for the damages it sustained as a result of such wrongdoing

      d.     As to the receiver action filed by Donna Taylor, she was demanding that (i) her right to have a person appointed to the board of directors of AIA Services be honored (a right provided under AIA Services' amended articles of incorporation) and (ii) the court appoint a receiver for AIA Services to protect its interests. The documents and depositions will likely establish that the Hawley Troxell Defendants improperly refused to insist that Donna Taylor's designee to be appointed and to participate in board meetings.

      e.     Mr. Ashby asserts in his declaration that "Hawley Troxell carefully considered whether such representation could be undertaken in accordance with the applicable Idaho Rules of Professional Conduct and concluded that, with carefully designed disclosures, informed client consents to waive conflicts, and tolling agreements among the Defendants, such representation and joint defense arrangements were proper." *See* Dkt. 389 at 4 ¶ 5. The resolution of the pending discovery disputes and the depositions of Riley, Ashby and Babbitt will likely result in obtaining confirmation that no proper or authorized consents were obtained and that John Taylor, Connie Taylor Henderson, and James Beck all had conflicts of interest that prevented them from consenting or waiving any conflicts of interest or approving any joint defense.

      f.     The Hawley Troxell Defendants assert in their motion and declarations that they allegedly had no "contemporaneous" knowledge of many of the transaction identified and/or addressed in their Statement of Undisputed Material Facts and Memorandum in Support

DECLARATION OF RICHARD T. McDERMOTT - 12

**Exhibit - B**

of Motion for Summary Judgment. The favorable resolution of the pending discovery disputes and/or the obtaining of the deposition testimony from the Hawley Troxell Defendants will likely reveal that "contemporaneous" means only at the time of the transactions, not after those transactions and that, at a minimum, the deposition testimony will likely reveal that the Hawley Troxell Defendants became aware of those improper transactions and failed to address them with the highest disinterested constituencies of AIA Services.

    g. Since Mr. Riley conceded in his declaration that he assisted in preparing John Taylor's Executive Officer's Agreement and certain of AIA Services' amended articles of incorporation, the resolution of the discovery disputes and the deposition of Mr. Riley (and likely others) will likely establish that Mr. Riley had knowledge of the above instrument(s) and the significant obligations under them, yet he and other Hawley Troxell Defendants proceeded to acquiesce in violations of those instrument(s).

h. As to the 2006 Hawley Troxell opinion letter, the resolution of the discovery disputes and the obtaining of deposition testimony of Riley and/or other Hawley Troxell Defendants will likely reveal that they knew, or should have known, that rendering the opinion letter was a breach of their fiduciary duties owed to AIA Services and AIA Insurance because, among other things, the guarantee of the loan addressed by the opinion letter violated AIA Services' amended articles of incorporation since AIA Services and its subsidiaries (including AIA Insurance) were barred from guaranteeing any loans other than certain exceptions which did not apply (e.g., CropUSA Insurance Agency was not a wholly owned subsidiary of AIA Services in 2006). As to the Hawley Troxell Defendants' argument that AIA Services and AIA Insurance were not harmed, the pending discovery and depositions will reveal that the bulk of the book of business sold by CropUSA Insurance Agency to Hudson Insurance Company to

DECLARATION OF RICHARD T. McDERMOTT - 13

satisfy that loan were assets that should have belonged to AIA Services or AIA Insurance and should have been paid to them or utilized for their benefit.

      i.      With respect to the Hawley Troxell Defendants' assertion that the doctrine of judicial estoppel applies to such matters as the Underlying Case, Donna Taylor's Receivership Case and the ULIC Receivership Case, the additional discovery, the resolution of the discovery disputes and the taking of depositions will likely reveal that (i) the positions taken therein by the unfaithful management of AIA Services and AIA Insurance were in fact inimical to the true interests of those corporations and (ii) in a number of respects those corporations not only did not benefit from the results obtained in those proceedings but in fact were severely harmed thereby.

      j.      The additional discovery, the resolution of the discovery disputes and the taking of depositions will also likely reveal that, with respect to a number of matters that are the subject of this derivative action on behalf of AIA Services and AIA Services, the decisions and instructions of the unfaithful management of those corporations were not in this context those of the " highest authority" of Hawley Troxell Defendants' clients and thus should not have been abided, followed or accepted by the Hawley Troxell Defendants. As one example, in Donna Taylor's Receivership Case, such Defendants should have disregarded the instructions of such unfaithful management and insisted that AIA Services join in the application for the appointment of a Receiver to safeguard AIA Services' assets, business and revenue.

      k.      In connection with the formulation of the opinions I will be rendering herein, I will also need to examine all of the documents furnished to the expert retained by Quarles & Brady in the litigation commenced by GemCap Lending I, LLC against that law

DECLARATION OF RICHARD T. McDERMOTT - 14

**Exhibit - B**

firm.

l. The above are just a few specific examples. The additional discovery, the resolution of the discovery disputes and the taking of depositions will enable me to fully and fairly prepare my opinions as to the breaches by the Defendants herein of their various duties owed to AIA Services and AIA Insurance and/or the concealment of facts from AIA Services and its innocent minority shareholders (including the aiding and abetting the applicable Controlling AIA Defendants' breach of fiduciary duties) as to the matters identified in Sections 5, 6, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 31, 32, 33, 34, 36, 38, 39, 40 and/or 41 of the Hawley Troxell Defendants' Statement of Material Undisputed Facts and the corresponding arguments in Hawley Troxell Defendants Memorandum of Law in Support of Summary Judgment. At that time, I expect to be able to fully address any inconsistencies or concealments by Mr. Riley or other Hawley Troxell Defendants, including, without limitation, as those issues may apply to the fraudulent concealment prong of the statute of limitations.

29. Lastly, I understand that Mr. Bond was forced to move the depositions of Messrs. Riley, Babbitt and Ashby to July 16, 17 and 18, respectively, because Loren Ipsen objected to not receiving the formal notices of depositions within fourteen days of the deposition dates (though I understand that Mr. Ipsen and other counsel were provided with email notification of the deposition dates more than fourteen days prior to the deposition dates). I had planned on attending those depositions. However, I am not available on July 16-18. As a result, I am separately respectfully requesting that this Court grant the continuance requested by Mr. Miesen. I am also respectfully requesting additional time so that I can review and consider the final deposition transcripts and exhibits in order to fully consider and incorporate them into my opinions to be submitted with respect to the conduct of the Hawley Troxell Defendants.

DECLARATION OF RICHARD T. McDERMOTT - 15

**Exhibit - B**

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA AND THE STATE OF IDAHO THAT THE FOREGOING IS TRUE AND CORRECT.

| | |
|---|---|
| *July 2, 2016, New York, New York* | */s/ Richard T. McDermott* |
| Date and City and State Signed | Richard T. McDermott |

DECLARATION OF RICHARD T. McDERMOTT - 16

**Exhibit - B**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 2nd day of July 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

James D. LaRue:     jdl@elamburke.com, sd@elamburke.com

Jeffrey A. Thomson:     jat@elamburke.com, nlp@elamburke.com

Loren C. Ipsen:     lci@elamburke.com, nlp@elamburke.com

Alyson Anne Foster:     aaf@aswblaw.com, cme@aswblaw.com, kkp@aswblaw.com, lmk@aswblaw.com, mar@aswblaw.com, tie@aswblaw.com

Benjamin A. Schwartzman:     bas@aswblaw.com, cme@aswblaw.com, jsd@aswblaw.com, kcr@aswblaw.com, lmk@aswblaw.com, mah@aswblaw.com, tie@aswblaw.com

Martin J. Martelle:     attorney@martellelaw.com, vanessa@martellelaw.com

Vanessa A. Mooney:     vanessa@martellelaw.com

Markus William Louvier:     mlouvier@ecl-law.com, byesland@ecl-law.com

James B King:     jking@ecl-law.com

Jack S Gjording:     jgjording@gfidaholaw.com, ktonkin@gfidaholaw.com

Stephen Lee Adams:     sadams@gfidaholaw.com

Fanxi Wang:     fwang@birdmarella.com, mhicks@birdmarella.com

Mark T. Drooks:     mdrooks@birdmarella.com, mhicks@birdmarella.com

Peter L Steinman     psteinman@mrllp.com

Tyler Scott Waite:     twaite@campbell-bissell.com

Michael Scott Bissell:     mbissell@campbell-bissell.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following

DECLARATION OF RICHARD T. McDERMOTT - 17

Exhibit - B

non-CM/ECF Registered Participants in the manner indicated: Via first class mail, postage prepaid addressed as follows:

>AIA Services Corporation
>P.O. Box 538
>Lewiston, ID  83501
>
>AIA Insurance, Inc.
>P.O. Box 538
>Lewiston, ID  830501

          */s/ Roderick C. Bond*
          Roderick C. Bond

DECLARATION OF RICHARD T. McDERMOTT - 18

**Exhibit - B**