SANFORD L. MICHELMAN, CSB 179702
smichelman@mrllp.com
WILLIAM E. ADAMS, CSB 153330
wadams@mrllp.com
PETER L. STEINMAN, CSB 144303
psteinman@mrllp.com
STEVEN S. DAVIS, CSB 790129
sdavis@mrllp.com
MICHELMAN & ROBINSON, LLP
10880 Wilshire Boulevard, 19th Floor
Los Angeles, California 90024
Tel: 310.564.2670 / Fax: 310.564.2671

Attorneys for Plaintiff,
GEMCAP LENDING I, LLC

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DISTRICT

| | |
|---|---|
| GEMCAP LENDING I, LLC, a Delaware limited liability company,<br><br>       Plaintiff,<br><br>  vs.<br><br>QUARLES & BRADY, LLP, JAMES GATZIOLIS,<br><br>       Defendants. | CASE NO.  2:14-cv-07937-RSWL-E<br><br>**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN** |

JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

**Exhibit - 2**

Pursuant to Federal Rule of Civil Procedure 26(f)(3) and Local Rule 26-1, Plaintiff GemCap Lending I, LLC ("GemCap") and Defendants Quarles & Brady, LLP, and James Gatziolis (collectively "Quarles") submit the following joint report and discovery plan:

1.  **Rule 26(f) Conference Participants.** The following persons participated by telephone in the October 6, 2015 Rule 26(f) conference:

    a.  Peter L. Steinman and Steven S. Davis of Michelman & Robinson, LLP, counsel for GemCap.

    b.  Mark T. Drooks and Douglas A. Fretty of Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C., counsel for Quarles.

2.  **Initial Disclosures.** The parties will complete the initial disclosures required by Rule 26(a)(1) by November 3, 2015.

3.  **Discovery Plan.** The parties propose the following discovery plan:

    a.  *Discovery sought by GemCap:*

    GemCap believes that deposition and written discovery are needed with respect to the allegations of the Second Amended Complaint and Quarles' Answer to the Second Amended Complaint. The subjects of such discovery include:

    1.  Quarles' involvement in the negotiation and documentation of a Loan and Security Agreement dated November 23, 2011, between GemCap as lender and Crop USA Insurance Agency, Inc. and Crop USA Insurance Services, Inc. (collectively "Crop USA") as borrower in connection with a $5 million revolving loan and related documents, including, but not limited to, a Loan Agreement Schedule of the same date (the "Loan Agreement").

    2.  Quarles' preparation and delivery to GemCap in Santa Monica, California of a November 23, 2011 Legal Opinion Letter ("Legal Opinion Letter"), provided by Quarles to GemCap pursuant to the requirements of the Loan Agreement.

    3.  The truth, accuracy and completeness of the Legal Opinion Letter.

1

JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

**Exhibit - 2**

4. Quarles' communications internally, with Crop USA and with GemCap concerning the Loan Agreement and the Legal Opinion Letter.

5. Quarles' representation of Crop USA, its President, R. John Taylor, and related entities ("Taylor") in litigation between Reed Taylor, on the one hand, and Crop USA and Taylor, on the other hand.

6. Quarles' representation of AIA Insurance, Inc. and AIA Insurance Services Corporation (collectively "AIA") in litigation between AIA and Reed Taylor.

7. Quarles' representation of Crop USA in connection with the sale of its assets to Hudson Insurance Company in or about 2008.

8. Quarles' representation of Hudson Insurance Group as an agent of Crop USA to negotiate a resolution of disputes between Crop USA and Clearwater Insurance Company.

9. Quarles' representation of and/or knowledge concerning Crop USA in connection with any and all contracts that could have a material adverse effect on Crop USA's business, assets, liabilities, financial condition, results of operations or business prospects.

10. Quarles' representation of and/or knowledge concerning Crop USA in connection with Crop USA's payments of cash or other property to any affiliates.

11. Quarles' representation of and/or knowledge concerning Crop USA in connection with the preparation and submission to GemCap of a Borrower's Disclosure Schedule on or about November 22, 2011, as required by the Loan Agreement.

12. Quarles' representation of and/or knowledge concerning Crop USA's entry into an Administrative Agreement in or about January 2009 under which Crop USA was obligated to pay all defense costs of Crop USA's affiliate AIA in connection with litigation with Reed Taylor and related lawsuits.

13. Quarles' representation of or knowledge about Crop USA with respect to Crop USA's use of proceeds of the Loan Agreement ("Loan Proceeds"), including but not limited to, payment of any Loan Proceeds to Quarles.

2
JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

**Exhibit - 2**

14. Quarles' communications with GemCap in connection with the Loan Agreement, including, but not limited to, any encouragement of GemCap by Quarles to enter into the Loan Agreement with Crop USA.

15. Quarles' representation of Crop USA in connection with a Notice of Default issued by GemCap to Crop USA on or about July 16, 2013 pursuant to the Loan Agreement.

16. Defendant Gatziolis' meeting(s) with GemCap in California, or elsewhere, and Gataziolis' or other Quarles' members' communications and representations to GemCap.

17. Defendants' knowledge concerning and representations regarding the collateral pledged to GemCap under the Loan Agreement.

18. The basis for and Quarles' knowledge regarding all statements, representations, and assumptions made in the Legal Opinion Letter and the Borrower's Disclosure Statement, including but not limited to:

   a) The "collateral" pledged to GemCap by Crop USA in the Loan Agreement existed;

   b) Crop USA's rights and/or title to each item of the collateral;

   c) Quarles' knowledge of any allegation or obligation that might result in the termination, revocation, suspension or other material impairment of any license or permit required for the operation of Crop USA's business; and

   d) The disclosure of all material contracts and contractual obligations of Crop USA and payment obligations to affiliates.

   b. *Discovery sought by Quarles:*

Quarles believes that deposition and written discovery are needed with respect to the allegations of the Second Amended Complaint and Quarles' defenses thereto, including without limitation the affirmative defenses provided in Quarles' Answer. The subjects of such discovery include:

1. Due diligence conducted by GemCap in preparation for entering into the November 23, 2011 Loan and Security Agreement with Crop USA;

3

2. GemCap's communications with or regarding Crop USA prior to and in the course of the drafting, preparation, and execution of the November 23, 2011 Loan and Security Agreement;

3. GemCap's communications with or regarding Crop USA regarding enforcement of the November 23, 2011 Loan and Security Agreement;

4. GemCap's communications with or regarding AIA Insurance, Inc. and/or AIA Insurance Services Corp. (collectively, "AIA");

5. GemCap's communications with Melvin Gilbert regarding Crop USA, AIA, or Quarles;

6. GemCap's communications with or regarding Quarles and/or its attorneys with respect to Crop USA and/or the November 23, 2011 opinion letter;

7. GemCap's investigation regarding any of the subject matter referenced in the November 23, 2011 opinion letter from Quarles;

8. GemCap's awareness of the purpose and scope of Quarles' representation of Crop USA;

9. The July 2013 meeting among GemCap, Crop USA, and James Gatziolis;

10. GemCap's enforcement of the November 23, 2011 Loan and Security Agreement against any party, including in the matter of *GemCap Lending I, LLC v. Crop USA Ins. Agency, Inc.*, Case No. CV-13-5504-SJO (MANx);

11. The terms of any covenant, settlement, release, or agreement with any party in the matter of *GemCap Lending I, LLC v. Crop USA Ins. Agency, Inc.*, Case No. CV-13-5504-SJO (MANx); and

12. The nature and extent of GemCap's alleged damages.[1]

---

[1] Quarles considers several factual representations in GemCap's sections of this Report to be inaccurate or to improperly assume facts not established. Notwithstanding that Quarles does not respond in this Report to rebut such representations, Quarles reserves all rights to dispute and correct the factual representations or assumptions made by GemCap herein.

c. *Disclosure or discovery of electronically stored information ("ESI")*

The parties have discussed but have not come to an agreement on ESI protocol. The parties will meet and confer to develop a joint discovery protocol regarding collection and production of electronically stored information and, if necessary, a proposed order on these issues will be submitted to the Court.

d. *Privilege Issues*

i. GemCap's Statement Regarding Privilege Issues:

Quarles' former clients, John Taylor, Crop USA and AIA and its affiliated persons and entities, have waived all attorney-client and work-product privileges to the full extent possible under the law with respect to their representation by Q&B. A copy of the waiver is attached as Exhibit "A." GemCap requests that such waiver be incorporated into the Court's Order.

With respect to a claim of attorney-client privilege or attorney work product regarding any other documents or information, the parties will provide the following:

1. The grounds and authority on which the party relies in withholding the documents or information;
2. For each such document, a statement which sets forth:
   (a) the identity of the author, the parties, and any person who helped prepare the document;
   (b) the title or other identifying data;
   (c) the date of the document, or if no date appears, an estimate thereof;
   (d) a description of the document;
   (e) in summary, the nature and substance of the document;
   (f) the identity and location of each person having or last having possession, care, custody or control of the original

and any copies of the document;

(g) whether, if the document was, but no longer is, in the party's possession or control, what disposition was made of it, including, but not limited to, specifications of:

(i) the name and address of the person who disposed of the document; and

(ii) the date, time, place, mode, or method of the disposal.

ii. Quarles' Statement Regarding Privilege Issues:

Quarles has received a copy of the letter attached as Exhibit A. Quarles will fulfill its discovery obligations to the extent the attorney-client privilege is waived on behalf of John Taylor, Crop USA, and/or AIA. Quarles further expects to exercise all rights to assert any available, relevant privileges including attorney/client, attorney work product, and/or joint defense privileges.

The additional protocols proposed by GemCap regarding records withheld under a claim of privilege or work-product doctrine are premature and unnecessary for the Court to adopt at this stage. The format and content of disclosures of such records should be resolved either by meeting and conferring of the parties or by the Magistrate Judge, as necessary. Quarles will meet and confer with GemCap to develop a proposed protective order if necessary to protect confidential business information and/or information subject to an applicable claim of privilege.

e. *Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery:*

1. May 31, 2016: Written discovery completion date.
2. July 31, 2016: Deposition completion date [except expert depositions].
3. July 31, 2016: Date to exchange expert witness reports.

6
JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

**Exhibit - 2**

1  4. August 15, 2016: Last date for non-expert supplementations under
2  Rule 26(e).
3  5. August 31, 2016: Date to complete expert witness depositions.
4  6. September 30, 2016: Last date for expert witness supplementation
5  under Rule 26(e).

The parties do not believe that particular discovery should be completed before other discovery.

The parties do not request any changes on discovery limitations or that additional limitations be imposed.

**4. Other Items**

a. Pretrial Conference: November 28, 2016.

b. Trial: December 5, 2016. Trial is expected to last 10-12 Court days.

c. Last date for dispositive motions to be heard: September 31, 2016.

d. Final date for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists: Seven days before the Pretrial Conference.

e. The parties agree to engage in private mediation.

f. The parties do not request at this time that the Court issue any other orders under Rule 26(c) or Rule 16(b)(c).

  g. The parties do not believe this case is sufficiently complex that the procedures of the Manual for Complex Litigation should be utilized.

Dated: November 3, 2015  **MICHELMAN & ROBINSON, LLP**

            By: */s/ Peter L. Steinman*
              Peter L. Steinman
              Steven S. Davis
            Attorneys for Plaintiff,
            GEMCAP LENDING I, LLC

Dated: November 3, 2015  **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**

            By: */s/ Mark T. Drooks*
              Mark T. Drooks
              Douglas A. Fretty
            Attorneys for Defendants QUARLES & BRADY, LLP and JAMES GATZIOLIS



**CropUSA**
Insurance

111 Main Street • P.O. Box 538
Lewiston, ID 83501
800-635-1519
208-799-9000
208-746-8159 fax
www.CropUSAinsurance.com

October 16, 2015

James J. Gatziolis
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654

Dear Mr. Gatziolis:

As you know, the law firm of Quarles & Brady, LLP, including you and other persons acting on behalf of or employed by the firm ("the Law Firm"), have represented, through December 2013, numerous related entities through which I have done or do business, including but not limited to CropUSA Insurance Agency, Inc., CropUSA Insurance Services, LLC, AIA Insurance, Inc., AIA Services Corporation, Reinsurance Partners, LLC and Greenleaf Reinsurance Partners, LLC (collectively the "Clients").

Please be advised that on behalf of all the Clients, I hereby expressly waive and relinquish to the fullest extent permissible by law any and all applicable privileges, including but not limited to privileges based on the attorney-client privilege, relating to any legal services provided by the Law Firm to the Clients, or any of them. This waiver is being given with respect to any obligation by the Law Firm to make disclosures or produce discovery in connection with any of the claims now asserted or asserted in the future in the action entitled GemCap v. Quarles & Brady, et al., Case No. 2:14-cv-07937, pending in the United States District Court, Central District of California (the "Action").

Accordingly, I instruct you to the fullest extent possible under any and all applicable laws or rules of professional conduct that the Law Firm shall not object or refuse to provide or produce any disclosures or discovery to GemCap in the Action based on the attorney-client privilege or similar doctrine.

Very truly yours,

John Taylor
cc: William E. Adams,
    Michelman & Robinson, LLP

EXHIBIT A

**Exhibit - 2**