| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.;<br><br>Plaintiff,<br><br>v.<br><br>CONNIE TAYLOR HENDERSON, an individual; JOLEE K. DUCLOS, an individual; HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; D. JOHN ASHBY, an individual; RICHARD A. RILEY, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual; R. JOHN TAYLOR, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC.; an Idaho corporation; CROP USA INSURANCE SERVICES, LLC; an Idaho limited liability company; and GEMCAP LENDING I, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>CROP USA INSURANCE AGENCY, INC., an Idaho corporation; CONNIE TAYLOR HENDERSON, an individual; JOLEE DUCLOS, an individual; R. JOHN | Case No. 1:10-cv-00404-DCN-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

TAYLOR, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual,

  Defendants/Third-Party Plaintiffs,

    **v.**

REED TAYLOR, an individual,

  Third-Party Defendant.

REED TAYLOR, an individual,

    Third-Party Defendant/
    Counterclaimant,

    **v.**

CONNIE TAYLOR HENDERSON, an individual; R. JOHN TAYLOR, an individual; JAMES BECK, an individual, and UNKNOWN BONDING COMPANY, an unknown entity that issued the unknown fidelity ERISA Bond,

    Counterdefendants.

GEMCAP LENDING I, LLC, a Delaware limited liability company,

  Defendant/Third-Party Plaintiff,

    **v.**

QUARLES & BRADY, LLP, a Wisconsin limited legal partnership; and CRUMB & MUNDING, P.S., a Washington professional service corporation,

  Third-Party Defendants.

# I. INTRODUCTION

Third-Party Defendant Crumb & Munding P.S. filed a Motion for Attorney Fees (Dkt. 399) and Third-Party Plaintiff GemCap Lending I, LLC ("GemCap") filed a Status Report regarding its Amended Third-Party Complaint (Dkt. 402). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will address the Motion for Attorney Fees without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons outlined below, the Court finds good cause to refrain from ruling on the motion for attorney fees at this time and permit GemCap to reserve a contribution and/or indemnity claim until after a judgment, if any, is entered against GemCap.

# II. BACKGROUND

Third-Party Plaintiff GemCap filed a Third-Party Complaint against the law firm of Crumb & Munding and the law firm of Quarles & Brady on November 21, 2017. The factual background of the Third-Party Complaint is set forth in the Court's previous Decision. Dkt. 391. The Court incorporates that background in full by reference.

On December 21, 2017, Crumb & Munding filed a Motion to Dismiss. Dkt. 303. Shortly thereafter, Crumb & Munding filed a Motion for Rule 11 Sanctions. Dkt. 362. After the Motions were fully briefed, the Court held oral argument on the Motions. The Court ultimately granted the Motion to Dismiss, finding GemCap had failed to state a claim for indemnity/contribution under either Idaho statutory law or Idaho common law.

Dkt. 391. However, the Court also found it conceivable that GemCap could allege additional facts to cure the deficiencies the Court identified. Therefore, the Court dismissed the Third-Party Complaint without prejudice, but required GemCap—if it wanted to file an amended complaint—to seek leave to amend and submit a copy of its proposed amended complaint within 30 days. *Id.* The Court also denied the Motion for Rule 11 Sanctions. *Id.*

On June 29, 2018, GemCap notified the Court that it was not "seek[ing] leave to amend its Third-Party Complaint at th[at] time." Dkt. 402, at 3. Rather, GemCap stated that "in the unlikely event a judgment is entered against [it] in this action, [it] reserve[d] the right, at that [future] time, to pursue contribution and/or indemnity claims against Crumb & Munding, Quarles & Brady, and/or any other proper party." *Id.* Crumbing & Munding objects to this reservation of rights and asks the Court to dismiss the Third-Party Complaint with prejudice and enter judgment against GemCap. Dkt. 409.

### III. ANALYSIS

*A. Amended Complaint*

Crumb & Munding argues the Court should dismiss the Third-Party Complaint with prejudice and not allow GemCap to assert claims against it later for two main reasons. First, it argues GemCap seeks to "hold[] Crumb & Munding hostage in this litigation." The Court disagrees with this argument. Crumb & Munding is no longer involved in this litigation and GemCap cannot amend its Third-Party Complaint to bring them back in to this case since it did not do so within the required thirty days. Any claim by GemCap against Crumb & Munding for contribution or indemnification will now need

to be asserted, if at all, in a separate action filed after judgment is entered in this case. The validity of the contribution or indemnification claim will be decided in that separate action. Accordingly, Crumb & Munding will not need to monitor this case or incur legal fees in the meantime.

Second, Crumb & Munding argues dismissal is required because GemCap failed to comply with the Court's orders to file an amended complaint within 30 days. Crumb & Munding notes that dismissals are presumptively with prejudice and courts regularly convert dismissals without prejudice to dismissals with prejudice after a plaintiff fails to comply with a court's amendment deadline. It is true that GemCap failed to strictly comply with the Court's instructions and deadline. However, in effect, GemCap's Status Report is simply a notice to Crumb & Munding that GemCap may file an indemnification action after judgment in this case. That indemnification or contribution action will not exist unless and until after GemCap pays on a judgment.

As explained in the previous Memorandum Decision and Order (Dkt. 391), GemCap's only claim against Crumb & Munding is for contribution/implied indemnity, which can be actionable under either common law or Idaho Code section 6-803. This Code section provides in relevant part:

> (5) A party shall be jointly and severally liable for the fault of another person or entity or for payment of the proportionate share of another party where they were acting in concert or when a person was acting as an agent or servant of another party. As used in this section, "acting in concert" means pursuing a common plan or design which results in the commission of an intentional or reckless tortious act.

Idaho Code § 6-803.

In its decision dismissing the Third-Party Complaint, this Court found GemCap had not alleged that it "act[ed] in concert" with Crumb & Munding (in aiding and abetting the AIA Controlling Defendants breaches of their fiduciary duties or in committing fraud). However, the Court also acknowledged that it would be difficult for GemCap to do so without admitting any fault. This remains true. Accordingly, GemCap only wishes to file a complaint—presumably setting forth facts showing it acted in concert with Crumb & Munding—"in the unlikely event a judgment is entered against GemCap in this action." Dkt. 402. At that point (if that occurs), the barriers preventing GemCap from asserting an indemnity/contribution claim will have been removed.

GemCap points out that Idaho law allows a party (such as GemCap) to pursue a claim for contribution or indemnity, where appropriate, after the party has paid an underlying claim, judgment, or settlement—including, for example, after a judgment or settlement is entered. *See, e.g.*, Idaho Code § 6-803(1) ("The right of contribution exists among joint tortfeasors, but a joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof."); *Mountain View Hosp., L.L.C. v. Sahara, Inc.*, No. 4:07-CV-464-BLW, 2011 WL 4962183, at *23 (D. Idaho Oct. 17, 2011) (claims for indemnity accrue for statute of limitations purposes "when the underlying claim, judgment, or settlement is paid or discharged" (quoting *Schiess v. Bates*, 693 P.2d 440, 442 (Idaho 1984)).

For all of these reasons, the Court finds it appropriate to allow GemCap to reassert its contribution/indemnity claims at some point in the future in a new lawsuit if the Court

enters judgment against GemCap in this case. Accordingly, the dismissal will remain without prejudice.

*B. Motion for Attorney Fees*

As this Court's subject matter jurisdiction is based on diversity, Idaho state law applies to Crumb & Munding's request for attorney fees. *Clark v. Podesta*, No. 1:15-CV-00008-CWD, 2017 WL 4855845, at *2 (D. Idaho Oct. 26, 2017) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 34, (1991); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 n. 31 (1975)). Crumb & Munding specifically requests attorney fees under section 12-120(3) of the Idaho Code, which provides as follows:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

Under this section, an award of fees is mandatory if the Court determines Crumb & Munding is the prevailing party. *Scott USA Inc. v. Patregnani*, No. 1:14-CV-00482-BLW, 2015 WL 7013204, at *1 (D. Idaho Nov. 12, 2015) (citing *Merrill v. Gibson*, 87 P.3d 949, 954 (Idaho 2004)). The determination of whether a party is the prevailing party is committed to the discretion of the trial court. *Sanders v. Lankford*, 1 P.3d 823, 826 (Idaho 2000); *see also* I.R.C.P. 54(d)(1)(B).

GemCap does not dispute that section 12-120(3) of the Idaho Code applies in this case. However, GemCap does argue that Crumb & Munding is not a prevailing party

because the Court dismissed its Third-Party Complaint without prejudice.[1] In a concurrence in *Straub v. Smith*, then Chief Justice Eismann definitively declared that "there can be no prevailing party until the merits of the lawsuit have been decided and there is a final judgment." 175 P.3d 754, 761–62 (Idaho 2007) (citing *Howard v. Perry*, 106 P.3d 465 (2005); I.R.C.P. 54(d)(1)(B)). He went on to explain that "[i]n the instant case, there was no final judgment until the action was dismissed with prejudice. The dismissal of Straub's action with prejudice was a precondition to the Smiths' right to recover court costs and attorney fees, not a denial of that right." *Id.*

The Court notes this language came from a concurrence and is, therefore, not precedential. However, this language is consistent with the Idaho Supreme Court's position in *Asbury Park, LLC v. Greenbriar Estate Homeowners' Ass'n, Inc.*, 271 P.3d 1194, 1201-02 (2012), where it encountered a judgement that did not dispose of each claim involved in the case. There, the Court explained that "the procedural posture of this case prevents us from awarding attorney fees and costs at this time. . . . The certified judgment does not dispose of all of the parties' claims. Therefore, we cannot determine the prevailing party, nor can we award attorney fees. The trial court is to take the issue of attorney fees and costs for this appeal into consideration when it addresses all fees and costs *at the conclusion of the case*." *Id.* (emphasis added) (citations and punctuation omitted). Here, because the dismissal is without prejudice, there has been no final judgment, and Crumb & Munding is not a "prevailing party" under Idaho Code section

---

[1] GemCap also argues that Crumb & Munding's requested attorney fees and costs are not reasonable. The Court need not address this argument at this time.

12-120(3). Accordingly, the Court will not address Crumb & Munding's request for attorney fees at this time. Instead, the Court will consider this request when it addresses all fees at the conclusion of the case.

## IV. ORDER

The Court HEREBY ORDERS:

1. Crumb & Munding's Motion for Attorney Fees (Dkt. 399) will be considered at the conclusion of the case.

2. The Court's dismissal of GemCap's Third-Party Complaint remains WITHOUT PREJUDICE. GemCap retains the right to reassert its claims in a separate lawsuit at a later date.

DATED: August 8, 2018

_____
David C. Nye
U.S. District Court Judge