CONFIDENTIAL

## Campbell, Bissell & Kirby, PLLC
### Attorneys & Counselors at Law

Michael S. Bissell • Licensed in WA, ID & AK
Richard D. Campbell • Licensed in WA, ID & MT
Patrick J. Kirby • Licensed in WA & ID

July 21, 2008

**Via Certified Mail and**
**Regular Mail**

Board of Directors
AIA Services Corporation, Inc. and AIA Insurance, Inc.
111 Main Street
Lewiston, ID 83501

Re:    Demand of Donna Taylor and Reed Taylor Pursuant to Idaho Code 30-1-742

Dear Board Members of AIA Services Corporation and AIA Insurance Inc.:

As you know, this firm represents Donna J. Taylor ("Donna"), the Series A Preferred Shareholder in AIA Services Corporation ("AIA Services"), and Reed Taylor ("Reed"), the pledgee of AIA Insurance, Inc. ("AIA Insurance") and creditor of AIA Services who is owed over $8.5 Million.

Donna and Reed hereby make demand upon the Board of Directors of AIA Services and AIA Insurance pursuant to Idaho Code 30-1-742 to take the action described herein. Specifically, demand is made that said entities immediately take action against the law firms of Hawley Troxell Ennis & Hawley; Clements, Brown & McNichols; Quarles & Brady; together with the responsible attorneys of said firms (and any other firms which have wrongfully represented the entities) for violating applicable Rules of Professional Conduct, malpractice, breach of fiduciary duties, and aiding and abetting, including, without limitation, all acts related to or involving the following claims and/or causes of action:

1. Wrongfully simultaneously representing Crop USA Insurance Agency, Inc. ("Crop USA") and AIA Services and AIA Insurance, while knowing these entities had divergent interests;

2. Taking action against the best interests of AIA Services and/or AIA Insurance;

3. Assisting in the commission of fraud and/or illegal activities;

4. Wrongfully allowing interested directors and other interested parties to direct litigation in light of substantial claims against them;

5. Issuing inappropriate opinion letters to lenders and auditors;

6. Failing to recover moneys and/or stock in Crop USA;

EX NO. 86
Ashby, D.
DATE 07.02.19
ASSOCIATED
REPORTING & VIDEO

EXHIBIT 11
WIT: Gatzolis
DATE: 8-10-16
JoAnn Losoya, CSR

509-455-7100 • Fax 509-455-7111 • www.cbklawyers.com
416 Symons Building • 7 South Howard Street • Spokane, Washington 99201

EXHIBIT
#31



**EXHIBIT S**

GC0747772

CONFIDENTIAL

Board of Directors
AIA Services Corporation, Inc. and AIA Insurance, Inc.
July 21, 2008
Page - 2

7. Preventing claims from being made against present and past directors, including, without limitation, R. John Taylor, Michael Cashman, James Beck and Connie Taylor;

8. Failing to take action against Crop USA to recover funds owed;

9. Failing to take action against responsible present and past directors for violating the corporate opportunity doctrine by permitting Crop USA to become a separate company from AIA;

10. Failing to take action against interested directors and parties who took part in fraud, conspiracy and other illegal activities, including, without limitation, R. John Taylor, James Beck, Michael Cashman and Connie Taylor;

11. Breaching fiduciary duties (including the duty of loyalty) owed to AIA Services and AIA Insurance;

12. Aiding and abetting R. John Taylor, James Beck, Michael Cashman, Connie Taylor, Crop USA, and other interested parties who participated in the misappropriation of assets, opportunities, and funds of AIA Services and AIA Insurance (including the $1.5 Million wrongfully transferred from AIA Insurance to Crop USA);

13. Not ensuring that separate counsel was retained for AIA Services;

14. Not ensuring that separate counsel was retained for AIA Insurance knowing that it was pledged to Reed;

15. Assisting in illegal loan guarantees by AIA Services and/or AIA Insurance;

16. Wrongfully entering into a Joint Defense Agreement knowing that such an agreement was inappropriate in light of the significant claims AIA Services and AIA Insurance have against interested individuals and Crop USA;

17. Wrongfully obtaining shareholder consent to pay the attorneys' fees of past and present directors of AIA Services and AIA Insurance without full disclosure or obtaining votes only from disinterested shareholders;

18. Permitting Michael McNichols and Clements, Brown & McNichols to remain as counsel for R. John Taylor in violation of their duty of loyalty to AIA Services and AIA Insurance;

GC0747773

# CONFIDENTIAL

Board of Directors
AIA Services Corporation, Inc. and AIA Insurance, Inc.
July 21, 2008
Page - 3

19. Assisting in pledging the assets of AIA Services and AIA Insurance to Crop USA for the payment of attorneys' fees and costs of interested parties and others;

20. Permitting the business and employees of AIA Insurance and AIA Services to be detrimentally effected by the actions of interested parties (e.g., transferring AIA Insurance's employees to Crop USA);

21. Failing to take action against R. John Taylor and Connie Taylor for the significant breaches of R. John Taylor's employment agreement with AIA Services;

22. Failing to comply with contractual obligations owed to Reed and Donna;

23. Failing to recover inappropriate salaries, advances, loans, benefits, and compensation paid to R. John Taylor, Connie Taylor, James Beck and others;

24. Assisting in, and failing to take action pertaining to, the improper allocation expenses, labor, rent and other expenditures inappropriately utilized for the benefit of Crop USA.

25. Accepting payments of attorneys' fees in violation of the Rules of Professional Conduct;

26. Representing AIA Services and/or AIA Insurance in making inappropriate arguments (including alleged illegality of the debt to Reed) knowing that such arguments were counter to AIA Services' obligations to Reed and Donna and knowing that Richard Riley was a witness who provided a legal opinion counter to such arguments; and

27. Accepting payment of attorneys' fees and costs which should have been allocated to other parties, including, without limitation, fees and costs that should have been paid by Crop USA, R. John Taylor, James Beck, Michael Cashman and Connie Taylor.

Based upon the above wrongful acts (and others reasonably contemplated from the above acts and other acts known only to insiders at AIA Services and/or AIA Insurance), demand is made upon you to initiate legal action against the above-referenced law firms and lawyers to recover all applicable damages and to require a disgorgement of all attorneys' fees and costs paid to them, including, without limitation, for all inappropriate transactions and the litigation involving Reed and/or Donna. Based upon the foregoing demand is also made for action against R. John Taylor, Michael Cashman, James Beck, Connie Taylor, Crop USA and all other responsible parties for the recovery of damages and the disgorgement of all compensation and attorneys' fees and costs paid to or on their behalf.

GC0347774

# CONFIDENTIAL

Board of Directors
AIA Services Corporation, Inc. and AIA Insurance, Inc.
July 21, 2008
Page - 4

Please note that I have sent a copy of this notice to present counsel for AIA Services and AIA Insurance, and trust that they will ensure copies of this Notice are provided to all board members and shareholders. I would appreciate it if you would let me know as soon as possible whether AIA Services and/or AIA Insurance will be taking any of the requested action. The failure to respond or to immediately take action shall be construed as a rejection of the demands made by this letter.

Nothing herein should be considered or relied upon as a waiver of Donna and Reed's right to take immediate action on behalf of AIA Services and/or AIA Insurance due to exigent circumstances.

Very truly yours,

CAMPBELL, BISSELL & KIRBY, PLLC

MICHAEL S. BISSELL

MSB:mab
cc:  Gary Babbitt (via email)
     D. John Ashby (via email)
     James Gatziolis (via email)
     Charles Harper (via email)
     Michael McNichols (via email)
     David Gittins (via email)
     Jon Hally (via email)
     Roderick Bond (via email)
     Reed Taylor (via email)
     Donna Taylor (via regular mail)
     Dai:\13 12\notice.072108.doc

GC00747775