DEC. 29. 2011  1:49PM    DISTRICT COURT                                    NO. 3197   P. 1

FILED

2011 DEC 28 PM 2 08

PATTY O. WEEKS
CLERK OF THE DIST. COURT

DEPUTY

## IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

REED J. TAYLOR, a single person,

    Plaintiff /Apellant /
    Cross-Respondent

    v.

AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC., an Idaho corporation; R. JOHN TAYLOR and CONNIE TAYLOR, individually and the community property comprised thereof, BRIAN FREEMAN, a single person; JOLEE DUCLOS, a single person; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; and JAMES BECK and CORRINE BECK, individually and the community property comprised thereof,

    Defendants / Respondents /
    Cross-Appellants

AIA SERVICES CORPORATION, an Idaho corporation; and AIA INSURANCE, INC., an Idaho corporation,

    Counter-Claimants,

    v.

REED J. TAYLOR, a single person,

    Counter-Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV07-00208

OPINION AND ORDER ON PLAINTIFF'S AMENDED MOTION TO SUPPLEMENT AND AMEND COMPLAINT AND DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1

*Taylor v. AIA et al.*
Opinion & Order on Mot to Amd Complaint and
Mot for Jdgmt on the Pleadings

**DLM - 0019246**                                          RJT - 026329

**EXHIBIT T**

CONNIE W. TAYLOR and JAMES BECK,
AIA SERVICES CORPORATION, an Idaho
Corporation; and AIA INSURANCE, INC., an
Idaho corporation,

      Counter-Claimants,

v.

REED J. TAYLOR, a single person,

      Counter-Defendant,

This matter is before the Court on Plaintiff's Motion to Amend and Supplement Complaint and Defendants' Motion for Judgment on the Pleadings. A hearing on the Motions was held on November 10, 2011. Plaintiff Reed Taylor was represented by attorney Roderick C. Bond. Defendants AIA Services Corporation and AIA Insurance, Inc. were represented by attorney John Ashby. Defendant R. John Taylor represented himself. Defendants Connie Taylor, James Beck and Corrine Beck were represented by attorney David R. Risley. The Court, having read the motions, briefs, and affidavits submitted by the parties, having heard oral arguments of counsel and being fully advised in the matter, hereby renders its Opinion.

## BACKGROUND

The factual background in the above-entitled matter will not be restated here as the facts are well known to the parties and have been articulated by this Court in numerous prior opinions. The factual background was also articulated by the Idaho Supreme Court in its Opinion entered September 7, 2011, wherein the Court affirmed this Court's granting of partial summary judgment and dismissal of certain causes of action. The matter was subsequently returned to this Court on the remaining causes of action. Upon return to the trial Court, Defendants AIA

2

*Taylor v. AIA et al.*
Opinion & Order on Mot to Amd Complaint and
Mot for Jdgmt on the Pleadings

DLM - 0019247                    RJT - 036880

Services and AIA Insurance filed a Motion for Judgment on the Pleadings pursuant to I.R.C.P.

12(c). The remaining Defendants filed joinder in Defendant AIA's Motion. In addition, Plaintiff

Reed Taylor filed an Amended Motion to Amend and Supplement Complaint.

## APPLICABLE STANDARDS

The decision to grant or deny a party's motion to amend a pleading is left to the trial

court's discretion. *Trimble v. Engelking*, 130 Idaho 300, 303, 939 P.2d 1379 (1997).

A motion for judgment on the pleadings is brought pursuant to Rule 12 of the Idaho

Rules of Civil Procedure, which provides in relevant part:

> After the pleadings are closed but within such time as not to delay the trial, any
> party may move for judgment on the pleadings. If on a motion for judgment on
> the pleadings, matters outside the pleadings are presented to and not excluded by
> the court, the motion shall be treated as one for summary judgment and disposed
> of as provided in Rule 56, and all parties shall be given reasonable opportunity to
> present all material made pertinent to such a motion by Rule 56.

I.R.C.P. 12(c).

The material facts in the instant matter are contained in the lengthy record that has

developed since the filing of Plaintiff's original Complaint. Because it is necessary for the Court

to look beyond the pleadings to make the appropriate analysis, Defendants' Motion shall be

treated as one for summary judgment pursuant to I.R.C.P. 56.

## ANALYSIS

On September 7, 2011, the Idaho Supreme Court entered its Opinion affirming this

Court's finding that the stock redemption agreement that is the basis of Plaintiff's claims was an

illegal contract under the then existing statutes and that the Courts must leave the parties as it

finds them. The Idaho Supreme Court declined the request of Defendants' to dismiss Plaintiff's

3

*Taylor v. AIA et al.*
Opinion & Order on Mot to Amd Complaint and
Mot for Jdgmt on the Pleadings

DLM - 0019248                         RJT - 020325

remaining claims for fraudulent transfers/conveyances, alter ego, director liability, breach of fiduciary duty, and civil conspiracy as the request went beyond the scope of the appeal before the Court. Defendants now come again before this Court and seek dismissal of Plaintiff's remaining claims. In response, Plaintiff seeks to amend and supplement his Fifth Amended Complaint.

## (I) MOTION TO AMEND AND SUPPLEMENT FIFTH AMENDED COMPLAINT

In his Motion, Plaintiff acknowledges that the ruling of this Court and the Idaho Supreme Court has eliminated Plaintiff's ability to obtain a remedy from AIA Services or AIA Insurance. Nevertheless, Plaintiff now contends certain individuals 'engineered' the illegal redemption of his AIA shares and he now seeks to amend and supplement his Fifth Amended Complaint so as to assert claims against those individuals.[1]

Plaintiff's proposed Sixth Amended Complaint asserts two causes of action: (1) breaches of contract/account stated; and (2) quasi contract/unjust enrichment. In his proposed Sixth Amended Complaint, Plaintiff contends certain individuals[2] who were shareholders at the time negotiations occurred for the buyout his AIA shares should be held personally liable for breach of contract and unjust enrichment, based on Plaintiff's newly proposed theory that the individuals 'engineered' the illegal transaction. To the degree that it is possible to examine what occurred nearly sixteen years ago, the 1995 stock redemption agreement in the instant matter has been microscopically examined by the parties, by this Court, and by the Idaho Supreme Court. Yet, in an effort to obtain from individuals that which the Courts have held he cannot obtain

---

[1] Plaintiff sought to amend his Complaint around the time the Court ruled the Stock Redemption Agreement was illegal and unenforceable, a ruling appealed by Plaintiff but affirmed on appeal. Because of the Court's ruling and Plaintiff's intent to appeal the ruling, the Court declined to hear Plaintiff's motion to amend pending a ruling on the appeal. Plaintiff now reasserts his Motion to Amend, albeit with different facts and different claims than those proposed prior to the ruling on appeal. In addition, he also seeks to add new Defendants

[2] Plaintiff seeks to assert his claims against John Taylor, Connie Taylor, James Beck, Corrine Beck, Michael Cashman, and Jane Doe Cashman.

*Taylor v. AIA et al.*
Opinion & Order on Mot to Amd Complaint and
Mot for Jdgmt on the Pleadings

4

DLM - 0019249                          RJT - 028322

from the corporation, Plaintiff now asserts positions opposite to those previously asserted by him and does so without offering the Court any new or additional facts or evidence.

Just as was done in his claims against the corporation, Plaintiff attempts to paint himself as a naïve majority shareholder victimized by unscrupulous minority shareholders. However, both this Court and the Idaho Supreme Court, after careful examination of the record, found no evidence that supports such an allegation. Addressing on appeal Plaintiff's argument that he was justifiably ignorant of the facts causing the Stock Redemption Agreement to be illegal, the Court stated, "Nothing suggests that Reed Taylor, as CEO and Chairman of the Board, as well as majority shareholder, was justifiably ignorant as to the circumstances causing the illegality – the insufficient earned surplus and absence of a shareholder vote explicitly authorizing the use of capital surplus." *Taylor v. AIA*, 151 Idaho 552, 261 P.3d 829, 842-843 (2011). The Supreme Court also rejected Plaintiff's argument that he was not *in pari delicto*, finding instead that he was not an innocent party to the agreement given that he was CEO and Chairman of the Board of AIA when he entered into the Stock Redemption Agreement. *Taylor v. AIA*, 261 P.3d at 843.

Next, when Plaintiff argued a remedy should be available to him because of the malfeasance of the other parties and their attorneys in engineering the illegal redemption of Plaintiff's shares, the Court stated, "[T]he agreement implicates concerns that it was intended to favor Reed Taylor at the expense of minority shareholders and creditors." *Taylor v. AIA*, 261 P.3d at 844. Finally, Justice Jones in his specially concurring opinion stated, "The Stock Redemption Agreement was decidedly a self-interested one. Reed Taylor engineered a contract for his own benefit, acting as negotiator for the corporation, while at the same time acting on his own behalf as the other contracting party." *Taylor v. AIA*, 261 P.3d at 852.

5

*Taylor v. AIA et al.*
Opinion & Order on Mot to Amd Complaint and
Mot for Jdgmt on the Pleadings

DLM - 0019250                    RJT - 036883

Plaintiff has simply failed to present the Court with any new facts or evidence that would change or alter the previous findings of the Supreme Court or of this Court. Plaintiff's use of the words "in complete disregard for the corporate entity" in his proposed Sixth Amended Complaint is not enough to support his alter ego theory. Plaintiff must assert facts that support such a theory. However, Plaintiff has failed to set forth those supporting facts, but has instead simply regurgitated the same facts that have been previously well scrutinized by the Supreme Court, who found they did not support the assertion that Plaintiff Reed Taylor was a victim of unscrupulous conduct by AIA, its minority shareholders, or the various law firms and attorneys involved in the Stock Redemption Agreement.

Based on the facts in the record and those pled by Plaintiff in his proposed Sixth Amended Complaint, the Court finds Plaintiff's proposed Sixth Amended Complaint fails to state valid claims against the individual Defendants for either breach of contract/account stated or for quasi contract/unjust enrichment. The Supreme Court has ruled the contract that is the basis of Plaintiff's proposed new claims illegal and unenforceable and Plaintiff has pled no facts nor offered any legal authority that would make the illegal contract legally enforceable against individual shareholders under an alter ego theory.

(II)   MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants seek judgment on the remaining claims asserted in Plaintiff's Fifth Amended Complaint. Each and every claim not previously dismissed by the Court is based on the 1995 Stock Redemption Agreement between Plaintiff Reed Taylor and AIA. The Court finds it need not analyze the remaining claims, as Plaintiff concedes the invalidity of

6

*Taylor v. AIA et al.*
Opinion & Order on Mot to Amd Complaint and
Mot for Jdgmt on the Pleadings

DLM - 0019251                          RJT - 026328

the claims[3] given the ruling of the Idaho Supreme Court in September 2011, wherein the Court held the 1995 Stock Redemption Agreement illegal and unenforceable. Therefore, Defendants' Motion for Judgment on the Pleadings as to Plaintiff's claims for fraudulent transfers/conveyances, alter ego/piercing the corporate veil, director liability, breach of fiduciary duties, and civil conspiracy is properly granted.

## ORDER

Plaintiff's Amended Motion to Amend and Supplement Complaint is hereby DENIED.

Defendants' Motion for Judgment on the Pleadings is hereby GRANTED.

Dated this ___28___ day of December 2011.

JEFF M. BRUDIE, District Judge

---

[3] After the Idaho Supreme Court affirmed this Court's ruling that the 1995 Stock Redemption Agreement was illegal and unenforceable, Plaintiff filed a motion to amend his Complaint. In his proposed Sixth Amended Complaint, Plaintiff asserted none of the claims remaining in his Fifth Amended Complaint, and instead sought to assert two new claims against individual shareholders rather than any of his prior claims against the corporation.

7

*Taylor v. AIA et al.*
Opinion & Order on Mot to Amd Complaint and
Mot for Jdgmt on the Pleadings

DLM - 0019252                          RJT - 026329

## CERTIFICATE OF MAILING

I hereby certify that a true copy of the foregoing OPINION AND ORDER SETTING ON PLAINTIFF'S AMENDED MOTION TO SUPPLEMENT AND AMEND COMPLAINT  was

__✓__ FAXED, by the undersigned at Lewiston, Idaho, this 29 day of December 2011, to:

Roderick Bond 425-462-5638
800 Bellevue Way, NE Ste 400
Bellevue WA 98004

Gary Babbitt 208-342-3829
John Ashby
PO Box 1617
Boise, ID 83701-1617

James Gatziolis 312-715-5155
Charles E. Harper
Quarles @ Brady LLP
500 W Madison St., Ste 3700
Chicago IL 60661-2511

David Gittins 509-758-3576
PO Box 191
Clarkston WA 99403

David Risley 208-743-5307
PO Box 446
Lewiston, ID 83501

Charles Brown 208-746-5886
PO Box 1225
Lewiston, ID 83501

PATTY O. WEEKS, CLERK

By:_____
      Deputy

OPINION AND ORDER ON PLAINTIFF'S AMENDED
MOTION TO SUPPLEMENT AND AMEND COMPLAINT   8

DLM - 0019253                          RJT - 028856