UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc., | Case No. 1:10-cv-00404-DCN<br><br>**MEMORANDUM DECISION AND ORDER REGARDING TWO MOTIONS (DKTS. 1115, 1116)** |
| Plaintiff, | |
| v. | |
| HAWLEY TROXELL ENNIS & HAWLEY LLP, et al., | |
| Defendants, | |
| and | |
| CROP USA INSURANCE SERVICES, LLC, et al., | |
| Defendants/Third-Party Plaintiffs, | |
| v. | |
| REED TAYLOR, an individual, | |
| Third-Party Defendant. | |

# I. INTRODUCTION

Pending before the Court are Plaintiff Dale L. Miesen's Motion to Reconsider (Dkt. 1115) and Motion for Oral Argument on the Motion to Reconsider (Dkt. 1116). Miesen asks the Court to reverse its Order (Dkt. 1112) precluding expert Richard McDermott from

MEMORANDUM DECISION AND ORDER-1

testifying in this case. The Court so ordered because it found that McDermott's "opinions did not meet muster under Federal Rule of Evidence 702" as "they will not help the trier of fact and are the product of unreliable principles—impassioned and overly biased opinions amounting to advocacy." *Id.* at 9. The Court also precluded McDermott's testimony because "the probative value of any relevant testimony he were to give would be substantially outweighed by a danger of unfair prejudice and misleading the jury, thereby warranting exclusion under Federal Rule of Evidence 403." *Id.* at 9–10.

Defendants Hawley Troxell Ennis & Hawley LLP, Gary D. Babbitt, D. John Ashby, and Richard A. Riley oppose both motions. Dkt. 1117. Defendants James Beck, Michael Cashman, Connie Henderson, R. John Taylor, Crop USA Insurance Agency, Inc., and Crop USA Insurance Services, LLC join in the opposition. Dkt. 1118.

There are a few reasons the Court will not hold oral argument. First, the Court has reviewed the record and briefs, and the Court finds that the facts and legal arguments are adequately presented. Second, there is the interest of avoiding further delay, and oral argument will not significantly aid the decisional process. Third, the Court did not find oral argument necessary on the original motions related to the issue of excluding McDermott's testimony, much less now on the motion to reconsider. And, lastly, Miesen's Motion to Reconsider is improperly raised. Accordingly, the Court will decide the Motion to Reconsider without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b).

For these reasons, and the those that follow, the Court finds good cause to DENY both motions.

## II. LEGAL STANDARD

Granting or denying a motion for reconsideration is a matter within a district court's discretion. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A district court has inherent authority and wide latitude in controlling—among other things—its calendar and docket, as well as its orders and decisions. A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).

Ultimately, it is the court's duty "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In certain circumstances, this may mean that a court must reconsider, modify, or even reverse a prior determination. Other times, this means a court must advance a case. Thus, the need to be right must co-exist with the need for progress in a particular case.

Motions to reconsider involve a two-step inquiry. "[A] party must first establish that they have the right to ask for reconsideration; that is to say, they must establish that one or more of the limited grounds for reconsideration are present. If that is the case, the moving party must then convince the court that their purported reasons rise to the level of reversal." *United States ex rel. Rafter H Constr., LLC v. Big-D Constr. Corp.*, 358 F. Supp. 3d 1096, 1098 (D. Idaho 2019). "[R]econsideration is an extraordinary remedy available only when: (1) the district court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." *Dickinson Frozen Foods, Inc. v. FF5 Food*

MEMORANDUM DECISION AND ORDER-3

*Process Solutions Corp.*, Case No: 1:17-cv-00519-DCN, 2020 WL 2841517, at *10 (D. Idaho June 1, 2020) (citing *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also Christianson v. Colt. Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("As a rule the court should be loathe to [reconsider] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." (cleaned up)).

### III. DISCUSSION

The Court declines to reconsider its previous decision. Miesen has neither presented any newly discovered evidence nor identified an intervening change in the controlling law. Miesen solely argues that the Court committed clear error in its previous Order. However, he has not properly set forth his arguments because they do not show that the Court clearly erred. Rather, Miesen's arguments simply show that he disagrees with the Court's decision. This is an insufficient reason for the Court to reverse its prior ruling.

All Miesen's arguments relate to the same issue the Court already decided in its previous Order. For example, he contends that McDermott is not an advocate, partisan, or unobjective expert. *See* Dkt. 1115-1, at 3. He also asserts that opposing counsel has produced no evidence of such. *See id.* at 6. However, the Court already dealt with these issues and found to the contrary. It is improper for Miesen to raise these arguments again. *Am. Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) ("The motion to reconsider should not be used to ask the court to rethink matters already decided."); *Dickinson Frozen Foods, Inc.*, 2020 WL 2841517, at *12 ("A court's opinions are not intended as mere first drafts, subject to revision and

reconsideration at a litigant's pleasure." (cleaned up)); *id.* at *11 ("A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (cleaned up)); *id.* at *20 ("[M]otions for reconsideration are not occasions for raising arguments for the first time or developing previously undeveloped arguments.").

More importantly, none of Miesen's arguments convinced the Court before, nor do they convince the Court to revisit its ruling now. What Miesen has done in his motion is simply insufficient for the Court to reverse its prior decision to preclude McDermott as an expert witness in this case. Accordingly, both of Miesen's motions are denied.

## IV. ORDER

1. Plaintiff's Motion to Reconsider (Dkt. 1115) is **DENIED**.
2. Plaintiff's Motion for Oral Argument on the Motion to Reconsider (Dkt. 1116) is **DENIED**.

DATED: July 22, 2021

David C. Nye
Chief U.S. District Court Judge