UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DALE L. MIESEN, an individual who is
a shareholder and who is also bringing
this action on behalf of and/or in the right
of AIA Services Corporations and its
wholly owned subsidiary AIA Insurance,
Inc.,

      Plaintiff,

v.

CONNIE TAYLOR HENDERSON, et
al.,

      Defendants.

Case No. 1:10-cv-00404-DCN

**MEMORANDUM DECISION AND
ORDER REGARDING THREE
MOTIONS (DKTS. 1124, 1135, 1136)**

## I. INTRODUCTION

Pending before the court are Plaintiffs' Motion to Substitute a New Expert (the "Motion to Substitute") (Dkt. 1124); Motion for the Alternative Remedy of Lesser Sanctions (the "Motion for Lesser Sanctions") (Dkt. 1136); and Motion for Leave to Appeal (Dkt. 1135). Each of these motions involve the Court's May 12, 2021 Order (Dkt. 1112) excluding Richard McDermott as an expert witness. And each motion is opposed by the same group of Defendants: Hawley Troxell Ennis & Hawley LLP, Gary D. Babbitt, D. John Ashby, and Richard A. Riley (collectively, the "Hawley Troxell Defendants").

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay,

and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *United States v. Alatorre*, 222 F.3d 1098, 1100 (9th Cir. 2000) ("[T]rial courts are not compelled to conduct pretrial hearings in order to discharge the gatekeeping function.").

For the following reasons, the Court DENIES the Motion to Substitute (Dkt. 1124), DENIES the Motion for Lesser Sanctions (Dkt. 1136), and DENIES the Motion for Leave to Appeal (Dkt. 1135).

## II. BACKGROUND

On May 12, 2021, this Court excluded Richard McDermott as an expert witness for Plaintiff Dale Miesen. Dkt. 1112. Miesen filed a motion to reconsider that decision, and the Court denied that motion on July 22, 2021. Dkt. 1123. Miesen then filed the instant three motions, each of which concern the same issue—the exclusion of McDermott as an expert witness.

Only a day after the Court denied his motion for reconsideration, Miesen filed the Motion to Substitute, which asks for a new expert witness to take the place of McDermott. Dkt. 1124. He subsequently filed the Motion for Lesser Sanctions, which also asks that the Court permit a substitute expert to take McDermott's place. Dkt. 1136.On the same day Miesen filed the Motion for Lesser Sanctions, he also filed his Motion for Leave to Appeal the Court's decisions excluding McDermott and denying reconsideration. Dkt. 1135. Not content to wait for a decision on this motion, Miesen directly appealed those same decisions on August 23, 2021. Dkt. 1140. The Ninth Circuit summarily dismissed that appeal because

the order excluding McDermott was "neither final nor immediately appealable." Dkt. 1176.

Because each of the three pending motions revolves around the Court's decision to exclude McDermott, the Court addresses each motion in this Order.

## III. DISCUSSION

### A. Motion to Substitute (Dkt. 1124)

The Court excluded McDermott because his testimony and report were inadmissible under Federal Rules of Evidence 403 and 702. Dkt. 1112, at 9–10. Miesen now asks for a substitute expert witness. The Court will not allow someone to take McDermott's place and give the same inadmissible testimony.

#### 1. Legal Standard

Motions to substitute expert witnesses are essentially motions to amend the scheduling order. *GF & C Holding Co. v. Hartford Cas. Ins. Co.*, 2012 WL 5907092, at *1 (D. Idaho Nov. 26, 2012); *Crandall v. Hartford Cas. Ins. Co.*, 2012 WL 6086598, at *2 (D. Idaho Dec. 6, 2012); *see also Hoffman v. Tonnemacher*, 362 Fed. App'x 839, 840 (9th Cir. 2010) (reviewing for abuse of discretion the district court's decision to "modify[] the pretrial order" by allowing substitution of an expert witness); *Jones v. DeVaney*, 107 Fed. App'x 709, 711 (9th Cir. 2004) (reviewing district court's decision to deny "plaintiffs' motion to amend the pretrial order to substitute a new medical expert").

The standard for amending the pretrial scheduling order under Federal Rule of Civil Procedure 16(b)(4) is "good cause." Fed. R. Civ. P. 16(b)(4). This "good cause standard primarily considers the diligence of the party seeking the amendment." *Crandall*, 2012 WL 6086598, at *2. At the heart of the inquiry are "the moving party's reasons for seeking

modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Moreover, because Miesen filed this motion after the time had passed to disclose expert witnesses, Rule 6(b)(1) also applies, which adds that not only must there be "good cause" to modify a scheduling order, but there must also be "excusable neglect." Fed. R. Civ. P. 6(b)(1); *accord Harrison v. United States*, 2021 WL 1269119, at *8 (D. Alaska April 6, 2021) (applying Rule 16(b) and Rule 6(b) to a motion for substitution of an expert). "Both Rule 6(b) and the case authorities make clear that the showing needed to extend a pretrial deadline is more onerous the later in the case it is made, and particularly so if made after a deadline passes." *Savage v. City of Twin Falls*, 2015 WL 12681319, at *7 (D. Idaho Jan. 20, 2015). An excusable neglect determination "is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1123–24 (9th Cir. 2000).

   *2.   Analysis*

Miesen fails to show good cause and excusable neglect sufficient to justify substitution of his experts. Despite the Court's order excluding McDermott because of the inadmissibility of his testimony and report, Miesen requests that the Court should allow a new, unidentified expert to step into McDermott's shoes and, using McDermott's report, to testify in this case. Indeed, Miesen promises that the substitute expert would "limit his or her opinions to those issues addressed by McDermott." Dkt. 1124-1, at 4. Believing that only some parts of McDermott's report were "objectionable" to the Hawley Troxell

MEMORANDUM DECISION AND ORDER - 4

Defendants, Miesen proposes that "the substitute expert would be limited to using whichever opinions he or she agrees with which are contained within McDermott's report and by deleting any objectionable content," and any "deletions or slight modifications" would be noted in a "red-line version." Dkt. 1139, at 8–9.

Unconvincingly, Miesen argues that this situation is no different than if his expert witness had died prior to trial. In that context, courts often find good cause to substitute experts. *See, e.g.*, *GF & C Holding Co.*, 2012 WL 5907092, at *1 ("Plaintiff's earlier request to extend the time to disclose its expert because of the untimely demise of [the prior expert witness] clearly met the good cause standard."); *Stewart Title Guar. Co. v. Suisse*, 2014 WL 10290846, at *2–3 (D. Idaho Oct. 15, 2014) (holding that the "untimely passing" of the expert was good cause for substitution); *In re Northrop Grumman Corp. ERISA Litig.*, 2016 WL 6826171, at *3 (C.D. Cal. Apr. 7, 2016); *Brooks v. Cnty. of San Joaquin*, 2012 WL 5927416, at *1 (E.D. Cal. November 26, 2012).

But the exclusion of an expert witness for inadmissibility is not the same as the death of an expert witness. Miesen's expert did not die—he was barred from testifying.

A more apt case comparison is *McDonald v. Wexford Health Sources, Inc.*, 2016 WL 1383191 (N.D. Ill. Apr. 7, 2016), where the court ruled that an expert's opinions were inadmissible, the expert subsequently died, and then the party moved to substitute that expert. Under such circumstances, the court explained that the expert's death did "not clear the slate and allow the defendants to find a better expert who [could] overcome the deficiencies" of the initial expert's inadmissible opinion. *Id.* at *8. In *McDonald*, the expert *actually died*, but even then, the court did not allow substitution since the expert was

excluded before his death. *Id.*

This Court has explained, "A party's choice upon which expert to hire for assistance in a lawsuit is just that—a choice. Sometimes the results of those choices go smoothly and successfully. Sometimes they do not." *Crandall*, 2012 WL 6086598, at *3. Here, the choice was not successful.

"[T]he timely progression of a lawsuit cannot turn on whether a party is fully satisfied with the particular choice of an expert." *Id.* Miesen argues that he was satisfied with McDermott. Be that as it may, he is not satisfied having an excluded expert witness, and his dissatisfaction with this Court's order to exclude his expert is not reason to give him another try at securing a helpful and admissible expert. *See United States v. Smith*, 562 F.3d 866, 871 (7th Cir. 2009) ("'If at first you don't succeed, try, try again' might make a memorable maxim, but it is ill-suited as a principle for case management.").

The good cause inquiry revolves around "the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. Miesen's reason for wanting a substitute witness is that Miesen does not believe the Court should have excluded McDermott, who was Miesen's only case-in-chief expert witness for his legal malpractice claims. The Motion to Substitute is therefore not much different than a reconsideration motion, which Miesen has already filed (Dkt. 1115) and which the Court has already denied (Dkt. 1123). While Miesen clearly disagrees with the Court's decision to exclude McDermott, the Court does not find good cause to undermine its prior orders excluding McDermott (Dkt. 1112) and denying reconsideration (Dkt. 1123) by allowing a new expert witness to step into McDermott's shoes.

As for Miesen's contention that limits on the substitute expert's testimony would cure any admissibility problem, the Court has also already rejected this argument. When he was opposing the exclusion of McDermott, Miesen argued that McDermott could limit his testimony to prevent running afoul of Federal Rules of Evidence 403 and 702. Dkt. 1097, at 18–19. He makes the same argument here. The Court rejected that argument then, and it rejects it now.

Moreover, Miesen cannot establish excusable neglect. Substituting in a new expert would severely prejudice the opposing party since this Court has already excluded Miesen's expert. *See McDonald*, 2016 WL 1383191, at *8 ("Allowing the defendants to profit from . . . [their expert's] death by retaining a new expert would be an improper boon to the defendants, who would have no . . . expert if [the deceased expert] were alive due to the deficiencies discussed above.") Additionally, substituting in a new expert would add significant and unjustifiable delay. This case is over a decade old. The time for disclosure of expert witnesses passed on August 5, 2019, after having been originally set for September 1, 2017, and was, thereafter, extended five times. Dkts. 191, 274, 398, 484, 522, 602. Miesen believes he acted in good faith and has good reason to justify the lengthy delay since he did not anticipate the Court would exclude his expert witness. He may not have anticipated such a result, but he certainly did know of McDermott's involvement in this case and should have known its impropriety. In summary, Miesen fails to show good cause and excusable neglect sufficient to justify again resetting the clock so he can have another shot at getting a better witness. *See U.S. ex rel. Agate Steel, Inc. v. Jaynes Corp.*, 2015 WL 1546717, at *2 (D. Nev. April 6, 2015) ("The purpose of allowing substitution of an expert

. . . is not an opportunity to designate a better expert."). Accordingly, the Court DENIES the Motion to Substitute.

### B. Motion for Lesser Sanctions (Dkt. 1136)

Following his Motion to Substitute, Miesen filed the instant Motion for Lesser Sanctions, which also requests substitution but under a different standard. Miesen premises his Motion for Lesser Sanctions on the assumption that the Court will deny his Motion to Substitute. He argues that if the Court denies his Motion to Substitute, the Court should still allow him to substitute a new expert for McDermott. This is a circular absurdity. For the same reasons the Court denied the Motion to Substitute and for additional reasons, the Court DENIES the Motion for Lesser Sanctions.

Miesen construes the Court denying his request to substitute as a sanction under Federal Rule of Civil Procedure 37(c) because that decision, and the decision to exclude McDermott, leave Miesen without a disclosed expert witness. He contends that the standard set forth by Rule 37(c) allows for an undisclosed expert witness to testify at trial. Ultimately, Miesen's arguments fail because the motion improperly asks the Court to reconsider arguments it has already rejected: Rule 37(c) is inapplicable, and even if Rule 37(c) applied, it is a dead end since the standard is no more favorable to Miesen than is Rule 16(b).

First, the Motion for Lesser Sanctions is improper because it is no more than an extension of Miesen's Motion to Substitute.[1] Miesen has had ample opportunity to argue

---

[1] The Hawley Troxell Defendants argue that Miesen filed the Motion for Lesser Sanctions because he knew he could not bring up new arguments in his reply brief in support of the Motion to Substitute. While this

that he should still have an expert witness—in his responses to the two motions to exclude McDermott (Dkts. 1096, 1097), in his motion to reconsider the exclusion (Dkt. 1115), and in the Motion to Substitute (Dkt. 1124). He rehashes the same arguments here that he did in those filings; the only difference is that he wants the Court to reevaluate such arguments using a different, but no more favorable, standard. In the end, Miesen's desired outcome would undermine the Court's prior orders excluding his expert witness.

In the Motion for Lesser Sanctions, Miesen argues that the Court should "not entirely exclude his substitute expert," that his "legal malpractice claims requir[e] expert testimony," that "there can be no prejudice if a new expert is limited to adopting certain or all of the unobjectionable portions of McDermott's opinions contained in his report," and that the Hawley Troxell Defendants "made no meaningful challenge to a single one of McDermott's opinions or his methodology." Dkt. 1136-1, at 4, 6. Miesen has made these arguments before. *E.g.*, Dkt. 1097, at 13 ("[The Hawley Troxell Defendants] do not challenge a single complete opinion or the basis for any of his opinions, and his opinions are not impacted even if all of the objections were well taken."); *id.* at 18 ("[Objectionable statements or opinions] could be removed from his report . . . ."); *id.* at 19 ("[T]here is no basis to entirely exclude him as an expert witness."); Dkt. 1115-1, at 8 ("There is no dispute that expert testimony is required for legal malpractice claims unless within a laymen's knowledge."); *id.* at 10 ("Opposing counsel have no evidence to support any contention that McDermott would not follow any order of this Court or limit his testimony if

---

theory speculates as to Miesen's motives, a comparison between the two motions makes clear that both seek the same relief: substitution of Miesen's expert witness.

required."); *id.* at 22 ("[O]pposing counsel improperly jumped to wholesale exclusion."); *id.* ("McDermott's trial testimony as an expert witness has been excluded without these factors ever being considered."); Dkt. 1124-1, at 4 ("Miesen is agreeing that the substitute expert witness would limit his or her opinions to those issues addressed by McDermott, which will prevent any prejudice to the defendants."); *id.* ("With the exclusion of McDermott as an expert witness, Miesen has no expert witness to provide the expert opinions for his case in chief, which are critical for his legal malpractice claims."). Thus, Miesen improperly filed the Motion for Lesser Sanctions as a separate motion rather than including his arguments about Rule 37(c) in his Motion to Substitute.

Miesen contends it was necessary for him to bring this separate motion under Rule 37(c) because, in their response to his Motion to Substitute, the Hawley Troxell Defendants referenced Rule 37(c). Dkt. 1136, at 3–4. However, that sole reference was not an invocation of Rule 37(c); rather, Defendants referenced the factors considered in a Rule 37(c) analysis because they are substantially similar to the factors used for assessing excusable neglect under Rule 6(b). Dkt. 1127, at 20 ("Significantly, the four factors the Court must consider when determining whether excusable neglect is present under Rule 6(b) are largely the same as the four factors that courts consider when determining whether the violation of a discovery deadline is justified or harmless under Rule 37(c)(1)."); *see also* Dkt. 1151, at 3 n.1 (providing the Hawley Troxell Defendants' explanation for their reference to Rule 37(c)).

Under Rule 37(c)(1), when a party fails to disclose a witness, that witness is automatically excluded, but the court, on either party's motion, may decide to add further

sanctions or to impose a lesser sanction than excluding the witness. Fed. R. Civ. P. 37(c)(1). Lest the Court has not been clear in the multiple decisions regarding the exclusion of Miesen's expert witness—the Court has barred Miesen's expert witness. This decision is not up for negotiation.

Rule 37(c) applies only if Miesen is presenting a new expert witness who was not previously disclosed.[2] Such would be a drastic tactic to get around this Court's clear rulings that: (1) Miesen's only disclosed expert is excluded; (2)reconsideration will not be granted; and (3) substitution is denied.[3] The Court is not amenable to such a tactic, and if Miesen does offer an undisclosed expert, the Court would turn to Rule 37(c)(1) in determining if *further sanctions, in addition to the automatic exclusion of the undisclosed witness*, are warranted.[4] Because, at this stage, Miesen is asking for substitution rather than presenting a new expert witness, the applicable standard is Rule 16(b), not Rule 37(c).

---

[2] The Ninth Circuit has considered both Rule 16(b)(4) and Rule 37(c)(1) when a party had presented an undisclosed expert witness. *Wong v. Regents of University of California*, 410 F.3d 1052, 1060–61 (9th Cir. 2005). Here, however, Miesen has not presented an undisclosed expert witness.

[3] While the current Memorandum Decision and Order resolves the Motion to Substitute at the same time as the Motion for Lesser Sanctions, Miesen assumes in his Motion for Lesser Sanctions that the Court has denied his Motion to Substitute. Therefore, the Court does not find it prejudicial to warn Miesen that the Motion for Lesser Sanctions is an attempt to get around the Court's ruling denying the Motion to Substitute.

[4] Rule 37(c)(1) provides that in addition to automatic exclusion, the Court may also impose the following sanctions: "order payment of the reasonable expenses, including attorney's fees, caused by the failure"; "inform the jury of the party's failure"; or any of the sanctions listed in Rule 37(b)(2)(A)(i)–(vi), which are listed below:

      (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
      (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
      (iii) striking pleadings in whole or in part;
      (iv) staying further proceedings until the order is obeyed;
      (v) dismissing the action or proceeding in whole or in part; [or]

Finally, even if Rule 37 applied, the Court does not find substitution of an expert witness to be either substantially justified or harmless. *See Zone Sports Ctr., LLC v. Rodriguez*, 2016 WL 224093, at *8 (E.D. Cal. Jan. 19, 2016) ("Although the Rule 16 analysis is dispositive . . . , even  if Rule 16(b) were not a hurdle to [the party's] request, there is no basis for relief under Rule 37(c)."); *Gbarabe v. Chevron Corp.*, 2017 WL 956628, at *17 n.19 (N.D. Cal. Mar. 13, 2017) ("[E]ven if the Court analyzed plaintiff's motion to substitute under Rule 37, as plaintiff asserts is appropriate, the Court would reach the same conclusion."). In determining "whether a violation of a discovery deadline is justified or harmless" under Rule 37, district courts consider the following factors: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 713 (9th Cir. 2010). These "factors are largely coextensive" with those under the Rule 16(b) analysis. *Fid. Nat. Fin., Inc. v. Nat. Union Fire Ins. Co.*, 308 F.R.D. 649, 652 (S.D. Cal. 2015). Thus, Rule 37(c) is no more favorable to Miesen than is Rule 16(b).

The Court excluded Miesen's expert witness on inadmissibility grounds. And, as the Court has already explained ad nauseam, substitution is not warranted. Permitting an undisclosed expert witness to take McDermott's place would run afoul of the Court's prior

---

(vi) rendering a default judgment against the disobedient party[.]

Fed. R. Civ. P. 37.

rulings excluding McDermott and disallowing substitution. Such willful disregard for the Court's orders is not justified. Furthermore, allowing an undisclosed expert to enter at this stage would extend the length of this case, which is already over a decade old, would disrupt the current proceedings, would most likely disrupt trial, and would result in significant prejudice to the Hawley Troxell Defendants.

### C. Motion for Leave to Appeal (Dkt. 1135)

On the same day Miesen filed his Motion for Lesser Sanctions, he also filed his Motion for Leave to Appeal the Court's decision to exclude McDermott. Miesen requests that the Court "certify the two orders excluding McDermott to authorize Miesen to pursue an interlocutory appeal and stay this action pending the outcome of that appeal." Dkt. 1135-1, at 4.

Though Miesen recognized in his Motion for Leave to Appeal that the order excluding McDermott and the order denying reconsideration of McDermott's exclusion were interlocutory orders, he also directly appealed the two decisions without waiting for authorization from this Court. In his Notice of Appeal, Miesen argued that the two orders were appealable under the collateral order exception. Dkt. 1140. The Ninth Circuit summarily dismissed Miesen's appeal because the order excluding McDermott was "neither final nor immediately appealable." Dkt. 1176.

Now this Court must determine whether to certify the two orders for appeal under 28 U.S.C. § 1292(b). If the Court were to do so, the Ninth Circuit could still dismiss the appeal. 28 U.S.C. § 1292(b); *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Even where the district court makes such a certification, the court of

appeals nevertheless has discretion to reject the interlocutory appeal, and does so quite frequently.").

For the reasons stated below, the Court DENIES the Motion for Leave to Appeal.

*1.  Legal Standard*

As a general rule, a party may seek review of a district court's rulings only after the entry of final judgment. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1981). Interlocutory certification is a narrow exception to be applied sparingly and only in "exceptional circumstances." *Id.* at 1026; *see also James*, 283 F.3d at 1067 n.6 ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."); *Pac. Union Conf. of Seventh–Day Adventists v. Marshall*, 434 U.S. 1305, 1309 (1977) ("The policy against piecemeal interlocutory review other than as provided for by statutorily authorized appeals is a strong one."). Ultimately, the "decision to certify an order for interlocutory appeal is committed to the sound discretion of the district court." *Villarreal v. Caremark, LLC*, 85 F. Supp. 3d 1063, 1067 (D. Ariz. 2015) (cleaned up).

A district court may certify an order for immediate appeal where: (1) the order involves a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; *and* (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) ("Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met."). The party pursuing an interlocutory appeal bears the burden of demonstrating the certification

requirements of § 1292(b) are met. *Id.* "Even when all three statutory criteria are satisfied, district court judges have unfettered discretion to deny certification." *Schuler v. Battelle Energy All., LLC*, 2019 WL 5295461, at *2 (D. Idaho Oct. 18, 2019) (cleaned up).

2. *Analysis*

The Court finds both that Miesen has not met his burden of demonstrating the certification requirements of § 1292(b) and, even if he had met those requirements, an interlocutory appeal would be inappropriate.

The first requirement is that the order involve a controlling question of law. Miesen and the Hawley Troxell Defendants construct the issues at differing levels of abstraction, so they come to differing conclusions on whether the issues involve controlling questions of law. Because the Court finds that there is not a substantial ground for a difference of opinion and that an immediate appeal would not materially advance the ultimate termination of litigation, the Court does not deem it necessary to resolve whether the orders Miesen seeks to appeal involve a controlling question of law.

To determine if a "substantial ground for difference of opinion exists under § 1292(b), courts must examine to what extent the controlling question of law in unclear." *Couch*, 611 F.3d at 633 (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). Traditionally, "a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Id.* However, a substantial difference of opinion is not present "just because a court is the first to rule on a particular question or just because

counsel contends that one precedent rather than another is controlling . . . ." *Id.* (cleaned up). Additionally, neither advisory opinions nor a party's "strong disagreement with the court's ruling [are] sufficient for there to be a 'substantial ground for difference.'" *Id.* (cleaned up).

The Court reiterates what it has already stated in this order and in other orders regarding the exclusion of McDermott: the decision to exclude McDermott was based on Federal Rules of Evidence 403 and 702. Miesen argues that the Court's exclusion decision conflicts with Ninth Circuit precedent and other circuits by creating a new rule. Dkt. 1135-1, at 12. However, the Court did not create a new rule; it applied Rules 403 and 702. Miesen does not meet his burden in showing that there is substantial ground for difference of opinion regarding the Court's application of Rules 403 and 702 to exclude expert testimony. Instead, as he has done in the Motion for Reconsideration, the Motion to Substitute, and the Motion for Lesser Sanctions, Miesen expresses his disagreement with the Court's decision to exclude McDermott. While it is unsurprising that a party seeking an appeal disagrees with the decision at issue, such disagreement is not sufficient to meet the § 1292(b) requirements. *Couch*, 611 F.3d at 633.

Miesen cites no cases that demonstrate a significant dispute regarding the appropriate resolution of whether an expert witness should be excluded under Rules 403 and 702. The cases he does cite do not contradict the Court's admissibility decision. For instance, Miesen cites *Lewart v. Boiron, Inc.*, 212 F. Supp. 3d 917, 928 n.6 (C.D. Cal. 2016), for the proposition that bias "is not a sufficient ground to exclude an expert on a *Daubert* analysis." The Court did not exclude McDermott solely because of bias. *See* Dkt.

MEMORANDUM DECISION AND ORDER - 16

1112. Thus, this footnote from another district court is not sufficient contrary authority to meet § 1292(b)'s "substantial ground for difference" requirement. Miesen next cites *United States v. Abonce-Barrera*, 257 F.3d 959, 965 (9th Cir. 2001), for the proposition that "[g]enerally, evidence of bias goes toward the credibility of a witness, not his competency to testify, and credibility is an issue for the jury." This too does not contradict the Court's ruling since: (1) it simply states the *general* rule; (2) the Court's decision was not based solely on bias; and (3) Rules 403 and 702 expressly permit the Court to make admissibility decisions. Miesen's other citations for this point fare no better for the same reasons.

In short, Miesen does not demonstrate a "substantial ground for difference" in the application of Rules 403 and 702 to exclude witnesses.[5] Therefore, Miesen has not met his burden under § 1292(b).

Additionally, Miesen has not met the burden of showing that an appeal may materially advance this case. A district court may permit a party to appeal when it believes that an "immediate appeal from an order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The material advancement requirement is met if an immediate appeal decided in favor of the appellant would "avoid protracted and expensive litigation" and end the lawsuit. *See United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959) ("Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions

---

[5] Miesen also asks the Court to certify a question about whether paying an expert witness a contingency fee is a permissible ground for excluding an expert witness. This Court did not rule on this issue. Dkt. 1112, at 12–13. Thus, the issue is not a controlling question of law under § 1292(b).

MEMORANDUM DECISION AND ORDER - 17

which, if decided in favor of the appellant, would end the lawsuit.); *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (noting § 1282(b) is to be used "only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation," and holding a district court's order granting interlocutory appeal was "improvidently granted" upon finding the case at issue was "unexceptional"). Examples of such questions which, if decided in favor of the appellant, would materially advance the ultimate termination of the lawsuit "are those relating to jurisdiction or a statute of limitations which the district court has decided in a manner which keeps the litigation alive but which, if answered differently on appeal, would terminate the case." *Woodbury*, 263 F.2d at 787.

"In applying these standards, the court must weigh the asserted need for the proposed interlocutory appeal with the policy in the ordinary case of discouraging 'piecemeal appeals.'" *Assoc. of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1087 (E.D. Cal. 2008) (quoting *In re Heddendorf*, 263 F.2d 887, 889 (1st Cir. 1959)). This does not mean that an interlocutory appeal must completely end the litigation. *See Woodbury*, 263 F.2d at 787. Rather, an "interlocutory appeal must be likely to materially speed the termination of the litigation." *Hansen v. Schubert*, 459 F. Supp. 2d 973, 1000 (E.D. Cal. 2006).

This case began in 2010. The Court understands the acute need for prompt resolution of this case. However, the Court does not find that allowing appeal of the order excluding McDermott would serve the purpose of more efficiently resolving this saga.

Miesen offers two reasons why he believes an appeal would materially advance the

termination of this case. First, he argues that it would be more time consuming if the parties proceeded through the summary judgment and trial phase, he then successfully appealed the exclusion decision, and the parties had to go through summary judgment and trial again. This risk is present in nearly all cases where a party seeks an interlocutory appeal, but there is a "strong bias . . . against piecemeal appeals." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 872 (1994); *see In re Lorillard Tobacco Co.*, 370 F.3d 982, 988 (9th Cir. 2004) (noting that "applying a loose construction" of § 1292 "only encourages unsuccessful assertions of jurisdiction, wasting precious appellate resources, burdening adverse parties, and perhaps diverting effort from expeditious continuation of trial court proceedings.'" (quoting 16 Charles Alan Wright et al., *Federal Practice and Procedure* § 3922.1, at 94 (1977)). Moreover, if an immediate appeal was decided in Miesen's favor, it would not "avoid protracted and expensive litigation" or end the lawsuit. Rather, it would likely trigger more motions about McDermott's report and testimony, and a series of trial objections. *See* Dkt. 1154, at 19.

Miesen's second argument relates to his Motion to Substitute. He contends, "[A]ssuming this Court grants Miesen's motion to substitute a new expert witness in place of McDermott, Miesen would first appeal the two orders excluding McDermott before he and his counsel incur significant additional sums paying a new expert witness." Dkt. 1135-1, at 17. The Court is denying the Motion to Substitute; therefore, this is not a reason to certify the two orders for appeal. Accordingly, Miesen has failed to meet his burden in showing that an immediate appeal would advance the termination of the case.

Finally, even if Miesen had met the § 1292(b) requirements, the Court still has

Case 1:10-cv-00404-DCN-CWD   Document 1197   Filed 02/09/22   Page 20 of 21

discretion to deny certifying an interlocutory appeal. *Schuler*, 2019 WL 5295461, at *2.

 The Court will not certify the appeal because Miesen fails to satisfy § 1292(b) and because, in its discretion, the Court finds there are additional reasons to deny certification. The issue surrounding McDermott has consumed a year of this litigation. The Hawley Troxell Defendants filed their motions to exclude McDermott in January 2021. The Court then stayed the briefing on several dispositive motions because it was concerned its decision regarding McDermott would affect the legal or factual arguments for those motions.[6] Dkt. 1089. After the Court excluded McDermott, Miesen filed a Motion for Reconsideration (Dkt. 1115) that improperly asked the court to rethink decided matters. Dkt. 1123. The day after the Court denied the Motion for Reconsideration, Miesen filed his Motion to Substitute, which then was followed by the Motion for Lesser Sanctions, the Motion for Leave to Appeal, and a direct appeal—all centered on the matter of McDermott's exclusion. For this case to proceed, the issue of Miesen's expert witness must be settled, and the Court expects Miesen to respect, even if he disagrees with, the Court's repeated rulings regarding his expert witness.

## IV. CONCLUSION

In prior orders, the Court has excluded Miesen's expert witness, Richard McDermott, and denied reconsideration of that decision. Dkts. 1112, 1123. The Court finds that the Motion to Substitute and the Motion for Lesser Sanctions (which is in practice a

---

[6] Before the briefing stay, the Hawley Troxell Defendants filed a Motion to Dismiss. Dkt. 1067. Several other Defendants joined that motion. Dkt. 1090. The Motion to Dismiss is ripe for review. Because its resolution may affect the need for subsequent dispositive motion, the Court is keeping the briefing stay in place pending the resolution of the Motion to Dismiss.

MEMORANDUM DECISION AND ORDER - 20

subsequent motion to substitute) seek to undermine the Court's ruling to exclude McDermott. Therefore, the Court DENIES the Motion to Substitute (Dkt. 1124) and the Motion for Lesser Sanctions (Dkt. 1136). The Court also DENIES the Motion for Leave to Appeal (Dkt. 1135) under its discretion and because the Court finds that Miesen did not meet the § 1292(b) requirements.

**V. ORDER**

The Court HEREBY ORDERS:

1. The Motion to Substitute (Dkt. 1124) is **DENIED**.

2. The Motion for Lesser Sanctions (Dkt. 1136) is **DENIED**.

3. The Motion for Leave to Appeal (Dkt. 1135) is **DENIED**.

4. The stay on briefing for Dkts. 1059, 1062, 1064, 1071, 1074, 1075, 1077, 1078, and 1086 remains in force.

DATED: February 8, 2022

David C. Nye
Chief U.S. District Court Judge