UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.,<br><br>        Plaintiff,<br>  v.<br>HAWLEY TROXELL ENNIS & HAWLEY LLP, et al.,<br><br>        Defendants,<br><br>        and<br><br>CROP USA INSURANCE SERVICES, LLC, et al.,<br>        Defendants/Third-Party Plaintiffs,<br>  v.<br>REED TAYLOR, an individual,<br><br>        Third-Party Defendant. | Case No. 1:10-cv-00404-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

On January 24, 2022, the Court granted Third-Party Defendant Reed Taylor's Motion for an Advance of Expenses with the express limitation that "the advancement shall be limited to his defense to the causes of actions pertaining to his role as officer or director of the AIA entities." Dkt. 1194, at 2. However, Reed[1] did not specify the amount of money

---

[1] Because there are various actors in this case with the last name Taylor, the Court refers to Reed Taylor by his first name throughout this Order with no disrespect intended by the apparent informality.

MEMORANDUM DECISION AND ORDER - 1

he was requesting from AIA Services Corporation and AIA Insurance, Inc. (collectively, "the AIA entities"), so the Court directed Reed to "submit to the Court and parties, itemized invoices of fees associated with his relevant legal defense." *Id.* at 11. Reed did so on February 2, 2022. Dkt. 1195. The Court then afforded the AIA entities the opportunity to respond, which they did on February 18, 2022.[2] Dkt. 1198. Thereafter, Reed filed a reply. Dkt. 1200. The issue is now ripe for review.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, the Court holds that Reed is entitled to an advancement of expenses in the amount of $22,412.00.

## II. DISCUSSION

The Court will not readdress whether Reed is entitled to advancement. All that remains at issue is the amount. Moreover, the Court was clear in its instructions that the advancement was limited to expenses from Reed's defense as an officer or director of the AIA entities. The Court forbade expenses outside of this narrow scope. The Court reviews Reed's invoices for compliance with its prior order.

---

[2] The AIA entities filed their response jointly with Defendants James Beck, Michael Cashman, Connie Henderson, John Taylor, Crop USA Insurance Agency, Inc., and Crop USA Insurance Services, LLC. The Court did not invite those additional parties to respond. The Court recognizes that that group of defendants filed the original response to the Motion for an Advance of Expenses and that the AIA entities did not, so the Court is unsurprised that these defendants responded here as well. What's more, it is not unusual in this case for parties to file responses to motions in which the parties are not involved; however, going forward the Court expects responses from only the involved parties, unless the Court otherwise grants leave.

MEMORANDUM DECISION AND ORDER - 2

Reed requests a total amount of $71,945.46.[3] He breaks this amount down into three color-coded categories: Blue, Green, and Yellow. The Court will use those categories in this decision for easier reference.

The Blue category refers to expenses "related solely to the defense of Reed as an officer or director of the AIA entities, or to efforts to obtain and advance of funds." Dkt. 1195, at 4. Reed requests $22,412.00 in Blue expenses.

The Green category refers to expenses "related to Reed's *overall* defense of the claims," which includes both "his alleged actions/inactions as an officer and director of the AIA Entities as well as his alleged membership on the Advisory Board." *Id.* at 4. Because the Green category includes expenses beyond the limitations set by the Court, Reed electively discounted the expenses in this category by 33%. The Green expenses prior to this discount totaled $41,767.00. With the 33% discount, Reed requests $27,983.89 in Green expenses.

The Yellow category refers to expenses "related to Reed's affirmative claims as well as the overall defense." *Id.* at 4. Reed explains that the Yellow expenses arise from "work (e.g., attending depositions) [that] would have been necessary regardless of whether Reed had affirmative claims or was only defending himself, or vice versa." *Id.* Reed applied a 66.5% discount to these expenses.[4] The Yellow expenses prior to this discount totaled

---

[3] Based on the parties' representations, the Court noted that it anticipated the legal fees would be "significantly less than $75,000 as the bulk of Reed's actions appear to be in pursuit of his counterclaim." Dkt. 1194, at 8. In making this observation, the Court was not limiting the fees to an amount significantly less than $75,000, but rather was providing context to better understand the Court's express limitations.

[4] Reed came to the 66.5% discount by "apply[ing] a 50% reduction to account for the affirmative claims, and a 16.5% reduction to account for the Advisory Board defense." Dkt. 1195, at 4. He explained that (Continued)

$64,327.06. With the 66.5% discount, Reed requests $21,549.57 in Yellow expenses.

In its order granting advancement, the Court explained that since Reed's inclusion in the lawsuit, Reed took "an active role filing, joining, and participating in many motions against Defendants" and that "the bulk of Reed's actions appear to be in pursuit of his counterclaim." Dkt. 1194, at 8. Because the AIA entities did not have to advance fees expended in opposing the AIA entities or pursuing Reed's counterclaim, the Court strictly limited advancement to expenses arising from Reed's defense of his role as an officer or director. Additionally, the Court emphasized that Reed could not get advancement for his defense of his "participation in the 'advisory board'" or "the business decisions pertaining to CropUSA." *Id.*

Yet, Reed now requests fees in the Green category that include expenses for his defense for "his alleged membership on the Advisory Board." Dkt. 1195, at 4. Knowing the Court disallowed expenses for this work, Reed applied a 33% discount to the Green category expenses. However, the discount percentage is arbitrary. The Court will not award advancement for expenses beyond the parameters it has already set. To be sure, Reed's defenses overlap, but the overlap issue is precisely why the Court gave specific instructions limiting the advancement of expenses. Accordingly, the Court denies advancement of the Green category expenses.

The Yellow category expenses pose a similar problem. They cover litigation efforts beyond Reed's defense of his director role. Reed argues that these expenses are appropriate

---

"16.5% is 1/3 of the percentage of fees remaining (50%) after the initial reduction of 50% is applied for the affirmative claims." *Id.* at 4 n.3.

MEMORANDUM DECISION AND ORDER - 4

because they were necessary for both his defense of his director role and his other litigation efforts. Again, Reed applies an arbitrary, albeit a higher, discount percentage to account for the overlap. The fundamental issue regarding the Yellow category expenses is that Reed fails to prove that these expenses were indeed necessary for his director defense. For instance, the Yellow category includes expenses for preparing for and attending depositions, and while he might have participated in depositions if his role in litigation was limited solely to his director defense, the length of the depositions and the preparation—and therefore the cost—likely was greater because of his additional participation in litigation. Likewise, several Yellow category expenses are for researching various issues and reviewing documents, and Reed's additional litigation roles likely increased the need and scope of research and review. Furthermore, as already noted, the bulk of Reed's activities were in the pursuit of his counterclaim; therefore, the overlap may be better explained by reversing Reed's explanation of the expenses—that is, these expenses were primarily for his counterclaim and only incidentally for his director defense. And Reed is not entitled to expenses in pursuit of his counterclaim or regarding any litigation activities other than his director defense.[5] Accordingly, the Court denies advancement of the Yellow category expenses.

Unlike the other categories, the Blue category expenses comply with the parameters already set by the Court. Thus, all that remains is a review of their reasonableness. The AIA entities raise one specific challenge to the reasonableness of the requested Blue

---

[5] The Court's decision today does not preclude Reed from seeking these fees at a later date.

MEMORANDUM DECISION AND ORDER - 5

category fees.[6] In his invoices, Reed includes entries for expenses regarding the motion for advancement of expenses. The AIA entities calculate that over 27 hours went to this matter.[7] Dkt. 1198, at 7. They contend that this is unreasonable. The Court disagrees.

Under Idaho Code § 30-29-854(b),[8] if a court determines that a director is entitled to an advance for expenses, "it shall also order the corporation to pay the director's expenses incurred in connection with obtaining court-ordered indemnification or advance for expenses." While 27 hours may seem high to the AIA entities for such a purpose, it is not unreasonable given the complexity of the case, the need for an opening brief and a reply brief, the lengthy period of invoices to review, and the need to categorize and redact time entries. The Court finds the time spent obtaining this advance is reasonable.

Furthermore, the Court has reviewed the remaining Blue category expenses and concludes they too are reasonable. Accordingly, the Court grants Reed advancement of all Blue category expenses, in the amount of $22,412.00.

### III. CONCLUSION

For the foregoing reasons, the Court orders advancement of Reed's expenses in the amount of $22,412.00. This amount corresponds to what Reed labels as the Blue category expenses. The Court denies expenses Reed labels as the Green and Yellow categories

---

[6] The AIA entities object to the whole advancement request on grounds the Court has already considered and rejected. Thus, the Court limits its present review to the AIA entities' specific objections to the requested fees.

[7] The AIA entities do not identify which entries are a part of this sum. Upon review of the Blue entries, the Court finds that *at least* 27 hours were spent on the advancement issue.

[8] Reed cites Idaho Code § 30-1-854(2). That section was recodified to § 30-29-854 in 2015.

because these expenses do not comply with the Court's strict limitation that Reed is entitled to an advancement for only expenses pertaining to his role as officer or director of the AIA entities.

## IV. ORDER

The Court HEREBY ORDERS:

1. Pursuant to the Court's January 24, 2022 Order (Dkt. 1194), the Court GRANTS in PART and DENIES in PART Reed Taylor's request for advancement of expenses (Dkt. 1195).

2. Reed Taylor is entitled to $22,412.00 in advance expenses from AIA Services Corporation and AIA Insurance, Inc.

3. AIA Services Corporation and AIA Insurance, Inc. have thirty (30) days to comply with this Order.

DATED: May 17, 2022

David C. Nye
Chief U.S. District Court Judge