## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release, together with the attached Exhibits 1-3 that are incorporated by reference into this Agreement (collectively "Agreement"), is made and entered into effective the 2 day of May 2022, by and among (i) Dale L Miesen, individually and in his capacity as an AIA Services Corporation shareholder ("Miesen") who filed and has been pursuing certain claims, including a shareholder derivative action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary, AIA Insurance, Inc.; (ii) non-party Donna J. Taylor, individually and in her capacity as an AIA Services Corporation shareholder ("Donna Taylor") who previously was a named plaintiff in this shareholder derivative action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary, AIA Insurance, Inc.; and (iii) Hawley Troxell Ennis & Hawley LLP, an Idaho limited liability partnership ("HTEH"), Gary D. Babbitt, by and through his guardian ad litem Laramie Babbitt (collectively "Babbitt"), D. John Ashby ("Ashby"), and Richard A. Riley ("Riley"), all of whom are collectively referred to as the "Hawley Troxell Defendants" (as further defined to include others below):

1.   **Other Definitions.**  In addition to the other defined terms in this Agreement, as used in this Agreement, the following terms shall have the meanings set forth below.   (Masculine pronouns shall not connote any particular gender, but shall be taken to mean masculine, feminine or neuter gender, as the appropriate case may be.)

   a.   The term "Affiliate" of, or a person "Affiliated" with a specific person, means an entity or other person whose decision-making or governance is controlled by or under common control with the Person specified.  For purposes of this definition, an entity is deemed "controlled" by or under common control with another Person if the other Person possesses, directly or indirectly, the power to direct or cause the direction of the management and policy of the controlled entity, whether by contract or through the ownership of 50% or more of the voting stock of a corporation, or with respect to a partnership, limited liability company, joint venture or entity other than a corporation, ownership of 50% or more of the equity or profits in such entity. The voting or ownership interest of any Person in an entity shall be consolidated with the ownership or voting interests of such Person's spouse, siblings, lineal descendants and lineal ascendants.

   b.   The term "AIA Entities" means AIA Services (defined below) and AIA Insurance (defined below), collectively.

   c.   The term "AIA Insurance" means AIA Insurance, Inc., an Idaho corporation.

   d.   The term "AIA Services" means AIA Services Corporation, an Idaho corporation.

   e.   The term "Claims" mean any and all losses, damages, liabilities, causes of action, judgments, allegations and demands of every kind, name or nature, KNOWN or UNKNOWN, asserted or which could have been asserted in the Litigation (defined below) or which could be asserted in the future by any of the Releasors (defined below) against Releasees (defined below), or any of them, in any way relating to, having to do with, arising, arisen or which

**SETTLEMENT AGREEMENT - 1**

may arise out of or by reason of any acts, omissions, events, and occurrences or Transactions (defined below) alleged or which could have been alleged in the Litigation, including but not limited to claims for contribution and indemnity, the performance of or alleged failure by any of the Releasees to perform any legal or other services, the fulfillment of or alleged failure to fulfill fiduciary duties (including but not limited to any duties of care, loyalty or good faith) by any of the Releasees, or any alleged violation of any provision of the IRPCs (defined below) by any of the Releasees.  Without limiting the generality of the foregoing, the term "Claims" includes any and all other allegations and potential causes of action asserted or which could have been asserted by any of the Releasors against Releasees, or any of them, for (i) damages allegedly incurred by either of the AIA Entities claimed to have been caused in (whole or in part) by any of the Releasees as a result of any act or omission in their capacity as attorneys or agents for either of the AIA Entities, any Nonsettling Defendant (defined below), or any other Person concerning any Transaction; (ii) damages allegedly incurred by either of the AIA Entities claimed to have been incurred (in whole or in part) by any of the Releasees allegedly aiding and/or abetting or otherwise acting in concert with any Nonsettling Defendant or other Person; or (iii) actual, consequential or punitive damages, costs of suit, attorney fees, disgorgement of fees and/or costs, and other claims for damages or for declaratory or equitable relief of any nature whatsoever.  The term "Claims" also includes but is not limited to any losses, damages, or liabilities alleged or that could have been alleged against any of the Releasees by Miesen or Donna Taylor either directly, in their individual capacity, or derivatively, as shareholders of AIA Services on behalf of either of the AIA Entities.

f.      The terms "concern" or "concerning" means relating to, in connection with, describing, evidencing, supporting, or discussing the referenced matter.

g.      The term "Court" means the District Court judge assigned to the Litigation (defined below).

h.      The term "CropUSA" means CropUSA Insurance Agency, Inc., an Idaho corporation, and CropUSA Insurance Services, LLC, an Idaho limited liability company, collectively.

i.      The term "Donna Taylor" means Donna J. Taylor, both individually and in her capacity as a shareholder of AIA Services who was one of the shareholders that initially filed the Litigation alleging Claims on behalf of and/or in the right of AIA Services and its wholly owned subsidiary, AIA Insurance, as well as any of her Affiliates.

j.      The term "Hawley Troxell Defendants" means each and all of HTEH, Babbitt, Ashby, and Riley and includes all other present or former HTEH partners, associates, of counsel attorneys, paralegals, staff, employees, Affiliates, attorneys, their outside litigation counsel, or other agents regarding each of them, and (where applicable) the spouses and marital communities of the Hawley Troxell Defendants, and their respective insurers.

k.      The term "IRPC" means the Idaho Rules of Professional Conduct.

l.      The term "Litigation" means the action captioned *Dale L. Miesen. v. Connie Taylor Henderson, et al*., (a/k/a *Donna J. Taylor, et al. v. Hawley Troxell Ennis & Hawley, LLP, et al.*), filed under Case No. 1:10-cv-00404-DCN-CWD in the United States District Court for the District of Idaho.

**SETTLEMENT AGREEMENT - 2**

m.      The term "Miesen" means Dale L. Miesen, both individually and in his capacity as a shareholder of AIA Services who was one of the shareholders who filed and has been pursuing the Litigation alleging Claims on behalf and/or in the right of AIA Services and its wholly owned subsidiary, AIA Insurance, as well as any of his Affiliates.

n.      The term "Nonsettling Defendants" means and includes all named (and any future named) defendants in the Litigation other than the Hawley Troxell Defendants.

o.      The terms "Person" and "Persons" mean and includes any one or more natural person, corporation, partnership, limited liability company, joint venture, unincorporated association, governmental entity (or agency or board thereof), quasi-public entity or other form of entity, and any combinations thereof.

p.      The terms "relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter referred to or identified in this Agreement.

q.      The term "Releasors" mean (i) Miesen, his Affiliates, and his present and future successors and assigns (if any); (ii) Donna Taylor, her Affiliates, and her present and future successors and assigns (if any); and (iii) subject to the legal effect of the Approval Order (defined below) and entry of the Rule 54(b) Judgment (defined below), the AIA Entities, their common stock shareholders, AIA Services' Series A Preferred Stock and Series C Preferred Stock shareholders, and any other Persons that the law binds by the entry of the Approval Order and/or the Rule 54(b) Judgment.

r.      The term "Releasees" means each and all of the Hawley Troxell Defendants, and any and all Persons for or through whom they, or any of them, may have acted, or who may be liable to any of the Releasors with respect to any of the Claims.   This definition of "Releasees" excludes all of the Nonsettling Defendants as defined in "n" above.

s.      The term "Transaction" or "Transactions" mean any financial or business or arrangement for the provision of services and any other contract or agreement between or among two or more parties named in the Litigation or that was at issue in the Litigation.   Without limiting the foregoing, Transaction or Transactions includes each and every arrangement, contract or other agreement concerning which either Miesen or Donna Taylor made any allegations against any of the Hawley Troxell Defendants, including but not limited to any agreement or arrangement pursuant to which any of the Hawley Troxell Defendants provided any legal services to or for the benefit of either of the AIA Entities or CropUSA or any of the Nonsettling Defendants.

**2.      Court Approval and Notice to Shareholders and Others.**   This Agreement, subject to its terms, provides for and constitutes, among other things, the compromise, settlement, dismissal with prejudice and termination of all derivative Claims against the Hawley Troxell Defendants in the Litigation.   Therefore, Court approval of the settlement and this Agreement are required and notice of the settlement is to be provided to AIA Services' shareholders and AIA Insurance's shareholder (AIA Services).   Within five business days of all parties signing this Agreement, Miesen and the Hawley Troxell Defendants shall jointly request that the Court enter an order (the "Approval Scheduling Order") approving the forms of the notice to be provided, how the notice will be provided, who will be sent the notice, and a schedule for briefing and any hearing

**SETTLEMENT AGREEMENT - 3**

regarding a Motion for Approval of Hawley Troxell Settlement (the "Approval Motion"). The Approval Scheduling Order may also set forth a schedule for briefing and any hearing regarding Miesen's Fee Application Motion (defined below); however, the Hawley Troxell Defendants take no position regarding when (or if) Miesen's Fee Application should be addressed by the Court; and neither this Agreement nor the Approval Order is dependent on when (or if) the Court addresses Miesen's Fee Application. The parties joint request for entry of the Approval Scheduling Order shall be accomplished by lodging for entry the Stipulation for and [Proposed] Scheduling Order Regarding Settlement Approval Proceedings in the same form attached as Exhibit 1. Once the Approval Scheduling Order has been entered, (i) the parties shall, consistent with the below provisions and the dates set forth in that Order, comply with the notice provisions, and (ii) Miesen shall prepare and file all pleadings reasonably necessary to request Court approval of this Agreement by entry of a Court order in substantially the same form as Exhibit 2 ("Approval Order"), and, entry of a Rule 54(b) Judgment in substantially the same form attached as Exhibit 3. ("Rule 54(b) Judgment").

In connection with the notice addressed above, the parties agree that they will jointly request that the Approval Scheduling Order provide that:

a.    The content of the notices shall be substantially that which is set forth as attachments "A" and "B" to the Approval Scheduling Order (Exhibit 1 hereto), or such other different content as the Court may require in its sole discretion.

b.    Notice shall be provided by Miesen or his counsel by U.S. first class mail ("Mail Notice") to the last known addresses for the following Persons (the "Notice Recipients"): (i) any common or preferred shareholders of record of either AIA Services or AIA Insurance; (ii) the Trustee of record of the AIA Services 401(k) Plan (the "Plan") and Plan participants (a) at the addresses indicated in the most recent list of Plan participants produced in discovery in the Litigation by AIA Services or John Taylor, and (b) any different or additional addresses for Plan participants provided by HTEH or its counsel; and (iii) the last Trustee of record of the AIA Services' ESOP; and the last former ESOP participants at (a) the addresses indicated in the last known ESOP participants' list and/or the last shareholder list provided during discovery in the Litigation by AIA Services or John Taylor, and (b) any different or additional addresses for former ESOP participants provided by HTEH or its counsel. Miesen shall provide HTEH's counsel with a list of all Persons to which he provided Mail Notice pursuant to this provision.

c.    Mail Notice shall be provided by HTEH or its counsel, at HTEH's sole expense, by U.S. first class mail to the following (the "Additional Notice Recipients"): (i) those creditors of the AIA Entities shown on the most recent annual AIA Services' Balance Sheet or list of account payables produced in the Litigation by AIA Services or John Taylor; and (ii) the state agency in each of the following states (the "Escheat States") to which unclaimed funds escheat: Texas, Arkansas, Kansas, Minnesota, Montana, South Dakota, Utah, and Wyoming. The addresses to be used for the Additional Notice Recipients shall be those (if any) provided during discovery in the Litigation by AIA Services or John Taylor or those which HTEH or its counsel are able to locate by means of a reasonable internet search. HTEH shall provide Miesen's counsel with a list of all Persons to which it provided Mail Notice pursuant to this provision.

d.    In addition, (i) Miesen or his counsel, at their expense, shall arrange for publication of a court-approved short form version of the notice (the "Publication Notice") in a

**SETTLEMENT AGREEMENT - 4**

daily newspaper with city-wide circulation in the Lewiston-Clarkston area, and (ii) HTEH or its counsel shall arrange for publication of the Publication Notice, at HTEH's expense, in a daily newspaper with significant circulation in the Escheat States.  The Publication Notice shall be 1/4 page and, with the exception of Texas, shall be published on a single weekday during two consecutive weeks.  The Texas Publication Notice shall be published on a single weekday.

       e.    The pertinent dates in the Approval Scheduling Order shall allow an adequate time period for any Notice Recipient or Additional Notice Recipient, as well as other parties in the Litigation, to file any responses or objections to the Approval Motion or to Miesen's Fee Application Motion, for Miesen and for the Hawley Troxell Defendants to submit replies, if any, or such other written submissions regarding whether this Agreement should be approved and whether the Approval Order and the Rule 54(b) Judgment should be entered.   By providing notice and an opportunity to be heard to Notice Recipients and Additional Notice Recipients other than Persons who are shareholders or beneficial shareholders of record of either of the AIA Entities (as the terms "shareholders" and "beneficial shareholders" are defined in I.C. §§ 30-29-140 and 30-29-740), Miesen and the Hawley Troxell Defendants do not intend to concede or suggest that such Persons have standing or any ability or right to object or be heard regarding either the Approval Motion or Miesen's Fee Application Motion, and they each separately reserve their right to request that the Court not consider any objections or written submissions by any Persons who are not shareholders or beneficial shareholders of either of the AIA Entities.

       In the event this Agreement and/or the attached Exhibits 1-3 are not approved by the Court in their entirety in the Approval Order (Exhibits 2 and 3 need only be approved in substantially the form submitted so long as they are in compliance with the terms of this Agreement), the Conditions Precedent in Section 15 shall not be fully satisfied and the provisions in Section 15(c) apply and this Agreement shall be null and void.   Upon both the entry of the Approval Order and the entry of the Rule 54(b) Judgment as provided above, but subject to the other Conditions Precedent in Section 15 being satisfied in full, this Agreement shall inure to the benefit and constitute the binding obligations of each of the Releasors and each of the Releasees.   The parties acknowledge that the Court is under no obligation to grant the Approval Motion or to enter the Approval Order or the Rule 54(b) Judgment.

     **3.**    **Settlement and Release of Claims by Releasors.**  Subject to and effective upon the Conditions Precedent in Section 15 being satisfied, Releasors fully, finally and forever release, waive, and relinquish all Claims and hereby acquit and discharge each and all of the Releasees from all Claims.  By entering into this Agreement, Miesen and Donna Taylor are releasing all Claims they have asserted, or could have asserted either individually or derivatively on behalf of either of the AIA Entities against any of the Releasees.   Releasors expressly reserve and are not releasing any claims against any Persons other than Releasees, including, without limitation, Miesen is not releasing his claims or any rights against any of the Nonsettling Defendants and Donna Taylor is not releasing any of her claims or any rights against any of the defendants in her pending two consolidated lawsuits, Case Nos. CV-08-01150 and CV-13-001075, both of which are pending in the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County (collectively the "<u>DT Consolidated Case</u>").   The parties' intent is that so long as the Conditions Precedent in Section 15 are satisfied, this Agreement provides for the dismissal with prejudice and entry of the Rule 54(b) Judgment with respect to all Claims previously asserted (or which could have been asserted) by Releasors against the Hawley Troxell Defendants, and that such dismissal and judgment shall be binding upon and preclude not only any later claims in any

**SETTLEMENT AGREEMENT - 5**

way related to the AIA Entities against any of the Hawley Troxell Defendants by Miesen and Donna Taylor, but also any such claims that could have been brought by either of the AIA Entities, the AIA Entities' common or preferred shareholders, any other Persons who might be deemed beneficial shareholders of either of the AIA Entities, and any of the Notice Recipients or the Additional Notice Recipients to the extent, if at all, they may be entitled to bring any claims on behalf of either of the AIA Entities.

4.    **Settlement and Release of Claims by the Hawley Troxell Defendants.**    Subject to and effective upon the Conditions Precedent in Section 15 being satisfied, the Hawley Troxell Defendants fully, finally and forever release, waive, and relinquish any claims of any kind against Miesen and his litigation counsel, Donna Taylor and her litigation counsel, and the AIA Entities, including, without limitation, any known and unknown claims, attorneys' fees, costs, sanctions or other expenses related to: (i) legal or other services HTEH previously provided to the AIA Entities (including any unpaid sums owed for legal services or costs); and/or (ii) the Litigation.    The Hawley Troxell Defendants' release includes, without limitation, a waiver of all claims and payment for discovery sanctions they were previously awarded against Miesen and his counsel in the Litigation.    The Hawley Troxell Defendants expressly reserve and are not releasing any claims against any Persons other than the foregoing claims against Miesen, Donna Taylor, the AIA Entities, or Miesen's counsel in the Litigation.

5.    **Settlement Payment.**    Subject to the provisions in Section 15, HTEH's insurer shall pay the total sum of One Million Four Hundred Thousand and 00/100 Dollars ($1,400,000) (the "Settlement Payment").    When due, the Settlement Payment, which is for the benefit of the AIA Entities, shall be paid by HTEH's insurer into the Court's registry.    The Court may subsequently on motion order that the Settlement Payment be transferred to another account, provided such other account remains under the control of the Court until further order.    The Settlement Payment funds shall thereafter be under the Court's control to be used pursuant to Court order(s) for the benefit of the AIA Entities which, if ordered by the Court, may include but shall not be limited to (i) the payment of any Court-awarded attorneys' fees or cost reimbursement to Miesen's counsel pursuant to Miesen's Fee Application Motion, (ii) the payment of any outstanding fees owed by Miesen to the Litigation Special Discovery Master David Lombardi or his law firm, Givens Pursley LLP, (iii) the payment of any *bona fide* creditors of the AIA Entities, or (iv) the payment of any distributions to the AIA Entities' preferred or common shareholders or other stakeholders

6.    **Procedures to Address Contribution or Indemnity Claims and Subsequent Settlements.**    The parties acknowledge that damages claimed in the Litigation by Releasors may be the subject of further dispute or litigation among Releasors and the Nonsettling Defendants either in the Litigation or in other litigation that Releasors are pursuing or may pursue.    It is the mutual intent of the Releasors and Releasees that this Agreement shall be construed in such manner that, if any Nonsettling Defendant or other Person is determined to be a joint tortfeasor (as defined in Idaho Code § 6-803(4) and (5) or other applicable law) with any Releasee, they shall not be entitled to recover contribution or indemnity of any kind whatsoever from such Releasee.    It is further the mutual intent of the parties that Releasees shall not be required to participate as party-defendants at trial, or otherwise defend the Litigation, or to remain as active parties to the Litigation, or to participate in any other lawsuit initiated by Releasors involving the subject matter of the Litigation or damages claimed or that could have been claimed therein.    The mutual intent of the Releasors and Releasees is that, by payment of the Settlement Payment and the release of

**SETTLEMENT AGREEMENT - 6**
**Exhibit - A, p. 6**

Claims in this Agreement, the Hawley Troxell Defendants shall have forever resolved all of the claims and damages which are at issue or could have been at issue in the Litigation as to all parties to the Litigation.   In order to effectuate the mutual intent of the Releasors and Releasees in this regard, Releasors and Releasees agree to the following provisions:

a.   <u>Listing the Hawley Troxell Defendants on Any Special and/or General Verdict(s) in the Litigation</u>.   Miesen and the Hawley Troxell Defendants agree that the Court must approve and confirm that the Hawley Troxell Defendants shall be included on any special verdict(s) and/or general verdict(s) at any trial in the Litigation by including the following paragraph or incorporating by reference this Agreement in its Approval Order:

> The Court shall include the Hawley Troxell Defendants on any special and/or general verdict form(s) submitted to the jury at the conclusion of the trial(s) in the above-entitled action so that the jury can make a determination of an allocation of non-party fault or responsibility, if any, for any damages alleged to have been incurred by the AIA Entities that were proximately caused by any act and/or omission by the Hawley Troxell Defendants.   To the extent that the Court, rather than the jury, decides any of Miesen's claims, the Court's Findings and Conclusions shall include a determination of an allocation of non-party fault or responsibility, if any, for any damages alleged to have been incurred by the AIA Entities that were proximately caused by any act and/or omission of the Hawley Troxell Defendants.   If the jury and/or Court determines that the Hawley Troxell Defendants are at fault, the Court will enter a partial satisfaction of any resulting judgment Miesen obtains against defendant(s) other than the Hawley Troxell Defendants to the extent of any adjudicated allocation(s) of fault regarding the Hawley Troxell Defendants.   For example, if the jury and/or Court returns verdict(s) totaling $6,000,000 at trial and there is an allocation of fault rendered against the Hawley Troxell Defendants for 30 percent (30%) fault ($1,800,000 of the $6,000,000 in damages), then a partial satisfaction of judgment for $1,800,000 will be entered by Miesen and/or the Court to reflect that the portion of the verdict attributable to the fault allocated to the Hawley Troxell Defendants has been fully paid and satisfied.   In other words, the judgment against the remaining defendants against whom judgment is entered would be credited and reduced by $1,800,000 through the entry of a partial satisfaction of judgment even though the Hawley Troxell Defendants' Settlement Payment was only $1,400,000.   By way of another example, if the jury and/or Court returns verdict(s) allocating no fault to the Hawley Troxell Defendants, then neither the Hawley Troxell Defendants nor their insurer shall be entitled to a return or refund of any portion of the Hawley Troxell Defendants' Settlement Payment.   Miesen is not waiving his right to argue at trial to the jury or to the Court that the appropriate percentage of fault that should be ascribed to the Hawley Troxell Defendants is zero.

Consistent with the above provision, Miesen shall, within three (3) business days of obtaining any judgment for damages against any of the remaining defendants or the order resolving any post-trial motions regarding any such judgment, whichever time-period is greater, file a partial satisfaction of such judgment to the extent of any adjudicated allocation(s) of fault or liability on the part of the Hawley Troxell Defendants.   If for any reason Miesen fails to do so, Miesen and the Hawley Troxell Defendants agree and they hereby jointly authorize the Court to enter an order stating that Miesen's judgment against the remaining defendants has been satisfied to the same

**SETTLEMENT AGREEMENT - 7**

extent as expressly provided above.  Releasors and Releasees also specifically desire to have the Court confirm in its Approval Order that it will ensure that the Hawley Troxell Defendants are included on the special and/or general verdict(s) because Miesen and the Hawley Troxell Defendants' mutual intent is to ensure that any allocation of fault or liability on the part of the Hawley Troxell Defendants, if any, is fully and forever established in the Litigation and that the Hawley Troxell Defendants are not subjected to future lawsuits for contribution or indemnity.  By agreeing to this provision, Miesen acknowledges that plaintiffs typically do not wish to have non-parties listed on any jury or Court verdicts and he confirms that he has entered into this provision only after careful consideration and understanding that he is assuming any risks associated with requiring this provision.  This provision does not create any duties or obligations on the part of Miesen or his counsel to defend or protect the interests of the Hawley Troxell Defendants, including at any trial(s).

      b.    <u>Provision Applicable to Both the Litigation and the DT Consolidated Case</u>. For the avoidance of doubt, in the event that any of the Releasors has asserted or later asserts a claim against any other Person arising out of, relating to, or in any way connected with any Transaction, event, or occurrence which is or could be the subject matter of either the Litigation or the DT Consolidated Case, or any injuries or damages that have or could have been asserted therein, and if such other Person is determined or adjudicated to be a joint tortfeasor with any of the Releasees, the claim of such Releasor against such joint tortfeasor shall be reduced by such amount as may be determined or adjudicated to be the proportion of such Releasor's alleged damages attributable to the claims against the Releasees.

      c.    <u>Settlement with Remaining Defendants</u>.  If Miesen subsequently settles any of his claims for damages or other relief being pursued against any of the remaining defendants in the Litigation, Miesen must obtain and include a provision as part of any settlement agreement with that settling defendant(s) that they agree to release the Hawley Troxell Defendants for all known and unknown contribution, indemnity, or any other claims of any kind related to any Transactions or legal services concerning the AIA Entities or CropUSA.  In order to eliminate any confusion, any settlement with any of the remaining defendants in the Litigation shall include the following release provision:

> [Insert Name of Subsequently Settling Party, including his/her/its successors, and/or assigns and/or affiliates, if any (defined in this provision as "<u>Subsequently Settling Party</u>")] agrees to and hereby fully and unconditionally releases, waives and discharges Hawley Troxell Ennis & Hawley LLP, including each of its current or former partners, associates, of counsel attorneys, paralegals, staff, other employees, affiliates, attorneys, agents, insurers, and any other persons or entities who acted on their behalf (collectively "<u>HTEH</u>"), from any claims Subsequently Settling Party has for losses, damages, liabilities, any causes of action, judgments, allegations and demands of every kind, name or nature, KNOWN OR UNKNOWN, asserted or which could have been asserted either in the past or in the future, that in any way relate to or arise out of (i) any prior dealings such Subsequently Settling Party had with HTEH, (ii) any prior dealings HTEH had concerning AIA Services Corporation ("<u>AIA Services</u>"), AIA Insurance, Inc. ("<u>AIA Insurance</u>"), or either Crop USA, Insurance Agency, Inc or CropUSA Insurance Services, LLC (collectively "<u>CropUSA</u>") and (iii) any potential claim for contribution or indemnification such Subsequently Settling Party has or potentially has against HTEH relating to or arising

SETTLEMENT AGREEMENT - 8

out of any claims previously made or which could have been made, or claims made in the future, against the Subsequently Settling Party that in any way relate to or arise out of any past transactions or litigation involving AIA Services, AIA Insurance, or CropUSA.

By agreeing to this provision, Miesen acknowledges that this adds another aspect to any settlement which he may seek to obtain with any of the remaining defendants and he confirms that he has freely entered into this provision only after careful consideration and understanding that he is assuming any risks associated with requiring this provision.  With respect to GemCap Lending I, LLC ("GemCap"), Miesen shall exert all reasonable efforts to obtain the above release from GemCap, but Miesen is not required to obtain such release language if he is unable to persuade GemCap to agree to such terms after exerting reasonable efforts.

       **7.**     **Disputed Nature of Claims.**    Neither this Agreement, the Settlement Payment nor any other payment made or other consideration given by Releasees pursuant to its terms constitute an admission of liability or fault on the part of Releasees or any of them.  To the contrary, Releasees deny any liability or fault and desire only to buy their peace and to finally and forever conclude all controversies, disputes and the pending Litigation or other potential litigation relating to, in connection with or concerning the Claims as provided in this Agreement.

       **8.**     **Indefinite Nature of Claims.**  Releasors acknowledge that any loss, liability or damage resulting from the Claims is or may be of a progressive, continuing and/or unknown nature.  Although the extent of the damages alleged by Miesen in the Litigation is uncertain and indefinite in certain respects, and although the Claims being released include any potential future unknown Claims, this Agreement nonetheless is intended to be all-encompassing and to constitute a final, complete discharge of all Claims, binding forever upon Releasors, and each of them.  This Agreement finally and forever concludes all demands and controversies concerning the Claims against the Hawley Troxell Defendants, and it specifically bars any demands against them for future damage or loss pertaining to or arising out of the Claims, as well as any damage or loss, KNOWN OR UNKNOWN, which arose or arises from any events occurring before the date of this Agreement.  Releasors understand, agree and acknowledge that a portion of the Settlement Payment is being paid as consideration for UNKNOWN, UNANTICIPATED, and UNSUSPECTED potential future Claims resulting from or in any way related to the Transactions at issue in the Litigation.  To the extent, if any, that section 1542 of the Civil Code of California ("Section 1542") is applicable, Releasors expressly agree that the released Claims include and they waive any rights under that provision.  Section 1542 provides:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."**

Releasors certify that they have read Section 1542 set out above.  Releasors also understand and acknowledge that the significance and consequence of this waiver of Section 1542 is that even if any of the Releasors should eventually suffer additional damages arising out of the released Claims, Releasors will not be permitted to make any claim against Releasees for those

**SETTLEMENT AGREEMENT - 9**

damages.  Releasors further acknowledge that they intend these consequences even as to claims for injury and/or damages that may exist as of the date of this Agreement but which Releasors do not know exist, and which, if known, would materially affect Releasors' decision to execute this Agreement, regardless of whether Releasors' lack of knowledge is the result of ignorance, oversight, error, negligence, prior Court rulings in the Litigation, or any other cause.  Releasors knowingly and voluntarily assume the risk that the facts or law may be different from what Releasors presently believe.  By agreeing to include the above provision regarding California law, Miesen and Donna Taylor and the Hawley Troxell Defendants are not conceding that California law applies to this Agreement or any of Releasors' Claims, and each of them reserve their right to dispute whether California law applies in any respect.

For the avoidance of doubt, this Agreement applies and is controlling whatever the nature of the harm or loss, and even though any Releasor may be acting under a mistake or misapprehension as to the existence, nature, extent or duration of such damage or loss.   Releasors acknowledge and represent that Releasors have assumed the risk of any and all unknown, unanticipated, or misunderstood Claims which are released by the provisions of this Agreement and hereby waive and release all rights and benefits that any Releasor might otherwise have under any federal, state or local laws or statutes with regard to the release of such unknown, unanticipated or misunderstood Claims.

**9.    Suspension of Certain Motions and Responses/Objections.**    Within five business days of this Agreement being signed, Miesen and the Hawley Troxell Defendants will notify the Court that an agreement in principle for settlement exists that is subject to court approval, and in connection with that notification, Miesen and the Hawley Troxell Defendants shall request that the following pending motions filed by the Hawley Troxell Defendants be held in abeyance pending settlement approval proceedings: the motions filed under Dockets 1067 and 1077 (collectively the "Pending Motions").  If the Approval Order is obtained and the Rule 54(b) Judgment is entered, the Pending Motions will be moot insofar as the Hawley Troxell Defendants are concerned, and because of that, the Hawley Troxell Defendants shall file a notice withdrawing the Pending Motions as moot insofar as they are concerned.  Within five business days of this Agreement being signed, Miesen and the Hawley Troxell Defendants also will notify the Court that Miesen's Motion to Certify Questions to the Idaho Supreme Court (Dkt.1148) also shall be held in abeyance pending completion of the settlement approval proceedings.

**10.    Non-Disparagement.**    Except as necessary in shareholder/board meetings or communications soliciting shareholder votes involving the AIA Entities, or in any court filings, litigation matters (e.g., discovery or expert reports) in the Litigation, the DT Consolidated Case, or any future lawsuits Miesen or Donna Taylor commence against Persons other than Releasees related to the AIA Entities (collectively "AIA Lawsuits"), or testimony or oral argument provided or presented in the AIA Lawsuits (or any appeal(s) in the AIA Lawsuits), Miesen and Donna Taylor and the Hawley Troxell Defendants agree to not make or encourage any other Person to make any disparaging public comments or public statements about the other including any disparaging comments in press releases, interviews with or communications with media representatives or outlets, or in any legal or other articles or publications.

**11.    No Collusion.**    The parties to this Agreement acknowledge that they have not engaged in any collusion for the negotiation and preparation of the terms and conditions in this Agreement.   The terms and conditions of this Agreement (including the amount of the Settlement

**SETTLEMENT AGREEMENT - 10**

Payment) is based solely on such parties independent and separate evaluation of the risks and expense associated with the Litigation and such parties' mutual desire to resolve, through this negotiated Agreement, the portion of this Litigation involving the Hawley Troxell Defendants on mutually fair and beneficial terms and conditions.

12.    **Unproduced Privileged and Work Product Documents.**    At the time of execution of this Agreement, the parties to this Agreement acknowledge that HTEH is in possession of privileged information and documents, including alleged attorney-client privileged information and documents ("A/C Privileged Materials"), common interest privileged information and documents (CI Privileged Materials"), and work product information and documents ("WP Privileged Materials") that were the subject of disputed discovery proceedings and various discovery rulings in the Litigation.   The A/C Privileged Materials, the CI Privileged Materials, and the WP Privileged Materials are collectively referred to as the "Privileged Materials."   Miesen acknowledges that he is nevertheless agreeing to resolve all known and unknown claims against the Hawley Troxell Defendants without being able to review a significant portion of the Privileged Materials because neither the AIA Entities nor the Hawley Troxell Defendants were required to produce them in the Litigation pursuant to various Court rulings.   Miesen, however, is not waiving his right to appeal the Court's decisions regarding the Privileged Materials against the Nonsettling Defendants in the Litigation.   The parties, therefore, are addressing certain aspects of the Hawley Troxell Defendants' future role regarding any effort by Miesen or Donna Taylor to obtain production of Privileged Materials.   Until there has been a final resolution of the Litigation (including any appeals), the Hawley Troxell Defendants shall preserve and shall not destroy any Privileged Materials in their (or their litigation counsel's) possession that were not produced in the Litigation pursuant to discovery rulings.   If Miesen or Donna Taylor's subsequent efforts, if any, to obtain access to WP Privileged Materials result in the Hawley Troxell Defendants incurring any costs (including reasonable attorney's and paralegal fees), then Miesen or Donna Taylor (as the case may be) shall be required to reimburse the Hawley Troxell Defendants for all such costs ("WP Cost Reimbursement") regardless of whether the WP Privileged Materials are subsequently ordered to be produced.   If Miesen or Donna Taylor's subsequent efforts, if any, to obtain access to A/C Privileged Materials or CI Privileged Materials result in any order that they must be produced, HTEH shall be entitled to payment of the reasonable costs of gathering and producing the A/C Privileged Materials and the CI Privileged Materials.   If Miesen or Donna Taylor's efforts, if any, to obtain access to the A/C Privileged Materials or the CI Privileged Materials result in a court order denying the production of any of those materials, HTEH shall be entitled to recover its costs (including reasonable attorneys' and paralegal fees), if any, incurred regarding Miesen or Donna Taylor's efforts to obtain production of those materials ("A/C Cost Reimbursement"). Any disputes regarding either entitlement to WP Cost Reimbursement, A/C Cost Reimbursement, or other cost reimbursement under this section or the amount shall be resolved by the Court.   If any subsequent court order(s) require HTEH to produce any Privileged Materials, any disputes regarding either WP Cost Reimbursement, A/C Cost Reimbursement, or other cost reimbursement shall be completed, and any WP Cost Reimbursement, A/C Cost Reimbursement, or other cost reimbursement shall be paid, prior to HTEH having any obligation to produce the materials.

13.    **No Testimony as Compensated Retained Expert Witnesses.**    The Hawley Troxell Defendants (including any other attorney or employee at their firm, whether attorneys now or in the future) will not agree to act as a compensated retained expert witness(es) for any of the remaining parties in the Litigation or any of the parties in DT Consolidated Case.   Nothing in this

provision, however, shall in any way restrict the scope of the testimony the Hawley Troxell Defendants may give either in depositions or at any trial or other formal legal or disciplinary proceeding in any capacity other than as a compensated retained expert witness.

**14.** **Matters Expressly Excluded from Settlement.** This Agreement shall not resolve any claims or matters involving any of the remaining parties in the Litigation, except as expressly provided in this Agreement. Except as expressly modified by this Agreement, Miesen expressly reserves all rights, claims, remedies, relief and appeals as to the Nonsettling Defendants and any other Persons (excluding Releasees).

**15.** **Express Conditions Precedent to Validity and Enforceability of Agreement and Rule 54(b) Judgment.** The parties expressly agree that the validity and enforceability of this Agreement and, if approved by the Court, the subsequent Rule 54(b) Judgment, shall be subject to the following two express conditions precedent ("Conditions Precedent"):

a. **Court Approval.** The Court must approve the entirety of the terms and conditions of this Agreement, including the entry of the Approval Order and the Rule 54(b) Judgment substantially in the same form attached as Exhibits 2 and 3 after notice has been provided to the Notice Recipients and the Additional Notice Recipients in connection with the Approval Motion.

b. **Timely Payment of Settlement Payment.** Provided a completed AIA Services' W-9 Form has been previously delivered to HTEH's counsel, the Settlement Payment must be timely paid on or before the earliest of the following dates: (i) within thirty (30) days after expiration of the deadline for filing a notice of appeal regarding both the Approval Order and the Rule 54(b) Judgment, if no appeals are filed; or (ii) if an appeal of the Approval Order or the Rule 54(b) Judgment is filed, within thirty (30) days after the entry of the final mandate for any appeal so long as the adjudication of the appeal results in the affirmance in all material respects of the Court's Approval Order, the terms of the this Agreement, and the terms of the Rule 54(b) Judgment. If the Settlement Payment is not timely made, Miesen shall have the option of declaring this Agreement and the Rule 54(b) Judgment void or seeking specific performance from the Court regarding payment of the Settlement Payment. If AIA Services does not timely provide a completed W-9 Form to HTEH's counsel, then pursuant to the Approval Order, Miesen shall sign and timely provide said form on behalf of AIA Services.

c. **Failure of any Condition Precedent.** In the event any one or more of the above two Conditions Precedent in Sections 15(a)-(b) are not timely satisfied, and subject to Miesen's discretion to seek specific performance under Section 15(b) if timely payment of the Settlement Payment is the only Condition Precedent not satisfied, this Agreement shall be null and void in its entirety, and it shall not be admissible as an acknowledgment of liability or fault by any Releasee or for any other purpose in the Litigation, and neither Releasees nor their insurer shall have any obligation to make the Settlement Payment, and Miesen's Claims against the Hawley Troxell Defendants and their defenses shall be reinstated.

**16.** **No Inducement.** By entering into this Agreement, each of the parties to this Agreement has relied entirely on the judgment and knowledge of each such party's own employees, agents, advisors and/or representatives, including but not limited to, Miesen obtaining advice from his attorneys of record in the Litigation, Roderick Bond and Andrew Schwam, and

**Exhibit - A, p. 12**

the Hawley Troxell Defendants relying on their counsel of record in the Litigation. Donna Taylor acknowledges that she obtained advice from her independent counsel, Daniel Green. None of such parties has been influenced by any statement or act of any other party to this Agreement or any attorney or other person acting for or on behalf of another party. Each of such parties has proceeded in making this Agreement with the benefit of and solely in reliance upon the advice of such party's own attorneys. No party to this Agreement has received any inducements, promises or representations of any kind causing any other party to make or deliver this Agreement, except as set forth in this Agreement.

17.  **Attorney Fees and Costs.**  Each party to this Agreement shall bear his, her, or its own prior attorneys' fees and costs in connection with the Litigation and in connection with the negotiation and drafting of this Agreement. Miesen and the Hawley Troxell Defendants shall also bear his, her, and its own attorneys' fees and costs in connection with obtaining the Court's Approval Order, addressing any objections, and for any appeal(s) addressing any objections, if any. Notwithstanding the foregoing, at the same time the Approval Motion is filed, Miesen's counsel intends to file a motion seeking an award of attorneys' fees and reimbursement of certain costs and requesting that those fees and costs be paid from the Settlement Payment after those funds have been deposited into the Court's registry (the "Fee Application Motion"). Neither this Agreement nor the Approval Order is dependent upon or contingent on whether or not the Fee Application Motion is filed, what ruling the Court issues regarding that motion, or whether the Court addresses the Fee Application Motion in conjunction with the Approval Motion.

18.  **Donna Taylor's Limited Role as a Releasor.**  Donna Taylor expressly reserves all rights and claims against AIA Services and all defendants in the DT Consolidated Case.

19.  **Representations.**

a.  **Joint Representations.**  Each of the parties to this Agreement represents that he, she or it: (i) has carefully read and fully understood this Agreement prior to signing and delivering it; (ii) all prior negotiations and understandings have been merged into and are contained in this Agreement and the attached Exhibits, which collectively contain the complete agreement among the parties to this Agreement; (iii) there has been no collusion (as that term is used in the settlement of derivative actions) in the negotiation, preparation and execution of this Agreement (including the attached Exhibits), the Settlement Payment, or the settlement contemplated by this Agreement; and the Settlement Payment would not have been made by the Hawley Troxell Defendants but for the Litigation; and (iv) the terms and conditions of this Agreement constitute sufficient consideration for each of the parties to enter into this Agreement (including as to the limited provisions involving Donna Taylor).

b.  **Representations by the Hawley Troxell Defendants.**  Hawley Troxell Defendants represent that: (i) HTEH has the power and authority to enter into this Agreement; (ii) HTEH's insurer has agreed to pay the Settlement Payment pursuant to and subject to the terms of this Agreement; and (iii) they have not entered into any arrangement or agreement with any of the Nonsettling Defendants regarding liability for any claims, allocation of fault, or contribution or indemnity regarding the Litigation.

c.  **Representations by Miesen.**  Miesen represents that: (i) he has not assigned or transferred any of the Claims in the Litigation; (ii) he has not transferred, encumbered, or

assigned his common shares in AIA Services (excluding the other common shares previously held for interests of his children as reflected on certain stock ledgers)  and he has owned those shares during all relevant times for the acts and omissions at issue in the Litigation; (iii) he retains the sole and exclusive voting rights for his common shares in AIA Services; (iv) he has not colluded with any other shareholders or creditors for the negotiations and/or entry into this Agreement; and (v) he was not under any duress or other undue influence for the negotiations (including the negotiations for the amount of the Settlement Payment) or entry into this Agreement.

        d.    <u>Representations by Donna Taylor</u>.  Donna Taylor represents that: (i) she has not assigned or transferred any of the Claims in the Litigation; (ii) she is the holder of 41,651 Series A Preferred Shares in AIA Services ("<u>Series A</u>") and she has owned those shares during all relevant times regarding the acts and omissions at issue in the Litigation; (iii) she has not transferred, encumbered, or assigned any of her Series A stock; (iv) she retains the sole and exclusive voting rights for her Series A stock; (v) she was not under any duress or other undue influence for the negotiations or entry into this Agreement; (vi) that AIA Services' receipt of the benefit of the Settlement Payment and the potential for some of those funds being available to be used to pay certain sums owed to her by AIA Services and/or redeem some or all of her Series A stock constitutes legally valid and sufficient consideration for her covenants and the release provisions in this Agreement that impact her; (vii) she was not represented by Miesen's undersigned counsel in connection with the negotiations and entry into this Agreement; and (viii) in connection with the negotiations and entry into this Agreement, she was assisted by advisors of her own choosing (including her independent counsel Daniel Green).

        **20.**    **Entire Agreement.**  This Agreement contains the full agreement of the parties. No verbal or written representations, promises or conduct of any kind have been made by the parties except for the written provisions in this Agreement; and no verbal or other alleged representations, promises or conduct will be admissible or considered in connection with the interpretation of this Agreement.  This Agreement contains the full and entire agreement of the parties to this Agreement.

        **21.**    **Modification.**  This Agreement shall not be altered, amended or modified unless through a written instrument signed by each of the undersigned parties.

        **22.**    **Severance.**  The undersigned parties agree that, if any court severs any terms or conditions of this Agreement or the attached Exhibits 2 or 3, this Agreement and the attached Exhibits 2 and 3 shall be null and void unless the parties agree otherwise in writing signed by all of the parties.

        **23.**    **Contractual Terms.**  All terms of this Agreement are contractual and are not mere recitals.

        **24.**    **No Presumption against Drafter.**  This Agreement shall be given a fair and reasonable interpretation in accordance with the words in this Agreement, without consideration or weight being given to its having been drafted by any party or that party's counsel.

        **25.**    **Incorporation of Exhibits by Reference.**  The Exhibits 1-3 attached to this Agreement are incorporated by reference into and made part of this Agreement as if included verbatim.  Those exhibits are:

**SETTLEMENT AGREEMENT - 14**

| Exhibit No. | Description |
|---|---|
| Exhibit 1 | Stipulation for and [Proposed] Scheduling Order Regarding Settlement Approval Proceedings, including Attachment A (Mailing Notice) and Attachment B (Publication Notice) |
| Exhibit 2 | [Proposed] Order Approving Settlement and Entering Final Judgment Regarding the Hawley Troxell Defendants |
| Exhibit 3 | *Judgment in a Civil Action* |

26.   **Counterparts.**  This Agreement may be executed by the undersigned parties in separate counterparts, each of which, when so executed and delivered, shall be an original, but all such counterparts shall together constitute one and the same instrument.  Each counterpart may consist of a number of copies hereof, each signed by less than all, but together signed by all, of the parties hereto.  Copies of documents or signature pages bearing original signatures and executed documents or signature pages delivered by a party by facsimile or e-mail transmission of a document in PDF format shall, in each such instance, be deemed to be, and shall constitute and be treated as, an original document or counterpart, as the case may be.  Any party delivering an executed counterpart of this Agreement by facsimile or e-mail transmission of a document in PDF format shall, when requested to do so by any other party, also deliver an original executed counterpart, but the failure to do so shall not affect the validity, enforceability, and binding effect of this Agreement.

27.   **Governing Law.**  This Agreement shall be governed by, interpreted and construed in accordance with the laws of the State of Idaho.

IN WITNESS WHEREOF, this Agreement has been executed effective the day and year first above written.

Dale L. Miesen, individually and as a Shareholder
Representative of AIA Services and AIA Insurance
May 2, 2022

APPROVED AS TO FORM:

RODERICK BOND LAW OFFICE, PLLC

By:   Roderick C. Bond
       Attorney for Dale L. Miesen

SETTLEMENT AGREEMENT - 15

ANDREW SCHWAM LAW FIRM

By:   Andrew Schwam
      Attorney for Dale L. Miesen

_____
Donna Taylor, individually and as a Shareholder
Representative of AIA Services and AIA Insurance

APPROVED AS TO FORM:

RACINE OLSON

By:   Daniel Green
      Attorney for Donna Taylor

HAWLEY TROXELL ENNIS & HAWLEY LLP

By:   Brad P. Miller
Its:  Co-Managing Partner

_____
Richard A. Riley

_____
D. John Ashby

_____
Laramie Babbitt
Guardian ad Litem for Gary D. Babbitt

**SETTLEMENT AGREEMENT - 16**

ANDREW SCHWAM LAW FIRM

By:   Andrew Schwam
        Attorney for Dale L. Miesen

Donna Taylor, individually and as a Shareholder
Representative of AIA Services and AIA Insurance

APPROVED AS TO FORM:

RACINE OLSON

By:   Daniel Green
      Attorney for Donna Taylor

HAWLEY TROXELL ENNIS & HAWLEY LLP

By:
Its:

Richard A. Riley

D. John Ashby

Laramie Babbitt
Guardian ad Litem for Gary D. Babbitt

**SETTLEMENT AGREEMENT - 16**

ANDREW SCHWAM LAW FIRM


By:   Andrew Schwam
      Attorney for Dale L. Miesen


_____
Donna Taylor, individually and as a Shareholder
Representative of AIA Services and AIA Insurance

APPROVED AS TO FORM:

RACINE OLSON


By:   Daniel Green
      Attorney for Donna Taylor

HAWLEY TROXELL ENNIS & HAWLEY LLP


By:
Its:


Richard A. Riley


_____
D. John Ashby


x   _Laramie Babbitt_
Laramie Babbitt
Guardian ad Litem for Gary D. Babbitt


SETTLEMENT AGREEMENT - 16

APPROVED AS TO FORM:

BYRNES KELLER CROMWELL LLP

By:   Bradley S. Keller
      Attorney for Hawley Troxell Ennis &
      Hawley LLP, Richard A. Riley,
      D. John Ashby and Gary D. Babbitt

ELAM & BURKE, P.A.

By:   Loren C. Ipsen
      Attorney for Hawley Troxell Ennis &
      Hawley LLP, Richard A. Riley,
      D. John Ashby and Gary D. Babbitt

**SETTLEMENT AGREEMENT - 17**

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc., | NO. 1:10-CV-404-DCN-CWD |
| Plaintiff, | **STIPULATION FOR AND [PROPOSED] SCHEDULING ORDER REGARDING SETTLEMENT APPROVAL PROCEEDINGS** |
| v. |  |
| CONNIE TAYLOR HENDERSON, et al., |  |
| Defendants. |  |

Pursuant to Local Civil Rule 7.3, plaintiff and the Hawley Troxell Defendants[1] stipulate as follows:

1.      Subject to court approval and the express conditions precedent set forth therein, plaintiff and the Hawley Troxell Defendants have entered into a Settlement Agreement and Mutual Release effective April ___, 2022 (the "Settlement Agreement"). Because this is a shareholder derivative lawsuit, the Settlement Agreement provides for notice of the proposed settlement to be provided to the shareholders and beneficial shareholders of the AIA Entities,[2] as well as certain other persons.

---

[1] "Hawley Troxell Defendants" refers to the following defendants: Hawley Troxell Ennis & Hawley LLP; Gary D. Babbitt by and through his guardian ad litem, Laramie Babbitt; D. John Ashby; and Richard A. Riley.

[2] "AIA Entities" refers to AIA Insurance, Inc. and AIA Services Corporation.

STIPULATION FOR AND PROPOSED SETTLEMENT
APPROVAL SCHEDULE ORDER - 1

EXHIBIT 1 TO SETTLEMENT AGREEMENT
Exhibit - A, p. 21

2.      Both the Settlement Agreement and the applicable Federal Rules of Civil Procedure provide for there to be further court proceedings to determine whether the Settlement Agreement should be approved.  In addition, plaintiff's counsel intends to seek an award of attorneys' fees and reimbursement of certain costs from the funds that, if the proposed settlement is approved, would be deposited into the Court's registry.

3.      Plaintiff and the Hawley Troxell Defendants (collectively the "Settling Parties") stipulate that the subjoined order regarding notice of the proposed settlement and scheduling further approval and certain other proceedings may be entered.

DATED this _____ day of April, 2022.

RODERICK BOND LAW OFFICE, PLLC        ELAM & BURKE, P.A.

By:_____        By:_____
    Roderick C. Bond, ISB No. 8082            Loren C. Ipsen, ISB No. 1767

ANDREW SCHWAM LAW FIRM        BYRNES KELLER CROMWELL LLP

By:_____        By:_____
    Andrew Schwam, ISB No. 1573            Bradley S. Keller (*pro hac vice*)
    ***Attorneys for Plaintiff Dale L. Miesen***        ***Attorneys for the Hawley Troxell Defendants***

## ORDER

Based upon the foregoing stipulation, the Court hereby orders as follows:

1.      Notice regarding the proposed settlement between the Settling Parties in the form attached hereto as Attachment A (the "Mail Notice") shall be provided by plaintiff to the potential equity holders of the AIA Entities by U.S. first class mail to:

      a.      Any common or preferred shareholders of record of either AIA Services Corporation ("AIA Services") or AIA Insurance, Inc. ("AIA Insurance") at their last known addresses.

STIPULATION FOR AND PROPOSED SETTLEMENT
APPROVAL SCHEDULE ORDER - 2
EXHIBIT 1 TO SETTLEMENT AGREEMENT
**Exhibit - A, p. 22**

b.   The Trustee of record of the AIA Services 401(K) Plan (the "Plan") and to Plan participants (i) at the addresses indicated in the most recent list of Plan participants produced in discovery in this case by AIA Services or defendant John Taylor, and (ii) to any different or additional addresses for Plan participants provided by the Hawley Troxell Defendants' counsel.

c.   The last Trustee of record of the earlier AIA Services ESOP (the "ESOP") and to the former ESOP participants (i) at the addresses for them in the last known ESOP participants list and/or shareholder list produced in discovery in this case by AIA Services or defendant John Taylor, and (ii) to any different or additional addresses for former ESOP participants provided by the Hawley Troxell Defendants' counsel.

2.   The Mail Notice shall also be sent by the Hawley Troxell Defendants via U.S. first class mail to the following potential creditors of AIA Services and AIA Insurance:

a.   Those creditors shown on the most recent AIA Services' Balance Sheet or list of account payables produced in the case by AIA Services or John Taylor.

b.   The state agency in each of the following states (the "Potential Escheat States") to which unclaimed funds escheat:  Texas, Arkansas, Minnesota, South Dakota, Utah, and Wyoming.

3.   A short-form version of the notice in the form attached hereto as Attachment B (the "Publication Notice") shall be published as follows:

a.   Plaintiff shall arrange for publication in the Lewiston Tribune.

STIPULATION FOR AND PROPOSED SETTLEMENT
APPROVAL SCHEDULE ORDER - 3
EXHIBIT 1 TO SETTLEMENT AGREEMENT

**Exhibit - A, p. 23**

b.      The Hawley Troxell Defendants shall arrange for publication in a daily

newspaper with significant circulation in each of the Escheat States.

c.      The Publication Notice shall be 1/4 page and, with the exception of Texas,

shall be published on a single weekday during two consecutive weeks.

The Texas Publication Notice shall be published on a single weekday.

4.      The following schedule will govern further proceedings regarding whether the

Court should approve the Settlement Agreement and enter a final Rule 54(b) Judgment

dismissing with prejudice any claims against the Hawley Troxell Defendants:

| **Event** | **Date** |
|---|---|
|  |  |
|  |  |
| Date by which Motion to Approve Settlement ("Approval Motion") shall be filed | May 31, 2022 |
| Date by which any motion for an award of fees or cost reimbursement by plaintiff shall be filed ("Fee Motion") | May 31, 2022 |
| Date by which mailing of Mail Notice is to be completed | June 15, 2022 |
| Date by which publication of Publication Notice is to be completed | June 15, 2022 |
| Date by which any objections to or opposition to either the Approval Motion or the Fee Motion shall be filed | July 8, 2022 |
| Date by which any reply briefs regarding either the Approval Motion or the Fee Motion shall be filed | July 20, 2022 |
| Court hearing regarding Approval Motion and Fee Motion | _____ |

5. The following pending motions shall be held in abeyance pending the outcome of the above approval proceedings regarding the Proposed Settlement: the motions filed under Docket Nos. 1067, 1077 and 1148.

DATED this _____ day of April, 2022.

_____
United States District Judge

# ATTACHMENT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.,<br><br>                                        Plaintiff,<br><br>      v.<br><br>CONNIE TAYLOR HENDERSON, et al.,<br><br>                                        Defendants. | NO. 1:10-CV-404-DCN<br><br>**NOTICE OF PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE ACTION AND OF HEARING** |

**TO:     ALL PERSONS AND ENTITIES WHO HOLD OF RECORD OR BENEFICIALLY OWN PREFERRED OR COMMON STOCK OF AIA SERVICES CORPORATION OR AIA INSURANCE, INC. AS OF _____**

**TO:     ALL UNPAID CREDITORS OF AIA SERVICES CORPORATION OR AIA INSURANCE, INC.**

*THIS NOTICE CONCERNS A PROPOSED SETTLEMENT OF CERTAIN CLAIMS IN THE ABOVE-CAPTIONED SHAREHOLDER DERIVATIVE ACTION AND CONTAINS IMPORTANT INFORMATION ABOUT YOUR POTENTIAL RIGHTS CONCERNING THE LAWSUIT.  THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF ANY CLAIMS OR DEFENSES IN THE LAWSUIT. THE STATEMENTS IN THIS NOTICE ARE NOT FINDINGS OF THE COURT*

All shareholders and creditors of both AIA Services Corporation ("AIA Services") and AIA Insurance, Inc. ("AIA Insurance") are hereby notified that, subject to among other things court approval, a settlement (the "Settlement Agreement") has been reached regarding certain claims asserted in a shareholder derivative action pending in Idaho federal court (the "Action"). The Action was brought against certain current and former officers and directors (the "O&D Defendants") of AIA Services and AIA Insurance (collectively the "AIA Entities") and a law firm and certain attorneys (the "Professional Defendants") who previously represented AIA

EXHIBIT 1 ATTACHMENT A
**Exhibit - A, p. 27**

Services and/or AIA Insurance regarding certain matters.  If approved, the settlement would release only the claims against the Professional Defendants.  The claims being made against the O&D Defendants have not been resolved.

A hearing on the settlement of the claims against the Professional Defendants will be held on _____, 2022, at ____ MT (the "Fairness Hearing") before U.S. District Judge David C. Nye, either in person at the United States District Court for the District of Idaho, James A. McClure Building and United States Courthouse, 550 W. Fort Street, Boise, Idaho 83724, or by telephone or videoconference (in the discretion of the Court).

At the Fairness Hearing, the Court will determine (i) whether to approve the proposed settlement as fair, reasonable and adequate and in the best interests of the AIA Entities and its shareholders, and (ii) whether to enter a final judgment dismissing the claims in the Action against the Professional Defendants on the merits and with prejudice, enjoining the prosecution of certain claims against the Professional Defendants, and releasing the Professional Defendants and certain other individuals and entities (as defined in the Settlement Agreement).

Plaintiff's counsel also is requesting an award of attorneys' fees and reimbursement of certain costs to be paid out of the settlement funds.  That request (the "Fee Application") will be heard by the Court at the same time as the Fairness Hearing.

The Court may, in its discretion, change the date and/or time of the Fairness Hearing or the hearing on the Fee Application without further notice to you.  If you intend to attend the Fairness Hearing or the Fee Application hearing, you should confirm the date and time of the hearing.

The Action was pursued by plaintiff Dale Miesen ("Plaintiff") on behalf of the AIA Entities.  If approved, the settlement will result in $1.4 million being deposited into the Court's registry to be disbursed subject to further Court order(s).

This Notice is not an expression by the Court as to the merits of any claim or defense asserted in the Action.

## <u>SUMMARY OF THE ACTION</u>

The Action arises from a number of transactions and dealings concerning the AIA Entities beginning in the late 1990s.  The Third Amended Complaint (the "TAC") alleges, among other things, that the O&D Defendants[1] had conflicts of interest, allegedly engaged in improper self-dealing, and breached fiduciary and other legal duties they owed the AIA Entities and their shareholders.  The TAC also alleges, among other things, that the Professional Defendants[2] were negligent, breached fiduciary duties, and engaged in other allegedly wrongful conduct regarding the legal services they provided, and that they aided and abetted the O&D Defendants' alleged wrongful conduct.  The TAC also alleges that all defendants wrongfully conspired to engage in certain transactions that Plaintiff claims harmed the AIA Entities.

---

[1] The O&D Defendants are R. John Taylor, Connie Henderson, James Beck, and Michael Cashman.
[2] The Professional Defendants are the law firm Hawley Troxell Ennis and Hawley LLP and several of its current or former attorneys.

EXHIBIT 1 ATTACHMENT A
**Exhibit - A, p. 28**

Plaintiff seeks damages on behalf of the AIA Entities and disgorgement of fees the AIA Entities paid the Professional Defendants and others. This notice is intended to provide only a summary of the claims in the TAC. Shareholders and others are advised to review the TAC for its full content. A copy of the TAC can be obtained by requesting one from counsel identified below.

Both the O&D Defendants and the Professional Defendants expressly deny all assertions of wrongdoing or liability in the Action, and they have vigorously disputed and defended Plaintiff's claims on multiple grounds for over ten years. The Professional Defendants, among other things, contend that the legal services they provided materially benefitted the AIA Entities and shareholders, that any potential conflicts of interest on their part were appropriately addressed, that they had no involvement in most of the transactions Plaintiff claims harmed the AIA Entities and did not even know about many of them and, in any event, that most of Plaintiff's claims are time-barred.

The Action has been pending since August 2010. Extensive document, deposition, and other discovery has occurred. The Professional Defendants filed a motion seeking summary judgment dismissal of all of Plaintiff's claims (the "Professional SJ Motion"). That motion was pending and undecided when the proposed settlement was negotiated. The O&D Defendants also filed a motion seeking summary judgment dismissal of some of Plaintiff's claims (the "O&D SJ Motion") which also is pending and undecided. A copy of the Professional SJ Motion and/or the O&D SJ Motion can be obtained by requesting them from counsel identified below.

## THE SETTLEMENT TERMS

If approved, the settlement would result in a payment of $1.4 million (the "Settlement Payment") by the Professional Defendants' insurer. The Settlement Payment would be deposited into the Court's registry. Any further disbursement of the funds would be only by further Court order(s). In the Fee Application, Plaintiff is asking that his counsel be awarded attorneys' fees and that those fees and certain litigation-related costs be paid from the Settlement Payment (see discussion below regarding "Attorneys' Fees and Expenses").

The Settlement Agreement, if approved, will result in a release of claims against the Professional Defendants and an injunction barring the prosecution of derivative claims against the Professional Defendants as explained below.

The Settlement Agreement, its exhibits, and the Court's prior order scheduling the Fairness Hearing and the Fee Application hearing, can be obtained by requesting them from counsel identified below.

## EFFECT OF COURT APPROVAL ON THE SETTLEMENT AGREEMENT

If the Court finds that the Settlement Agreement is fair, reasonable and adequate and in the best interests of the AIA Entities and its shareholders, the Court will enter an order and a final judgment approving the settlement with the Professional Defendants. Under that order and the judgment, Plaintiff and all other holders of record or beneficial owners of stock in either of the AIA Entities, as well as any other persons or entities who could maintain a derivative claim on behalf of the AIA Entities, will release the individuals and entities identified as "Releasees" consistent with the terms of the release provisions in the Settlement Agreement. If the Court's

EXHIBIT 1 ATTACHMENT A
**Exhibit - A, p. 29**

approval order becomes final and no longer subject to appellate review, it will release and extinguish all derivative claims that were or could have been asserted against the Professional Defendants (and the other Releasees) to the extent those claims arise from or relate in any way to any of the transactions and dealings concerning the AIA Entities that were at issue in the Action. Those transactions and dealings include, among other things, an alleged "spin off" of Crop USA Insurance Agency, Inc. ("Crop USA") in 2000/2001, a company that marketed and sold crop insurance, transactions and dealings between Crop USA and the AIA Entities and the O&D Defendants, the defense (including legal services provided by the Professional Defendants) of certain prior lawsuits brought against the AIA Entities and certain of their officers and directors, transactions between some of the O&D Defendants and the AIA Entities, certain loans for which assets of the AIA Entities were pledged as collateral, and a number of other transactions that the TAC alleges were wrongful and Plaintiff claims caused financial injury to the AIA Entities and their shareholders (collectively the "Transactions").

The release of the Professional Defendants (and other Releasees) also includes a release of claims concerning the Transactions that the AIA Entities and its shareholders do not know or suspect exist at the time of the release, and which, if known, might have affected the decision(s) to enter into the settlement.

In addition, the Settlement Agreement, if approved, will enjoin the prosecution of derivative claims and any claims by the AIA Entities against the Professional Defendants (and other Releasees) related to or arising from or related to any of the Transactions or any other claims that could have been brought in the Action. If approved, the Settlement Agreement also has provisions intended to protect the Professional Defendants and insulate them from potential contribution or indemnity claims by the O&D Defendants and others.

The Court has not made (and will not make) any determination as to the merits of any claims in the TAC against the Professional Defendants or their defenses. This notice does not imply that any of the Professional Defendants would be found liable or that any relief against them would be awarded if the claims against them were not being settled.

## EFFECT OF COURT DISAPPROVAL OF THE SETTLEMENT

If the Agreement is not approved, then the Settlement Agreement will be void and of no effect, and Plaintiff and the Professional Defendants will be restored to their respective positions in the Action that they held before the Settlement Agreement was executed. Among other things, the Court would proceed to address the merits of the pending Professional SJ Motion, as well as a number of other pending motions.

## ATTORNEYS' FEES AND EXPENSES

Neither the Settlement Agreement nor Court approval of the settlement is conditioned on whether Plaintiff's counsel is awarded any attorneys' fees or reimbursement of expenses. Plaintiff is filing a Fee Application seeking an award of attorneys' fees in the amount of $560,000 (40 percent of the Settlement Payment) and reimbursement of $398,787 of expenses. Plaintiff is asking in the Fee Application that those amounts be paid from the Settlement Payment after it has been deposited into the Court's registry. Any fees or cost reimbursement

EXHIBIT 1 ATTACHMENT A
**Exhibit - A, p. 30**

awarded will reduce the amount of the Settlement Payment available for subsequent distribution to the AIA Entities' shareholders or for the benefit of the AIA Entities.

## YOUR RIGHT TO OBJECT AND TO APPEAR

**The Fairness Hearing.**  If you agree that the proposed settlement with the Professional Defendants should be approved as fair, reasonable and adequate and in the best interests of the AIA Entities and their shareholders, you do not need to do anything regarding the Fairness Hearing.  However, if you wish to object to either (i) the fairness, reasonableness or adequacy of the proposed settlement, or (ii) to any term(s) of the Settlement Agreement, then you may submit a written objection on your own (or through an attorney you hire at your own expense), and you (or your attorney, if you have hired one) may appear at the Fairness Hearing.

**The Fee Application.**  If you agree that the attorneys' fees and expenses requested by Plaintiff's counsel are reasonable and appropriate, you do not need to do anything regarding the Fee Application.  However, if you wish to object to the attorneys' fees or expenses sought by Plaintiff's counsel, then you may submit a written objection on your own (or through an attorney you hire at your own expense), and you (or your attorney, if you have hired one) may appear at the hearing on the Fee Application (the "Fee Application Hearing.")

**How to Object.**  Any objections to either Court approval of the settlement or the Fee Application motion should (i) be in writing and refer to the Action's name and cause number, which is *Dale L. Miesen v. Connie Henderson, et al.*, No. 1:10-cv-404-DCN, (ii) state the basis for or grounds for the objection, (iii) indicate whether you plan to appear at the hearing, (iv) be filed with the Court, and (v) a copy should be provided to the counsel identified below.

**Any objection must be served and filed with the Court (and received by *all* the below counsel) no later than July 8, 2022.**

If you do not meet the deadlines or follow the procedures set forth above, your objection(s) will not be considered by the Court (unless the Court otherwise determines), and neither you nor your attorney (if you hire one) will be allowed to appear at the Fairness Hearing or the Fee Application Hearing.  In addition to filing them with the Court, submissions objecting to either the proposed settlement or the Fee Application should also be sent to counsel as follows:

| *Counsel for Plaintiff* | *Counsel for Professional Defendants* |
|---|---|
| RODERICK BOND LAW OFFICE, PLLC | BYRNES KELLER CROMWELL LLP |
| Roderick C. Bond, ISB No. 8082 | Bradley S. Keller (pro hac vice) |
| 10900 NE 4th Street, Suite 2300 | 1000 Second Avenue, 38th Floor |
| Bellevue, WA 98004 | Seattle, WA  98104 |
| Telephone:  (425) 591-6903 | Telephone:  (206) 622-2000 |
| rod@roderickbond.com | bkeller@byrneskeller.com |

EXHIBIT 1 ATTACHMENT A
**Exhibit - A, p. 31**

ANDREW SCHWAM LAW FIRM
Andrew Schwam, ISB No. 1573
705 SW Fountain Street
Pullman, WA  99163
Telephone:  (208) 874-3684
amschwam@turbonet.com

ELAM & BURKE, P.A.
Loren C. Ipsen, ISB No. 1767
251 East Front Street, Suite 300
Boise, ID 83701
Telephone:  (208) 343-5454
lci@elamburke.com

### **QUESTIONS REGARDING THE PROPOSED SETTLEMENT**

***Please do not write or telephone the Court about the proposed Settlement Agreement.***
If you have any questions you should contact either Plaintiff's counsel or the Professional
Defendants' counsel, both of whose contact information is set out above.

DATED this _____ day of _____, 2022.

BY ORDER OF THE COURT:

_____
The Honorable David Nye
United States District Judge

EXHIBIT 1 ATTACHMENT A
**Exhibit - A, p. 32**

# ATTACHMENT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

DALE L. MIESEN, an individual who is also
bringing this action on behalf of and/or in the
right of AIA Services Corporation and AIA
Insurance, Inc.,

                                    Plaintiff,

        v.

CONNIE TAYLOR HENDERSON, et al.,

                                    Defendants.

NO. 1:10-CV-404-DCN

**NOTICE OF (I) PROPOSED
DERIVATIVE SETTLEMENT; AND (II)
HEARINGS ON SETTLEMENT
FAIRNESS AND MOTION FOR
ATTORNEYS' FEES AND
LITIGATION EXPENSES**

**TO:    ALL PERSONS AND ENTITIES WHO HOLD OF RECORD OR
         BENEFICIALLY OWN PREFERRED OR COMMON STOCK OF AIA
         SERVICES CORPORATION OR AIA INSURANCE, INC. AS OF
         _____**

**TO:    ALL UNPAID CREDITORS OF AIA SERVICES CORPORATION OR AIA
         INSURANCE, INC.**

        PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE
AFFECTED BY A DERIVATIVE ACTION LAWSUIT PENDING IN THIS COURT

        YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District
Court for the District of Idaho (the "Court"), that (i) the above-captioned litigation (the "Action")
is pending in the Court, and (ii) certain (but not all) parties have reached a proposed settlement
that, if approved, would result in $1.4 million being deposited into the Court's registry for the
benefit of AIA Services Corporation and AIA Insurance, Inc. (collectively the "AIA Entities")
and subsequently disbursed pursuant to further Court order(s).

        A hearing will be held on _____ at ___ Mountain Time, before the Honorable
David C. Nye either in person at the United States District Court for the District of Idaho, James
A. McClure Building, 550 W. Fort Street, Boise, ID  83724, or by telephone or videoconference
(in the discretion of the Court).  At the hearing, the Court will determine whether:  (i) the
proposed settlement is fair, reasonable and adequate and in the best interests of the AIA Entities
and their shareholders; and (ii) whether to enter a final judgment dismissing any claims against
the settling defendants, enjoining further derivative claims against the settling defendants

EXHIBIT 1 ATTACHMENT B
**Exhibit - A, p. 34**

regarding certain transactions and dealings, and releasing them (and certain other persons and entities) to the extent set forth in a Settlement Agreement.

The proposed settlement is not conditioned or dependent on plaintiff's counsel being awarded any attorneys' fees or expenses. Plaintiff's counsel has requested an award of $560,000 for attorneys' fees and reimbursement of $398,787 of expenses to be paid from the settlement payment.

**If you are a holder of record or beneficial owner of stock in either of the AIA Entities, or if you would otherwise potentially have the ability to bring a derivative claim on behalf of either of the AIA Entities, your rights will be affected by the settlement.**

Any objections to either (i) the proposed settlement, or (ii) plaintiff's counsel's request for an award of attorneys' fees and litigation expenses, must be filed with the Court such that they are **received no later than July 8, 2022**. Further instructions regarding how to file objections can be obtained from the below counsel.

Do not contact the Court or the Clerk's office regarding this notice. All questions about this notice, requests for a copy of the Settlement Agreement, requests for any pleadings, and all other inquiries should be made to the below counsel:

*Counsel for Plaintiff*
RODERICK BOND LAW OFFICE, PLLC
Roderick C. Bond, ISB No. 8082
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
Telephone: (425) 591-6903
rod@roderickbond.com

*Counsel for Settling Defendants*
BYRNES KELLER CROMWELL LLP
Bradley S. Keller (pro hac vice)
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: (206) 622-2000
bkeller@byrneskeller.com

BY ORDER OF THE COURT:
UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

EXHIBIT 1 ATTACHMENT B
**Exhibit - A, p. 35**

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc., <br><br> Plaintiff, <br><br> v. <br><br> CONNIE TAYLOR HENDERSON, et al., <br><br> Defendants. | NO. 1:10-CV-404-DCN <br><br> **[PROPOSED] ORDER APPROVING SETTLEMENT AND ENTERING FINAL JUDGMENT REGARDING THE HAWLEY TROXELL DEFENDANTS** |

WHEREAS plaintiff Dale L. Miesen ("Plaintiff"), individually and as a shareholder asserting derivative claims on behalf of defendants AIA Services Corporation ("AIA Services") and its subsidiary AIA Insurance, Inc. ("AIA Insurance"), and defendants Hawley Troxell Ennis & Hawley LLP, Gary D. Babbitt (through his guardian ad litem), D. John Ashby, and Richard A. Riley (collectively the "Hawley Troxell Defendants" or "HTEH") have entered into a Settlement Agreement and Mutual Release effective April ___, 2022 (the "Settlement Agreement") that, subject to satisfaction of certain express conditions precedent, would settle any and all shareholder claims that were or could have been asserted against HTEH in this case (and, through principles of res judicata and release, any derivative claims regarding certain matters against any Releasee, as defined in the Settlement Agreement); and

[PROPOSED] ORDER APPROVING SETTLEMENT
AND JUDGMENT - 1

EXHIBIT 2 TO SETTLEMENT AGREEMENT

**Exhibit - A, p. 37**

WHEREAS, on _____, the Court entered a Scheduling Order Regarding Settlement Approval Proceedings ("Approval Scheduling Order") (Dkt. __) in which the Court ordered, among other things, that (i) Mailing Notice and Publication Notice be provided to the extent set forth therein to shareholders, potential beneficial shareholders, and potential creditors of AIA Services and AIA Insurance (collectively the "AIA Entities"), (ii) that an Approval Hearing be scheduled, and (iii) that all persons receiving notice, as well as the parties in this case, be provided with an opportunity to object to the proposed Settlement Agreement and/or to appear at the Approval Hearing; and

WHEREAS the Court held the Approval Hearing on _____ to determine, among other things, whether to approve the Settlement Agreement and enter a Rule 54(b) final judgment dismissing with prejudice any claims against the Hawley Troxell Defendants;

NOW, THEREFORE, based on the submissions of Miesen and HTEH (collectively the "Settling Parties"), and after giving due consideration to any objections and other submissions received, and on this Court's Findings of Fact and Conclusions of Law, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1.     **Incorporation of Settlement Agreement**.  To the extent that definitions for any defined terms do not appear in this Order Approving Settlement and Entering Final Judgment Regarding the Hawley Troxell Defendants (the "Approval Order"), this Court adopts and incorporates the definitions in the Settlement Agreement.

2.     This Approval Order incorporates and makes a part hereof:

     a.     The Settlement Agreement; and

     b.     Exhibits 1 through 3 thereto.

3.  **Jurisdiction.**  The Court has personal jurisdiction over all of the shareholders of record and beneficial shareholders of the AIA Entities (collectively the "Securities Holders") in connection with the shareholder derivative claims that were or could have been asserted in this case, and the Court has subject-matter jurisdiction over this case, including jurisdiction to, among other things, approve the Settlement Agreement and dismiss with prejudice all claims against HTEH in this action.

4.  **Adequacy of Plaintiff and Plaintiff's Counsel.**  Plaintiff Miesen held stock in AIA Services continuously at all times relevant to this case and otherwise has standing to prosecute derivative claims on behalf of the AIA Entities and their shareholders of record and beneficial shareholders("Securities Holders").  Plaintiff Miesen and his counsel have adequately represented the interests of other Securities Holders and the AIA Entities' interests with respect to and for the purpose of entering into and implementing the Settlement Agreement.

5.  **Proof of Notice.**  The Settling Parties have filed with the Court adequate proof that Mailing Notice and Publication Notice materially consistent with the directives in the Approval Scheduling Order has been given.

6.  **Notice to Securities Holders.**  The Court finds that the Mailing Notice and the Publication Notice provided to Securities Holders regarding the Settlement Agreement was simply written and readily understandable and that the notice and notice methodology (i) constituted the best practicable notice, (ii) were reasonably calculated, under the circumstances, to apprise Securities Holders of the pendency of this action, the claims asserted, the terms of the proposed settlement, and Securities Holders' right to object to the proposed settlement and to appear at the Approval Hearing, (iii) were reasonable and constituted due, adequate and sufficient notice to all of AIA Services' Securities Holders potentially entitled to receive notice,

[PROPOSED] ORDER APPROVING SETTLEMENT
AND JUDGMENT - 3

EXHIBIT 2 TO SETTLEMENT AGREEMENT

and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7.    **Notice to Creditors of AIA Entities.**  Notice and an opportunity to object regarding settlement of a shareholder derivative claim is typically only required to be given to shareholders and beneficial shareholders.  Whether required or not, because there remain unpaid creditors of the AIA Entities, the Settlement Agreement required that  certain efforts be made to provide notice of the settlement to known potential creditors of the AIA Entities.  The notice provided to potential creditors was simply written and readily understandable and the notice and notice methodology (i) constituted the best practicable notice, (ii) were reasonably calculated, under the circumstances, to apprise potential creditors of the pendency of this action, the claims asserted, the terms of the proposed settlement, and their potential right to object to the proposed settlement and appear at the Approval Hearing, (iii) were reasonable and constituted due, adequate and sufficient notice to such persons, and (iv) met any applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

8.    **Final Settlement Approval.**  The terms and provisions of the Settlement Agreement have been entered into in good faith and the settlement amount is the same amount suggested by an experienced Ninth Circuit Court of Appeals mediator.  The terms and provisions of the Settlement Agreement are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, the AIA Entities and Securities Holders, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United

States Constitution (including the Due Process Clause), Sections ___ of the Idaho Code, and the Rules of this Court, and any other applicable law.

9.    **Implementation of the Agreement.**  The Settling Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions.  If the remaining conditions precedent in Paragraph 15 of the Settlement Agreement are satisfied, the Settlement Payment shall be paid into the Court's registry, and any further disbursement of those funds from the Court's registry shall only be pursuant to further order(s) issued by the Court.

10.    **Binding Effect.**  The Settlement Agreement and this Approval Order shall be forever binding on the Releasors and Releasees as to all released Claims, and as to any claims the Hawley Troxell Defendants have against Miesen, Donna Taylor, their respective litigation counsel, or the AIA Entities.  As to all of the Releasors Claims against Releasees, this Approval Order shall have *res judicata* and other preclusive effect in any future lawsuits or other proceedings maintained by or on behalf of the AIA Entities; *provided however*, that this Approval Order shall not affect Releasors claims in this or any other case against any Nonsettling Defendants.

11.    **Releases and Waivers.**  The releases set forth in Paragraphs 3 and 4 of the Settlement Agreement and its relevant definitions are expressly incorporated herein in all respects and shall be deemed a part of this order as if fully set forth herein.  The releases shall be effective if/when the Conditions Precedent in Paragraph 15 of the Settlement Agreement are satisfied.  The Settling Parties agree and acknowledge that the provisions of the releases constitute essential terms of the Settlement Agreement.  Nothing herein shall in any way impair

or restrict the rights of any Settling Party to enforce the terms of the Settlement Agreement or this Approval Order.

12. **Permanent Injunction.** The Court hereby permanently bars and enjoins all Securities Holders, any of their respective representatives, trustees, successors, heirs, agents, and assigns, and anyone else purporting to act on behalf of or derivatively for the AIA Entities, from filing, commencing, prosecuting, intervening in, participating in or receiving any benefits or other relief from any other lawsuit, or other proceeding against the Hawley Troxell Defendants in any jurisdiction or forum based on or relating to any claims regarding the Transactions that may be brought in a derivative capacity; *provided however*, that nothing in this permanent injunction granted by the Court shall bar (i) the AIA Entities or a Securities Holder acting on behalf of the AIA Entities from asserting claims regarding such Transactions against the Nonsettling Defendants in this or any other judicial or other proceeding, or (ii) any appropriate shareholder or the AIA Entities from asserting claims that have not been released, or (iii) Donna Taylor from continuing to pursue her claims against the defendants in the Donna Taylor Consolidated Cases, Nez Perce County District Court Case Nos. CV-2008-1150 and CV-2013-1075.

13. **Potential Contribution and Indemnity Claims.** The Court finds that the Settlement Agreement represents a good-faith settlement of all released Claims sufficient to discharge the Releasees from Releasors' released Claims. To effectuate such settlement, the provisions in Paragraph 6 of the Settlement Agreement regarding potential contribution and indemnity claims against Releasees and any subsequent settlements are expressly incorporated herein in all respects and shall be deemed a part of this order as if fully set forth herein. If any provision of paragraph 6 of the Settlement Agreement is subsequently held to be unenforceable,

[PROPOSED] ORDER APPROVING SETTLEMENT
AND JUDGMENT - 6

EXHIBIT 2 TO SETTLEMENT AGREEMENT

Exhibit - A, p. 42

such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any claim that arises out of or relates to any released Claim belonging to the AIA Entities, or that seeks indemnification or contribution in connection with any such matters or claims.

14.     **No Admissions.**  None of the Settlement Agreement, this Approval Order, any of the provisions of the Settlement Agreement, the negotiation of the Settlement Agreement, the statements or court proceedings relating to the Settlement Agreement, any document referred to in this Approval Order, any action taken to carry out this Approval Order, or any prior Orders in this case shall be (i) construed as, offered as, received as, used as or deemed to be evidence of any kind in this or any other judicial, administrative, regulatory or other proceeding or action, or (ii) construed as, offered as, received as, used as or deemed to be evidence of an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, without limitation, the AIA Entities and HTEH; provided however, that this Approval Order and the Settlement Agreement may be used as evidence of the terms of the Settlement Agreement or to enforce the provisions of this Approval Order and Judgment or the Settlement Agreement; provided further that this Approval Order and the Settlement Agreement may be filed in any action against or by (or on behalf of) the AIA Entities or other Releasees to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

15.     **Enforcement of Settlement.**  Nothing in this Approval Order shall preclude any action to enforce the terms of the Settlement Agreement.

16.    **Ruling Regarding Fee Application Motion.**  With respect to the Fee Application Motion, the Court rules in conformance with the findings and order regarding the application for fees and costs that

17.    **Modification of Agreement.**  The Settling Parties are hereby authorized, without further notice to or approval by the Court, to agree to and adopt such amendments, modifications and expansions of the Agreement and its implementing documents (including all exhibits to the Agreement) that are not materially inconsistent with this Approval Order and do not limit the rights of the AIA Entities, Securities Holders, or any Releasees under the Agreement.

18.    **Retention of Jurisdiction.**  The Court has jurisdiction to enter this Approval Order.  Without in any way affecting the finality of this Approval Order, the District Court expressly retains exclusive and continuing jurisdiction over the Settlement Agreement, further disbursement of the Settlement Payment from the Court's registry, the Settling Parties, all Securities Holders and all Releasees to adjudicate all issues relating to this Settlement Agreement, including, without limitation, any issues relating to this Approval Order.  Any action arising under or to enforce the Settlement Agreement or this Approval Order shall be commenced and maintained only in the District Court for the District of Idaho.

19.    **Dismissal of Action.**  The claims asserted against the Releasees in this case are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as otherwise provided in this Approval Order.

20.    **Entry of Judgment.**  There is no just reason to delay the entry of this Approval Order and the Rule 54(b) Final Judgment, and immediate entry by the Clerk of Court is expressly directed pursuant to Federal Rule of Civil Procedure 54(b).

DATED this _____ day of _____, 2022.

_____

United States District Judge

# EXHIBIT 3

Exhibit - A, p. 46

AO 450 (Rev. 11/11)   Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Idaho _____

| | |
|---|---|
| DALE L. MIESEN, | ) |
| _Plaintiff_ | ) |
| v. | ) |
| CONNIE TAYLOR HENDERSON, et al., | ) |
| _Defendant_ | ) |

Civil Action No.  1:10-cv-404-DCN

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐  the plaintiff *(name)* _____ recover from the
defendant *(name)* _____ the amount of
_____ dollars ($ _____ ), which includes prejudgment
interest at the rate of _____ %, plus post judgment interest at the rate of _____ % per annum, along with costs.

☐  the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____
_____ recover costs from the plaintiff *(name)* _____
_____ .

☒  other:  IT IS ORDERED and ADJUDGED that pursuant to the findings, terms, and conditions of this Court's Order Approving
Settlement and Entering Final Judgment Regarding the Hawley Troxell Defendants (ECF No. ___), the Settlement
Agreement as set forth therein is approved, and final judgment pursuant to Rule 54(b) is hereby entered dismissing with
prejudice all claims against the Hawley Troxell Defendants.

This action was *(check one)*:

☐  tried by a jury with Judge _____ presiding, and the jury has
rendered a verdict.

☐  tried by Judge _____ without a jury and the above decision
was reached.

☒  decided by Judge   Nye _____ on a motion for approval of the
Hawley Troxell Defendants settlement.

Date: _____          *CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

EXHIBIT 3 TO SETTLEMENT AGREEMENT
**Exhibit - A, p. 47**