UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporations and its wholly owned subsidiary AIA Insurance, Inc.,<br><br>       Plaintiff,<br>v.<br><br>MICHAEL W. CASHMAN, SR., et al.,<br><br>       Defendants. | Case No. 1:10-cv-00404-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Plaintiff Dale Miesen's Motion for Extensions of Time (the "Motion for Extensions"). Dkt. 1244. Miesen filed the Motion for Extensions on August 24, 2022. It is not stipulated to by all relevant parties.[1] No response to the Motion for Extensions has yet been filed. Regardless, the Court DENIES the Motion for Extensions for the reasons stated below.

---

[1] Miesen represents that the Individual Defendants, Crop USA Defendants, and the AIA Entities refused to stipulate to this Motion for Extensions. Additionally, Miesen represents that counsel for Reed Taylor agreed to stipulate to the extensions and that counsel for GemCap did not respond to his request. Dkt. 1244-1, at 3. Neither Reed Taylor nor GemCap are relevant parties to the motions for which Miesen is requesting an extension. Their consent, or lack thereof, is meaningless.

On August 9, 2022, this Court issued an Order directing briefing on a single issue—whether Miesen had any direct, as opposed to derivative, claims alleged in his Third Amended Complaint. Dkt. 1238. The Court instructed the Individual Defendants, Crop USA Defendants, and AIA Entities to file the opening brief. They had twenty-one days to do so. Thereafter, Miesen would have twenty-one days to file a response. The August 9 Order warned that "[e]ach of these briefs must *strictly* comply with Local Rule 7.1." *Id.* at 4 (emphasis added). That rule provides both the applicable deadlines and page limits. Dist. Idaho Loc. Civ. R. 7.1.

Only two days after the Court's Order, the Individual Defendants, Crop USA Defendants, and AIA Entities filed the opening brief. Miesen's response brief is thus due on September 1, 2022. Miesen requests a two-week extension.

Additionally, Miesen requests an extension to his reply brief in support of his own Motion for Attorney Fees (Dkt. 1242). No brief in response to the Motion for Attorney Fees has yet been filed. Indeed, no response brief is due until September 8, 2022. Miesen assumes the response brief(s) will be filed on that date, which would make his reply brief due on September 22, 2022. Miesen asks for an extension to make his brief due on that same date. Essentially, Miesen wants assurance that his reply brief will not be due any earlier even if response briefs are filed earlier than their present deadline.

Requests for time extensions are "granted only upon a showing of good cause." Dist. Idaho Loc. Civ. R. 6.1. Miesen fails to demonstrate good cause.

First, as to the single-issue response brief, Miesen has been on notice of the issue for a substantial time. The issue is one addressed in a Motion to Dismiss filed over a year

MEMORANDUM DECISION AND ORDER - 2

ago. Dkt. 1067. When the Court ruled on that motion, it specifically left this issue remaining to allow further opportunity for the parties to address it. Dkt. 1203. That ruling was issued May 5, 2022. *Id.* Then the Court issued its August 9 Order (addressed above), which specifically called for these briefs. Dkt. 1238. Given the substantial prior notice of this issue, it was of little surprise to the Court that the Individual Defendants, Crop USA Defendants, and AIA Entities needed only two days to file their brief after that directive.

Miesen should know which of his claims are direct and which are derivative. They are his claims after all. This is a final issue of this case that has been churning for over *twelve years*. Miesen and his counsel have used various strategies to delay this case, and the Court is weary of such antics. In the interests of justice and judicial economy, the Court will not allow further delays without good reason.

Miesen's reason for this request is that his counsel is busy with other parts of this case. The Court understands that Miesen's counsel predominantly focuses only on this case and that Miesen has many filings and other actions (both necessary and unnecessary) that his counsel is juggling. However, the Court knows that Miesen and his counsel have had more than adequate notice of the need to brief this single issue. Twenty-one days is plenty of time to accomplish that—even if it means Miesen and his counsel must put other filings and actions on the backburner until this brief is completed.

Second, Miesen's request for an extension for his reply brief supporting his Motion for Attorney Fees may be moot. The Court is not going to give an extension for a reply brief when the response brief has not even been filed. Even if Miesen had asked for the extension once he knew whether it was needed, there is still not good cause shown to grant

MEMORANDUM DECISION AND ORDER - 3

it. Much like the request discussed earlier, this request for extension fails to take into account Miesen's opportunity to prepare his brief. Miesen first filed a motion for attorney fees on May 31, 2022. Dkt. 1214. Multiple parties responded in fierce opposition to that motion. Miesen then withdrew the motion for attorney fees on July 15, 2022. Dkt. 1225. He then refiled the motion for attorney fees—albeit with some changes—on August 18, 2022. Dkt. 1242. Miesen has had the benefit of peeking behind the curtain and seeing what his adversaries have to say about his motion for attorney fees. He need not wait for a response brief to begin working on his reply. While the response briefs may not be identical to what the parties filed months ago, those prior responses still gave Miesen extra time to work on this filing. More time simply is not needed.

In conclusion, the Court wishes to emphasize that it wants to see this case resolved.[2] Extensions of time and pages, though sometimes necessary, slow down the process. This is not the Court's only case, yet the Court has devoted significant and disproportionate resources and attention to it. The present Motion for Extensions does not present

---

[2] Every day this case continues, it grows more like the fictional case Jarndyce and Jarndyce, in Charles Dickens's *Bleak House*. Dickens wrote:

> Jarndyce and Jarndyce drones on. This scarecrow of a suit has, in course of time, become so complicated that no man alive knows what it means. The parties to it understand it least, but it has been observed that no two Chancery lawyers can talk about it for five minutes without coming to a total disagreement as to all the premises. Innumerable children have been born into the cause; innumerable young people have married into it; innumerable old people have died out of it. Scores of persons have deliriously found themselves made parties in Jarndyce and Jarndyce without knowing how or why; whole families have inherited legendary hatreds with the suit. The little plaintiff or defendant who was promised a new rocking-horse when Jarndyce and Jarndyce should be settled has grown up, possessed himself of a real horse, and trotted away into the other world. . . . [B]ut Jarndyce and Jarndyce still drags its dreary length before the court, perennially hopeless.

Charles Dickens, *Bleak House* 3 (1853); *see also United States v. Washington*, 573 F.3d 701, 709 & n.50 (9th Cir. 2009) (comparing case to Jarndyce and Jarndyce).

MEMORANDUM DECISION AND ORDER - 4

sufficiently good cause to add more time to this case. For these reasons, the Court DENIES

Miesen's Motion for Extensions (Dkt. 1244).

DATED: August 26, 2022

David C. Nye
Chief U.S. District Court Judge