UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc,<br><br>      Plaintiff,<br>v.<br><br>GEMCAP LENDING I, LLC, et al.,<br><br>      Defendants. | Case No. 1:10-cv-00404-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are the following Motions:

1. Defendant GemCap Lending I, LLC's Motion to Dismiss (Dkt. 1075).

2. Defendant GemCap Lending I, LLC's Motion for Leave to File Excess Pages (Dkt. 1078)

3. Plaintiff Dale Miesen's Motion to Sever and that the Automatic Bankruptcy Stay Does Not Apply to the Remaining Parties. (Dkt. 1272).

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the

Court DISMISSES all three Motions as MOOT.

## II. BACKGROUND[1]

This case began as a derivative action filed by AIA shareholder Miesen on behalf of the AIA Entities seeking relief for allegedly wrongful conduct by the individuals who controlled those entities. On April 24, 2017, Miesen amended his complaint, adding GemCap as a defendant and asserting a variety of claims against it. Dkt. 211. The only remaining claims against GemCap involve Miesen's allegation that GemCap aided and abetted the Controlling AIA Defendants' breach of fiduciary duties. Specifically, Miesen contests the legality of a settlement agreement entered into by GemCap and the AIA Entities after GemCap sought judgment to collect the more than $10 million in loans guaranteed by the AIA Entities on which CropUSA defaulted. Miesen alleges that GemCap knew or should have known that the AIA Entities did not have authorization to enter into the settlement agreement, and that GemCap therefore knowingly negotiated and entered into an unlawful agreement. GemCap sought, was denied, and has since twice revived its motion for dismissal of the remaining claims. Dkts. 220, 548, 1075. GemCap's most recent Motion to Dismiss (at issue herein) was filed on January 29, 2021 (Dkt. 1075), concurrently with its Motion for Leave to File Excess pages also before the Court (Dkt. 1078).

Nearly seven years have elapsed since GemCap filed its first motion to dismiss. During that time, the parties have engaged in extensive discovery, hearings, appeals, stays,

---

[1] This case has a long and tortured history, evidenced by a docket more than 1200 entries long. For the sake of brevity, the Court includes here only those facts relevant to the motions before the Court in this decision. Additionally, the Court uses the same definitions of the parties (i.e., the AIA Entities, AIA Defendants, CropUSA, etc) as set forth in its previous decisions.

briefing, and, most recently, settlement negotiations related to this issue. On August 11, 2022, Miesen filed a Motion for Settlement, seeking the Court's approval of the Settlement Agreement entered into between Miesen and GemCap. Dkt. 1240. The Court issued an order granting that request and issued a judgment dismissing with prejudice all claims against GemCap, pursuant to the terms of the Settlement Agreement. Having approved the Settlement Agreement, the Court now turns to the pending motions involving GemCap that remain.

### III. ANALYSIS

Under the Article III justiciability doctrine of mootness, "an action is mooted when the issues presented are no longer live and therefore the parties lack a legally cognizable interest for which the courts can grant a remedy." *Alaska Ctr. for Env't v. United States Forest Serv.*, 189 F.3d 851, 854 (9th Cir. 1999).

Pursuant to the Court's Order Approving Settlement and Entering Final Judgment Regarding GemCap Lending I, LLC (Dkt. 1289) all claims that have been or could be asserted as between Miesen, the AIA Entities, and GemCap have been settled. As a result, a live controversy no longer exists amongst these parties. Accordingly, all outstanding motions by and against GemCap are MOOT.

Furthermore, in his Motion to Sever and that the Automatic Bankruptcy Stay Does Not Apply to the Remaining Parties, Miesen seeks two forms of relief: first, severance of his claims pertaining to GemCap; second, a determination that the automatic stay does not apply to the remaining parties and should not halt litigation in this case. As discussed, all claims by and against GemCap have been dismissed, mooting Miesen's first request. In the

MEMORANDUM DECISION AND ORDER - 3

time since this Motion was filed, the bankruptcy court issued an order lifting the Automatic Stay, mooting Miesen's second request. *See Dkt. 1276-2, at 35* ("This Court is lifting the stay as to all parties, including the Trustee, to litigate the Action to its conclusion."); *see also In re GCLI, LLC*, 9:22-bk-10735-RC, at Dkt. 80. Thus, Miesen's Motion to Sever and that the Automatic Bankruptcy Stay Does Not Apply to the Remaining Parties is moot.[2]

## IV. ORDER

The Court HEREBY ORDERS:

1. GemCap Limited I, LLC's Motion to Dismiss [Dkt. 1075] is DISMISSED as MOOT.

2. GemCap Limited I, LLC's Motion for Leave to File Excess Pages [Dkt. 1078] is DISMISSED as MOOT.

3. Miesen's Motion to Sever and that the Automatic Bankruptcy Stay Does Not Apply to the Remaining Parties [Dkt. 1272] is DISMISSED as MOOT.

4. The Clerk of the Court shall lift the bankruptcy stay case designation.

DATED: March 26, 2024

David C. Nye
Chief U.S. District Court Judge

---

[2] Upon receipt of GemCap's Notice of Bankruptcy Filing (Dkt. 1259), the Court procedurally stayed this case. As part of today's decision, it will officially remove that designation. This change is for internal Court purposes; no action by any party is necessary.

MEMORANDUM DECISION AND ORDER - 4