UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc,

Plaintiff,

v.

CONNIE TAYLOR HENDERSON, an individual; JOLEE K. DUCLOS, an individual; HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; D. JOHN ASHBY, an individual; RICHARD A. RILEY, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual; R. JOHN TAYLOR, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC.; an Idaho corporation; CROP USA INSURANCE SERVICES, LLC; an Idaho limited liability company; and GEMCAP LENDING I, LLC, a Delaware limited liability company,

Defendants.

Case No. 1:10-cv-00404-DCN

**ORDER**

In a continuing effort to effectively manage the docket in this case, the Court enters the following order addressing various matters.

**1. Reed Taylor's Motion for Summary Judgment (Dkt. 1076)**

Reed Taylor filed a Motion for Summary Judgment against John Taylor et al back in 2021. Dkt. 1076. That motion—along with many others—was stayed for an extended period of time. At the conclusion of other issues, briefing began anew and John Taylor responded in opposition to Reed's Motion. Dkts. 1322.

Thereafter, Reed filed a Notice withdrawing his Motion (Dkt. 1325) as well as a Motion for Status Conference (Dkt. 1326). In short, Reed seeks to forgo summary judgment and set his claims for trial. John opposes Reed's efforts to withdraw his Motion for Summary Judgment, arguing such is a ruse to avoid the dismissal of his claims on statute of limitations grounds. *See generally* Dkt. 1327. If the Court allows withdrawal, John seeks an opportunity to file his own motion on these issues. *Id*. At the very least, John requests his fees in responding to a motion that will no longer be adjudicated. *Id*.

The Court is reluctant to force a party to pursue a motion he or she no longer wishes to pursue. Thus, it will allow Reed to withdraw his motion for summary judgment. The Court is also unwilling to reset any deadlines or otherwise allow John to file his own motion when the time to do so passed years ago. A motion in limine prior to trial is likely the only remaining way to address his concerns. However, the Court will not be setting trial until after it has resolved all other pending motions. Thus, Reed's request for a hearing is denied without prejudice. For the time being, John's objection is noted and overruled, Reed's

Motion for Summary Judgment is withdrawn, John can seek fees if he so choses, and any further statute of limitations arguments will have to be raised prior to trial.

**2. Housekeeping Items**

Miesen has filed a Motion for Leave to File Excess Pages (Dkt. 1261) seeking eight additional pages to accommodate his arguments. No party has filed opposition. Good cause appearing, the same is GRANTED and Miesen's Reply brief is accepted as filed.

AIA filed a Motion to Strike the above-referenced brief (and some supporting declarations) because the information is new—meaning Miesen should have raised these arguments in his opening brief, not his reply. Dkt. 1264. Miesen objects to any striking countering the information is not new and could only be included on reply because it was addressing matters raised in AIA's response. Dkt. 1265. Upon review, the Court DENIES the Motion to Strike and will give the information the weight it deems appropriate.

The Court is working on the remaining motions for attorney fees (Dkts. 1242, 1314, 1315, 1321, 1338) and hopes to have a decision issued within 60 days.

**3. Crumb and Munding**

The Court previously held Crumb and Munding's Motion for Fees would be resolved at the conclusion of the case. *See* Dkt. 420. Crumb and Munding sought fees from GemCap. Given GemCap's bankruptcy, the Court requests an update from Crumb and Munding as to whether they are still pursuing an award.

**ORDER**

1. Reed Taylor's Motion for Summary Judgment (Dkt. 1076) is withdrawn pursuant to Reed Taylor's Notice (Dkt. 1325).

2. Reed Taylor's Request for a Status Conference (Dkt. 1326) is DENIED without prejudice.
3. Meisen's Motion to File Excess Pages (Dkt. 1261) is GRANTED.
4. AIA's Motion to Strike (Dkt. 1264) is DENIED.
5. Crumb and Munding's Notice is due within 21 days of the date of this order.

DATED: September 23, 2026

David C. Nye
U.S. District Court Judge