RODERICK C. BOND, ISB NO. 8082
RODERICK BOND LAW OFFICE, PLLC
10900 N.E. 4th St., Suite 2300
Bellevue, WA 98004
Telephone: (425) 591-6903
Email: rod@roderickbond.com

ANDREW SCHWAM, ISB NO. 1573
ANDREW SCHWAM LAW FIRM
705 SW Fountain Street
Pullman, WA 99163-2128
Telephone: (208) 874-3684
Email: amschwam@turbonet.com

Attorneys for the Plaintiff Dale L. Miesen

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.;<br><br>Plaintiff,<br><br>**v.**<br><br>CONNIE TAYLOR HENDERSON, an individual; JOLEE K. DUCLOS, an individual; HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; D. JOHN ASHBY, an individual; RICHARD A. RILEY, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual; R. JOHN TAYLOR, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC.; an Idaho corporation; CROP USA INSURANCE SERVICES, LLC; an Idaho limited liability company; and GEMCAP LENDING I, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 1:10-cv-00404-DCN<br><br>PLAINTIFF DALE L. MIESEN'S NOTICE OF SUPPLEMENTAL AUTHORITY **(Dkts. 1242, 1314, 1315, 1338)** |

| | |
|---|---|
| CROP USA INSURANCE AGENCY, INC., an Idaho corporation; CONNIE TAYLOR HENDERSON, an individual; JOLEE DUCLOS, an individual; R. JOHN TAYLOR, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual,<br><br>Defendants/Third-Party Plaintiffs,<br><br>**v.**<br><br>REED TAYLOR, an individual,<br><br>Third-Party Defendant. | |
| REED TAYLOR, an individual,<br><br>Third-Party Defendant/ Counterclaimant,<br><br>**v.**<br><br>CONNIE TAYLOR HENDERSON, an individual; R. JOHN TAYLOR, an individual; JAMES BECK, an individual, and UNKNOWN BONDING COMPANY, an unknown entity that issued the unknown fidelity ERISA Bond,<br><br>Counterdefendants. | |

Miesen and his counsel submit this notice of supplemental authority for certain pending motions (Dkts. 1242, 1314, 1315, 1338):[1]

On October 1, 2026, the Idaho Supreme Court issued its opinion in *Estate of Clark v. Clark* ("*Clark*"), Docket No. 52701, 2026 WL 2944543 (Idaho Oct. 1, 2026), which is pertinent to four of the pending motions. (Dkts. 1242, 1314, 1315, 1338.) A copy of the Idaho Supreme Court's opinion in *Clark* is attached as **Exhibit A**.

In *Clark*, the Idaho Supreme Court squarely addressed the primary issue that Miesen has been, to date, unsuccessfully asserting during all stages of this case: "**Corporate formalities matter**." *Clark*, 2026 WL 2944543, at *5 (emphasis added). There, the Idaho Supreme Court held that the failure to follow corporate formalities and comply with the corporation's bylaws results in the corporate action being invalid and void. *Id.* at *5–8.

> Today's holding leads us to conclude that Clover Hollow was never effectively joined in this action because it did not authorize Ms. Appleby or her attorney to pursue claims concerning the real and personal property to which Clover Hollow holds title. Nor did Clover Hollow authorize them to defend against Jay Clark's counterclaims concerning the same property. Such authorization requires valid corporate action consistent with the Act and Clover Hollow's bylaws. Accordingly, to the extent the district court purported to adjudicate Clover Hollow's rights in the property at issue, those proceedings were *coram non judice*, and the resulting judgment is void.

*Clark*, 2026 WL 2944543, at *8 (citation omitted). The above holding is dispositive of Mr. Trout's pending application for the payment of fees (Dkt. 1338) because he was never retained or directed by AIA's board as he conceded when he testified "I was retained by John Taylor[.]" (Dkts. 1314-2 ¶4; 1339.) Thus, as established below, John Taylor has never been a duly elected director or duly appointed officer of AIA for over a decade. All of his actions on behalf of AIA

[1] When citing dockets, Miesen's cites will be to the blue file-stamped page numbers at the top of each page.

are null and void. Mr. Trout's remedy is for his true client, John Taylor, to pay him—just as "John Taylor personally paid over $30,000 in fees to Trout Law, PLLC." (Dkts. 1338-1 ¶5; 1339 at 4.)

AIA are Idaho corporations and are controlled by Idaho Supreme Court decisions. As in *Clark*, Section 4.4 of AIA's bylaws mandate that all corporate action must be made by AIA's board. (Dkt. 1260 at 6, 30, 53, 77.) But that has never occurred, nor could it have occurred because no annual or special shareholder meetings have been held each year to elect directors as mandated by Sections 3.2 and 3.3 of AIA's bylaws, and Donna Taylor's director was never seated as mandated by Section 4.2.8 of AIA's articles of incorporation—nor has any other corporate action been obtained to appoint any officers or any the corporate actions at issue in the pending motions (including the failure to hold special shareholder meeting to address conflicts of interest or to authorize AIA's payment or advancement of the nearing $1,000,000 in fees and costs incurred by the Defendants). (Dkts. 1260-5; 1260-3; 1260-4; 1131-10 at 5 § 4.2.8; 1330-17; 1339-1; 1339-3; 1339-4.) None of the comprehensive provisions of AIA's articles or bylaws have been complied with by the Defendants while this lawsuit has been pending. (*Id.*)

Remarkably, John Taylor testified: "**there is no purpose in having annual shareholder meetings during this litigation. Period.**" (Dkt. 1260-2 at 19 (emphasis added).) And he also testified that he made all of the decisions as the "CEO" of AIA when he was never duly appointed as CEO while this lawsuit was pending and Article V of AIA's bylaws do not even grant any powers to a CEO. (Dkts. 1260-2 at 436–38; 1260-3; 1260-4; 1260-5.)

Thus, in light of the Idaho Supreme Court's opinion in *Clark* and the undisputed facts here that there have been no corporate formalities followed for AIA, AIA's bylaws and articles of incorporation have been intentionally violated. Thus, John Taylor's actions on behalf of AIA are null and void: **(1)** AIA owes nothing to Mr. Trout and his remedy is to be paid by his client, John

Taylor (Dkts. 1338; 1339); **(2)** the Individual Defendants, CropUSA Entities and AIA were not entitled to have their defense costs advanced or paid in this case. This Court should make the express finding that no corporate formalities were followed so they were never acting on behalf of AIA as contemplated by Idaho Code sections 30-29-850 through 30-29-859 and thus they are not entitled to any indemnity (Dkts. 1314-1 at 11; 1324 at 22–23); and **(3)** assuming the amount of fees and costs incurred by the Defendants was relevant for determining whether Miesen and his counsel should be awarded fees and costs (it is not), the nearly $1,000,000 in alleged attorneys' fees and costs were never duly authorized to be paid or incurred by AIA (Dkts. 1242; 1332; 1315).

Accordingly, *Clark* is dispositive on the above matters in the pending motions because "[John Taylor] may not disregard corporate formalities to effectuate corporate action simply because [AIA] is subject to [his] exclusive control." *Clark*, 2026 WL 2944543, at *5 (alterations added). Thus, all actions taken by AIA in this case are void because no corporate formalities have been followed and AIA's articles and bylaws were violated in all material respects. *Id.* at *8.

DATED: This 6th day of November 2026.

RODERICK BOND LAW OFFICE, PLLC

By: *__/s/ Roderick C. Bond__*
Roderick C. Bond
Attorney for the Plaintiff Dale L. Miesen

ANDREW SCHWAM LAW FIRM

By: *__/s/ Andrew Schwam__*
Andrew Schwam
Attorney for the Plaintiff Dale L. Miesen

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of November 2026, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Jeffrey A. Thomson: jat@elamburke.com
Loren C. Ipsen: lci@elamburke.com
Joyce A. Hemmer: jah@elamburke.com
Bradley S. Keller: bkeller@byrneskeller.com
Alyson A. Foster: alyson@dempseyfoster.com
Michael S. Bissell: mbissell@campbell-bissell.com
Daniel L. Glynn: dglynn@idalaw.com
Andrew Schwam: amschwam@turbonet.com
Kim J Trout: ktrout@trout-law.com
Markus William Louvier: mlouvier@ecl-law.com
James B. King: jking@ecl-law.com

*/s/ Roderick C. Bond*
Roderick C. Bond